℀ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

EBAY INC.

### DEFENDANTS

SEE ATTACHMENT

**(b)** County of Residence of First Listed Plaintiff  Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SEE ATTACHMENT

Attorneys (If Known)

E-filing

BZ

ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☒ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | 26 USC 7609 | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
18 U.S.C. §§ 1030, 1962(c)

Brief description of cause:
Fraud and related activity in connection with computers and RICO.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $** SEE ATTACHMENT

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND        ☒ SAN JOSE

DATE
August 25, 2008

SIGNATURE OF ATTORNEY OF RECORD
Sharon M. Bunzel (CK)



DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
COLLEEN M. KENNEDY (S.B. #227107)
ckennedy@omm.com
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

*E-filing*

Attorneys for Plaintiff eBay Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

EBAY INC.,

        Plaintiff,

    v.

DIGITAL POINT SOLUTIONS, INC.,
SHAWN HOGAN, KESSLER'S
FLYING CIRCUS, THUNDERWOOD
HOLDINGS, INC., TODD DUNNING,
BRIAN DUNNING,
BRIANDUNNING.COM, and DOES 1-
20,

        Defendants.

Case No. **CV 08 4052**

**COMPLAINT FOR**

| | |
|---|---|
| **(1)** | **Violations of 18 U.S.C. § 1030** |
| **(2)** | **Violations of 18 U.S.C. § 1962(c)** |
| **(3)** | **Fraud** |
| **(4)** | **Violations of California Pen. Code § 502** |
| **(5)** | **Restitution and Unjust Enrichment** |
| **(6)** | **California B&P Code § 17200;** |

**DEMAND FOR JURY TRIAL**

BZ

      For its complaint, Plaintiff eBay Inc. alleges as set forth below.  The factual allegations set forth herein have evidentiary support or, to the extent they are contained in a paragraph made on information and belief, likely will have evidentiary support after a reasonable opportunity for further investigation or discovery.

### PARTIES

      1.    At all times relevant herein, Plaintiff eBay Inc. ("eBay") was a corporation

COMPLAINT

1    organized and existing under the laws of the State of Delaware, with its principal place of

2    business in the State of California.

3        2.    eBay is informed and believes and, on that basis, alleges that at all times

4    relevant herein Defendant Digital Point Solutions, Inc. was a California corporation, doing

5    business in the State of California.

6        3.    eBay is informed and believes and, on that basis, alleges that at all times

7    relevant herein Defendant Shawn Hogan was an individual residing and doing business in

8    the State of California.

9        4.    Defendants Digital Point Solutions, Inc. and Shawn Hogan will be

10    collectively referred to herein as "DPS."

11        5.    eBay is informed and believes and, on that basis, alleges that at all times

12    relevant herein Defendant Kessler's Flying Circus was a California general partnership

13    doing business in the State of California.

14        6.    eBay is informed and believes and, on that basis, alleges that at all times

15    relevant herein Defendant Thunderwood Holdings, Inc. was a California corporation and

16    was a general partner of Defendant Kessler's Flying Circus.

17        7.    eBay is informed and believes and, on that basis, alleges that at all times

18    relevant herein Defendant Brian Dunning was an individual residing and doing business in

19    the State of California and was the sole owner of Defendant Thunderwood Holdings, Inc.

20        8.    eBay is informed and believes and, on that basis, alleges that at all times

21    relevant herein Defendant Todd Dunning was an individual residing and doing business in

22    the State of California and was a general partner of Defendant Kessler's Flying Circus.

23        9.    eBay is informed and believes and, on that basis, alleges that at all times

24    relevant herein Defendant BrianDunning.com was a website and/or business entity

25    through which Defendants Brian Dunning and/or Todd Dunning committed some or all of

26    the acts alleged herein.

27        10.    Defendants Kessler's Flying Circus, Thunderwood Holdings, Inc.,

28    BrianDunning.com, Brian Dunning, and Todd Dunning will be collectively referred to

COMPLAINT

1  herein as "KFC."

2    11.    eBay is ignorant of the true names and capacities of defendants sued herein

3  as Does 1 through 20, inclusive, and therefore sues said defendants by such fictitious

4  names. eBay will amend this complaint to allege the true names and capacities of said

5  defendants when they are ascertained. eBay is informed and believes and, on that basis,

6  alleges that each of the fictitiously named defendants is responsible in some manner to

7  pay the obligations described herein, and that eBay's losses as alleged herein were

8  proximately caused by said defendants' conduct.

9    12.    Unless otherwise specified, DPS, KFC and Does 1-20 will be referred to

10  collectively herein as "Defendants."

11              **JURISDICTION AND VENUE**

12    13.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

13  and 1367.

14    14.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1),

15  1391(b)(2) and 1391(c), and 18 U.S.C. § 1965(a).

16    15.    Pursuant to the User Agreements entered into by Defendants Shawn Hogan,

17  Brian Dunning and Todd Dunning, as discussed *infra*, they have consented to the

18  jurisdiction of and venue in the Northern District of California.

19              **INTRADISTRICT ASSIGNMENT**

20    16.    Assignment to the San Jose Division is proper pursuant to Local Rules 3-

21  2(c) and (e) because a substantial part of the events or omissions that give rise to eBay's

22  claim occurred in San Jose, Santa Clara County, California. eBay's corporate

23  headquarters are located in San Jose, Santa Clara County, California, and Defendants'

24  wrongful actions were specifically directed at and intended to affect eBay in San Jose,

25  Santa Clara County, California as discussed in detail below.

26              **GENERAL ALLEGATIONS**

27  eBay's Affiliate Marketing Program

28    17.    eBay offers to the public an online marketplace that enables trade on a local,

1  national and international basis. Through eBay's website, sellers may list items for sale

2  and buyers may bid on and purchase items of interest. eBay earns revenue when a seller

3  places an item for sale and when the item is sold. eBay may also earn revenue depending

4  on various features selected by the seller, *e.g.*, listing upgrades and photo displays.

5       18.    eBay's Affiliate Marketing Program is designed to increase traffic to eBay's

6  website through the placement of advertisements for eBay on third-party websites. eBay

7  seeks to increase traffic to its site so that more people will be exposed to eBay's service

8  and begin using eBay to buy or sell goods, thereby generating revenue for eBay. The

9  persons and entities that advertise on behalf of eBay—whether on their own sites or on

10  sites of other third parties—are known as "affiliates." eBay's Affiliate Marketing

11  Program is intended to compensate affiliates only when the advertisement in question

12  causes a user to take some action at eBay's site that directly provides revenue to eBay or

13  indicates that the new user is likely to take such an action in the future. Accordingly,

14  affiliates earn commissions payable by eBay under the Affiliate Marketing Program when

15  the following sequence of events occurs: (1) the affiliate publishes an eBay advertisement,

16  (2) a user clicks on the eBay advertisement and is directed to eBay's website (the

17  "Referred Visit"), and (3) that user subsequently engages in a commission-generating

18  event (a "Revenue Action"). Revenue Actions, include, by way of example: (1) becoming

19  a new, registered user of eBay within 30 days of the Referred Visit, or (2) purchasing an

20  item from a third-party seller on eBay within seven days of the Referred Visit. Because

21  compensation to the affiliate is tied to actions by the user, it is essential that eBay be able

22  to determine whether a Revenue Action occurred by virtue of the fact that the user was

23  referred to eBay by a particular affiliate's advertisement. eBay and/or Commission

24  Junction, Inc. ("CJ") tracks this information using information placed in the new user's

25  browser, as discussed below.

26       19.    At all relevant times, eBay used the services of CJ, a subsidiary of

27  ValueClick, Inc., in administering the Affiliate Marketing Program. The relationship

28  between eBay and CJ was governed at all relevant times by various Advertiser Service

1   Agreements.  Under those agreements, CJ was responsible for, among other things,
2   recruiting affiliates, tracking affiliate traffic, monitoring compliance by affiliates,
3   preventing and detecting fraudulent activity, and paying affiliates using funds remitted by
4   eBay.

5       20.     eBay's obligation to pay commissions is tracked by matching a user's
6   Revenue Actions on eBay's site to the affiliate that directed the user to eBay.  This
7   tracking is accomplished through the use of a digital tag called a "cookie" that is stored in
8   the user's web browser.  Cookies are collections of data commonly used by websites to
9   store and associate useful information with a given user.  Cookies typically store
10  information such as usernames, passwords, and user preferences for a particular user; that
11  information makes it more efficient for users to access web pages and provides a means
12  for websites to track and authenticate users.  Cookies are placed or "dropped" in a user's
13  browser by a website when that user visits the website.

14      21.     In the case of eBay's Affiliate Marketing Program, cookies are used to
15  confirm that a user was directed to eBay from a specific affiliate.  Specifically, when a
16  user clicks on an affiliate advertisement and is directed to eBay's site, eBay's site drops a
17  cookie on the user's computer.  That cookie identifies the site that referred the user to
18  eBay and/or the specific affiliate responsible for directing the traffic to eBay.  If the user
19  later engages in a Revenue Action within the specified time period, eBay and/or CJ
20  determines—based on the data in the cookie—which affiliate, if any, should be credited
21  with the referral and receive the commission.  If cookies from multiple affiliates are
22  present on the user's computer, the most recent cookie dropped is credited with the
23  Revenue Action.  If there is no qualifying cookie on the computer, then no affiliate is
24  credited.

25      22.     As part of the services it renders with respect to eBay's Affiliate Marketing
26  Program, CJ pays affiliates on a periodic basis (usually monthly), with funds remitted by
27  eBay, based on the number of Revenue Actions taken by users referred by those affiliates.
28  The Fraudulent "Cookie Stuffing" Schemes

COMPLAINT

1     23.   "Cookie stuffing" is a term used to describe the forced placement of a
2  cookie on a computer, typically by causing a cookie from a particular website to be placed
3  on the user's computer without the user knowing that he or she visited the website that
4  placed the cookie. DPS and KFC engaged in cookie stuffing intended to defraud eBay.
5  The allegations set forth in paragraphs 24-30, 36-37, 42-43 and 50-51 below describing
6  Defendants' cookie stuffing schemes based on eBay's information and belief are based on
7  eBay's analysis of the Defendants' websites and/or technology and the way in which a
8  user's web browser interacts with Defendants' sites and/or technology, and on eBay's
9  analysis of historical data relating to traffic purportedly driven to eBay by Defendants.
10  Certain other details regarding Defendants' cookie stuffing schemes are exclusively
11  within Defendants' control.

12     24.   eBay is informed and believes and, on that basis, alleges that DPS and KFC
13  each accomplished their cookie stuffing through software programs and/or code that,
14  unbeknownst to the user, redirected the user's computer to the eBay website without the
15  user actually clicking on an eBay advertisement link, or even becoming aware that they
16  had left the page they were previously viewing. As a result, the eBay site would be
17  prompted to drop an eBay cookie on the user's computer even though the user never
18  clicked on an eBay advertisement or even realized that their computer had ever visited the
19  eBay site.

20     25.   eBay is informed and believes and, on that basis, alleges that the software
21  programs utilized by each of DPS and KFC caused the user's computer to access eBay's
22  computers in an unauthorized way and/or to exceed the authorized access to eBay's
23  computers because that access occurred solely to force the dropping of the eBay cookie
24  and thereby wrongfully associate future Revenue Actions, if any, by that user with DPS or
25  KFC.

26     26.   eBay is informed and believes and, on that basis, alleges that once the
27  cookie was stuffed on the user's computer by one or more of the Defendants, any future
28  Revenue Actions initiated by that user when the user later visited eBay intentionally, and

1  not as a result of any advertisement placed by Defendants, appeared to be eligible for
2  commissions payable to one of the Defendants (provided those actions took place within
3  the prescribed periods of time). Hence DPS or KFC would receive payment for actions by
4  users who had not been referred to eBay by Defendants' advertisements, thereby injuring
5  eBay.

6      27.    eBay is informed and believes and, on that basis, alleges that DPS and/or
7  KFC used certain technological measures to prevent eBay from discovering their
8  wrongdoing. At certain relevant times DPS and/or KFC used technology that would stuff
9  cookies on only those computers that had not been previously stuffed by that Defendant.
10  The purpose of this action was to avoid discovery by eBay and/or CJ of evidence of
11  stuffing—e.g., that a single user had multiple cookies pointing to the same affiliate or that
12  there was an abnormal ratio of cookies placed by DPS and KFC to the Revenue Actions
13  attributable to users referred by DPS and KFC—and thereby conceal the schemes from
14  eBay and CJ's monitoring activities. In addition, at certain relevant times DPS and/or
15  KFC used technology that would avoid stuffing cookies on computers that appeared to be
16  geographically located in San Jose, California (the location of eBay's headquarters) or
17  Santa Barbara, California (the location of CJ's headquarters). The purpose of this action
18  was to evade efforts by eBay and/or CJ to detect the cookie stuffing mechanism if they
19  attempted to observe the wrongdoing from their normal places of business.

20      28.    eBay is informed and believes and, on that basis, alleges that DPS also used
21  at least one additional technological measure to conceal its wrongdoing: DPS used
22  images placed on web pages to effectuate its cookie stuffing scheme, and caused those
23  images to be so small that they were effectively invisible to the user and, accordingly,
24  difficult to detect.

25      29.    eBay is informed and believes and, on that basis, alleges that KFC also used
26  at least one additional technological measure to conceal its wrongdoing: KFC used
27  JavaScript code contained in web pages to effectuate its cookie stuffing scheme, and
28  purposefully obscured the purpose and effect of that code so that, even when that code

1    was discovered, it was difficult to determine its actual effect.  This caused KFC's cookie

2    stuffing to be difficult to detect, whether by human or machine efforts.

3        30.    eBay is informed and believes and, on that basis, alleges that in addition to

4    these technological measures, DPS and KFC each actively sought to prevent detection by

5    eBay and CJ by explicitly denying to eBay and/or CJ that any wrongdoing had occurred.

6    For example, when Shawn Hogan was contacted by CJ in connection with suspicions of

7    cookie stuffing by DPS, he attributed the suspicious activity to "coding errors," which he

8    later purported to have "corrected."

9        31.    As a result of the cookie stuffing schemes employed by DPS and KFC, eBay

10    paid commissions (via CJ) to each of DPS and KFC for a substantial number of Revenue

11    Actions that were in no way related to referral of any user by either DPS's or KFC's

12    advertisements and for which neither DPS nor KFC were due compensation.

13                              **FIRST CAUSE OF ACTION**

14                              (**Violations of 18 U.S.C. § 1030**)

15        32.    eBay realleges each and every allegation set forth in Paragraphs 1 through

16    31, inclusive, and incorporates them by reference herein.

17        33.    Through their cookie stuffing schemes as described above, DPS and KFC

18    each knowingly, intentionally and with intent to defraud accessed eBay's computers

19    without authorization and/or exceeded their authorized access to eBay's computers in

20    order to further their fraudulent schemes.

21        34.    DPS's and KFC's access of eBay's computers was unauthorized because the

22    only purpose of that access was to defraud eBay.  In addition, Defendants Shawn

23    Hogan's, Brian Dunning's and Todd Dunning's access of eBay's computers was

24    unauthorized and/or exceeded their authorized access, because each was a registered eBay

25    user and each had agreed to be bound by the eBay User Agreement in effect at the time.

26    The User Agreements accepted by each of Defendants Shawn Hogan, Brian Dunning and

27    Todd Dunning were substantially similar.  The User Agreements (a) prohibited the use of

28    any "device, software or routine" to interfere with or attempt to interfere with the proper

                                    - 8 -                              COMPLAINT

1   working of the eBay site or any activities conducted on the eBay site, and (b) required

2   compliance with all applicable laws regarding the use of eBay's servers.  Defendants

3   Shawn Hogan, Brian Dunning and Todd Dunning, through their cookie stuffing schemes,

4   violated those User Agreements and in so doing, accessed the eBay computers without

5   authorization and/or exceeded their authorized access.

6        35.    eBay's computers are used in interstate and foreign commerce.

7        36.    Through their unauthorized access, Defendants DPS and DOES 1-10

8   fraudulently obtained commissions for Revenue Actions that were in no way related to

9   those Defendants' advertisements and for which those Defendants were due no

10  compensation.  Upon information and belief, through their unauthorized access,

11  Defendants DPS and DOES 1-10 also caused harm to eBay's computers and caused loss

12  to eBay in each year from at least December 2003 through June 2007, aggregating more

13  than $5,000.

14       37.    Through their unauthorized access, Defendants KFC and DOES 11-20

15  fraudulently obtained commissions for Revenue Actions that were in no way related to

16  those Defendants' advertisements and for which those Defendants were due no

17  compensation.  Upon information and belief, through their unauthorized access,

18  Defendants KFC and DOES 11-20 also caused harm to eBay's computers and caused loss

19  to eBay in each year from at least December 2004 through June 2007, aggregating more

20  than $5,000.

21       38.    DPS's and KFC's actions constitute violations of the Computer Fraud and

22  Abuse Act, 18 U.S.C. § 1030.

23       39.    WHEREFORE, eBay prays for judgment against each of DPS and KFC, as

24  more fully set forth below.

### SECOND CAUSE OF ACTION

### (Violations of 18 U.S.C. § 1962(c))

27       40.    eBay realleges each and every allegation set forth in Paragraphs 1 through

28  39, inclusive, and incorporates them by reference herein.

- 9 -                                    COMPLAINT

1       41.    Defendants Shawn Hogan's, Brian Dunning's, and Todd Dunning's

2  unlawful, tortious and otherwise actionable conduct constitute violations of 18 U.S.C. §

3  1962(c).

4       42.    Defendant Shawn Hogan and DOES 1-10 (the "Hogan Group") engaged in

5  activities through the company Digital Point Solutions, Inc., which constitutes an

6  enterprise under RICO.  Through Digital Point Solutions, Inc., the Hogan Group

7  associated with each other and others for the common purpose of defrauding eBay of

8  commission fees by designing and implementing the cookie stuffing scheme described

9  above.  Upon information and belief, the Hogan Group's activities were ongoing, and

10  Digital Point Solutions, Inc. functioned as a continuing unit in operating the fraudulent

11  cookie stuffing scheme from approximately December 2003 through June 2007.

12       43.    Defendants Brian Dunning, Todd Dunning and DOES 11-20 (the "Dunning

13  Group") engaged in activities through the companies Kessler's Flying Circus,

14  Thunderwood Holdings, Inc., and BrianDunning.com, and each company constitutes a

15  RICO enterprise.  Through Kessler's Flying Circus, Thunderwood Holdings, Inc., and

16  BrianDunning.com, the Dunning Group associated with each other and others for the

17  common purpose of defrauding eBay of commission fees by designing and implementing

18  the cookie stuffing scheme described above.  Upon information and belief, the Dunning

19  Group's activities were ongoing, and Kessler's Flying Circus, Thunderwood Holdings,

20  Inc., and BrianDunning.com functioned individually, and with each other, as continuing

21  units in operating the fraudulent cookie stuffing scheme from approximately December

22  2004 through June 2007.

23       44.    The members of the Hogan Group and Dunning Group each committed

24  multiple violations of the predicate act of mail and wire fraud, 18 U.S.C. § 1343, through

25  their cookie stuffing schemes.  Specifically, schemes to defraud eBay existed by which

26  the members of the Hogan Group and Dunning Group each stuffed eBay cookies onto

27  computers for the purpose of defrauding eBay of commission fees due only for legitimate

28  Revenue Actions associated with a given affiliate.  The members of the Hogan Group and

        COMPLAINT

1  Dunning Group each participated in these schemes with the specific intent to defraud
2  eBay of commissions. Use of the Internet was essential to the schemes: the members of
3  the Hogan Group and Dunning Group stuffed a cookie onto a computer when a user was
4  browsing the Internet, and the stuffed cookie was later read and recognized when that
5  Internet user accessed eBay's website on the Internet and either registered with the site,
6  purchased an item or engaged in some other Revenue Action. The members of the Hogan
7  Group and Dunning Group each, by use of their technology, caused users' web browsers
8  to convey a representation by the Hogan Group and/or the Dunning Group to eBay that
9  the user had accessed the eBay website via an advertisement placed by either DPS or
10 KFC, when in fact, a substantial portion of those users never knowingly or intentionally
11 visited the eBay website based on an advertisement placed by either DPS or KFC. These
12 fraudulent acts and representations were repeated multiple times, and each act constitutes
13 a violation of 18 U.S.C. § 1343 through the use of interstate wires.

14      45.     Each violation of 18 U.S.C. § 1343 constitutes a separate instance of
15 "racketeering activity" as defined in 18 U.S.C. § 1961(1) and was committed in
16 furtherance of the conspiracy to defraud eBay of commission fees not legitimately earned
17 by either DPS or KFC. Together, these violations constitute a pattern of racketeering
18 activity: the violations have the same or similar purposes, results, participants, victims
19 and/or methods of commission.

20      46.     The racketeering activity committed by each of the members of the Hogan
21 Group and Dunning Group affected the interstate activity of Internet web browsing. In
22 addition, Internet marketing, including the marketing at issue here that utilizes
23 advertisements seen by Internet users in all 50 states and provides commissions for
24 actions taken by eBay users across all 50 states, is also an interstate activity that was
25 affected by the racketeering activity committed by each of the members of the Hogan
26 Group and Dunning Group.

27      47.     The actions of each of the members of the Hogan Group and Dunning
28 Group were undertaken with fraud, malice or oppression, or with a conscious disregard of

1    the rights of eBay and, therefore, eBay is entitled to an award of exemplary and punitive

2    damages against each of the members of the Hogan Group and Dunning Group, in an

3    amount according to proof at trial.

4        48.    WHEREFORE, eBay prays for judgment against each of the members of the

5    Hogan Group and Dunning Group, as more fully set forth below.

6                        **THIRD CAUSE OF ACTION**

7                               **(Fraud)**

8        49.    eBay realleges each and every allegation set forth in Paragraphs 1 through

9    48, inclusive, and incorporates them by reference herein.

10       50.    DPS and DOES 1-10, by use of their cookie stuffing computer programs

11   and/or code, caused users' web browsers to convey a representation by those defendants

12   to eBay that the user had accessed the eBay website via an advertisement placed by DPS.

13   eBay is informed and believed and, on that basis, alleges that this conduct began in or

14   around December 2003 and continued through at least June 2007.

15       51.    KFC and DOES 11-20, by use of their cookie stuffing computer programs

16   and/or code, caused users' web browsers to convey a representation by those defendants

17   to eBay that the user had accessed the eBay website via an advertisement placed by KFC.

18   eBay is informed and believed and, on that basis, alleges that this conduct began in or

19   around December 2004 and continued through at least June 2007.

20       52.    The representations made and/or caused to be made by each of DPS, KFC

21   and DOES 1-20 were in fact false. The true facts were that a substantial portion of the

22   users ostensibly referred by each of DPS, KFC and DOES 1-20 to the eBay site had not

23   been referred by those Defendants, that those users had never knowingly or intentionally

24   visited the eBay site based on any advertisement or referral from any of those Defendants,

25   and that the information contained in cookies in those users' web browsers was actually

26   the product of the false and misleading cookie stuffing schemes employed by each of

27   DPS, KFC and DOES 1-20.

28       53.    When DPS, KFC and DOES 1-20 made these representations (or caused

                                    - 12 -                              COMPLAINT

1 | them to be made), they knew them to be false and made these representations (or caused
2 | them to be made) with the intention to deceive and defraud eBay and induce eBay to act
3 | in reliance on these representations.

4 |   54. eBay, at the time these representations were made (or caused to be made) by
5 | DPS, KFC and DOES 1-20, was ignorant of the falsity of the representations and believed
6 | them to be true. In reliance on these representations, eBay was induced to, and did, make
7 | commission payments to each of DPS and KFC (via CJ) in consideration for referrals that
8 | eBay believed to be legitimate and bona fide. Had eBay known the true facts, it would
9 | not have made such commission payments. eBay's reliance on the representations of
10 | DPS, KFC and DOES 1-20 was justified.

11 |   55. As a proximate result of the fraudulent conduct of each of DPS, KFC and
12 | DOES 1-20, eBay paid commissions and fees to DPS and KFC (via CJ) for referrals that
13 | had never occurred, for which eBay received no value, and for which eBay owed nothing
14 | to DPS or KFC.

15 |   56. As a proximate result thereof, eBay has been damaged in an amount to be
16 | proven at trial.

17 |   57. Defendants' actions were undertaken with fraud, malice or oppression, or
18 | with a conscious disregard of the rights of eBay and, therefore, eBay is entitled to an
19 | award of exemplary and punitive damages against each of DPS, KFC and DOES 1-20, in
20 | an amount according to proof at trial.

21 |   58. WHEREFORE, eBay prays for judgment against each of DPS, KFC and
22 | DOES 1-20, as more fully set forth below.

23 | **FOURTH CAUSE OF ACTION**

24 | **(Violations of California Penal Code § 502)**

25 |   59. eBay realleges each and every allegation set forth in Paragraphs 1 through
26 | 58, inclusive, and incorporates them by reference herein.

27 |   60. Each of DPS and KFC have knowingly and without permission: altered,
28 | damaged, deleted, destroyed, or otherwise used eBay's computer, computer system, or

1   computer network in order to devise and execute a cookie stuffing scheme or artifice in

2   order to defraud and deceive; and/or altered, damaged, deleted, destroyed, or otherwise

3   used eBay's computer, computer system, or computer network in order to wrongfully

4   control or obtain money and property; and/or accessed or caused to be accessed eBay's

5   computer, computer system, or computer network.

6          61.    DPS's and KFC's unauthorized access and use of eBay's computers has

7   damaged and caused loss to eBay.

8          62.    DPS's and KFC's actions constitute violations of California Penal Code §

9   502(c).

10         63.    DPS's and KFC's actions were undertaken with fraud, malice or oppression,

11  or with a conscious disregard of the rights of eBay and, therefore, eBay is entitled to an

12  award of exemplary and punitive damages against each of DPS and KFC, in an amount

13  according to proof at trial.

14         64.    WHEREFORE, eBay prays for judgment against each of DPS and KFC, as

15  more fully set forth below.

16                        **FIFTH CAUSE OF ACTION**

17                     **(Restitution and Unjust Enrichment)**

18         65.    eBay realleges each and every allegation set forth in Paragraphs 1 through

19  64, inclusive, and incorporates them by reference herein.

20         66.    Through their cookie stuffing schemes, as described above, each of DPS and

21  KFC received a benefit from eBay, in the form of artificially and fraudulently inflated

22  commissions paid to DPS and KFC (via CJ) for Revenue Actions that were not associated

23  with any referral from those Defendants.

24         67.    In light of DPS's and KFC's conduct, it would be unjust for DPS and KFC

25  to retain the benefits they obtained from eBay.

26         68.    DPS and KFC have been unjustly enriched by eBay's payments and should

27  be required in equity to make restitution of these payments to eBay.

28         69.    WHEREFORE, eBay prays for judgment against each of DPS and KFC, as

1  more fully set forth below.

2                          **SIXTH CAUSE OF ACTION**

3                  **(California Business and Professions Code § 17200)**

4       70.    eBay realleges each and every allegation set forth in Paragraphs 1 through

5  69, inclusive, and incorporates them by reference herein.

6       71.    Through their cookie stuffing schemes, as described above, each of DPS and

7  KFC engaged in unlawful, unfair and/or fraudulent business practices. Such conduct by

8  each of DPS and KFC violates California Business and Professions Code § 17200 et. seq.

9       72.    As discussed herein, DPS's and KFC's business practices of engaging in

10  cookie stuffing were unlawful under state and federal laws, including but not limited to

11  the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the civil RICO statute, 18 U.S.C. §

12  1962(c), California Penal Code § 502, and constituted common law fraud.

13      73.    DPS's and KFC's conduct was also fraudulent and deceptive, and was

14  unfair to eBay, in that it offended established public policy, and/or was immoral,

15  unethical, oppressive, unscrupulous and substantially injurious to eBay.

16      74.    As a direct result of DPS's and KFC's conduct, eBay has suffered an injury

17  in fact and has lost money and/or property that has been wrongfully retained by each of

18  DPS and KFC.

19      75.    WHEREFORE, eBay prays for judgment against each of DPS and KFC, as

20  more fully set forth below.

21                          **PRAYER FOR RELIEF**

22      WHEREFORE, based upon the foregoing, eBay prays for judgment against

23  Defendants, and each of them, for:

24      i.     Judgment in favor of eBay and against all Defendants on all causes of

25  action;

26      ii.    An award of compensatory damages according to proof at trial;

27      iii.   An award of punitive damages according to proof at trial;

28      iv.    An award of treble damages against Defendants Shawn Hogan, Brian

                                    - 15 -            ·            COMPLAINT

1   Dunning and Todd Dunning, pursuant to 18 U.S.C. § 1964 according to proof at trial;

2        v.      An award requiring Defendants to disgorge all ill-gotten gains and to return

3   the eBay funds by which Defendants have been unjustly enriched;

4        vi.     An award of restitution, according to proof at trial;

5        vii.    An injunction prohibiting Defendants from (a) disseminating, sharing or

6   otherwise making available any cookie stuffing technology to others; (b) possessing,

7   disseminating, sharing, or otherwise making available any technology intended or capable

8   of being used to defraud eBay; and (c) having any further involvement with any person or

9   entity participating in the eBay Affiliate Marketing Program;

10       viii.   An award of pre-judgment and post-judgment interest;

11       ix.     An award of attorney's fees and costs of suit incurred herein; and

12       x.      Such other further relief as the Court may deem just and proper.

13

        Dated:  August 25, 2008              O'MELVENY & MYERS LLP
14

15
                                             By:  _____
16                                                David R. Eberhart, Esq.
                                                  Sharon M. Bunzel, Esq.
17                                                Colleen M. Kennedy, Esq.
                                                  Attorneys for Plaintiff eBAY INC.
18

19

20                        **DEMAND FOR JURY TRIAL**

21       eBay hereby demands a trial by jury of all claims in this action.

22

        Dated:  August 25, 2008              O'MELVENY & MYERS LLP
23

24
                                             By:  _____
25                                                David R. Eberhart, Esq.
                                                  Sharon M. Bunzel, Esq.
26                                                Colleen M. Kennedy, Esq.
                                                  Attorneys for Plaintiff eBAY INC.
27

28

                              - 16 -                        COMPLAINT