# EXHIBIT 12

Seyamack Kouretchian (State Bar No. 171741)
Seyamack@CoastLawGroup.com
Ross Campbell (State Bar No. 234827)
Rcampbell@Coast LawGroup.com
COAST LAW GROUP, LLP
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: (760) 942-8505
Fax: (760) 942-8515

Attorneys for Defendants, SHAWN HOGAN
and DIGITAL POINT SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and Does 1-20,<br><br>    Defendants. | Case No. CV 08-04052 JF PVT<br><br>**DEFENDANT DIGITAL POINT SOLUTION, INC.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)** |

PROPOUNDING PARTY:   Plaintiff EBAY, INC.

RESPONDING PARTY:   Defendant DIGITAL POINT SOLUTIONS, INC.

SET NUMBER:   One

Defendant DIGITAL POINT SOLUTIONS, INC. ("Defendant") hereby responds to the Plaintiff EBAY, INC.'s ("Plaintiff's") First Set of Requests for Admission, as follows:

---

## I. PRELIMINARY STATEMENT

Defendant SHAWN HOGAN ("Mr. Hogan") has asserted his privilege against self-incrimination under the Fifth Amendment to the United States Constitution (*United States v. Balsys* (1998) 524 U.S. 666, 672; *Lefkowitz v. Turley* (1973) 414 U.S. 70, 77); the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. The provision of any responses by Defendant hereunder shall not be construed to be a waiver of the same.

Defendant further objects because conducting discovery is premature and inappropriate at this time. FBI Special Agent Melanie Adams and Assistant United States Attorney Kyle F. Walding inform that Defendant is the subject of a grand jury investigation and that it is anticipated that criminal charges will be filed. Upon the transfer of this action to the appropriate forum, <u>Defendant intends to seek a stay of this action (and/or any other appropriate relief), including a stay of all discovery in this matter, pending the resolution of any potential criminal proceedings and/or until the statute of limitations on any such criminal proceedings has run.</u> To the extent Mr. Hogan determines that there is no longer a threat of criminal prosecution and/or elects to withdraw his assertion of the privilege against self-incrimination, <u>Defendant expressly reserves the right to supplement these responses accordingly (in whole or in part), and to object to the use or disclosure of the following responses for any purpose whatsoever.</u>

Defendant further objects to the subject interrogatories in that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint was granted with leave to amend as to Plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act and other fraud-based claims and discovery is therefore premature. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (in fraud cases, the requisite elements must be adequately laid out "*before* access to the discovery process is granted." (emphasis in original)).

Defendant further objects to the definitions set forth in Plaintiff's requests as compound, vague and ambiguous; these objections further include, but are not limited to, the following: "DPS" is overbroad, unduly burdensome and oppressive in that it purports to apply to third parties collectively and/or individually, to information subject to the attorney-client privilege, and purports to seek responses from Mr. Hogan as phrased. "eBay" is further unduly burdensome and oppressive in that the phrases "eBay's internationally operated websites," and "any and all divisions, subdivisions, departments or

Defendant Digital Point Solutions, Inc.'s Responses
to Plaintiff's Requests For Admission, Set One       2       Case No. CV 08-04052 JF

subsidiaries of eBay" reference information that is within Plaintiff's control and/or is unknown to Defendant. Defendant further objects because the term "Cookie Stuffing" is vague and ambiguous

Defendant incorporates each of the foregoing objections in Defendant's responses below.

## II. RESPONSES

**REQUEST FOR ADMISSION NO. 1**

Admit that DPS conducted business with eBay prior to May 14, 2007.

Response to Request for Admission No. 1:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. conducted business with Plaintiff at any time.

**REQUEST FOR ADMISSION NO. 2**

Admit that DPS conducted business with eBay during at least some portion of 2006.

Response to Request for Admission No. 2:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. conducted business with Plaintiff at any time.

/././

/././

**REQUEST FOR ADMISSION NO. 3**

Admit that DPS conducted business with eBay during at least some portion of 2005.

Response to Request for Admission No. 3:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. conducted business with Plaintiff at any time.

**REQUEST FOR ADMISSION NO. 4**

Admit that DPS conducted business with eBay during at least some portion of 2004.

Response to Request for Admission No. 4:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. conducted business with Plaintiff at any time.

**REQUEST FOR ADMISSION NO. 5**

Admit that DPS conducted business with eBay during at least some portion of 2003.

Response to Request for Admission No. 5:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the

1  Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the
2  California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further,
3  Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and
4  without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL
5  POINT SOLUTIONS, INC. conducted business with Plaintiff at any time.

**REQUEST FOR ADMISSION NO. 6**

Admit that DPS participated in an eBay Affiliate Marketing Program or programs.

Response to Request for Admission No. 6:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs.

**REQUEST FOR ADMISSION NO. 7**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software programs and/or code that caused some Users' computers to access an eBay website without the User's knowledge.

Response to Request for Admission No. 7:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL

POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 8**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software programs and/or code that caused some Users' computers to access an eBay web server without the User's knowledge.

Response to Request for Admission No. 8:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 9**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software programs and/or code that redirected a User to an eBay website without the User knowingly clicking an Advertisement Link.

Response to Request for Admission No. 9:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL

POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 10**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software programs and/or code that redirected a User to an eBay web server without the User knowingly clicking an Advertisement Link.

Response to Request for Admission No. 10:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 11**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software programs and/or code that performed Cookie Stuffing.

Response to Request for Admission No. 11:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis

denies this request.

**REQUEST FOR ADMISSION NO. 12**

Admit that DPS used methods, techniques and/or technological measures to avoid detection by eBay of certain aspects of how DPS interacted with eBay's Affiliate Marketing Program or programs.

Response to Request for Admission No. 12:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such methods, techniques or measures.

**REQUEST FOR ADMISSION NO. 13**

Admit that DPS used methods, techniques and/or technological measures to avoid detection by Commission Junction of certain aspects of how DPS interacted with eBay's Affiliate Marketing Program or programs.

Response to Request for Admission No. 13:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such methods, techniques or measures.

**REQUEST FOR ADMISSION NO. 14**

Admit that DPS utilized methods, techniques and/or technological measures to avoid detection by eBay of Cookie Stuffing caused by DPS.

Response to Request for Admission No. 14:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such methods, techniques or measures.

**REQUEST FOR ADMISSION NO. 15**

Admit that DPS utilized methods, techniques and/or technological measures to avoid detection by Commission Junction of Cookie Stuffing caused by DPS.

Response to Request for Admission No. 15:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such methods, techniques or measures.

/././

/././

**REQUEST FOR ADMISSION NO. 16**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code to determine the geographic location of a User.

Response to Request for Admission No. 16:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 17**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code to determine whether a User was located in San Jose, CA.

Response to Request for Admission No. 17:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

/././

/././

**REQUEST FOR ADMISSION NO. 18**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code to determine whether a User was located in Santa Barbara, CA.

Response to Request for Admission No. 18:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 19**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code that would disable or not engage DPS's Cookie Stuffing technology if a User's computer was located in San Jose, CA.

Response to Request for Admission No. 19:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

/././

**REQUEST FOR ADMISSION NO. 20**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code that would disable or not engage DPS's Cookie Stuffing technology if a User's computer was located in Santa Barbara, CA.

Response to Request for Admission No. 20:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 21**

Admit that DPS received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, on Users whose computers were directed to eBay's website without the User's knowledge.

Response to Request for Admission No. 21:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. received any commissions from eBay at any time.

/././

**REQUEST FOR ADMISSION NO. 22**

Admit that DPS received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, on Users who had never actually clicked on a DPS-sponsored eBay advertisement link.

Response to Request for Admission No. 22:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. received any commissions from eBay at any time.

**REQUEST FOR ADMISSION NO. 23**

Admit that DPS received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, Cookie Stuffing caused by DPS.

Response to Request for Admission No. 23:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. received any commissions from eBay at any time.

**REQUEST FOR ADMISSION NO. 24**

Admit that DPS engaged in Cookie Stuffing with the intent to defraud eBay.

/././

**Response to Request for Admission No. 24:**

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

**REQUEST FOR ADMISSION NO. 25**

Admit that DPS defrauded eBay.

**Response to Request for Admission No. 25:**

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects to this request on the grounds that Mr. Hogan has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

DATED: March 12, 2009

COAST LAW GROUP LLP

By: _____
Ross M. Campbell
Attorneys for Defendants, Shawn Hogan
and Digital Point Solutions, Inc.