# EXHIBIT 15

Stewart H. Foreman (CSB#61149
Daniel T. Bernhard (CSB #104229)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 541-0200
Facsimile: (415) 495-4332

Attorneys for Defendants and Cross-Complainant
Todd Dunning and Kessler's Flying Circus



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 25 2008

ALAN SLATER, Clerk of the Court

BY: F. IBARRA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL BRANCH

| | |
|---|---|
| COMMISSION JUNCTION, INC.<br><br>Plaintiff,<br><br>v.<br><br>THUNDERWOOD HOLDINGS, INC. dba KESSLER'S FLYING CIRCUS; TODD DUNNING; BRIAN DUNNING, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 30-2008-00101025<br>Judge Randell L. Wilkinson<br>Dept. C25<br>Unlimited<br><br>**CROSS-COMPLAINT BY DEFENDANT KESSLER'S FLYING CIRCUS AGAINST PLAINTIFF COMMISSION JUNCTION, INC.** |
| KESSLER'S FLYING CIRCUS; a general partnership,<br><br>Cross-Complainant,<br><br>v.<br><br>COMMISSION JUNCTION INC., and CROSS-DOES 1 through 10, inclusive<br><br>Cross-Defendants. | **BY FAX** |

Cross-Complainant and Defendant Kessler's Flying Circus alleges as its Cross-Complaint against Cross-Defendant and Plaintiff Commission Junction, Inc. and the Cross-Does as follows:

1

CROSS-COMPLAINT BY DEFENDANT KESSLER'S FLYING CIRCUS AGAINST PLAINTIFF COMMISSION JUNCTION, INC.
{00115039-3}

# FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

1. Cross-Complainant and Defendant Kessler's Flying Circus ("Kessler's") is informed and believes and thereon alleges that Cross-Defendant and Plaintiff Commission Junction, Inc. ("CJI") is a corporation organized and existing under the laws of the State of Delaware and is wholly owned by ValueClick, Inc., a corporation organized and existing under the laws of the State of California. CJI does business over the Internet in all counties in California, including in Orange County, California. CJI has also commenced an action against Kessler's in Orange County, California, and the conduct alleged against CJI occurred in part in Orange County, California.

2. Cross-Complainant and Defendant Kessler's is ignorant of the true names and capacities of cross-defendants sued herein as Cross-Does 1 through 10, inclusive, and therefore sues said cross-defendants by such fictitious names. Kessler's will amend this Cross-Complaint to allege the true names and capacities of said cross-defendants when they are ascertained. Kessler's is informed and believes and thereon alleges that each of the fictitiously named cross-defendants is responsible in some manner to pay the damages and obligations described herein and that Kessler's losses and damages alleged herein were proximately caused by said cross-Does' conduct.

3. Cross-Complainant and Defendant Kessler's is informed and believes and thereupon alleges that each of the cross-defendants are principals, agents and employees of the other(s), acting at all times herein mentioned within the course and scope of their agency and employment and with the consent and permission of the other co-cross-defendant, and that each co-cross-defendant has ratified the conduct of each other co-cross-defendant.

4. Cross-Complainant and Defendant Kessler's Flying Circus is a general partnership with its principal place of business and doing business in Orange County, California. The general partners of Kessler's are Todd Dunning, an individual, and Thunderwood Holdings, Inc., a corporation organized under the laws of and doing business in the State of California. Thunderwood Holdings, Inc. is wholly owned by Brian Dunning, a resident of Orange County, California.

5. Kessler's entered into a contract with CJI over the Internet in or about April 2005. Pursuant to the contract, CJI agreed to pay Kessler's for providing promotional activities over the Internet for the benefit of customers of CJI, such as eBay, Inc. ("eBay"). Kessler's provided

2

promotional activities to CJI's customers pursuant to programs offered by those customers. CJI tracked Kessler's promotional activities over the Internet and paid Kessler's based on the terms of the program offered by CJI's customers.

6. Kessler's provided promotional activities for the benefit of CJI and eBay to direct Internet users to register to purchase products on eBay pursuant to the program offered by eBay through CJI. Kessler's activities were performed with the full knowledge and consent of CJI and eBay. Kessler's promotional activities were performed pursuant to and in compliance with the contract with CJI and the program offered by eBay.

7. Kessler's is informed and believes and thereon alleges that CJI has a contractual arrangement with eBay whereby eBay approved and controlled the promotional activity performed for its benefit through CJI, eBay provides money to CJI to compensate Kessler's for the promotional activities for the benefit of eBay, and eBay and CJI coordinated their activities in approving and controlling promotional activities by Kessler's for CJI's and eBay's benefit.

8. Kessler's provided at all relevant times information to CJI and eBay about its promotional activities for the benefit of eBay and CJI.

9. At all relevant times, CJI and eBay knew and approved of Kessler's promotional activities for the benefit of eBay and CJI.

10. Kessler's promotional activities for the benefit of CJI and eBay under the contract continued until on or about June 30, 2007.

11. On or about June 20, 2007, CJI paid Kessler's $565,517.84 for the benefit that Kessler's promotional activities provided to CJI and eBay for the month of May 2007. During the 12 months preceding this payment, CJI had paid Kessler's approximately $6 million for its promotional activities for the benefit of eBay and CJI.

12. Although Kessler's continued to provide promotional activities for the benefit of CJI and eBay, CJI has failed and refused to pay Kessler's for its work in June 2007 and thereafter although CJI and eBay received the benefits of Kessler's promotional activities.

13. On or about June 27, 2007, CJI purported to terminate the contract for Kessler's promotional activities for the benefit of CJI and eBay. However, CJI did not pay Kessler's for the

3

CROSS-COMPLAINT BY DEFENDANT KESSLER'S FLYING CIRCUS AGAINST PLAINTIFF COMMISSION JUNCTION, INC.
{00115039-3}

1  benefits provided to CJI and eBay for the month of June 2007 and thereafter.

2    14.   Kessler's is informed and believes, and thereon alleges, that Kessler's promotional activities for the benefit of CJI and eBay in June 2007 and thereafter would have resulted in payment to Kessler's under the contract of at least $1,000,000 or more. However, CJI has refused to make such payment.

   15.   As a result of the foregoing, CJI owes Kessler's a substantial sum of money, but Kessler's does not have the information necessary to determine the exact amount that is owed. CJI has the information necessary to make this determination. However, based on payments previously made by CJI, Kessler's is informed and believes that the money owed by CJI to Kessler's exceeds $1,000,000. Kessler's will amend this Cross-Complaint to allege the amount of money owed once it is determined, or according to proof at trial.

   16.   In addition, Kessler's seeks recovery of their attorneys fees, expert witness fees and costs of litigation related to CJI's breach of the contract.

## SECOND CAUSE OF ACTION FOR BREACH
## OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

   17.   Cross-Complainant and Defendant Kessler's realleges and incorporates by reference paragraphs 1 through 16, inclusive, as if set forth in full herein as part of this Second Cause of Action.

   18.   During 2005-2007, Kessler's had a contract with CJI as alleged herein. In essence, Kessler's provided approved promotional activities over the Internet for the benefit of eBay and CJI. CJI compensated Kessler's based on the results of these promotional activities. Implied in the contract between CJI and Kessler's is a covenant of good faith and fair dealing as provided by law.

   19.   At all relevant times, CJI exercised its discretion to interpret and apply the contract in a manner that approved of Kessler's promotional activities and Kessler's earned over $6 million from CJI based on the success of its promotional activities for the benefit of eBay and CJI.

   20.   In May and June 2007, CJI arbitrarily, in bad faith, and without consultation with Kessler's, changed the manner in which it interpreted and applied the contract with Kessler's.

4

21. In May and June 2007, CJI arbitrarily and in bad faith claimed that Kessler's promotional activities now violated the contract. CJI refused to pay Kessler's for its promotional activities and wrongfully prevented Kessler's from continuing to earn fees for its promotional activities for the benefit of eBay and CJI.

22. CJI breached the implied covenant of good faith and fear dealing by acting in an arbitrary and capricious manner and by failing to exercise its discretion under their contract in good faith and in accordance with fair dealing.

23. As a proximate result of CJI's breach of the implied covenant of good faith and fair dealing, Kessler's has been damaged. The full extent of such damage is not known at this time but Kessler's is informed and believes and therein alleges that the damages will exceed $1,000,000, or according to proof at trial.

### THIRD CAUSE OF ACTION FOR AN ACCOUNTING

24. Cross-Complainant and Defendant Kessler's realleges and incorporates by reference paragraphs 1 through 23, inclusive, above as if set forth in full herein as part of this Third Cause of Action for an Accounting.

25. Cross-Complainant and Defendant Kessler's does not know the amount that it is entitled to receive as a result of its promotional activities that have benefited CJI and eBay since May 2007.

26. Such amount due Kessler's can only be determined by an accounting of CJI's records.

27. Cross-Complainant and Defendant Kessler's hereby demands an accounting of these transactions, and demands payment with interest for the amounts that are due.

28. CJI has and continues to refuse to account and pay to Kessler's the amounts due based on the benefits it provided to CJI and eBay since May 2007.

29. Cross-Complainant and Defendant Kessler's does not know the amount that will be due from CJI based on the accounting, but Kessler's estimate that the amount exceeds $1,000,000.

WHEREFORE, Cross-Complainant and Defendant Kessler's Flying Circus prays for judgment

5

on this Cross-Complaint against Commission Junction, Inc. as follows:

1. For damages under the First and Second Causes of Action in an amount that is not yet ascertained but is expected to exceed $1,000,000, and according to proof at trial.

2. For an accounting under the Third Cause of Action for the value of benefits provided to CJI and eBay by Cross-Defendant since May 2007.

3. For attorneys fees, expert witness fees and other costs of suit.

4. For such other and further relief as the Court may deem just and proper.

Dated: July 25, 2008

Respectfully submitted,

FREELAND COOPER & FOREMAN LLP

By: _____
Stewart H. Foreman
Attorneys for Cross-Complainant and Defendants
Kessler's Flying Circus and
Todd Dunning

CROSS-COMPLAINT BY DEFENDANT KESSLER'S FLYING CIRCUS AGAINST PLAINTIFF COMMISSION JUNCTION, INC.
{00115039-3}

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen and not a party to the within action; my business address is 150 Spear Street, Suite 1800, San Francisco, California 94105.

On July 24, 2008, I served the foregoing document described as follows:

**CROSS-COMPLAINT BY DEFENDANT KESSLER'S FLYING CIRCUS AGAINST PLAINTIFF COMMISSION JUNCTION, INC.**

by placing a true and correct copy thereof enclosed in a sealed envelope addressed to the party(ies) of record whose name(s) and address(es) appear below:

John H. Ernster, Esq.
Phil J. Montoya, Esq.
ERNSTER LAW OFFICES, P.C.
70 South Lake Ave., Ste. 750
Pasadena, CA 91101
Facsimile: 626-844-8944
Attorneys for Plaintiff COMMISSION JUNCTION, INC.

Scott Patrick Barlow, Esq.
General Counsel
30699 Russell Ranch Rd., Ste. 250
Westlake Village, CA 91361
Facsimile: 818-575-4505

Ronald Rus, Esq.
Leo J. Presiado, Esq.
RUS, MILIBAN & SMITH
2600 Michelson Drive
Irvine, CA 92612
Facsimile: 949-252-1514
Attorneys for Defendant BRIAN DUNNING and THUNDERWOOD HOLDINGS, INC.

_X_ [BY MAIL - CCP § 1013a] I caused such sealed envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California, for collection and mailing to the office of addressee(s) on the date shown herein following ordinary business practice.

___ [HAND-DELIVERY/Personal/Messenger - CCP § 1011] I caused such envelope to be hand-delivered by a courier, who personally delivered such envelope to the office of the addressee(s) on the date herein.

___ [BY FACSIMILE - CCP § 1013(e)] - I caused such document(s) to be transmitted via facsimile electronic equipment transmission on the party(ies), whose name(s), address(es) and fax number(s) are listed above, on the date stated herein and at the time set forth on the attached transmission reported indicating that the facsimile transmission was complete and without error.

___ [BY FEDEX (Overnight Delivery) - CCP § 1013(c)] I caused such envelope to be delivered to the Federal Express Office in San Francisco, California, with whom we have a direct billing account, to be delivered on the next business day.

___ [BY E-MAIL or ELECTRONIC TRANSMISSION] Based on a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

7

X̲ [STATE] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 25, 2008, at San Francisco, California.

_____
Joyce Johnson

8

CROSS-COMPLAINT BY DEFENDANT KESSLER'S FLYING CIRCUS AGAINST PLAINTIFF COMMISSION JUNCTION, INC.
{00115039-3}