# EXHIBIT 18

Dockets.Justia.com

Stewart H. Foreman  (CSB #61149)
Daniel T. Bernhard  (CSB #104229)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone:  (415) 541-0200
Facsimile:  (415) 495-4332
Email: foreman@freelandlaw.com
       bernhard@freelandlaw.com

Attorneys for Defendants
Todd Dunning and Dunning Enterprise, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20,<br><br>          Defendants. | CASE NO.:  CV-08-4052 JF<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:      December 12, 2008<br>Time:     9:00 a.m.<br>Place:    Courtroom 3, 5th Floor<br>            280 South First Street<br>            San Jose, CA  95113 |

TO THE PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on December 12, 2008, at 9:00 a.m. before The Honorable Jeremy Fogel in Courtroom Number 3, 5th Floor, Federal Court House located at 280 South First Street, San Jose, California  95113, defendants Todd Dunning and Dunning Enterprise, Inc. will and hereby do move the Court for an order dismissing the First Amended Complaint filed by plaintiff eBay, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(1), (3) and (6).

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}

1

This Motion is based on the following: (1) there is no federal question on which to base jurisdiction in this Court; (2) the First Amended Complaint fails to state any claim on which relief can be granted by this Court; (3) venue in this Court is improper under 28 U.S.C. Section 1391; and (4) the First Amended Complaint makes claims that are substantially identical to those made in a pending action filed by eBay's agent, Commission Junction, Inc., against these defendants in the Superior Court of the State of California, County of Orange.

This Motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, and the Declaration of Stewart H. Foreman In Support thereof. Defendants Todd Dunning and Dunning Enterprise, Inc. request that this Court grant their Motion to Dismiss the First Amended Complaint.

Dated: October 27, 2008                    FREELAND COOPER & FOREMAN LLP


                                           By:  _____/s/_____
                                                STEWART H. FOREMAN
                                                Attorneys for Defendants
                                                Todd Dunning and Dunning Enterprise

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}

2

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION ................................................................. 1

II.    GENERAL STATEMENT OF FACTS ..................................... 2

III.   ARGUMENT ....................................................................... 4

     A.    Legal Standards. ........................................................ 4

     B.    eBay Fails to State Any Claim Under 18 U.S.C. §1030 or California Penal Code §502. ................................................................. 5

          1.    eBay's Factual Allegations Demonstrate that it Cannot State Any Claim Under these Computer Protection Statutes...................................... 5

          2.    The Allegations about §1030 Fail to State Any Claim for Relief, and Must Be Dismissed. ............................................ 8

     C.    The RICO Claim Should be Dismissed .............................. 12

     D.    Without A Valid Federal Question there is No Jurisdiction in this Court and this Lawsuit Should be Dismissed. ................. 15

     E.    Venue in This Court is Improper. .................................... 15

          1.    There is No Statutory Basis for Venue in This Judicial District............... 15

          2.    There is No Contractual Basis for Venue in This Judicial District. ................................................. 16

     F.    The Court Should Abstain from Exercising Jurisdiction Over These Duplicative Claims. ........................................ 18

IV.   CONCLUSION.................................................................... 19

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Case No. CV-08-4052 JF

{00121275-1}

i

Case 5:08-cv-04052-JF Document 30-18 Filed 06/05/09 Page 5 of 26

1

**TABLE OF AUTHORITIES**

2
                                                                                    **Page(s)**

3

**FEDERAL CASES**

4

*Al-Abood v. El-Sharmari*,

5
    217 F.3d 225 (4th Cir. 2000) ................................................................. 12

6

*America Online, Inc. v. National Health Care Discount, Inc.*,

    121 F. Supp. 2d 1255 (N.D. Iowa 2000) ................................................. 9

7

*American Int'l Underwriters v. Continental Ins. Co.*,

8
    843 F. 3d 1253 (9th Cir 1988) ............................................................... 18

9

*Argueta v. Banco Mexicano, S.A.*,

10
    87 F.3rd 320 (9th Cir. 1996) ................................................................... 4

11

*B&B Microscopes v. Luigi Armogida*,

12
    *532 F. Supp. 2d 744 (WD Pa 2007)* ...................................................... 9

13

*Balistreri v. Pacifica Police Dept.*,

    901 F.2d 696 (9th Cir. 1988) ................................................................... 5

14

*Bell Atlantic Corp. v. Twombly*,

15
    127 S. Ct. 1955 (2007) ............................................................................ 5

16

*Bradley v. Chiron Corp.*,

17
    136 F.3d 1317 (9th Cir. 1998) ................................................................. 5

18

*Cenveo Corporation v. CelumSolutions Software GMBH & Co KG*,

    504 F. Supp. 2d 574 (Minn. 2007) ....................................................... 10

19

*Civic Center Motors, Ltd. v. Mason Street Import Cars, Ltd.*,

20
    387 F. Supp. 2d 378 (S.D.N.Y 2005) ................................................... 10

21

*Cybersell, Inc. v. Cybersell, Inc.*,

22
    130 F. 3d 414 (9th Cir. 1997) ............................................................... 16

23

*Delta Dental Plan of CA v. Mendoza*,

24
    139 F.3d 1289 (9th Cir. 1988) ............................................................... 18

25

*Docksider Ltd., v. Sea Technology, Ltd.*,

    875 F 2d 762 (9th Cir. 1989) ................................................................. 17

26

*In Re Doubleclick Inc. Privacy Litigation*,

27
    154 F. Supp. 2d 497 (S.D. NY 2001) .................................................... 10

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

# TABLE OF AUTHORITIES

Page(s)

*Four Seasons Hotels and Resorts B.V. et. al. v. Consorcio Barr, S.A.*,
   267 F. Supp. 2d 1268 (S.D. Fl 2003) ........................................................................... 9

*Gilberton v. Albright*,
   381 F. 3d 965 (9th Cir. 2004) ...................................................................................... 18

*Hoey v. Sony Elecs. Inc.*,
   515 F. Supp. 2d 1099 (N.D. Cal. 2007) ........................................................................ 5

*International Airport Centers, LLC v. Citrin*,
   440 F.3d 418 (7th Cir. 2005) ..................................................................................... 8, 9

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375, 114 S. Ct. 1673 (1994) ........................................................................... 4

*Kukje Hwajae Ins. Co. v. The "M/V Hyundai Liberty,"*,
   408 F.3d 1250 (9th Cir. 2005) ....................................................................................... 4

*Labbos v. Sup Ct.*,
   883 F.2d 810 (9th Cir. 1989) ........................................................................................ 18

*M&A Gabaee v. Community Redevelop. Agency of City of Los Angeles*,
   419 F.3d 1036 (9th Cir. 2005) ...................................................................................... 18

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
   858 F. 2d 509 (9th Cir. 1988) ....................................................................................... 17

*May v. United States Chamber of Commerce*,
   1996 U.S. Dist. LEXIS 3136 (N.D. Ca. 1996) ............................................................. 14

*McColm v. Restoration Group, Inc.*,
   2007 U.S. Dist. LEXUS 36478 (ED Cal. 2007) ........................................................... 14

*Medallion Television Enterprise v. SelecTV*,
   833 F.2d 1360 (9th Cir. 1988) ...................................................................................... 13

*Menasco, Inc. v. Wasserman*,
   886 F.2d 681 (4th Cir. 1989) ........................................................................................ 12

*Midwest Grinding Cove v. Spitz*,
   976 F.2d 1061 (7th Cir. 1999) ...................................................................................... 13

*Murphy v. Schneider National, Inc.*,
   362 F. 3d 1133 (9th Cir. 2004) ..................................................................................... 17

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R.
CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}
iii

# TABLE OF AUTHORITIES

**Page(s)**

*NL Indus., Inc. v. Kaplan,*
  792 F.2d 896 (9th Cir. 1986) ................................................................................... 5

*Nexans Wires S.A. v. Sark-USA, Inc.,*
  319 F. Supp. 2d 468 (S.D.N.Y. 2004) ..................................................................... 10

*Royce International Broadcasting Corporation v. Field,*
  2000 U.S. Dist. LEXIS 2369 (N.D. Cal. 2000) ................................................. 13, 14

*SecureInfo Corporation v. Telos Corporation,*
  387 F. Supp. 2d 593 (E.D. Va. 2005) ............................................................... 12, 13

*United States v. Mitra,*
  405 F.3d 492 (7th Cir. 2005) .................................................................................... 9

*Wolfe v. Strankman,*
  392 F.3d 358 (9th Cir. 2004) ............................................................................. 4, 15

## STATE CASES

*People v. Tillotson,*
  157 Cal. App. 4th 517 (2007) .................................................................................. 11

## FEDERAL STATUTES

18 U.S.C. §1030 ................................................................................................. passim

18 U.S.C. §1962(c) et seq ............................................................................................ 4

28 U.S.C. §1367(a) ..................................................................................................... 15

28 U.S.C. §§1391(b)(1) ............................................................................................... 15

28 U.S.C. §1404 .................................................................................................... 15, 17

Federal Rule of Civil Procedure 9(b) .......................................................................... 14

Federal Rule of Civil Procedure 12(b)(1), (3) ......................................................... 4, 15

## STATE STATUTE

California Penal Code §502 ............................................................................. 5, 11, 19

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}

iv

## I. INTRODUCTION

This is a motion to dismiss Plaintiff eBay, Inc.'s ("eBay") First Amended Complaint ("FAC") because (1) there is no federal question on which to base jurisdiction in this Court; (2) the FAC fails to allege any claim on which relief by this Court can be granted; (3) venue in this Court is improper, and if not dismissed this lawsuit should be transferred to the proper judicial district; and (4) this lawsuit is substantially identical to an action pending for more than one year in a California state court, filed by eBay's agent, seeking largely the same relief, from some of the same defendants, for the same alleged conduct.

Plaintiff eBay claims in the FAC that it paid more commissions to defendant Kessler's Flying Circus ("KFC"), which is a business 50% owned by defendants Todd Dunning and Dunning Enterprise, Inc. (collectively "DEI"), than they were allegedly entitled to receive for participating in eBay's Affiliate Marketing Program ("AMP").  Defendants participated in this program, through eBay's agent, Commission Junction, Inc. ("CJ"), which has already sued these defendants in the Superior Court of the State of California, County of Orange for alleged violations of the AMP and overpayment of commissions.  eBay is simply duplicating CJ's efforts by commencing this action in this Federal Court for the same alleged conduct which allegedly resulted in payment of excessive commissions.  eBay attempts to create Federal Court jurisdiction by pleading violations of a federal criminal statute relating to computer crimes and RICO, in addition to state law penal code unfair competition and common law claims.

The federal statutes do not apply under the facts alleged by eBay in its FAC; there is no federal jurisdiction presented by this case.  Aside from the lack of a federal question to convey jurisdiction for this Court, eBay improperly attempts to create venue in this judicial district by alleging that a contract exists between defendant Todd Dunning and eBay that contains a consent to venue in this district.  Yet, eBay pointedly has failed to attach this alleged contract to its complaint, so the Court and DEI cannot test whether venue properly exists in this Court for the FAC pursuant to that agreement.

Todd Dunning asserts that the User Agreement alleged in the complaint is totally unrelated to the AMP that KFC participated in through CJ, and that there are no substantive allegations in the FAC relating to any claim under the User Agreement.  The User Agreement is only referenced in the FAC

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. :AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}

1

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

to provide an alleged basis of venue in this Court.  Venue is simply improper in this Court.  None of the defendants reside in this judicial district; none of the material elements of the dispute, as alleged in the FAC, occurred in this judicial district; and the "agreement" plaintiff alleges to establish venue does not apply to the conduct described in the FAC.  Accordingly, for the reasons described in this Memorandum of Points and Authorities, the FAC should be dismissed, and eBay should assert its claims, if at all, in the state court in Orange County along with its agent, CJ.

II.   **GENERAL STATEMENT OF FACTS**

Todd Dunning is the founder and sole shareholder of Dunning Enterprise, Inc. ("DEI").  Mr. Dunning, and later DEI, along with Mr. Dunning's brother, Brian Dunning, did business under the name KFC in 2006 and 2007.  Until recently, KFC was in the business of participating in an Internet promotional program for eBay.  KFC participated in eBay's AMP, and was paid through CJ, which was eBay's agent for the AMP.  KFC was paid based on a commission structure related to the number of new registered customers brought to eBay's website as a result of KFC's promotional efforts.[1]

eBay's FAC alleges that the AMP "is designed to increase traffic to eBay's website through the placement of advertisements for eBay on third-party websites." (FAC ¶¶ 18 & 19)  eBay alleges that it seeks to "increase traffic to its site" through the use of "persons or entities that advertise on behalf of eBay." *Id.*  These advertisers for eBay are called "affiliates" and they are compensated when their activity "causes a user to take some action at eBay's site that directly provides revenue to eBay or indicates that the new user is likely to take such action in the future." *Id.*  The FAC alleges that three steps are required for an affiliate to earn a commission under the AMP: (1) an affiliate must publish an eBay advertisement, (2) an Internet user is directed to the eBay website as a result of the advertisement (called a "Referred Visit"), and (3) the Internet user engages in a "Revenue Action" which is defined as becoming a new registered user of eBay within 30 days or purchases something on eBay within seven days of a Referred Visit. *Id.*  Although eBay artfully avoids alleging that KFC was an "affiliate" with eBay's AMP, the heart of eBay's claim is that it paid commissions to KFC (via CJ)

---

[1] eBay has also sued defendants Digital Point Solutions, Inc. and Shawn Hogan (collectively "DPS") in this case. DEI and KFC are completely separate and independent of DPS, but apparently DPS is named in this lawsuit because it also allegedly engaged in the "cookie stuffing" schemes alleged in the FAC.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

for Revenue Actions that allegedly were not properly earned by KFC under the terms of that program. (FAC ¶ 32)

eBay alleges that it "used the services of CJ . . . in administering the Affiliate Marketing Program." (FAC ¶ 20) The program was "governed" by an Advertiser Service Agreement through which "CJ was responsible for, among other things, recruiting affiliates, tracking affiliate traffic, monitoring compliance by affiliates, preventing and detecting fraudulent activity, and paying affiliates using funds remitted by eBay." *Id.*

CJ commenced a lawsuit on August 13, 2007, originally in Los Angeles County Superior Court, to recover from Todd Dunning, KFC and other defendants herein (but not DPS) alleged overpayments or mis-payments of fees paid under eBay's AMP. That case was moved to Orange County Superior Court on January 4, 2008[2]. In its complaint CJ generally alleges that "on or about April 14, 2005," the defendants "entered into a written Publisher Service Agreement ('Agreement') whereby [Plaintiff] agreed to provide goods and services to and for [all defendants]." (*See,* Request for Judicial Notice, Exhibit 1 thereto, Second Amended Complaint, ¶ 12). CJ alleges that the Publisher Services Agreement is the contract under which KFC provided the marketing services described above to eBay. CJ specifically alleges that all defendants "beginning in April of 2007… breached the Agreement by, *inter alia*, inflating traffic, forcing cookies, infringing on others proprietary rights, providing links and widgets to wrongfully promote and/or force traffic to eBay.com, and promoting objectionable content as that is defined in the Agreement." (*See,* Request for Judicial Notice, Exhibit 1 thereto, Second Amended Complaint, ¶ 16) CJ alleges that defendants were paid commissions in June 2007 relating to eBay's AMP for which they were not entitled and that eBay has refused to reimburse CJ for the funds it paid to KFC. (*See,* Request for Judicial Notice,

---

[2]That lawsuit is entitled *Commission Junction, Inc. v. Thunderwood Holdings, Inc. dba Kessler's Flying Circus, et. al.,* Superior Court of the State of California, County of Orange, Case No. 30-2008-00101025. The Second Amended Complaint alleges that KFC was an affiliate advertiser for eBay under its Affiliate Marketing Program and pursuant to a Publisher Service Agreement between KFC and CJ. (*See,* Request for Judicial Notice, Exhibit 1, thereto, Second Amended Complaint, ¶ 13-19) These moving defendants have requested that the Court take judicial notice of this Second Amended Complaint and its attached exhibits. The attached exhibit of the Publisher Service Agreement is the alleged contract entered into by KFC and CJ related to providing internet marketing services for eBay. *See,* Request for Judicial Notice, Exhibit 1, Second Amended Complaint, filed and served herewith.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  Exhibit 1 thereto, Second Amended Complaint, ¶¶ 17 and 19 and Exhibit B thereto)  Defendants were

2  terminated by eBay and CJ from the AMP as of June 20, 2007.

3  **III.    ARGUMENT**

4          This lawsuit should be dismissed.  eBay has failed to establish federal question jurisdiction,

5  and thus dismissal pursuant to Fed. R. Civ. Proc. 12(b)(1) is required.  Moreover, venue in this Court

6  is improper pursuant to Fed. R. Civ. Proc. 12(b)(3), and this lawsuit must be dismissed, if not then

7  transferred to the proper judicial district.  Finally, eBay's allegations pertaining to purported federal

8  law claims under 18 U.S.C. §1030 and 18 U.S.C. §1962(c) et seq. fail to state any valid claim for

9  relief, and must be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

10         A.    Legal Standards.

11         A party seeking to invoke the jurisdiction of a federal court bears the burden of establishing

12  subject-matter jurisdiction.  *See, Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114

13  S. Ct. 1673, 1675 (1994).  Although a court reviewing a motion to dismiss for lack of jurisdiction

14  under Rule 12(b)(1) must take the allegations in the plaintiff's complaint as true, it is presumed that

15  federal jurisdiction is lacking until the plaintiff proves otherwise.  *Wolfe v. Strankman,* 392 F.3d 358,

16  362 (9th Cir. 2004); *Kokkonen,* 511 U.S. at 377, 114 S. Ct. at 1675. eBay has made no allegations to

17  support diversity jurisdiction in this Court; it is undisputed that no diversity exists.  Accordingly, if

18  there is no valid federal question presented by the allegations of the FAC, the Court is without

19  jurisdiction.  In reviewing a 12(b)(3) motion, a court need not accept the pleadings as true and may

20  properly consider facts outside of the pleadings.  *See, Kukje Hwajae Ins. Co. v. The "M/V Hyundai*

21  *Liberty,"* 408 F.3d 1250, 1254 (9th Cir. 2005).  Interpretation and enforcement of contractual forum

22  selection clauses are procedural issues to be decided under federal law. Where a forum selection

23  clause is at issue, a motion to dismiss pursuant to 12(b)(3) is appropriate.  *Argueta v. Banco*

24  *Mexicano, S.A.*, 87 F.3rd 320, 324 (9th Cir. 1996).  eBay relies on an alleged forum selection clause in

25  an agreement which is not attached to the FAC.

26         Finally, a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims

27  asserted in the complaint and "can be based on the 'lack of a cognizable legal theory' or 'the absence of

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R.     4
CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  sufficient facts alleged under a cognizable legal theory.' "*Hoey v. Sony Elecs. Inc.,* 515 F. Supp. 2d

2  1099, 1102 (N.D. Cal. 2007) (*quoting Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.

3  1988)).  A court reviewing a motion to dismiss under Rule 12(b)(6) must accept as true all material

4  allegations in the complaint and must construe them in the light most favorable to the plaintiff, but

5  "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim."

6  *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986); *Bradley v. Chiron Corp.,* 136 F.3d 1317,

7  1322 (9th Cir. 1998).  As the Supreme Court has recently clarified, plaintiffs must proffer "enough

8  facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct.

9  1955, 1974 (2007).  Indeed, a plaintiff's "obligation to provide the grounds of his entitlement to relief

10  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

11  action will not do." *Id.* at 1964.

12      B.      eBay Fails to State Any Claim Under 18 U.S.C. §1030 or California Penal Code §502.

13          1.      eBay's Factual Allegations Demonstrate that it Cannot State Any Claim Under
                    these Computer Protection Statutes.

14      The FAC describes the activities among CJ, KFC, Internet users, and eBay which result in

15  registration of new customers to purchase items on the eBay website, and the payment of

16  commissions to affiliates such as KFC for helping to direct those new customers to eBay.  eBay's FAC

17  describes a "digital tag" called a "cookie," which in Internet terms is an electronic code that "is stored

18  in a user's web browser" and is used to match "a user's Revenue Action[s] on eBay's site to the

19  affiliate that directed the user to eBay." (FAC ¶ 21)  "Cookies" are common devices used on the

20  Internet, however, the location and function of "cookies" in eBay's AMP is important.  eBay alleges

21  that "cookies" are placed "in a user's browser by a website when the user visits the website." *Id.*

22  "[C]ookies are used to confirm that a user was directed to eBay from a specific affiliate [who is

23  participating in the Affiliate Marketing Program]." (FAC ¶ 22)  Most important, the FAC alleges that

24  eBay, <u>not KFC</u>, places a "cookie" on a user's computer.  "Specifically, when a user clicks on an

25  affiliate advertisement and is directed to eBay's site, *eBay's site drops a cookie on the user's*

26  *computer.*" (FAC ¶ 22, emphasis supplied)  The "cookie" tells eBay and CJ which affiliate is

27  responsible for referring the user to eBay, and if the user engages in a Revenue Action, a commission

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

is paid to the affiliate through CJ. (FAC ¶ 22) CJ provides all of the support and computer tracking necessary to match users, affiliates and Revenue Actions (FAC ¶ 20), but most significantly, according to eBay's allegations, "cookies" are placed on Internet users' computers by eBay, not affiliates such as KFC. (FAC ¶ 25) eBay plainly alleges that "the user's computer" accessed "eBay's computers." (FAC ¶ 26)

eBay admits that the Internet users for which it paid commissions to KFC in fact engaged in Revenue Actions. (FAC ¶ 27) In other words, eBay admits that it gained many new customers as a result of KFC's participation in the AMP. The FAC is based on the claim that a "substantial number of Revenue Actions" by these users were not actually procured or referred to eBay by KFC. (FAC ¶ 32.) However, the FAC makes no allegation about or distinction between the number of Revenue Actions or the amount of commissions attributable to alleged "cookie stuffing" scheme as compared to the valid Revenue Actions and commissions for which KFC was properly paid.

Missing from the FAC are any allegations that KFC accessed eBay's computers in an unauthorized or improper manner, or that KFC caused any damage to the computer. In fact, it is clear from eBay's pleading that eBay does not claim that any such access or damage occurred from conduct by KFC, or any other defendant herein. The FAC is simply about whether eBay paid CJ, and eventually KFC, for actual new registered customers who purchased items on eBay, but whom eBay claims were not procured by any conduct by KFC, making some commissions paid to KFC allegedly unearned. This is a dispute over eBay paying KFC commissions, not over any defendants accessing or damaging eBay's computers. (FAC ¶¶ 52, 53, 55 & 67)

In an effort to establish venue in the district, eBay alleges the existence of a User Agreement with the three individual defendants (FAC ¶¶ 16 & 35), but a copy of this agreement is not attached to the pleading[3]. Although eBay does not attach the User Agreement, or even recite its relevant terms,

---

[3] Without a copy of the User Agreement, the Court and DEI are unable to determine whether the User Agreement contains a jurisdiction and venue provision as alleged FAC ¶¶ 15 &16. The User Agreement has nothing to do with the AMP or KFC's performance under the AMP. By its terms, it is simply the agreement that all registered customers on the eBay website accept when they register as users. *See,* Declaration of Stewart H. Foreman, ¶ 7 and Exhibit 4. DEI at a minimum requests that the Court grant it the opportunity to conduct limited and early discovery on the issue of jurisdiction and venue pursuant to the User Agreement, as alleged in the FAC, unless the dismisses the FAC for the reasons argued in this motion.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

that agreement is the linchpin for venue in this Court of the FAC, according to eBay's own allegations. (FAC ¶ 15) eBay also uses the User Agreement to argue, under 18 U.S.C. §1030, that KFC engaged in unauthorized "access" to eBay's computer as a "registered eBay user." (FAC ¶ 35) eBay fails to allege that DEI interfered with "the proper working of the eBay site" or failed to comply with laws "regarding the use of eBay's servers." *Id.* It is obvious from other allegations of the FAC, including the description of the AMP and the function of "cookies," that actions of defendant Todd Dunning as an individual "registered eBay user" have absolutely nothing to do with eBay's AMP or KFC's marketing efforts to introduce new users to eBay. Every person who uses the eBay website to purchase or sell must become a "registered eBay user." The hundreds of millions of people who are registered to use eBay are distinct from an organized marketing program to direct new Internet users to eBay's website. Thus, the terms of the User Agreement are similarly distinct from KFC's attempts to promote eBay to new users through the agreements related to the AMP.

The FAC also omits any description of the important agreement between eBay and CJ (the Advertiser Service Agreement, (FAC ¶ 20); and the equally crucial agreement between CJ and KFC under which eBay "paid commissions (via CJ) to . . . KFC for a substantial number of Revenue Actions" relating to the AMP. (FAC ¶¶ 23 & 32) These agreements are referenced but not attached to eBay's FAC, although eBay has knowledge and possession of them. The rights and obligations of the parties under those agreements are not available for analysis for purposes of this motion, although they implicate directly the claims alleged in the lawsuit, and the jurisdiction and venue of this Court. Finally, it is noteworthy that the FAC also fails to allege any agreement directly between eBay and KFC[4].

Most significant, the FAC fails to allege that Todd Dunning's personal conduct as a registered eBay user under the User Agreement had anything to do with the alleged scheme of "cookie stuffing."

---

[4] CJ is alleged to be eBay's conduit and agent for the payment of commissions under the AMP. CJ attached to its Second Amended Complaint in the California state court action a Publisher Service Agreement that it alleges to be the operative document for KFC to participate in the eBay AMP. *See,* Request for Judicial Notice*,* Exhibit 1 thereto. This document does not provide for jurisdiction or venue in this federal court. Similarly, eBay's Supplemental Terms and Conditions that are purportedly incorporated into the Publisher Service Agreement and part of the AMP do not contain a venue provision as alleged in the FAC. See, Declaration of Stewart H. Foreman ¶¶ 4-6 and Exhibits 1-3.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}

7

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

The FAC alleges very clearly that purportedly improper commissions were paid to KFC as a result of contacts between eBay's computer and an Internet user's computer containing a "cookie" that identified KFC as an affiliate of the eBay AMP.  (FAC ¶ 27)  There are no allegations in the FAC that KFC used or accessed eBay's computer at any time or in any manner under the AMP.  There is no allegation that any conduct by KFC damaged eBay's computer system in any manner.  In fact, just the opposite would seem to be true since eBay admits many new users were brought to eBay by KFC's efforts.  In short, if "cookies" allegedly caused eBay to pay CJ more money than it should have for remittance to KFC, those "cookies" were on Internet users computers when those users voluntarily accessed eBay's computer to engage in a Revenue Action.  Even under eBay's FAC, the only real issue in dispute is whether KFC is entitled to be paid a commission for some or all of these new users.

2.      The Allegations about §1030 Fail to State Any Claim for Relief, and Must Be Dismissed.

eBay's first claim is based on a federal statute that makes it unlawful for a person to have unauthorized access to a computer or to intentionally cause damage to another's "protected" computer.  For the reasons described herein, the claim under the federal Computer Fraud and Abuse Act, 18 U.S.C. §1030 ("CFAA") must be dismissed.

Pursuant to 18 U.S.C. §1030(g), a civil claim under the statute is limited to violations of subsections (a)(5)(A) and (B) of the statute.  The elements of a civil claim under this subsection are: (1) intentional access to a protected computer as defined in subsection (e)(2)(B), or (2) transmission of a program, information, code or command to a protected computer, that (3) is unauthorized and (4) recklessly or intentionally causes damage to the computer of a nature described in subsection (a)(5)(B)(i).

eBay's pleading in the FAC does not satisfy these requirements, nor does the FAC allege specifically which provision of the CFAA eBay claims KFC violated giving rise to any civil liability.  There are no allegations that KFC accessed eBay's computer; in fact, the facts alleged by eBay are to the contrary and the FAC alleges that access occurred by other users.  All civil cases arises under the CFAA require "access" to the plaintiff's computer by the defendant as an element to be pleaded in a cause of action for violation of subsections (a)(5)(A)(ii) or (iii).  *International Airport Centers, LLC v.*

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

*Citrin,* 440 F.3d 418, 420 (7th Cir. 2005); *Four Seasons Hotels and Resorts B.V. et. al. v. Consorcio Barr, S.A.,* 267 F. Supp. 2d 1268, 1322 (S.D. Fl 2003) (criticized on other grounds by some courts)

There are no allegations that KFC "intentionally" damaged eBay's computer, which is a statutory pleading requirement to state a claim under the CFAA subsection (a)(5)(A)(i). *United States v. Mitra*, 405 F.3d 492, 493 (7th Cir. 2005); *B&B Microscopes v. Luigi Armogida, 532 F. Supp. 2d 744, 758 (WD Pa 2007); America Online, Inc. v. National Health Care Discount, Inc.* 121 F. Supp. 2d 1255, 1274 (N.D. Iowa 2000).

"Damage" is defined at subsection (e)(8) as "any impairment to the integrity or availability of data, a program, a system, or information." There must also be "loss" aggregating at least $5000 in value during a one year period to claim a civil violation of subsections (a)(5)(A)(i), (ii) or (iii). 18 U.S.C. §1030(a)(5)(B)(i) Damage is recognized under the statute to include "non-availability" of the computer system as in the *Mitra* case, "congestion" as in the *Four Seasons Hotels* case, impairment of availability or diminished capacity of the system as in the *America Online* case, or deletion of data as in the *Citrin* and *B&B Microscopes* cases. eBay's FAC fails to plead any damage or loss required to state a claim under the CFAA.

Instead, the allegation that Internet users had "cookies" on their computers placed by eBay that improperly identified KFC as the affiliate who directed the Internet customer to eBay to become a new registered user does not satisfy either the "access" or "intentional damage" pleading requirements of the CFAA. The Internet user who accessed eBay's computer to register and purchase was clearly authorized, if not encouraged, by eBay. eBay's computers were not alleged to be damaged in any manner by that registration or the Revenue Action taken by the customer. eBay obviously benefited from the Revenue Action. The Revenue Action that the Internet user voluntarily took in turn generated a commission for KFC paid by eBay to CJ, for remittance to KFC. If any of the commissions prove to be unearned by KFC as alleged in the FAC, eBay's claim is simply that KFC did not properly earn commissions it received as the procuring cause of the newly registered eBay customers.

Such a general business damage claim alone as assert in the FAC does not satisfy the requirements of the CFAA. CFAA subsection (a)(5)(B)(i) allows civil recovery of one year of "loss"

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

"aggregating at least $5000 in value." CFAA (e)(11) defines "loss" as "the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." In *Cenveo Corporation v. CelumSolutions Software GMBH & Co KG,* 504 F. Supp. 2d 574 (Minn. 2007), a former employee accessed the plaintiff's computer to obtain confidential information, pricing data, and other computer programs for use in a competitive manner. Plaintiff sought recovery only of its "loss of business due to defendant's use of proprietary information," but the Court held that such alleged damages by themselves were not included in the CFAA definition of "loss." *Id.* at 581 and n.6. See, also, *Nexans Wires S.A. v. Sark-USA, Inc.* 319 F. Supp. 2d 468, 477-478 (S.D.N.Y. 2004) Similarly, the complaint was dismissed in *Civic Center Motors, Ltd. v. Mason Street Import Cars, Ltd.* 387 F. Supp. 2d 378 (S.D.N.Y 2005) for failure to state a claim under the CFAA in a misappropriation of trade secrets case because the alleged damages of lost profits from the unfair competition are not compensable by themselves under the statute. *Id.* at 382 The Court said that "costs not related to computer impairment or computer damages are not compensable under the CFAA." *Id.* eBay has not alleged any damages related to its computer network or impairment of that system; it has only alleged that it paid more commissions to KFC than it should have. Such allegations of damage alone do not state a valid claim under CFAA.

In *In Re Doubleclick Inc. Privacy Litigation,* 154 F. Supp. 2d 497, 523 (S.D. NY 2001) the Court said: "Thus, it is clear that plaintiff's alleged injuries, whether described as 'damage' or 'loss,' are subject to §1030(e)(8)(A)'s $5,000 threshold." In the *Doubleclick* case the Court also said with regard to Section 1030(a)(2)(C) "it is apparent that the definition of a prohibited act turns on a perpetrator's access to a particular computer." The Court observed that plaintiffs in the *Doubleclick* case have not pleaded "any damage whatsoever to plaintiff's computers, systems or data that would require economic remedy" as a result of the cookies placed on their computers by *Doubleclick.* "Thus, these remedial economic losses are insignificant if, indeed, they exist at all." *Id.* at 525. "Therefore it appears to us that plaintiffs have failed to state any facts that could support a finding of economic loss from *Doubleclick's* alleged violation of the CFAA." *Id.* at 525. Accordingly, the Court dismissed the plaintiff's claim under the CFAA. The Court dismissed all other federal claims from plaintiffs'

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  complaint and declined "to exercise supplemental jurisdiction over plaintiffs' state law claims."  The

2  entire complaint was therefore dismissed.  *Id.* at 526.

3  eBay's failure to plead in the FAC improper "access," or the requisite "intentional damage"

4  and "loss," requires dismissal of the CFAA claim.

5  ### 3.  eBay's Penal Code §502 Claim Must be Dismissed

6  California Penal Code §502(c) has pleading requirements similar to the CFAA relating to

7  defendants' alleged unauthorized access and damage to the computer.  The California statute contains

8  nine subsections with varying standards to allege a violation.  The FAC, again, fails to specify the

9  subsection under which Plaintiff seeks to state a claim under the California statute.  (FAC ¶ 63)  The

10  best guess, however, is that the FAC intends to plead a claim for violation of §502(c)(1)[5].  (FAC ¶ 61)

11  There are three elements required to state a claim under this section: (1) defendant's knowing access to

12  a computer system, and (2) defendant acts without permission to alter, damage, delete, destroy or

13  otherwise uses data from such access, and (3) the conduct under the second element was for the

14  purpose of devising or executing a scheme or artifice to defraud, deceive, or extort, or for the purpose

15  of wrongfully controlling or obtaining money, property or data.  *People v. Tillotson*, 157 Cal. App. 4th

16  517, 538 (2007).  Regardless of the precise subsection, however, every subsection of Section 502

17  requires as a predicate act the unauthorized access to plaintiff's computer system by the defendant.

18  For the reasons discussed regarding CFAA, eBay has not pleaded that KFC accessed eBay's computer

19  system or that KFC did any other acts required to state a claim under Section 502.  eBay alleges only

20  Internet users made contact to eBay's computer and that the "cookies" identified KFC as the affiliate

21  entitled to a commission under the AMP.  Therefore, eBay has failed to state a claim under California

22  Penal Code §502(c) and the fourth claim should be dismissed[6].

---

[5] If eBay claims in its opposition that the FAC is based on a different subsection of this statute, then the Court should grant the motion to dismiss to require eBay to meet the minimum notice pleading standards of the Federal Rules so that DEI is aware of the claims against it.

[6] Although a plaintiff is typically provided an opportunity to amend its complaint after a motion to dismiss for failure to state a claim is granted, such latitude is not appropriate with respect to eBay's claims under the CFAA or section 502. eBay has unequivocally pleaded that Internet users, and not DEI or KFC, accessed its computer and eBay has acknowledged that no damage occurred to its computers. These facts bar a claim under these statutes. eBay cannot alter its pleadings after this motion to allege that DEI or KFC, instead of the Internet users, accessed eBay's computers, or that eBay's computers were damaged in any manner.

11

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

C.     The RICO Claim Should be Dismissed

Since the Court should dismiss the federal CFAA and the California Penal Code §502 claims brought by eBay, the FAC's RICO claim provides the only possible basis for federal question jurisdiction; the remaining claims are for common law fraud and similar state law matters.  The RICO claim should be dismissed by the Court when the only remaining claims are common law fraud and unfair competition.  "[C]ivil RICO liability is 'reserved . . . for 'ongoing unlawful activities whose scope and persistence pose a special threat to social well-being.'"  *SecureInfo Corporation v. Telos Corporation*, 387 F. Supp. 2d 593, 614 (E.D. Va. 2005) (citing, *Al-Abood v. El-Sharmari* 217 F.3d 225, 238 (4th Cir. 2000) and *Menasco, Inc. v. Wasserman,* 886 F.2d 681, 684 (4th Cir. 1989))  The Court in the *SecureInfo* case observed that "RICO claims are not to be used for 'garden-variety fraud claims better prosecuted under state law,' but rather for 'cases involving a more serious scope of activity.'"  *Id.*

The claims for relief alleged in the *SecureInfo* case are remarkably similar to the FAC filed by eBay.  In that case plaintiff sued under the CFAA for unauthorized access to computers, RICO, state law fraud, Copyright violations, and tortuous interference.  On a motion to dismiss, the Court dismissed the CFAA claim because the defendants did not access a computer without authorization or in excess of authorized access as required to state a claim under the statute.  *Id.* at 608  Although the Court allowed the Copyright claim under federal law to proceed, the Court nevertheless dismissed the RICO claim after carefully discussing the "predicate acts" and "pattern" requirements of RICO.  The Court held that plaintiff's complaint:

> does not state a claim for violation of RICO because the factual allegations do not meet the requirements for a 'pattern of racketeering activity. . . Instead, Plaintiff's claim is one for 'garden-variety fraud', and Plaintiff does not properly allege continuity. Plaintiff's alleged facts do not establish 'past conduct that by its nature projects into the future with a threat of repetition.' *Id.* at 615

Just as in the FAC, where eBay is the only "victim" of KFC's alleged scheme to obtain commissions that were not properly earned, the Court in *SecureInfo* observed that the plaintiff's allegations established only that the "RICO defendants sought to fraudulently induce one victim, SecureInfo . . . for a narrow and specific purpose . . . [A] pattern of racketeering activity was not established in cases

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}

12

like this one." *Id.* In essence, a RICO claim is to be dismissed where the alleged fraudulent activity involved a limited alleged fraudulent purpose, a relatively short duration, and a single alleged victim. These are exactly the characteristics of the RICO claim that eBay makes against KFC[7]. Just as in *SecureInfo*, the allegations in the FAC are "'not sufficiently outside the heartland of fraud cases to warrant RICO treatment' when the main predicate acts were mail and wire fraud . . . there was only one victim of the fraud and the alleged scheme was narrowly focused." *Id.*

In *Royce International Broadcasting Corporation v. Field,* 2000 U.S. Dist. LEXIS 2369 (N.D. Cal. 2000) (Judge Illston), the Court concluded that plaintiff had alleged nothing more than a single effort to induce Royce to enter into a contract with Entercom, and that in accordance with the Ninth Circuit's holding in *Medallion Television Enterprise v. SelecTV*, 833 F.2d 1360 (9th Cir. 1988) such allegations do not and cannot constitute the requisite 'pattern of racketeering activity' for RICO purposes.

> "Such allegations may state a claim for fraudulent inducement to enter a single contract, which is one of the claims plaintiff has asserted in the pending Sacramento County Superior Court Action. They do not, however, state a 'pattern of racketeering activity' for purposes of a RICO claim. *See, Medallion* 833 F.2d 1364 (when plaintiff alleged that defendant performed various acts towards the commission of 'a single fraudulent inducement to enter a contract,' no pattern of racketeering activity existed)." *Royce International Broadcasting*, *supra. Id* at *10.

In dismissing the RICO claim, the Court in *Royce International Broadcasting* case, cited the *Medallion* case and *Midwest Grinding Cove v. Spitz*, 976 F.2d 1061 (7th Cir. 1999). Judge Illston said that the *Medallion* case was based on a finding that where there is a single victim and a single fraudulent scheme the allegations do not support a pattern of racketeering activity. In commenting on the *Midwest Grinding* case, where there was one victim, one scheme and injury from business loss only, Judge Illston quoted from *the Midwest Grinding* case that the plaintiff's efforts were "trying to fit a square peg into a round hole by squeezing garden-variety business disputes into civil RICO

---

[7] The FAC alleges at ¶ 38 that KFC's conduct began "from at least December 2004." Yet eBay's agent for administering the AMP, CJ, alleges in its Second Amended Complaint that KFC started participating in the AMP months later in April 2005, and that the alleged "cookie stuffing" began two years later in April 2007. See, Request for Judicial Notice, Exhibit 1, Second Amended Complaint, ¶¶ 15 & 16. According to CJ, which tracked all of KFC's activity based on the Advertiser Service Agreements between CJ and eBay, KFC's alleged "cookie stuffing" apparently occurred only during a two-month period since KFC was terminated from the AMP in June 2007. While the Court cannot resolve these facts on this motion, it can consider these allegations in evaluating whether eBay has properly satisfied the pleading requirements related to a "racketeering pattern" and continuity" to state a RICO claim.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

actions." *Royce International Broadcasting, supra* at *11  On this basis the Court dismissed the RICO claim in *Royce International.*

In *McColm v. Restoration Group, Inc.,* 2007 U.S. Dist. LEXUS 36478 (ED Cal. 2007) plaintiff filed a federal court action, "related to an agreement to clean and restore certain personal property following a fire at plaintiff's father's residence." *Id* at *3  The Court said that "after careful review of the complaint, the Court concludes that plaintiff has attempted, unsuccessfully, to conflate simple state law contract and fraud claims involving California residents into a federal RICO action.  More specifically, plaintiff has failed to allege criminal 'predicate acts' and 'continuity' required to establish a 'pattern of racketeering activity.'"  *Id* at *15-16  "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this [continuity] requirement. *Turner v. Cook*, 362 F.3d 1219, 1230, (9th Cir. 2004)."  "Here, plaintiff's allegations concern events arising from a single contract, and plaintiff's dissatisfaction with defendant's services performed (or not) thereunder.  These events occurred over an eight to nine-month period, and culminated in defendants filing of a foreclosure action in State Court."  *Id* at *13  "Here, plaintiff makes no allegation that defendants have engaged or will engage in misconduct similar to that alleged with regard to her contract." *Id* at *23  The Court concluded that the plaintiff failed to state a claim under RICO and that an amendment would be futile.  Since only state law claims remained in the complaint, the entire complaint was dismissed.  For these same reasons, that eBay is the sole alleged victim, the alleged conduct occurred over a relatively short period of time, and there are no allegations of continued risk of misconduct by DEI, eBay's RICO claim should be dismissed for failure to state a claim on which relief may be granted.[8]

---

[8] eBay's pleading of a RICO claim also is inadequate under Fed. R. of Civ. Proc. 9(b).  "The particularity requirements of Rule 9(b) apply to a RICO claim . . .  Absent a statement of the date, time, and place of the alleged wrongful conduct, a RICO claim is not adequately pled." *May v. United States Chamber of Commerce*, 1996 U.S. Dist. LEXIS 3136, *4 (N.D. Ca. 1996) (Judge Smith).  Such specificity should be required in the FAC since eBay claims that only a portion of the new users generated by KFC's conduct were not commissionable.  As a basis matter of pleading specificity required by Rule 9(b), KFC is entitled to know from the beginning of this case which and how many alleged users were not attributable to KFC or at least how they are to be identified under eBay's theories.  The FAC fails to meet this pleading standard also.

D.    Without A Valid Federal Question there is No Jurisdiction in this Court and this Lawsuit Should be Dismissed.

eBay has the burden to establish this Court's jurisdiction based on its allegation of a Federal question. *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004)  Although the allegations of the FAC here must be taken as true for purposes of a 12(b)(1) motion, those allegations do not establish jurisdiction in the Court.  Because there is no valid federal claim pled under RICO or 18 U.S.C. §1030, there is no federal question jurisdiction. Nor is the doctrine of supplemental jurisdiction available to solve eBay's problem. The provisions of 28 U.S.C. §1367(a) allow that in "any civil action of which the district courts have original jurisdiction," federal jurisdiction can exist over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…."  But the party invoking federal jurisdiction always bears the burden of establishing subject-matter jurisdiction.  Here, eBay has failed to meet this burden, and there is no basis on which to exercise even supplemental jurisdiction over any of its claims.

E.    Venue in This Court is Improper.

Venue in this Court is improper, and this action should therefore be dismissed consistent with Federal Rule of Civil Procedure 12(b)(3), or alternatively transferred to the proper Court in accordance with 28 U.S.C. §1404.  Plaintiff has alleged two separate basis for venue, and neither is sufficient to support venue in this Court.

1.    There is No Statutory Basis for Venue in This Judicial District.

First, eBay alleges that venue is proper pursuant to 28 U.S.C. §§1391(b)(1) and (2), and 1391(c). Section 1391(b)(1) specifies that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same state." There is no allegation in the FAC that any defendant resides in the Northern District; in fact, no defendant resides in this judicial district, as eBay well knows, which is why it fails to plead such an allegation.  Instead, eBay makes a minimal pleading that the defendants do business in California, but this is insufficient and only begs the question under Section 1391(b)(1).

Section 1391(b)(2) specifies that venue may be laid where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property … is situated…."

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}

15

Based on the allegations of the FAC, nothing supports the contention that a "substantial" part of the events on which the claim is based occurred in the Northern District. Although eBay is located in this district, the allegations of the FAC assert that defendants caused "cookies" to be placed by eBay on computers used by Internet customers nationwide and that when these customers then contacted eBay, a commission was generated for KFC. There is nothing about defendants' purported activities that involve this judicial district. Similarly, there is no "property" that is at issue in this lawsuit that exists in the Northern District; the users' computers, based on eBay's pleading, are located anywhere. The only thing that exists in this district related to the FAC is eBay's corporate headquarters, but that fact alone does not create proper venue.

Finally, section 1391(c) specifies that a "defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced…." To establish venue under 1391(c) a plaintiff must allege the same "minimum contacts" with the forum that would separately support personal jurisdiction over a defendant. *Cybersell, Inc. v. Cybersell, Inc.,* 130 F. 3d 414, 419 (9th Cir. 1997) (nature and quality of commercial activity that entity conducts over the Internet is determinative of the exercise of personal jurisdiction over that entity). These defendants are not alleged to conduct any particular Internet activity in this judicial district; defendants' alleged activities involve some kind of improper conduct causing "cookie" placement on potential eBay Internet customers' computers who have no geographical boundary or limit. The corporate defendant, DEI, is only one of two owners of the business known as KFC that did business with eBay under the AMP.

2.    There is No Contractual Basis for Venue in This Judicial District.

Plaintiff alleges a second, separate basis for venue, based on a vague reference to an unidentified "forum selection" clause allegedly contained in a User Agreement. eBay alleges: "Pursuant to the User Agreement entered into by Defendants… as discussed, *infra*, they have consented to the jurisdiction of and venue in the Northern District of California." (FAC ¶ 16). The deficiencies of this venue pleading are nearly unlimited. First, the purported "User Agreement" is not attached to the FAC, nor is the applicable language of that agreement even alleged or quoted. While plaintiff refers to certain of its other terms in the FAC, no specifics are provided about the alleged

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

forum selection clause. (FAC ¶ 35) Consequently, based on eBay's pleading, this Court has no ability to consider or analyze the alleged basis for venue in this Court. Contract law analysis controls the scope and effect of a forum selection clause; without the actual language, it is impossible to determine how such a clause should be interpreted. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F. 2d 509, 514 (9th Cir. 1988); see also, *Docksider Ltd., v. Sea Technology, Ltd.*, 875 F 2d 762, 769 (9th Cir. 1989) (whether a forum selection clause is mandatory or optional is a matter of interpretation of the language of the agreement).

Second, the User Agreement is evidently a standard form of agreement between eBay and its public Internet customers – people who use eBay to buy and sell merchandise on the eBay website. *See,* Declaration of Stewart H. Foreman, ¶ 7 and Exhibit 4 thereto. The present dispute, based on eBay's own pleadings, does not involve standard customer use of eBay's website. Rather, the FAC purports to involve "eBay's Affiliate Marketing Program [which] is designed to increase traffic to eBay's website through the placement of advertisements for eBay on third-party websites." (FAC ¶ 19) The User Agreement is completely unrelated to the AMP, and eBay does not allege any relationship between the two. eBay has not alleged that any of the agreements that form any part of the AMP purport to select or confer venue or jurisdiction, because they do not. *See*, Declaration of Stewart H. Foreman, ¶¶ 4-6 and Exhibits 1-3 thereto.

Finally, eBay alleges simply that the User Agreement was executed by the three individual defendants, and not by any corporate defendant. Accordingly, the corporate defendants cannot be bound by the provisions of the User Agreement, so any purported enforceable forum selection clause, if it existed, is not applicable to those defendants.

In a 12(b)(3) motion to dismiss for improper venue, the party asserting venue has the burden to make a prima facie showing that venue is proper. *Murphy v. Schneider National, Inc.*, 362 F. 3d 1133, 1138 (9th Cir. 2004). eBay has failed to make any showing whatsoever concerning venue, and the FAC should be dismissed. Alternatively, this Court should transfer this lawsuit pursuant to 28 U.S.C. §1404 to the proper forum, the Central District of California, where all defendants reside, and hence where venue is proper under section 1391(b)(1).

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

F.   The Court Should Abstain from Exercising Jurisdiction Over These Duplicative Claims.

The basis for the claims asserted by eBay in its FAC is substantially identical to the claims alleged and pending against these same defendants in the Orange County Superior Court.  In that action, eBay's agent, CJ, is suing these defendants and others to recover monies paid to them under the AMP, with eBay's full knowledge, consent and support.  *See*, Request for Judicial Notice, Exhibit 1, Second Amended Complaint, ¶¶ 18-20  Accordingly, even if jurisdiction and venue in this Court are proper, the Court should exercise its discretion by refraining from taking jurisdiction, and abstain from hearing this lawsuit.  As discussed above, eBay's claims are based on the same facts, and seek the overlapping money damages, that eBay's agent CJ is pursuing against most of these same defendants in the Orange County Superior Court.  In the event that eBay is able to state a valid claim under one of the federal statutes it identifies, jurisdiction is not exclusive, and the Superior Court can hear any of the valid federal law based claims in the FAC.  *M&A Gabaee v. Community Redevelop. Agency of City of Los Angeles* 419 F.3d 1036, 1039 (9th Cir. 2005).

eBay can intervene in the Sate Court proceeding that has been pending for over one year, or it can file a separate lawsuit which could be consolidated with the CJ case.  See, e.g., *Delta Dental Plan of CA v. Mendoza* 139 F.3d 1289, 1298 (9th Cir. 1988)  Only minimal discovery has been completed in the CJ case.  The burden is on eBay, moreover, to demonstrate that it is prevented from pursuing its federal claims in the Orange County Superior Court.  *Labbos v. Sup Ct.* 883 F.2d 810, 815 (9th Cir. 1989).  There are obvious dangers of conflicting or inconsistent rulings or awards.  Most significant, however, is the potential conflict between this Court and the State Court from any determination of liability or damages sought against the Defendants.   Defendants should not have to risk being exonerated for violating eBay's AMP in one case, but liable for the same conduct in the other case. Defendants are at risk for what is in effect double liability to a principal and its agent for liability and damages based on the same facts and circumstances by allowing these cases to proceed separately in State and Federal Courts.  Such a result could effectively frustrate the State Court's rulings, and "frustrate the State's interest in administering its judicial system…"  *Gilberton v. Albright* 381 F. 3d 965, 980 (9th Cir. 2004) .  See , also, *American Int'l Underwriters v. Continental Ins. Co.,* 843 F. 3d

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b) BY DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC. ;AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV-08-4052 JF
{00121275-1}

18

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1253, 1258 (9th Cir 1988). Consequently, even if the Court determines that it has jurisdiction over this action, it should stay this proceeding so that the pending State Court action can proceed without disruption.

## IV. CONCLUSION

The Court should grant the motion to dismiss the CFAA, Penal Code §502, and the RICO claims for failure to state claims on which relief can be granted. The remaining claims must then be dismissed because this Court would have no basis for federal jurisdiction, or the reasonable exercise of supplemental jurisdiction. Even if these claims are not dismissed, this district is not the proper venue for this complaint. The Court should dismiss this action for improper venue, or transfer the case to the U.S. District Court for the Central District of California.

Dated: October 27, 2008

FREELAND COOPER & FOREMAN LLP

By: _____/s/_____

Stewart H. Foreman
Attorneys for Defendants Todd Dunning,
Dunning Enterprise, Inc.