# EXHIBIT 20



1  STEWART H. FOREMAN (CSB #61149)
   foreman@freelandlaw.com
2  DANIEL T. BERNHARD (CSB #104229)
   bernhard@freelandlaw.com
3  FREELAND COOPER & FOREMAN LLP
   150 Spear Street, Suite 1800
4  San Francisco, California 94105
   Telephone:   (415) 541-0200
5  Facsimile:   (415) 495-4332

6  Attorneys for Defendants
   KESSLER'S FLYING CIRCUS,
7  and TODD DUNNING

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

| COMMISSION JUNCTION, INC. | CASE NO.: LC078804 |
|---|---|
| Plaintiff, | Assigned for All Purposes to the Honorable Bert Glennon (Department T) |
| v. | **NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO ORANGE COUNTY (CCP §396b(a)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF COUNSEL IN SUPPORT** |
| KESSLER'S FLYING CIRCUS; TODD DUNNING; BRIAN DUNNING; and DOES 1 through 50, inclusive, | |
| Defendants. | |
| | DATE:    December 11, 2007<br>TIME:    8:30 a.m.<br>DEPT:    T |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, on December 11, 2007, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department T of the above-entitled Court, located in the Northwest District at Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, California 91401, defendants KESSLER'S FLYING CIRCUS and TODD DUNNING ("Defendants") will, and hereby do, move for an Order transferring venue of this action from Los Angeles County to Orange County, in accordance with Code of Civil Procedure § 396b.

1

This motion is brought on the grounds that all defendants reside in Orange County, and that venue is therefore proper in Orange County pursuant to Code of Civil Procedure § 395; no acts, events or other factors otherwise permit the trial of this action in Los Angeles County.

The motion is based on this Notice of Motion, including the Memorandum of Points and Authorities, and the Declaration of Daniel T. Bernhard; the Declaration of Todd Dunning in support of the motion; as well as the pleadings, documents and records on file in this action, and such other and further written or oral materials, evidence or arguments as may be submitted to the Court prior to or at the hearing on this motion.

Dated: October 25, 2007

Respectfully Submitted,

FREELAND COOPER & FOREMAN LLP

By: _____
DANIEL T. BERNHARD
Attorneys for Defendants
KESSLER'S FLYING CIRCUS
and TODD DUNNING

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants' Kessler's Flying Circus ("Kessler's") and Todd Dunning submit the following memorandum of points and authorities in support of their motion to change venue of this action pursuant to section 396b(a) of the Code of Civil procedure:

### I. INTRODUCTION

This lawsuit is filed in the wrong court. All defendants reside in Orange County, and none of the business activities that pertain to any claim or issue in this action, nor any of the alleged wrongdoing, occurred in Los Angeles. Moreover, the contract in dispute was entered into in Orange County, was intended to be performed there, and was in fact performed in Orange County. All payments made by plaintiff Commission Junction to defendants, which are a basis for this action, were made to defendants in Orange County.

It appears that the sole basis for filing this action in this Court was plaintiff's convenience, or defendants' inconvenience, because it is undisputed that Commission Junction's headquarters is located in Santa Barbara. Section 396b of the Code of Civil Procedure requires the transfer of this lawsuit to Orange County.

### II. FACTUAL BACKGROUND

Kessler's is a web-based business: it receives a commission when shoppers click on an EBay link appearing on various websites. Plaintiff Commission Junction tracks this Internet activity and pays Kessler's, and other similar businesses, on behalf of EBay. This action is based on alleged breach of contract, conversion, unfair competition and common counts arising from Commission Junction's form agreement with Kessler's to manage and make payments to it for defendants' Internet activity.

The unverified Complaint herein specifically alleges that plaintiff is "informed and believes that at all times relevant herein defendant Kessler's Flying Circus...[was] doing business in the State of California and the County of Los Angeles." (Complaint, ¶2). The unverified Complaint further alleges that defendants Todd Dunning and Brian Dunning were also doing business in the County of Los Angeles. (Complaint, ¶¶3 and 4).

In fact, Kessler's does not transact any business in Los Angeles County as a normal part of its normal business activities. Defendant Todd Dunning also conducts no business in Los Angeles

County in connection with his duties and obligations with Kessler's. Kessler's business is conducted in part from the home of Todd Dunning and in part from the home of his brother defendant Brian Dunning. (Declaration of Todd Dunning, ¶¶ 2 and 3.) Kessler's has no other place of business or location. It is undisputed that Todd Dunning is a full-time resident of Orange County, and has been at all times relevant to this action. Brian Dunning also resides full time in Orange County, and has at all times relevant to this action. (Dunning Decl., ¶ 3.)

The agreement that plaintiff bases this lawsuit on is a simple form agreement that appears on the Commission Junction website, and which any party "accepts" by clicking on the "agree" button on-line. (Dunning Decl., ¶ 6.) As all of Kessler's business activities are conducted in Orange County, and it has no business activities located elsewhere, the form agreement was "accepted " by Kessler's at its location in Orange County. (Dunning Decl., ¶ 6.)

It is also undisputed that Commission Junction's headquarters is located in Santa Barbara, California. All of Kessler's direct contacts with Commission Junction occurred at this headquarters; Kessler's had no contact with any office or personnel in Los Angeles County. (Dunning Decl., ¶¶ 5 and 7.)

## III.   LEGAL ARGUMENT

Where an action has been filed in the wrong court, as here, a defendant is entitled, pursuant to section 396b(a), to obtain the court's order transferring the action to the proper court. Such relief is mandatory upon establishing that the court in which the case was originally filed is the wrong court.

In a motion to transfer venue, the moving party bears the burden of proof to establish that venue is improperly laid by the complaint. "The burden of proof to negate proper venue in the county where the action is commenced is upon the party seeking to change venue. The prima facie presumption that plaintiff has selected the proper venue must be overcome by the moving party." *Mitchell v. Superior Court*, 186 Cal. App. 3d 1040, 1046 (1986).

Here, the undisputed evidence is that all defendants reside in Orange County. Defendants have no formal contacts with Los Angeles County relevant to anything in this lawsuit, and nothing that establishes venue in this forum. All of defendants' business activities are based in Orange County, and none in Los Angeles. This is not, therefore, a "mixed action" in which two or more defendants or two

or more causes of action are subject to different venue rules. See, e.g. *Brown v. Superior Court*, 37 Cal. 3d 477, 488 (1984)(in mixed cases, a motion to change venue must be granted on the entire complaint if defendant is entitled to a change of venue on any one cause of action). Even in such cases, a defendant retains the ability to determine venue; the result is the same here.

**A.    Venue for the Individual Defendants is Proper in Orange County**

Section 395(a) of the Code of Civil Procedure provides, in relevant part, that " ... the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action." It is undisputed that each of the individual defendants resides in Orange County, California, and have at all times relevant to this lawsuit. Accordingly, venue is proper as to each of the individual defendants in Orange County, and not in Los Angeles County.

An individual defendant is entitled to set venue regardless of corporate defendants. Individual defendants can compel venue in the county in which they reside even if venue in a different county is proper were the corporate defendant only were sued. *Brown v. Superior Court*, 37 Cal. 3d 477, 482 (1984)("an individual defendant has the right to change venue to the county of his or her residence" when the action is filed in a county where no defendant resides.) Accordingly, regardless of Kessler's residency, the individual defendants are entitled to compel venue in Orange County.

**B.    Venue for Kessler's is Proper Only in Orange County**

Section 395.5 of the Code of Civil Procedure provides that:

> A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases.

See, also, *Karson Industries, Inc. v. Superior Court*, 273 Cal. App. 2d 7 (1969) ("In California there are five potential counties of proper venue for contract actions against a corporation: (1) where the contract is made; (2) where the contract is to be performed; (3) where the obligation or liability arises; (4) where the breach occurs; (5) where the principal place of business of such corporation is situated.") Each of these five factors, as discussed below, conclusively establishes that venue is proper in Orange County, and is not proper in Los Angeles County.

5
NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO ORANGE COUNTY
CASE NO. LC078804
{00112518-1}

As a preliminary matter, section 395.5 does not apply to unincorporated entities such as Kessler's. Kessler's is a dba for Todd Dunning and his brother's company. Accordingly, section 395.5 does not determine venue for Kessler's here. See, *La Mirada Community Hospital v. Superior Court*, 249 Cal. App. 2d 39 (1967).

Assuming, however, that section 395.5 applies to Kessler's, that statutory scheme still requires a transfer of venue to Orange County, based on the following established facts.

### 1. The Contract was Made in Orange County

The agreement entered into between the parties is posted on the Commission Junction website, and a party simply clicks on an "agree" button to proceed. That is precisely what Kessler's did here. (Dunning Decl., ¶ 6). There is no actual written agreement signed by any party. The only address given on the form agreement is Commission Junction's Santa Barbara headquarters. The Complaint is silent on where the agreement was allegedly made, and no copy of the agreement is even attached.

It is well-settled that the location where a contract is accepted is the location where it is made or entered into. "The last act necessary to the validity of a contract, usually the act constituting acceptance, is the place of its making." See, *Jhirmack Enterprises, Inc. v. Superior Court*, 96 Cal. App. 3d 715, 723 (1979). Kessler's had no business activities in Los Angeles. (Dunning Decl., ¶8).

### 2. The Contract Was Performed in Orange County

Again, the unverified Complaint itself is silent as to where the contract was to be performed. The facts, however, demonstrate that performance was to take place entirely in Orange County. First, all of Kessler's web activities that pertain to the contract are created, managed or conducted in Orange County, in the home residences of one or both of the individual defendants. To the extent that any "performance" is required from Commission Junction, it is tracking the EBay Internet activity that uses Kessler's link. Whether that work is performed by Commission Injunction at its Santa Barbara headquarters or in some other location (or in several locations) is unknown, but it is not relevant in any case. The location used by plaintiff for its internal operations cannot create the basis for venue.

The more tangible performance, however, is the actual payment to Kessler's by Commission Junction of the commissions earned. Those commission payments were made by Commission

Junction to Kessler's through direct deposit into Kessler's bank account located in Laguna Niguel, Orange County, California. (Dunning Decl., ¶7).

### 3. The Alleged Liability Arises in Orange County

The Complaint alleges in several of the common counts that defendants are indebted to plaintiff "for goods and services furnished to defendants..." Complaint, ¶26. Assuming that any such were furnished to defendants, it would have had to have been at defendants only place of business, in Orange County. Plaintiff alleges that it is entitled to return of funds delivered to defendants; such funds were monies delivered to defendants by direct deposit into Kessler's business account located in San Clemente, Orange.

Plaintiff also alleges that defendants are liable to it for unfair competition by, *inter alia*, inflating website traffic and "infringing on other's proprietary rights." Complaint, ¶ 33. Again, any such activities would have, again been performed by defendants in Orange County.

### 4. Any Alleged Breach Arises in Orange County

The breach of the agreement, as alleged in the Complaint, is Kessler's purported manipulation of certain "cookies" to obtain improper payments; again, such activity would occur at Kessler's only place of business activity, which is in Orange County.

Accordingly, based on the Complaint herein, the alleged contract breach occurred in Orange County as a consequence of particular alleged activities by defendants.

### 5. Kessler's Principal Place of Business is Orange County

All of the evidence demonstrates that Kessler's principal, indeed only, place of business is in Orange County. It had, and has, no other formal business operations of any type at any other location.

### C. Defendants are Entitled to Their Reasonable Attorneys Fees

Section 396b provides for a prevailing party's recovery of its reasonable attorneys fees in bringing a motion to transfer venue, at the discretion of the Court. Defendants' effort to obtain plaintiff's agreement to a voluntary transfer of venue was rejected.[1] Defendants will have incurred

---

[1] Plaintiff has indicated that it relies on a venue selection provision, which is not before the Court. Such provisions, however, are against public policy and invalid. See, e.g., *Alexander v. Superior Court*, 114 Cal. App. 4th 723 (2003).

1  reasonable attorneys fees in an amount of not less than $4200 in connection with the preparation and
2  hearing of this motion.

## IV. CONCLUSION

For the foregoing reasons, venue in this action should be changed from this court to the California Superior Court in and for Orange County.

Dated: October 25, 2007

Respectfully Submitted,

FREELAND COOPER & FOREMAN LLP

By: _____
DANIEL T. BERNHARD
Attorneys for Defendants
KESSLER'S FLYING CIRCUS and
TODD DUNNING

8

NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO ORANGE COUNTY
CASE NO. LC078804
{00112518-1}

# DECLARATION

I, Daniel T. Bernhard,

1. I am an attorney licensed to practice before the Courts of the State of California, and am a member of the law firm of Freeland Cooper & Foreman LLP, attorneys of record in this action for defendants Kessler's Flying Circus and Todd Dunning.

2. Attached hereto as Exhibit A is a true and correct copy of a page printed from the Commission Junction website designating the location for its headquarters as Santa Barbara, California. I obtained this information within the last week.

3. I contacted plaintiff's counsel approximately 10 days ago and requested that plaintiff voluntarily agree to transfer venue to the Orange County Superior Court. This proposal was rejected.

4. I have expended not less than five hours researching and preparing this Motion To Transfer Venue. I expect to expend not less than one hour preparing a Reply to Plaintiff's Opposition, if any, and not less than six hours traveling to and from Los Angeles to appear at the hearing on this Motion. My standard billing rate is $350 per hour. Accordingly, my client will incur not less that $4,200 in legal fees plus additional expenses in connection with this Motion.

I declare under penalty of perjury that the foregoing is true and correct.
Executed October 25, 2007 at San Francisco, California.

DANIEL T. BERNHARD


 

## ABOUT US > CONTACT US

Commission Junction has experts around the world to help you meet your affiliate and search marketing needs. Contact one of our offices today!

### CLIENT CONTACT INFORMATION

If you are a client of the Commission Junction network and need assistance, please log in to your account. Then use the Contact Us link in the upper right side of the CJ Account Manager™ to search the help contents, or ask client services a question.

### GENERAL CONTACT INFORMATION

Have a press question or need help? Click here.

### COMMISSION JUNCTION OFFICES

**US Headquarters**
Commission Junction
530 East Montecito Street
Santa Barbara, CA 93103
United States
Phone: 800-761-1072
International: 805-730-8000
Fax: 805-730-8001

**London**
Commission Junction
Oxford House
182 Upper Richmond Road
London
SW15 2SH
United Kingdom
Phone: +44 (0)20 8785 5870

**Paris**
ValueClick France
4 rue du Faubourg Montmartre
75009
France
Phone : +33 (0)1 46 51 40 71
Fax : +33 (0)1 46 51 47 71

**Marlborough, MA**
Commission Junction
377 Simarano Drive, Suite 200
Marlborough, MA 01752
United States
Phone: 508-480-4000
Fax: 508-357-8889

**München**
ValueClick Deutschland GmbH
Hauptstrasse 1, 82008 Unterhaching/ München
Deutschland
Phone: +49 (0)89 66547930
Fax: +49 (0)89 66547910

**Stockholm**
ValueClick Sweden
Karlbergsvägen 77
SE-113 35 Stockholm
Sweden
Phone: +46 (0)8 562 10 350
Fax: +46 (0)8 562 10 360

### VALUECLICK, INC. HEADQUARTERS

**ValueClick, Inc.**
30699 Russell Ranch Road
Suite 250
Westlake Village, CA 91362
United States
Phone: 818-575-4500
Fax: 818-575-4501



EXHIBIT A

# CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen and not a party to the within action; my business address is 150 Spear Street, Suite 1800, San Francisco, California 94105.

On October 25, 2007, I served the following documents described as follows:

**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO ORANGE COUNTY (CCP §396b(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF COUNSEL IN SUPPORT**

by placing a true and correct copy thereof enclosed in a sealed envelope addressed to the party of record whose name and address appear below:

Phil J. Montoya, Jr., Esq.
John H. Ernster, Esq.
Ernster Law Offices, P.C.
70 South Lake Avenue, Suite 750
Pasadena, CA 91101
Tel:    626/844-8800
Fax:   626/844-8944

Ronald Rus, Esq.
Rus Miliband & Smith
2600 Michaelson Drive, 7th Floor
Irvine, CA 92612
Tel:    949/752-7100
Fax:   949/252-1514

Scott P. Barlow, Esq.
General Counsel
4353 Park Terrace Drive
Westlake Village, CA 91361
Tel:    818/575-4500
Fax:   818/575-4505

__X__ [BY MAIL - CCP § 1013a] I caused such sealed envelope with postage thereon fully prepaid to be placed in the United States at San Francisco, California, for collection and mailing to the office of addressee on the date shown herein following ordinary business practice.

____ [BY FACSIMILE - CCP § 1013(e)] - I caused such document(s) to be transmitted via facsimile electronic equipment transmission on the party(ies), whose name(s), address(es) and fax number(s) are listed above, on the date stated herein and at the time set forth on the attached transmission reported indicating that the facsimile transmission was complete and without error.

____ [BY FEDERAL EXPRESS (Overnight Delivery) - CCP § 1013(c)] I caused such envelope to be delivered to the Federal Express Office in San Francisco, California, with whom we have a direct billing account, to be delivered on the next business day.

__X__ [STATE] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 25, 2007, at San Francisco, California.

Rose Jones-Shine

CERTIFICATE OF SERVICE, Case No. LC078804

{00111855-1}

1