# EXHIBIT 25

Seyamack Kouretchian (State Bar No. 171741)
Seyamack@CoastLawGroup.com
Ross Campbell (State Bar No. 234827)
Rcampbell@Coast LawGroup.com
COAST LAW GROUP, LLP
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: (760) 942-8505
Fax: (760) 942-8515

Attorneys for Defendants, SHAWN HOGAN
and DIGITAL POINT SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and Does 1-20,<br><br>　　　　Defendants. | Case No. CV 08-04052 JF PVT<br><br>**DEFENDANTS DIGITAL POINT SOLUTIONS, INC. AND SHAWN HOGAN'S SUPPLEMENTAL INITIAL DISCLOSURES** |

Defendants DIGITAL POINT SOLUTIONS, INC. and SHAWN HOGAN ("Defendants") hereby provide the following supplemental initial disclosures, pursuant to Federal Rule of Civil Procedure, Rule 26:

### I. PRELIMINARY STATEMENT

Defendants' investigation related to this action has only recently commenced, and formal discovery has not yet begun. Accordingly, these disclosures are based only upon such information and documents presently available to and specifically known to Defendants. It is anticipated that discovery,

---

Defendants' Supplemental Initial Disclosures　　　　　1　　　　　Case No. CV 08-04052 JF PVT

independent investigation, legal research and analysis, will supply additional facts, add meaning to known facts, and establish new factual and legal conclusions. All such information may lead to substantial additions to, changes in, and/or variations in these responses.

Defendants do not, and do not intend to, waive the attorney-client privilege or application of the attorney work-product doctrine in providing these disclosures. The inadvertent disclosure of any information that is privileged, which constitutes attorney work product or that is otherwise exempt from discovery, shall not constitute a waiver of any privilege or applicable objection to the disclosure of such information or the subject matter thereof, or the information contained herein, or the right of Defendants to object to the use of any such information during subsequent proceedings in the above-entitled action.

These disclosures are made without waiver of any objections Defendants may have with respect to any subsequent attempted use of the disclosures and Defendants specifically reserve objections as to the competency, privilege, materiality and admissibility of any such materials disclosed herein, including without limitation, the right to object to the use of these disclosures in any subsequent proceedings in the above-entitled action or any other lawsuit, and the right to object on any and all proper grounds, at any time, to other discovery procedures relating to the disclosures herein. Defendants further reserve the right, at any time, upon proper showing, to review, correct, or clarify the following disclosures:

## II. DISCLOSURES

### 1. *Witnesses*

Defendants believe the following individuals may have discoverable information supporting its defenses in this action, and may be called to testify in support of such defenses.

- Alex Schultz, address and telephone number currently unknown. The subject of Mr. Schultz's testimony will relate to the operation of Plaintiff's affiliate marketing program and Defendants' defenses.

- Christine Kim, address and telephone number currently unknown. The subject of Ms. Kim's testimony will relate to the operation of Plaintiff's affiliate marketing program and Defendants' defenses.

- Present and past managers, representatives, employees of/related to Plaintiff's affiliate marketing program; addresses and telephone numbers currently unknown. The subject of the testimony of these witnesses will relate to the operation of Plaintiff's affiliate marketing program and Defendants' defenses.

- Benjamin Edelman, address and telephone number currently unknown. The subject of Mr. Edelman's testimony will relate to the operation of Plaintiff's affiliate marketing program and Defendants' defenses.

- Currently unidentified Pay Per Click Advertising representative/manager, address and telephone number currently unknown. The subject of the testimony will likely relate to the operation of Plaintiff's affiliate marketing program and Defendants' defenses.

- Margaret Whitman, address and telephone number currently unknown. The subject of Ms. Whitman's testimony will likely relate to the operation of Plaintiff's affiliate marketing program.

## 2. *Documents and Things*

Defendants may use the following documents, data compilations, and/or tangible things to support its defenses and/or counter-claims:

- Articles of Incorporation for Defendant Digital Point Solutions, Inc., dated May 14, 2007.
- Fictitious Business Name Statement filed by Defendant Shawn Hogan with the San Diego County Recorder for the name Digital Point Solutions, dated April 7, 1999.
- User/affiliate marketing program agreements and compliance reports in Plaintiff's possession.
- Email communications between Plaintiff and Shawn Hogan during the period in question, including any attachments thereto.
- Email communications between Commission Junction and Shawn Hogan during the

period in question, including any attachments thereto.

Defendants reserve the right to use additional documents and/or things identified during the course of discovery as well as the right to supplement the foregoing upon the return of all materials by authorities.

**3.   *Damages***

Defendants are not currently claiming damages in this action.

**4.   *Insurance***

Not applicable.

DATED: February 4, 2009                                  COAST LAW GROUP LLP

By: _____
Ross M. Campbell
Attorneys for Defendants, Shawn Hogan
and Digital Point Solutions, Inc.