Seyamack Kouretchian (State Bar No. 171741)
Seyamack@CoastLawGroup.com
Ross M. Campbell (State Bar No. 234827)
Rcampbell@CoastLawGroup.com
COAST LAW GROUP, LLP
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: (760) 942-8505
Fax: (760) 942-8515

Attorneys for Defendants, SHAWN HOGAN
and DIGITAL POINT SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EBAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and Does 1-20, <br><br> Defendants. | Case No. CV 08-04052 JF PVT <br><br> **DEFENDANTS DIGITAL POINT SOLUTIONS, INC. AND SHAWN HOGAN'S REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER** <br><br> Date: June 26, 2009 <br> Time: 9:00 a.m. <br> Dept.: Courtroom 3 |

## I. SUMMARY OF REPLY

As detailed in the DPS Defendants' moving papers, this action should be transferred to the Central District of California based on the forum selection clause set forth in the Commission Junction Publisher Service Agreement (PSA), the convenience of the parties and witnesses, and the interests of justice. In its opposition papers, Plaintiff contends that Plaintiff's choice of forum is "presumptively determinative." However, the deference normally afforded to the plaintiff's choice of forum does not apply in this case.

Indeed, while the courts are traditionally deferential to plaintiff's selected forum, such deference is entirely inappropriate in this case, as Plaintiff has already contractually chosen Los Angeles County as the exclusive venue for adjudicating affiliate-related disputes. Given the foregoing, Plaintiff has not satisfied its burden of persuading the Court that the PSA's designated forum is sufficiently inconvenient to justify retention of the dispute.

## II. ARGUMENT

### A. The Court Should Transfer this Action to the Central District of California.

As a preliminary matter, for the reasons set forth in the DPS Defendants' reply brief in support of their Motion to Dismiss, Plaintiff's attempts to circumvent the terms <u>of its *own* mandatory form agreements</u> should be rejected. Because Plaintiff is bound by the forum selection clause set forth in the PSA, *Plaintiff* bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute.' [Citation]." *Digital Envoy, Inc. v. Google, Inc.* (N.D. Ga. 2004) 319 F. Supp. 2d 1377, 1381.

Plaintiff simply has not satisfied its burden. Because the forum selection clause "is <u>determinative</u> of the convenience to <u>the parties</u>" (*Unisys Corp. v. Access Co.* (ND Cal. 2005) 2005 U.S. Dist. LEXIS 31897*,* 12), Plaintiff's claims regarding the convenience of the Northern District should be disregarded. Given the heavy weight afforded forum selection clauses, the private interest factors clearly favor transfer. Further, the parties concede that the public interest factors are largely neutral. Accordingly, the Court should exercise its discretion to transfer this action to the Central District of California.

### B. In the Alternative, the Court Should Dismiss this Action under the Doctrine of Forum Non Conveniens.

In *Murphy v. Schneider Nat'l, Inc*. (9th Cir. 2003) 362 F.3d 1133, the Ninth Circuit indicated that "a *forum non conveniens* motion, as opposed to a motion to transfer based on 28 U.S.C. § 1404(a), is appropriate" where enforcement of the forum selection clause at issue requires the parties to litigate in "state court, rather than in a federal court." *Id.* at 1143, fn. 5 (citing Arthur R. Miller, Federal Practice and Procedure, § 1352 (2d ed.) ("A federal court will resort to the pre-1948 motion to dismiss for *forum non conveniens* in those instances which the alternative forum is a state court . . . ."); *see also Kelly v. Kelly* (N.D.N.Y. 1996) 911 F. Supp. 70, 71 (district courts have discretion to raise issues of *forum non*

*convinens* on their own motions in the interests of justice). Here, to the extent the Court finds that the action cannot be transferred to the Central District, the DPS Defendants respectfully request that the action be dismissed under the doctrine of forum non conveniens.

### III. CONCLUSION

For the foregoing reasons, the DPS Defendants respectfully request that this action be transferred to the United States District Court for the Central District of California pursuant to §1404(a) or, in the alternative, dismissed under the doctrine of forum non conveniens.

DATED: June 12, 2009

s/Ross M. Campbell
COAST LAW GROUP, LLP
Attorneys for Defendants Shawn Hogan
and Digital Point Solutions, Inc.