Dockets.Justia.com

1

2 DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com

3 SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com

4 COLLEEN M. KENNEDY (S.B. #227107)
ckennedy@omm.com

5 O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor

6 San Francisco, CA 94111
Telephone: (415) 984-8700

7 Facsimile: (415) 984-8701

8 Attorneys for Plaintiff eBay Inc.

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN JOSE DIVISION**

12 EBAY INC.,

              Case No. C 08-04052 JF

13         Plaintiff,

              **STIPULATED PROTECTIVE**
14     v.                    **ORDER**

15 DIGITAL POINT SOLUTIONS, INC.,
SHAWN HOGAN, KESSLER'S

16 FLYING CIRCUS, THUNDERWOOD
HOLDINGS, INC., TODD DUNNING,

17 DUNNING ENTERPRISE, INC., BRIAN
DUNNING, BRIANDUNNING.COM,

18 and DOES 1-20,

19         Defendants.

20

21

22

23

24

25

26

27

28

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party:  a Party that receives Disclosure or Discovery

1   Material from a Producing Party.

2          2.6    Producing Party:  a Party or non-party that produces Disclosure or

3   Discovery Material in this action.

4          2.7    Designating Party:  a Party or non-party that designates information

5   or items that it produces in disclosures or in responses to discovery as "Confidential" or

6   "Highly Confidential — Attorneys' Eyes Only."

7          2.8    Protected Material:  any Disclosure or Discovery Material that is

8   designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

9          2.9    Outside Counsel:  attorneys who are not employees of a Party but

10  who are retained to represent or advise a Party in this action.

11         2.10   House Counsel:  attorneys who are employees of a Party.

12         2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as

13  well as their support staffs).

14         2.12   Expert:  a person with specialized knowledge or experience in a

15  matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

16  an expert witness or as a consultant in this action and who is not a past or a current

17  employee of a Party or of a competitor of a Party's and who, at the time of retention, is

18  not anticipated to become an employee of a Party or a competitor of a Party's.  This

19  definition includes a professional jury or trial consultant retained in connection with this

20  litigation.

21         2.13   Professional Vendors:  persons or entities that provide litigation

22  support services (e.g., photocopying; videotaping; translating; preparing exhibits or

23  demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their

24  employees and subcontractors.

25      3.    SCOPE

26      The protections conferred by this Stipulation and Order cover not only Protected

27  Material (as defined above), but also any information copied or extracted therefrom, as

28  well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

1   conversations, or presentations by parties or counsel to or in court or in other settings that

2   might reveal Protected Material.

3       4.    DURATION

4       Even after the termination of this litigation, the confidentiality obligations imposed

5   by this Order shall remain in effect until a Designating Party agrees otherwise in writing

6   or a court order otherwise directs.

7       5.    DESIGNATING PROTECTED MATERIAL

8       5.1    Exercise of Restraint and Care in Designating Material for

9   Protection.  Each Party or non-party that designates information or items for protection

10  under this Order must take care to limit any such designation to specific material that

11  qualifies under the appropriate standards.  A Designating Party must take care to designate

12  for protection only those parts of material, documents, items, or oral or written

13  communications that qualify – so that other portions of the material, documents, items, or

14  communications for which protection is not warranted are not swept unjustifiably within

15  the ambit of this Order.

16      Mass, indiscriminate, or routinized designations are prohibited.  Designations that

17  are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*,

18  to unnecessarily encumber or retard the case development process, or to impose

19  unnecessary expenses and burdens on other parties), expose the Designating Party to

20  sanctions.

21      If it comes to a Party's or a non-party's attention that information or items that it

22  designated for protection do not qualify for protection at all, or do not qualify for the level

23  of protection initially asserted, that Party or non-party must promptly notify all other

24  parties that it is withdrawing the mistaken designation.

25      5.2    Manner and Timing of Designations.  Except as otherwise provided

26  in this Order (see, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise

27  stipulated or ordered, material that qualifies for protection under this Order must be

28  clearly so designated before the material is disclosed or produced.

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-4052 JF

Designation in conformity with this Order requires:

(a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

When a non-party produces information in documentary form, and regardless of whether the Producing Party designates any of that material for protection under this Order, the documents shall be provisionally deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the first 30 days following the Producing Party's

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-4052 JF

1  production of documents.  If any Party asserts that any of the documents produced by the

2  non-party qualify for protection under this Order, that Party shall, before the end of the

3  30-day period, notify the other Parties that such designations will be made and produce

4  copies of any such documents with the appropriate legend ("CONFIDENTIAL" or

5  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") according to the terms of

6  this Order.  The Receiving Party shall thereafter destroy all previously-produced copies of

7  such protected documents and replace them with the copies that have been designated for

8  protection.  In the absence of such designation, the documents will cease to be deemed

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the end of the 30-day

10 period.

11             (b)      for testimony given in deposition or in other pretrial or trial

12 proceedings, that the Party or non-party offering or sponsoring the testimony identify on

13 the record, before the close of the deposition, hearing, or other proceeding, all protected

14 testimony, and further specify any portions of the testimony that qualify as "HIGHLY

15 CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify

16 separately each portion of testimony that is entitled to protection, and when it appears that

17 substantial portions of the testimony may qualify for protection, the Party or non-party

18 that sponsors, offers, or gives the testimony may invoke on the record (before the

19 deposition or proceeding is concluded) a right to have up to 30 days to identify the

20 specific portions of the testimony as to which protection is sought and to specify the level

21 of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22 ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are

23 appropriately designated for protection within the 30 days shall be covered by the

24 provisions of this Stipulated Protective Order.

25       Transcript pages containing Protected Material must be separately bound by the

26 court reporter, who must affix to the top of each such page the legend

27 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

28 instructed by the Party or nonparty offering or sponsoring the witness or presenting the

5

1  testimony.

2            (c)      for information produced in some form other than

3  documentary, and for any other tangible items, that the Producing Party affix in a

4  prominent place on the exterior of the container or containers in which the information or

5  item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6  ATTORNEYS' EYES ONLY." If only portions of the information or item warrant

7  protection, the Producing Party, to the extent practicable, shall identify the protected

8  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential –

9  Attorneys' Eyes Only."

10            When a non-party produces information in non-documentary form, and regardless

11  of whether the Producing Party designates any of that material for protection under this

12  Order, the material shall be provisionally deemed "HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY" for the first 30 days following the Producing Party's

14  production.  If any Party asserts that any of the material produced by the non-party

15  qualifies for protection under this Order, that Party shall, before the end of the 30-day

16  period, notify the other Parties of the designation claimed by that Party.  If only portions

17  of the information or item warrant protection, the Producing Party, to the extent

18  practicable, shall identify the protected portions, specifying whether they qualify as

19  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY."

20  In the absence of such designation, the documents will cease to be deemed "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the end of the 30-day period.

22            5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent

23  failure to designate qualified information or items as "Confidential" or "Highly

24  Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating

25  Party's right to secure protection under this Order for such material. If material is

26  appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes

27  Only" after the material was initially produced, the Receiving Party, on timely notification

28  of the designation, must make reasonable efforts to assure that the material is treated in

6

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-4052 JF

1    accordance with the provisions of this Order.

2         6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

3              6.1    Timing of Challenges.  Unless a prompt challenge to a Designating

4    Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

5    unnecessary economic burdens, or a later significant disruption or delay of the litigation, a

6    Party does not waive its right to challenge a confidentiality designation by electing not to

7    mount a challenge promptly after the original designation is disclosed.

8              6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

9    Designating Party's confidentiality designation must do so in good faith and must begin

10   the process by conferring directly (in voice to voice dialogue; other forms of

11   communication are not sufficient) with counsel for the Designating Party. In conferring,

12   the challenging Party must explain the basis for its belief that the confidentiality

13   designation was not proper and must give the Designating Party an opportunity to review

14   the designated material, to reconsider the circumstances, and, if no change in designation

15   is offered, to explain the basis for the chosen designation.  A challenging Party may

16   proceed to the next stage of the challenge process only if it has engaged in this meet and

17   confer process first.

18             6.3    Judicial Intervention.  A Party that elects to press a challenge to a

19   confidentiality designation after considering the justification offered by the Designating

20   Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil

21   Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in

22   detail the basis for the challenge.  Each such motion must be accompanied by a competent

23   declaration that affirms that the movant has complied with the meet and confer

24   requirements imposed in the preceding paragraph and that sets forth with specificity the

25   justification for the confidentiality designation that was given by the Designating Party in

26   the meet and confer dialogue.

27             The burden of persuasion in any such challenge proceeding shall be on the

28   Designating Party.  Until the court rules on the challenge, all parties shall continue to

1   afford the material in question the level of protection to which it is entitled under the

2   Producing Party's designation.

3       7.   ACCESS TO AND USE OF PROTECTED MATERIAL

4       7.1   Basic Principles.  A Receiving Party may use Protected Material that

5   is disclosed or produced by another Party or by a non-party in connection with this case

6   only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

7   Material may be disclosed only to the categories of persons and under the conditions

8   described in this Order.  When the litigation has been terminated, a Receiving Party must

9   comply with the provisions of section 11, below (FINAL DISPOSITION).

10      Protected Material must be stored and maintained by a Receiving Party at a

11  location and in a secure manner that ensures that access is limited to the persons

12  authorized under this Order.

13      7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

14  otherwise ordered by the court or permitted in writing by the Designating Party, a

15  Receiving Party may disclose any information or item designated CONFIDENTIAL only

16  to

17          (a)   the Receiving Party's Outside Counsel of record in this action,

18  as well as employees of said Counsel to whom it is reasonably necessary to disclose the

19  information for this litigation and who have signed the "Agreement to Be Bound by

20  Protective Order" that is attached hereto as Exhibit A;

21          (b)   the officers, directors, and employees (including House

22  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

23  litigation and who have signed the "Agreement to Be Bound by Protective Order"

24  (Exhibit A);

25          (c)   experts (as defined in this Order) of the Receiving Party to

26  whom disclosure is reasonably necessary for this litigation and who have signed the

27  "Agreement to Be Bound by Protective Order" (Exhibit A);

28          (d)   the Court and its personnel;

(e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)      the author of the document or the original source of the information.

7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)      House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions involving any affiliate marketing program, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)      Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

9

(d)   the Court and its personnel;

(e)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)   the author of the document or the original source of the information.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

copies of the Protected Material, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Order, and (d) request such person or

persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured

after appropriate notice to all interested persons, a Party may not file in the public record

in this action any Protected Material. A Party that seeks to file under seal any Protected

Material must comply with Civil Local Rule 79-5.

11.    FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

days after the final termination of this action, each Receiving Party must return all

Protected Material to the Producing Party.  As used in this subdivision, "all Protected

Material" includes all copies, abstracts, compilations, summaries or any other form of

reproducing or capturing any of the Protected Material.  With permission in writing from

the Designating Party, the Receiving Party may destroy some or all of the Protected

Material instead of returning it.  Whether the Protected Material is returned or destroyed,

the Receiving Party must submit a written certification to the Producing Party (and, if not

the same person or entity, to the Designating Party) by the sixty day deadline that

identifies (by category, where appropriate) all the Protected Material that was returned or

destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or other forms of reproducing or capturing any of the Protected

Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy

of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

work product, even if such materials contain Protected Material.  Any such archival

11

1   copies that contain or constitute Protected Material remain subject to this Protective Order

2   as set forth in Section 4 (DURATION), above.

3       12.   MISCELLANEOUS

4           12.1   Right to Further Relief.  Nothing in this Order abridges the right of

5   any person to seek its modification by the Court in the future.

6           12.2   Right to Assert Other Objections.  By stipulating to the entry of this

7   Protective Order no Party waives any right it otherwise would have to object to disclosing

8   or producing any information or item on any ground not addressed in this Stipulated

9   Protective Order. Similarly, no Party waives any right to object on any ground to use in

10  evidence of any of the material covered by this Protective Order.

11

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13  DATED: _6/23/09_____        _____

14                                            Attorneys for Plaintiff

15  DATED: _____        _____
                                              Attorneys for Defendant

16  DATED: _____        _____

17                                            Attorneys for Defendant

18  DATED: _____        _____
                                              Attorneys for Defendant

19  DATED: _____        _____

20                                            Attorneys for Defendant

21

22  PURSUANT TO STIPULATION, IT IS SO ORDERED.

23  DATED: _____        _____

24                                            The Honorable Jeremy Fogel
                                              United States District Judge

25

26

27

28

                                              12                      STIPULATED PROTECTIVE ORDER
                                                                      CASE NO. C 08-4052 JF

1    copies that contain or constitute Protected Material remain subject to this Protective Order

2    as set forth in Section 4 (DURATION), above.

3         12.    MISCELLANEOUS

4              12.1   Right to Further Relief.  Nothing in this Order abridges the right of

5    any person to seek its modification by the Court in the future.

6              12.2   Right to Assert Other Objections.  By stipulating to the entry of this

7    Protective Order no Party waives any right it otherwise would have to object to disclosing

8    or producing any information or item on any ground not addressed in this Stipulated

9    Protective Order. Similarly, no Party waives any right to object on any ground to use in

10   evidence of any of the material covered by this Protective Order.

11

12   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13   DATED: _____     _____
14                                             Attorneys for Plaintiff

     DATED: _____     _____
15                                             Attorneys for Defendant

16   DATED: _____     _____
17                                             Attorneys for Defendant

     DATED: *June 23, 2009*           *Stewart Warner, Freeland Cooper*
18                                     *& Freeman LLP*
                                       Attorneys for Defendants  *TODD DUNNING*
19                                                               *& DUNNING ENTERPRISE, INC.*

     DATED: _____     _____
20                                             Attorneys for Defendant

21

     PURSUANT TO STIPULATION, IT IS SO ORDERED.
22

23   DATED: _____     _____
                                             The Honorable Jeremy Fogel
24                                           United States District Judge

25

26

27

28

                                    12                STIPULATED PROTECTIVE ORDER
                                                      CASE NO. C 08-4052 JF

1   copies that contain or constitute Protected Material remain subject to this Protective Order

2   as set forth in Section 4 (DURATION), above.

3       12.    <u>MISCELLANEOUS</u>

4       12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of

5   any person to seek its modification by the Court in the future.

6       12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

7   Protective Order no Party waives any right it otherwise would have to object to disclosing

8   or producing any information or item on any ground not addressed in this Stipulated

9   Protective Order. Similarly, no Party waives any right to object on any ground to use in

10  evidence of any of the material covered by this Protective Order.

11

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13  DATED: _____    _____

14                                                 Attorneys for Plaintiff

    DATED: _____    _____

15                                                 Attorneys for Defendant

16  DATED: _____    _____

17                                                 Attorneys for Defendant

    DATED: _____    _____

18                                               Attorneys for Defendant

19  DATED: ____6/23/09_____    _____
                                          *Leo ⟶ RUS, MILIBAND / SMITH, AAC*

20                                             Attorneys for Defendants
                                           *Thunderwood Holdings, Inc., Brian Dunning*

21                                             *and Briandunning.com*

    PURSUANT TO STIPULATION, IT IS SO ORDERED.

22

23  DATED: _____    _____

24                                             The Honorable Jeremy Fogel
                                           United States District Judge

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-4052 JF

1   copies that contain or constitute Protected Material remain subject to this Protective Order

2   as set forth in Section 4 (DURATION), above.

3       12.  <u>MISCELLANEOUS</u>

4           12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of

5   any person to seek its modification by the Court in the future.

6           12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

7   Protective Order no Party waives any right it otherwise would have to object to disclosing

8   or producing any information or item on any ground not addressed in this Stipulated

9   Protective Order. Similarly, no Party waives any right to object on any ground to use in

10   evidence of any of the material covered by this Protective Order.

11

12   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13   DATED: _____     _____

14                                   Attorneys for Plaintiff

15   DATED: _____6/25/09_____     _____
                                     Attorneys for Defendants  SHAWN HOGAN and
                                     DIGITAL POINT SOLUTIONS, INC.

16   DATED: _____     _____

17                                   Attorneys for Defendant

18   DATED: _____     _____

19   DATED: _____6/23/09_____     _____
                                      Attorneys for Defendant
                                       RUS, MILIBAND } SMITH, APC

20                                   Attorneys for Defendants
                                       Thunderwood Holdings, Inc., Brian Dunning
                                       and Briandunning.com

21

22   PURSUANT TO STIPULATION, IT IS SO ORDERED.

23   DATED: _____     _____

24                                   The Honorable Jeremy Fogel
                                United States District Judge

25

26

27

28

                                12

1  copies that contain or constitute Protected Material remain subject to this Protective Order

2  as set forth in Section 4 (DURATION), above.

3        12.    MISCELLANEOUS

4              12.1    Right to Further Relief.  Nothing in this Order abridges the right of

5  any person to seek its modification by the Court in the future.

6              12.2    Right to Assert Other Objections.  By stipulating to the entry of this

7  Protective Order no Party waives any right it otherwise would have to object to disclosing

8  or producing any information or item on any ground not addressed in this Stipulated

9  Protective Order. Similarly, no Party waives any right to object on any ground to use in

10  evidence of any of the material covered by this Protective Order.

11

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13  DATED: _____    _____

14                                                        Attorneys for Plaintiff

15  DATED: _____    _____

                                                           Attorneys for Defendant

16  DATED: _____    _____

17                                                        Attorneys for Defendant

18  DATED: _____    _____

                                                           Attorneys for Defendant

19  DATED: 6·24-09                          _____David Well_____

20                                                        Attorneys for Defendant KESSLERS

                                                           FLYING CIRCUS

21

22  PURSUANT TO STIPULATION, IT IS SO ORDERED.

23  DATED: 6-_____    _____

                                                           The Honorable Jeremy Fogel
24                                                        United States District Judge

25

26

27

28

                              12                    STIPULATED PROTECTIVE ORDER
                                                    CASE NO. C 08-4052 JF

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern

District of California on _____ [date] in the case of *eBay Inc. v. Digital Point*

*Solutions, Inc., et al.*, Case No. CV-08-4052 JF.  I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]