Seyamack Kouretchian (State Bar No. 171741)
Seyamack@CoastLawGroup.com
Ross M. Campbell (State Bar No. 234827)
Rcampbell@CoastLawGroup.com
COAST LAW GROUP, LLP
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: (760) 942-8505
Fax: (760) 942-8515

Attorneys for Defendants, SHAWN HOGAN and DIGITAL POINT SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EBAY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and Does 1-20,<br><br>Defendants. | Case No. CV 08-04052 JF PVT<br><br>**ANSWER OF DEFENDANT DIGITAL POINT SOLUTIONS, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date action filed: August 25, 2008<br>Dept.: Courtroom 3 |

Defendant DIGITAL POINT SOLUTIONS, INC. ("Defendant") hereby answer the allegations of Plaintiff E-BAY, INC.'s ("Plaintiff's") March 26, 2009 Second Amended Complaint ("SAC") in the above-captioned matter. The responses set forth herein are made solely as to, by, and on behalf of, Defendant DIGITAL POINT SOLUTIONS, INC.

**PARTIES**

1. In response to paragraph 1 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that



Dockets.Justia.com

basis denies each and every allegation contained therein.

2. In response to paragraph 2 of the SAC, Defendant admits that Defendant DIGITAL POINT SOLUTIONS, INC. was incorporated as a California corporation on May 14, 2007, but denies all remaining allegations contained therein.

3. In response to paragraph 3 of the SAC, Defendant admits that Defendant DIGITAL POINT SOLUTIONS, INC. was incorporated as a California corporation on May 14, 2007 and that Defendant SHAWN HOGAN has been the sole owner thereof at all relevant times thereafter. Defendant denies all remaining allegations contained in paragraph 3.

4. In response to paragraph 4 of the SAC, this paragraph does not allege any facts and therefore does not require a substantive response. With respect to any and all collective references to "DPS" in the SAC, Defendant's responses set forth herein are made solely as to, by, and on behalf of, Defendant DIGITAL POINT SOLUTIONS, INC.

5. In response to paragraph 5 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In response to paragraph 6 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. In response to paragraph 7 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. In response to paragraph 8 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. In response to paragraph 9 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

/./ ./

10. In response to paragraph 10 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. In response to paragraph 11 of the SAC, this paragraph does not allege any facts and therefore does not require a substantive response.

12. In response to paragraph 12 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. In response to paragraph 13 of the SAC, this paragraph does not allege any facts and therefore does not require a substantive response. With respect to any and all collective references to "Defendants" in the SAC, Defendant's responses set forth herein are made solely as to, by, and on behalf of, Defendant DIGITAL POINT SOLUTIONS, INC.

## JURISDICTION AND VENUE

14. In response to paragraph 14 of the SAC, Defendant denies each and every allegation contained therein.

15. In response to paragraph 15 of the SAC, Defendant denies each and every allegation contained therein.

16. In response to paragraph 16 of the SAC, Defendant denies each and every allegation contained therein.

## INTRADISTRICT ASSIGNMENT

17. In response to paragraph 17 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff's headquarters are located in San Jose, Santa Clara County, California, and on that basis denies said allegations. Defendant denies each and every remaining allegation contained in paragraph 17.

## GENERAL ALLEGATIONS

18. In response to paragraph 18 of the SAC, Defendant admits that Plaintiff operates an online trading forum and that sellers may list items for sale and buyers may bid on and purchase items of interest through Plaintiff's website. Defendant is without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies the same.

19. In response to paragraph 19 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. In response to paragraph 20 of the SAC, Defendant admits that Plaintiff has used the services of Commission Junction's in administering the affiliate marketing program. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In response to paragraph 21 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. In response to paragraph 22 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. In response to paragraph 23 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24. In response to paragraph 24 of the SAC, the alleged definition of "cookie stuffing" does not allege any facts and therefore does not require a response. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to Plaintiff's alleged analyses, and on that basis denies each such allegation. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation. Defendant denies each and every remaining allegation contained in said paragraph.

25. In response to paragraph 25 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

26. In response to paragraph 26 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that the User Agreement was agreed to by Defendant SHAWN HOGAN, and on that basis denies each such allegation contained therein. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

27. In response to paragraph 27 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

28. In response to paragraph 28 of the SAC, Defendant denies each and every allegation contained therein.

29. In response to paragraph 29 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

30. In response to paragraph 30 of the SAC, Defendant denies each and every allegation contained therein.

31. In response to paragraph 31 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32. In response to paragraph 32 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. In response to the allegations regarding communications between Defendant SHAWN HOGAN and Commission Junction, Defendant is not required to respond, as the referenced communications are alleged to have occurred before Defendant's date of incorporation and are directed to Defendant SHAWN HOGAN individually. Further, Defendant SHAWN HOGAN has asserted the Fifth Amendment privilege against self-incrimination in response to said allegations and

the same is incorporated herein by reference as though set forth in full. In response to the allegations regarding additional false statements set forth in paragraph 60, said allegations do not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants. Defendant denies each and every remaining allegation contained in paragraph 32.

33. In response to paragraph 33 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

34. In response to paragraph 34 of the SAC, Defendant admits that Commission Junction filed an action against Defendants Kessler's Flying Circus, Brian Dunning and Todd Dunning; Commission Junction sought to recoup payments made to said defendants; and that said action has settled. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**
**(18 U.S.C. §1030)**

35. In response to paragraph 35 of the SAC, Defendant refers to and incorporates herein its responses as provided in paragraphs 1 through 34 above.

36. In response to paragraph 36 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

37. In response to paragraph 37 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the terms of the alleged User Agreements, and on that basis denies each such allegation contained therein. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every

remaining allegation contained in said paragraph.

38. In response to paragraph 38 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained therein.

39. In response to paragraph 39 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

40. In response to paragraph 40 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to the alleged DOE defendants, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

41. In response to paragraph 41 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

42. In response to paragraph 42 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

43. In response to paragraph 43 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE defendants, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

44. In response to paragraph 44 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(18 U.S.C. §1962(c))**

45. In response to paragraph 45 of the SAC, Defendant refers to and incorporates herein its

responses as provided in paragraphs 1 through 44 above.

46. Paragraph 46 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

47. Paragraph 47 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

48. Paragraph 48 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

49. Paragraph 49 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

50. Paragraph 50 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

51. Paragraph 51 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

52. Paragraph 52 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

53. Paragraph 53 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

54. Paragraph 54 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

55. Paragraph 55 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

56. Paragraph 56 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

57. Paragraph 57 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

58. Paragraph 58 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

59. Paragraph 59 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

60. Paragraph 60 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

61. Paragraph 61 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

62. Paragraph 62 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

63. Paragraph 63 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

/./.

64. Paragraph 64 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants.

**THIRD CAUSE OF ACTION**
**(Fraud)**

65. In response to paragraph 65 of the SAC, Defendant refers to and incorporates herein its responses as provided in paragraphs 1 through 64 above.

66. In response to paragraph 66 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to the alleged DOE defendants, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

67. In response to paragraph 67 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

68. In response to paragraph 68 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

69. In response to paragraph 69 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE defendants, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

70. In response to paragraph 70 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE defendants, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

71. In response to paragraph 71 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE

defendants, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

72. In response to paragraph 72 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE defendants, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

73. In response to paragraph 73 of the SAC, Defendant denies each and every allegation contained therein.

74. In response to paragraph 74 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE defendants, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

75. In response to paragraph 75 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(California Penal Code §502)**

76. In response to paragraph 76 of the SAC, Defendant refers to and incorporates herein its responses as provided in paragraphs 1 through 75 above.

77. In response to paragraph 77 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

78. In response to paragraph 78 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

79. In response to paragraph 79 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

80. In response to paragraph 80 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

81. In response to paragraph 81 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**(Restitution and Unjust Enrichment)**

82. In response to paragraph 82 of the SAC, Defendant refers to and incorporates herein its responses as provided in paragraphs 1 through 81 above.

83. In response to paragraph 83 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

84. In response to paragraph 84 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

85. In response to paragraph 85 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

86. In response to paragraph 86 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

/./.

/./.

**SIXTH CAUSE OF ACTION**
**(California Business & Professions Code §17200)**

87. In response to paragraph 87 of the SAC, Defendant refers to and incorporates herein its responses as provided in paragraphs 1 through 86 above.

88. In response to paragraph 88 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

89. In response to paragraph 89 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

90. In response to paragraph 90 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

91. In response to paragraph 91 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

92. In response to paragraph 92 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

**AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

93. As a first, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendants allege that Plaintiff's

SAC, and every purported cause of action stated therein, fails to state facts sufficient to constitute a cause of action against Defendant.

SECOND AFFIRMATIVE DEFENSE:
(Contractual Limitations Period)

94. As a second and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred by the one-year contractual limitations provision set forth in the Commission Junction Publisher Services Agreement of which Plaintiff is a third party beneficiary and which Plaintiff incorporated by reference into the eBay Supplemental Terms & Conditions.

THIRD AFFIRMATIVE DEFENSE:
(Statute of Limitations)

95. As a third and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred by the applicable statute of limitations. Said limitations include, but are not limited to, 18 U.S.C. §1030(g), 15 U.S.C. §15b (as applied to 18 U.S.C. §§1962, 1964), California Penal Code §502(e)(5), California Code of Civil Procedure §§ 338, 339, and California Business & Professions Code §17208.

FOURTH AFFIRMATIVE DEFENSE:
(Improper Venue)

96. As a fourth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the filing of this action in the above-captioned Court is improper based on the forum selection clause set forth in the Commission Junction Publisher Services Agreement of which Plaintiff is a third party beneficiary and which Plaintiff incorporated by reference into the eBay Supplemental Terms & Conditions.

FIFTH AFFIRMATIVE DEFENSE:
(Consent)

97. As a fifth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and

every cause of action therein is barred because any such conduct as alleged in the SAC was consented to by Plaintiff.

SIXTH AFFIRMATIVE DEFENSE:
(Authorization)

98. As a sixth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because any such conduct as alleged in the SAC was known, authorized, and encouraged by Plaintiff.

SEVENTH AFFIRMATIVE DEFENSE:
(Estoppel)

99. As a seventh and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Plaintiff's acts, omissions, representations and conduct constitute an estoppel, and bar its claims.

EIGHTH AFFIRMATIVE DEFENSE:
(Waiver)

100. As an eighth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission of waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Plaintiff has waived any and all claims it has made against Defendant.

NINTH AFFIRMATIVE DEFENSE:
(Laches, Unclean Hands, Acquiescence, Ratification, Assumption of the Risk)

101. As a ninth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred by the doctrine of laches, unclean hands, acquiescence, ratification, and reasonably implied assumption of the risk.

TENTH AFFIRMATIVE DEFENSE:
(No Damages Suffered)

102. As a tenth and separate Affirmative Defense, and solely by way of an alternative

defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Plaintiff never sustained any damages caused by Defendant, and Plaintiff lacks standing.

ELEVENTH AFFIRMATIVE DEFENSE:
(Damages Not Subject to Reasonable Calculation)

103. As an eleventh and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Plaintiff's damages, if any, are not subject to reasonable calculation.

TWELFTH AFFIRMATIVE DEFENSE:
(Failure to Mitigate Damages)

104. As a twelfth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Plaintiff failed to exercise reasonable resourcefulness, care and diligence to mitigate any damages, and any recovery against Defendant should be reduced accordingly.

THIRTEENTH AFFIRMATIVE DEFENSE:
(In Pari Delicto)

105. As a thirteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred by the doctrine of in pari delicto.

FOURTEENTH AFFIRMATIVE DEFENSE:
(Plaintiff's Negligence)

106. As a fourteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Plaintiff's damages, if any, were caused by Plaintiff's own negligence or want of ordinary care and prudence.

/./.

/./.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>:
(Intervening/Superseding Actions)

107. As a fifteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred to the extent that the damages or losses allegedly sustained by Plaintiff, if any, were the direct and proximate result of intervening and superceding actions on the part of other parties, and not Defendant, barring Plaintiff's recovery from Defendant.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>:
(No Intent to Injure)

108. As a sixteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Defendant at no time acted with any intent to injure Plaintiff, and the Defendant took no actions intended to cause any harm to Plaintiff.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>:
(No Willful, Malicious, Oppressive or Outrageous Conduct)

109. As a seventeenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that Defendant did not engage in any willful, malicious, oppressive or outrageous conduct with regard to Plaintiff.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>:
(Adequate Legal Remedy)

110. As an eighteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission of waiver of any kind, Defendant alleges that Plaintiff's prayer for injunctive relief is barred because Plaintiff has an adequate remedy at law.

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>:
(Any Harm Proximately Caused by Others)

111. As a nineteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant alleges that the SAC and each and every cause of action therein is barred because any losses, damages and/or injuries sustained by Plaintiff were

proximately caused by the fault of persons or entities other than Defendant, over whom Defendant has no control.

TWENTIETH AFFIRMATIVE DEFENSE:
(Good Faith)

112. As a twentieth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission of waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Defendant has acted in good faith.

TWENTY-FIRST AFFIRMATIVE DEFENSE:
(Setoff)

113. As a twenty-first and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission of waiver of any kind, Defendant alleges that Plaintiff's damages, if any, are subject to setoff and should be reduced accordingly.

TWENTY-SECOND AFFIRMATIVE DEFENSE:
(Indispensable Party)

114. As a twenty-second and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission of waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Plaintiff has failed to join an indispensable party or parties to this action.

TWENTY-THIRD AFFIRMATIVE DEFENSE:
(Plaintiff's Agents)

115. As a twenty-third and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission of waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred based on the actions and/or omissions of Plaintiff's own agents.

TWENTY-FOURTH AFFIRMATIVE DEFENSE:
(Reservation of Right to Assert Additional Defenses)

116. As a twenty-fourth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant alleges that at the time of the filing of this Answer, affirmative defenses may not have been alleged for reasons that insufficient facts and

information were available after reasonable inquiry. Defendant therefore reserves the right to amend this answer to allege additional affirmative defenses based upon subsequent discovery of new or different facts or subsequent appreciation of currently known facts.

**RESPONSE TO PRAYER FOR RELIEF**

WHEREFORE, Defendant DIGITAL POINT SOLUTIONS, INC. prays for judgment as follows:

1. That Plaintiff take nothing by reason of its SAC and that judgment be entered in favor of Defendant;

2. That Defendant be awarded costs of suit incurred in the defense of this action including reasonable attorneys' fees, to the extent allowed by law;

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: August 31, 2009

s/Ross M. Campbell
COAST LAW GROUP, LLP
Attorneys for Defendants, Shawn Hogan and Digital Point Solutions, Inc.