1  Seyamack Kouretchian (State Bar No. 171741)
   Seyamack@CoastLawGroup.com
2  Ross M. Campbell (State Bar No. 234827)
   Rcampbell@CoastLawGroup.com
3  COAST LAW GROUP, LLP
4  169 Saxony Road, Suite 204
   Encinitas, California 92024
5  Tel: (760) 942-8505
   Fax: (760) 942-8515
6

7  Attorneys for Defendants, SHAWN HOGAN
   and DIGITAL POINT SOLUTIONS, INC.
8

9                    UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12  EBAY, INC.,                        )   Case No. CV 08-04052 JF PVT
                                       )
13              Plaintiff,             )   **ANSWER OF DEFENDANT SHAWN
                                       )   HOGAN TO PLAINTIFF'S SECOND
14      v.                             )   AMENDED COMPLAINT**
                                       )
15  DIGITAL POINT SOLUTIONS, INC., SHAWN )
    HOGAN, KESSLER'S FLYING CIRCUS,    )   Date action filed:   August 25, 2008
16  THUNDERWOOD HOLDINGS, INC., TODD   )   Dept.:                Courtroom 3
    DUNNING, DUNNING ENTERPRISE, INC., )
17  BRIAN DUNNING, BRIANDUNNING.COM,   )
    and Does 1-20,                     )
18                                     )
19              Defendants.            )
                                       )
20  _____  )

21

22          Defendant SHAWN HOGAN ("Defendant") hereby answer the allegations of Plaintiff E-BAY,

23  INC.'s ("Plaintiff's") March 26, 2009 Second Amended Complaint ("SAC") in the above-captioned

24  matter as follows:

25          1.      In response to paragraph 1 of the SAC, Defendant is without sufficient knowledge or

26  information to form a belief as to the truth of the allegations contained in said paragraph, and on that

27  basis denies each and every allegation contained therein.

28  /./.

1

2.      In response to paragraph 2 of the SAC, Defendant admits that Defendant DIGITAL

2

POINT SOLUTIONS, INC. was incorporated as a California corporation on May 14, 2007, but denies

3

all remaining allegations contained therein.

4

3.      In response to paragraph 3 of the SAC, Defendant admits that at all relevant times,

5

Defendant was an individual residing and doing business in the State of California.  Defendant admits

6

that Defendant DIGITAL POINT SOLUTIONS, INC. was incorporated as a California corporation on

7

May 14, 2007 and that Defendant has been the sole owner thereof at all relevant times thereafter.

8

Defendant denies all remaining allegations contained in paragraph 3.

9

4.      In response to paragraph 4 of the SAC, this paragraph does not allege any facts and

10

therefore does not require a response.

11

5.      In response to paragraph 5 of the SAC, Defendant is without sufficient knowledge or

12

information to form a belief as to the truth of the allegations contained in said paragraph, and on that

13

basis denies each and every allegation contained therein.

14

6.      In response to paragraph 6 of the SAC, Defendant is without sufficient knowledge or

15

information to form a belief as to the truth of the allegations contained in said paragraph, and on that

16

basis denies each and every allegation contained therein.

17

7.      In response to paragraph 7 of the SAC, Defendant is without sufficient knowledge or

18

information to form a belief as to the truth of the allegations contained in said paragraph, and on that

19

basis denies each and every allegation contained therein.

20

8.      In response to paragraph 8 of the SAC, Defendant is without sufficient knowledge or

21

information to form a belief as to the truth of the allegations contained in said paragraph, and on that

22

basis denies each and every allegation contained therein.

23

9.      In response to paragraph 9 of the SAC, Defendant is without sufficient knowledge or

24

information to form a belief as to the truth of the allegations contained in said paragraph, and on that

25

basis denies each and every allegation contained therein.

26

10.     In response to paragraph 10 of the SAC, Defendant is without sufficient knowledge or

27

information to form a belief as to the truth of the allegations contained in said paragraph, and on that

28

basis denies each and every allegation contained therein.

11.     In response to paragraph 11 of the SAC, this paragraph does not allege any facts and therefore does not require a response.

12.     In response to paragraph 12 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13.     In response to paragraph 13 of the SAC, this paragraph does not allege any facts and therefore does not require a response.

## JURISDICTION AND VENUE

14.     In response to paragraph 14 of the SAC, Defendant denies each and every allegation contained therein.

15.     In response to paragraph 15 of the SAC, Defendant denies each and every allegation contained therein.

16.     In response to paragraph 16 of the SAC, Defendant denies each and every allegation contained therein.

## INTRADISTRICT ASSIGNMENT

17.     In response to paragraph 17 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff's headquarters are located in San Jose, Santa Clara County, California, and on that basis denies said allegations. As to the remaining allegations contained therein, Defendant asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

## GENERAL ALLEGATIONS

18.     In response to paragraph 18 of the SAC, Defendant admits that Plaintiff operates an online trading forum and that sellers may list items for sale and buyers may bid on and purchase items of

interest through Plaintiff's website. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the present circumstances under which Plaintiff operates its affiliate marketing program, and on that basis denies each and every remaining allegation contained therein.

19. In response to paragraph 19 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the circumstances under which Plaintiff presently operates its affiliate marketing program, and on that basis denies each and every allegation contained therein.

20. In response to paragraph 20 of the SAC, Defendant admits that Plaintiff has used the services of Commission Junction's in administering the affiliate marketing program. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In response to paragraph 21 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the circumstances under which Plaintiff presently operates its affiliate marketing program, and on that basis denies each and every allegation contained therein.

22. In response to paragraph 22 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the circumstances under which Plaintiff presently operates its affiliate marketing program, and on that basis denies each and every allegation contained therein.

23. In response to paragraph 23 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the circumstances under which Plaintiff presently operates its affiliate marketing program, and on that basis denies each and every allegation contained therein.

24. In response to paragraph 24 of the SAC, the alleged definition of "cookie stuffing" does not allege any facts and therefore does not require a response. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to Plaintiff's alleged analyses, and on that basis denies each such allegation. Defendant is without sufficient knowledge or

1   information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

2   each such allegation.  As to the remaining allegations contained therein, Defendant asserts the privilege

3   against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

4   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

5   Code section 940.  To the extent Defendant determines that there is no longer potential for criminal

6   prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to

7   supplement and/or seek leave to amend this response accordingly (in whole or in part), and to object to

8   the use or disclosure of the this response for any purpose whatsoever.

9          25.    In response to paragraph 25 of the SAC, Defendant is without sufficient knowledge or

10  information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

11  each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

12  hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

13  Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

14  and California Evidence Code section 940.  To the extent Defendant determines that there is no longer

15  potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the

16  privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and

17  to object to the use or disclosure of the this response for any purpose whatsoever.

18         26.    In response to paragraph 26 of the SAC, Defendant is without sufficient knowledge or

19  information to form a belief as to the truth of the allegations that the User Agreement was agreed to by

20  Defendant, and on that basis denies each such allegation contained therein.  Defendant denies the

21  applicability of the alleged User Agreement and that any causes of action set forth in the SAC arose

22  therefrom.  Defendant is without sufficient knowledge or information to form a belief as to the truth of

23  the allegations relating to KFC, and on that basis denies each such allegation contained therein.  As to

24  the remaining allegations contained therein, Defendant hereby asserts the privilege against

25  self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

26  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

27  section 940.  To the extent Defendant determines that there is no longer potential for criminal

28  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

27.     In response to paragraph 27 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations  relating to KFC, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

28.     In response to paragraph 28 of the SAC, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.   To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

29.     In response to paragraph 29 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations  relating to KFC, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

/././

30.     In response to paragraph 30 of the SAC, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

31.     In response to paragraph 31 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32.     In response to paragraph 32 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations  relating to KFC, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

33.     In response to paragraph 33 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. Defendant denies the applicability of the alleged User Agreement and that any causes of action set forth in the SAC arose therefrom.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response

1   accordingly (in whole or in part), and to object to the use or disclosure of the this response for any

2   purpose whatsoever.

3        34.     In response to paragraph 34 of the SAC, Defendant admits that Commission Junction

4   filed an action against Defendants Kessler's Flying Circus, Brian Dunning and Todd Dunning;

5   Commission Junction sought to recoup payments made to said defendants; and that said action has

6   settled.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the

7   remaining allegations contained in said paragraph, and on that basis denies each and every allegation

8   contained therein.

9                              **FIRST CAUSE OF ACTION**
                                   **(18 U.S.C. §1030)**
10

11       35.     In response to paragraph 35 of the SAC, Defendant refers to and incorporates herein

12  Defendant's responses as provided in paragraphs 1 through 34 above.

13       36.     In response to paragraph 36 of the SAC, Defendant is without sufficient knowledge or

14  information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

15  each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

16  hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

17  Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

18  and California Evidence Code section 940.  To the extent Defendant determines that there is no longer

19  potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the

20  privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and

21  to object to the use or disclosure of the this response for any purpose whatsoever.

22       37.     In response to paragraph 37 of the SAC, Defendant is without sufficient knowledge or

23  information to form a belief as to the truth of the allegations regarding the similarity of the alleged User

24  Agreements or the terms thereof, and on that basis denies each such allegation contained therein.

25  Defendant denies the applicability of the alleged User Agreement and that any causes of action set forth

26  in the SAC arose therefrom.  Defendant is without sufficient knowledge or information to form a belief

27  as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained

28  therein.  As to the remaining allegations contained in said paragraph, Defendant hereby asserts the

privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

38.     In response to paragraph 38 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein.  Defendant denies each and every remaining allegation contained therein.

39.     In response to paragraph 39 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

40.     In response to paragraph 40 of the SAC, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

41.     In response to paragraph 41 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that

basis denies each and every allegation contained therein.

42. In response to paragraph 42 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

43. In response to paragraph 43 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein. As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

44. In response to paragraph 44 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

## SECOND CAUSE OF ACTION
### (18 U.S.C. §1962(c))

45. In response to paragraph 45 of the SAC, Defendant refers to and incorporates herein Defendant's responses as provided in paragraphs 1 through 44 above.

46. In response to paragraph 46 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to defendants Brian Dunning and Todd Dunning, and on that basis denies each such allegation contained therein. As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response

for any purpose whatsoever.

47.    In response to paragraph 47 of the SAC, Defendant admits that Defendant DIGITAL

POINT SOLUTIONS, INC. was incorporated as a California corporation on May 14, 2007.  As to the

remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination

under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501;

the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the

extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

this response for any purpose whatsoever.

48.    In response to paragraph 48 of the SAC, Defendant hereby asserts the privilege against

self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

section 940.  To the extent Defendant determines that there is no longer potential for criminal

prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

use or disclosure of the this response for any purpose whatsoever.

49.    In response to paragraph 49 of the SAC, Defendant is without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in said paragraph, and on that

basis denies each and every allegation contained therein.

50.    In response to paragraph 50 of the SAC, Defendant is without sufficient knowledge or

information to form a belief as to the truth of the allegations relating to KFC and/or the alleged Dunning

Group, and on that basis denies each such allegation contained therein.  As to the remaining allegations

contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth

Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California

Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant

determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the

right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response

accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

51.     In response to paragraph 51 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged Dunning Group, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

52.     In response to paragraph 52 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to any investigation conducted by Plaintiff, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

53.     In response to paragraph 53 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to any tests conducted by Plaintiff, and on that basis denies each such allegation contained therein.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged Dunning Group, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination

1   under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501;

2   the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the

3   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

4   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

5   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

6   this response for any purpose whatsoever.

7           54.     In response to paragraph 54 of the SAC, Defendant is without sufficient knowledge or

8   information to form a belief as to the truth of the allegations relating to investigations conducted or

9   actions undertaken by Gallivan, Gallivan & O'Melia LLC, and on that basis denies each such allegation

10  contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the

11  privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the

12  Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California

13  Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for

14  criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to

15  seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to

16  the use or disclosure of the this response for any purpose whatsoever.

17          55.     In response to paragraph 55 of the SAC, Defendant is without sufficient knowledge or

18  information to form a belief as to the truth of the allegations relating to investigations conducted or

19  actions undertaken by Gallivan, Gallivan & O'Melia LLC, and on that basis denies each such allegation

20  contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the

21  privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the

22  Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California

23  Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for

24  criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to

25  seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to

26  the use or disclosure of the this response for any purpose whatsoever.

27          56.     In response to paragraph 56 of the SAC, Defendant is without sufficient knowledge or

28  information to form a belief as to the truth of the allegations relating to investigations conducted or

1   actions undertaken by Plaintiff, and on that basis denies each such allegation contained therein.

2   Defendant is without sufficient knowledge or information to form a belief as to the truth of the

3   allegations relating to KFC and/or the alleged Dunning Group, and on that basis denies each such

4   allegation contained therein. As to the remaining allegations contained therein, Defendant hereby asserts

5   the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the

6   Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California

7   Evidence Code section 940. To the extent Defendant determines that there is no longer potential for

8   criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to

9   seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to

10   the use or disclosure of the this response for any purpose whatsoever.

11        57.   In response to paragraph 57 of the SAC, Defendant is without sufficient knowledge or

12   information to form a belief as to the truth of the allegations relating to actions undertaken by Plaintiff,

13   and on that basis denies each such allegation contained therein. Defendant is without sufficient

14   knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the

15   alleged Dunning Group, and on that basis denies each such allegation contained therein. As to the

16   remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination

17   under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501;

18   the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the

19   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

20   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

21   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

22   this response for any purpose whatsoever.

23        58.   In response to paragraph 58 of the SAC, Defendant is without sufficient knowledge or

24   information to form a belief as to the truth of the allegations relating to actions undertaken by Plaintiff,

25   and on that basis denies each such allegation contained therein. Defendant is without sufficient

26   knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or Todd

27   Dunning, and on that basis denies each such allegation contained therein. As to the remaining

28   allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the

1    Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

2    California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent

3    Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly

4    reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement

5    this response accordingly (in whole or in part), and to object to the use or disclosure of the this response

6    for any purpose whatsoever.

7           59.    In response to paragraph 59 of the SAC, Defendant is without sufficient knowledge or

8    information to form a belief as to the truth of the allegations relating to KFC and/or the alleged Dunning

9    Group, and on that basis denies each such allegation contained therein.  As to the remaining allegations

10   contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth

11   Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California

12   Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant

13   determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the

14   right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response

15   accordingly (in whole or in part), and to object to the use or disclosure of the this response for any

16   purpose whatsoever.

17          60.    In response to paragraph 60 of the SAC, Defendant is without sufficient knowledge or

18   information to form a belief as to the truth of the allegations relating to KFC, Todd Dunning, Brian

19   Dunning, and/or the alleged Dunning Group, and on that basis denies each such allegation contained

20   therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against

21   self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

22   Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

23   section 940.  To the extent Defendant determines that there is no longer potential for criminal

24   prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

25   leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

26   use or disclosure of the this response for any purpose whatsoever.

27          61.    In response to paragraph 61 of the SAC, Defendant is without sufficient knowledge or

28   information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

62.    In response to paragraph 62 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to the alleged Dunning Group, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

63.    In response to paragraph 63 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to the alleged Dunning Group, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

/ / /

64.     In response to paragraph 64 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

**THIRD CAUSE OF ACTION**
**(Fraud)**

65.     In response to paragraph 65 of the SAC, Defendant refers to and incorporates herein Defendant's responses as provided in paragraphs 1 through 64 above.

66.     In response to paragraph 66 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to the alleged DOE defendants, and on that basis denies each such allegation contained therein.  As to the remaining allegations, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

67.     In response to paragraph 67 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

68.     In response to paragraph 68 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE defendants, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

69.     In response to paragraph 69 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE defendants, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

70.     In response to paragraph 70 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE defendants, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

71.     In response to paragraph 71 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE defendants, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement

1    this response accordingly (in whole or in part), and to object to the use or disclosure of the this response
2    for any purpose whatsoever.

3        72.    In response to paragraph 72 of the SAC, Defendant is without sufficient knowledge or
4    information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE
5    defendants, and on that basis denies each such allegation contained therein.  As to the remaining
6    allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the
7    Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the
8    California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent
9    Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly
10   reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement
11   this response accordingly (in whole or in part), and to object to the use or disclosure of the this response
12   for any purpose whatsoever.

13       73.    In response to paragraph 73 of the SAC, Defendant hereby asserts the privilege against
14   self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of
15   Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code
16   section 940.  To the extent Defendant determines that there is no longer potential for criminal
17   prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek
18   leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the
19   use or disclosure of the this response for any purpose whatsoever.

20       74.    In response to paragraph 74 of the SAC, Defendant is without sufficient knowledge or
21   information to form a belief as to the truth of the allegations relating to KFC and/or the alleged DOE
22   defendants, and on that basis denies each such allegation contained therein.  As to the remaining
23   allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the
24   Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the
25   California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent
26   Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly
27   reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement
28   this response accordingly (in whole or in part), and to object to the use or disclosure of the this response

for any purpose whatsoever.

75.     In response to paragraph 75 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

## FOURTH CAUSE OF ACTION
### (California Penal Code §502)

76.     In response to paragraph 76 of the SAC, Defendant refers to and incorporates herein Defendant's responses as provided in paragraphs 1 through 75 above.

77.     In response to paragraph 77 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

78.     In response to paragraph 78 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

79.     In response to paragraph 79 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

1    hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

2    Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

3    and California Evidence Code section 940.  To the extent Defendant determines that there is no longer

4    potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the

5    privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and

6    to object to the use or disclosure of the this response for any purpose whatsoever.

7          80.      In response to paragraph 80 of the SAC, Defendant is without sufficient knowledge or

8    information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

9    each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

10    hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

11    Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

12    and California Evidence Code section 940.  To the extent Defendant determines that there is no longer

13    potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the

14    privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and

15    to object to the use or disclosure of the this response for any purpose whatsoever.

16          81.      In response to paragraph 81 of the SAC, Defendant responds to Plaintiff's prayer for

17    relief as set forth below.

### FIFTH CAUSE OF ACTION
### (Restitution and Unjust Enrichment)

20          82.      In response to paragraph 82 of the SAC, Defendant refers to and incorporates herein

21    Defendant's responses as provided in paragraphs 1 through 81 above.

22          83.      In response to paragraph 83 of the SAC, Defendant is without sufficient knowledge or

23    information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

24    each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

25    hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

26    Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

27    and California Evidence Code section 940.  To the extent Defendant determines that there is no longer

28    potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the

1   privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and

2   to object to the use or disclosure of the this response for any purpose whatsoever.

3         84.    In response to paragraph 84 of the SAC, Defendant is without sufficient knowledge or

4   information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

5   each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

6   hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

7   Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

8   and California Evidence Code section 940.  To the extent Defendant determines that there is no longer

9   potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the

10  privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and

11  to object to the use or disclosure of the this response for any purpose whatsoever.

12        85.    In response to paragraph 85 of the SAC, Defendant is without sufficient knowledge or

13  information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

14  each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

15  hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

16  Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

17  and California Evidence Code section 940.  To the extent Defendant determines that there is no longer

18  potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the

19  privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and

20  to object to the use or disclosure of the this response for any purpose whatsoever.

21        86.    In response to paragraph 86 of the SAC, Defendant responds to Plaintiff's prayer for

22  relief as set forth below.

23                              **SIXTH CAUSE OF ACTION**

24                     **(California Business & Professions Code §17200)**

25        87.    In response to paragraph 87 of the SAC, Defendant refers to and incorporates herein

26  Defendant's responses as provided in paragraphs 1 through 86 above.

27        88.    In response to paragraph 88 of the SAC, Defendant is without sufficient knowledge or

28  information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

1  each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

2  hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

3  Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

4  and California Evidence Code section 940.  To the extent Defendant determines that there is no longer

5  potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the

6  privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and

7  to object to the use or disclosure of the this response for any purpose whatsoever.

8         89.    In response to paragraph 89 of the SAC, Defendant is without sufficient knowledge or

9  information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

10  each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

11  hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

12  Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

13  and California Evidence Code section 940.  To the extent Defendant determines that there is no longer

14  potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the

15  privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and

16  to object to the use or disclosure of the this response for any purpose whatsoever.

17         90.    In response to paragraph 90 of the SAC, Defendant is without sufficient knowledge or

18  information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

19  each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

20  hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

21  Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

22  and California Evidence Code section 940.  To the extent Defendant determines that there is no longer

23  potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the

24  privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and

25  to object to the use or disclosure of the this response for any purpose whatsoever.

26         91.    In response to paragraph 91 of the SAC, Defendant is without sufficient knowledge or

27  information to form a belief as to the truth of the allegations relating to KFC, and on that basis denies

28  each such allegation contained therein.  As to the remaining allegations contained therein, Defendant

hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

92.     In response to paragraph 92 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

**AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

93.     As a first, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendants allege that Plaintiff's SAC, and every purported cause of action stated therein, fails to state facts sufficient to constitute a cause of action against Defendant.

SECOND AFFIRMATIVE DEFENSE:
(Contractual Limitations Period)

94.     As a second and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred by the one-year contractual limitations provision set forth in the Commission Junction Publisher Services Agreement of which Plaintiff is a third party beneficiary and which Plaintiff incorporated by reference into the eBay Supplemental Terms & Conditions.

THIRD AFFIRMATIVE DEFENSE:
(Statute of Limitations)

95.     As a third and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred by the applicable statute of limitations.  Said limitations include,

but are not limited to, 18 U.S.C. §1030(g), 15 U.S.C. §15b (as applied to 18 U.S.C. §§1962, 1964), California Penal Code §502(e)(5), California Code of Civil Procedure §§ 338, 339, and California Business & Professions Code §17208.

### FOURTH AFFIRMATIVE DEFENSE:
(Improper Venue)

96.     As a fourth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the filing of this action in the above-captioned Court is improper based on the forum selection clause set forth in the Commission Junction Publisher Services Agreement of which Plaintiff is a third party beneficiary and which Plaintiff incorporated by reference into the eBay Supplemental Terms & Conditions.

### FIFTH AFFIRMATIVE DEFENSE:
(Consent)

97.     As a fifth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because any such conduct as alleged in the SAC was consented to by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE:
(Authorization)

98.     As a sixth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because any such conduct as alleged in the SAC was known, authorized, and encouraged by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE:
(Estoppel)

99.     As a seventh and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Plaintiff's acts, omissions, representations and conduct constitute an estoppel, and bar its claims.

/././

1
2

<u>EIGHTH AFFIRMATIVE DEFENSE</u>:
(Waiver)

3      100.    As an eighth and separate Affirmative Defense, and solely by way of an alternative

4  defense, not to be construed as an admission of waiver of any kind, Defendant alleges that the SAC and

5  each and every cause of action therein is barred because Plaintiff has waived any and all claims it has

6  made against Defendant.

7
8

<u>NINTH AFFIRMATIVE DEFENSE</u>:
(Laches, Unclean Hands, Acquiescence,
Ratification, Assumption of the Risk)

9      101.    As a ninth and separate Affirmative Defense, and solely by way of an alternative defense,

10  not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and

11  every cause of action therein is barred by the doctrine of laches, unclean hands, acquiescence,

12  ratification, and reasonably implied assumption of the risk.

13

<u>TENTH AFFIRMATIVE DEFENSE</u>:
(No Damages Suffered)

14
15      102.    As a tenth and separate Affirmative Defense, and solely by way of an alternative

16  defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and

17  each and every cause of action therein is barred because Plaintiff never sustained any damages caused by

Defendant, and Plaintiff lacks standing.

18
19

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>:
(Damages Not Subject to Reasonable Calculation)

20      103.    As an eleventh and separate Affirmative Defense, and solely by way of an alternative

21  defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and

22  each and every cause of action therein is barred because Plaintiff's damages, if any, are not subject to

23  reasonable calculation.

24

<u>TWELFTH AFFIRMATIVE DEFENSE</u>:
(Failure to Mitigate Damages)

25
26      104.    As a twelfth and separate Affirmative Defense, and solely by way of an alternative

27  defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and

28  each and every cause of action therein is barred because Plaintiff failed to exercise reasonable

resourcefulness, care and diligence to mitigate any damages, and any recovery against Defendant should be reduced accordingly.

### THIRTEENTH AFFIRMATIVE DEFENSE:
(In Pari Delicto)

105.    As a thirteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred by the doctrine of in pari delicto.

### FOURTEENTH AFFIRMATIVE DEFENSE:
(Plaintiff's Negligence)

106.    As a fourteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Plaintiff's damages, if any, were caused by Plaintiff's own negligence or want of ordinary care and prudence.

### FIFTEENTH AFFIRMATIVE DEFENSE:
(Intervening/Superseding Actions)

107.    As a fifteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred to the extent that the damages or losses allegedly sustained by Plaintiff, if any, were the direct and proximate result of intervening and superceding actions on the part of other parties, and not Defendant, barring Plaintiff's recovery from Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE:
(No Intent to Injure)

108.    As a sixteenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred because Defendant at no time acted with any intent to injure Plaintiff, and the Defendant took no actions intended to cause any harm to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE:
(No Willful, Malicious, Oppressive or Outrageous Conduct)

109.    As a seventeenth and separate Affirmative Defense, and solely by way of an alternative

defense, not to be construed as an admission or waiver of any kind, Defendant alleges that Defendant did

not engage in any willful, malicious, oppressive or outrageous conduct with regard to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE:
### (Adequate Legal Remedy)

110.    As an eighteenth and separate Affirmative Defense, and solely by way of an alternative

defense, not to be construed as an admission of waiver of any kind, Defendant alleges that Plaintiff's

prayer for injunctive relief is barred because Plaintiff has an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE:
### (Any Harm Proximately Caused by Others)

111.    As a nineteenth and separate Affirmative Defense, and solely by way of an alternative

defense, not to be construed as an admission, Defendant alleges that the SAC and each and every cause

of action therein is barred because any losses, damages and/or injuries sustained by Plaintiff were

proximately caused by the fault of persons or entities other than Defendant, over whom Defendant has

no control.

## TWENTIETH AFFIRMATIVE DEFENSE:
### (Good Faith)

112.    As a twentieth and separate Affirmative Defense, and solely by way of an alternative

defense, not to be construed as an admission of waiver of any kind, Defendant alleges that the SAC and

each and every cause of action therein is barred because Defendant has acted in good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE:
### (Setoff)

113.    As a twenty-first and separate Affirmative Defense, and solely by way of an alternative

defense, not to be construed as an admission of waiver of any kind, Defendant alleges that Plaintiff's

damages, if any, are subject to setoff and should be reduced accordingly.

## TWENTY-SECOND AFFIRMATIVE DEFENSE:
### (Indispensable Party)

114.    As a twenty-second and separate Affirmative Defense, and solely by way of an alternative

defense, not to be construed as an admission of waiver of any kind, Defendant alleges that the SAC and

each and every cause of action therein is barred because Plaintiff has failed to join an indispensable party

or parties to this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE:
(Plaintiff's Agents)

115.    As a twenty-third and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission of waiver of any kind, Defendant alleges that the SAC and each and every cause of action therein is barred based on the actions and/or omissions of Plaintiff's own agents.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE:
(Reservation of Right to Assert Additional Defenses)

116.    As an twenty-fourth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, Defendant alleges that at the time of the filing of this Answer, affirmative defenses may not have been alleged for reasons that insufficient facts and information were available after reasonable inquiry.  Defendant therefore reserves the right to amend this answer to allege additional affirmative defenses based upon subsequent discovery of new or different facts or subsequent appreciation of currently known facts.

## RESPONSE TO PRAYER FOR RELIEF

WHEREFORE, Defendant SHAWN HOGAN prays for judgment as follows:

1.      That Plaintiff take nothing by reason of its SAC and that judgment be entered in favor of Defendant;

2.      That Defendant be awarded costs of suit incurred in the defense of this action including reasonable attorneys' fees, to the extent allowed by law;

3.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: August 31, 2009                      s/Ross M. Campbell
                                            COAST LAW GROUP, LLP
                                            Attorneys for Defendants Shawn Hogan
                                            and Digital Point Solutions, Inc.