Stewart H. Foreman  (CSB #61149)
Daniel T. Bernhard  (CSB #104229)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone:  (415) 541-0200
Facsimile:  (415) 495-4332
Email: foreman@freelandlaw.com
         bernhard@freelandlaw.com

Attorneys for Defendants Todd Dunning and
Dunning Enterprise, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC., | CASE NO.: CV-08-4052 JF |
| Plaintiff, | **ANSWER OF DEFENDANT DUNNING ENTERPRISE, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, | Date action filed:  August 25, 2008 |
| Defendants. | |

Defendant DUNNING ENTERPRISE, INC. ("Defendant") answers the allegations of Plaintiff B-BAY, INC.'s ("Plaintiff's") Second Amended Complaint ("SAC") in the above-captioned matter. The responses set forth herein are made solely as to, by, and on behalf of, Defendant DUNNING ENTERPRISE, INC.

## PARTIES

1.      In response to paragraph 1 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

2.      In response to paragraph 2 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and ever)' allegation contained therein.

3.      In response to paragraph 3 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4.      In response to paragraph 4 of the SAC, this paragraph does not allege any facts and therefore does not require a substantive response.   In this answer, Defendant will use the same definition of "DPS" as used in the SAC.

5.      In response to paragraph 5 of the SAC, Defendant admits that Defendant Kessler's Flying Circus is a California general partnership, doing business in the State of California.

6.      In response to paragraph 6 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph regarding the corporate status of Defendant Thunderwood Holdings, Inc., and on that basis denies each and every such allegation contained therein.   Defendant admits a belief that defendant Thunderwood Holdings, Inc. is a general partner in defendant Kessler's Flying Circus.

7.      In response to paragraph 7 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein except that Defendant admits a belief that defendant Brian Dunning resides in California.

8.      In response to paragraph 3 of the SAC, Defendant admits that Defendant Dunning Enterprise, Inc. is incorporated as a California corporation on or about December 27, 2006, and that it was a general partner in defendant Kessler's Flying Circus after that date.   Defendant denies all remaining allegations contained in paragraph 8.

9.      In response to paragraph 9 of the SAC, Defendant admits that defendant Todd Dunning resides in the State of California and that he owns a controlling interest in this Defendant.   Except as so admitted, Defendant denies each and every other allegation contained therein.

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

10.     In response to paragraph 10 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11.     In response to paragraph 11 of the SAC, this paragraph does not allege any facts and therefore does not require a substantive response.  With respect to any and all collective references to "KFC" in the SAC which are intended to include this Defendant, Defendant's responses set forth in this answer are made solely as to, by, and on behalf of Defendant DUNNING ENTERPRISE, INC.

12.     In response to paragraph 12 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13.     In response to paragraph 13 of the SAC, this paragraph does not allege any facts and therefore does not require a substantive response.  With respect to any and all collective references to "Defendants" in the SAC which are intended to include this Defendant, Defendant's responses set forth in this answer are made solely as to, by, and on behalf of, Defendant DUNNING ENTERPRISE, INC.

**JURISDICTION AND VENUE**

14.     In response to paragraph 14 of the SAC, Defendant denies each and every allegation contained therein.

15.     In response to paragraph 15 of the SAC, Defendant denies each and every allegation contained therein.

16.     In response to paragraph 16 of the SAC, Defendant denies each and every) allegation contained therein.

**INTRADISTRICT ASSIGNMENT**

17.     In response to paragraph 17 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff's headquarters are located in San Jose, Santa Clara County, California, and on that basis denies said allegations.  Defendant denies each and every remaining allegation contained in paragraph 17.

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

**GENERAL ALLEGATIONS**

18.    In response to paragraph 18 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19.    In response to paragraph 19 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20.    In response to paragraph 20 of the SAC, Defendant admits its belief that Plaintiff used the services of Commission Junction, Inc.'s in recruiting, tracking, monitoring, detecting, paying and administering Plaintiff's Affiliate Marketing Program.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21.    In response to paragraph 21 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22.    In response to paragraph 22 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23.    In response to paragraph 23 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24.    In response to paragraph 24 of the SAC, Defendant denies each and every allegation contained in this paragraph.

25.    In response to paragraph 25 of the SAC,  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies each such allegation contained therein.   Defendant denies each and every remaining allegation contained in said paragraph.

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

26.     In response to paragraph 26 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that the User Agreement was agreed to by any other Defendant, and on that basis denies each such allegation contained therein. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

27.     In response to paragraph 27 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies each such allegation contained therein.  Defendant denies each and every remaining allegation contained in said paragraph.

28.     In response to paragraph 28 of the SAC, Defendant denies each and every allegation contained therein.

29.     In response to paragraph 29 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies each such allegation contained therein.  Defendant denies each and every remaining allegation contained in said paragraph.

30.     In response to paragraph 30 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph relating to DPS, and on that basis denies each and every allegation contained therein.

31.     In response to paragraph 31 of the SAC, Defendant denies each and every allegation contained therein.

32.     In response to paragraph 32 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, Shawn Hogan and Brian Dunning, and on that basis denies each such allegation contained therein.  In response to the allegations regarding additional false statements set forth in paragraph 60, said allegations do not require a response, as the Second Cause of Action for alleged violations of IS U.S.C. § 1962(c) prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  SAC. Such definition excludes this Defendant. Defendant denies each and every remaining

2  allegation contained in paragraph 32.

3      33.    In response to paragraph 33 of the SAC, Defendant is without sufficient knowledge or

4  information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies

5  each such allegation contained therein. Defendant denies each and every remaining allegation

6  contained in paragraph 32.

7      34.    In response to paragraph 34 of the SAC, Defendant admits that Commission Junction

8  filed an action against Defendants Kessler's Flying Circus, Brian Dunning, Todd Dunning and others;

9  that Commission Junction sought to recoup payments made to said defendants; and that said action

10  has settled and dismissed with prejudice. Defendant is without sufficient knowledge or information to

11  form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis

12  denies each and every allegation contained therein.

### FIRST CAUSE OF ACTION
### (18 U.S.C. §1030)

15      35.    In response to paragraph 35 of the SAC, Defendant refers to and incorporates herein its

16  responses as provided in paragraphs 1 through 34 above.

17      36.    In response to paragraph 36 of the SAC, Defendant is without sufficient knowledge or

18  information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies

19  each such allegation contained therein. Defendant denies each and every remaining allegation

20  contained in said paragraph.

21      37.    In response to paragraph 37 of the SAC, Defendant is without sufficient knowledge or

22  information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies

23  each such allegation contained therein. Defendant denies each and every remaining allegation

24  contained in said paragraph.

25      38.    In response to paragraph 38 of the SAC, Defendant denies each and every allegation

26  contained therein.

27      39.    In response to paragraph 39 of the SAC, Defendant denies each and every allegation

28  contained in said paragraph.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

40.     In response to paragraph 40 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS and DOES 1-10, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

41.     In response to paragraph 41 of the SAC, Defendant denies each and every allegation contained therein,

42.     In response to paragraph 42 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

43.     In response to paragraph 43 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

44.     In response to paragraph 44 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

## SECOND CAUSE OF ACTION
### (18 U.S.C. §1962(c))

45.     In response to paragraph 45 of the SAC, Defendant refers to and incorporates herein its responses as provided in paragraphs 1 through 44 above.

46.     Paragraph 46 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

47.     Paragraph 47 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

48.     Paragraph 48 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

49.     Paragraph 49 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

50.     Paragraph 50 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and  prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

51.     Paragraph 51 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

52.     Paragraph 52 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

53.     Paragraph 53 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

54.     Paragraph 54 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

55.     Paragraph 55 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

56.     Paragraph 56 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

57.     Paragraph 57 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

58.     Paragraph 58 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

59.     Paragraph 59 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. §1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

60.     Paragraph 60 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

61.     Paragraph 61 does not require a response, as the Second Cause of Action for alleged violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC. Such definition excludes this Defendant. Defendant otherwise denies all allegations in this paragraph.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

9

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1    62.    Paragraph 62 does not require a response, as the Second Cause of Action for alleged

2  violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and  prays for

3  relief only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC.

4  Such definition excludes this Defendant.  Defendant otherwise denies all allegations in this paragraph.

5    63.    Paragraph 63 does not require a response, as the Second Cause of Action for alleged

6  violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief

7  only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC.  Such

8  definition excludes this Defendant.  Defendant otherwise denies all allegations in this paragraph.

9    64.    Paragraph 64 does not require a response, as the Second Cause of Action for alleged

10  violations of 18 U.S.C. § 1962(c) does not make allegations against this Defendant and prays for relief

11  only as against the alleged Hogan Group and Dunning Group defendants as defined in the SAC.  Such

12  definition excludes this Defendant.  Defendant otherwise denies all allegations in this paragraph.

### THIRD CAUSE OF ACTION
(Fraud)

15    65.    In response to paragraph 65 of the SAC, Defendant refers to and incorporates herein its

16  responses as provided in paragraphs 1 through 64 above.

17    66.    In response to paragraph 66 of the SAC, Defendant is without sufficient knowledge or

18  information to form a belief as to the truth of the allegations relating to the DPS and DOES 1-10, and

19  on that basis denies each such allegation contained therein.  Defendant denies each and every

20  remaining allegation contained in said paragraph.

21    67.    In response to paragraph 67 of the SAC, Defendant is without sufficient knowledge or

22  information to form a belief as to the truth of the allegations relating to DOES 12-20 contained in said

23  paragraph, and on that basis denies each and every allegation contained therein.  Defendant denies

24  each and every remaining allegation contained in this paragraph.

25    68.    In response to paragraph 68 of the SAC, Defendant is without sufficient knowledge or

26  information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies

27  each such allegation contained therein. Defendant denies each and every remaining allegation

28  contained in said paragraph.

10

1    69.    In response to paragraph 69 of the SAC, Defendant is without sufficient knowledge or

2    information to form a belief as to the truth of the allegations relating to DPS, and DOES 1-10 and 12-

3    20, and on that basis denies each such allegation contained therein. Defendant denies each and every

4    remaining allegation contained in said paragraph.

5    70.    In response to paragraph 70 of the SAC, Defendant is without sufficient knowledge

6    information to form a belief as to the truth of the allegations relating to DPS and DOES 1-10 and 12-

7    20, and on that basis denies each such allegation contained therein. Defendant denies each and every

8    remaining allegation contained in said paragraph.

9    71.    In response to paragraph 71 of the SAC, Defendant is without sufficient knowledge or

10   information to form a belief as to the truth of the allegations relating to DPS and DOES 1-10 and 12-

11   20, and on that basis denies each such allegation contained therein. Defendant denies each and every

12   remaining allegation contained in said paragraph.

13   72.    In response to paragraph 72 of the SAC, Defendant is without sufficient knowledge or

14   information to form a belief as to the truth of the allegations relating to DPS and DOES 1-10 and 12-

15   20, and on that basis denies each such allegation contained therein.  Defendant denies each and every

16   remaining allegation contained in said paragraph.

17   73.    In response to paragraph 73 of the SAC, Defendant denies each and every allegation

18   74.    In response to paragraph 74 of the SAC, Defendant is without sufficient knowledge or

19   information to form a belief as to the truth of the allegations relating to DPS and DOES 1-10 and 12-

20   20, and on that basis denies each such allegation contained therein.  Defendant denies each and every

21   remaining allegation contained in said paragraph.

22   75.    In response to paragraph 75 of the SAC, Defendant responds to Plaintiff's prayer for

23   relief as set forth below.

24                                **FOURTH CAUSE OF ACTION**
                                  (California Penal Code §502)
25

26   76.    In response to paragraph 76 of the SAC, Defendant refers to and incorporates herein its

27   responses as provided in paragraphs 1 through 75 above.

28   ///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

77.     In response to paragraph 77 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

78.     In response to paragraph 78 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

79.     In response to paragraph 79 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies each such allegation contained therein. Defendant denies each and every remaining allegation contained in said paragraph.

80.     In response to paragraph 80 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies each such allegation contained therein.  Defendant denies each and every remaining allegation contained in said paragraph.

81.     In response to paragraph 81 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**(Restitution and Unjust Enrichment)**

82.     In response to paragraph 82 of the SAC, Defendant refers to and incorporates herein its responses as provided in paragraphs 1 through 81 above.

83.     In response to paragraph 83 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies each such allegation contained therein.  Defendant denies each and every remaining allegation contained in said paragraph.

84.     In response to paragraph 84 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies

1   each such allegation contained therein. Defendant denies each and every remaining allegation
2   contained in said paragraph.

3       85.     In response to paragraph 85 of the SAC, Defendant is without sufficient knowledge or
4   information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies
5   each such allegation contained therein. Defendant denies each and every remaining allegation
6   contained in said paragraph.

7       86.     In response to paragraph 86 of the SAC, Defendant responds to Plaintiff's prayer for
8   relief as set forth below.

9                           **SIXTH CAUSE OF ACTION**
10                  (California Business & Professions Code §17200)

11      87.     In response to paragraph 87 of the SAC, Defendant refers to and incorporates herein its
12  responses as provided in paragraphs 1 through 86 above.

13      88.     In response to paragraph 88 of the SAC, Defendant is without sufficient knowledge or
14  information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies
15  each such allegation contained therein. Defendant denies each and every remaining allegation
16  contained in said paragraph.

17      89.     In response to paragraph 89 of the SAC, Defendant is without sufficient knowledge or
18  information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies
19  each such allegation contained therein. Defendant denies each and every remaining allegation
20  contained in said paragraph.

21      90.     In response to paragraph 90 of the SAC, Defendant is without sufficient knowledge or
22  information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies
23  each such allegation contained therein. Defendant denies each and every remaining allegation
24  contained in said paragraph.

25      91.     In response to paragraph 91 of the SAC, Defendant is without sufficient knowledge or
26  information to form a belief as to the truth of the allegations relating to DPS, and on that basis denies
27  each such allegation contained therein. Defendant denies each and every remaining allegation
28  contained in said paragraph.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

ANSWER OF DEFENDANT DUNNING ENTERPRISE TO PLAINTIFF'S SECOND AMENDED COMPLAINT
{00128910-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

92.     In response to paragraph 92 of the SAC, Defendant responds to Plaintiff's prayer for relief as set forth below.

### AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses:

#### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

93.     As a first Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that Plaintiff's SAC, and every purported cause of action stated therein, fails to allege facts sufficient to state a claim for relief of any kind against Defendant.

#### SECOND AFFIRMATIVE DEFENSE:
(Contractual Limitations Period)

94.     As a second Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred by the one-year contractual limitations provision set forth in the Commission Junction Publisher Services Agreement of which Plaintiff is a third party beneficiary and which Plaintiff incorporated by reference into the eBay Supplemental Terms & Conditions.

#### THIRD AFFIRMATIVE DEFENSE:
(Statute of Limitations)

95.     As a third Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred by the applicable statute of limitations.  Said limitations include, but are not limited to, 18 U.S.C. §1030(g), 15 U.S.C. § 15b (as applied to 18 U.S.C. §1962, 1964), California Penal Code §502(e)(5), California Code of Civil Procedure § 338, 339, and California Business & Professions Code §17208.

#### FOURTH AFFIRMATIVE DEFENSE:
(Improper Venue)

96.     As a fourth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the filing of this action in the above-captioned Court is improper based on the forum selection clause set forth in the Commission Junction Publisher Services Agreement of which

Plaintiff is a third party beneficiary and which Plaintiff incorporated by reference into the eBay Supplemental Terms & Conditions.

### FIFTH AFFIRMATIVE DEFENSE:
(Consent, Ratification and Modification of Contracts)

97.     As a fifth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because the conduct alleged in the SAC was consented to and ratified by Plaintiff and its agent, Commission Junction, Inc.  Such consent and ratification resulted in a modification of the Commission Junction Publisher Service Agreement and the eBay Special Terms and Conditions so that Defendant's alleged conduct was authorized by such contractual agreements.

### SIXTH AFFIRMATIVE DEFENSE:
(General Authorization and Authorized Access)

98.     As a sixth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because the conduct alleged in the SAC, including but not limited to the alleged access to Plaintiff's computers, was known, authorized, ratified, accepted, and encouraged by Plaintiff and its agent, Commission Junction, Inc.

### SEVENTH AFFIRMATIVE DEFENSE:
(Estoppel)

99.     As a seventh Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because Plaintiff's and its agent's, Commission Junction, Inc.'s, acts, omissions, representations and conduct constitute an estoppel, and bar all its claims alleged in the SAC.

### EIGHTH AFFIRMATIVE DEFENSE:
(Waiver)

100.     As an eighth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because Plaintiff has waived any and all claims it alleges against Defendant through Plaintiff's and its agent's,

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

15

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  Commission Junction, Inc.'s, actual or constructive knowledge, consent and conduct in relation to the

2  alleged participation of Defendant in Plaintiff's Affiliate Marketing Program.

### NINTH AFFIRMATIVE DEFENSE:
(Laches, Unclean Hands, Acquiescence,
Assumption of the Risk)

5      101.    As a ninth Affirmative Defense, and not as an admission or waiver of any kind,

6  Defendant alleges that the SAC, and each and every cause of action therein, is barred by the doctrines

7  of laches, unclean hands, acquiescence, and reasonably implied assumption of the risk.

### TENTH AFFIRMATIVE DEFENSE:
(No Damages, Losses or Impairment of Computers)

10     102.    As a tenth Affirmative Defense, and not as an admission or waiver of any kind,

11  Defendant alleges that the SAC, and each and every cause of action therein, is barred because Plaintiff

12  never sustained any damages or losses caused by Defendant, and Plaintiff never suffered any

13  impairment to its computers or data therein as required and defined by the Computer Fraud and Abuse

14  Act, 18 U.S.C. § 1030 *et seq* and California Penal Code § 502.

### ELEVENTH AFFIRMATIVE DEFENSE:
(Damages Not Subject to Reasonable Calculation)

17     103.    As an eleventh Affirmative Defense, and not as an admission or waiver of any kind,

18  Defendant alleges that the SAC, and each and every cause of action therein, is barred because

19  Plaintiff's alleged damages, if any, are not subject to reasonable calculation.

### TWELFTH AFFIRMATIVE DEFENSE:
(Failure to Mitigate Damages)

22     104.    As a twelfth Affirmative Defense, and not as an admission or waiver of any kind,

23  Defendant alleges that the SAC, and each and every cause of action therein, is barred because

24  Plaintiff, and its agent, Commission Junction, Inc., failed to act on information in their possession and

25  failed to exercise reasonable resourcefulness, care and diligence to prevent and mitigate any alleged

26  damages, so that any recovery against Defendant is barred or should be reduced accordingly.

27  ///

28  ///

1
2

### THIRTEENTH AFFIRMATIVE DEFENSE:
(In Pari Delicto)

3      105.   As a thirteenth Affirmative Defense, and not as an admission or waiver of any kind,
4    Defendant alleges that the SAC and each and every cause of action therein is barred by the doctrine of
5    in pari delicto.  Plaintiff and/or its agent, Commission Junction, Inc., with knowledge authorized,
6    encouraged and ratified the conduct alleged in the SAC by Defendant.

7      ### FOURTEENTH AFFIRMATIVE DEFENSE:
8    (Plaintiffs Negligence)

9      106.   As a fourteenth Affirmative Defense, and not as an admission or waiver of any kind,
10   Defendant alleges that the SAC, and each and every cause of action therein, is barred because of
11   Plaintiff's and it's agent's, Commission Junction, Inc.'s, negligence or want of ordinary care and
12   prudence after having knowledge and information about Defendant's alleged conduct.

13     ### FIFTEENTH AFFIRMATIVE DEFENSE:
14   (Intervening/Superseding Actions)

15     107.   As a fifteenth Affirmative Defense, and not as an admission or waiver of any kind,
16   Defendant alleges that the SAC, and each and every cause of action therein, is barred to the extent that
17   the damages or losses allegedly sustained by Plaintiff, if any, were the direct and proximate result of
18   intervening and superceding actions on the part of other persons or entities, including but not limited
19   to Commission Junction, Inc., and not Defendant, thereby barring Plaintiff's recovery from
20   Defendant.

21     ### SIXTEENTH AFFIRMATIVE DEFENSE:
22   (No Intent to Injure)

23     108.   As a sixteenth Affirmative Defense, and not as an admission or waiver of any kind,
24   Defendant alleges that the SAC, and each and every cause of action therein, is barred because
25   Defendant at no time acted with any intent to injure Plaintiff.  Defendant took no actions intended to
26   cause any harm to Plaintiff, and the Defendant believed in good faith that Plaintiff knowingly
27   authorized, ratified and benefitted from Defendant's alleged conduct.

28   ///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

17

SEVENTEENTH AFFIRMATIVE DEFENSE:
(Acceptance of Benefits)

109.   As a seventeenth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that Plaintiff knew that Defendant's conduct alleged in the SAC created substantial benefits for Plaintiff, and Plaintiff knowingly and willingly accepted such benefits.   Accordingly, Plaintiff is barred from receiving any relief under the SAC.

EIGHTEENTH AFFIRMATIVE DEFENSE:
(Adequate Legal Remedy)

110.   As an eighteenth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that Plaintiff's prayer for injunctive relief is barred because Plaintiff has an adequate remedy at law by preventing Defendant from participating in the future in its Affiliate Marketing Program.

NINETEENTH AFFIRMATIVE DEFENSE:
(Any Harm Proximately Caused by Others)

111.   As a nineteenth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because any losses, damages and/or injuries sustained by Plaintiff were proximately caused by the fault of persons or entities other than Defendant, who acted without Defendant's knowledge or consent, and over whom Defendant has no control.   In particular, but without limitation, Defendant alleges that Plaintiff's agent, Commission Junction, Inc., and Plaintiff's employees such as Christine Kim, reviewed and approved Defendant's conduct under the Affiliate Marketing Program as alleged in the SAC, and thus proximately caused any damages, losses or injuries claimed by Plaintiff.

TWENTIETH AFFIRMATIVE DEFENSE:
(Good Faith)

112.   As a twentieth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because Defendant has acted in good faith based on the belief and understanding that Plaintiff and its agent

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

and employee, Commission Junction, Inc. and Christine Kim, authorized its conduct as alleged in the SAC.

### TWENTY-FIRST AFFIRMATIVE DEFENSE:
(Setoff)

113.    As a twenty-first Affirmative Defense, and not as an admission ot waiver of any kind, Defendant alleges that Plaintiff's damages, if any, are subject to setoff and should be reduced accordingly since Plaintiff has not paid all commissions due to KFC.

### TWENTY-SECOND AFFIRMATIVE DEFENSE:
(Indispensable Party)

114.    As a twenty-second Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because Plaintiff has failed to join an indispensable party or parties to this action, including but not limited to Commission Junction, Inc. and Christine Kim.

### TWENTY-THIRD AFFIRMATIVE DEFENSE:
(Plaintiff's Agents)

115.    As a twenty-third Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred based on the actions and/or omissions of Plaintiff's agents and representatives, including but not limited to Commission Junction, Inc. and Christine Kim.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(No Liability For Conduct By Other Defendants)

116.    As a twenty-fourth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that prior to December 27, 2006, this Defendant was not a partner in Defendant Kessler's Flying Circus. After such date, Defendant became a general partner in Defendant Kessler's Flying Circus in place of Defendant Todd Dunning. Defendant alleges that it did not have any ownership, control or knowledge of the conduct of Defendants BrianDunning.com., Thunderwood Holdings, Inc., or Brian Dunning. Defendant was not an agent or representative for these

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

19

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1   defendants.   Therefore, Defendant has no liability or responsibility for the alleged conduct of any

2   other defendants under the allegations of the SAC.

3              TWENTY-FIFTH AFFIRMATIVE DEFENSE:
                      (Settlement and Release)
4

5       117.   As a twenty-fifth Affirmative Defense, and not as an admission or waiver of any kind,

6   Defendant alleges that the SAC, and each and every cause of action therein, is barred by the full and

7   complete settlement and release of claims entered into between Defendant and Plaintiff's agent,

8   Commission Junction, Inc.

9              TWENTY-SIXTH AFFIRMATIVE DEFENSE:
                (Reservation of Right to Assert Additional Defenses)
10

11      118.   As a twenty-sixth Affirmative Defense, and not as an admission or waiver of any kind,

12  Defendant alleges that at the time of the filing of this Answer, affirmative defenses may not have been

13  alleged for reasons that insufficient facts and information were available after reasonable inquiry.

14  Defendant therefore reserves the right to amend this answer to allege additional affirmative defenses

15  based upon subsequent discovery of new or different facts or subsequent appreciation of currently

16  known facts.

17                 **RESPONSE TO PRAYER FOR RELIEF**

18  WHEREFORE, Defendant DUNNING ENTERPRISE, INC. prays for judgment as follows:

19      1.     That Plaintiff take nothing by reason of its SAC and that judgment be entered in favor

20  of Defendant;

21      2.     That Defendant be awarded costs of suit incurred in the defense of this action including

22  reasonable attorneys' fees, to the extent allowed by law;

23      3.     For such other and further relief as the Court deems just and proper.

24  Dated: September 9, 2009            FREELAND COOPER & FOREMAN LLP

25

26                                     By:

27                                     For  STEWART H. FOREMAN
                                           Attorneys for Defendants Todd Dunning and
28                                         Dunning Enterprise, Inc.

                                                                                            20

## CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen and not a party to the within action; my business address is 150 Spear Street, Suite 1800, San Francisco, California 94105.

On September 9, 2009, I served the foregoing documents described as follows:

**Answer of Defendant Dunning Enterprise, Inc. to Plaintiff's Second Amended Complaint**

by placing a true and correct copy thereof enclosed in a sealed envelope addressed to the party(ies) of record whose name(s) and address(es) appear below:

### SEE ATTACHED SERVICE LIST

_X_ [BY MAIL - CCP § 1013a] I caused such sealed envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California, for collection and mailing to the office of addressee(s) on the date shown herein following ordinary business practice.

___ [HAND-DELIVERY/Personal/Messenger - CCP § 1011] I caused such envelope to be hand-delivered by a courier, who personally delivered such envelope to the office of the addressee(s) on the date herein.

___ [BY FACSIMILE - CCP § 1013(e)] - I caused such document(s) to be transmitted via facsimile electronic equipment transmission on the party(ies), whose name(s), address(es) and fax number(s) are listed above, on the date stated herein and at the time set forth on the attached transmission reported indicating that the facsimile transmission was complete and without error.

___ [BY FEDEX (Overnight Delivery) - CCP § 1013(c)] I caused such envelope to be delivered to the Federal Express Office in San Francisco, California, with whom we have a direct billing account, to be delivered on the next business day.

___ [BY E-MAIL or ELECTRONIC TRANSMISSION] . Based on a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

___ [STATE] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ [FEDERAL] Service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to this cause.

Executed on September 9, 2009, at San Francisco, California.

Joyce B. Johnson

CERTIFICATE OF SERVICE, CASE NO. CV-08-4052 (JF)
{00120756-1}

## ATTACHED SERVICE LIST

Leo Presiado
RUS, MILIBAND & SMITH
Von Karman Towers
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Attorneys for Defendants Brian Dunning
and Thunderwood Holdings, Inc.

Seyamack Kouretchian
COAST LAW GROUP
1140 S. Coast Highway 101
Encinitas, CA 92024
Attorneys for Defendants Shawn Hogan and
Digital Point Solutions, Inc.

David Eberhart
O'MELVENY & MYERS LLP
Embarcadero Center West
2 Embarcadero Center, 28th Floor
San Francisco, CA 94111
Attorneys for Plaintiff eBay, Inc.
Telephone: 415-984-8700
Facsimile: 415-984-8701
Attorneys for Plaintiff eBay, Inc.

Patrick K. McClellan
Von Karman Towers
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Attorney for Kessler's Flying Circus

CERTIFICATE OF SERVICE, CASE NO. CV-08-4052 (JF)
{00120756-1}

2