Stewart H. Foreman (CSB #61149)
Daniel T. Bernhard (CSB #104229)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 541-0200
Facsimile: (415) 495-4332
Email: foreman@freelandlaw.com
        bernhard@freelandlaw.com

Attorneys for Defendants Todd Dunning
and Dunning Enterprise, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC., | CASE NO.: CV-08-4052 JF |
| Plaintiff, | **ANSWER OF DEFENDANT TODD DUNNING TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, | Date action filed: August 25, 2008 |
| Defendants. | |

Defendant TODD DUNNING ("Defendant") answers the allegations of Plaintiff EBAY, INC.'s ("Plaintiff") Second Amended Complaint ("SAC") in this matter. The responses set forth herein are made solely as to, by, and on behalf of Defendant Todd Dunning:

## PARTIES

1.     In response to paragraph 1 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

1

*FREELAND COOPER & FOREMAN LLP*
*150 Spear Street, Suite 1800*
*San Francisco, California 94105*

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

2.    In response to paragraph 2 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3.    In response to paragraph 3 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4.    In response to paragraph 4 of the SAC, this paragraph does not allege any facts and therefore does not require a response.  However, Defendant will use the definition of "DPS" as used in the SAC in this answer.

5.    In response to paragraph 5 of the SAC, Defendant admits a belief in the allegations of this paragraph.

6.    In response to paragraph 6 of the SAC, Defendant admits a belief that an entity named Thunderwood Holdings, Inc. was a general partner of Kessler's Flying Circus.  Except as admitted Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every allegation contained therein.

7.    In response to paragraph 7 of the SAC, Defendant admits a belief that Brian Dunning is an individual residing in the State of California.  Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and on this basis denies the remaining allegations in this paragraph.

8.    In response to paragraph 8 of the SAC, Defendant asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

///

2

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1      9.     In response to paragraph 9 of the SAC, Defendant asserts the privilege against self-

2  incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

3  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

4  section 940.  To the extent Defendant determines that there is no longer potential for criminal

5  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to

6  supplement and/or seek leave to amend this response accordingly (in whole or in part), and to object

7  to the use or disclosure of the this response for any purpose whatsoever.

8      10.    In response to paragraph 10 of the SAC, Defendant denies having any business

9  relationship with or ownership interest in Defendant BrianDunning.com.  As to the remaining

10  allegations in this paragraph, Defendant is without sufficient knowledge or information to form a

11  belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and

12  every allegation contained therein.

13      11.    In response to paragraph 11 of the SAC, this paragraph does not allege any facts and

14  therefore does not require a response.  However, for convenience in making this answer on behalf of

15  Defendant Todd Dunning only, the other named Defendants Kessler's Flying Circus, Thunderwood

16  Holdings, Inc., BrianDunning.com, Brian Dunning and Dunning Enterprise, Inc. are referred to herein

17  collectively as "Other KFC Defendants."  Otherwise, Defendant will use this definition of "KFC" as

18  used in the SAC in this answer.

19      12.    In response to paragraph 12 of the SAC, Defendant is without sufficient knowledge or

20  information to form a belief as to the truth of the allegations contained in said paragraph, and on that

21  basis denies each and every allegation contained therein.

22      13.    In response to paragraph 13 of the SAC, this paragraph does not allege any facts and

23  therefore does not require a response.

24                           **JURISDICTION AND VENUE**

25      14.    In response to paragraph 14 of the SAC, Defendant denies each and every allegation

26  contained therein.

27      15.    In response to paragraph 15 of the SAC, Defendant denies each and every allegation

28  contained therein.

3

16. In response to paragraph 16 of the SAC, Defendant denies each and every allegation contained therein.

## INTRADISTRICT ASSIGNMENT

17. In response to paragraph 17 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff's headquarters are located in San Jose, Santa Clara County, California, and on that basis denies said allegations. As to the remaining allegations contained therein, Defendant asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

## GENERAL ALLEGATIONS

18. In response to paragraph 18 of the SAC, Defendant admits a belief that Plaintiff operates an online trading forum and that sellers may list items for sale and buyers may bid on and purchase items of interest through Plaintiff's website. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations regarding the purpose and circumstances under which Plaintiff operates its affiliate marketing program, and on that basis denies each and every remaining allegation contained therein.

19. In response to paragraph 19 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the purpose and circumstances under which Plaintiff operates its affiliate marketing program, and on that basis denies each and every allegation contained therein.

20. In response to paragraph 20 of the SAC, Defendant admits a belief that Plaintiff and Commission Junction had an agreement regarding the recruiting, detecting, paying, monitoring, and tracking relating to the Plaintiff's Affiliate Marketing Program. Defendant is without sufficient

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

4

1   knowledge or information to form a belief as to the truth of the remaining allegations contained in said

2   paragraph, and on that basis denies each and every allegation contained therein.

3       21.     In response to paragraph 21 of the SAC, Defendant is without sufficient knowledge or

4   information to form a belief as to the truth of the allegations regarding the purpose, methods and

5   circumstances under which Plaintiff operates its affiliate marketing program, and on that basis denies

6   each and every allegation contained therein.

7       22.     In response to paragraph 22 of the SAC, Defendant is without sufficient knowledge or

8   information to form a belief as to the truth of the allegations regarding the purpose, methods and

9   circumstances under which Plaintiff operates its affiliate marketing program, and on that basis denies

10  each and every allegation contained therein.

11      23.     In response to paragraph 23 of the SAC, Defendant is without sufficient knowledge or

12  information to form a belief as to the truth of the allegations regarding the purpose, methods and

13  circumstances under which Plaintiff operates its affiliate marketing program, and on that basis denies

14  each and every allegation contained therein.

15      24.     In response to paragraph 24 of the SAC, Plaintiff's alleged definition of "cookie

16  stuffing" does not allege any facts and therefore does not require a response; however, Defendant does

17  not accept the description used in this paragraph of the SAC.   Defendant is without sufficient

18  knowledge or information to form a belief as to the truth of the allegations relating to Plaintiff's

19  alleged analysis, and on that basis denies each such allegation. Defendant is without sufficient

20  knowledge or information to form a belief as to the truth of the allegations relating to DPS and the

21  Other KFC Defendants, and on that basis denies each such allegation. As to the remaining allegations

22  contained therein, Defendant asserts the privilege against self-incrimination under the Fifth

23  Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California

24  Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent

25  Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly

26  reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend

27  this response accordingly (in whole or in part), and to object to the use or disclosure of the this

28  response for any purpose whatsoever.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

5

25.     In response to paragraph 25 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS and the Other KFC Defendants, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

26.     In response to paragraph 26 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that the User Agreement was agreed to by Defendant, and on that basis denies each such allegation contained therein.  Defendant denies the applicability of the alleged User Agreement and that any causes of action set forth in the SAC arose therefrom.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS and the Other KFC Defendants, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whore or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

27.     In response to paragraph 27 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS and the Other KFC Defendants, and on that basis denies each such allegation contained therein. As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

6

1   the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

2   California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the

3   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

4   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

5   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

6   this response for any purpose whatsoever.

7       28.     In response to paragraph 28 of the SAC, Defendant hereby asserts the privilege against

8   self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

9   Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

10  section 940.   To the extent Defendant determines that there is no longer potential for criminal

11  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

12  leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

13  use or disclosure of the this response for any purpose whatsoever.

14      29.     In response to paragraph 29 of the SAC, Defendant is without sufficient knowledge or

15  information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

16  Defendants, and on that basis denies each such allegation contained therein.   As to the remaining

17  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

18  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

19  California Constitution, Article 1, Section 15; and California Evidence Code section 940.   To the

20  extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

21  expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

22  supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

23  this response for any purpose whatsoever.

24      30.     In response to paragraph 30 of the SAC, Defendant is without sufficient knowledge or

25  information to form a belief as to the truth of the allegations contained in said paragraph regarding

26  DPS, and on that basis denies each and every allegation contained therein.

27      31.     In response to paragraph 31 of the SAC, Defendant hereby asserts the privilege against

28  self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

7

1    Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

2    section 940.   To the extent Defendant determines that there is no longer potential for criminal

3    prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

4    leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

5    use or disclosure of the this response for any purpose whatsoever.

6         32.    In response to paragraph 32 of the SAC, Defendant is without sufficient knowledge or

7    information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

8    Defendants, and on that basis denies each such allegation contained therein.   As to the remaining

9    allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

10   the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

11   California Constitution, Article 1, Section 15; and California Evidence Code section 940.   To the

12   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

13   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

14   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

15   this response for any purpose whatsoever,

16        33.    In response to paragraph 33 of the SAC, Defendant is without sufficient knowledge or

17   information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

18   Defendants, and on that basis denies each such allegation contained therein. Defendant denies the

19   applicability of the alleged User Agreement and that any causes of action set forth in the SAC arose

20   therefrom.   As to the remaining allegations contained therein, Defendant hereby asserts the privilege

21   against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

22   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California

23   Evidence Code Section 940.   To the extent Defendant determines that there is no longer potential for

24   criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege,

25   to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to

26   object to the use or disclosure of the this response for any purpose whatsoever.

27        34.    In response to paragraph 34 of the SAC, Defendant admits that Commission Junction

28   filed an action against various parties including Defendants Kessler's Flying Circus, Brian Dunning

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

8

1    and Todd Dunning; that Commission Junction sought to recoup payments made; and that said action

2    has settled and dismissed with prejudice.  Defendant denies the remaining allegations contained in

3    said paragraph.

## FIRST CAUSE OF ACTION
### (18 U.S.C. §1030)

6    35.    In response to paragraph 35 of the SAC, Defendant refers to and incorporates herein

7    Defendant's responses as provided in paragraphs 1  through 34 above.

8    36.    In response to paragraph 36 of the SAC, Defendant is without sufficient knowledge or

9    information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

10   Defendants, and on that basis denies each such allegation contained therein.  As to the allegations

11   against this Defendant, Defendant hereby asserts the privilege against self-incrimination under the

12   Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

13   California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the

14   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

15   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

16   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

17   this response for any purpose whatsoever.

18   37.    In response to paragraph 37 of the SAC, Defendant is without sufficient knowledge or

19   information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

20   Defendants. Defendant denies the applicability of the alleged User Agreement and that any causes of

21   action set forth in the SAC arose therefrom.  As to the remaining allegations against this Defendant

22   contained in said paragraph, Defendant hereby asserts the privilege against self-incrimination under

23   the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

24   California Constitution, Article 1, Section 15; and California Evidence Code Section 940.  To the

25   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

26   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

27   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

28   this response for any purpose whatsoever.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

38. In response to paragraph 38 of the SAC, Defendant denies each and every allegation contained in this paragraph relating to DPS and the Other KFC Defendants. As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

39. In response to paragraph 39 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS and the Other KFC Defendants, and on that basis denies each such allegation contained therein. As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

40. In response to paragraph 40 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph regarding DPS and the other DOE Defendants, and on that basis denies each and every allegation contained therein.

41. In response to paragraph 41 of the SAC, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

10

1  leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

2  use or disclosure of the this response for any purpose whatsoever.

3       42.    In response to paragraph 42 of the SAC, Defendant is without sufficient knowledge or

4  information to form a belief as to the truth of the allegations contained in said paragraph, and on that

5  basis denies each and every allegation contained therein.

6       43.    In response to paragraph 43 of the SAC, Defendant is without sufficient knowledge or

7  information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

8  Defendants, and on that basis denies each such allegation contained therein.  As to the remaining

9  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

10  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

11  California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the

12  extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

13  expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

14  supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

15  this response for any purpose whatsoever.

16       44.    In response to paragraph 44 of the SAC, Defendant responds to Plaintiff's prayer for

17  relief as set forth below.

18                          **SECOND CAUSE OF ACTION**
                              **(18 U.S.C. §1962(c))**

19       45.    In response to paragraph 45 of the SAC, Defendant refers to and incorporates herein

20  Defendant's responses as provided in paragraphs 1  through 44 above.

21       46.    In response to paragraph 46 of the SAC, Defendant is without sufficient knowledge or

22  information to form a belief as to the truth of the allegations relating to defendants Brian Dunning and

23  Shawn Hogan, and on that basis denies each such allegation contained therein.  As to the remaining

24  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

25  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

26  California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the

27  extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

28  expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

*FREELAND COOPER & FOREMAN LLP*
*150 Spear Street, Suite 1800*
*San Francisco, California 94105*

11

1  supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

2  this response for any purpose whatsoever.

3      47.    In response to paragraph 47 of the SAC, Defendant lacks sufficient knowledge or

4  information to form a belief as to the truth of the allegations in this paragraph regarding the Hogan

5  Group, and on that basis denies each such allegation contained therein.

6      48.    In response to paragraph 48 of the SAC, Defendant is without sufficient knowledge or

7  information to form a belief as to the truth of the allegations contained in said paragraph regarding the

8  Hogan Group, and on that basis denies each and every allegation contained therein.

9      49.    In response to paragraph 49 of the SAC, Defendant hereby asserts the privilege against

10  self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

11  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

12  section 940.   To the extent Defendant determines that there is no longer potential for criminal

13  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

14  leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

15  use or disclosure of the this response for any purpose whatsoever,

16      50.    In response to paragraph 50 of the SAC, Defendant hereby asserts the privilege against

17  self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

18  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

19  section 940.   To the extent Defendant determines that there is no longer potential for criminal

20  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

21  leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

22  use or disclosure of the this response for any

23      51.    In response to paragraph 51 of the SAC, Defendant is without sufficient knowledge or

24  information to form a belief as to the truth of the allegations relating to Brian Dunning, DOES 12-20,

25  and/or the alleged Hogan Group, and on that basis denies each such allegation contained therein. As

26  to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-

27  incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

28  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

12

1  section 940. To the extent Defendant determines that there is no longer potential for criminal

2  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

3  leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

4  use or disclosure of the this response for any purpose whatsoever.

5       52. In response to paragraph 52 of the SAC, Defendant is without sufficient knowledge or

6  information to form a belief as to the truth of the allegations relating to any investigation conducted

7  by Plaintiff, and on that basis denies each such allegation contained therein. As to the remaining

8  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

9  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

10  California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the

11  extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

12  expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

13  supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

14  this response for any purpose whatsoever.

15       53. In response to paragraph 53 of the SAC, Defendant is without sufficient knowledge or

16  information to form a belief as to the truth of the allegations relating to any alleged tests conducted by

17  Plaintiff, and on that basis denies each such allegation contained therein. As to the remaining

18  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

19  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

20  California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the

21  extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

22  expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

23  supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

24  this response for any purpose whatsoever.

25       54. In response to paragraph 54 of the SAC, Defendant's without sufficient knowledge or

26  information to form a belief as to the truth of the allegations relating to alleged investigations

27  conducted or actions undertaken by Gallivan, Gallivan & O'Melia LLC, and on that basis denies each

28  such allegation contained therein. As to the remaining allegations contained therein, Defendant

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

13

1  hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

2  Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section

3  15; and California Evidence Code section 940. To the extent Defendant determines that there is no

4  longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his

5  assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in

6  whole or in part), and to object to the use or disclosure of the this response for any purpose

7  whatsoever.

8      55.     In response to paragraph 55 of the SAC, Defendant is without sufficient knowledge or

9  information to form a belief as to the truth of the allegations relating to alleged investigations

10  conducted or actions undertaken by Gallivan, Gallivan & O'Melia LLC, and on that basis denies each

11  such allegation contained therein. As to the remaining allegations contained therein, Defendant

12  hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States

13  Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section

14  15; and California Evidence Code section 940. To the extent Defendant determines that there is no

15  longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his

16  assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in

17  whole or in part), and to object to the use or disclosure of the this response for any purpose

18  whatsoever.

19      56.     In response to paragraph 56 of the SAC, Defendant is without sufficient knowledge or

20  information to form a belief as to the truth of the allegations relating to alleged investigations

21  conducted or actions undertaken by Plaintiff, and on that basis denies each such allegation contained

22  therein. As to the remaining allegations contained therein, Defendant hereby asserts the privilege

23  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

24  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California

25  Evidence Code section 940. To the extent Defendant determines that there is no longer potential for

26  criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege,

27  to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to

28  object to the use or disclosure of the this response for any purpose whatsoever.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

14

57.     In response to paragraph 57 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to alleged actions undertaken and conclusions made by Plaintiff, and on that basis denies each such allegation contained therein. As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

58.     In response to paragraph 58 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to actions and undertaken conclusions made by Plaintiff, and on that basis denies each such allegation contained therein. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS and the Other KFC Defendants, and on that basis denies each such allegation contained therein. As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

59.     In response to paragraph 59 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, the Hogan Group, and the Other KFC Defendants, and on that basis denies each such allegation contained therein. As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

2  section 940. To the extent Defendant determines that there is no longer potential for criminal

3  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

4  leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

5  use or disclosure of the this response for any purpose whatsoever.

6      60.    In response to paragraph 60 of the SAC, Defendant is without sufficient knowledge or

7  information to form a belief as to the truth of the allegations relating to DPS, the Hogan Group, and

8  the Other KFC Defendants, and on that basis denies each such allegation contained therein. As to the

9  remaining allegations contained therein, Defendant hereby asserts the privilege against self-

10  incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

11  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

12  section 940. To the extent Defendant determines that there is no longer potential for criminal

13  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

14  leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

15  use or disclosure of the this response for any purpose whatsoever.

16      61.    In response to paragraph 61 of the SAC, Defendant is without sufficient knowledge or

17  information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

18  Defendants, and on that basis denies each such allegation contained therein. As to the remaining

19  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

20  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

21  California Constitution, Article 1, Section 15; and California Evidence Code Section 940. To the

22  extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

23  expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

24  supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

25  this response for any purpose whatsoever.

26      62.    In response to paragraph 62 of the SAC, Defendant is without sufficient knowledge or

27  information to form a belief as to the truth of the allegations relating to DPS, the Hogan Group, and

28  the Other KFC Defendants, and on that basis denies each such allegation contained therein. As to the

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

16

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  remaining allegations contained therein, Defendant hereby asserts the privilege against self-

2  incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

3  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

4  section 940. To the extent Defendant determines that there is no longer potential for criminal

5  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

6  leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

7  use or disclosure of the this response for any purpose whatsoever.

8      63.    In response to paragraph 63 of the SAC, Defendant is without sufficient knowledge or

9  information to form a belief as to the truth of the allegations relating to DPS, the Hogan Group, and

10  the Other KFC Defendants, and on that basis denies each such allegation contained therein. As to the

11  remaining allegations contained therein, Defendant hereby asserts the privilege against self-

12  incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

13  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

14  section 940. To the extent Defendant determines that there is no longer potential for criminal

15  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

16  leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

17  use or disclosure of the this response for any purpose whatsoever.

18      64.    In response to paragraph 64 of the SAC, Defendant responds to Plaintiff's prayer for

19  relief as set forth below.

## THIRD CAUSE OF ACTION
### (Fraud)

20

21      65.    In response to paragraph 65 of the SAC, Defendant refers to and incorporates herein

22  Defendant's responses as provided in paragraphs 1 through 64 above.

23      66.    In response to paragraph 66 of the SAC, Defendant is without sufficient knowledge or

24  information to form a belief as to the truth of the allegations contained in said paragraph relating to

25  DPS and DOES 1-10, and on that basis denies each and every allegation contained therein.

26      67.    In response to paragraph 67 of the SAC, Defendant is without sufficient knowledge or

27  information to form a belief as to the truth of the allegations relating to the Other KFC Defendants and

28  DOES 12-20, and on that basis denies each such allegation contained therein. As to the remaining

17

allegations, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15, and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

68.     In response to paragraph 68 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, and the Other KFC Defendants, and on that basis denies each such allegation contained therein. As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

69.     In response to paragraph 69 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, the Other KFC Defendants, and DOES 1-10 and 12-20, and on that basis denies each such allegation contained therein. As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

18

70.     In response to paragraph 70 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, the Other KFC Defendants, and DOES 1-10 and 12-20, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

71.     In response to paragraph 71 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, the Other KFC Defendants, and DOES 1-10 and 12-20, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the this response for any purpose whatsoever.

72.     In response to paragraph 72 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DPS, the Other KFC Defendants, and DOES 1-10 and 12-20, and on that basis denies each such allegation contained therein.  As to the remaining allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the extent Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege,

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

19

1  to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to

2  object to the use or disclosure of the this response for any purpose whatsoever.

3       73.    In response to paragraph 73 of the SAC, Defendant hereby asserts the privilege against

4  self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

5  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

6  section 940.    To the extent Defendant determines that there is no longer potential for criminal

7  prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege, to seek

8  leave to amend and/or supplement this response accordingly (in whole or in part), and to object to the

9  use or disclosure of the this response for any purpose whatsoever.

10      74.    In response to paragraph 74 of the SAC, Defendant is without sufficient knowledge or

11 information to form a belief as to the truth of the allegations relating to DPS, the Other KFC

12 Defendants, and DOES 1-10 and 12-20, and on that basis denies each such allegation contained

13 therein.    As to the remaining allegations contained therein, Defendant hereby asserts the privilege

14 against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

15 Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California

16 Evidence Code section 940.    To the extent Defendant determines that there is no longer potential for

17 criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege,

18 to seek leave to amend and/or supplement this response accordingly (in whole or in part), and to

19 object to the use or disclosure of the this response for any purpose whatsoever.

20      75.    In response to paragraph 75 of the SAC, Defendant responds to Plaintiff's prayer for

21 relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(California Penal Code §502)**

22

23      76.    In response to paragraph 76 of the SAC, Defendant refers to and incorporates herein

24 Defendant's responses as provided in paragraphs 1 through 75 above.

25      77.    In response to paragraph 77 of the SAC, Defendant is without sufficient knowledge or

26 information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

27 Defendants, and on that basis denies each such allegation contained therein.    As to the remaining

28 allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

20

1   the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

2   California Constitution, Article 1, Section 15, and California Evidence Code section 940. To the

3   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

4   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

5   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

6   this response for any purpose whatsoever.

7       78.    In response to paragraph 78 of the SAC, Defendant is without sufficient knowledge or

8   information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

9   Defendants, and on that basis denies each such allegation contained therein. As to the remaining

10  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

11  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

12  California Constitution, Article 1, Section and California Evidence Code section 940. To the extent

13  Defendant determines that there is no longer potential for criminal prosecution, Defendant expressly

14  reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or supplement

15  this response accordingly (in whole or in part), and to object to the use or disclosure of the this

16  response for any purpose whatsoever.

17      79.    In response to paragraph 79 of the SAC, Defendant is without sufficient knowledge or

18  information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

19  Defendants, and on that basis denies each such allegation contained therein. As to the remaining

20  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

21  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

22  California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the

23  extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

24  expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

25  supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

26  this response for any purpose whatsoever.

27      80.    In response to paragraph 80 of the SAC, Defendant is without sufficient knowledge or

28  information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

21

1    Defendants, and on that basis denies each such allegation contained therein.  As to the remaining

2    allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

3    the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

4    California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the

5    extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

6    expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

7    supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

8    this response for any purpose whatsoever.

9        81.    In response to paragraph 81 of the SAC, Defendant responds to Plaintiff's prayer for

10   relief as set forth below.

## FIFTH CAUSE OF ACTION
### (Restitution and Unjust Enrichment)

12       82.    In response to paragraph 82 of the SAC, Defendant refers to and incorporates herein

13   Defendant's responses as provided in paragraphs 1 through 81 above.

14       83.    In response to paragraph 83 of the SAC, Defendant is without sufficient knowledge or

15   information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

16   Defendants, and on that basis denies each such allegation contained therein.  As to the remaining

17   allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

18   the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

19   California Constitution, Article 1, Section 15; and California Evidence Code section 940.  To the

20   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

21   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

22   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

23   this response for any purpose whatsoever.

24       84.    In response to paragraph 84 of the SAC, Defendant is without sufficient knowledge or

25   information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

26   Defendants, and on that basis denies each such allegation contained therein.  As to the remaining

27   allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

28   the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

22

1   California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the

2   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

3   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

4   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

5   this response for any purpose whatsoever.

6        85.    In response to paragraph 85 of the SAC, Defendant is without sufficient knowledge or

7   information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

8   Defendants, and on that basis denies each such allegation contained therein. As to the remaining

9   allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

10   the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

11   California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the

12   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

13   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

14   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

15   this response for any purpose whatsoever.

16        86.    In response to paragraph 86 of the SAC, Defendant responds to Plaintiffs prayer for

17   relief as set forth below.

                  **SIXTH CAUSE OF ACTION**

18             **(California Business & Professions Code §17200)**

19        87.    In response to paragraph 87 of the SAC, Defendant refers to and incorporates herein

20   Defendant's responses as provided in paragraphs I through 86 above.

21        88.    In response to paragraph 88 of the SAC, Defendant is without sufficient knowledge or

22   information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

23   Defendants, and on that basis denies each such allegation contained therein. As to the remaining

24   allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

25   the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

26   California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the

27   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

28   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

23

1  supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

2  this response for any purpose whatsoever.

3      89.    In response to paragraph 89 of the SAC, Defendant is without sufficient knowledge or

4  information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

5  Defendants, and on that basis denies each such allegation contained therein. As to the remaining

6  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

7  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

8  California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the

9  extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

10  expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

11  supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

12  this response for any purpose whatsoever.

13      90.    In response to paragraph 90 of the SAC, Defendant is without sufficient knowledge or

14  information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

15  Defendants, and on that basis denies each such allegation contained therein. As to the remaining

16  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

17  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

18  California Constitution, Article 1, Section 15; and California Evidence Code section 940. To the

19  extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

20  expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

21  supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

22  this response for any purpose whatsoever

23      91.    In response to paragraph 91 of the SAC, Defendant is without sufficient knowledge or

24  information to form a belief as to the truth of the allegations relating to DPS and the Other KFC

25  Defendants, and on that basis denies each such allegation contained therein. As to the remaining

26  allegations contained therein, Defendant hereby asserts the privilege against self-incrimination under

27  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

28  California Constitution, Article 1, Section 15, and California Evidence Code section 940. To the

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

24

1   extent Defendant determines that there is no longer potential for criminal prosecution, Defendant

2   expressly reserves the right to withdraw his assertion of the privilege, to seek leave to amend and/or

3   supplement this response accordingly (in whole or in part), and to object to the use or disclosure of the

4   this response for any purpose whatsoever.

5       92.     In response to paragraph 92 of the SAC, Defendant responds to Plaintiff's prayer for

6   relief as set forth below.

### AFFIRMATIVE DEFENSES

8       Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

11      93.     As a first Affirmative Defense, and not as an admission or waiver of any kind,

12  Defendant alleges that Plaintiff's SAC, and every purported cause of action stated therein, fails to

13  allege facts sufficient to state a claim for relief of any kind against Defendant.

### SECOND AFFIRMATIVE DEFENSE:
(Contractual Limitations Period)

14      94.     As a second Affirmative Defense, and not as an admission or waiver of any kind,

16  Defendant alleges that the SAC, and each and every cause of action therein, is barred by the one-year

17  contractual limitations provision set forth in the Commission Junction Publisher Services Agreement

18  of which Plaintiff is a third party beneficiary and which Plaintiff incorporated by reference into the

19  eBay Supplemental Terms & Conditions.

### THIRD AFFIRMATIVE DEFENSE:
(Statute of Limitations)

22      95.     As a third Affirmative Defense, and not as an admission or waiver of any kind,

23  Defendant alleges that the SAC, and each and every cause of action therein, is barred by the

24  applicable statute of limitations.  Said limitations include, but are not limited to, 18 U.S.C. §1030(g),

25  15 U.S.C. § 15b (as applied to 18 U.S.C. §1962, 1964), California Penal Code §502(e)(5), California

26  Code of Civil Procedure § 338, 339, and California Business & Professions Code §17208.

27  ///

28  ///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

25

1

2

### FOURTH AFFIRMATIVE DEFENSE:
(Improper Venue)

96.    As a fourth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the filing of this action in the above-captioned Court is improper based on the forum selection clause set forth in the Commission Junction Publisher Services Agreement of which Plaintiff is a third party beneficiary and which Plaintiff incorporated by reference into the eBay Supplemental Terms & Conditions.

### FIFTH AFFIRMATIVE DEFENSE:
(Consent, Ratification and Modification of Contracts)

97.    As a fifth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because the conduct alleged in the SAC was consented to and ratified by Plaintiff and its agent, Commission Junction, Inc. Such consent and ratification resulted in a modification of the Commission Junction Publisher Service Agreement and the eBay Special Terms and Conditions so that Defendant's alleged conduct was authorized by such contractual agreements.

### SIXTH AFFIRMATIVE DEFENSE:
(General Authorization and Authorized Access)

98.    As a sixth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because the conduct alleged in the SAC, including but not limited to the alleged access to Plaintiff's computers, was known, authorized, ratified, accepted, and encouraged by Plaintiff and its agent, Commission Junction, Inc.

### SEVENTH AFFIRMATIVE DEFENSE:
(Estoppel)

99.    As a seventh Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because Plaintiff's and its agent's, Commission Junction, Inc.'s, acts, omissions, representations and conduct constitute an estoppel, and bar all its claims alleged in the SAC.

26

ANSWER OF DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC., TO PLAINTIFF'S SECOND AMENDED COMPLAINT

{00128860-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

EIGHTH AFFIRMATIVE DEFENSE:
(Waiver)

100.   As an eighth Affirmative Defense, and not as an admission of waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because Plaintiff has waived any and all claims it alleges against Defendant through Plaintiff's and its agent's, Commission Junction, Inc.'s, actual or constructive knowledge, consent and conduct in relation to the alleged participation of Defendant in Plaintiff's Affiliate Marketing Program.

NINTH AFFIRMATIVE DEFENSE:
(Laches, Unclean Hands, Acquiescence,
Assumption of the Risk)

101.   As a ninth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred by the doctrines of laches, unclean hands, acquiescence, and reasonably implied assumption of the risk.

TENTH AFFIRMATIVE DEFENSE:
(No Damages, Losses or Impairment of Computers)

102.   As a tenth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because Plaintiff never sustained any damages or losses caused by Defendant, and Plaintiff never suffered any impairment to its computers or data therein as required and defined by the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq* and California Penal Code § 502.

ELEVENTH AFFIRMATIVE DEFENSE:
(Damages Not Subject to Reasonable Calculation)

103.   As an eleventh Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because Plaintiff's alleged damages, if any, are not subject to reasonable calculation.

TWELFTH AFFIRMATIVE DEFENSE:
(Failure to Mitigate Damages)

104.   As a twelfth Affirmative Defense, and not as an admission or waiver of any kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because

27

1   Plaintiff, and it's agent, Commission Junction, Inc., failed to act on information in their possession and

2   failed to exercise reasonable resourcefulness, care and diligence to prevent and mitigate any alleged

3   damages, so that any recovery against Defendant is barred or should be reduced accordingly.

THIRTEENTH AFFIRMATIVE DEFENSE:
(In Pari Delicto)

6       105.   As a thirteenth Affirmative Defense, and not as an admission or waiver of any kind,

7   Defendant alleges that the SAC and each and every cause of action therein is barred by the doctrine of

8   in pari delicto.  Plaintiff and/or its agent, Commission Junction, Inc., authorized, encouraged and

9   ratified the conduct alleged in the SAC by Defendant.

FOURTEENTH AFFIRMATIVE DEFENSE:
(Plaintiffs Negligence)

12       106.   As a fourteenth Affirmative Defense, and not as an admission or waiver of any kind,

13   Defendant alleges that the SAC, and each and every cause of action therein, is barred because of

14   Plaintiff's and it's agent's, Commission Junction, Inc.'s, negligence or want of ordinary care and

15   prudence after having knowledge and information about Defendant's alleged conduct.

FIFTEENTH AFFIRMATIVE DEFENSE:
(Intervening/Superseding Actions)

18       107.   As a fifteenth Affirmative Defense, and not as an admission or waiver of any kind,

19   Defendant alleges that the SAC, and each and every cause of action therein, is barred to the extent that

20   the damages or losses allegedly sustained by Plaintiff, if any, were the direct and proximate result of

21   intervening and superceding actions on the part of other persons or entities, including but not limited

22   to Commission Junction, Inc., and not Defendant, thereby barring Plaintiff's recovery from

23   Defendant.

SIXTEENTH AFFIRMATIVE DEFENSE:
(No Intent to Injure)

26       108.   As a sixteenth Affirmative Defense, and not as an admission or waiver of any kind,

27   Defendant alleges that the SAC, and each and every cause of action therein, is barred because

28   Defendant at no time acted with any intent to injure Plaintiff.  Defendant took no actions intended to

28

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1   cause any harm to Plaintiff, and the Defendant believed in good faith that Plaintiff knowingly

2   authorized, ratified and benefitted from Defendant's alleged conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE:
(Acceptance of Benefits)

5      109.   As a seventeenth Affirmative Defense, and not as an admission or waiver of any kind,

6   Defendant alleges that Plaintiff knew that Defendant's conduct alleged in the SAC created substantial

7   benefits for Plaintiff, and Plaintiff knowingly and willingly accepted such benefits.  Accordingly,

8   Plaintiff is barred from receiving any relief under the SAC.

### EIGHTEENTH AFFIRMATIVE DEFENSE:
(Adequate Legal Remedy)

11     110.   As an eighteenth Affirmative Defense, and not as an admission or waiver of any kind,

12   Defendant alleges that Plaintiff's prayer for injunctive relief is barred because Plaintiff has an

13   adequate remedy at law by Defendant from participating in the future in its Affiliate

14   Marketing Program.

### NINETEENTH AFFIRMATIVE DEFENSE:
(Any Harm Proximately Caused by Others)

17     111.   As a nineteenth Affirmative Defense, and not as an admission or waiver of any kind,

18   Defendant alleges that the SAC, and each and every cause of action therein, is barred because any

19   losses, damages and/or injuries sustained by Plaintiff were proximately caused by the fault of persons

20   or entities other than Defendant, who acted without Defendant's knowledge or consent, and over

21   whom Defendant has no control.  In particular, but without limitation, Defendant alleges that

22   Plaintiff's agent, Commission Junction, Inc., and Plaintiff's employees such as Christine Kim,

23   reviewed and approved Defendant's conduct under the Affiliate Marketing Program as alleged in the

24   SAC, and thus proximately caused any damages, losses or injuries claimed by Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE:
(Good Faith)

27     112.   As a twentieth Affirmative Defense, and not as an admission or waiver of any kind,

28   Defendant alleges that the SAC, and each and every cause of action therein, is barred because

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1    Defendant has acted in good faith based on the belief and understanding that Plaintiff and its agent

2    and employee, Commission Junction, Inc. and Christine Kim, authorized its conduct as alleged in the

3    SAC.

### TWENTY-FIRST AFFIRMATIVE DEFENSE:
(Setoff)

6    113.    As a twenty-first Affirmative Defense, and not as an admission or waiver of any kind,

7    Defendant alleges that Plaintiff's damages, if any, are subject to setoff and should be reduced

8    accordingly since Plaintiff has not paid all commissions due to KFC.

### TWENTY-SECOND AFFIRMATIVE DEFENSE:
(Indispensable Party)

11   114.    As a twenty-second Affirmative Defense, and not as an admission or waiver of any

12   kind, Defendant alleges that the SAC, and each and every cause of action therein, is barred because

13   Plaintiff has failed to join an indispensable party or parties to this action, including but not limited to

14   Commission Junction, Inc. and Christine Kim.

### TWENTY-THIRD AFFIRMATIVE DEFENSE:
(Plaintiff's Agents)

17   115.    As a twenty-third Affirmative Defense, and not as an admission or waiver or any kind,

18   Defendant alleges that the SAC, and each and every cause of action therein, is barred based on the

19   actions and/or omissions of Plaintiff's agents and representatives, including but not limited to

20   Commission Junction, Inc. and Christine Kim.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(No Liability For Conduct Of Other Defendants)

23   116.    As a twenty-fourth Affirmative Defense, and not as an admission or waiver of any

24   kind, Defendant alleges that after December 27, 2006, this Defendant was no longer personally a

25   partner in Defendant Kessler's Flying Circus.  Therefore, after such date, Defendant has no personal

26   liability or responsibility for the alleged conduct of Defendant Kessler's Flying Circus.  Defendant

27   alleges that he never had any ownership, control or knowledge of the conduct of Defendants

28   BrianDunning.com, Thunderwood Holdings, Inc., or Brian Dunning.  Defendant was not the agent or

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

30

1   representative for these other defendants.   Therefore, Defendant has no personal liability or

2   responsibility for the alleged conduct of any other defendants under the allegations of the SAC.

3                    TWENTY-FIFTH AFFIRMATIVE DEFENSE
                              (Settlement and Release)
4

5          117.   As a twenty-fifth Affirmative Defense, and not as an admission or waiver of any kind,

6   Defendant alleges that the SAC, and each and every cause of action therein, is barred by the full and

7   complete settlement and release of claims entered into between Defendant and Plaintiff's agent,

8   Commission Junction, Inc.

9                    TWENTY-SIXTH AFFIRMATIVE DEFENSE:
                    (Reservation of Right to Assert Additional Defenses)
10

11         118.   As a twenty-sixth Affirmative Defense, and not as an admission or waiver of any kind,

12  Defendant alleges that at the time of the filing of this Answer, affirmative defenses may not have been

13  alleged for reasons that insufficient facts and information were available after reasonable inquiry.

14  Defendant therefore reserves the right to amend this answer to allege additional affirmative defenses

15  based upon subsequent discovery of new or different facts or subsequent appreciation of currently

16  known facts.

17                    **RESPONSE TO PRAYER FOR RELIEF**

18  WHEREFORE, Defendant Todd Dunning prays for judgment as follows:

19         1.     That Plaintiff take nothing by reason of its SAC and that judgment be entered in favor

20  of Defendant;

21         2.     That Defendant be awarded costs of suit incurred in the defense of this action including

22  reasonable attorneys' fees, to the extent allowed by law;

23         3.     For such other and further relief as the Court deems just and proper.

24  Dated: September 9, 2009            FREELAND COOPER & FOREMAN LLP

25

26                                By:   _____
                                        STEWART H. FOREMAN
27                                      Attorneys for Defendants Todd Dunning and
                                        Dunning Enterprise, Inc.
28

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

31

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

## CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 150 Spear Street, Suite 1800, San Francisco, California  94105.

On September 9, 2009, I served the foregoing documents described as follows:

**Answer of Defendant Todd Dunning to Plaintiff's Second Amended Complaint**

by placing a true and correct copy thereof enclosed in a sealed envelope addressed to the party(ies) of record whose name(s) and address(es) appear below:

### SEE ATTACHED SERVICE LIST

X  [BY MAIL - CCP § 1013a] I caused such sealed envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California, for collection and mailing to the office of addressee(s) on the date shown herein following ordinary business practice.

___  [HAND-DELIVERY/Personal/Messenger - CCP § 1011] I caused such envelope to be hand-delivered by a courier, who personally delivered such envelope to the office of the addressee(s) on the date herein.

___  [BY FACSIMILE - CCP § 1013(e)] - I caused such document(s) to be transmitted via facsimile electronic equipment transmission on the party(ies), whose name(s), address(es) and fax number(s) are listed above, on the date stated herein and at the time set forth on the attached transmission reported indicating that the facsimile transmission was complete and without error.

___  [BY FEDEX (Overnight Delivery) - CCP § 1013(c)] I caused such envelope to be delivered to the Federal Express Office in San Francisco, California, with whom we have a direct billing account, to be delivered on the next business day.

___  [BY E-MAIL or ELECTRONIC TRANSMISSION] . Based on a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

___  [STATE] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X  [FEDERAL] Service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to this cause.

Executed on September 9, 2009, at San Francisco, California.

_____
Joyce E. Johnson

**CERTIFICATE OF SERVICE, CASE NO. CV-08-4052 (JF)**
{00120756-1}

1

1

**ATTACHED SERVICE LIST**

2

Leo Presiado                                          Seyamack Kouretchian
3   RUS, MILIBAND & SMITH                    COAST LAW GROUP
Von Karman Towers                            1140 S. Coast Highway 101
4   2211 Michelson Drive, 7th Floor            Encinitas, CA 92024
Irvine, CA 92612                               Attorneys for Defendants Shawn Hogan and
5   Telephone: (949) 752-7100                   Digital Point Solutions, Inc.
Facsimile: (949) 252-1514
6   Attorneys for Defendants Brian Dunning
and Thunderwood Holdings, Inc.

7

David Eberhart                                     Patrick K. McClellan
8   O'MELVENY & MYERS LLP                   Von Karman Towers
Embarcadero Center West                     2211 Michelson Drive, 7th Floor
9   2 Embarcadero Center, 28th Floor           Irvine, CA 92612
San Francisco, CA 94111                       Attorney for Kessler's Flying Circus
10  Attorneys for Plaintiff eBay, Inc.
Telephone: 415-984-8700
11  Facsimile: 415-984-8701
Attorneys for Plaintiff eBay, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

_____

**CERTIFICATE OF SERVICE, CASE NO. CV-08-4052 (JF)**
{00120756-1}