1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  SHARON M. BUNZEL (S.B. #181609)
   sbunzel@omm.com
3  COLLEEN M. KENNEDY (S.B. #227107)
   ckennedy@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, CA 94111
   Telephone:  (415) 984-8700
6  Facsimile:  (415) 984-8701

7  Attorneys for Plaintiff eBay Inc.

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN JOSE DIVISION**

11  EBAY INC.,                          Case No. C 08-4052 JF

12              Plaintiff,              **JOINT CASE MANAGEMENT
                                         STATEMENT AND [PROPOSED]
13       v.                             ORDER**

14  DIGITAL POINT SOLUTIONS, INC.,
    SHAWN HOGAN, KESSLER'S            Conference Date: September 25, 2009
15  FLYING CIRCUS, THUNDERWOOD        Time: 10:30 a.m.
    HOLDINGS, INC., TODD DUNNING,     Judge: Hon. Jeremy Fogel
16  DUNNING ENTERPRISE, INC.,
    BRIAN DUNNING,
17  BRIANDUNNING.COM, and DOES 1-
    20,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

1   The parties to the above-entitled action jointly submit this Case Management

2   Statement and Proposed Order and request that the Court adopt it as its Case Management

3   Order in this case.  The parties, through counsel, have met and conferred on the matters

4   contained herein.

5   I.    **JURISDICTION AND SERVICE**

6         eBay's Statement:

7         eBay Inc.'s Second Amended Complaint ("SAC") alleges that Defendants, by

8   conducting fraudulent "cookie stuffing" schemes as described in more detail below, have

9   violated both federal and California law, including the federal Computer Fraud and Abuse

10  Act (the "CFAA"), 18 U.S.C. § 1030, and the federal civil RICO statute, 18 U.S.C. §

11  1962(c).  The Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

12  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and

13  1391(c), and 18 U.S.C § 1965(a).  Defendants have previously filed motions to dismiss

14  the SAC and/or transfer this action to the Central District of California or to Los Angeles

15  County Superior Court based on their argument that the forum selection clause in the

16  Publisher Services Agreement between Defendants and Commission Junction, Inc.

17  ("CJI") governs this action.  Those motions were denied by the Court on August 17, 2009.

18        The named Defendants have been served with the SAC.

19        DPS Defendants' Statement:

20        Pursuant to the forum selection clause set forth in the Commission Junction

21  Publisher Services Agreement (PSA), of which Plaintiff is a third party beneficiary and

22  which Plaintiff incorporated by reference into the eBay Supplemental Terms &

23  Conditions, proper jurisdiction and venue for this action lies in the United States District

24  Court for the Central District or Los Angeles County Superior Court.  The DPS

25  Defendants contend that the foregoing applies equally with respect to Plaintiff's First

26  Cause of Action for alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C.

27  §1030, as the damages Plaintiff seeks to recover thereunder are based on the alleged

28  improper payment of commissions to defendants under Plaintiff's affiliate marketing

1   program (AMP).  As with the other causes of action set forth in the SAC, such harms

2   specifically track the terms of the aforementioned AMP agreements.  The DPS

3   Defendants therefore contend that the PSA's forum selection clause is applicable to all

4   claims set forth in the SAC.

5          The DPS defendants were served with Plaintiff's Second Amended Complaint

6   (SAC) on March 26, 2009, and filed and served Answers thereto on August 31, 2009 upon

7   the Court's denial of the DPS Defendants' motion to dismiss the same.

8          Todd Dunning, Dunning Enterprise, Inc., Brian Dunning, briandunning.com,

9   Thunderwood Holdings, Inc. and Kessler's Flying Circus Defendants ("Non-DPS

10  Defendants") Statement:

11         The Non-DPS Defendants incorporate the substance of the DPS Defendants'

12  statement on jurisdiction and venue issues.  This action should be transferred to the

13  Central District where these defendants reside and did business with eBay's agent,

14  Commission Junction, Inc. under eBay's Affiliate Marketing Program.  The Non-DPS

15  Defendants have been served with the SAC and have filed their answers.

16  **II.     FACTS**

17         eBay's Statement:

18         eBay's SAC alleges that Defendants engaged in sophisticated fraudulent schemes

19  that were designed to and did defraud and cause harm to eBay over the course of at least

20  four years.  eBay's Affiliate Marketing Program is designed to increase traffic to eBay's

21  site through the placement of advertisements for eBay on third-party websites.  In this

22  program, compensation is provided by eBay to the persons and entities, known as

23  "affiliates," that advertise on behalf of eBay when the advertisement in question results in

24  a revenue generating action on eBay's site.  eBay uses cookies to identify the site that

25  referred the user to eBay and which affiliate, if any, should be credited with the referral

26  and receive the commission.

27         Defendants' engaged in "cookie stuffing" schemes intended to defraud eBay.

28  "Cookie stuffing" is a term used to describe the forced placement of a cookie on a

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1    computer, typically by causing a cookie from a particular website to be placed on the

2    user's computer without the user knowing that he or she visited the website that placed the

3    cookie.  Defendants accomplished this scheme through software programs and/or code

4    that, unbeknownst to the user, redirected the user's computer to the eBay website without

5    the user actually clicking on an eBay advertisement link, or even becoming aware that

6    they had left the page they were previously viewing.  As a result, the eBay site would be

7    prompted to drop an eBay cookie on the user's computer.  Defendants' scheme caused

8    millions of users' computers to access eBay's computers in an unauthorized way and/or to

9    exceed the authorized access to eBay's computers provided by eBay's User Agreement.

10   The majority of those acts of unauthorized access did not cause the improper payment of a

11   commission to defendants.  A minority, but economically significant, proportion of those

12   acts of unauthorized access caused eBay to pay unearned commissions to Defendants.[1]

13          Defendants' schemes have been ongoing since at least December 2003, and ended

14   only when the FBI seized Defendants' computer equipment in June 2007 as part of an

15   investigation into whether the fraudulent activities alleged by eBay in this case constitute

16   federal crimes.  Defendants' schemes have allowed them to receive payment from eBay

17   for a substantial number of commissions to which they were not entitled.  Moreover,

18   Defendants used technological measures and engaged in activity specifically designed to

19   frustrate attempts by eBay to discover Defendants' wrongdoing.

20          DPS Defendants' Statement:

21          Defendant Digital Point Solutions, Inc. is a California corporation.  Per California

22   Corporations Code section 200(c), it was not formed (and did not otherwise exist) until

23   May 14, 2007, the date of its incorporation.  Digital Point Solutions, Inc. never conducted

24   business with Plaintiff and was never involved in Plaintiff's affiliate marketing program.

25   It therefore denies the substantive allegations of the SAC and any allegation of

26   wrongdoing in this case.

27

28

[1] Despite Defendants' claims to the contrary, CJI is not an indispensable party within the meaning of Fed. R. Civ. P. 19 because the Court may accord complete relief without CJI and CJI has not claimed an interest relating to the subject of this action.

1    Defendant Shawn Hogan is an individual residing in San Diego, California.  Mr.

2    Hogan has conducted and continues to conduct business as a sole proprietorship.  In June

3    of 2007, the Federal Bureau of Investigation seized a number of materials from Mr.

4    Hogan.  Although Mr. Hogan denies that Plaintiff is entitled to any relief under the SAC,

5    given the pending criminal investigation, Mr. Hogan has asserted his privilege against

6    self-incrimination under the Fifth Amendment to the United States Constitution; the

7    Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

8    and California Evidence Code section 940.  The DPS Defendants intend to seek a stay of

9    this action pending the conclusion of the aforementioned criminal investigation.

10    Although Plaintiff has repeatedly grouped all defendants together, Defendants

11    Digital Point Solutions, Inc. and Shawn Hogan are distinct from the "KFC" or "Dunning"

12    defendants in this action.  Any alleged acts of those defendants, including any acts that

13    may have taken place with respect to the Commission Junction lawsuit, are not

14    attributable to the DPS Defendants.

15    <u>Non-DPS Defendants' Statement</u>:

16    The Non-DPS Defendants deny the truthfulness and accuracy of Plaintiff's entire

17    narrative of the alleged facts of this case.  The true facts are until December 26, 2006,

18    Todd Dunning was a general partner in defendant Kessler's Flying Circus ("KFC"), and

19    after that date Dunning Enterprise, Inc. was a general partner in place of Todd Dunning.

20    Thunderwood Holdings, Inc. is also a general partner of KFC.  KFC contracted with

21    eBay's agent, Commission Junction, Inc. ("CJI"), to perform promotional advertising

22    services for eBay.  KFC entered into a Publisher Service Agreement ("PSA") with CJI in

23    April 2005, and eBay's Special Terms and Conditions were incorporated into that

24    agreement.  eBay approved KFC to perform these services through CJI.  At all times, CJI

25    and eBay had an agreement which obligated CJI to keep eBay fully aware of the activities

26    of participants in the affiliate marketing program, to monitor, track and report on all

27    promotional methods used by KFC to generate new customers for eBay.  If eBay was not

28    aware of KFC's conduct under the affiliate marketing program, it was because

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1    Commission Junction, Inc. breached of its obligations to eBay.  The Non-DPS Defendants

2    relied on the approvals and authorizations by eBay representatives and Commission

3    Junction, Inc. for their conduct under the affiliate marketing program.  For these reasons,

4    Commission Junction, Inc. is an indispensable party to this action.  As recently as March

5    22, 2007, eBay stated to CJI that it was fully aware of KFC's "bizmodel", that KFC was

6    one of eBay's "top affiliates", and that its promotional efforts were "compliant" with the

7    Affiliate Marketing Program.  KFC received payment for its promotional activities from

8    CJI, not from eBay.  All payments received from CJI were for actual new customers who

9    registered at eBay and engaged on eBay's website in qualified revenue transactions within

10   a specified period of time based on KFC's promotional activity for eBay .  CJI monitored

11   all this activity and reported it to eBay as required by agreements between them.

12   Therefore there was no "artificial inflation" of commissions.

13        The Non-DPS Defendants have never had a business relationship to defendants

14   Shawn Hogan and Digital Point Solutions, Inc. (collectively "DPS").  DEI, Thunderwood

15   and KFC never agreed to eBay's User Agreement.  Therefore, Non-DPS Defendants

16   object to eBay's repeated and unsupported reference to all defendants in a collective

17   manner.  KFC was an entirely separate and independent business from DPS, and

18   accordingly, eBay must allege and prove its allegations separately against the Non-DPS

19   Defendants and/or KFC.  eBay is simply confusing the Court and these pleadings by its

20   repeated and unsupported collective allegations and references to all defendants as one

21   group or entity.

22   **III.    LEGAL ISSUES**

23            eBay's Statement:

24        There have been no changes since the previous Joint Case Management Statement.

25            DPS Defendants' Statement:

26        In addition to the issues previously identified, the DPS Defendants state that the

27   following legal issues are relevant to this case:

28

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1.    Whether Plaintiff knew of, consented to, and actively encouraged the conduct at issue because it resulted in a direct benefit to Plaintiff.

2.    Whether Plaintiff's action is barred by the one-year contractual limitations period set forth in the PSA, which must be read as "a part" of the eBay Supplemental Terms & Conditions under the doctrine of incorporation by reference.

3.    Whether Plaintiff's action is barred by the applicable statutes of limitation including those set forth in 18 U.S.C. §1030(g), 15 U.S.C. §15b (as applied to 18 U.S.C. §1962, 1964), California Penal Code §502(e)(5), California Code of Civil Procedure §§338, 339, and California Business & Professions Code §17208.

4.    Whether the action should be stayed pending the conclusion of the ongoing criminal investigation of the United States Attorney's Office.

Non-DPS Defendants' Statement:

In addition to the issues identified by the DPS Defendants above, the Non-DPS Defendants incorporate their Affirmative Defenses alleged in their answers to the Second Amended Complaint and add the following legal issues.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1.   Whether Plaintiff is barred from any and all recovery because it authorized, ratified and approved of KFC's conduct, and/or by the general release provided to the Non-DPS Defendants by Plaintiff's agent, Commission Junction, Inc.?

2.   Whether Plaintiff is barred from any and all recovery because of the authorization, ratification and approval of KFC's promotional activities for eBay by Plaintiff's agent, Commission Junction, Inc.?

3.   Whether there is an absence of a necessary party to this action, namely Commission Junction, Inc., such that the Court cannot grant relief to the Plaintiff?

4.   Whether Plaintiff is barred from any recovery because eBay would be unjustly enriched by any award in this case since KFC in fact generated new customers and/or revenues for eBay as requested and authorized by eBay's and CJI's programs?

5.   Whether Plaintiff is barred from any recovery by equitable doctrines because of the damage it has caused to the Non-DPS Defendants by making untrue and unfounded allegations to the FBI to create a federal investigation for the purpose of obtaining a litigation advantage in this case?

6.   Whether Plaintiff received the benefit of promotional services by KFC for which commissions are due and owing?

7.   Whether Plaintiff can prove damages with a reasonable certainty by distinguishing between commissions that were properly earned and those that it claims were not properly earned under the Affiliate Marketing Program as a result of alleged "cookie stuffing"?

8.   Whether Plaintiff can prove any damages or losses as defined and required by 18 U.S.C. § 1030 *et.seq.* and/or California Penal Code § 502?

IV.   **PENDING AND ANTICIPATED MOTIONS**

eBay's Statement:

There are no motions currently before the Court.  eBay anticipates the need to file a motion to compel responses to eBay's Requests for Admission, First Set of Interrogatories and First Set of Requests for Production from Defendants Shawn Hogan, Digital Point Solutions, Inc. ("DPS"), Brian Dunning, Thunderwood Holdings, Inc., BrianDunning.com, Kessler's Flying Circus, Todd Dunning and Dunning Enterprise, Inc. based on the inapplicability of the Fifth Amendment privilege against self-incrimination. eBay contends that it has satisfied its meet and confer obligations under Civil L.R. 37-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - C 08-4052 JF

1(a).  Some Defendants have asked for additional meet and confer discussions; although eBay will engage in those discussions in good faith, Defendants' longstanding refusal to provide complete discovery—as well as their stated intention to file a motion to stay all discovery—leads eBay to the conclusion that motions to compel are unavoidable.

eBay also anticipates the need to file a motion to compel responses from all Defendants to the requests in eBay's First Set of Requests for Production that seek information regarding Defendants' financial condition, including requests for Defendants' financial statements and tax returns.

It may also prove necessary to file motions to compel against third parties NetHere, Inc. ("NetHere") and Rackspace US, Inc. ("Rackspace") for production of documents pursuant to the subpoenas issued by eBay, discussed in more detail below.

In addition, eBay anticipates the need to file a motion to strike the Answer to eBay's SAC filed jointly by Defendants Brian Dunning, Kessler's Flying Circus, Thunderwood Holdings, Inc. and BrianDunning.com, based on the improper assertion of the Fifth Amendment privilege by corporate entities.

eBay anticipates filing a motion for summary judgment or summary adjudication following the close of discovery.  eBay further anticipates filing motions in limine before trial.

DPS Defendant's Statement:

Defendants Digital Point Solutions, Inc. and Shawn Hogan anticipate filing a motion to stay the action pending the conclusion of the criminal investigation.  The parties previously agreed to continue the initial Case Management Conference because of the ongoing nature of the investigation.  The DPS Defendants further anticipate filing a motion for summary judgment and/or adjudication as well as a motion to transfer and/or dismiss on the grounds of forum non conveniens.  In addition, Mr. Hogan will seek leave to amend his Answer to substantively respond to the allegations of the SAC upon the conclusion of the criminal investigation and, to the extent necessary thereafter, will move to exclude any reference to the assertion of the Fifth Amendment at trial or otherwise.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1   Finally, to the extent the action is not dismissed or transferred, the DPS Defendants

2   anticipate requesting bifurcation and/or separate trials as to each respective defendant

3   group.

4           Non-DPS Defendants' Statement:

5           The Non-DPS Defendants incorporate the substance of the DPS Defendants'

6   statement above regarding their similar anticipated motions.

7   **V.     AMENDMENT OF PLEADINGS**

8           eBay's Statement:

9           eBay filed its SAC on March 26, 2009, and does not anticipate the need for any

10  further amendments.  Defendants' motions to dismiss the SAC and/or transfer were

11  denied on August 17, 2009.  On August 31, 2009, DPS and Shawn Hogan answered the

12  SAC.  On September 9, 2009, the remaining Defendants answered the SAC.  If discovery

13  shows that Defendants used additional entities to effectuate their schemes, and if the

14  currently named Defendants did not succeed to the assets and liabilities of those entities,

15  eBay may seek leave to amend its complaint to conform to the evidence and to substitute

16  those entities for current Doe defendants.

17          DPS Defendant's Statement:

18          Given the pending criminal investigation, Mr. Hogan has asserted his Fifth

19  Amendment privilege in answering the SAC.  As noted above, Mr. Hogan intends to seek

20  leave to amend his Answer upon the conclusion of the investigation.

21          Non-DPS Defendants Statement:

22          Given the pending criminal investigation, Todd Dunning, Brian Dunning,

23  Briandunning.com, Thunderwood Holdings, Inc. and KFC herein asserted the Fifth

24  Amendment privilege in answering the SAC.  As noted above, the Non-DPS Defendants

25  intend to seek leave to amend his Answer upon the conclusion of the investigation.

26  **VI.    EVIDENCE PRESERVATION**

27          There have been no changes since the previous Joint Case Management Statement.

28

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

**VII.** **DISCLOSURES**

The parties exchanged their initial disclosures on January 8, 2009. Defendants DPS, Inc. and Shawn Hogan served supplemental initial disclosures on February 4, 2009. eBay served amended initial disclosures on April 2, 2009.

**VIII.** **DISCOVERY PLAN**

eBay's Statement:

Discovery is open in this action, and eBay is proceeding with full fact discovery. eBay served its First Set of Requests for Production, First Set of Interrogatories, and First Set of Requests for Admission to all Defendants on January 22, 2009. In response, Brian Dunning, Todd Dunning, and Shawn Hogan invoked their privileges against self-incrimination under the Fifth Amendment. The remaining Defendants (all entities) also purported to invoke the individuals' Fifth Amendment privilege, claiming that any provision of responses by the entities would compromise the individuals' rights against self-incrimination. However, Defendants Dunning Enterprise, Inc., BrianDunning.com, Thunderwood Holdings, Inc. and Kessler's Flying Circus did provide substantive responses to eBay's First Set of Requests for Production.

eBay served its Second Set of Requests for Production to all Defendants on May 4, 2009. All Defendants responded substantively to these requests and did not invoke any purported Fifth Amendment privileges against self-incrimination. Defendants Brian Dunning, BrianDunning.com, Thunderwood Holdings, Inc. and Kessler's Flying Circus have not yet produced any documents in response to these Requests despite a commitment to do so at a time and place mutually convenient to the parties.

Additionally, eBay served third-party subpoenas for documents on Commission Junction, Inc. and their counsel Ernster Law Offices on May 4, 2009. eBay also served third-party subpoenas for documents on NetHere on June 3, 2009 and on Rackspace on June 4, 2009—both of which are entities that have provided server hosting and co-location services to Defendants. eBay served amended subpoenas on NetHere and Rackspace on June 9, 2009. Rackspace has stated its intention to produce some limited responsive

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1  documents related to BrianDunning.com that have first been provided to his counsel for

2  review at his counsel's request.  NetHere has indicated that it does not have control of the

3  responsive documents and that those documents are in the exclusive control of DPS.

4  Defendants have served no discovery requests to eBay, including any requests for

5  production of the documents that the non-DPS Defendants now mistakenly contend eBay

6  was required to provide with its initial disclosures.  Rule 26 does not require a production

7  of documents as part of the initial disclosures, as subsection 26(a)(1)(A)(ii) makes clear.

8  The documents themselves are available to Defendants through the normal discovery

9  process at any time that Defendants see fit to propound discovery requests on eBay.

10  The parties have previously agreed that phasing of discovery is not appropriate.

11  Pursuant to the attached schedule, eBay proposes that fact discovery close on April

12  30, 2010 and expert discovery close on July 30, 2010.

13  Certain materials relevant to fact discovery in this action were seized by the FBI

14  from Defendants in June 2007 and, to eBay's understanding, only some materials have

15  been returned to Defendants.  Defendants have indicated that they do not possess copies

16  of the materials still in the FBI's possession.  However, the responses to, and meet and

17  confer process resulting from, eBay's subpoenas to NetHere and Rackspace lead eBay to

18  conclude that many of the same materials are available to Defendants from NetHere and

19  Rackspace.  Accordingly, eBay will seek their production pursuant to the amended

20  subpoenas served on those entities and through the motions to compel production directly

21  from Defendants described above.

22  The Defendants have previously proposed that the limitations imposed by the

23  discovery rules be modified as follows: 10 depositions increased to 25, and 25

24  interrogatories increased to 50.  Although eBay believes that no modifications are

25  necessary, eBay is amenable to increasing the interrogatories to 50.  The increase in

26  depositions proposed by the Defendants, however, is not necessary or appropriate in this

27  case; eBay will agree to an increase in depositions from 10 to 15.

28  The parties filed a stipulated protective order, which was signed by this Court on

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1  June 26, 2009.

2          DPS Defendants' Statement:

3          Given the pending criminal investigation discussed above, Defendant Shawn

4  Hogan has asserted his Fifth Amendment privilege in response to Plaintiff's discovery

5  requests.  With respect to Plaintiff's requests for production, Plaintiff contends that the

6  assertion of the Fifth Amendment is not appropriate based on the FBI's prior seizure of

7  materials.  The DPS Defendants have provided Plaintiff with authority regarding the

8  testimonial aspects of producing documents and contend that the seizure does not render

9  the Fifth Amendment obsolete.  Plaintiff has not yet provided responsive authority but the

10  DPS Defendants will continue to meet and confer in good faith regarding the same. With

11  respect to the seizure, it appears that all computer-related materials have been returned by

12  the FBI.  However, the scope of the seizure is not entirely clear and it appears that some

13  physical documents are still in the possession of the FBI and/or U.S. Attorney's Office.

14          Because Digital Point Solutions, Inc. never conducted business with Plaintiff and

15  was never involved in Plaintiff's affiliate marketing program, it does not have any

16  documents or information relevant to the SAC.  The Fifth Amendment has been properly

17  asserted because the breadth of the definitions of "DPS" set forth in plaintiff's discovery

18  requests are such that the requests arguably seek information from Mr. Hogan

19  individually.  In that regard, Plaintiff has been provided with authority indicating that a

20  sole proprietorship may assert the Fifth Amendment privilege and is not subject to the so-

21  called "collective entity" rule.

22          Given the foregoing, and because it appears that the FBI has yet to return any

23  seized materials to the non-DPS Defendants, a stay of the action is warranted and

24  appropriate and it appears that all defendants intend to move for such a stay.  The DPS

25  Defendants' position is that discovery dates should not be set until after the motion for

26  stay has been adjudicated.

27          To the extent dates are set at the Case Management Conference, fact and expert

28  discovery should not close until November 2010 and March 2011, respectively (these

JOINT CASE MANAGEMENT STATEMENT
                                    AND [PROPOSED] ORDER - C 08-4052 JF

1    dates may need to be further extended depending on when the criminal investigation is

2    resolved).  In light of the expansive timeframe of the alleged wrongdoing and the number

3    of potential percipient and party witnesses associated with Commission Junction, Plaintiff,

4    and Plaintiff's subsidiaries, 25 to 30 depositions are warranted in this case.

5              Non-DPS Defendants' Statement:

6              Given the pending criminal investigation discussed above, Defendant Todd

7    Dunning, Brian Dunning, briandunning.com, Thunderwood Holdings, Inc. and Kessler's

8    Flying Circus asserted the Fifth Amendment privilege in response to Plaintiff's discovery

9    requests.  With respect to Plaintiff's requests for production, Todd Dunning and DEI have

10   produced the relevant, non-privileged documents in their possession, custody and control.

11   With respect to the documents seized by the FBI, Todd Dunning and DEI are not aware of

12   whether the FBI has returned any documents seized from Defendant Brian Dunning or

13   whether any documents remain in the possession of the FBI and/or U.S. Attorney's

14   Office.

15             Based on the new allegations in the SAC regarding eBay's investigations and the

16   terms of the Master Advertiser Service Agreement ("MASA") between eBay and

17   Commission Junction, Inc., it appears that eBay has not fulfilled its initial disclosure

18   obligations to provide all known relevant documents to defendants.  At a minimum, the

19   reports alleged in the SAC have not been provided, and the reports prepared by

20   Commission Junction, Inc. as required by the MASA have not been provided.  There are

21   also documents that were produced by Commission Junction, Inc. in the now-settled State

22   Court action that indicate eBay has extensive email communications and possibly other

23   documents that have not been provided as initial disclosures.  eBay should be required to

24   update and complete its initial disclosure requirements.

25             Given these facts, a stay of the action is warranted and appropriate and it appears

26   that all defendants intend to move for such a stay.  The Non-DPS Defendants' position is

27   that discovery dates should not be set until after the motion for stay has been adjudicated.

28             To the extent dates are set at the Case Management Conference, fact and expert

1   discovery should not close until November 2010 and March 2011, respectively (these

2   dates may need to be further extended depending on when the criminal investigation is

3   resolved).  In light of the expansive timeframe of the alleged wrongdoing and the number

4   of potential percipient and party witnesses associated with Commission Junction, Plaintiff,

5   and Plaintiff's subsidiaries, up to 25 to 30 depositions may be warranted in this case.  If

6   the Court does not stay this case, it is appropriate to provide a longer schedule for

7   discovery and trial preparation in the expectation that the criminal investigation will

8   resolve during this period.  Then the Non-DPS Defendants would be able to withdraw the

9   assertion of the Fifth Amendment privilege, and fully participate in the defense of the

10   case.

11   **IX.      RELATED CASES**

12         eBay's Statement:

13         eBay is not aware of any related cases.

14         DPS Defendants' Statement:

15         The DPS Defendants are not aware of any related cases.

16         Non-DPS Defendants' Statement:

17         The Non-DPS Defendants are not aware of any related cases.

18   **X.       RELIEF**

19         There have been no changes since the previous Joint Case Management Statement.

20   **XI.      SETTLEMENT AND ADR**

21         eBay's Statement:

22         The parties have discussed the possibility of engaging in alternative dispute

23   resolution.  Defendants have disclaimed that they were involved in any cookie stuffing.

24   eBay anticipates that the outstanding discovery requests will provide direct evidence to

25   the contrary.  Consequently, it is eBay's position that any ADR process would not be

26   productive until Defendants have materially complied with the long-outstanding discovery

27   requests.

28         DPS Defendants' Statement:

- 15 -

1        The DPS Defendants' position is that the parties are in a position to begin

2   discussing settlement.  While the DPS Defendants of course anticipate that further

3   discovery will be beneficial in evaluating settlement positions, particularly regarding the

4   extent to which Plaintiff was aware of and encouraged any conduct at issue and the extent

5   to which Plaintiff's claims are time-barred under the discovery rule, there is a sufficient

6   basis to engage in preliminary settlement discussions.

7        Non-DPS Defendants' Statement:

8        The Non-DPS Defendants believe that early efforts at settlement should be

9   seriously pursued.  The Non-DPS Defendants do not believe that further discovery is

10  likely to reveal substantial new facts that would dramatically impact settlement

11  possibilities.  An early settlement, if possible, is in the best interests of these defendants,

12  and presumably Plaintiff.

13  **XII.   MAGISTRATE JUDGE**

14       There have been no changes since the previous Joint Case Management Statement.

15  **XIII.  OTHER REFERENCES**

16       There have been no changes since the previous Joint Case Management Statement.

17  **XIV.  NARROWING OF ISSUES**

18       There have been no changes since the previous Joint Case Management Statement.

19  **XV.   EXPEDITED SCHEDULE**

20       There have been no changes since the previous Joint Case Management Statement.

21  **XVI.  SCHEDULING**

22       The parties' proposed schedules are attached as Exhibit A.

23  **XVII.   TRIAL**

24       eBay's Statement:

25       There have been no changes since the previous Joint Case Management Statement.

26       DPS Defendants' Statement:

27       Per the terms of the PSA, the right to a jury trial has been waived.  Separate trials

28  are appropriate to avoid prejudice in this case because the two defendant groups are

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

wholly distinct.  While the length of trial is difficult to anticipate at this time, the DPS
Defendants estimate that trial may take 12 days or more.

> Non-DPS Defendants' Statement:

> Per the terms of the PSA, the right to a jury trial has been waived.  Separate trials
are appropriate to avoid prejudice in this case because the two defendant groups are
wholly distinct.  While the length of trial is difficult to anticipate at this time, the Non-
DPS Defendants estimate that trial may take 12 days or more.

## XVIII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

> eBay's Statement:

> There have been no changes since the previous Joint Case Management Statement.

> DPS Defendants' Statement:

> Commission Junction, as Plaintiff's direct agent in administering the AMP, is an
interested party.

> Non-DPS Defendants' Statement:

> Commission Junction, as Plaintiff's direct agent in administering the AMP, is an
interested party.

Dated:   September 14, 2001          DAVID R. EBERHART
                                     SHARON M. BUNZEL
                                     COLLEEN M. KENNEDY
                                     O'MELVENY & MYERS LLP


                                     By:  /s/ *David R. Eberhart*
                                          David R. Eberhart

                                     *Attorneys for Plaintiff*
                                     eBay Inc.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1    Dated:   September 14, 2001              LEO J. PRESIADO
                                             RUS, MILIBAND & SMITH, A
2                                            PROFESSIONAL CORPORATION

3

4                                            By: /s/ *Leo J. Presiado*
                                                   Leo J. Presiado
5
                                             *Attorneys for Defendants*
6                                            Thunderwood Holdings, Inc., Brian
                                             Dunning and BrianDunning.com
7

8    Dated:   September 14, 2001              STEWART H. FOREMAN
                                             FREELAND, COOPER & FOREMAN,
9                                            LLP

10

11                                           By: /s/ *Stewart H. Foreman*
                                                   Stewart H. Foreman
12
                                             *Attorneys for Defendants*
13                                           Todd Dunning and Dunning Enterprise,
                                             Inc.
14

15   Dated:   September 14, 2001              PATRICK K. MCCLELLAN
                                             LAW OFFICE OF PATRICK K.
16                                           MCCLELLAN

17

18                                           By: /s/ *Patrick K. McClellan*
                                                   Patrick K. McClellan
19
                                             *Attorney for Defendant*
20                                           Kessler's Flying Circus

21

22   Dated:   September 14, 2001              SEYAMACK KOURETCHIAN
                                             COAST LAW GROUP, LLP
23

24
                                             By: /s/ *Ross Campbell*
25                                                 Ross Campbell

26

27

28

JOINT CASE MANAGEMENT STATEMENT
                       AND [PROPOSED] ORDER - C 08-4052 JF

*Attorneys for Defendants*
Digital Point Solutions, Inc. and Shawn
Hogan

I, David R. Eberhart, am the ECF User whose ID and password are being used to file this

Joint Case Management Statement and [Proposed] Order.  In compliance with General

Order 45, X.B., I hereby attest that Leo Presiado, Stewart Foreman, Patrick McClellan,

and Ross Campbell have concurred in this filing.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1
2

## **CASE MANAGEMENT ORDER**

3    The Case Management Statement and Proposed Order is hereby adopted by this

4   Court as the Case Management Order for the case, and the parties are ordered to comply

5   with this Order.  In addition, the Court orders that a further Case Management Conference

6   will be held on _____.

7

8    **IT IS SO ORDERED.**

9

10

11   Dated:  _____

12
                                          _____
13                                        The Honorable Jeremy Fogel
                                          United States District Court Judge
14                                        Northern District of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

EXHIBIT A

| Event | eBay's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Fact discovery closes | April 30, 2010 | November 2010 |
| Last day for expert reports on merits | June 18, 2010 | |
| Last day for depositions of experts | July 2, 2010 | |
| Last day for responsive expert reports | July 16, 2010 | |
| Close of expert discovery | July 30, 2010 | March 2011 |
| Last day to file dispositive motions | September 3, 2010 | |
| Oppositions to dispositive motions due | October 8, 2010 | |
| Reply briefs in support of dispositive motions due | October 29, 2010 | |
| Hearing on dispositive motions | November 19, 2010 | |
| Required Meeting Prior to Pretrial Conference | January 4, 2011 | |
| Pretrial Conference Statement | January 10, 2011 | |
| Pretrial Conference | January 24, 2011 | |
| Trial | March 7, 2011 | September 2011 |