1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  SHARON M. BUNZEL (S.B. #181609)
   sbunzel@omm.com
3  COLLEEN M. KENNEDY (S.B. #227107)
   ckennedy@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, CA  94111
   Telephone:   (415) 984-8700
6  Facsimile:    (415) 984-8701

7  Attorneys for Plaintiff eBay Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                           SAN JOSE DIVISION

12  | EBAY INC., | Case No.  C 08-04052 JF PVT |
    |---|---|
13  | Plaintiff, | **EBAY INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION, INTERROGATORIES AND REQUESTS FOR ADMISSION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
14  | v. | |
15  | DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, | |
18  | | Hearing Date: October 27, 2009 |
19  | Defendants. | Time:          10:00 a.m. |
    | | Judge:         Hon. Patricia V. Trumbull |

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT, on October 27, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st St., San Jose, California, 95113, eBay Inc. will and hereby does move for an order that:

1. Defendant Kessler's Flying Circus's objections to eBay's Interrogatories on the grounds of the Fifth Amendment are stricken and Kessler's Flying Circus shall provide supplemental responses to those interrogatories;

2. Defendants Thunderwood Holdings, Inc.'s and BrianDunning.com's objections to eBay's Interrogatories and Requests for Admission on the grounds of the Fifth Amendment are stricken and those Defendants shall provide supplemental responses to those interrogatories and requests for admission;

3. Defendants Brian Dunning and Todd Dunning, notwithstanding their continuing invocations of their Fifth Amendment rights, produce all documents responsive to eBay's First and Second Sets of Requests for Production that were previously obtained by the FBI; and

4. Defendants Brian Dunning, Todd Dunning, Kessler's Flying Circus, Thunderwood Holdings, Inc., BrianDunning.com and Dunning Enterprise, Inc. exercise any and all rights that they may have to obtain documents from Rackspace US, Inc. that may be responsive to eBay's First and Second Sets of Requests for Production and, as previously set forth in discovery responses or agreed by the parties, produce documents responsive to those requests for production.

eBay's Motion is made pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), and seeks an order compelling substantive responses to eBay's Requests for Production, Interrogatories and Requests for Admission as required by Federal Rules of Civil Procedure 34(b)(2), 33(b) and 36(a), respectively. *See* Declaration of Colleen M.

1  Kennedy in Support of eBay Inc.'s Motion to Compel ("Kennedy Decl.").[1]

2      The Motion is based on this notice, the attached memorandum of points and authorities, all supporting declarations, the pleadings and other records on file with the Court, the oral argument of counsel, all relevant matters judicially noticeable, and such further evidence and arguments as the Court may consider.

DATED: September 22, 2009

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP

By: /s/ David R. Eberhart
      DAVID R. EBERHART

Attorneys for Plaintiff eBAY INC.

---

[1] A comprehensive list of eBay's discovery requests addressed in this Motion and Defendants' responses to those requests is set forth in an exhibit to the attached Kennedy Declaration. *See* Kennedy Decl., Ex. 1.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. SUMMARY OF RELEVANT FACTS .............................................................................. 2

    A. Defendants' Cookie Stuffing Scheme ........................................................... 2

    B. eBay's Efforts To Obtain Discovery From Defendants ................................ 3

III. ARGUMENT ..................................................................................................................... 4

    A. The BD Entities Cannot Refuse To Provide Discovery On Fifth Amendment Grounds ........................................................................................ 4

    B. Defendants Should Be Compelled To Produce Documents ........................ 7

        1. The Fifth Amendment Privilege Does Not Apply To Documents That Have Been Produced To The Government ............. 8

        2. Defendants Have Access To Responsive Documents That Must Be Produced ........................................................................... 10

IV. CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Apache Corp. v. McKeen*,
   529 F. Supp. 459 (W.D.N.Y. 1982) ................................................................................ 6

*Cent. States v. Carstensen Freight Lines, Inc.*,
   No. 96 C 6252, 1998 WL 413490 (N.D. Ill. July 17, 1998) ...................................... 5, 6

*City of Chicago v. Reliable Truck Parts Co.*,
   No. 88 C 1458, 1989 WL 32923 (N.D. Ill. Mar. 31, 1989) ........................................... 6

*Day v. Boston Edison Co.*,
   150 F.R.D. 16 (D. Mass. 1993) ..................................................................................... 13

*Fed. Sav. & Loan Ins. Corp. v. Rodrigues*,
   717 F. Supp. 1424 (N.D. Cal. 1998) ............................................................................... 8

*Fisher v. United States*,
   425 U.S. 391 (1976) ........................................................................................................ 9

*Henry v. Sneiders*,
   490 F.2d 315 (9th Cir. 1974) .......................................................................................... 9

*In re Folding Carton Antitrust Litig.*,
   76 F.R.D. 417 (N.D. Ill. 1977) ....................................................................................... 6

*In re Grand Jury Proceedings*,
   759 F.2d 1418 (9th Cir. 1985) ........................................................................................ 8

*In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*,
   1 F.3d 87 (2d Cir. 1993) ............................................................................................. 8, 9

*In re IPC Group, Inc.*, Nos. 96-33016 & 96-1258,
   1997 WL 594337 (Bankr. S.D. Fla. June 16, 1997) ...................................................... 7

*Martin-Trigona v. Gouletas*,
   634 F.2d 354 (7th Cir. 1980) ........................................................................................ 10

*Navel Orange Admin. Comm. v. Exeter Orange Co.*,
   722 F.2d 449 (9th Cir. 1983) .......................................................................................... 4

*Oak Valley Invs., L.P. v. Southwick*,
   No. 2:06-CV-737 DB, 2007 WL 2684532 (D. Utah Sept. 7, 2007) ............................. 6

*Priebe v. World Ventures, Inc.*,
   407 F. Supp. 1244 (C.D. Cal. 1976) .............................................................................. 5

*SEC v. Leach*,
   156 F. Supp. 2d 491 (E.D. Pa. 2001) ............................................................................. 5

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Thomas v. Tyler*,
  841 F. Supp. 1119 (D. Kan. 1993) .......................................................................... 10

*United States v. 3963 Bottles*,
  265 F.2d 332 (7th Cir. 1959) .................................................................................. 5

*United States v. Clark*,
  847 F.2d 1467 (10th Cir. 1988) ............................................................................. 9

*United States v. Edgerton*,
  734 F.2d 913 (2d Cir. 1984) ................................................................................. 10

*United States v. Harrington*,
  923 F.2d 1371 (9th Cir. 1991) .............................................................................. 10

*United States v. Kordel*,
  397 U.S. 1 (1970) ................................................................................................ 6, 7

*United States v. Rue*,
  819 F.2d 1488 (8th Cir. 1987) ............................................................................... 9

**OTHER AUTHORITIES**

8 Wright, Miller & Marcus, *Federal Practice and Procedure* § 2018 ............................... 5

**RULES**

Fed. R. Civ. P. 33 .............................................................................................................. 5, 7

Fed. R. Civ. P. 36 .............................................................................................................. 6, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

eBay seeks an order compelling discovery over the improper assertions of Fifth Amendment objections by defendants BrianDunning.com, Thunderwood Holdings, Inc. ("THI"), Kessler's Flying Circus's ("KFC"), Brian Dunning, and Todd Dunning. eBay further seeks an order compelling each of these defendants, along with Dunning Enterprise, Inc. ("DEI"), (herein, "Defendants") to exercise their right to control documents held by third party Rackspace US, Inc. ("Rackspace") and to produce the same. eBay does not bring this motion against defendants Shawn Hogan or Digital Point Solutions, Inc. eBay continues its meet and confer efforts with those defendants and will file a separate motion to compel against them, if necessary.

The Fifth Amendment objections are improper in two separate ways. *First*, three entities that are associated with defendant Brian Dunning—BrianDunning.com, THI and KFC (collectively, the "BD Entities")—have asserted Fifth Amendment objections on the grounds that Brian Dunning and/or Todd Dunning are under the threat of potential criminal prosecution. But collective entities have no Fifth Amendment privilege and cannot leverage a privilege held by an officer or agent to avoid responding to discovery.

*Second*, individual defendants Brian Dunning and Todd Dunning have improperly refused to produce materials that were previously obtained from them by the government. Although an act of production may be incriminating under certain circumstances, it is not incriminating under the facts presented here: the existence and location of the materials is known to the government, and the government can independently authenticate those materials. Consequently, these individuals' Fifth Amendment rights cannot preclude production.

In addition, all Defendants have refused to produce responsive documents by claiming that they have none or virtually none within their possession, custody or control. This cannot be true: third party Rackspace—a company that physically hosts computer servers that were used by Defendants to effectuate the fraud alleged in the complaint—is

1  in possession of servers that are within the control of one or more of the Defendants. But
2  all of the Defendants have either refused to exercise their control over those materials or
3  have insisted that they have no control. And Defendants have actively impeded eBay's
4  efforts to obtain the materials from Rackspace—serving objections and demanding that
5  Rackspace decline to produce documents—and, when Rackspace produced an initial set
6  of materials to Brian Dunning and the BD Entities *in response to eBay's subpoena,* those
7  Defendants refused to produce any of the materials to eBay.

Defendants have withheld all meaningful document discovery from eBay, while at the same time producing and relying on isolated documents that support Defendants' litigation positions. The Court should put an end to this behavior and compel compliance with eBay's requests.

## II. SUMMARY OF RELEVANT FACTS

### A. Defendants' Cookie Stuffing Scheme

Defendants are individuals and entities that misused eBay's computer systems and defrauded eBay through its Affiliate Marketing Program. Defendants have represented that the relationships among them are as follows: (i) THI and BrianDunning.com are solely owned and/or controlled by Brian Dunning; (ii) DEI is solely owned and/or controlled by Todd Dunning; and (iii) KFC is a partnership composed of partners DEI and THI. *See* Kennedy Decl., Exs. 2-5, at 2. The following chart depicts those relationships:



As detailed in eBay's Second Amended Complaint ("SAC"), Defendants engaged in massive "cookie stuffing" schemes over the course of at least four years that, among

1  other things, caused unauthorized access to eBay's computers, corrupted eBay data, and
2  caused the payment to Defendants of advertising commissions to which they were not
3  entitled.  Defendants focused their fraud on eBay's Affiliate Marketing Program.  In that
4  program, eBay provides compensation to persons and entities, known as "affiliates," that
5  advertise on behalf of eBay, ***but only*** when the advertisement in question results in a
6  revenue generating action on eBay's site.  Because eBay does not know at the moment
7  when an affiliate refers a user to eBay whether the user will take a revenue generating
8  action, eBay uses "cookies"—small amounts of data maintained in the user's Internet
9  browser—to identify the affiliate that referred the user to eBay and to whom any future
10 commission might be owed.

11       Defendants' sophisticated cookie stuffing schemes defrauded eBay by making it
12 appear that substantial numbers of potential customers were intentionally visiting eBay's
13 website by clicking on ads for eBay.  But Defendants did not legitimately drive users to
14 eBay's site.  Instead, Defendants caused cookies from eBay's website to be placed—or
15 "stuffed"—on the users' computers without the users ever clicking on an eBay ad or even
16 becoming aware that their computers had been used by Defendants to access the eBay
17 site.  (SAC ¶ 25.)  When some portion of those users with stuffed cookies later went to
18 eBay on their own and took revenue generating actions, eBay paid commissions to
19 Defendants even though Defendants did nothing to earn them.  (*See id.* ¶¶ 25, 27.)

20       Defendants employed technological measures designed to prevent eBay from
21 discovering their schemes and lied to eBay about their actions.  (*Id.* ¶¶ 29-32, 60.)  The
22 schemes only ended when eBay undertook a multi-pronged investigation of Defendants'
23 activity in June 2007.  (*See id.* ¶¶ 53-56.)  Shortly thereafter, the FBI obtained materials
24 from Defendants' computer equipment as part of an ongoing investigation into whether
25 Defendants' fraudulent activities also constitute federal crimes.

26       **B.     eBay's Efforts To Obtain Discovery From Defendants**

27       eBay has diligently attempted to resolve its discovery disputes with Defendants
28 without the need for court intervention.  eBay and DEI successfully resolved some of their

1  disputes, and DEI agreed to supplement its discovery responses and is no longer
2  contending that it may assert a Fifth Amendment privilege. *See* Kennedy Decl., Exs. 6-7.
3  Yet despite repeated correspondence and several live discussions—including meet and
4  confer sessions on August 25, August 27, September 17 and September 18, 2009—most
5  of the Defendants have continued to assert their improper discovery positions.

## III. ARGUMENT

### A. The BD Entities Cannot Refuse To Provide Discovery On Fifth Amendment Grounds

The BD Entities have improperly refused to respond to eBay's Interrogatories and Requests for Admission based on the Fifth Amendment privilege of the individuals associated with those entities.[2] BD Entities BrianDunning.com and THI, for example, have stated that because Brian Dunning "is the sole authorized representative of Responding Party, and the only person who can verify discovery responses on behalf of Responding Party, Responding Party cannot provide any verified responses without compromising Mr. Dunning's right against self-incrimination." Kennedy Decl., Ex. 8, at 2; *see also* Kennedy Decl., Exs. 2, 3, 9, at 2. Similarly, KFC—the partnership between THI and DEI—has refused to provide eBay with interrogatory responses based on its contention that "[s]ince [Todd and Brian Dunning] are the sole shareholders and sole authorized representatives of [DEI] and [THI] respectively, and the only persons who can verify discovery responses on behalf of Defendant KFC, Defendant KFC cannot provide any verified responses without compromising the Dunnings' right against self-incrimination." Kennedy Decl., Ex. 5, at 2. Even assuming that Brian and Todd Dunning have valid Fifth Amendment rights, the BD Entities' claims are meritless.

Collective entities such as the BD Entities may not refuse to provide discovery based on the Fifth Amendment privilege of a corporate officer. *Navel Orange Admin.*

---

[2] KFC has provided responses to eBay's Requests for Admission and, therefore, eBay only moves to compel responses to those requests from the other BD Entities. The 56 specific requests to which eBay moves to compel responses in this section are set forth in the Kennedy Declaration, at ¶ 3.

*Comm. v. Exeter Orange Co.*, 722 F.2d 449, 454 (9th Cir. 1983). Instead, the entity must "appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation." *United States v. 3963 Bottles*, 265 F.2d 332, 336 (7th Cir. 1959).

Any Fifth Amendment privilege enjoyed by Brian and Todd Dunning does nothing to protect the BD Entities from their obligation to answer eBay's Interrogatories. Federal Rule of Civil Procedure 33 provides that, if the responding party is a "public or private corporation, a partnership, an association or a governmental agency," interrogatories "*must*" be answered "by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B) (emphasis added). Accordingly, where an officer of such an entity is protected by the Fifth Amendment, a corporation must "designate someone to answer [interrogatories] on its behalf who can furnish as much of the requested information as is available to the corporation without fear of self-incrimination." *SEC v. Leach*, 156 F. Supp. 2d 491, 496 (E.D. Pa. 2001) (quoting 8 Wright, Miller & Marcus, *Federal Practice and Procedure* § 2018, at 276). And Rule 33 allows "any agent of the corporation, *even its attorney*, to answer interrogatories on behalf of a corporation." *Priebe v. World Ventures, Inc.*, 407 F. Supp. 1244, 1246 (C.D. Cal. 1976) (quoting 8 Wright, Miller & Marcus § 2018, at 276) (emphasis added).

Federal courts have regularly applied Rule 33(b)(1)(B)'s language to compel collective entities to answer interrogatories notwithstanding the Fifth Amendment objections of an officer or agent. This principle applies even in situations where, as here, the individual facing a threat of criminal prosecution was the "sole shareholder" or "sole representative" of the entity. For example, in *Central States v. Carstensen Freight Lines, Inc.*, No. 96 C 6252, 1998 WL 413490, at *4-5 (N.D. Ill. July 17, 1998), the court ordered corporate defendants to appoint one or more corporate agents or attorneys to verify answers to interrogatories even though the sole shareholder, employee, and officer of the corporate defendants had invoked the Fifth Amendment privilege. The court found that the corporate defendants were required to provide discovery because, "[a]s with document

requests, corporations have no Fifth Amendment privilege to refuse to answer interrogatories propounded upon them in a civil proceeding." *Id.* at *3-4 (citing *United States v. Kordel*, 397 U.S. 1, 7-8 (1970) (holding that "service of the interrogatories obliged the corporation to appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation")); *see also City of Chicago v. Reliable Truck Parts Co.*, No. 88 C 1458, 1989 WL 32923, at *3-4 (N.D. Ill. Mar. 31, 1989) (holding that a corporation must, if necessary, appoint a corporate agent or attorney to answer interrogatories); *Apache Corp. v. McKeen*, 529 F. Supp. 459, 463 (W.D.N.Y. 1982) (same).

Any contention that the individual defendants are the only available representatives is therefore unavailing. As *Central States* confirmed, "[t]he Federal Rules do not contemplate that the corporate officer or employee responding to the interrogatories have first-hand knowledge of the facts reflected in the answers." *See* 1998 WL 413490, at *4; *see also Reliable Truck Parts Co.*, 1989 WL 32923, at *3 ("The appointed agent need not have 'first-hand personal knowledge' of the facts reflected in the answers.") (citing *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 417, 419 (N.D. Ill. 1977) (same)). The Federal Rules of Civil Procedure simply require that the entity select any agent who can "gather and obtain from books, records, other officers or employees, or other sources, the information necessary to answer the interrogatories." *Central States*, 1998 WL 413490, at *4 (identifying a host of individuals who could serve as agents notwithstanding their lack of first-hand knowledge); *Reliable Truck Parts Co.*, 1989 WL 32923, at *3 (same).

The same principle applies to eBay's Requests for Admission. While Rule 36, which governs requests for admission, does not contain the same express language as Rule 33, several courts have endorsed the principle that an entity cannot avoid responding to requests for admission based on the Fifth Amendment privilege of its officer or agent. *See, e.g.*, *Oak Valley Invs., L.P. v. Southwick*, No. 2:06-CV-737 DB, 2007 WL 2684532, at *1 (D. Utah Sept. 7, 2007) (citing *Kordel*, 397 U.S. at 8, for the proposition that corporations must appoint an agent to answer requests for admission if a corporate officer

EBAY'S MOTION TO COMPEL
CASE NO. C 08-4052 JF PVT

is protected by the Fifth Amendment); *In re IPC Group, Inc.*, Nos. 96-33016 & 96-1258, 1997 WL 594337, at *2 n.2 (Bankr. S.D. Fla. June 16, 1997) (stating in dicta that a corporation may not refuse to answer either requests for admission or interrogatories based on the Fifth Amendment right of its principal officer).

These cases confirm that there is no principled basis for making any distinction between interrogatories and requests for admission in this regard. Both Rules 33 and 36 require that discovery responses be provided by the "party," which, here, refers to the entity defendants rather than any specific person who may be serving as the entities' representative. And all of the BD Entities have demonstrated that they know how to provide responses when it suits their interests: each of the BD Entities provided responses to eBay's First and Second Set of Requests for Production without invoking the Fifth Amendment, and KFC has provided eBay with substantive responses to eBay's Requests for Admission without invoking the Fifth Amendment. *See, e.g.*, Kennedy Decl., Exs. 10-12.

Because there can be no legitimate argument that the Fifth Amendment privilege against self-incrimination extends to collective entities, none of the BD Entities may assert the Fifth Amendment on the ground that their chosen representative faces potential criminal prosecution. *See Kordel*, 397 U.S. at 8 ("It would indeed be incongruous to permit a corporation to select an individual to verify the corporation's answers, who because he fears self-incrimination may thus secure for the corporation the benefits of a privilege it does not have.") BrianDunning.com and THI should therefore be ordered to provide responses to eBay's Interrogatories and Requests for Admission, and KFC should be ordered to provide interrogatory responses.

**B.     Defendants Should Be Compelled To Produce Documents**

The individual defendants have improperly asserted the Fifth Amendment over the production of documents that they have already provided to the government. And all of the Defendants have improperly refused to exercise their control over responsive documents located at Rackspace. The Court should compel proper responses.

1. **The Fifth Amendment Privilege Does Not Apply To Documents That Have Been Produced To The Government**

The individual Defendants cannot legitimately invoke the Fifth Amendment privilege to withhold documents already in the hands of the government.[3] Defendants have stated that the responsive materials in their possession were obtained by the federal government in the course of its criminal investigation of Defendants' cookie stuffing schemes. *See* Kennedy Decl., Ex. 13, at 2 ("[T]he Federal Bureau of Investigation has seized all documents and computers, disk drives, hard drives, cell phones and servers containing information potentially related to this matter."), Ex. 14, at 2 (same). Because the government already possesses these materials and has an independent means of authentication, the Defendants' invocation of the privilege is improper.

The privilege against self-incrimination applies only to testimony; therefore, the contents of voluntarily prepared documents, whether business or personal, are not generally protected by the Fifth Amendment. *In re Grand Jury Proceedings*, 759 F.2d 1418, 1419 (9th Cir. 1985). Although in limited instances the act of producing voluntarily created documents may implicate the Fifth Amendment, *id.* at 1420, such circumstances are not present here. This "act of production" privilege only applies if the act of producing the documents is compelled, testimonial and incriminating. *Fed. Sav. & Loan Ins. Corp. v. Rodrigues*, 717 F. Supp. 1424, 1425 (N.D. Cal. 1998). The production of responsive documents to eBay would not be "testimonial and incriminating."

To determine whether the act of production is testimonial and incriminating, federal courts generally consider two factors. ***First***, they look to whether "the existence and location of the [requested] papers are unknown to the government." *In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87, 93 (2d Cir. 1993). If "the existence and location of the papers are a foregone conclusion" based on information already known to the government, then the act of producing the documents does not

---

[3] The 64 specific requests to which eBay moves to compel responses in this section are set forth in the Kennedy Declaration, at ¶ 4.

1 implicate the privilege. *Fisher v. United States*, 425 U.S. 391, 411 (1976) (holding that the Fifth Amendment is not applicable to the production of documents where the production "adds little or nothing to the sum total of the Government's information").

Because Defendants concede that the government already possesses the documents here at issue, the communicative aspects of the production regarding the "existence and location" of the documents cannot be further incriminating to Defendants. *See In re Grand Jury Subpoena Duces Tecum*, 1 F.3d at 93 (where the government already has a copy of the requested document, the subsequent production of the original document "adds little or nothing to the sum total of the Government's information"); *Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974) ("[E]ven if the records were incriminating, their disclosure in a civil case would not have tended to incriminate the defendant. Any incriminating evidence was already in the hands of the prosecuting authorities."). Because a document production in this action would add little, if anything, to the government's quantum of knowledge, its testimonial value is therefore negligible. *Fisher*, 425 U.S. at 411; *see also United States v. Clark*, 847 F.2d 1467, 1472-73 (10th Cir. 1988) (declining to apply the act of production privilege where the government already has extensive knowledge and information regarding the requested documents).

***Second***, the act of producing documents is not incriminating when the government "can independently authenticate the [documents] without using [the party's] act of producing the [documents] as evidence of their authenticity." *United States v. Rue*, 819 F.2d 1488, 1494 (8th Cir. 1987). If the government can do so, then authentication of the documents is a foregone conclusion that does not sufficiently implicate the right against self-incrimination. *Id.* at 1494; *see also In re Grand Jury Subpoena Duces Tecum*, 1 F.3d at 93 (where the government already possesses the document and can provide alternative means of authentication, no Fifth Amendment privilege applies to a subsequent production). Here, the government has an independent means of authentication: documents obtained from the individuals may be authenticated by testimony that the documents are in "substantially the same condition" as it was when originally obtained.

*See United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991). Therefore, the authentication of the documents sought by eBay is a "foregone conclusion," and the act of production is not incriminating. *See Thomas v. Tyler*, 841 F. Supp. 1119, 1131 (D. Kan. 1993) (ordering defendant to produce all documents that have already been delivered to a third party because the third party can be relied upon by the government to show their existence, possession and authenticity).

Some defendants have suggested that the allegedly involuntary nature of the "seizure" of their documents requires the application of the act of production doctrine. But Defendants cannot identify any case holding that the applicability of the act of production doctrine turns on voluntariness of the prior production. Nor has any Defendant provided proof that the seizure was, in fact, involuntary—a question that simply cannot be assumed. *See United States v. Edgerton*, 734 F.2d 913, 919 (2d Cir. 1984) (mere assertion of privilege against self-incrimination is not sufficient to establish the hazard of incrimination and thus warrant the exercise of a privilege). The law does not require that the Court take Defendants' word that the Fifth Amendment is applicable; the law requires Defendants to prove that providing the discovery would tend to incriminate. *See Martin-Trigona v. Gouletas*, 634 F.2d 354, 360 (7th Cir. 1980) (a witness's "say-so does not of itself establish the hazard of incrimination," rather, the witness must "tender some credible reason why a response would pose a real danger of incrimination").

### 2. **Defendants Have Access To Responsive Documents That Must Be Produced**

All Defendants have resisted any meaningful production of documents to eBay on the grounds that they have no responsive documents in their possession, custody or control.[4] Defendants repeatedly represented to both eBay and the Court that they have little or no responsive documents as a result of the FBI's seizure in June 2007 of "all

---

[4] The 194 specific requests to which eBay moves to compel responses in this section are set forth in the Kennedy Declaration, at ¶ 5. The only Defendants to have produced any documents to eBay are Todd Dunning and DEI, who have each produced fewer than 40 pages of documents, by way of Initial Disclosures and responses to eBay's Second Set of Requests for Production.

1 documents and computers, disk drives, hard drives, cell phones and servers containing
2 information potentially related to this matter." *See, e.g.*, Kennedy Decl., Exs. 13-14, at 2.
3 But when eBay subpoenaed third party Rackspace, it became apparent that Defendants all
4 along had control of substantial records of their business and that those records likely
5 included many or all of the same materials obtained by the government.

6       eBay subpoenaed Rackspace in early June 2009. *See* Kennedy Decl., Ex. 15.
7 Rackspace, however, has refused to produce documents on the ground that Defendants
8 have full access to and control over their data stored at Rackspace and, therefore, should
9 bear the burden of producing any responsive material located there. *See* Kennedy Decl.
10 ¶ 9, Exs. 16-17. Rackspace has confirmed, moreover, that the FBI retrieved copies of
11 material stored on Rackspace's servers relevant to the criminal investigation into
12 Defendants' cookie stuffing scheme—material that is necessarily also relevant to eBay's
13 claims in this lawsuit and responsive to eBay's Requests for Production. Kennedy Decl.
14 ¶ 9. No Defendant has contested the fact that relevant, responsive documents are
15 available at Rackspace. Nor have Brian Dunning or the BD Entities disputed Rackspace's
16 representations that they have control over this material.[5] Yet no Defendant has produced
17 any of the responsive documents to eBay.

18       In fact, not only have Brian Dunning and the BD Entities refused to provide eBay
19 with discovery from the materials stored at Rackspace, they have prevented eBay from
20 obtaining the modest number of documents that Rackspace supplied Defendants in
21 response to eBay's subpoena—documents that should provide direct proof of Defendants'
22 control over the documents at Rackspace. Those documents consist of a small number of
23 customer agreements, renewals and billing records related to Defendants' account with
24 Rackspace. Kennedy Decl. ¶ 9. Pursuant to meet and confer discussions with Brian
25 Dunning and the BD Entities during which eBay was assured that documents would be
26 produced from Rackspace, eBay agreed to allow Rackspace to produce the documents

27
28 [5] Todd Dunning and DEI have represented that they are unable to access the material stored at Rackspace.

1    directly to counsel for Defendants Brian Dunning, THI and BrianDunning.com, who
2    agreed to then pass the documents on to eBay following a review for attorney-client
3    privilege. *Id.* ¶ 8.
4        Rackspace has since notified eBay that those documents—numbering
5    approximately 20 pages—were produced to counsel for Brian Dunning, THI and
6    BrianDunning.com on September 9, 2009. *Id.* ¶ 9. But counsel for those Defendants
7    recently informed eBay that, contrary to their previous representations, they will refuse to
8    produce any of those Rackspace documents to eBay until after such time as Defendants'
9    purportedly forthcoming motion to stay this action has been heard and denied. *Id.* ¶¶ 10.
10   Similarly, Brian Dunning and the BD Entities initially committed to provide documents
11   responsive to eBay's Second Set of Requests for Production of Documents "at a time and
12   place mutually convenient to the parties," yet ultimately did not do so. *See* Kennedy
13   Decl., Exs. 11, 18-20, at 3. During the parties' meet and confer discussions, these
14   Defendants have provided no explanation for their failure to make good on this
15   representation.
16       This gamesmanship is emblematic of Defendants' opportunistic discovery
17   behavior—providing only that discovery they believe will support their litigation
18   positions. For example, Defendants filed motions to dismiss eBay's SAC that, in part,
19   were based on a claim that Defendants were terminated from eBay's Affiliate Marketing
20   Program prior to August 2007. In support of that argument, Brian Dunning and the BD
21   Entities submitted an email that they claim "confirms that eBay instructed [third party] CJ
22   to place 'Kesslers and Briandunning.com on payout hold and expire their affiliations with
23   ALL eBay programs globally effective immediately.'" *See* Kennedy Decl., Ex. 21, at 10.
24   And Todd Dunning and DEI responded to eBay's Second Set of Requests for Production
25   by producing documents supporting their arguments on the motion to dismiss:
26   specifically, a settlement agreement with a third party and several pages of documents
27   relating to the purported termination of their relationship with eBay. Kennedy Decl., Exs.
28   22-23. Yet Defendants have steadfastly refused to provide eBay with relevant discovery.

The foreseeable result of Defendants' strategy is that eBay must respond to motions based on documents favorable to Defendants but is unable to uncover any related facts that may potentially be favorable to eBay. This is precisely the sort of "procedural gamesmanship" and "dilatory tactics" that have been criticized in connection with a party's strategic invocation of the Fifth Amendment. *See Day v. Boston Edison Co.*, 150 F.R.D. 16, 22-25 (D. Mass. 1993). Since this case began, Defendants have exploited the impact of the criminal investigation to evade their obligations to provide discovery. The Court should end Defendants' game.

## IV. CONCLUSION

For the foregoing reasons, eBay respectfully requests that the Court issue an order compelling discovery, as follows:

1. striking Defendant KFC's objections to eBay's Interrogatories on the grounds of the Fifth Amendment and ordering KFC to provide supplemental responses to those interrogatories;

2. striking Defendants THI's and BrianDunning.com's objections to eBay's Interrogatories and Requests for Admission on the grounds of the Fifth Amendment and ordering those defendants to provide supplemental responses to those interrogatories and requests for admission;

3. compelling Defendants Brian Dunning and Todd Dunning, notwithstanding their continuing invocations of their Fifth Amendment rights, to produce all documents responsive to eBay's First and Second Sets of Requests for Production that were previously obtained by the FBI; and

4. ordering Defendants Brian Dunning, Todd Dunning, KFC, THI, BrianDunning.com and DEI to exercise any and all rights that they may have to obtain documents from Rackspace US, Inc. that may be responsive to eBay's First and Second Sets of Requests for Production and, as previously set forth in discovery responses, as previously agreed by the parties, or as otherwise ordered by the Court produce documents responsive

| | |
|---|---|
| 1 | to those requests for production. |
| 2 | |
| 3 | DATED:  September 22, 2009 |

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP

By: /s/ David R. Eberhart
    DAVID R. EBERHART

Attorneys for Plaintiff eBAY INC.
