# EXHIBIT 5

```
 1  LAW OFFICES OF PATRICK K. McCLELLAN
    Patrick K. McClellan #077352
 2  pkellymc@pacbell.net
 3  2211 Michelson Drive, Suite 700
    Irvine, CA 92612
 4  Telephone (949)261-7615
    Facsimile (949)851-2772
 5  Attorney for Defendant KESSLER'S FLYING CIRCUS
 6
 7                    UNITED STATES DISTRICT COURT
 8                   NORTHERN DISTRICT OF CALIFORNIA
 9                          SAN JOSE DIVISION
10
11  EBAY INC.,                          )   Case No. 08-4052
                                        )
12                    Plaintiff,        )   KESSLER'S FLYING CIRCUS'
                                        )   RESPONSE TO PLAINTIFF'S FIRST
13  vs.                                 )   SET OF INTERROGATORIES
                                        )
14  DIGITAL POINTS SOLUTIONS, INC.,     )
15  SHAWN HOGAN; KESSLER'S FLYING       )
    CIRCUS; THUNDERWOOD HOLDINGS,       )
16  INC.; TODD DUNNING; DUNNING         )
    ENTERPRISES, INC.; BRIAN DUNNING;   )
17  BRIANDUNNING.COM; and DOES 1-20,    )
                                        )
18                    Defendants.       )
19  _____ )

20  PROPOUNDING PARTY:    PLAINTIFF EBAY INC.
21  RESPONDING PARTY:     DEFENDANT KESSLER'S FLYING CIRCUS
22  SET NUMBER:           ONE
```

1

1  Defendant Kessler's Flying Circus ("Defendant KFC") hereby submits the following
2  objections and responses to the First Set of Interrogatories propounded by Plaintiff Ebay, Inc.
3  ("Plaintiff").

GENERAL STATEMENT

5  Defendants' Motions to Dismiss Plaintiff's First Amended Complaint were granted by Order
6  filed herein on February 24, 2009. The Order dismissed Plaintiff's complaint with leave to amend
7  and no amended complaint has been filed. There is no pending complaint in existence against
8  defendant KFC.

9  Defendants Todd Dunning and Brian Dunning (the "Dunnings") have invoked their privilege
10 against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v.*
11 *Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the
12 California Constitution, and California Evidence Code section 940. Defendant Kessler's Flying
13 Circus is a partnership comprised of two corporate partners, Defendants Dunning Enterprise and
14 Thunderwood Holdings, Inc. The sole shareholder and representative of Dunning Enterprise is
15 Defendant Todd Dunning. The sole shareholder and representative of Thunderwood Holdings, Inc. is
16 Brian Dunning. Since the Dunnings are the sole shareholders and sole authorized representatives of
17 Dunning Enterprise and Thunderwood Holdings, Inc. respectively, and the only persons who can
18 verify discovery responses on behalf of Defendant KFC, Defendant KFC cannot provide any verified
19 responses without compromising the Dunnings' right against self-incrimination. Should either
20 Todd Dunning or Brian Duning determine that there is no longer the threat of potential criminal
21 prosecution and elect to withdraw his privilege against self-incrimination in the future, Defendant
22 KFC expressly reserves the right to supplement its responses.

23 Furthermore, the Federal Bureau of Investigation has seized all documents and computers,
24 disk drives, hard drives, cell phones and servers containing information potentially related to this
25 matter. Assistant United States Attorney Kyle F. Waldinger in charge of this investigation has
26 refused all requests to provide defendants with a copy of the material seized by the FBI. Those items
27
28

and records may contain information responsive to the requests below, but those items and records are not in the possession, custody or control of defendants.

INTERROGATORY NO. 1:

Identify all persons or entities with knowledge regarding KFC's participation, manipulation or interaction in any Affiliate Marketing Program including eBay's Affiliate Marketing Programs including, but not limited to, all methods, techniques and technologies, software, source code, Javascript and HTML code, used by KFC to obtain revenue from, or otherwise interact with, participate in or manipulate any Affiliate Marketing Program.

RESPONSE TO INTERROGATORY NO. 1:

Defendant KFC objects to this interrogatory on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this interrogatory on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant KFC further objects on the ground that this interrogatory is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant KFC further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant KFC further objects that to the extent this interrogatory seeks information related to programs other than eBay's Affiliate Marketing Program, the interrogatory is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant KFC further objects to this interrogatory on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

INTERROGATORY NO. 2:

Identify all Internet Forums at, within or through which KFC discussed any aspect of their participation, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Program.

3

RESPONSE TO INTERROGATORY NO. 2:

Defendant KFC objects to this interrogatory on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this interrogatory on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant KFC further objects on the ground that this interrogatory is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant KFC further objects that to the extent this interrogatory seeks documents related to programs other than eBay's Affiliate Marketing Program, the interrogatory is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant KFC further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. Defendant KFC further objects to this interrogatory on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

DATED: February 25, 2009

LAW OFFICE OF PATRICK K. McCLELLAN

BY: _____
PATRICK K. Mc CLELLAN
Attorney for Defendant
Kessler's Flying Circus

4

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2600 Michelson Drive, Suite 700, Irvine, California 92612.

On February 25, 2009, I served the document(s) described as KESSLER'S FLYING CIRCUS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES on the interested parties in this action.

[X] by placing  [ ] the original    [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

David R. Eberhart, Esq.
O'Melveny & Meyers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

Ronald Rus, Esq.
Rus, Miliband & Smith
2211 Michelson Drive, Ste 700
Irvine, CA 92612

Stewart H. Foreman, Esq.
Freeland Cooper & Foreman, LLP
150 Spear Street, Ste 1800
San Francisco, CA 94105

[X]    BY MAIL

[X] As follows I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 25, 2009, at Irvine, CA.

PATRICK K. McClellan
Type or print name)

_____
(Signature)