# EXHIBIT 10

Dockets.Justia.com

RONALD RUS, #67369
rrus@rusmiliband.com
LEO J. PRESIADO, #166721
lpresiado@rusmiliband.com
RUS, MILIBAND & SMITH
A Professional Corporation
Seventh Floor
2211 Michelson Drive
Irvine, California 92612
Telephone:  (949) 752-7100
Facsimile:   (949) 252-1514

Attorneys for Defendants
THUNDERWOOD HOLDINGS, INC.,
BRIAN DUNNING, and BRIANDUNNING.COM

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC., | CASE NO. C 08-4052 JF |
| Plaintiff, | **RESPONSES OF DEFENDANT BRIANDUNNING.COM TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF EBAY INC.** |
| vs. | |
| DIGITAL POINT SOLUTIONS, INC.; SHAWN HOGAN; KESSLER's FLYING CIRCUS; THUNDERWOOD HOLDINGS, INC.; TODD DUNNING; DUNNING ENTERPRISES, INC.; BRIAN DUNNING; BRIANDUNNING.COM; and DOES 1-20, | |
| Defendants. | |

PROPOUNDING PARTY:   PLAINTIFF EBAY INC.

RESPONDING PARTY:    DEFENDANT BRIANDUNNING.COM

SET NO.:                       ONE (1)

Defendant BrianDunning.com ("Defendant" and/or "Responding Party") hereby responds to the First Set of Requests for Production (Nos. 1-33) propounded by Plaintiff eBay Inc. ("Plaintiff" and/or "Propounding Party") as follows:

/ / /

1

## GENERAL STATEMENT

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint was granted by Order entered February 24, 2009. As such, Plaintiff's Complaint has been dismissed with leave to amend. No amended complaint has been filed and/or served in this action. As such, there is no pending claim against Defendant and Defendant is not required to respond to Plaintiff's discovery request. In this regard, Defendant requested that Plaintiff acknowledge that no response is required or, in the alternative, grant Defendant an extension of time to respond to the discovery requests until some time after Plaintiff files an amended complaint against Defendant, if at all. Plaintiff refused Defendant's request without explanation. Defendant serves these responses out of an abundance of caution in the event it is determined that such responses are required despite the dismissal of Plaintiff's Complaint against Defendant. Otherwise, Defendant reserves the right to withdraw these responses in total and otherwise object to the use, reference to, or disclosure of these responses in any manner for any purpose.

Brian Dunning ("Mr. Dunning") has invoked his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Since Mr. Dunning is the sole representative of Responding Party, and Mr. Dunning declines to sign these discovery responses on behalf of Responding Party, counsel for Responding Party is signing these responses pursuant to Federal Rules of Civil Procedure Rule 26(g). These responses to requests for documents directed at Responding Party are not a waiver of Mr. Dunning's privilege.

Furthermore, the Federal Bureau of Investigation has seized all documents and computers, disk drives, hard drives, cell phones and servers containing information potentially related to this matter. Assistant United States Attorney Kyle F. Waldinger in charge of this investigation has refused all requests to provide Defendants with a copy of the material seized

/ / /

2

1  by the FBI. Those items and records may contain information responsive to the requests

2  below, but those items and records are not in the possession, custody or control of defendants.

3        Without waiving any of the foregoing, Responding Party responds to the

4  requests below:

5  **RESPONSES**

6  **REQUEST FOR PRODUCTION NO. 1**:

7        All documents relating to eBay, including all agreements, terms of service and

8  terms and conditions.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

10        Responding Party objects on the ground that this request is vague and

11  ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

12  to this request on the grounds that, as phrased, the request seeks documents the disclosure of

13  which might violate the attorney-client privilege and/or the work product doctrine. Subject to

14  and without waiving the foregoing objections and based on a reasonable interpretation as to the

15  meaning of this request, Responding Party responds as follows: Responding Party produced a

16  limited number of documents at the time of making its Initial Disclosures. Responding Party

17  has documents that may be responsive to this request that were produced to it by Commission

18  Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v.*

19  *Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008

20  00101025. Accordingly, Responding Party is prohibited from producing these documents at

21  this time. Responding Party has no other documents in its possession, custody or control that

22  are responsive to this request.

23  **REQUEST FOR PRODUCTION NO. 2**:

24        All documents relating to, or Communications with, eBay or any current or

25  former employee of eBay.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

27        Responding Party objects on the ground that this request is vague and

28  ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

3

1   to this request on the grounds that, as phrased, the request seeks documents the disclosure of

2   which might violate the attorney-client privilege and/or the work product doctrine. Subject to

3   and without waiving the foregoing objections and based on a reasonable interpretation as to the

4   meaning of this request, Responding Party responds as follows: Responding Party produced a

5   limited number of documents at the time of making its Initial Disclosures. Responding Party

6   has documents that may be responsive to this request that were produced to it by Commission

7   Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v.*

8   *Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008

9   00101025. Accordingly, Responding Party is prohibited from producing these documents at

10   this time. Responding Party has no other documents in its possession, custody or control that

11   are responsive to this request.

12   **REQUEST FOR PRODUCTION NO. 3**:

13         All documents relating to payment of commissions or other revenue obtained by

14   briandunning.com through participation in, interaction with or manipulation of eBay's Affiliate

15   Marketing Program.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

17         Responding Party objects on the ground that this request is vague and

18   ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

19   on the grounds that the term "manipulation" is vague, argumentative and conclusory.

20   Responding Party further objects to this request on the grounds that, as phrased, the request

21   seeks documents the disclosure of which might violate the attorney-client privilege and/or the

22   work product doctrine. Responding Party further objects to this request on the ground that it

23   violates Responding Party's right to privacy, and seeks production of trade secrets or other

24   confidential information. Responding Party further objects on the ground that this information

25   is equally available to Plaintiff. Subject to and without waiving the foregoing objections and

26   based on a reasonable interpretation as to the meaning of this request, Responding Party

27   responds as follows: Responding Party produced a limited number of documents at the time of

28   making its Initial Disclosures. Responding Party has documents that may be responsive to this

4

1  request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in

2  the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court,

3  Orange County, Case No. 30-2008 00101025. Accordingly, Responding Party is prohibited

4  from producing these documents at this time. Responding Party has no other documents in its

5  possession, custody or control that are responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 4:**

7          All documents relating to eBay's Affiliate Marketing Program, including, but

8  not limited to, all methods and technologies used by briandunning.com to obtain revenue from,

9  manipulate or otherwise interact with, eBay's Affiliate Marketing Program, including, but not

10 limited to, all software, source code, Javascript, and HTML code.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

12         Responding Party objects on the ground that this request is vague and

13 ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

14 on the grounds that the term "manipulate" is vague, argumentative and conclusory.

15 Responding Party further objects to this request on the grounds that, as phrased, the request

16 seeks documents the disclosure of which might violate the attorney-client privilege and/or the

17 work product doctrine. Responding Party further objects to this request on the ground that it

18 seeks production of trade secrets or other confidential information. Subject to and without

19 waiving the foregoing objections and based on a reasonable interpretation as to the meaning of

20 this request, Responding Party responds as follows: Responding Party produced a limited

21 number of documents at the time of making its Initial Disclosures. Responding Party has

22 documents that may be responsive to this request that were produced to it by Commission

23 Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v.*

24 *Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008

25 00101025. Accordingly, Responding Party is prohibited from producing these documents at

26 this time. Responding Party has no other documents in its possession, custody or control that

27 are responsive to this request.

28 / / /

357957v1 dd 2/26/09 3 (2785-0002)

RESPONSES OF BRIANDUNNING.COM TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY EBAY INC. - CASE NO. C 08-4052 JF

1  **REQUEST FOR PRODUCTION NO. 5**:

2          All documents relating to advertisements for eBay used, or purported to be used,

3  on any website or ad network that directed or referred Users to eBay as part of eBay's Affiliate

4  Marketing Program.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

6          Responding Party objects on the ground that this request is vague and

7  ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

8  to this request on the grounds that, as phrased, the request seeks documents the disclosure of

9  which might violate the attorney-client privilege and/or the work product doctrine. Responding

10  Party further objects to this request on the ground that it seeks production of trade secrets or

11  other confidential information. Subject to and without waiving the foregoing objections and

12  based on a reasonable interpretation as to the meaning of this request, Responding Party

13  responds as follows: Responding Party produced a limited number of documents at the time of

14  making its Initial Disclosures. Responding Party has documents that may be responsive to this

15  request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in

16  the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court,

17  Orange County, Case No. 30-2008 00101025. Accordingly, Responding Party is prohibited

18  from producing these documents at this time. Responding Party has no other documents in its

19  possession, custody or control that are responsive to this request.

20  **REQUEST FOR PRODUCTION NO. 6**:

21          All documents reflecting the number of Users who allegedly clicked on an

22  advertisement for eBay used, or purported to be used, by briandunning.com to direct or refer

23  Users to eBay as part of eBay's Affiliate Marketing Program.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

25          Responding Party objects on the ground that this request is vague and

26  ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

27  to this request on the grounds that, as phrased, the request seeks documents the disclosure of

28  which might violate the attorney-client privilege and/or the work product doctrine. Responding

1   Party further objects to this request on the ground that it seeks production of trade secrets or

2   other confidential information.  Subject to and without waiving the foregoing objections and

3   based on a reasonable interpretation as to the meaning of this request, Responding Party

4   responds as follows: Responding Party produced a limited number of documents at the time of

5   making its Initial Disclosures.  Responding Party has documents that may be responsive to this

6   request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in

7   the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court,

8   Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited

9   from producing these documents at this time.  Responding Party has no other documents in its

10  possession, custody or control that are responsive to this request.

11  **REQUEST FOR PRODUCTION NO. 7**:

12          All documents relating to methods or techniques intended to, or causing, a

13  User's browser to load any eBay webpage, webpage content or data therefrom.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

15          Responding Party objects on the ground that this request is vague and

16  ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects

17  to this request on the grounds that, as phrased, the request seeks documents the disclosure of

18  which might violate the attorney-client privilege and/or the work product doctrine.  Responding

19  Party further objects to this request on the ground that it seeks production of trade secrets or

20  other confidential information.  Subject to and without waiving the foregoing objections and

21  based on a reasonable interpretation as to the meaning of this request, Responding Party

22  responds as follows: Responding Party produced a limited number of documents at the time of

23  making its Initial Disclosures.  Responding Party has documents that may be responsive to this

24  request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in

25  the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court,

26  Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited

27  from producing these documents at this time.  Responding Party has no other documents in its

28  possession, custody or control that are responsive to this request.

357957v1 dd 2/26/09 3 (2785-0002)

**REQUEST FOR PRODUCTION NO. 8**:

All documents sufficient to identify all advertising networks, advertising syndication services or websites used or purportedly used by briandunning.com to advertise or promote eBay or to interact in any way with eBay or eBay's Affiliate Marketing Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures. Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025. Accordingly, Responding Party is prohibited from producing these documents at this time. Responding Party has no other documents in its possession, custody or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 9**:

All documents sufficient to identify all Affiliate Marketing Programs, not including eBay's Affiliate Marketing Program, with whom briandunning.com obtained revenue or otherwise interacted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor

8

1    reasonably calculated to lead to the discovery of admissible evidence. Responding Party further

2    objects to this request on the grounds that, as phrased, the request seeks documents the

3    disclosure of which might violate the attorney-client privilege and/or the work product

4    doctrine. Responding Party further objects to this request on the ground that it seeks

5    production of trade secrets or other confidential information. Subject to and without waiving

6    the foregoing objections and based on a reasonable interpretation as to the meaning of this

7    request, Responding Party responds as follows: Responding Party does not have any

8    responsive documents in its possession, custody or control.

9    **REQUEST FOR PRODUCTION NO. 10**:

10         All documents relating to and/or describing methods and techniques used by any

11    other Affiliate Marketing Program that briandunning.com interacted with, participated in or

12    manipulated.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

14         Responding Party objects on the ground that this request is vague and

15    ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

16    on the grounds that the term "manipulated" is vague, argumentative and conclusory.

17    Responding Party further objects that to the extent this request seeks documents related to

18    programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the

19    subject matter of this action, nor reasonably calculated to lead to the discovery of admissible

20    evidence. Responding Party further objects to this request on the grounds that, as phrased, the

21    request seeks documents the disclosure of which might violate the attorney-client privilege

22    and/or the work product doctrine. Responding Party further objects to this request on the

23    ground that it seeks production of trade secrets or other confidential information. Subject to

24    and without waiving the foregoing objections and based on a reasonable interpretation as to the

25    meaning of this request, Responding Party responds as follows: Responding Party does not

26    have any responsive documents in its possession, custody or control.

27    / / /

28    / / /

**REQUEST FOR PRODUCTION NO. 11**:

All documents sufficient to identify the source of any technology, technique or method used by briandunning.com to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other Affiliate Marketing Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.   Responding Party further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory. Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have any responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 12**:

All documents sufficient to identify any individuals, groups, books, manuals or other materials consulted by briandunning.com while developing any technology, technique or method used by briandunning.com to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other Affiliate Marketing Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.   Responding Party further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory. Responding Party further objects that to the extent this request seeks documents related to

10

1   programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the

2   subject matter of this action, nor reasonably calculated to lead to the discovery of admissible

3   evidence. Responding Party further objects to this request on the grounds that, as phrased, the

4   request seeks documents the disclosure of which might violate the attorney-client privilege

5   and/or the work product doctrine. Responding Party further objects to this request on the

6   ground that it seeks production of trade secrets or other confidential information. Subject to

7   and without waiving the foregoing objections and based on a reasonable interpretation as to the

8   meaning of this request, Responding Party responds as follows: Responding Party does not

9   have any responsive documents in its possession, custody or control.

10  **REQUEST FOR PRODUCTION NO. 13**:

11            All documents relating to Commission Junction, including all agreements, terms

12  of service and terms and conditions.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

14            Responding Party objects on the ground that this request is vague and

15  ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

16  to this request on the grounds that, as phrased, the request seeks documents the disclosure of

17  which might violate the attorney-client privilege and/or the work product doctrine. Responding

18  Party further objects to this request on the ground that it seeks production of trade secrets or

19  other confidential information. Subject to and without waiving the foregoing objections and

20  based on a reasonable interpretation as to the meaning of this request, Responding Party

21  responds as follows: Responding Party does not have any responsive documents in its

22  possession, custody or control.

23  **REQUEST FOR PRODUCTION NO. 14**:

24            All documents relating to, or Communications with, Commission Junction or

25  any current or former employee of Commission Junction.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

27            Responding Party objects on the ground that this request is vague and

28  ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

11

1  to this request on the grounds that, as phrased, the request seeks documents the disclosure of

2  which might violate the attorney-client privilege and/or the work product doctrine.  Responding

3  Party further objects to this request on the ground that it seeks production of trade secrets or

4  other confidential information.  Subject to and without waiving the foregoing objections and

5  based on a reasonable interpretation as to the meaning of this request, Responding Party

6  responds as follows:  Responding Party does not have any responsive documents in its

7  possession, custody or control.

8  **REQUEST FOR PRODUCTION NO. 15**:

9           All documents relating to, or Communications with, Digital Point Solutions,

10  Inc., Kessler's Flying Circus, Thunderwood Holdings, Inc., or Dunning Enterprise, Inc.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

12           Responding Party objects on the ground that this request is vague and

13  ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects

14  to this request on the grounds that, as phrased, the request seeks documents the disclosure of

15  which might violate the attorney-client privilege and/or the work product doctrine.  Responding

16  Party further objects to this request on the ground that it seeks production of trade secrets or

17  other confidential information.  Subject to and without waiving the foregoing objections and

18  based on a reasonable interpretation as to the meaning of this request, Responding Party

19  responds as follows:  Responding Party does not have any responsive documents in its

20  possession, custody or control.

21  **REQUEST FOR PRODUCTION NO. 16**:

22           All Communications with Shawn Hogan, Todd Dunning or Brian Dunning.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

24           Responding Party objects on the ground that this request is vague and

25  ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects

26  to this request on the grounds that, as phrased, the request seeks documents the disclosure of

27  which might violate the attorney-client privilege and/or the work product doctrine.  Responding

28  Party further objects to this request on the ground that it violates privacy rights of third parties.

357957v1 dd 2/26/09 3 (2785-0002)

RESPONSES OF BRIANDUNNING.COM TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY EBAY INC. - CASE NO. C 08-4052 JF

1   Subject to and without waiving the foregoing objections and based on a reasonable

2   interpretation as to the meaning of this request, Responding Party responds as follows:

3   Responding Party does not have any responsive documents in its possession, custody or

4   control.

5   **REQUEST FOR PRODUCTION NO. 17**:

6                All documents relating to, or Communications with, Rachael Hughes, or any

7   companies or entities owned, controlled, affiliated with or used by Rachael Hughes, relating to

8   eBay's Affiliate Marketing Program including, but not limited to, any agreements with Rachael

9   Hughes and company and any technology transferred to or from Rachael Hughes and company.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

11               Responding Party objects to this request on the grounds that Rachel Hughes is

12  unknown to Responding Party, therefore no response is possible and all objections are reserved

13  until eBay properly identifies this person or entity.

14  **REQUEST FOR PRODUCTION NO. 18**:

15               All documents sufficient to describe all phone numbers, email addresses, web

16  pages, instant messenger or mail accounts and social network accounts maintained, formerly

17  maintained or registered to briandunning.com.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

19               Responding Party objects on the ground that this request is vague and

20  ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this

21  request seeks documents which are neither relevant to the subject matter of this action, nor

22  reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

23  further objects to this request on the ground that it seeks production of trade secrets or other

24  confidential information.  Subject to and without waiving the foregoing objections and based on

25  a reasonable interpretation as to the meaning of this request, Responding Party responds as

26  follows:  Responding Party does not have possession, custody, or control of any responsive

27  documents.

28  / / /

RESPONSES OF BRIANDUNNING.COM TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY EBAY INC. - CASE NO. C 08-4052 JF

**REQUEST FOR PRODUCTION NO. 19**:

Documents sufficient to identify any Aliases used by briandunning.com in any Internet Forum at or within which Briandunning.com discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Program, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory. Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have possession, custody, or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 20**:

Documents sufficient to identify any Internet Forum at or within which briandunning.com discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory. Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the

14

1  subject matter of this action, nor reasonably calculated to lead to the discovery of admissible

2  evidence.  Subject to and without waiving the foregoing objections and based on a reasonable

3  interpretation as to the meaning of this request, Responding Party responds as follows:

4  Responding Party does not have possession, custody, or control of any responsive documents.

5  **REQUEST FOR PRODUCTION NO. 21**:

6          Documents sufficient to identify all internet service providers (ISPs) and IP

7  addresses used by briandunning.com.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

9          Responding Party objects on the ground that this request is vague and

10  ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this

11  request seeks documents which are neither relevant to the subject matter of this action, nor

12  reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

13  waiving the foregoing objections and based on a reasonable interpretation as to the meaning of

14  this request, Responding Party responds as follows:  Responding Party does not have

15  possession, custody, or control of any responsive documents.

16  **REQUEST FOR PRODUCTION NO. 22**:

17          Documents sufficient to identify all computers, servers, electronic data storage

18  and hosting companies, entities, or facilities used by briandunning.com.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

20          Responding Party objects on the ground that this request is vague and

21  ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this

22  request seeks documents which are neither relevant to the subject matter of this action, nor

23  reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

24  waiving the foregoing objections and based on a reasonable interpretation as to the meaning of

25  this request, Responding Party responds as follows:  To the extent that Responding Party was a

26  partner in Kessler's Flying Circus, which had computers and stored data, this material is

27  currently in the possession of the FBI and not available to Responding Party.  Responding

28  Party does not have possession, custody, or control of any responsive documents.

15

1 **REQUEST FOR PRODUCTION NO. 23:**

2         Documents sufficient to identify any entity used or hired to maintain or restore

3 electronic data or systems relating to briandunning.com's participation in, manipulation of or

4 interaction with eBay's Affiliate Marketing Program.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

6         Responding Party objects on the ground that this request is vague and

7 ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

8 on the grounds that the term "manipulation" is vague, argumentative and conclusory.

9 Responding Party further objects to this request on the ground that it seeks production of trade

10 secrets or other confidential information. Subject to and without waiving the foregoing

11 objections and based on a reasonable interpretation as to the meaning of this request,

12 Responding Party responds as follows: Responding Party does not have possession, custody,

13 or control of any responsive documents.

14 **REQUEST FOR PRODUCTION NO. 24:**

15         Documents sufficient to identify software used to clean, reformat or erase

16 hard-drives used by briandunning.com, or any equipment owned, used or maintained by

17 briandunning.com.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

19         Responding Party objects on the ground that this request is vague and

20 ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects

21 to this request on the ground that it seeks production of trade secrets or other confidential

22 information. Subject to and without waiving the foregoing objections and based on a

23 reasonable interpretation as to the meaning of this request, Responding Party responds as

24 follows: Responding Party does not have possession, custody, or control of any responsive

25 documents.

26 **REQUEST FOR PRODUCTION NO. 25:**

27         All documents sufficient to identify all business entities or fictitious business

28 names currently or formerly maintained by briandunning.com.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

2          Responding Party objects on the ground that this request is vague and

3  ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects

4  that this request seeks documents which are neither relevant to the subject matter of this action,

5  nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and

6  without waiving the foregoing objections and based on a reasonable interpretation as to the

7  meaning of this request, Responding Party responds as follows:  Responding Party does not

8  have possession, custody, or control of any responsive documents.

9  **REQUEST FOR PRODUCTION NO. 26**:

10          All documents filed by briandunning.com with any Secretary of State.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

12          Responding Party objects on the ground that this request is overbroad, unduly

13  burdensome and oppressive.  Responding Party further objects that this request seeks

14  documents which are neither relevant to the subject matter of this action, nor reasonably

15  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

16  foregoing objections and based on a reasonable interpretation as to the meaning of this request,

17  Responding Party responds as follows:  Other than the documents Responding Party produced

18  as part of its Initial Disclosures, Responding Party has no other documents in its possession,

19  custody or control that are responsive to this request.

20  **REQUEST FOR PRODUCTION NO. 27**:

21          Documents sufficient to show the structure and organization of

22  briandunning.com and all companies or other entities owned or controlled by

23  briandunning.com that were involved in or interacted with any Affiliate Marketing Program.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

25          Responding Party objects on the ground that this request is overbroad, unduly

26  burdensome and oppressive.  Responding Party further objects that this request seeks

27  documents which are neither relevant to the subject matter of this action, nor reasonably

28  calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

17

1  foregoing objections and based on a reasonable interpretation as to the meaning of this request,

2  Responding Party responds as follows:  Other than the documents Responding Party produced

3  as part of its Initial Disclosures, Responding Party has no other documents in its possession,

4  custody or control that are responsive to this request.

5  **REQUEST FOR PRODUCTION NO. 28**:

6          Documents sufficient to identify all employees, contractors or temporary

7  employees of briandunning.com, their dates of employment, duties, salary and any other

8  compensation.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

10          Responding Party objects on the ground that this request is overbroad, unduly

11  burdensome and oppressive.  Responding Party further objects that this request seeks

12  documents which are neither relevant to the subject matter of this action, nor reasonably

13  calculated to lead to the discovery of admissible evidence.  Responding Party further objects to

14  this request on the ground that it violates privacy rights of third parties, seeks production of

15  trade secrets or other confidential information.

16  **REQUEST FOR PRODUCTION NO. 29**:

17          All documents constituting briandunning.com's annual, quarterly and monthly

18  audited, compiled, reviewed or unaudited financial statements, including all income statements

19  and balance sheets of briandunning.com.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

21          Responding Party objects on the ground that this request is overbroad, unduly

22  burdensome and oppressive.  Responding Party further objects that this request seeks

23  documents which are neither relevant to the subject matter of this action, nor reasonably

24  calculated to lead to the discovery of admissible evidence.  Responding Party further objects to

25  this request on the ground that it seeks production of trade secrets and confidential financial

26  information, and invades Responding Party's rights of privacy.

27  / / /

28  / / /

18

1   **REQUEST FOR PRODUCTION NO. 30**:

2          All documents sufficient to identify all assets and financial accounts (including

3   those outside of the United States) maintained or formerly maintained by briandunning.com.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

5          Responding Party objects on the ground that this request is vague and

6   ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects

7   that this request seeks documents which are neither relevant to the subject matter of this action,

8   nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

9   further objects to this request on the ground that it violates Responding Party's right to privacy,

10  and seeks production of trade secrets and confidential financial information.

11  **REQUEST FOR PRODUCTION NO. 31**:

12         Documents constituting briandunning.com's tax returns for the years 2003 to the

13  present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

15         Responding Party objects that this request seeks documents which are neither

16  relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery

17  of admissible evidence.  Responding Party further objects to this request on the ground that it

18  violates Responding Party's right to privacy, seeks privileged financial information, see e.g.,

19  California Revenue and Taxation Code section 19542.

20  **REQUEST FOR PRODUCTION NO. 32**:

21         All documents relating to the transfer or assumption of any liability by

22  briandunning.com.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

24         Responding Party objects on the ground that this request is vague and

25  ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this

26  request seeks documents which are neither relevant to the subject matter of this action, nor

27  reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

28  further objects to this request on the grounds that, as phrased, the request seeks documents the

19

1  disclosure of which might violate the attorney-client privilege and/or the work product

2  doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable

3  interpretation as to the meaning of this request, Responding Party responds as follows:

4  Responding Party does not have possession, custody, or control of any responsive documents.

5  **REQUEST FOR PRODUCTION NO. 33**:

6         All documents relating to any insurance policies relevant to this action.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

8         Responding Party objects on the ground that this request is vague and

9  ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects

10  to this request on the grounds that, as phrased, the request seeks documents the disclosure of

11  which might violate the attorney-client privilege and/or the work product doctrine.  Subject to

12  and without waiving the foregoing objections and based on a reasonable interpretation as to the

13  meaning of this request, Responding Party responds as follows: Responding Party does not

14  have possession, custody, or control of any responsive documents.

15

16  DATED:  February 26, 2009         RUS, MILIBAND & SMITH
                                  A Professional Corporation

17

18                                    By:_____

19                                    LEO J. PRESIADO

20                                    Attorneys for Defendants
                                  Thunderwood Holdings, Inc., Brian Dunning
                                  and BrianDunning.com

21

22

23

24

25

26

27

28

                        20

1

**PROOF OF SERVICE**
*eBay, Inc. v. Digital Point Solutions, Inc., et al.*
*Northern District of California, San Jose Division*
*Case No. C 08-4052 JF*

2

3

4   STATE OF CALIFORNIA   )
                          )  ss.
5   COUNTY OF ORANGE      )

6          I am employed in the County of Orange, State of California.  I am over the age
of 18 and not a party to the within action; my business address is 2211 Michelson Drive,
7   Seventh Floor, Irvine, California 92612.

8          On **February 26, 2009**, I served the foregoing documents described as
**RESPONSES OF DEFENDANT BRIANDUNNING.COM TO FIRST SET OF**
9   **REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF EBAY, INC.** on the
interested parties in this action by placing a copy thereof enclosed in sealed envelopes
10  addressed as follows:

11                  SEE ATTACHED SERVICE LIST

12
    ✓    As follows:  I am "readily familiar" with the firm's practice of collection and processing
13       correspondence for mailing.  Under that practice, it would be deposited with U.S.
         Postal Service on that same day with postage thereon fully prepaid at Irvine, California
14       in the ordinary course of business.  I am aware that on motion of the party served,
         service is presumed invalid if postal cancellation date or postage meter date is more than
15       one day after date of deposit for mailing in affidavit.

16
    ___  (By E-Mail) As follows:  I caused the above-referenced document(s) to be transmitted to
17       the above-named persons.

18
    ___  (By Facsimile) As follows:  I caused the above-referenced document(s) to be transmitted
19       *to the above-named persons by facsimile.*

20
    ___  (By Hand Delivery) As follows:  I caused the above-referenced document(s) to be hand
         delivered to the above-named persons.
21
    ___  (By Overnight Delivery) As follows:  By overnight delivery via Overnite Express
22       and/or Federal Express to the office of the addressee noted on the attached service list.

23       Executed on **February 26, 2009**, at Irvine, California.

24
    ✓    (Federal) I declare that I am employed in the office of a member of the bar of this court
25       at whose direction the service was made.

26
                                              _____
27                                              RHONDA RADFORD

28

                                    1

1

**SERVICE LIST**
*eBay, Inc. v. Digital Point Solutions, Inc., et al.*

2
*Northern District of California, San Jose Division*
*Case No. C 08-4052*

3

4  David R. Eberhart
   Sharon M. Bunzel

5  Colleen M. Kennedy
   O'Melveny & Myers

6  Two Embarcadero, 20th Floor
   San Francisco, CA 94111

7  Tel: (949) 984-8700
   Fax: (949) 984-8701

8  Email: deberhart@omm.com, sbunzel@omm.com

9  *Attorneys for Plaintiff eBay, Inc.*

10 Stewart H. Foreman
   Freeland, Cooper & Foreman, LLP

11 150 Spear Street, Suite 1800
   San Francisco, CA 94105

12 Tel: (949) 541-0200
   Fax: (949) 495-4332

13 Email: foreman@freelandlaw.com

14 *Attorneys for Defendants Todd Dunning and Dunning Enterprises, Inc.*

15 Seyamack Kouretchian
   Coast Law Group. LLP

16 169 Saxony Road
   Suite 204

17 Encinitas, CA 92024
   Tel: (760) 942-8505

18 Fax: (760) 942-8515
   Email: seyamack@coastlawgroup.com

19 *Attorneys for Digital Point Solutions, Inc. and Shawn Hogan*

20 Patrick K. McClellan
   Law Offices of Patrick K. McClellan

21 2211 Michelson Drive, Suite 700
   Irvine, California 92612

22 Tel: (949) 261-7615
   Fax: (949) 851-2772

23 Email: pkellymc@pacbell.net
   *Attorney for Kessler's Flying Circus*

24

25

26

27

28

2