# EXHIBIT 13

Dockets.Justia.com

1  RONALD RUS, #67369
   rrus@rusmiliband.com
2  LEO J. PRESIADO, #166721
   lpresiado@rusmiliband.com
3  RUS, MILIBAND & SMITH
   A Professional Corporation
4  Seventh Floor
   2211 Michelson Drive
5  Irvine, California 92612
   Telephone:  (949) 752-7100
6  Facsimile:   (949) 252-1514

7
   Attorneys for Defendants
8  THUNDERWOOD HOLDINGS, INC.,
   BRIAN DUNNING, and BRIANDUNNING.COM

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13

   EBAY INC.,                          )   CASE NO. C 08-4052 JF
14                                      )
                   Plaintiff,           )   **RESPONSES OF DEFENDANT**
15                                      )   **BRIAN DUNNING TO FIRST SET OF**
   vs.                                  )   **REQUESTS FOR PRODUCTION**
16                                      )   **PROPOUNDED BY PLAINTIFF**
   DIGITAL POINT SOLUTIONS, INC.;       )   **EBAY INC.**
17 SHAWN HOGAN; KESSLER's FLYING        )
   CIRCUS; THUNDERWOOD HOLDINGS,        )
18 INC.; TODD DUNNING; DUNNING          )
   ENTERPRISES, INC.; BRIAN DUNNING;    )
19 BRIANDUNNING.COM; and DOES 1-20,     )
                                        )
20                 Defendants.          )
                                        )
21 _____

22 PROPOUNDING PARTY:   PLAINTIFF EBAY INC.

23 RESPONDING PARTY:    DEFENDANT BRIAN DUNNING

24 SET NO.:             ONE (1)

25        Defendant Brian Dunning ("Defendant" and/or "Responding Party") hereby

26 responds to the First Set of Requests for Production (Nos. 1-32) propounded by Plaintiff eBay

27 Inc. ("Plaintiff" and/or "Propounding Party") as follows:

28 / / /

                              1

<u>**GENERAL STATEMENT**</u>

1

2          Defendant's Motion to Dismiss Plaintiff's First Amended Complaint was

3    granted by Order entered February 24, 2009.  As such, Plaintiff's Complaint has been

4    dismissed with leave to amend.  No amended complaint has been filed and/or served in

5    this action.  As such, there is no pending claim against Defendant and Defendant is not

6    required to respond to Plaintiff's discovery request.  In this regard, Defendant requested

7    that Plaintiff acknowledge that no response is required or, in the alternative, grant

8    Defendant an extension of time to respond to the discovery requests until some time after

9    Plaintiff files an amended complaint against Defendant, if at all.  Plaintiff refused

10   Defendant's request without explanation.  Defendant serves these responses out of an

11   abundance of caution in the event it is determined that such responses are required despite

12   the dismissal of Plaintiff's Complaint against Defendant.  Otherwise, Defendant reserves

13   the right to withdraw these responses in total and otherwise object to the use, reference to,

14   or disclosure of these responses in any manner for any purpose.

15          Defendant has invoked his privilege against self-incrimination pursuant to the

16   Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973),

17   Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and

18   California Evidence Code section 940.  Should Defendant determine that there is no longer the

19   threat of potential criminal prosecution and elect to withdraw his privilege against

20   self-incrimination in the future, Defendant expressly reserves the right to supplement his

21   responses.

22          Furthermore, the Federal Bureau of Investigation has seized all documents and

23   computers, disk drives, hard drives, cell phones and servers containing information potentially

24   related to this matter.  Assistant United States Attorney Kyle F. Waldinger in charge of this

25   investigation has refused all requests to provide defendants with a copy of the material seized

26   by the FBI.  Those items and records may contain information responsive to the requests

27   below, but those items and records are not in the possession, custody or control of Defendants.

28   / / /

2

1    At the time of making Defendant's initial disclosures, Defendant produced all

2    documents relevant to this case that are in his possession, custody and control.  Commission

3    Junction, Inc. has also produced documents in the related state action *Commission Junction,*

4    *Inc. v. Thunderwood Holdings, Inc., et al., Superior Court, Orange County*, Case No. 30-2008

5    00101025 that may include documents responsive to this request, but such documents are

6    subject to a Confidentiality Order.

7    Without waiving any of the foregoing, Responding Party responds to the

8    requests below:

9                              **RESPONSES**

10   **REQUEST FOR PRODUCTION NO. 1**:

11   All documents relating to eBay, including all agreements, terms of service and

12   terms and conditions.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

14   Defendant objects to this request on the grounds that it violates Defendant's

15   privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

16   *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

17   Section 15 of the California Constitution, and California Evidence Code section 940.

18   Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

19   unduly burdensome and oppressive.  Defendant further objects that this request seeks

20   documents which are neither relevant to the subject matter of this action, nor reasonably

21   calculated to lead to the discovery of admissible evidence.  Defendant further objects to this

22   request on the grounds that, as phrased, the request seeks documents the disclosure of which

23   might violate the attorney-client privilege and/or the work product doctrine.  Defendant further

24   objects to this request on the ground that it seeks production of trade secrets or other

25   confidential information.

26   **REQUEST FOR PRODUCTION NO. 2**:

27   All documents relating to, or Communications with, eBay or any current or

28   former employee of eBay.

3

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

2          Defendant objects to this request on the grounds that it violates Defendant's

3  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

4  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

5  Section 15 of the California Constitution, and California Evidence Code section 940.

6  Defendant further objects on the ground that this request is duplicative, vague and ambiguous,

7  overbroad, unduly burdensome and oppressive. Defendant further objects that this request

8  seeks documents which are neither relevant to the subject matter of this action, nor reasonably

9  calculated to lead to the discovery of admissible evidence. Defendant further objects to this

10  request on the grounds that, as phrased, the request seeks documents the disclosure of which

11  might violate the attorney-client privilege and/or the work product doctrine. Defendant further

12  objects to this request on the ground that it seeks production of trade secrets or other

13  confidential information.

14  **REQUEST FOR PRODUCTION NO. 3**:

15          All documents relating to payment of commissions or other revenue obtained by

16  Brian Dunning through participation in, interaction with or manipulation of eBay's Affiliate

17  Marketing Program.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

19          Defendant objects to this request on the grounds that it violates Defendant's

20  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

21  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

22  Section 15 of the California Constitution, and California Evidence Code section 940.

23  Defendant further objects on the ground that the this request is vague and ambiguous,

24  overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that

25  the term "manipulation" is vague, argumentative and conclusory. Defendant further objects to

26  this request on the grounds that, as phrased, the request seeks documents the disclosure of

27  which might violate the attorney-client privilege and/or the work product doctrine. Defendant

28  / / /

4

1  further objects to this request on the ground that it violates Defendant's right to privacy, and

2  seeks production of trade secrets or other confidential information.

3  **REQUEST FOR PRODUCTION NO. 4**:

4           All documents relating to eBay's Affiliate Marketing Program, including, but

5  not limited to, all methods and technologies used by Brian Dunning to obtain revenue from,

6  manipulate or otherwise interact with, eBay's Affiliate Marketing Program, including, but not

7  limited to, all software, source code, Javascript, and HTML code.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

9           Defendant objects to this request on the grounds that it violates Defendant's

10  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

11  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

12  Section 15 of the California Constitution, and California Evidence Code section 940.

13  Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

14  unduly burdensome and oppressive.  Defendant further objects on the grounds that the term

15  "manipulate" is vague, argumentative and conclusory.  Defendant further objects to this

16  request on the grounds that, as phrased, the request seeks documents the disclosure of which

17  might violate the attorney-client privilege and/or the work product doctrine.  Defendant further

18  objects to this request on the ground that it violates Defendant's right to privacy, and seeks

19  production of trade secrets or other confidential information.

20  **REQUEST FOR PRODUCTION NO. 5**:

21           All documents relating to advertisements for eBay used, or purported to be used,

22  on any website or ad network that directed or referred Users to eBay as part of eBay's Affiliate

23  Marketing Program.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

25           Defendant objects to this request on the grounds that it violates Defendant's

26  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

27  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

28  Section 15 of the California Constitution, and California Evidence Code section 940.

RESPONSES OF BRIAN DUNNING TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY EBAY INC. - CASE NO. C 08-4052 JF

1    Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

2    unduly burdensome and oppressive.  Defendant further objects to this request on the grounds

3    that, as phrased, the request seeks documents the disclosure of which might violate the

4    attorney-client privilege and/or the work product doctrine.  Defendant further objects to this

5    request on the ground that it seeks production of trade secrets or other confidential information.

6    **REQUEST FOR PRODUCTION NO. 6**:

7           All documents reflecting the number of Users who allegedly clicked on an

8    advertisement for eBay used, or purported to be used, by Brian Dunning to direct or refer

9    Users to eBay as part of eBay's Affiliate Marketing Program.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

11          Defendant objects to this request on the grounds that it violates Defendant's

12   privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

13   *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

14   Section 15 of the California Constitution, and California Evidence Code section 940.

15   Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

16   unduly burdensome and oppressive.  Defendant further objects to this request on the grounds

17   that, as phrased, the request seeks documents the disclosure of which might violate the

18   attorney-client privilege and/or the work product doctrine.  Defendant further objects to this

19   request on the ground that it seeks production of trade secrets or other confidential information.

20   **REQUEST FOR PRODUCTION NO. 7**:

21          All documents relating to methods or techniques intended to, or causing, a

22   User's browser to load any eBay webpage, webpage content or data therefrom.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

24          Defendant objects to this request on the grounds that it violates Defendant's

25   privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

26   *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

27   Section 15 of the California Constitution, and California Evidence Code section 940.

28   Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

1  unduly burdensome and oppressive.  Defendant further objects to this request on the grounds

2  that, as phrased, the request seeks documents the disclosure of which might violate the

3  attorney-client privilege and/or the work product doctrine.  Defendant further objects to this

4  request on the ground that it violates Defendant's right to privacy, and seeks production of

5  trade secrets or other confidential information.

6  **REQUEST FOR PRODUCTION NO. 8**:

7         All documents sufficient to identify all advertising networks, advertising

8  syndication services or websites used or purportedly used by Brian Dunning to advertise

9  or promote eBay or to interact in any way with eBay or eBay's Affiliate Marketing Programs.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

11         Defendant objects to this request on the grounds that it violates Defendant's

12  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

13  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

14  Section 15 of the California Constitution, and California Evidence Code section 940.

15  Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

16  unduly burdensome and oppressive.  Defendant further objects to this request on the grounds

17  that, as phrased, the request seeks documents the disclosure of which might violate the

18  attorney-client privilege and/or the work product doctrine.  Defendant further objects to this

19  request on the ground that it violates Defendant's right to privacy, and seeks production of

20  trade secrets or other confidential information.

21  **REQUEST FOR PRODUCTION NO. 9**:

22         All documents sufficient to identify all Affiliate Marketing Programs, not

23  including eBay's Affiliate Marketing Program, with whom Brian Dunning obtained revenue or

24  otherwise interacted.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

26         Defendant objects to this request on the grounds that it violates Defendant's

27  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

28  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

1  Section 15 of the California Constitution, and California Evidence Code section 940.

2  Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

3  unduly burdensome and oppressive. Defendant further objects that to the extent this request

4  seeks documents related to programs other than eBay's Affiliate Marketing Program, the

5  request is neither relevant to the subject matter of this action, nor reasonably calculated to lead

6  to the discovery of admissible evidence. Defendant further objects to this request on the

7  grounds that, as phrased, the request seeks documents the disclosure of which might violate the

8  attorney-client privilege and/or the work product doctrine. Defendant further objects to this

9  request on the ground that it violates Defendant's right to privacy, and seeks production of

10  trade secrets or other confidential information.

11  **REQUEST FOR PRODUCTION NO. 10**:

12  All documents relating to and/or describing methods and techniques used by any

13  other Affiliate Marketing Program that Brian Dunning interacted with, participated in or

14  manipulated.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

16  Defendant objects to this request on the grounds that it violates Defendant's

17  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

18  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

19  Section 15 of the California Constitution, and California Evidence Code section 940.

20  Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

21  unduly burdensome and oppressive. Defendant further objects on the grounds that the term

22  "manipulated" is vague, argumentative and conclusory. Defendant further objects that to the

23  extent this request seeks documents related to programs other than eBay's Affiliate Marketing

24  Program, the request is neither relevant to the subject matter of this action, nor reasonably

25  calculated to lead to the discovery of admissible evidence. Defendant further objects to this

26  request on the grounds that, as phrased, the request seeks documents the disclosure of which

27  might violate the attorney-client privilege and/or the work product doctrine. Defendant further

28  / / /

8

1   objects to this request on the ground that it violates Defendant's right to privacy, and seeks

2   production of trade secrets or other confidential information.

3   **REQUEST FOR PRODUCTION NO. 11**:

4            All documents sufficient to identify the source of any technology, technique or

5   method used by Brian Dunning to participate in, manipulate or interact with the eBay Affiliate

6   Marketing Program, or any other Affiliate Marketing Program.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

8            Defendant objects to this request on the grounds that it violates Defendant's

9   privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

10  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

11  Section 15 of the California Constitution, and California Evidence Code section 940.

12  Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

13  unduly burdensome and oppressive.  Defendant further objects on the grounds that the term

14  "manipulate" is vague, argumentative and conclusory.  Defendant further objects that to the

15  extent this request seeks documents related to programs other than eBay's Affiliate Marketing

16  Program, the request is neither relevant to the subject matter of this action, nor reasonably

17  calculated to lead to the discovery of admissible evidence.  Defendant further objects to this

18  request on the grounds that, as phrased, the request seeks documents the disclosure of which

19  might violate the attorney-client privilege and/or the work product doctrine.  Defendant further

20  objects to this request on the ground that it violates Defendant's right to privacy, and seeks

21  production of trade secrets or other confidential information.

22  **REQUEST FOR PRODUCTION NO. 12**:

23           All documents sufficient to identify any individuals, groups, books, manuals or

24  other materials consulted by Brian Dunning while developing any technology, technique

25  or method used by Brian Dunning to participate in, manipulate or interact with the eBay

26  Affiliate Marketing Program, or any other Affiliate Marketing Program.

27  / / /

28  / / /

9

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

**REQUEST FOR PRODUCTION NO. 13**:

All documents relating to Commission Junction, including all agreements, terms of service and terms and conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information.

10

1    **REQUEST FOR PRODUCTION NO. 14**:

2              All documents relating to, or Communications with, Commission Junction or

3    any current or former employee of Commission Junction.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

5              Defendant objects to this request on the grounds that it violates Defendant's

6    privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

7    *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

8    Section 15 of the California Constitution, and California Evidence Code section 940.

9    Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

10   unduly burdensome and oppressive.  Defendant further objects to this request on the grounds

11   that, as phrased, the request seeks documents the disclosure of which might violate the

12   attorney-client privilege and/or the work product doctrine.  Defendant further objects to this

13   request on the ground that it seeks production of trade secrets or other confidential information.

14   **REQUEST FOR PRODUCTION NO. 15**:

15             All documents relating to, or Communications with, Digital Point Solutions,

16   Inc., Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc., or

17   briandunning.com.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

19             Defendant objects to this request on the grounds that it violates Defendant's

20   privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

21   *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

22   Section 15 of the California Constitution, and California Evidence Code section 940.

23   Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

24   unduly burdensome and oppressive.  Defendant further objects that this request seeks

25   documents which are neither relevant to the subject matter of this action, nor reasonably

26   calculated to lead to the discovery of admissible evidence.  Defendant further objects to this

27   request on the grounds that, as phrased, the request seeks documents the disclosure of which

28   might violate the attorney-client privilege and/or the work product doctrine.  Defendant further

11

1  objects to this request on the ground that it violates Defendant's right to privacy, seeks

2  production of trade secrets or other confidential information.

3  **REQUEST FOR PRODUCTION NO. 16**:

4           All Communications with Todd Dunning or Shawn Hogan.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

6           Defendant objects to this request on the grounds that it violates Defendant's

7  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

8  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

9  Section 15 of the California Constitution, and California Evidence Code section 940.

10  Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

11  unduly burdensome and oppressive.  Defendant further objects that this request seeks

12  documents which are neither relevant to the subject matter of this action, nor reasonably

13  calculated to lead to the discovery of admissible evidence.  Defendant further objects to this

14  request on the ground that it violates privacy rights of Defendant and third parties.  Defendant

15  further objects to this request on the ground that it violates Defendant's right to privacy, and

16  seeks production of trade secrets or other confidential information.

17  **REQUEST FOR PRODUCTION NO. 17**:

18           All documents relating to, or Communications with, Rachael Hughes, or any

19  companies or entities owned, controlled, affiliated with or used by Rachael Hughes, relating to

20  eBay's Affiliate Marketing Program including, but not limited to, any agreements with Rachael

21  Hughes and company and any technology transferred to or from Rachael Hughes and company.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

23           Defendant objects to this request on the grounds that it violates Defendant's

24  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

25  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

26  Section 15 of the California Constitution, and California Evidence Code section 940.

27  Defendant further objects on the ground that this request is vague and ambiguous, and Plaintiff

28  has failed to identify the person or entity Rachel Hughes.  Defendant further objects that this

12

1 | request seeks documents which are neither relevant to the subject matter of this action, nor

2 | reasonably calculated to lead to the discovery of admissible evidence.

3 | **REQUEST FOR PRODUCTION NO. 18**:

4 | All documents sufficient to describe all phone numbers, email addresses, web

5 | pages, instant messenger or mail accounts and social network accounts maintained, formerly

6 | maintained or registered to Brian Dunning.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

8 | Defendant objects to this request on the grounds that it violates Defendant's

9 | privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

10 | *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

11 | Section 15 of the California Constitution, and California Evidence Code section 940.

12 | Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

13 | unduly burdensome and oppressive. Defendant further objects that this request seeks

14 | documents which are neither relevant to the subject matter of this action, nor reasonably

15 | calculated to lead to the discovery of admissible evidence. Defendant further objects to this

16 | request on the ground that it violates Defendant's right to privacy, and seeks production of

17 | trade secrets or other confidential information.

18 | **REQUEST FOR PRODUCTION NO. 19**:

19 | Documents sufficient to identify any Aliases used by Brian Dunning in any

20 | Internet Forum at or within which Brian Dunning discussed any aspect of their participation in,

21 | manipulation of or interaction with eBay's Affiliate Marketing Program, or any other Affiliate

22 | Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet

23 | newsgroups or chat rooms.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

25 | Defendant objects to this request on the grounds that it violates Defendant's

26 | privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

27 | *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

28 | Section 15 of the California Constitution, and California Evidence Code section 940.

13

1   Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

2   unduly burdensome and oppressive.  Defendant further objects that to the extent this request

3   seeks documents related to programs other than eBay's Affiliate Marketing Program, the

4   request is neither relevant to the subject matter of this action, nor reasonably calculated to lead

5   to the discovery of admissible evidence.  Defendant further objects on the grounds that the term

6   "manipulation" is vague, argumentative and conclusory.  Defendant further objects to this

7   request on the ground that it violates Defendant's right to privacy, and seeks production of

8   trade secrets or other confidential  information.

9   **REQUEST FOR PRODUCTION NO. 20**:

10          Documents sufficient to identify any Internet Forum at or within which Brian

11   Dunning discussed any aspect of his participation in, manipulation of or interaction with eBay's

12   Affiliate Marketing Programs, or any other Affiliate Marketing Programs, including, but not

13   limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

15          Defendant objects to this request on the grounds that it violates Defendant's

16   privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

17   *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

18   Section 15 of the California Constitution, and California Evidence Code section 940.

19   Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

20   unduly burdensome and oppressive.  Defendant further objects on the grounds that the term

21   "manipulation" is vague, argumentative and conclusory.  Defendant further objects that to the

22   extent this request seeks documents related to programs other than eBay's Affiliate Marketing

23   Program, the request is neither relevant to the subject matter of this action, nor reasonably

24   calculated to lead to the discovery of admissible evidence. Defendant further objects to this

25   request on the ground that it violates Defendant's right to privacy, seeks production of trade

26   secrets or other confidential  information.

27   / / /

28   / / /

14

1  **REQUEST FOR PRODUCTION NO. 21**:

2       Documents sufficient to identify all internet service providers (ISPs) and IP

3  addresses used by Brian Dunning.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

5       Defendant objects to this request on the grounds that it violates Defendant's

6  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

7  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

8  Section 15 of the California Constitution, and California Evidence Code section 940.

9  Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

10  unduly burdensome and oppressive. Defendant further objects that this request seeks

11  documents which are neither relevant to the subject matter of this action, nor reasonably

12  calculated to lead to the discovery of admissible evidence. Defendant further objects to this

13  request on the ground that it violates Defendant's right to privacy, seeks production of trade

14  secrets or other confidential  information.

15  **REQUEST FOR PRODUCTION NO. 22**:

16       Documents sufficient to identify all computers, servers, electronic data storage

17  and hosting companies, entities, or facilities used by Brian Dunning.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

19       Defendant objects to this request on the grounds that it violates Defendant's

20  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

21  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

22  Section 15 of the California Constitution, and California Evidence Code section 940.

23  Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

24  unduly burdensome and oppressive. Defendant further objects that this request seeks

25  documents which are neither relevant to the subject matter of this action, nor reasonably

26  calculated to lead to the discovery of admissible evidence. Defendant further objects to this

27  request on the ground that it violates Defendant's right to privacy, seeks production of trade

28  secrets or other confidential information.

1  **REQUEST FOR PRODUCTION NO. 23**:

2          Documents sufficient to identify any entity used or hired to maintain or restore

3  electronic data or systems relating to Brian Dunning's participation in, manipulation of or

4  interaction with eBay's Affiliate Marketing Program.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

6          Defendant objects to this request on the grounds that it violates Defendant's

7  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

8  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

9  Section 15 of the California Constitution, and California Evidence Code section 940.

10  Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

11  unduly burdensome and oppressive. Defendant further objects on the grounds that the term

12  "manipulation" is vague, argumentative and conclusory. Defendant further objects to this

13  request on the ground that it violates Defendant's right to privacy, seeks production of trade

14  secrets or other confidential information.

15  **REQUEST FOR PRODUCTION NO. 24**:

16          Documents sufficient to identify software used to clean, reformat or erase

17  hard-drives used by Brian Dunning, or any equipment owned, used or maintained by Brian

18  Dunning.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

20          Defendant objects to this request on the grounds that it violates Defendant's

21  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

22  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

23  Section 15 of the California Constitution, and California Evidence Code section 940.

24  Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

25  unduly burdensome and oppressive. Defendant further objects that this request seeks

26  documents which are neither relevant to the subject matter of this action, nor reasonably

27  calculated to lead to the discovery of admissible evidence. Defendant further objects to this

28  / / /

RESPONSES OF BRIAN DUNNING TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY EBAY INC. - CASE NO. C 08-4052 JF

1    request on the ground that it violates Defendant's right to privacy, seeks production of trade

2    secrets or other confidential information.

3    **REQUEST FOR PRODUCTION NO. 25**:

4              All documents sufficient to identify all business entities or fictitious business

5    names currently or formerly maintained by Brian Dunning.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

7              Defendant objects to this request on the grounds that it violates Defendant's

8    privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

9    *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

10   Section 15 of the California Constitution, and California Evidence Code section 940.

11   Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

12   unduly burdensome and oppressive. Defendant further objects that this request seeks

13   documents which are neither relevant to the subject matter of this action, nor reasonably

14   calculated to lead to the discovery of admissible evidence.

15   **REQUEST FOR PRODUCTION NO. 26**:

16             All documents filed by Brian Dunning with any Secretary of State.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

18             Defendant objects to this request on the grounds that it violates Defendant's

19   privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

20   *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

21   Section 15 of the California Constitution, and California Evidence Code section 940.

22   Defendant further objects on the ground that this request is overbroad, unduly burdensome and

23   oppressive. Defendant further objects that this request seeks documents which are neither

24   relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery

25   of admissible evidence.

26   / / /

27   / / /

28   / / /

17

1 | **REQUEST FOR PRODUCTION NO. 27**:

2 |      Documents sufficient to show the structure and organization of all companies or

3 | other entities owned or controlled by Brian Dunning that were involved in or interacted with

4 | any Affiliate Marketing Program.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

6 |      Defendant objects to this request on the grounds that it violates Defendant's

7 | privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

8 | *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

9 | Section 15 of the California Constitution, and California Evidence Code section 940.

10 | Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

11 | unduly burdensome and oppressive. Defendant further objects that this request seeks

12 | documents which are neither relevant to the subject matter of this action, nor reasonably

13 | calculated to lead to the discovery of admissible evidence.

14 | **REQUEST FOR PRODUCTION NO. 28**:

15 |      Documents sufficient to identify all employees, contractors or temporary

16 | employees of Brian Dunning, their dates of employment, duties, salary and any other

17 | compensation.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

19 |      Defendant objects to this request on the grounds that it violates Defendant's

20 | privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

21 | *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

22 | Section 15 of the California Constitution, and California Evidence Code section 940.

23 | Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

24 | unduly burdensome and oppressive. Defendant further objects that this request seeks

25 | documents which are neither relevant to the subject matter of this action, nor reasonably

26 | calculated to lead to the discovery of admissible evidence. Defendant further objects to this

27 | request on the ground that it violates privacy rights of third parties, seeks production of trade

28 | secrets or other confidential information.

18

1 | **REQUEST FOR PRODUCTION NO. 29**:

2 |       All documents sufficient to identify all assets and financial accounts (including

3 | those outside of the United States) maintained or formerly maintained by Brian Dunning.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

5 |       Defendant objects to this request on the grounds that it violates Defendant's

6 | privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

7 | *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

8 | Section 15 of the California Constitution, and California Evidence Code section 940.

9 | Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

10 | unduly burdensome and oppressive.  Defendant further objects that this request seeks

11 | documents which are neither relevant to the subject matter of this action, nor reasonably

12 | calculated to lead to the discovery of admissible evidence.  Defendant further objects to this

13 | request on the ground that it violates Defendant's right to privacy and seeks confidential

14 | financial information.

15 | **REQUEST FOR PRODUCTION NO. 30**:

16 |       Documents constituting Brian Dunning's individual tax returns for the years

17 | 2003 to the present.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

19 |       Defendant objects to this request on the grounds that it violates Defendant's

20 | privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

21 | *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

22 | Section 15 of the California Constitution, and California Evidence Code section 940.

23 | Defendant further objects on the ground that this request is vague and ambiguous, overbroad,

24 | unduly burdensome and oppressive.  Defendant further objects that this request seeks

25 | documents which are neither relevant to the subject matter of this action, nor reasonably

26 | calculated to lead to the discovery of admissible evidence.  Defendant further objects to this

27 | request on the ground that it violates Defendant's right to privacy, seeks privileged financial

28 | information, see e.g., California Revenue and Taxation Code section 19542.

19

1  **REQUEST FOR PRODUCTION NO. 31**:

2          All documents relating to the transfer or assumption of any liability by Brian

3  Dunning.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

5          Defendant objects to this request on the grounds that it violates Defendant's

6  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

7  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

8  Section 15 of the California Constitution, and California Evidence Code section 940.

9  Defendant further objects to this request on the grounds that, as phrased, the request seeks

10  documents the disclosure of which might violate the attorney-client privilege and/or the work

11  product doctrine. Defendant further objects on the ground that this request is vague and

12  ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this

13  request seeks documents which are neither relevant to the subject matter of this action, nor

14  reasonably calculated to lead to the discovery of admissible evidence. Defendant further

15  objects to this request on the ground that it violates Defendant's right to privacy, and seeks

16  production of trade secrets or other confidential information.

17  **REQUEST FOR PRODUCTION NO. 32**:

18          All documents relating to any insurance policies relevant to this action.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

20          Defendant objects to this request on the grounds that it violates Defendant's

21  privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution,

22  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1,

23  Section 15 of the California Constitution, and California Evidence Code section 940.

24  Defendant further objects to this request on the grounds that, as phrased, the request seeks

25  documents the disclosure of which might violate the attorney-client privilege and/or the work

26  / / /

27  / / /

28  / / /

20

1  product doctrine.  Defendant further objects on the ground that this request is vague and

2  ambiguous.

3

4  DATED:  February 26, 2009                    RUS, MILIBAND & SMITH
                                                A Professional Corporation
5

6
                                                By: _____
7                                                  LEON PRESIADO
                                                   Attorneys for Defendants
8                                                  Thunderwood Holdings, Inc., Brian Dunning
                                                   and BrianDunning.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

**PROOF OF SERVICE**
*eBay, Inc. v. Digital Point Solutions, Inc., et al.*
*Northern District of California, San Jose Division*
*Case No. C 08-4052 JF*

STATE OF CALIFORNIA   )
                           ) ss.
COUNTY OF ORANGE     )

        I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2211 Michelson Drive, Seventh Floor, Irvine, California 92612.

        On **February 26, 2009**, I served the foregoing documents described as **RESPONSES OF DEFENDANT BRIAN DUNNING TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF EBAY, INC.** on the interested parties in this action by placing a copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

  ✓   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  ____   (By E-Mail) As follows: I caused the above-referenced document(s) to be transmitted to the above-named persons.

  ____   (By Facsimile) As follows: I caused the above-referenced document(s) to be transmitted to the above-named persons by facsimile.

  ____   (By Hand Delivery) As follows: I caused the above-referenced document(s) to be hand delivered to the above-named persons.

  ____   (By Overnight Delivery) As follows: By overnight delivery via Overnite Express and/or Federal Express to the office of the addressee noted on the attached service list.

Executed on **February 26, 2009**, at Irvine, California.

  ✓   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

RHONDA RADFORD

1

1

**SERVICE LIST**

*eBay, Inc. v. Digital Point Solutions, Inc., et al.*
*Northern District of California, San Jose Division*
*Case No. C 08-4052*

2

3

4  David R. Eberhart
   Sharon M. Bunzel
5  Colleen M. Kennedy
   O'Melveny & Myers
6  Two Embarcadero, 20th Floor
   San Francisco, CA 94111
7  Tel: (949) 984-8700
   Fax: (949) 984-8701
8  Email: deberhart@omm.com, sbunzel@omm.com
   *Attorneys for Plaintiff eBay, Inc.*
9

10  Stewart H. Foreman
    Freeland, Cooper & Foreman, LLP
11  150 Spear Street, Suite 1800
    San Francisco, CA 94105
12  Tel: (949) 541-0200
    Fax: (949) 495-4332
13  Email: foreman@freelandlaw.com
    *Attorneys for Defendants Todd Dunning and Dunning Enterprises, Inc.*
14

15  Seyamack Kouretchian
    Coast Law Group. LLP
16  169 Saxony Road
    Suite 204
17  Encinitas, CA 92024
    Tel: (760) 942-8505
18  Fax: (760) 942-8515
    Email: seyamack@coastlawgroup.com
19  *Attorneys for Digital Point Solutions, Inc. and Shawn Hogan*

20  Patrick K. McClellan
    Law Offices of Patrick K. McClellan
21  2211 Michelson Drive, Suite 700
    Irvine, California 92612
22  Tel: (949) 261-7615
    Fax: (949) 851-2772
23  Email: pkellymc@pacbell.net
    *Attorney for Kessler's Flying Circus*

24

25

26

27

28

2