# EXHIBIT 14

Dockets.Justia.com



Stewart H. Foreman  (CSB #61149)
Daniel T. Bernhard  (CSB #104229)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone:  (415) 541-0200
Facsimile:  (415) 495-4332
Email: foreman@freelandlaw.com
         bernhard@freelandlaw.com

Attorneys for Defendants Todd Dunning
and Dunning Enterprise, Inc.

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

#### SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC., | CASE NO.: CV-08-4052 JF |
| Plaintiff, | **DEFENDANT TODD DUNNING'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** |
| v. | |
| DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, AND DOES 1-20, | |
| Defendants. | |

PROPOUNDING  PARTY:          PLAINTIFF EBAY INC.

RESPONDING PARTY:          DEFENDANT TODD DUNNING

SET NUMBER:          ONE

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123666-1}

Defendant Todd Dunning ("Defendant") hereby submits the following objections and responses to the Request for Production of Documents Set One propounded by Plaintiff Ebay, Inc. ("Plaintiff").

<u>GENERAL STATEMENT</u>

Defendant has invoked his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Should Defendant determine that there is no longer the threat of potential criminal prosecution and elect to withdraw his privilege against self-incrimination in the future, Defendant expressly reserves the right to supplement his responses.

Furthermore, the Federal Bureau of Investigation has seized all documents and computers, disk drives, hard drives, cell phones and servers containing information potentially related to this matter. Assistant United States Attorney Kyle F. Waldinger in charge of this investigation has refused all requests to provide defendants with a copy of the material seized by the FBI. Those items and records may contain information responsive to the requests below, but those items and records are not in the possession, custody or control of defendants.

At the time of making Defendant's initial disclosures, Defendant produced all documents relevant to this case that are in his possession, custody and control. Commission Junction, Inc. has also produced documents in the related state action *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.,* Superior Court, Orange County, Case No. 30-2008 00101025 that may include documents responsive to this request, but such documents are subject to a Confidentiality Order.

<u>REQUEST FOR PRODUCTION NO. 1:</u>

All documents relating to eBay, including all agreements, terms of service and terms and conditions.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123666-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that

2  this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant

3  further objects that this request seeks documents which are neither relevant to the subject matter of

4  this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant

5  further objects to this request on the grounds that, as phrased, the request seeks documents the

6  disclosure of which might violate the attorney-client privilege and/or the work product doctrine.

7  Defendant further objects to this request on the ground that it seeks production of trade secrets or

8  other confidential information.

9  REQUEST FOR PRODUCTION NO. 2:

10      All documents relating to, or Communications with, eBay or any current or former employee

11  of eBay.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

13      Defendant objects to this request on the grounds that it violates Defendant's privilege against

14  self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

15  U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

16  Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that

17  this request is duplicative, vague and ambiguous, overbroad, unduly burdensome and oppressive.

18  Defendant further objects that this request seeks documents which are neither relevant to the subject

19  matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

20  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents

21  the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.

22  Defendant further objects to this request on the ground that it seeks production of trade secrets or

23  other confidential  information.

24  REQUEST FOR PRODUCTION NO. 3:

25      All documents relating to payment of commissions or other revenue obtained by Todd

26  Dunning through participation in, interaction with or manipulation of eBay's Affiliate Marketing

27  Program.

28  ///

---

DEFENDANT TODD DUNNING'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

3

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that the this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 4:

All documents relating to eBay's Affiliate Marketing Program, including, but no limited to, all methods and technologies used by Todd Dunning to obtain revenue from, manipulate or otherwise interact with, eBay's Affiliate Marketing Program, including, but not limited to, all software, source code, Javascript, and HTML code.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

///

{00123666-1}

REQUEST FOR PRODUCTION NO. 5:

All documents relating to advertisements for eBay used, or purported to be used, on any website or ad network that directed or referred Users to eBay as part of eBay's Affiliate Marketing Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 6:

All documents reflecting the number of Users who allegedly clicked on an advertisement for eBay used, or purported to be used, by Todd Dunning to direct or refer Users to eBay as part of eBay's Affiliate Marketing Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123666-1}

REQUEST FOR PRODUCTION NO. 7:

All documents relating to methods or techniques intended to, or causing, a User's browser to load any eBay webpage, webpage content or data therefrom.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 8:

All documents sufficient to identify all advertising networks, advertising syndication services or websites used or purportedly used by Todd Dunning to advertise or promote eBay or to interact in any way with eBay or eBay's Affiliate Marketing Programs.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

///

{00123666-1}

REQUEST FOR PRODUCTION NO. 9:

All documents sufficient to identify all Affiliate Marketing Programs, not including eBay's Affiliate Marketing Program, with whom Todd Dunning obtained revenue or otherwise interacted.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 10:

All documents relating to and/or describing methods and techniques used by any other Affiliate Marketing Program that Todd Dunning interacted with, participated in or manipulated.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulated" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 11:

All documents sufficient to identify the source of any technology, technique or methods used by Todd Dunning to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other Affiliate Marketing Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 12:

All documents sufficient to identify any individuals, groups, books, manuals or other materials consulted by Todd Dunning while developing any technology, technique or method used by Todd Dunning to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other Affiliate Marketing Program.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123666-1}

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 13:

All documents relating to Commission Junction, including all agreements, terms of service and terms and conditions.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information.

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123666-1}

REQUEST FOR PRODUCTION NO. 14:

All documents relating to, or Communications with, Commission Junction or any current or former employee of Commission Junction.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 15:

All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc., or briandunning.com.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123666-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

REQUEST FOR PRODUCTION NO. 16:

All Communications with Brian Dunning or Shawn Hogan.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates privacy rights of Defendant and third parties, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 17:

All documents relating to, or Communications with, Rachael Hughes, or any companies or entities owned, controlled, affiliated with or used by Rachael Hughes, relating to eBay's Affiliate Marketing Program including, but not limited to, any agreements with Rachael Hughes and company and any technology transferred to or from Rachael Hughes and company.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, and Plaintiff has failed to identify the person or entity Rachel Hughes. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

///

///

///

REQUEST FOR PRODUCTION NO. 18:

All documents sufficient to describe all phone numbers, email addresses, web pages, instant messenger or mail accounts and social network accounts maintained, formerly maintained or registered to Todd Dunning.

RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 19:

Documents sufficient to identify any Aliases used by Todd Dunning in any Internet Forum at or within which Todd Dunning discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Program, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123666-1}

the grounds that that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to identify any Internet Forum at or within which Todd Dunning discussed any aspect of his participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 21:

Documents sufficient to identify all internet service providers (ISPs) and IP addresses used by Todd Dunning.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123666-1}

this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 22:

Documents sufficient to identify all computers, servers, electronic data storage and hosting companies, entities, or facilities used by Todd Dunning.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 23:

Documents sufficient to identify any entity used or hired to maintain or restore electronic data or systems relating to Todd Dunning's participation in, manipulation of or interaction with eBay's Affiliate Marketing Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 24:

Documents sufficient to identify software used to clean, reformat or erase hard-drives used by Todd Dunning, or any equipment owned, used or maintained by Todd Dunning.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 25:

All documents sufficient to identify all business entities or fictitious business names currently or formerly maintained by Todd Dunning.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

REQUEST FOR PRODUCTION NO. 26:

All documents filed by Todd Dunning with any Secretary of State.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 27:

Documents sufficient to show the structure and organization of all companies or other entities owned or controlled by Todd Dunning that were involved in or interacted with any Affiliate Marketing Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 28:

Documents sufficient to identify all employees, contractors or temporary employees of Todd Dunning, their dates of employment, duties, salary and any other compensation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

{00123666-1}

U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates privacy rights of third parties, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 29:

All documents sufficient to identify all assets and financial accounts (including those outside of the United States) maintained or formerly maintained by Todd Dunning.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy and seeks confidential financial information.

REQUEST FOR PRODUCTION NO. 30:

Documents constituting Todd Dunning's individual tax returns for the years 2003 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks privileged financial information, *see e.g.*, California Revenue and Taxation Code section 19542.

REQUEST FOR PRODUCTION NO. 31:

All documents relating to the transfer or assumption of any liability by Todd Dunning.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 32:

All documents relating to any insurance policies relevant to this action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

attorney-client privilege and/or the work product doctrine.  Defendant further objects on the ground that this request is vague and ambiguous.

Dated: February _26_, 2009          FREELAND COOPER & FOREMAN LLP

By: _____
Stewart H. Foreman
Attorneys for Defendants Todd Dunning and Dunning Enterprises, Inc.

DEFENDANT TODD DUNNING'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

19

{00123666-1}

## CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 150 Spear Street, Suite 1800, San Francisco, California  94105.

On February 26, 2009, I served the foregoing document described as follows:

**Defendant Todd Dunning's Responses to Plaintiff's First Set of Requests for Production**

by placing a true and correct copy thereof enclosed in a sealed envelope addressed to the party(ies) of record whose name(s) and address(es) appear below:

### SEE ATTACHED SERVICE LIST

_X_  [BY MAIL - CCP § 1013a]  I caused such sealed envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California, for collection and mailing to the office of addressee(s) on the date shown herein following ordinary business practice.

___  [HAND-DELIVERY/Personal/Messenger - CCP § 1011]  I caused such envelope to be hand-delivered by a courier, who personally delivered such envelope to the office of the addressee(s) on the date herein.

___  [BY FACSIMILE - CCP § 1013(e)] - I caused such document(s) to be transmitted via facsimile electronic equipment transmission on the party(ies), whose name(s), address(es) and fax number(s) are listed above, on the date stated herein and at the time set forth on the attached transmission reported indicating that the facsimile transmission was complete and without error.

___  [BY FEDEX (Overnight Delivery) - CCP § 1013(c)]  I caused such envelope to be delivered to the Federal Express Office in San Francisco, California, with whom we have a direct billing account, to be delivered on the next business day.

___  [BY E-MAIL or ELECTRONIC TRANSMISSION] . Based on a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

___  [STATE]  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_  [FEDERAL] Service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to this cause.

Executed on February 26, 2009, at San Francisco, California.

Joyce E. Johnson

**CERTIFICATE OF SERVICE, CASE NO. 08-4052 (JF)**
{00120756-1}

1

## ATTACHED SERVICE LIST

2

Leo Presiado
RUS, MILIBAND & SMITH
Von Karman Towers
2211 Michelson Drive, 7th Floor
Irvine, CA  92612
Telephone:  (949) 752-7100
Facsimile:  (949) 252-1514
Attorneys for **Defendants Brian Dunning and Thunderwood Holdings, Inc.**

3

4

5

6

Seyamack Kouretchian
COAST LAW GROUP
169 Saxony Road, Suite 204
Encinitas, CA  92024
Attorneys for Defendants Shawn Hogan and Digital Point Solutions, Inc.

7

David Eberhart
O'MELVENY & MYERS LLP
Embarcadero Center West
2 Embarcadero Center, 28th Floor
San Francisco, CA  94111
Attorneys for Plaintiff eBay, Inc.
Telephone: 415-984-8700
Facsimile:  415-984-8701

8

9

10

11

Patrick K. McClellan
Von Karman Towers
2211 Michelson Drive, 7th Floor
Irvine, CA  92612
Attorney for Kessler's Flying Circus

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

2

**CERTIFICATE OF SERVICE, CASE NO. 08-4052 (JF)**
{00120756-1}