1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  SHARON M. BUNZEL (S.B. #181609)
   sbunzel@omm.com
3  COLLEEN M. KENNEDY (S.B. #227107)
   ckennedy@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, CA 94111
   Telephone:   (415) 984-8700
6  Facsimile:   (415) 984-8701

7  Attorneys for Plaintiff eBay Inc.

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12 EBAY INC.,

                                    Case No. C 08-04052 JF PVT
13              Plaintiff,
                                    **EBAY INC.'S NOTICE OF MOTION
14       v.                         AND MOTION TO STRIKE THE
                                    ANSWER OF DEFENDANTS
15 DIGITAL POINT SOLUTIONS, INC.,   THUNDERWOOD HOLDINGS,
   SHAWN HOGAN, KESSLER'S           INC., BRIANDUNNING.COM AND
16 FLYING CIRCUS, THUNDERWOOD       KESSLER'S FLYING CIRCUS;
   HOLDINGS, INC., TODD DUNNING,    MEMORANDUM OF POINTS AND
17 DUNNING ENTERPRISE, INC., BRIAN  AUTHORITIES IN SUPPORT
   DUNNING, BRIANDUNNING.COM,      THEREOF**
18 and DOES 1-20,
                                    Hearing Date: October 30, 2009
19              Defendants.         Time:         9:00 a.m.
                                    Judge:        Hon. Jeremy Fogel
20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | PLEASE TAKE NOTICE THAT, on October 30, 2009, at 9:00 a.m., or as soon |
| 3 | thereafter as the matter may be heard, in Courtroom 3 of the United States District Court |
| 4 | for the Northern District of California, San Jose Division, located at 280 South 1st St., San |
| 5 | Jose, California, 95113, eBay Inc. will and hereby does move this Court, pursuant to Fed. |
| 6 | R. Civ. P. 12(f), to strike the Answer to eBay's Second Amended Complaint filed by |
| 7 | Defendants Thunderwood Holdings, Inc., BrianDunning.com and Kessler's Flying Circus. |
| 8 | The Motion is based on this notice, the attached memorandum of points and |
| 9 | authorities, all supporting declarations, the pleadings and other records on file with the |
| 10 | Court, the oral argument of counsel, all relevant matters judicially noticeable, and such |
| 11 | further evidence and arguments as the Court may consider. |

DATED:  September 25, 2009

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP

By: /s/ David R. Eberhart
        DAVID R. EBERHART

Attorneys for Plaintiff eBAY INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendants Thunderwood Holdings, Inc., BrianDunning.com and Kessler's Flying Circus (herein, the "BD Entities") have filed a joint answer that improperly withholds all substantive responses to the allegations in eBay's Second Amended Complaint ("SAC") based on a purported Fifth Amendment privilege. But collective entities such as these defendants unquestionably lack any Fifth Amendment privilege. Nor may the BD Entities leverage a privilege held by an officer or agent to avoid responding to eBay's SAC. Consequently, the BD Entities' answer should be stricken, and they should be ordered to file an answer that omits any reliance on the Fifth Amendment and responds substantively to the SAC.

Brian Dunning is also a party to the joint answer with the BD Entities. eBay's motion does not seek to strike Mr. Dunning's answer or require him to replead.

**II.   SUMMARY OF RELEVANT FACTS**

Defendants in this action are individuals and entities that abused and damaged eBay's computer systems and defrauded eBay. The BD Entities comprise a subset of the defendants and have represented that they are solely owned and/or controlled by individual defendants Brian and Todd Dunning, as follows:

   (i) Thunderwood Holdings, Inc. ("THI") and BrianDunning.com are solely owned and/or controlled by Brian Dunning; and

   (ii) Kessler's Flying Circus ("KFC") is a partnership composed of partners THI and Dunning Enterprise, Inc. ("DEI"), which is itself solely owned and/or controlled by Todd Dunning.

*See* Declaration of Colleen M. Kennedy in Support of eBay's Motion to Strike ("Kennedy Decl."), Exs. 1-3, at 2. The following chart depicts those relationships. Only the shaded entities are the subject of eBay's motion to strike:



Defendant DEI has filed an answer to the SAC that does not improperly assert any Fifth Amendment privilege. Kennedy Decl., Ex. 4.

### III. ARGUMENT

The BD Entities have improperly invoked the Fifth Amendment privilege against self-incrimination in their answer to eBay's SAC. The BD Entities filed a joint answer that responded to each and every paragraph of the SAC by asserting the Fifth Amendment privilege against self-incrimination. *See* Kennedy Decl., Ex. 5. The answer provided no substantive responses to the SAC.

The BD Entities' answer does not specify the basis for their assertion of the Fifth Amendment privilege, but they have elsewhere purported to assert the privilege based on the "threat of potential criminal prosecution" faced by individual defendants Brian and Todd Dunning. *See, e.g.*, Kennedy Decl., Exs. 1-3, 6-7 at 2. However, the BD Entities *have no* Fifth Amendment privilege and may not rely on a privilege held by an officer or agent. This improper invocation of the Fifth Amendment privilege is properly remedied through a motion to strike. *See* Fed. R. Civ. P. 12(f) ("court may strike from a pleading an insufficient defense"); *City of Chicago v. Reliable Truck Parts Co.*, No. 88 C 1458, 1989 WL 32923, at *4 (N.D. Ill. Mar. 31, 1989) (granting motion to strike answer where corporate defendant improperly invoked Fifth Amendment privilege); *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 444 (S.D.N.Y. 2001) (granting motion to strike answer where individual defendants improperly invoked Fifth Amendment privilege).

It is well established that the Fifth Amendment privilege against self-incrimination does not extend to "collective entities" such as the BD Entities. *See Braswell v. United States*, 487 U.S. 99, 102 (1988); *United States v. Blackman*, 72 F.3d 1418, 1426 (9th Cir. 1995); *SEC v. Leach*, 156 F. Supp. 2d 491, 495 (E.D. Pa. 2001). The privilege is "essentially a personal one, applying only to natural individuals," and therefore "cannot be utilized by or on behalf of any organization, such as a corporation." *United States v. White*, 322 U.S. 694, 698-99 (1944).

Nor may the BD Entities refuse to answer the allegations in the SAC based on the Fifth Amendment privilege of a corporate officer, even where such officer is the "sole shareholder" or "sole representative" of the entity, as the BD Entities have previously claimed in their discovery responses. Kennedy Decl., Exs. 1-3, 6-7, at 2. A corporate entity is "obliged . . . to appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation." *United States v. Kordel*, 397 U.S. 1, 8 (1970) ("It would indeed be incongruous to permit a corporation to select an individual to verify the corporation's answers, who because he fears self-incrimination may thus secure for the corporation the benefits of a privilege it does not have."); *see also Reliable Truck Parts Co.*, 1989 WL 32923, at *2 (duty to appoint an agent to provide information on behalf of a corporation "extends to information that is relevant to both pleading and discovery obligations"); *Leach*, 156 F. Supp. 2d at 495-98 (corporation may not refuse to answer a complaint based on a Fifth Amendment privilege held by one person within the corporation).

Courts have directly repudiated the argument that a collective entity may evade answering a complaint by claiming that the only individual capable of doing so has asserted the Fifth Amendment. In *SEC v. Leach*, an individual defendant and the corporation he created and controlled filed a joint answer in which both defendants "decline[d] to answer" on Fifth Amendment grounds. 156 F. Supp. 2d at 493. Seeking a protective order, the defendant corporation argued that it should be excused from answering the complaint because "the only person with the knowledge required to answer

1  the Complaint on [the corporation's] behalf" was the individual defendant who had
2  invoked the Fifth Amendment. *Id.* at 493, 495. The court rejected this contention,
3  holding that the corporation "has the ability to designate someone else to answer the
4  complaint without vitiating [the individual's] assertion of the Fifth Amendment
5  privilege." *Id.* at 497. In so holding, the court noted that "[e]ven the corporation's
6  attorney can serve as an agent." *Id.* at 498; *see also Reliable Truck Parts Co.*, 1989 WL
7  32923, at *2-3 (rejecting defendant corporation's claim that no agent could answer the
8  amended complaint without fear of self-incrimination because the corporation could
9  appoint an agent without any first-hand personal knowledge or the corporation's attorney
10 could answer the complaint). Indeed, defendant DEI—which is solely controlled by
11 defendant Todd Dunning—has followed this proper course of action and has submitted a
12 substantive answer through its attorney. *See* Kennedy Decl., Ex. 4.
13     eBay is entitled to an answer from each of the BD Entities that responds
14 substantively to eBay's SAC. *See* Fed. R. Civ. P. 8(b)(1)(B). But the BD Entities have
15 provided nothing other than their improper assertions of the Fifth Amendment and some
16 24 affirmative defenses challenging the SAC. No valid privilege exists, and the BD
17 Entities may not hide behind Brian Dunning's privilege by joining in his answer. The
18 Court should strike the BD Entities' answer and require them to replead.

### IV. CONCLUSION

For the foregoing reasons, the Court should strike the BD Entities' answer and require those defendants to file amended answers that omit any objection based on the Fifth Amendment and provide substantive responses to eBay's SAC.

DATED: September 25, 2009

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP

By: /s/ David R. Eberhart
　　　DAVID R. EBERHART

Attorneys for Plaintiff eBAY INC.