# EXHIBIT 2

Seyamack Kouretchian (State Bar No. 171741)
Seyamack@CoastLawGroup.com
Ross Campbell (State Bar No. 234827)
Rcampbell@Coast LawGroup.com
COAST LAW GROUP, LLP
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: (760) 942-8505
Fax: (760) 942-8515

Attorneys for Defendants, SHAWN HOGAN
and DIGITAL POINT SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and Does 1-20,<br><br>    Defendants. | Case No. CV 08-04052 JF PVT<br><br>**DEFENDANT DIGITAL POINT SOLUTIONS, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)** |

PROPOUNDING PARTY:   Plaintiff EBAY, INC.

RESPONDING PARTY:   Defendant DIGITAL POINT SOLUTIONS, INC.

SET NUMBER:   One

   Defendant DIGITAL POINT SOLUTIONS, INC. ("Defendant") hereby provides supplemental responses to the Plaintiff EBAY, INC.'s ("Plaintiff's") First Set of Interrogatories, as follows:

## PRELIMINARY STATEMENT

Defendant SHAWN HOGAN ("Mr. Hogan") has asserted his privilege against self-incrimination under the Fifth Amendment to the United States Constitution (*United States v. Balsys* (1998) 524 U.S. 666, 672; *Lefkowitz v. Turley* (1973) 414 U.S. 70, 77); the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. The provision of any responses by Defendant hereunder shall not be construed to be a waiver of the same.

Defendant further objects because conducting discovery is premature and inappropriate at this time given the ongoing criminal investigation of the FBI and U.S. Attorney's Office. As has been noted, Defendant intends to seek a stay of this action (and/or any other appropriate relief), including a stay of all discovery in this matter, pending the resolution of any potential criminal proceedings and/or until the statute of limitations on any such criminal proceedings has run.

Defendant further objects to the definitions set forth in Plaintiff's requests are compound, vague and ambiguous; these objections further include, but are not limited to, the following: "DPS" is overbroad, unduly burdensome and oppressive in that it purports to apply to third parties collectively and/or individually, to information subject to the attorney-client privilege, and purports to seek responses from Mr. Hogan as phrased. "eBay" is further unduly burdensome and oppressive in that the phrases "eBay's internationally operated websites," and "any and all divisions, subdivisions, departments or subsidiaries of eBay" reference information that is within Plaintiff's control and/or is unknown to Defendant.

Defendant reserves the right to amend or further supplement these responses to the extent circumstances so warrant. Discovery is ongoing.

Defendant incorporates the foregoing into each of Defendant's responses below.

## II. RESPONSES

### INTERROGATORY NO. 1

Identify all persons or entities with knowledge regarding DPS's participation, manipulation or interaction in any Affiliate Marketing Program including eBay's Affiliate Marketing Programs including, but not limited to, all methods, techniques and technologies, software, source code, Javascript and HTML code, used by DPS to obtain revenue from, or otherwise interact with, participate in or

1  manipulate any Affiliate Marketing Program.

2  Response to Interrogatory No. 1:

3  Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, compound, overbroad, and unduly burdensome and oppressive. Defendant further objects because this interrogatory is argumentative with respect to the terms "manipulation" and "manipulate." Defendant further objects because this interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant DIGITAL POINT SOLUTIONS, INC. has never conducted any business of any kind with Plaintiff. Defendant otherwise identifies the following persons and entities: Shawn Hogan and Google, Inc.

**INTERROGATORY NO. 2**

Identify all Internet Forums at, within or through which DPS discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Program.

Response to Interrogatory No. 2:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, compound, overbroad, and unduly burdensome and oppressive. Defendant further objects because this interrogatory is argumentative with respect to its use of the term "manipulation." Defendant further objects because this interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant DIGITAL POINT SOLUTIONS, INC. has never conducted any business of any kind with Plaintiff. No such forums exist.

DATED: September 23, 2009

COAST LAW GROUP LLP

By: _____
Ross M. Campbell
Attorneys for Defendants, Shawn Hogan
and Digital Point Solutions, Inc.