# EXHIBIT 3

Dockets.Justia.com

1  Seyamack Kouretchian (State Bar No. 171741)
2  Seyamack@CoastLawGroup.com
   Ross Campbell (State Bar No. 234827)
3  Rcampbell@Coast LawGroup.com
   COAST LAW GROUP, LLP
4  169 Saxony Road, Suite 204
   Encinitas, California 92024
5  Tel: (760) 942-8505
6  Fax: (760) 942-8515

7  Attorneys for Defendants, SHAWN HOGAN
   and DIGITAL POINT SOLUTIONS, INC.
8

9              UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12 EBAY, INC.,                          )   Case No. CV 08-04052 JF PVT
                                        )
13            Plaintiff,                )   **DEFENDANT DIGITAL POINT
                                        )   SOLUTIONS, INC.'S SUPPLEMENTAL
14     v.                               )   RESPONSES TO PLAINTIFF'S
                                        )   REQUESTS FOR ADMISSION (SET ONE)**
15 DIGITAL POINT SOLUTIONS, INC., SHAWN )
   HOGAN, KESSLER'S FLYING CIRCUS,      )
16 THUNDERWOOD HOLDINGS, INC.,          )
   DUNNING, DUNNING ENTERPRISE, INC.,   )
17 BRIAN DUNNING, BRIANDUNNING.COM,     )
   and Does 1-20,                       )
18                                      )
19            Defendants.               )
                                        )
20 _____    )

21

22
   PROPOUNDING PARTY:   Plaintiff EBAY, INC.
23
   RESPONDING PARTY:    Defendant DIGITAL POINT SOLUTIONS, INC.
24
   SET NUMBER:          One
25

26

27     Defendant DIGITAL POINT SOLUTIONS, INC. ("Defendant") hereby provides supplemental

28 responses to the Plaintiff EBAY, INC.'s ("Plaintiff's") First Set of Requests for Admission, as follows:

---

1

## I.  **PRELIMINARY STATEMENT**

2      Defendant SHAWN HOGAN ("Mr. Hogan") has asserted his privilege against self-incrimination

3  under the Fifth Amendment to the United States Constitution (*United States v. Balsys* (1998) 524 U.S.

4  666, 672; *Lefkowitz v. Turley* (1973) 414 U.S. 70, 77); the Federal Rules of Evidence, Rule 501; the

5  California Constitution, Article 1, Section 15; and California Evidence Code section 940.  The provision

6  of any responses by Defendant hereunder shall not be construed to be a waiver of the same.

7      Defendant further objects because conducting discovery is premature and inappropriate at this

8  time given the ongoing criminal investigation of the FBI and U.S. Attorney's Office.  As has been noted,

9  Defendant intends to seek a stay of this action (and/or any other appropriate relief), including a stay of

10  all discovery in this matter, pending the resolution of any potential criminal proceedings and/or until the

11  statute of limitations on any such criminal proceedings has run.

12      Defendant further objects to the definitions set forth in Plaintiff's requests as compound, vague

13  and ambiguous; these objections further include, but are not limited to, the following: "DPS" is

14  overbroad, unduly burdensome and oppressive in that it purports to apply to third parties collectively

15  and/or individually, to information subject to the attorney-client privilege, and purports to seek responses

16  from Mr. Hogan as phrased.  "eBay" is further unduly burdensome and oppressive in that the phrases

17  "eBay's internationally operated websites," and "any and all divisions, subdivisions, departments or

18  subsidiaries of eBay" reference information that is within Plaintiff's control and/or is unknown to

19  Defendant.  Defendant further objects because the term "Cookie Stuffing" is vague and ambiguous

20      Defendant reserves the right to amend or further supplement these responses to the extent

21  circumstances so warrant.  Discovery is ongoing.

22      Defendant incorporates the foregoing into each of Defendant's responses below.

23  ## II.  **RESPONSES**

24  **REQUEST FOR ADMISSION NO. 1**

25      Admit that DPS conducted business with eBay prior to May 14, 2007.

26  Response to Request for Admission No. 1:

27      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

28  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

---

1  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

2  waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT

3  SOLUTIONS, INC. conducted business with Plaintiff at any time, and on that basis denies this request.

4  **REQUEST FOR ADMISSION NO. 2**

5       Admit that DPS conducted business with eBay during at least some portion of 2006.

6  Response to Request for Admission No. 2:

7       Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

8  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

9  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

10  waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

11  SOLUTIONS, INC. conducted business with Plaintiff at any time, and on that basis denies this request.

12  **REQUEST FOR ADMISSION NO. 3**

13       Admit that DPS conducted business with eBay during at least some portion of 2005.

14  Response to Request for Admission No. 3:

15       Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

16  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

17  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

18  waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

19  SOLUTIONS, INC. conducted business with Plaintiff at any time, and on that basis denies this request.

20  **REQUEST FOR ADMISSION NO. 4**

21       Admit that DPS conducted business with eBay during at least some portion of 2004.

22  Response to Request for Admission No. 4:

23       Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

24  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

25  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

26  waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

27  SOLUTIONS, INC. conducted business with Plaintiff at any time, and on that basis denies this request.

28  /././

1 **REQUEST FOR ADMISSION NO. 5**

2      Admit that DPS conducted business with eBay during at least some portion of 2003.

3 Response to Request for Admission No. 5:

4      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

5 vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

6 incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

7 waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

8 SOLUTIONS, INC. conducted business with Plaintiff at any time, and on that basis denies this request.

9 **REQUEST FOR ADMISSION NO. 6**

10      Admit that DPS participated in an eBay Affiliate Marketing Program or programs.

11 Response to Request for Admission No. 6:

12      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

13 vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

14 incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

15 waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

16 SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this

17 request.

18 **REQUEST FOR ADMISSION NO. 7**

19      Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS

20 utilized software programs and/or code that caused some Users' computers to access an eBay website

21 without the User's knowledge.

22 Response to Request for Admission No. 7:

23      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

24 vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

25 incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

26˙ waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

27 SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this

28 request.

---

1   **REQUEST FOR ADMISSION NO. 8**

2       Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS

3   utilized software programs and/or code that caused some Users' computers to access an eBay web server

4   without the User's knowledge.

5   Response to Request for Admission No. 8:

6       Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

7   vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

8   incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

9   waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT

10  SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this

11  request.

12  **REQUEST FOR ADMISSION NO. 9**

13      Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS

14  utilized software programs and/or code that redirected a User to an eBay website without the User

15  knowingly clicking an Advertisement Link.

16  Response to Request for Admission No. 9:

17      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

18  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

19  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

20  waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT

21  SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this

22  request.

23  **REQUEST FOR ADMISSION NO. 10**

24      Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS

25  utilized software programs and/or code that redirected a User to an eBay web server without the User

26  knowingly clicking an Advertisement Link.

27  Response to Request for Admission No. 10:

28      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

1   vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

2   incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

3   waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

4   SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this

5   request.

6   **REQUEST FOR ADMISSION NO. 11**

7        Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS

8   utilized software programs and/or code that performed Cookie Stuffing.

9   Response to Request for Admission No. 11:

10       Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

11  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

12  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

13  waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

14  SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this

15  request.

16  **REQUEST FOR ADMISSION NO. 12**

17       Admit that DPS used methods, techniques and/or technological measures to avoid detection by

18  eBay of certain aspects of how DPS interacted with eBay's Affiliate Marketing Program or programs.

19  Response to Request for Admission No. 12:

20       Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

21  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

22  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

23  waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

24  SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such

25  methods, techniques or measures, and on that basis denies this request.

26  **REQUEST FOR ADMISSION NO. 13**

27       Admit that DPS used methods, techniques and/or technological measures to avoid detection by

28  Commission Junction of certain aspects of how DPS interacted with eBay's Affiliate Marketing Program

---

Defendant Digital Point Solutions, Inc.'s Supplemental                                Case No. CV 08-04052 JF
Responses to Plaintiff's Requests For Admission, Set One        6

1   or programs.

2   Response to Request for Admission No. 13:

3       Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

4   vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

5   incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

6   waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

7   SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such

8   methods, techniques or measures, and on that basis denies this request.

9   **REQUEST FOR ADMISSION NO. 14**

10      Admit that DPS utilized methods, techniques and/or technological measures to avoid detection

11  by eBay of Cookie Stuffing caused by DPS.

12  Response to Request for Admission No. 14:

13      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

14  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

15  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

16  waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT

17  SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such

18  methods, techniques or measures, and on that basis denies this request.

19  **REQUEST FOR ADMISSION NO. 15**

20      Admit that DPS utilized methods, techniques and/or technological measures to avoid detection

21  by Commission Junction of Cookie Stuffing caused by DPS.

22  Response to Request for Admission No. 15:

23      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

24  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

25  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

26  waiving these objections, Defendant responds as follows:  Defendant denies that DIGITAL POINT

27  SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such

28  methods, techniques or measures, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 16**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code to determine the geographic location of a User.

Response to Request for Admission No. 16:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 17**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code to determine whether a User was located in San Jose, CA.

Response to Request for Admission No. 17:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 18**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code to determine whether a User was located in Santa Barbara, CA.

Response to Request for Admission No. 18:

Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT

SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 19**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code that would disable or not engage DPS's Cookie Stuffing technology if a User's computer was located in San Jose, CA.

Response to Request for Admission No. 19:

Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 20**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code that would disable or not engage DPS's Cookie Stuffing technology if a User's computer was located in Santa Barbara, CA.

Response to Request for Admission No. 20:

Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 21**

Admit that DPS received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, on Users whose computers were directed to eBay's website without the User's knowledge.

1   Response to Request for Admission No. 21:

2      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

3   vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

4   incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

5   waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT

6   SOLUTIONS, INC. received any commissions from eBay at any time, and on that basis denies this

7   request.

8   **REQUEST FOR ADMISSION NO. 22**

9      Admit that DPS received commissions from eBay, whether directly or through Commission

10  Junction, that were based, in whole or in part, on Users who had never actually clicked on a

11  DPS-sponsored eBay advertisement link.

12  Response to Request for Admission No. 22:

13     Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

14  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

15  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

16  waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT

17  SOLUTIONS, INC. received any commissions from eBay at any time, and on that basis denies this

18  request.

19  **REQUEST FOR ADMISSION NO. 23**

20     Admit that DPS received commissions from eBay, whether directly or through Commission

21  Junction, that were based, in whole or in part, Cookie Stuffing caused by DPS.

22  Response to Request for Admission No. 23:

23     Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

24  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

25  incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

26  waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT

27  SOLUTIONS, INC. received any commissions from eBay at any time, and on that basis denies this

28  request.

Defendant Digital Point Solutions, Inc.'s Supplemental                    Case No. CV 08-04052 JF
Responses to Plaintiff's Requests For Admission, Set One        10

1    **REQUEST FOR ADMISSION NO. 24**

2        Admit that DPS engaged in Cookie Stuffing with the intent to defraud eBay.

3    Response to Request for Admission No. 24:

4        Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

5    vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

6    incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

7    waiving these objections, Defendant responds as follows:  Defendant denies this request.

8    **REQUEST FOR ADMISSION NO. 25**

9        Admit that DPS defrauded eBay.

10    Response to Request for Admission No. 25:

11        Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

12    vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant

13    incorporates the above Preliminary Statement herein by reference in full.  Subject to and without

14    waiving these objections, Defendant responds as follows:  Defendant denies this request.

15    DATED: September 23, 2009            COAST LAW GROUP LLP

16

17

18                      By: _____

19                        Ross M. Campbell
                         Attorneys for Defendants, Shawn Hogan

20                        and Digital Point Solutions, Inc.

21

22

23

24

25

26

27

28

---