# EXHIBIT 5

Dockets.Justia.com

Seyamack Kouretchian (State Bar No. 171741)
Seyamack@CoastLawGroup.com
Ross Campbell (State Bar No. 234827)
Rcampbell@Coast LawGroup.com
COAST LAW GROUP, LLP
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: (760) 942-8505
Fax: (760) 942-8515

Attorneys for Defendants, SHAWN HOGAN
and DIGITAL POINT SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC., | Case No. CV 08-04052 JF PVT |
| Plaintiff, | **DEFENDANT SHAWN HOGAN'S** |
| v. | **RESPONSES TO PLAINTIFF'S** |
| | **REQUESTS FOR PRODUCTION** |
| DIGITAL POINT SOLUTIONS, INC., SHAWN | **(SET ONE)** |
| HOGAN, KESSLER'S FLYING CIRCUS, | |
| THUNDERWOOD HOLDINGS, INC., TODD | |
| DUNNING, DUNNING ENTERPRISE, INC., | |
| BRIAN DUNNING, BRIANDUNNING.COM, | |
| and Does 1-20, | |
| Defendants. | |

PROPOUNDING PARTY:     Plaintiff EBAY, INC.

RESPONDING PARTY:      Defendant SHAWN HOGAN

SET NUMBER:            One

     Defendant SHAWN HOGAN ("Defendant") hereby responds to the Plaintiff EBAY, INC.'s

("Plaintiff's") First Set of Requests for Production, as follows:

# I. PRELIMINARY STATEMENT

The Federal Bureau of Investigation has seized documents and materials potentially related to the present action.  As of the date of these responses, the FBI has not returned all of the seized materials to Defendant, some of which may be responsive to Plaintiff's requests hereunder.  Further, FBI Special Agent Melanie Adams and Assistant United States Attorney Kyle F. Walding inform that Defendant is the subject of a grand jury investigation and that it is anticipated that criminal charges will be filed.  Because Plaintiff has attempted to assert various claims under state and federal criminal statutes as well as common law fraud, and seeks to conduct discovery with respect to the same via the subject requests for production, Defendant hereby asserts his privilege against self-incrimination (as specifically set forth below) under the Fifth Amendment to the United States Constitution (*United States v. Balsys* (1998) 524 U.S. 666, 672; *Lefkowitz v. Turley* (1973) 414 U.S. 70, 77); the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.

Defendant further objects because conducting discovery is premature and inappropriate at this time.  Upon the transfer of this action to the appropriate forum, Defendant intends to seek a stay of this action (and/or any other appropriate relief), including a stay of all discovery in this matter, pending the resolution of any potential criminal proceedings and/or until the statute of limitations on any such criminal proceedings has run.  To the extent Defendant determines that there is no longer a threat of criminal prosecution, Defendant expressly reserves the right to withdraw his assertion of the privilege against self-incrimination, to supplement his responses accordingly (in whole or in part), and to object to the use or disclosure of the following responses, including the assertion of the privilege against self incrimination, for any purpose whatsoever.

Defendant further objects to the subject discovery requests in that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint was granted with leave to amend as to Plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act and other fraud-based claims, and discovery is therefore premature. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (in fraud cases, the requisite elements must be adequately laid out "*before* access to the discovery process is granted." (emphasis in original)).

*/./.*

1    Defendant further objects to the definitions set forth in Plaintiff's requests; these objections

2   include, but are not limited to, the following: "Hogan," "Hogan Entities," "Commission Junction," and

3   "eBay" are compound, vague and ambiguous.  The definition of "eBay" is further unduly burdensome

4   and oppressive in that the phrases "eBay's internationally operated websites," and "any and all divisions,

5   subdivisions, departments or subsidiaries of eBay" constitute information within Plaintiff's control

6   and/or are unknown to Defendant.  The definition of "Commission Junction" is unduly burdensome and

7   oppressive in that the phrase "all parent organizations, divisions, subdivisions, departments or

8   subsidiaries" reference information that is outside Defendant's control and/or is unknown to Defendant.

9    Defendant incorporates each of the foregoing objections in Defendant's responses below.

10   ## II. RESPONSES

11   **REQUEST FOR PRODUCTION NO. 1**

12    All documents relating to eBay, including all agreements, terms of service and terms and

13   conditions. .

14   Response to Request for Production No. 1:

15    Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

16   against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

17   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

18   Code section 940.  Defendant further objects because this request may be construed to seek the

19   production and inspection of documents which are privileged from disclosure by the attorney-client

20   relationship and/or the attorney work product doctrine.  Defendant further objects because this demand

21   may be construed to seek the production and inspection of documents which contain proprietary/

22   confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further

23   objects because this request seeks the production of documents which are neither relevant to the subject

24   matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further

25   objects because this request is vague and ambiguous.  Defendant further objects because this request is

26   overbroad, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary

27   Statement herein by reference in full.

28   /././

1   **REQUEST FOR PRODUCTION NO. 2**

2   All documents relating to, or Communications with, eBay or any current or former employee of

3   eBay.

4   Response to Request for Production No. 2:

5   Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

6   against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

7   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

8   Code section 940. Defendant further objects because this request may be construed to seek the

9   production and inspection of documents which are privileged from disclosure by the attorney-client

10  relationship and/or the attorney work product doctrine. Defendant further objects because this demand

11  may be construed to seek the production and inspection of documents which contain proprietary/

12  confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

13  objects because this request seeks the production of documents which are neither relevant to the subject

14  matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant further

15  objects because this request is vague and ambiguous. Defendant further objects because this request is

16  overbroad, unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary

17  Statement herein by reference in full.

18  **REQUEST FOR PRODUCTION NO. 3**

19  All documents relating to payment of commissions or other revenue obtained by Hogan or Hogan

20  Entities through participation in, interaction with or manipulation of eBay's Affiliate Marketing

21  Program.

22  Response to Request for Production No. 3:

23  Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

24  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

25  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

26  Code section 940. Defendant further objects because this request may be construed to seek the

27  production and inspection of documents which are privileged from disclosure by the attorney-client

28  relationship and/or the attorney work product doctrine. Defendant further objects because this demand

1   may be construed to seek the production and inspection of documents which contain proprietary/

2   confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

3   objects because this request is vague and ambiguous. Defendant further objects because this request is

4   compound, overbroad, unduly burdensome and oppressive. Defendant further objects because this

5   request is argumentative with respect to its use of the term "manipulation." Further, Defendant

6   incorporates the above Preliminary Statement herein by reference in full.

7   **REQUEST FOR PRODUCTION NO. 4**

8       All documents relating to eBay's Affiliate Marketing Program, including, but not limited to, all

9   methods and technologies used by Hogan or Hogan Entities to obtain revenue from, manipulate or

10   otherwise interact with eBay's Affiliate Marketing Program, including, but not limited to, all software,

11   source code, Javascript, and HTML code.

12   Response to Request for Production No. 4:

13       Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

14   against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

15   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

16   Code section 940. Defendant further objects because this request may be construed to seek the

17   production and inspection of documents which are privileged from disclosure by the attorney-client

18   relationship and/or the attorney work product doctrine. Defendant further objects because this demand

19   may be construed to seek the production and inspection of documents which contain proprietary/

20   confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

21   objects because this request is vague and ambiguous. Defendant further objects because this request is

22   compound, overbroad, unduly burdensome and oppressive. Defendant further objects because this

23   request is argumentative with respect to its use of the term "manipulate." Further, Defendant

24   incorporates the above Preliminary Statement herein by reference in full.

25   **REQUEST FOR PRODUCTION NO. 5**

26       All documents relating to advertisements for eBay used, or purported to be used, on any website

27   or ad network that directed or referred Users to eBay as part of eBay's Affiliate Marketing Program.

28   /./.

---

1   Response to Request for Production No. 5:

2       Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

3   against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

4   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

5   Code section 940. Defendant further objects because this request may be construed to seek the

6   production and inspection of documents which are privileged from disclosure by the attorney-client

7   relationship and/or the attorney work product doctrine. Defendant further objects because this demand

8   may be construed to seek the production and inspection of documents which contain proprietary/

9   confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

10  objects because this request is overbroad, not reasonably particularized, and seeks the production of

11  documents which are neither relevant to the subject matter of this action, nor likely to lead to the

12  discovery of admissible evidence. Defendant further objects because this request is vague and

13  ambiguous. Defendant further objects because this request is unduly burdensome and oppressive.

14  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

15  **REQUEST FOR PRODUCTION NO. 6**

16      All documents reflecting the number of Users who allegedly clicked on an advertisement for

17  eBay used, or purported to be used, by Hogan or Hogan Entities to direct or refer Users to eBay as part

18  of eBay's Affiliate Marketing Program.

19  Response to Request for Production No. 6:

20      Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

21  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

22  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

23  Code section 940. Defendant further objects because this request may be construed to seek the

24  production and inspection of documents which are privileged from disclosure by the attorney-client

25  relationship and/or the attorney work product doctrine. Defendant further objects because this demand

26  may be construed to seek the production and inspection of documents which contain proprietary/

27  confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

28  objects because this request is vague and ambiguous. Defendant further objects because this request is

1   overbroad, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary

2   Statement herein by reference in full.

3   **REQUEST FOR PRODUCTION NO. 7**

4       All documents relating to methods or techniques intended to, or causing, a User's browser to load

5   any eBay webpage, webpage content or data therefrom.

6   Response to Request for Production No. 7:

7       Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

8   against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

9   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

10  Code section 940.  Defendant further objects because this request may be construed to seek the

11  production and inspection of documents which are privileged from disclosure by the attorney-client

12  relationship and/or the attorney work product doctrine.  Defendant further objects because this demand

13  may be construed to seek the production and inspection of documents which contain proprietary/

14  confidential information and/or trade secrets.  Defendant further objects because this request is vague

15  and ambiguous.  Defendant further objects because this request is overbroad, not reasonably

16  particularized, and unduly burdensome and oppressive.  Further, Defendant incorporates the above

17  Preliminary Statement herein by reference in full.

18  **REQUEST FOR PRODUCTION NO. 8**

19      All documents sufficient to identify all advertising networks, advertising syndication services or

20  websites used or purportedly used by Hogan or Hogan Entities to advertise or promote eBay or to

21  interact in any way with eBay or eBay's Affiliate Marketing Programs.

22  Response to Request for Production No. 8:

23      Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

24  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

25  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

26  Code section 940.  Defendant further objects because this request may be construed to seek the

27  production and inspection of documents which are privileged from disclosure by the attorney-client

28  relationship and/or the attorney work product doctrine.  Defendant further objects because this demand

---

1  may be construed to seek the production and inspection of documents which contain proprietary/

2  confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

3  objects because this request is vague and ambiguous. Defendant further objects because this request is

4  overbroad, unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary

5  Statement herein by reference in full.

6  **REQUEST FOR PRODUCTION NO. 9**

7      All documents sufficient to identify all Affiliate Marketing Programs, not including eBay's

8  Affiliate Marketing Program, with whom Hogan or Hogan Entities obtained revenue or otherwise

9  interacted.

10  Response to Request for Production No. 9:

11      Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

12  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

13  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

14  Code section 940. Defendant further objects because this request may be construed to seek the

15  production and inspection of documents which are privileged from disclosure by the attorney-client

16  relationship and/or the attorney work product doctrine. Defendant further objects because this demand

17  may be construed to seek the production and inspection of documents which contain

18  proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.

19  Defendant further objects because this request seeks the production of documents which are neither

20  relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.

21  Defendant further objects because this request is vague and ambiguous. Defendant further objects

22  because this request is overbroad, unduly burdensome and oppressive. Further, Defendant incorporates

23  the above Preliminary Statement herein by reference in full.

24  **REQUEST FOR PRODUCTION NO. 10**

25      All documents relating to and/or describing methods and techniques used by any other Affiliate

26  Marketing Program that Hogan or Hogan Entities interacted with, participated in or manipulated.

27  /././

28  /././

---

1   Response to Request for Production No. 10:

2         Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

3   against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

4   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

5   Code section 940.  Defendant further objects because this request may be construed to seek the

6   production and inspection of documents which are privileged from disclosure by the attorney-client

7   relationship and/or the attorney work product doctrine.  Defendant further objects because this demand

8.  may be construed to seek the production and inspection of documents which contain

9   proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.

10  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the

11  production of documents which are neither relevant to the subject matter of this action, nor likely to lead

12  to the discovery of admissible evidence.  Defendant further objects because this request is vague and

13  ambiguous, and is argumentative with respect to its use of the term "manipulated."  Defendant further

14  objects because this request is unduly burdensome and oppressive.  Further, Defendant incorporates the

15  above Preliminary Statement herein by reference in full.

16  **REQUEST FOR PRODUCTION NO. 11**

17        All documents sufficient to identify the source of any technology, technique or method used by

18  Hogan or Hogan Entities to participate in, manipulate or interact with eBay Affiliate Marketing Program,

19  or any other Affiliate Marketing Program.

20  Response to Request for Production No. 11:

21        Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

22  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

23  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

24  Code section 940.  Defendant further objects because this request may be construed to seek the

25  production and inspection of documents which are privileged from disclosure by the attorney-client

26  relationship and/or the attorney work product doctrine.  Defendant further objects because this demand

27  may be construed to seek the production and inspection of documents which contain proprietary/

28  confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further

Defendant Shawn Hogan's Responses to Plaintiff's                                    Case No. CV 08-04052 JF
Requests For Production, Set One                          9

1  objects because this request is overbroad, not reasonably particularized, and seeks the production of

2  documents which are neither relevant to the subject matter of this action, nor likely to lead to the

3  discovery of admissible evidence. Defendant further objects because this request is vague and

4  ambiguous, and is argumentative with respect to its use of the term "manipulate." Defendant further

5  objects because this request is compound, unduly burdensome and oppressive. Further, Defendant

6  incorporates the above Preliminary Statement herein by reference in full.

7  **REQUEST FOR PRODUCTION NO. 12**

8      All documents sufficient to identify any individuals, groups, books, manuals or other materials

9  consulted by Hogan or Hogan Entities while developing any technology, technique or method used by

10  Hogan or Hogan Entities while developing any technology, technique or method used by Hogan or

11  Hogan Entities to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or

12  any other Affiliate Marketing Program.

13  Response to Request for Production No. 12:

14      Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

15  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

16  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

17  Code section 940. Defendant further objects because this request may be construed to seek the

18  production and inspection of documents which are privileged from disclosure by the attorney-client

19  relationship and/or the attorney work product doctrine. Defendant further objects because this demand

20  may be construed to seek the production and inspection of documents which contain

21  proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.

22  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the

23  production of documents which are neither relevant to the subject matter of this action, nor likely to lead

24  to the discovery of admissible evidence. Defendant further objects because this request is vague and

25  ambiguous, and is argumentative with respect to its use of the term "manipulate." Defendant further

26  objects because this request is compound, unduly burdensome and oppressive. Further, Defendant

27  incorporates the above Preliminary Statement herein by reference in full.

28  /./.

1  **REQUEST FOR PRODUCTION NO. 13**

2      All documents relating to Commission Junction, including all agreements, terms of service and

3  terms and conditions.

4  Response to Request for Production No. 13:

5      Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

6  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

7  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

8  Code section 940.  Defendant further objects because this request may be construed to seek the

9  production and inspection of documents which are privileged from disclosure by the attorney-client

10  relationship and/or the attorney work product doctrine.  Defendant further objects because this demand

11  may be construed to seek the production and inspection of documents which contain proprietary/

12  confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further

13  objects because this request is vague and ambiguous.  Defendant further objects because this request is

14  overbroad, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary

15  Statement herein by reference in full.

16  **REQUEST FOR PRODUCTION NO. 14**

17      All documents relating to, or Communications with, Commission Junction or any current or

18  former employee of Commission Junction.

19  Response to Request for Production No. 14:

20      Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

21  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

22  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

23  Code section 940.  Defendant further objects because this request may be construed to seek the

24  production and inspection of documents which are privileged from disclosure by the attorney-client

25  relationship and/or the attorney work product doctrine.  Defendant further objects because this demand

26  may be construed to seek the production and inspection of documents which contain proprietary/

27  confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further

28  objects because this request is vague and ambiguous.  Defendant further objects because this request is

1 | overbroad, unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary

2 | Statement herein by reference in full.

3 | **REQUEST FOR PRODUCTION NO. 15**

4 | All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's

5 | Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc. or briandunning.com.

6 | Response to Request for Production No. 15:

7 | Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

8 | against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

9 | Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

10 | Code section 940. Defendant further objects because this request may be construed to seek the

11 | production and inspection of documents which are privileged from disclosure by the attorney-client

12 | relationship and/or the attorney work product doctrine. Defendant further objects because this demand

13 | may be construed to seek the production and inspection of documents which contain proprietary/

14 | confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

15 | objects because this request seeks the production of documents which are neither relevant to the subject

16 | matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant further

17 | objects because this request is vague and ambiguous. Defendant further objects because this request is

18 | compound, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the

19 | above Preliminary Statement herein by reference in full.

20 | **REQUEST FOR PRODUCTION NO. 16**

21 | All Communications with Todd Dunning or Brian Dunning.

22 | Response to Request for Production No. 16:

23 | Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

24 | against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

25 | Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

26 | Code section 940. Defendant further objects to the extent this demand violates the privacy rights of

27 | Defendant and/or third parties. Defendant further objects because this request seeks the production of

28 | documents which are neither relevant to the subject matter of this action, nor likely to lead to the

1  discovery of admissible evidence. Defendant further objects because this request is vague and

2  ambiguous. Defendant further objects because this request is overbroad, unduly burdensome and

3  oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

4  **REQUEST FOR PRODUCTION NO. 17**

5  All documents relating to, or Communications with, Rachael Hughes, or any companies or

6  entities owned, controlled, affiliated with or used by Rachael Hughes, relating to eBay's Affiliate

7  Marketing Program including, but not limited to, any agreements with Rachael Hughes and company

8  and any technology transferred to or from Rachael Hughes and company.

9  Response to Request for Production No. 17:

10  Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

11  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

12  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

13  Code section 940. Defendant further objects because this request may be construed to seek the

14  production and inspection of documents which are privileged from disclosure by the attorney-client

15  relationship and/or the attorney work product doctrine. Defendant further objects because this request

16  seeks the production of documents which are neither relevant to the subject matter of this action, nor

17  likely to lead to the discovery of admissible evidence. Defendant further objects because this request is

18  overbroad, vague and ambiguous. Defendant further objects because this request is unduly burdensome

19  and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in

20  full.

21  **REQUEST FOR PRODUCTION NO. 18**

22  All documents sufficient to describe all phone numbers, email addresses, web pages, instant

23  messenger or mail accounts and social network accounts maintained, formerly maintained or registered

24  to Hogan or Hogan Entities.

25  Response to Request for Production No. 18:

26  Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

27  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

28  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

1   Code section 940. Defendant further objects because this request may be construed to seek the

2   production and inspection of documents which are privileged from disclosure by the attorney-client

3   relationship and/or the attorney work product doctrine. Defendant further objects because this demand

4   may be construed to seek the production and inspection of documents which contain proprietary/

5   confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

6   objects because this request is overbroad, not reasonably particularized, and seeks the production of

7   documents which are neither relevant to the subject matter of this action, nor likely to lead to the

8   discovery of admissible evidence. Defendant further objects because this request is vague and

9   ambiguous. Defendant further objects because this request is compound, unduly burdensome and

10   oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

11  **REQUEST FOR PRODUCTION NO. 19**

12       Documents sufficient to identify any Aliases used by Hogan or Hogan Entities in any Internet

13   Forum at or within which Hogan or Hogan Entities discussed any aspect of their participation in,

14   manipulation of or interaction with eBay's Affiliate Marketing Program, or any other Affiliate Marketing

15   Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat

16   rooms.

17  Response to Request for Production No. 19:

18       Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

19   against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

20   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

21   Code section 940. Defendant further objects because this request may be construed to seek the

22   production and inspection of documents which are privileged from disclosure by the attorney-client

23   relationship and/or the attorney work product doctrine. Defendant further objects because this demand

24   may be construed to seek the production and inspection of documents which contain proprietary/

25   confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

26   objects because this request is overbroad, not reasonably particularized, and seeks the production of

27   documents which are neither relevant to the subject matter of this action, nor likely to lead to the

28   discovery of admissible evidence. Defendant further objects because this request is vague, ambiguous,

1   and argumentative. Defendant further objects because this request is unduly burdensome and oppressive.

2   Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

3   **REQUEST FOR PRODUCTION NO. 20**

4          Documents sufficient to identify any Internet Forum at or within which Hogan or Hogan Entities

5   discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate

6   Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or

7   chat rooms.

8   Response to Request for Production No. 20:

9          Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

10  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

11  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

12  Code section 940. Defendant further objects because this request may be construed to seek the

13  production and inspection of documents which are privileged from disclosure by the attorney-client

14  relationship and/or the attorney work product doctrine. Defendant further objects because this demand

15  may be construed to seek the production and inspection of documents which contain

16  proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.

17  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the

18  production of documents which are neither relevant to the subject matter of this action, nor likely to lead

19  to the discovery of admissible evidence. Defendant further objects because this request is vague,

20  ambiguous, and argumentative. Defendant further objects because this request is unduly burdensome

21  and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in

22  full.

23  **REQUEST FOR PRODUCTION NO. 21**

24         Documents sufficient to identify all internet service providers (ISPs) and IP addresses used by

25  Hogan or Hogan Entities.

26  Response to Request for Production No. 21:

27         Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

28  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

---

Defendant Shawn Hogan's Responses to Plaintiff's
Requests For Production, Set One                    15                    Case No. CV 08-04052 JF

1   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

2   Code section 940. Defendant further objects because this request may be construed to seek the

3   production and inspection of documents which are privileged from disclosure by the attorney-client

4   relationship and/or the attorney work product doctrine. Defendant further objects because this demand

5   may be construed to seek the production and inspection of documents which contain proprietary/

6   confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

7   objects because this request is compound, overbroad, not reasonably particularized, and seeks the

8   production of documents which are neither relevant to the subject matter of this action, nor likely to lead

9   to the discovery of admissible evidence. Defendant further objects because this request is vague and

10  ambiguous. Defendant further objects because this request is unduly burdensome and oppressive.

11  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

12  **REQUEST FOR PRODUCTION NO. 22**

13          Documents sufficient to identify all computers, servers, electronic data storage and hosting

14  companies, entities, or facilities used by Hogan or Hogan Entities.

15  Response to Request for Production No. 22:

16          Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

17  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

18  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

19  Code section 940. Defendant further objects because this request may be construed to seek the

20  production and inspection of documents which are privileged from disclosure by the attorney-client

21  relationship and/or the attorney work product doctrine. Defendant further objects because this demand

22  may be construed to seek the production and inspection of documents which contain proprietary/

23  confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

24  objects because this request is overbroad, not reasonably particularized, and seeks the production of

25  documents which are neither relevant to the subject matter of this action, nor likely to lead to the

26  discovery of admissible evidence. Defendant further objects because this request is vague and

27  ambiguous. Defendant further objects because this request is unduly burdensome and oppressive.

28  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

1  **REQUEST FOR PRODUCTION NO. 23**

2       Documents sufficient to identify any entity used or hired to maintain or restore electronic data or

3  systems relating to Hogan or Hogan Entities' participation in, manipulation of or interaction with eBay's

4  Affiliate Marketing Program.

5  Response to Request for Production No. 23:

6       Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

7  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

8  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

9  Code section 940.  Defendant further objects because this request may be construed to seek the

10  production and inspection of documents which are privileged from disclosure by the attorney-client

11  relationship and/or the attorney work product doctrine.  Defendant further objects because this demand

12  may be construed to seek the production and inspection of documents which contain proprietary/

13  confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further

14  objects because this request is vague and ambiguous, argumentative, overbroad, and unduly burdensome

15  and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in

16  full.

17  **REQUEST FOR PRODUCTION NO. 24**

18       Documents sufficient to identify software used to clean, reformat or erase hard-drives used by

19  Hogan or Hogan Entities, or any equipment owned, used or maintained by Hogan or Hogan Entities.

20  Response to Request for Production No. 24:

21       Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

22  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

23  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

24  Code section 940.  Defendant further objects because this demand may be construed to seek the

25  production and inspection of documents which contain proprietary/confidential information, trade

26  secrets, and/or violates the privacy rights of Defendant and/or third parties.  Defendant further objects

27  because this request seeks the production of documents which are neither relevant to the subject matter

28  of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects

1   because this request is vague and ambiguous, overbroad, and unduly burdensome and oppressive.

2   Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

3   **REQUEST FOR PRODUCTION NO. 25**

4        All documents sufficient to identify all business entities or fictitious business names currently or

5   formerly maintained by Hogan.

6   Response to Request for Production No. 25:

7        Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

8   against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

9   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

10  Code section 940. Defendant further objects because this request may be construed to seek the

11  production and inspection of documents which are privileged from disclosure by the attorney-client

12  relationship and/or the attorney work product doctrine. Defendant further objects because this demand

13  may be construed to seek the production and inspection of documents which contain proprietary/

14  confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further

15  objects because this request is overbroad, not reasonably particularized, and seeks the production of

16  documents which are neither relevant to the subject matter of this action, nor likely to lead to the

17  discovery of admissible evidence. Defendant further objects because this request is vague, ambiguous,

18  and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary

19  Statement herein by reference in full.

20  **REQUEST FOR PRODUCTION NO. 26**

21       All documents relating to the incorporation of any Hogan Entities.

22  Response to Request for Production No. 26:

23       Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

24  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

25  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

26  Code section 940. Defendant further objects because this request may be construed to seek the

27  production and inspection of documents which are privileged from disclosure by the attorney-client

28  relationship and/or the attorney work product doctrine. Defendant further objects because this request

1  seeks the production of documents which are neither relevant to the subject matter of this action, nor

2  likely to lead to the discovery of admissible evidence. Defendant further objects because this request is

3  vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant

4  incorporates the above Preliminary Statement herein by reference in full.

5  **REQUEST FOR PRODUCTION NO. 27**

6        All documents filed by Hogan or Hogan Entities with any Secretary of State.

7  Response to Request for Production No. 27:

8        Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

9  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

10  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

11  Code section 940. Defendant further objects because this request is overbroad, not reasonably

12  particularized, and seeks the production of documents which are neither relevant to the subject matter of

13  this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects because

14  this request is vague, ambiguous, and unduly burdensome and oppressive. Further, Defendant

15  incorporates the above Preliminary Statement herein by reference in full.

16  **REQUEST FOR PRODUCTION NO. 28**

17        Documents sufficient to show the structure and organization of all Hogan Entities that were

18  involved in or interacted with any Affiliate Marketing Program.

19  Response to Request for Production No. 28:

20        Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

21  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

22  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

23  Code section 940. Defendant further objects because this demand may be construed to seek the

24  production and inspection of documents which contain proprietary/confidential information, trade

25  secrets, and/or violates the privacy rights of Defendant and/or third parties. Defendant further objects

26  because this request is overbroad, not reasonably particularized, and seeks the production of documents

27  which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of

28  admissible evidence. Defendant further objects because this request is vague, ambiguous, and unduly

1    burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by

2    reference in full.

3    **REQUEST FOR PRODUCTION NO. 29**

4        Documents sufficient to identify all employees, contractors or temporary employees of Hogan or

5    Hogan Entities, their dates of employment, duties, salary and any other compensation.

6    Response to Request for Production No. 29:

7        Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

8    against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

9    Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

10    Code section 940. Defendant further objects because this demand may be construed to seek the

11    production and inspection of documents which contain proprietary/confidential information, trade

12    secrets, and/or violates the privacy rights of Defendant and/or third parties. Defendant further objects

13    because this request is overbroad, not reasonably particularized, and seeks the production of documents

14    which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of

15    admissible evidence. Defendant further objects because this request is vague, ambiguous, unduly

16    burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by

17    reference in full.

18    **REQUEST FOR PRODUCTION NO. 30**

19        All documents constituting any Hogan Entities' annual, quarterly and monthly audited, compiled,

20    reviewed or unaudited financial statements, including all income statements and balance sheets of Hogan

21    Entities.

22    Response to Request for Production No. 30:

23        Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

24    against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

25    Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

26    Code section 940. Defendant further objects because this demand may be construed to seek the

27    production and inspection of documents which contain proprietary/confidential information, trade

28    secrets, and/or violates the right to privacy of Defendant and/or third parties. Defendant further objects

1  because this request is overbroad, not reasonably particularized, and seeks the production of documents

2  which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of

3  admissible evidence. Defendant further objects because this request is vague, ambiguous, and unduly

4  burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by

5  reference in full.

6  **REQUEST FOR PRODUCTION NO. 31**

7      All documents sufficient to identify all assets and financial accounts (including those outside of

8  the United States) maintained or formerly maintained by Hogan or Hogan Entities.

9  Response to Request for Production No. 31:

10      Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

11  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

12  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

13  Code section 940. Defendant further objects because this demand may be construed to seek the

14  production and inspection of documents which contain proprietary/confidential information, trade

15  secrets, and/or violates the right to privacy of Defendant and/or third parties. Defendant further objects

16  because this request is overbroad, not reasonably particularized, and seeks the production of documents

17  which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of

18  admissible evidence. Defendant further objects because this request is vague, ambiguous, and unduly

19  burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by

20  reference in full.

21  **REQUEST FOR PRODUCTION NO. 32**

22      Documents constituting all Hogan Entities' tax returns for the years 2003 to the present.

23  Response to Request for Production No. 32:

24      Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege

25  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

26  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

27  Code section 940. Defendant further objects because this demand may be construed to seek the

28  production and inspection of documents which contain confidential financial information and/or violates

1  the right to privacy of Defendant and/or third parties.  Defendant further objects because this request is

2  overbroad, not reasonably particularized, and seeks the production of documents which are neither

3  relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.

4  Defendant further objects because this request is vague, ambiguous, and unduly burdensome and

5  oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

6  **REQUEST FOR PRODUCTION NO. 33**

7    Documents constituting Hogan's individual tax returns for the years 2003 to the present.

8  Response to Request for Production No. 33:

9    Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

10  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

11  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

12  Code section 940.  Defendant further objects because this demand may be construed to seek the

13  production and inspection of documents which contain confidential financial information and/or violates

14  Defendant's right to privacy.  Defendant further objects because this request is overbroad and seeks the

15  production of documents which are neither relevant to the subject matter of this action, nor likely to lead

16  to the discovery of admissible evidence.  Defendant further objects because this request is vague,

17  ambiguous, and unduly burdensome and oppressive.  Further, Defendant incorporates the above

18  Preliminary Statement herein by reference in full.

19  **REQUEST FOR PRODUCTION NO. 34**

20    All documents relating to the transfer or assumption of any liability by Hogan or Hogan Entities.

21  Response to Request for Production No. 34:

22    Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

23  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

24  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

25  Code section 940.  Defendant further objects because this request may be construed to seek the

26  production and inspection of documents which are privileged from disclosure by the attorney-client

27  relationship and/or the attorney work product doctrine.  Defendant further objects because this demand

28  may be construed to seek the production and inspection of documents which contain proprietary

1   /confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further

2   objects because this request is overbroad, not reasonably particularized, and seeks the production of

3   documents which are neither relevant to the subject matter of this action, nor likely to lead to the

4   discovery of admissible evidence.  Defendant further objects because this request is vague, ambiguous,

5   and unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary

6   Statement herein by reference in full.

7   **REQUEST FOR PRODUCTION NO. 35**

8        All documents relating to any insurance policies relevant to this action.

9   Response to Request for Production No. 35:

10       Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege

11  against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal

12  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

13  Code section 940.  Defendant further objects because this request may be construed to seek the

14  production and inspection of documents which are privileged from disclosure by the attorney-client

15  relationship and/or the attorney work product doctrine.  Defendant further objects because this request is

16  vague and ambiguous.  Further, Defendant incorporates the above Preliminary Statement herein by

17  reference in full.

18  DATED: March 12, 2009                              COAST LAW GROUP LLP

19

20                                                     By: _____

21                                                     Ross M. Campbell
                                                       Attorneys for Defendants, Shawn Hogan
22                                                     and Digital Point Solutions, Inc.

23

24

25

26

27

28

---

Defendant Shawn Hogan's Responses to Plaintiff's
Requests For Production, Set One                    23                    Case No. CV 08-04052 JF