# EXHIBIT 7

**From:** Ross Campbell [mailto:RCampbell@CoastLawGroup.com]
**Sent:** Thursday, September 10, 2009 11:16 AM
**To:** Kennedy, Colleen
**Cc:** Leo J. Presiado; Stewart Foreman; Patrick McClellan; Seyamack Kouretchian
**Subject:** RE: eBay v. DPS, et al. - meet and confer issues

Colleen:

During the teleconference I indicated that I would do my best to further meet and confer before the end of last week. I was unable to do so but apologize for any confusion on that issue. Please see responses to all outstanding meet and confer items below.

1. As I stated during the teleconference, Defendant Digital Point Solutions, Inc. does not have any responsive documents or information within its possession, custody or control because it never conducted business with plaintiff and was never involved in plaintiff's affiliate marketing program. Again, Digital Point Solutions, Inc. was not incorporated until May of 2007. However, the Fifth Amendment has been appropriately asserted because the definitions of "DPS" set forth in plaintiff's discovery requests are ambiguous and arguably seek information from Mr. Hogan individually. The "collective entity" rule applies to corporate books and records that are held by the person in a representative capacity. *Braswell v. United States* (1988) 487 U.S. 99, 110. In *United States v. Doe* (1984) 465 U.S. 605, 606, 609, the Supreme Court affirmed the ruling of the Third Circuit that the records of a sole proprietorship are no different from the individual owner's personal records and are therefore not subject to the collective entity rule.

2. As noted above, *United States v. Doe* (1984) 465 U.S. 605 and subsequent cases relying thereon hold that the records of a sole proprietorship are not subject to the collective entity rule and that the Fifth Amendment may therefore be asserted.

3. Your assertion that the FBI seizure eliminates any basis for defendants' assertion of the privilege is misplaced. The act of producing records in response to a document subpoena or inspection demand has communicative and testimonial aspects, as compliance therewith would tacitly concede that the records exist, that they are in the possession or control of the responding party, that the responding party believes the documents are responsive to those described in the subpoena or demand, and that the subject documents are authentic. *United States v. Doe* (1984) 465 U.S. 605, 613; *Braswell v. United States* (1988) 487 U.S. 99, 103-104.

    Notably, a governmental seizure does not relieve the prosecution of its obligation to authenticate the subject materials at trial because a seizure is involuntary in nature and therefore does not

      involve a testimonial act. See Andresen v. Maryland (1976) 427 U.S. 463, 473-474 (seized records required to be authenticated by handwriting expert). Thus, despite plaintiff's contentions to the contrary, the prior governmental seizure in this case does not render the Fifth Amendment obsolete. The Sneiders decision cited in your July 29th letter is thus distinguishable, as it did not involve a governmental seizure. Rather, the records at issue had already been voluntarily produced by agreement with the prosecutor and it was clear which documents had been produced. Henry v. Sneiders (9th Cir. 1974) 490 F.2d 315, 317. As such, the communicative aspects of the production were no longer at issue.

4. With respect to the production of corporate records, it appears there has been some miscommunication on the subject, as I did not agree that any such records would be produced. I indicated that I would further evaluate your position. As noted in response to the first item above, Digital Point Solutions, Inc. never conducted business with plaintiff and was never involved in plaintiff's affiliate marketing program. It therefore does not have any records relevant to the SAC.

Based on the foregoing, the Fifth Amendment has been properly asserted and we intend to move for a stay of the action pending the conclusion of the criminal investigation. Given your response to counsel for the non-DPS defendants on this issue, I presume that plaintiff is unwilling to stipulate to the same. However, this correspondence is intended to meet and confer on the issue as to the DPS defendants in light of the above. Please contact me to discuss the matter further. In addition, to the extent you feel that there is authority contradicting the above, please provide it. We are of course fully willing to consider the same.

Thank you,

Ross



**ROSS M. CAMPBELL**
ross@coastlawgroup.com

**Coast Law Group LLP**
1140 South Coast Highway 101
Encinitas, California 92024
tel. 760.942.8505 x105
fax 760.942.8515

The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and, as such, is PRIVILEGED & CONFIDENTIAL. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document (and any attachments) in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and deliver the original message.

To ensure compliance with requirements imposed by the IRS, we inform you that (a) any U.S. tax advice in this communication (including attachments) is limited to the one or more U.S. tax issues addressed herein; (b) additional issues may exist that could affect the U.S. tax treatment of the matter addressed below; (c) this advice does not consider or provide a conclusion with respect to any such additional issues; (d) any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of promoting, marketing or recommending to another party any transaction or matter addressed herein, and (e) with respect to any U.S. tax issues outside the limited scope of this advice, and U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

**From:** Kennedy, Colleen [mailto:CKennedy@OMM.com]
**Sent:** Wednesday, September 09, 2009 10:23 PM
**To:** Ross Campbell
**Subject:** eBay v. DPS, et al. - meet and confer issues

Ross,
I am writing to follow up on the items that remain outstanding since our meet and confer discussion on 8/27. At that time, you indicated that you would respond to me by early last week with responses to the following questions:
(1) What legal authority exists for the proposition that DPS is not required to produce documents otherwise in its possession, custody or control if those documents were created by a prior entity?

9/29/2009

(2) What legal authority exists for the proposition that a sole proprietorship may assert the Fifth Amendment on behalf of its individual owner/proprietor?
(3) What legal authority exists for the proposition that a Fifth Amendment privilege continues to apply to the production of documents that have already been seized by the government?
(4) When will any "corporate records" that you have already agreed to produce on behalf of DPS be produced to eBay?

We need a final answer on which documents, if any, DPS will agree to produce by the end of the day tomorrow at the latest so that we can finalize our Joint CMC Statement accordingly.

Thanks,
Colleen


**Colleen Kennedy**
**O'Melveny & Myers LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8826
ckennedy@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

9/29/2009