# EXHIBIT 8

Dockets.Justia.com

Seyamack Kouretchian (State Bar No. 171741)
Seyamack@CoastLawGroup.com
Ross M. Campbell (State Bar No. 234827)
Rcampbell@Coast LawGroup.comOctober 27, 2008
COAST LAW GROUP, LLP
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: (760) 942-8505
Fax: (760) 942-8515

Attorneys for Defendants, SHAWN HOGAN
and DIGITAL POINT SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and Does 1-20,<br><br>　　　　　Defendants. | Case No. CV 08-04052 JF PVT<br><br>**DEFENDANTS DIGITAL POINT SOLUTIONS, INC. AND SHAWN HOGAN'S PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF [FRCP RULE 12(b)(6)]**<br><br>Date:　December 12, 2008<br>Time:　9:00 a.m.<br>Dept.:　Courtroom 3 |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      SUMMARY OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.      The FAC fails to Allege a Violation of the Computer Fraud and Abuse
                Act as to Defendant Digital Point Solutions, Inc . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.      The FAC fails to Adequately Allege a RICO Claim as to both Defendants
                because it has Not Established the Enterprise Element . . . . . . . . . . . . . . . . . . . . . . 9

                1.      The FAC Fails to Adequately Allege a Distinct Legal Entity . . . . . . . . . . . . . . 10

                2.      The FAC Fails to Adequately Allege an Association-In-Fact Enterprise . . . . . . 12

        C.      The FAC fails to Adequately Allege Common Law Fraud and Violations of
                California Penal Code Section 502 as to Defendant Digital Point Solutions, Inc. . . . . . 13

V.      CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## U.S. Supreme Court Cases

*Anza v. Ideal Steel Supply Corp*. (2006)
    547 U.S. 451, 457 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bell Atl. Corp. v. Twombly* (2007)
    127 S. Ct.1955 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cedric Kushner Promotions, Ltd. v. King* (2001)
    533 U.S. 158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*H.J. Inc. V. Northwestern Bell Tel. Co.* (1989)
    492 U.S. 229 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sedima, S.P.R.L. v. Imrex Co.* (1985)
    473 U.S. 479 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*United States v. Turkette* (1981)
    452 U.S. 576 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

## Federal Cases

*Ackerman v. Nortwestern Mut. Life Ins. Co* (7th Cir. 1999)
    172 F.3d 467 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Andrews Farms v. Calcot, Ltd.* (E.D. Cal. 2007)
    527 F. Supp. 2d 1239 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Arndt v. Prudential Bache Secur., Inc*. (S.D. Cal. 1984)
    603 F. Supp. 674 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Barker v. Default Resolution Network* (N.D. Cal. 2008)
    2008 U.S. Dist. LEXIS 65897 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bernstein v. Misk* (E.D.N.Y. 1997)
    948 F Supp. 228 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*City of New York v. Smokes-Spirits.com, Inc*. (2nd Cir. 2008)
    541 F.3d 425, 2008 U.S. App. LEXIS 18930 . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

*Currier v. Whim Co.* (N.D. Cal. 2004)
    2004 U.S. Dist. LEXIS 9943 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Desaigoudar v. Meyercord* (9th Cir. 2000)
   223 F.3d 1020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*DoubleClick Privacy Litig.* (SDNY 2001)
   154 F. Supp. 2d 497 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Farlow v. Peat, Marwick, Mitchell & Co.* (10th Cir. 1992)
   956 F. 2d 982 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*First Capital Asset Mgmt. v. Satinwood, Inc.* (2nd Cir. 2004)
   385 F.3d 159 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hanger Prosthetics & Oprthotics, Inc. v. Capstone Orthopedic, Inc.* (E.D. Cal. 2008)
   2008 U.S. Dist. LEXIS 64756 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Moore v. Kayport Package Express, Inc.* (9th Cir. 1989)
   885 F.2d 531 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Moore v. Brewster* (9th Cir. 1996)
   96 F.3d 1240 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Odom v. Microsoft Corp.* (9th Cir. 2007)
   486 F.3d 541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

*Schreiber Distributing v. Serv-Well Furniture Co.* (9th Cir. 1986)
   806 F.2d 1393, 1396 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Semegen v. Weidner* (9th Cir. 1985)
   780 F.2d 727, 731 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sprewell v. Golden State Warriors* (9th Cir. 2001)
   266 F.3d 979, 988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Swartz v. KPMG LLP (9th Cir. 2007)
   476 F.3d 756, 764-65 (quotation omitted) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Int'l Longshoremen's Ass'n* (E.D.N.Y. 2007)
   518 F. Supp. 2d 422, 475 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003)
   317 F.3d 1097 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Weber v. Dep't of Veterans Affairs* (9th Cir. 2008)
   521 F.3d 1061 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Yung v. Integrated Transp. Network Group* (S.D.N.Y. 2001)
    2001 U.S. Dist LEXIS 24715 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**State Cases**

*Brodsky v. Seaboard Reality Co.* (1962)
    206 Cal. App. 2d 504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lazar v. Superior Court* (1996)
    12 Cal. 4th 631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Federal Statutes and Regulations**

Computer Fraud and Abuse Act, 18 U.S.C. §1030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 6, 8

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1961-1968 . . . . . . . . . . . . . 1, 4, 8, 9

**State Statutes and Regulations**

California Penal Code §502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 13

California Business & Professions Code §17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

California Corporations Code §200(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Treatises & Other Authorities**

William W. Schwarzer, et. Al., Federal Civil Procedure Before Trail . . . . . . . . . . . . . . . . . . . . . . 11

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 12, 2008 at 9:00 AM, or as soon thereafter as the matter can be heard in Courtroom 3 of the above-entitled court, located at 280 South First Street, San Jose, California 95113, defendants DIGITAL POINT SOLUTIONS, INC. and SHAWN HOGAN will move this Court for an order partially dismissing plaintiff EBAY, INC.'s First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants seek the following specific relief:

(i)     Dismissal of the First Cause of Action (for alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C. §1030) as to defendant DIGITAL POINT SOLUTIONS, INC. on the grounds that the First Amended Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and fails to allege fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b).

(ii)    Dismissal of the Second Cause of Action (for alleged violations of the Racketeer Influenced and Corrupt Organizations Act , 18 U.S.C. §1962(c)) as to defendant DIGITAL POINT SOLUTIONS, INC. on the grounds that the First Amended Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and fails to allege fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b).

(iii)   Dismissal of the Third Cause of Action (for fraud) as to defendant DIGITAL POINT SOLUTIONS, INC. on the grounds that the First Amended Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and fails to allege fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b).

(iv)    Dismissal of the Fourth Cause of Action (for alleged violations of California Penal Code §502) as to defendant DIGITAL POINT SOLUTIONS, INC. on the grounds that the First Amended Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and fails to allege fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b).

(v)     Dismissal of the Second Cause of Action (for alleged violations of the Racketeer

Influenced and Corrupt Organizations Act , 18 U.S.C. §1962(c)) as to defendant SHAWN HOGAN on the grounds that the First Amended Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and fails to allege fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b).

Defendants' motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Request for Judicial Notice and attached exhibit, the Declaration of Seyamack Kouretchian, the records and file herein, and upon such other oral and documentary evidence as may be presented at the hearing on this motion.

## MEMORANDUM OF POINTS & AUTHORITIES

Defendants Digital Point Solutions, Inc. and Shawn Hogan ("Defendants") respectfully submit the following Memorandum of Points & Authorities in support of their Motion to Dismiss:

## I. SUMMARY OF MOTION

Through this lawsuit, Plaintiff eBay, Inc. (Plaintiff) seeks to transform what amounts to a simple breach of contract claim into an expansive, multi-count federal action based on entirely inapplicable criminal statutes, including the Computer Fraud and Abuse Act (CFAA) and Racketeer Influenced and Corrupt Organizations Act (RICO).  Specifically, Plaintiff alleges that Digital Point Solutions, Inc. and Shawn Hogan engaged in a "cookie stuffing" scheme to defraud Plaintiff of commissions over a three and a half year period, from December 2003 through June 2007.

In doing so, however, Plaintiff failed to conduct a reasonable pre-suit investigation of the underlying facts.  Indeed, as a simple search of the California Secretary of State's on-line database would have disclosed, Digital Point Solutions, Inc. did not exist until May 14, 2007 - the date its articles of incorporation were filed.  This fact is definitively established by certified records from the Secretary of State filed and served herewith.  (*See* Defendants' Request for Judicial Notice (RJN), Exhibit 1).  As such, the First Amended Complaint is subject to partial dismissal because Plaintiff's first four causes of action fail to state a claim upon which relief can be granted.

Defendants' motion should be granted for the following reasons:

First, Plaintiff's CFAA, RICO, common law fraud and Penal Code section 502 claims are all based on the same fraudulent "cookie stuffing" scheme.  Because those claims are grounded in fraud,

they are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  In that regard, the First Amended Complaint (FAC) is legally deficient because it fails to recognize that Digital Point Solutions, Inc. was in existence for just the last six weeks of the alleged time frame and fails to set forth *any factual basis* explaining how the corporation became involved in the final month of the alleged scheme.

Nor does the FAC allege any specific misconduct by Digital Point Solutions, Inc. during the brief, six-week period from mid-May to June 2007.  Instead, from the outset, the FAC simply groups Mr. Hogan and Digital Point Solutions, Inc. into a single, generic unit referred to as "DPS" and proceeds to allege all wrongdoing based on that acronym.  In doing so, Plaintiff failed to satisfy Rule 9(b)'s minimum pleading requirements.

In addition, the RICO claim is deficient as to defendant Shawn Hogan because Plaintiff failed to adequately allege a RICO enterprise.  In that regard, Digital Point Solutions, Inc. cannot serve as the enterprise because it only existed for six weeks (or less than four percent) of the alleged three and a half year scheme.  Further, with respect to the brief period the corporation was in existence, the FAC fails to adequately allege a "pattern of racketeering" from mid-May to June 2007 or a sufficient nexus between Digital Point Solutions, Inc. and any such wrongful activity.

Finally, the FAC fails to establish an association-in-fact enterprise as Plaintiff cannot satisfy its pleading obligations by simply grouping Mr. Hogan with DOES 1 through 10 and referring to it as the "Hogan Group."  In attempting to establish an association-in-fact in this manner, Plaintiff circumvented its statutory obligation to identify an enterprise distinct from the RICO defendant.

## II.  STATEMENT OF FACTS

Relevant for purposes of the present motion, the FAC alleges the following:

At all relevant times, defendant Digital Point Solutions, Inc. was a California corporation, doing business in the State of California, and Shawn Hogan was an individual residing and doing business in California - the defendants are collectively referred to as "DPS" throughout the FAC.  (FAC ¶¶2-4).

Plaintiff operates an on-line trading forum through which sellers list items for sale and buyers bid on and purchase items of interest.  Plaintiff earns revenue from these transactions.  (FAC ¶18).

Plaintiff maintains an affiliate program which is intended to increase traffic to Plaintiff's website. Affiliates are third parties that independently market Plaintiff's business. Affiliates receive commissions for directing business to Plaintiff's website when referred users engage in actions that generate, or are likely to generate, revenue for Plaintiff (such as purchasing an item listed for sale). (FAC ¶19).

Plaintiff tracks which affiliates are entitled to commissions through the use of "cookies," digital tags that store information in the user's browser. (FAC ¶21). When a user is directed to Plaintiff's website, Plaintiff's website site places a cookie on the user's computer. The cookie allows Plaintiff to identify the affiliate responsible for directing the traffic to Plaintiff's website. (FAC ¶22). Plaintiff pays affiliates on a periodic basis (usually monthly) based on the number of revenue generating actions taken by users referred by the those affiliates. (FAC ¶13).

"Cookie Stuffing" involves the forced placement of a cookie on a computer. Plaintiff alleges DPS engaged in a fraudulent "cookie stuffing" scheme, as follows: (i) DPS used software programs or code that redirected users to Plaintiff's website without the users realizing it, (ii) Plaintiff's website then placed a cookie on the browser of each such user, (iii) any subsequent revenue generating actions were improperly credited to DPS, and (iv) as a result, DPS received commissions based on users who had not been referred by DPS. (FAC ¶¶24-27).[1]

Based on the above, the FAC alleges six causes of action as follows: (i) violations of the Computer Fraud and Abuse Act, 18 U.S.C. §1030; (ii) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c); (iii) common law fraud; (iv) violations of California Penal Code §502; (v) unjust enrichment; and (iv) unfair business practices under California Business & Professions Code §17200.

### III.  STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*

---

[1]  While the FAC alleges that Mr. Hogan entered into a "User Agreement" with Plaintiff, no such allegation is made with respect to Digital Point Solutions, Inc. Notably, Plaintiff did not attach the User Agreement to the FAC or otherwise set forth its substantive terms other than to establish venue. (FAC ¶16).

(2007) 127 S.Ct. 1955, 1974; *Weber v. Dep't of Veterans Affairs* (9th Cir. 2008) 521 F.3d 1061, 1065. In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff. *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988. However, these principles do not apply to allegations that contradict matters properly subject to judicial notice. *Id.* "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

In addition, a complaint that fails to meet Rule 9(b)'s heightened pleading requirements is subject to dismissal under Rule 12(b)(6). *Vess v. Ciba-Geigy Corp*. USA (9th Cir. 2003) 317 F.3d 1097, 1107. Rule 9(b) mandates that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See e.g. Desaigoudar v. Meyercord* (9th Cir. 2000) 223 F.3d 1020, 1022-1023 (complaint sounding in fraud must be pled "with a high degree of meticulousness"). The Ninth Circuit has interpreted Rule 9(b) to mean that "[a]verments of fraud must be accompanied  by 'the who, what, when, where, and how' of the misconduct charged." *Vess, supra,* 317 F.3d at p. 1106.

In addition, Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quotation omitted). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant [] in the alleged fraudulent scheme.'" *Id.* at 765 (quoting *Moore v. Kayport Package Express, Inc.* (9th Cir. 1989) 885 F.2d 531, 541.

Rule 9(b) requires the plaintiff "to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.* (7th Cir. 1999) 172 F3d 467, 469. These rules ensure that defendants have sufficient "notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner* (9th Cir. 1985) 780 F.2d 727, 731.

/.././

/.././

1

## IV. ARGUMENT

The FAC alleges a number of fraud-based claims against defendants Shawn Hogan and Digital Point Solutions, Inc., including violations of the Computer Fraud and Abuse Act (CFAA), the Racketeer Influenced and Corrupt Organizations Act (RICO), California Penal Code section 502, and common law fraud. As noted above, each of these claims is premised on an alleged "cookie stuffing" scheme that spanned from December 2003 to June 2007.

However, as certified records from the California Secretary of State definitively establish, Digital Point Solutions, Inc. did not exist until May 14, 2007 - just six weeks before the termination of the alleged three and a half year "cookie stuffing" scheme. Because Plaintiff failed to recognize this fact, the FAC contains a number of fatal pleading defects as to defendant Digital Point Solutions, Inc. Further, as explained below, the FAC has failed to allege facts sufficient to constitute a RICO claim as to both Digital Point Solutions, Inc. and Shawn Hogan.

### A. The FAC fails to Allege a Violation of the Computer Fraud and Abuse Act as to Defendant Digital Point Solutions, Inc.

Plaintiff's first cause of action alleges violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. §1030 (CFAA), which was originally enacted in 1984 to punish "destructive hacking." *In re DoubleClick Privacy Litig*. (SDNY 2001) 154 F. Supp. 2d 497, 526. The statute provides a private right of action to any person who suffers "damage or loss" by reason of a violation of the Act's substantive provisions. 18 U.S.C. §1030(g).

In that regard, the CFAA prohibits a variety of computer-related acts where the defendant: (i) intentionally accesses, (ii) a computer or computer system used in interstate commerce, (iii) without authorization (or exceeds authorized access), and (iv) thereby causes certain harms (such as, *inter alia*, obtaining information, defrauding the computer owner/operator, or transmitting a program that causes computer damage). 18 U.S.C. §1030 (a)(2)(C), (a)(4), and (a)(5)(A). However, a private action only lies where the alleged misconduct involves one of five enumerated factors. *Id.* The only factor potentially applicable to the present case requires "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. §1030(c)(4)(a)(i)(I).

1    With respect to the FAC, Plaintiff does not identify the particular subsection(s) upon which the

2    CFAA claim is predicated.  However, as a simple review of the FAC indicates, Plaintiff's theory is based

3    on the same "cookie stuffing" scheme alleged throughout the FAC.  For instance, the FAC alleges:

4    "Through their cookie stuffing schemes as described above, DPS and KFC each knowingly, intentionally

5    and with intent to defraud accessed eBay's computers in order to further their fraudulent schemes."[2]

6    (FAC ¶34).  The FAC further alleges that "DPS's . . . access of eBay's computers was unauthorized

7    because the only purpose of that access was to defraud eBay." (FAC ¶35).

8    However, the FAC is devoid of any specific facts explaining how defendant Digital Point

9    Solutions, Inc. was involved in the alleged scheme.  In that regard, claims based on a "unified course of

10   fraudulent conduct" are said to be "grounded in fraud" and must therefore be pled with particularity

11   under Rule 9(b).  *Vess v. Ciba-Geigy Corp.* USA (9th Cir. 2003) 317 F.3d 1097, 1103-1104.  Because

12   Plaintiff's CFAA claim is predicated on the same fraudulent cookie stuffing scheme underlying the

13   entire FAC, it must be plead with particularity under Rule 9(b).  For the reasons set forth below, it fails

14   to do so.

15   First, the FAC alleges on information and belief that "at all relevant times herein defendant

16   Digital Point Solutions, Inc. was a California corporation, doing business in the State of California" and

17   that DPS "caused harm to eBay's computers and caused loss to eBay in each year from at least

18   December 2003 through June 2007, aggregating more than $5,000."  (FAC ¶¶ 2, 37; emphasis added).

19   However, these allegations are directly contradicted by judicially noticeable facts, as Digital Point

20   Solutions, Inc. did not exist until May 14, 2007.

21   Under California law, the corporate existence begins when the entity's articles of incorporation

22   are filed with the Secretary of State.  Cal. Corps. Code §200(c); *Brodsky v. Seaboard Realty Co.* (1962)

23   206 Cal. App. 2d 504, 516-517.  Here, as a simple business search on the Secretary of State's online

24   database would have disclosed to Plaintiff, the articles of incorporation for Digital Point Solutions, Inc.

25   were filed on May 14, 2007.  (*See* Defendants' RJN, Ex. 1, certified copy of Articles of Incorporation of

26   Digital Point Solutions, Inc.).  Thus, the corporation *simply did not exist* for the vast majority of the

27

28   [2] "KFC" refers to a group of entirely unrelated defendants.

1  alleged time frame. Indeed, Digital Point Solutions, Inc. was only in existence for approximately six

2  weeks (or less than four percent) of the three and a half year period alleged in the FAC.

3  Notwithstanding the above, the FAC fails to identify any specific facts upon which its belief was

4  based. For instance, the FAC is devoid of any allegations that Digital Point Solutions, Inc. was ever a

5  member of the affiliate program, that it entered into any user agreements with Plaintiff (as was alleged

6  with respect to Shawn Hogan), that payments were ever made to a corporate bank account, and so on.

7  Instead, at the outset, the FAC improperly groups Mr. Hogan and Digital Point Solutions, Inc.

8  into a single, generic unit referred to as "DPS" (FAC ¶4), and then alleges all subsequent wrongdoing

9  based on the actions of that acronym. Plaintiff's attempt to clump Defendants together in this manner

10  violates Rule 9(b)'s minimum pleading requirements. *See Yung v. Integrated Transp. Network Group*

11  (S.D.N.Y. 2001) 2001 U.S. Dist. LEXIS 24715 at 62 (complaint deficient because vast majority of

12  allegations "refer only to 'BDO' -- plaintiffs' shorthand reference for the fictitious amalgam of BDO

13  International, BDO Binder and BDO Seidman. It is precisely this 'clumping together' that the

14  overwhelming weight of authority cited above condemns. There are no specific allegations that BDO

15  Seidman committed any acts giving rise to plaintiffs' fraud claims.").

16  Given the date Digital Point Solutions, Inc. was formed, *at a minimum*, Plaintiff must allege

17  some factual basis to explain how the corporation became involved in the alleged scheme at such a late

18  date, as well as the role it played in May or June of 2007. Because the FAC fails to provide this basic

19  information, Plaintiff simply has not pled the CFAA claim with the requisite degree of particularity.

20  Further, even if Plaintiff could overcome the foregoing, the FAC fails to adequately allege that

21  Digital Point Solutions, Inc.'s actions resulted in a loss "aggregating at least $5,000 in value" during the

22  six-week period from the date the corporation was formed to the date the alleged scheme came to an end.

23  18 U.S.C. §1030(g); (c)(4)(a)(i)(I). The allegation that DPS caused loss "in each year from at least

24  December 2003 through June 2007, aggregating more than $5,000" is entirely insufficient in this regard.

25  Because the CFAA claim is defective as set forth above , Defendants' motion to dismiss should

26  be granted.

27  /././

28  /././

---

**B.** **The FAC fails to Adequately Allege a RICO Claim as to both Defendants because it has Not Established the Enterprise Element.**

The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), sets forth a private right of action for treble damages, which states:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee. 18 U.S.C. §1964(c).

Section 1962 contains RICO's criminal prohibitions. Pertinent here, Plaintiff's RICO claim is predicated on section 1962(c) (FAC ¶42), which provides in relevant part:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . .

To state a valid RICO claim under that section, the plaintiff must have standing and must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.* 473 U.S. 479, 496 (1985).[3] Here, the FAC's "enterprise" allegations are legally deficient.

The statute defines "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4). While ambiguously phrased, it is now well established that the foregoing sets forth two distinct categories covered by the statute; the latter is not a more general description of the former. *United States v. Turkette* (1981) 452 U.S. 576, 581-582.

Thus, to sufficiently allege a RICO enterprise, plaintiffs must either plead (i) the existence of a distinct "legal entity" through which the RICO defendant effectuated the requisite criminal acts, or (ii) the RICO defendant engaged in a course of criminal conduct as part of an organized group of persons through an "association-in-fact." *Cedric Kushner Promotions, Ltd. v. King* (2001) 533 U.S. 158, 161; *Turkette*, *supra*, 452 U.S. at p. 583.

---

[3] In addition, the alleged misconduct must be the actual ("but for") and proximate cause of plaintiff's injury. *Anza v. Ideal Steel Supply Corp.* (2006) 547 U.S. 451, 457, 464.

To satisfy the above, the Supreme Court has explained that a plaintiff must "allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *King, supra,* 533 U.S. at p. 161. Relevant here, "the Act says that it applies to 'persons' who are 'employed by or associated with' the 'enterprise.' §1962(c). In ordinary English one speaks of employing, being employed by, or associating with others, not oneself." *Id.* In other words, liability depends on establishing distinctness - showing the defendant participated in the *enterprise's* affairs, not just their *own* affairs. *Id.* at 163.

Further, to adequately plead an enterprise as an association-in-fact, the plaintiff must identify "a group of persons associated together for a common purpose of engaging in a course of conduct." *Odom v. Microsoft Corp*. (9th Cir. 2007) 486 F.3d 541, 552. "To establish the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.' *Id.* (citing *Turkette, supra,* 452 U.S. at p. 583).

As the courts have explained, the foregoing rules are in place to ensure run-of-the-mill state law claims are not inappropriately transformed into RICO claims:

> In practice, the dual requirements of (1) distinctness and (2) the proof needed to demonstrate an association-in-fact, work in tandem to weed out claims dressed up as RICO violations but which are not in fact. Specifically, the distinctness doctrine requires a plaintiff to demonstrate that the RICO person is legally separate from the RICO enterprise, while the association-in-fact requirements help ensure that distinctness is not achieved by simply tacking on entities to the enterprise which do not in fact operate as a "continuing unit" or share a "common purpose." *City of New York v. Smokes-Spirits.com, Inc*. (2nd Cir. 2008) 541 F.3d 425, 2008 U.S. App. LEXIS 18930, at 49-50.

Here, as detailed below, Plaintiff has failed to adequately allege an enterprise under either theory. The RICO claim should therefore be dismissed.

## 1. The FAC Fails to Adequately Allege a Distinct Legal Entity.

Plaintiff's primary theory in attempting to establish a RICO enterprise is that defendant Shawn Hogan and DOES 1 through 10 engaged in the alleged "cookie stuffing" scheme, including multiple acts of wire fraud, through defendant Digital Point Solutions, Inc. The FAC alleges the following:

> Defendant Shawn Hogan and Does 1-10 (the "Hogan Group") engaged in activities through the company Digital Point Solutions, Inc., which constitutes an enterprise under RICO. Through Digital Point Solutions, Inc., the Hogan Group associated with each other and others for the common purpose of defrauding eBay of commission fees by

designing and implementing the cookie stuffing scheme described above.  Upon information and belief, the Hogan Group's activities were ongoing, and Digital Point Solutions, Inc. functioned as a continuing unit in operating the fraudulent cookie stuffing scheme from approximately December 2003 through June 2007.  (FAC ¶43).

As a preliminary matter, it is unclear whether Digital Point Solutions, Inc. is a named RICO defendant.  Per the above, it appears the FAC only seeks relief as to Shawn Hogan and DOES 1 through 10.[4]  However, to the extent Digital Point Solutions, Inc. is an alleged RICO defendant, the FAC fails to satisfy the distinctness requirements set forth above, as the corporation cannot at once be a RICO defendant and the RICO enterprise.  *See Schreiber Distributing v. Serv-Well Furniture Co.* (9th Cir.1986) 806 F.2d 1393, 1396 ("The courts have consistently held that in an action under section 1962(c) the 'person' must be a separate and distinct entity from the 'enterprise.'").[5]

Further, the FAC fails to set forth a claim as to Shawn Hogan because, as noted above, Digital Point Solutions, Inc. was not formed until the alleged scheme was coming to an end.  Thus, the enterprise upon which Plaintiff relies *simply did not exist* for the vast majority of the alleged time frame.  Again, Digital Point Solutions, Inc. was only in existence for approximately six weeks of the three and a half year period alleged in the FAC, and Plaintiff does not identify any other legal entity sufficient to satisfy the enterprise element under RICO.

Thus, the FAC fails to satisfy the distinctness requirement for all but the brief, six-week period at the end of the alleged scheme.  However, even with respect to that time frame, the FAC is legally deficient because it fails to establish a sufficient "pattern of racketeering" from mid-May to June 2007.  *See H. J. Inc. v. Northwestern Bell Tel. Co.* (1989) 492 U.S. 229, 236, 239, 242 ( RICO pattern requires a minimum of two related predicate acts that amount to or pose a threat of continued criminal activity rather than isolated occurrences; further noting that two such acts generally will not be sufficient).

Moreover, even if Plaintiff had sufficiently alleged a pattern of racketeering during the relevant period, it must establish a nexus between the subject acts of wire fraud and the enterprise.  *Barker v.*

---

[4] The FAC's headings fail to delineate which claims apply to which defendants.  *See* William W. Schwarzer, et. al., Federal Civil Procedure Before Trial, ¶8:135, p. 8-66 (The Rutter Group 2008).

[5] *See also Andrews Farms v. Calcot, Ltd.* (E.D. Cal. 2007) 527 F. Supp. 2d 1239, 1257 ("RICO person may not be held directly liable under §1962(c), when it and the RICO enterprise are identical").

*Default Resolution Network* (N.D. Cal. 2008) 2008 U.S. Dist. LEXIS 65897, at 7 (*citing Sedima S.P.R.L. v. Imrex Company, Inc. et al.* (1985) 473 U.S. 479. In that regard, Rule 9(b) applies to RICO claims that include allegations of fraudulent activities as predicate acts of racketeering - including mail and wire fraud. *Odom v. Microsoft Corp.* (9th Cir. 2007) 486 F.3d 541, 553.[6]

Here, as noted in the preceding section, the FAC fails to offer any explanation as to how Digital Point Solutions, Inc. became involved in the alleged scheme and therefore provides no factual basis for establishing a nexus between the corporate enterprise and any predicate acts alleged to have occurred during the final six-week period of the alleged scheme.

Based on the foregoing Digital Point Solutions, Inc. cannot serve as the RICO enterprise for the vast majority of the alleged scheme because the corporation did not exist until May of 2007. Further, with respect to the brief time period during which the corporation did exist, the FAC fails to adequately set forth a pattern of racketeering or otherwise establish a nexus between Digital Point Solutions, Inc. and any predicate acts. The RICO claims is therefore legally deficient.

### 2. The FAC Fails to Adequately Allege an Association-In-Fact Enterprise.

To set forth an association-in-fact enterprise, the complaint must allege: (i) "a group of persons associated for a common purpose of engaging in a course of conduct;" (ii) "an ongoing organization, formal or informal;" and (iii) "the various associates function as a continuing unit." *Odom v. Microsoft Corp.* (9th Cir. 2007) 486 F.3d 541, 552-553. However, "the conclusory naming of a string of entities" does not adequately allege an association-in-fact enterprise. *First Capital Asset Mgmt. v. Satinwood, Inc.* (2nd Cir. 2004) 385 F.3d 159, 175. As such, a complaint is subject to dismissal if it fails to identify the persons comprising the group. *See Arndt v. Prudential Bache Secur., Inc.* (S.D. Cal. 1984) 603 F. Supp. 674, 676 (motion to dismiss granted where complaint failed to allege "who comprises the enterprise."); *see also United States v. Int'l Longshoremen's Ass'n* (E.D.N.Y. 2007) 518 F. Supp. 2d

---

[6] Given the threat of treble damages and potential injury to reputation, Rule 9(b)'s pleading requirements are particularly appropriate with respect to RICO claims. *Farlow v. Peat, Marwick, Mitchell & Co.* (10th Cir. 1992) 956 F.2d 982, 989; *see also Bernstein v. Misk* (E.D.N.Y. 1997) 948 F. Supp. 228, 239 ("When the predicate acts of a civil RICO claim are grounded in fraud, the concerns associated with pleading fraud with particularity take on even greater importance.").

422, 475 (agreeing with defendants' argument that association-in-fact cannot be determined "without specification as to who is actually part of the enterprise.").

Here, the FAC fails to satisfy the foregoing requirements. Indeed, other than defendant Shawn Hogan, the only persons alleged to have participated in the "association" are DOES 1 through 10. While the FAC creatively refers to Mr. Hogan and these DOE defendants as the "Hogan Group" (FAC ¶43), such an allegation does not satisfy RICO's minimum statutory requirements. In that regard, the FAC's boilerplate DOE allegations cannot serve as the basis for establishing a RICO enterprise.

For instance, the FAC alleges on information and belief "that each of the fictitiously named defendants is responsible in some manner to pay the obligations described herein." (FAC ¶12; emphasis added). These vague allegations do not set forth the requisite factual content. *See Currier v. Whim Co.* (N.D. Cal. 2004) 2004 U.S. Dist. LEXIS 9943, 11 ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise.").

Moreover, the FAC violates the distinctness principles identified above. Again, a RICO defendant cannot associate or conspire with himself, and Plaintiff cannot circumvent the statute's express requirements "by simply tacking on entities to the enterprise which do not in fact operate as a 'continuing unit' or share a 'common purpose.'" *See City of New York v. Smokes- Spirits.com, Inc.* (2nd Cir. 2008) 541 F.3d 425, 2008 U.S. App. LEXIS 18930, at 49-50. Here, Plaintiff's attempt to fabricate an association-in-fact by tacking on DOES 1 through 10 violates RICO's distinctness rules and cannot serve as a basis for accessing RICO's treble damages provision.

Based on the above, the FAC fails to establish an association-in-fact enterprise and the RICO claim must be dismissed.

C.     **The FAC fails to Adequately Allege Common Law Fraud and Violations of California Penal Code Section 502 as to Defendant Digital Point Solutions, Inc.**

Plaintiff's third and fourth causes of action set forth state law claims for common law fraud and violations of California Penal Code section 502, respectively. With respect to these claims, the substantive elements are determined by state law but they must be pled with particularity in accordance

with Rule 9(b). *Moore v. Brewster* (9th Cir. 1996) 96 F.3d 1240, 1245-1246.[7] Notably, Penal Code section 502 tracks the CFAA and seeks to protect against the same computer-related harms. As such, the two are often considered together. *See Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.* (E.D. Cal. 2008) 2008 U.S. Dist. LEXIS 64756.

Here, the common law fraud and Section 502 claims are based on the same "cookie stuffing" allegations comprising the CFAA and RICO claims and therefore contain the same fundamental pleading flaws as to Digital Point Solutions, Inc. (*See e.g.* FAC ¶¶ 50-53; 60-61 - incorporating prior claims and setting forth repetitious allegations). Because the pleading defects identified in the preceding sections apply with equal force here, Defendants' motion should be granted with respect to both state law claims.

## V.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Motion to Dismiss be granted on the grounds that the FAC: (i) fails to set forth Plaintiff's fraud-based claims with sufficient particularity under Rule 9(b), and (ii) fails to state claims upon which relief can be granted under Rule 12(b)(6).

DATED: October 27, 2008

s/Seyamack Kouretchian
COAST LAW GROUP, LLP
169 Saxony Road, Suite 204
Encinitas, CA 92024
Telephone: (760) 942-8505
FAX: (760) 942-8515
E-mail: Seyamack@coastlawgroup.com
Attorney for Defendants, Shawn Hogan
and Digital Point Solutions, Inc.

---

[7] Under California law, the elements of fraud are (i) misrepresentation (either false representation, concealment, or nondisclosure); (ii) knowledge of falsity (also known as, "scienter"); (iii) intent to defraud, i.e., to induce reliance; (iv) justifiable reliance; and (v) resulting damage. *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.