# EXHIBIT 10

**From:** Ross Campbell [mailto:RCampbell@CoastLawGroup.com]
**Sent:** Friday, September 25, 2009 4:07 PM
**To:** Kennedy, Colleen
**Cc:** Seyamack Kouretchian; Eberhart, David; Bunzel, Sharon M.
**Subject:** RE: eBay v. Digital Point Solutions, Inc. et al.

Colleen:

As a preliminary matter, it is unreasonable to demand that we meet and confer on the matters raised in your email within one business day. However, please see below regarding the items you've raised. It appears that you seek to further meet and confer on four separate items.

    1.    <u>Responses on behalf of "Digital Point Solutions, Inc."</u> As you know, a corporate owner, as a natural person, is distinct from the corporation itself and the entity is recognized as having a separate legal existence. Again, Digital Point Solutions, Inc. never conducted business with plaintiff and there is no basis for it to provide responses as to Mr. Hogan with respect to non-corporate information or documents. To the extent plaintiff seeks information from Mr. Hogan individually, it has already directed separate discovery requests to Mr. Hogan and he has separately responded (and as we've indicated, a sole proprietorship is not a collective entity and the Fifth Amendment may therefore be properly asserted). Under the *Doe* decision we've cited, the records of a sole proprietorship are considered no different from the individual owner's personal records. We are not aware of any authority suggesting that personal information can be obtained through a corporate entity simply by virtue of the person holding an office with that entity. With respect to potential parent or subsidiary entities of Digital Point Solutions, Inc., no such entities exist.

    2.    <u>Documents Referenced in Bylaws.</u> With respect to the Annual Statements of General Information,

    we have provided the August 13, 2007 statement of information that appears to have been filed with the Secretary of State (SOS File Ref No. 389158). The SOS website appears to indicate that no other statements have been filed and we are presently unaware of any other statements of information. The fact that statements may be referenced in the bylaws does not mean they were subsequently prepared or exist. The same applies with respect to the meeting minutes you've referenced. However, I will confer with Mr. Hogan further on this issue. He is currently out of town and unavailable but I expect to be able to discuss these matters with him on October 4.

3.     <u>Server Issues</u>: It is my understanding that the servers at issue have not been used, remain idle, and do not contain any responsive information. However, I will confer with Mr. Hogan upon his return and will respond to your inquiry at that time.

4.     <u>Applicability of Fifth Amendment to Seized Materials</u>: Again, it is unreasonable to demand that we respond within one business day when I requested two weeks ago that you provide any responsive legal authority to the citations we provided, and Section III.B.1 of your motion purports to rely on a substantial number of cases. Such a limited time frame does not constitute an effort to confer in good faith within the meaning of Rule 37(a). I am of course willing to consider those authorities but will be unable to do so until early/mid next week. However, I do not anticipate changing our position because the authentication issue is not a "foregone conclusion" and the civil discovery process cannot be used to compel a party to refine or otherwise assist with a pending criminal investigation. Further, as we've indicated, the scope of the seizure is not clear.

Please let me know if you'd like to further discuss the above.

Ross



**ROSS M. CAMPBELL**
ross@coastlawgroup.com

**Coast Law Group LLP**
1140 South Coast Highway 101
Encinitas, California 92024
*tel. 760.942.8505 x105*
*fax 760.942.8515*

The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and, as such, is PRIVILEGED & CONFIDENTIAL. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document (and any attachments) in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and deliver the original message.

To ensure compliance with requirements imposed by the IRS, we inform you that (a) any U.S. tax advice in this communication (including attachments) is limited to the one or more U.S. tax issues addressed herein; (b) additional issues may exist that could affect the U.S. tax treatment of the matter addressed below; (c) this advice does not consider or provide a conclusion with respect to any such additional issues; (d) any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of promoting, marketing or recommending to another party any transaction or matter addressed herein, and (e) with respect to any U.S. tax issues outside the limited scope of this advice, and U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

**From:** Kennedy, Colleen [mailto:CKennedy@OMM.com]
**Sent:** Thursday, September 24, 2009 2:59 PM
**To:** Ross Campbell
**Cc:** Seyamack Kouretchian; Eberhart, David; Bunzel, Sharon M.
**Subject:** RE: eBay v. Digital Point Solutions, Inc. et al.

Ross,

We are in receipt of the supplemental discovery responses on behalf of DPS, Inc. First, the supplemental responses have not resolved the problem we previously identified regarding the improper limitation of DPS's responses to information concerning "Digital Point Solutions, Inc." DPS, Inc. is required to provide all information

in its possession regarding "DPS" as defined by eBay, including Shawn Hogan and other entities associated with DPS, Inc., and any Fifth Amendment privilege held by Mr. Hogan does not protect DPS, Inc. from doing so. Please advise by COB tomorrow whether you will agree to supplement your responses to address this issue.

Second, the documents produced in connection with yesterday's responses raise two additional issues:
1) The Bylaws of DPS, Inc. indicate the existence of some documents that were not produced yesterday, namely, Annual Statements of General Information for DPS, Inc. for 2008 and 2009, as well as minutes of shareholder and board meetings from the date of DPS, Inc.'s incorporation onward.
2) The documents indicate that Shawn Hogan transferred servers to DPS, Inc. on or about May 19, 2007. As you know, eBay's SAC alleges that the cookie stuffing continued after May 19, 2007. DPS, Inc. is therefore responsible for producing any responsive documents contained on those servers.
Please advise by COB tomorrow whether you will agree to produce the above-referenced documents to eBay.

Finally, please also advise by COB tomorrow whether you are willing to reconsider your position regarding Shawn Hogan's ability to assert the Fifth Amendment over production of documents already in the FBI's possession in light of the authority cited in Section III.B.1 of eBay's motion to compel discovery responses from the Dunning Defendants, filed on Tuesday, September 22.

I am generally available tomorrow to discuss these issues by telephone if you believe that would be productive.

Best regards,
Colleen

---

**From:** Ross Campbell [mailto:RCampbell@CoastLawGroup.com]
**Sent:** Wednesday, September 23, 2009 5:07 PM
**To:** Kennedy, Colleen
**Cc:** Leo J. Presiado; Stewart Foreman; Patrick McClellan; Seyamack Kouretchian
**Subject:** eBay v. Digital Point Solutions, Inc. et al.

Colleen:

Digital Point Solutions, Inc.'s supplemental discovery responses are attached and have also been sent via mail.

Ross



**ROSS M. CAMPBELL**
ross@coastlawgroup.com

**Coast Law Group LLP**
1140 South Coast Highway 101
Encinitas, California 92024
*tel. 760.942.8505 x105*
*fax 760.942.8515*

The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and, as such, is PRIVILEGED & CONFIDENTIAL. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document (and any attachments) in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and deliver the original message.

To ensure compliance with requirements imposed by the IRS, we inform you that (a) any U.S. tax advice in this communication (including attachments) is limited to the one or more U.S. tax issues addressed herein; (b) additional issues may exist that could affect the U.S. tax treatment of the matter addressed below; (c) this advice does not consider or provide a conclusion with respect to any such additional issues; (d) any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of promoting, marketing or recommending to another party any transaction or matter addressed herein, and (e) with respect to any U.S. tax issues outside the limited scope of this advice, and U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code.