# EXHIBIT 11

Dockets.Justia.com

1   David R. Eberhart (S.B. #195474) – deberhart@omm.com
    Sharon M. Bunzel (S.B. #181609) – sbunzel@omm.com
2   Colleen M. Kennedy (S.B. #227107) – ckennedy@omm.com
    O'MELVENY & MYERS LLP
3   Two Embarcadero Center, 28th Floor
    San Francisco, CA  94111-3305
4   Telephone:    (415) 984-8700
    Facsimile:    (415) 984-8701
5

6   Attorneys for Plaintiff
    EBAY INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   EBAY INC.,                              Case No.  C 08-04052 JF

13              Plaintiff,                   **PLAINTIFF EBAY INC.'S NOTICE TO
                                             DIGITAL POINT SOLUTIONS, INC.,
14       v.                                  SHAWN HOGAN, KESSLER'S FLYING
                                             CIRCUS, THUNDERWOOD
15   DIGITAL POINT SOLUTIONS, INC.,          HOLDINGS, INC., TODD DUNNING,
     SHAWN HOGAN, KESSLER'S                  DUNNING ENTERPRISE, INC., BRIAN
16   FLYING CIRCUS, THUNDERWOOD              DUNNING, AND
     HOLDINGS, INC., TODD DUNNING,           BRIANDUNNING.COM OF SUBPOENA
17   DUNNING ENTERPRISE, INC.,               TO NETHERE, INC. PURSUANT TO
     BRIAN DUNNING,                          FED. R. CIV. P. 45**
18   BRIANDUNNING.COM, and DOES 1-
     20,
19
                Defendants.
20

21

22

23

24

25

26

27

28

1    TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS

2 ACTION:

3    PLEASE TAKE NOTICE that pursuant to Rules 26, 34(c), and 45 of the

4 Federal Rules of Civil Procedure, the attached subpoena will be served upon the following

5 third party, commanding the production of the papers and documents set forth in the

6 Attachment A attached hereto.

7

| Producing Party | Date/Time | Location |
|---|---|---|
| NetHere, Inc. | June 24, 2009 10:00 a.m. | O'MELVENY & MYERS, LLP 610 Newport Center Drive, 17th Floor Newport Beach, CA  92660 Telephone:  (949) 760-9600 |

12    Said production will take place on June 24, 2009 at 10:00 a.m. at the above-

13 listed address, or such other location as is mutually acceptable to the above-listed third

14 party and plaintiff's counsel.

15    PLEASE TAKE FURTHER NOTICE that the above-listed third party may

16 be held in contempt of court pursuant to Federal Rule of Civil Procedure 45(e) if the party

17 fails without adequate excuse to obey the subpoena served upon it, and that it has certain

18 legal rights in response to plaintiffs' subpoena served upon it as provided in Federal Rule

19 of Civil Procedure 45(d) and (e).  These rights are reproduced in full on page two of the

20 subpoena served upon the third-party.

21 Dated:  June 9, 2009                    O'MELVENY & MYERS LLP

22

23                                By:_____

24                                    David R. Eberhart
                                    O'Melveny & Myers LLP

25                                Attorneys for Plaintiff
26                                EBAY INC.

27

28

1

## **PROOF OF SERVICE**

2          I am a citizen of the United States and employed in San Francisco County,

3   California, at the office of a member of the bar of this Court at whose direction this

4   service was made.  I am over the age of eighteen years and not a party to the within

5   action.  I am a resident of or employed in the county where the service described below

6   occurred.  My business address is Two Embarcadero Center, 28th Floor, San Francisco,

7   California 94111.  On June 9, 2009, I transmitted from my business email account,

8   modonnell@omm.com, an electronic service copy and a courtesy copy via United States

9   Postal Service of the following:

10

11   **PLAINTIFF EBAY INC.'S NOTICE TO DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, AND BRIANDUNNING.COM OF SUBPOENA TO NETHERE, INC. PURSUANT TO FED. R. CIV. P. 45**

12

13

14   together with an electronic copy of this declaration, to the following, at the email and

      postal addresses indicated below:

15

16

| COAST LAW GROUP LLP | LAW OFFICE OF PATRICK K. MCCLELLAN |
|---|---|
| Seyamack Kouretchian | Patrick Kelly McClellan |
| 169 Saxony Road | 2211 Michelson Dr. #700 |
| Suite 204 | Irvine, CA  92612 |
| Encinitas, CA  92024 | Email:  pkellymc@pacbell.net |
| Email:  seyamack@coastlawgroup.com | |
| RUS, MILIBAND & SMITH, APC | FREELAND COOPER & FOREMAN LLP |
| Leo J. Presiado | Stewart H. Foreman |
| 2211 Michelson Dr. | 150 Spear Street |
| 7th Floor | Suite 1800 |
| Irvine, CA  92612 | San Francisco, CA  94105 |
| Email:  lpresiado@rusmiliband.com | Email:  foreman@freelandlaw.com |

17

18

19

20

21

22

23

24

25

26

27

28

1    I declare under penalty of perjury under the laws of the United States that the

2  above is true and correct.  Executed on June 9, 2009, at San Francisco, California.

3

4

5                                           _____

6                                                Michael O'Donnell

7    SF1:767510.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### Southern District of California

eBay Inc.

AMENDED     **SUBPOENA IN A CIVIL CASE**

V.

Digital Point Solutions, Inc., et al.

Case Number:[1] Case No. CV-08-4052 JF
Northern District of California

TO:   NetHere, Inc.
      Andrew B. Taubman
      4134 Voltaire Street, San Diego, CA 92107

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| O'Melveny & Myers LLP, 610 Newport Center Drive, 17th Floor, Newport Beach, CA 92660 | June 24, 2009, 10:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David J. Sepanik* | 6/9/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Attorney for Plaintiff, David J. Sepanik
O'Melveny & Myers LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111 (415-984-8700)

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are to be considered applicable with respect to each request for production of documents contained herein:

1.      "NetHere" or "You" shall mean NetHere, Inc. and any and all parent organizations, divisions, subdivisions, departments, affiliates, parents, partners, holding companies, divisions, departments, operating units, their present and former directors, officers, employees, agents, attorneys, consultants, and representatives, and all Persons either acting or purporting to act on behalf of NetHere, Inc.

2.      "Document" is used in the broadest possible sense and shall mean, without limitation, every writing or record of every type and description that is in your possession, custody, or control, whether an original or copy, in whatever form, and includes, but is not limited to, correspondence, files, drafts, term sheets, transcripts, minutes, memoranda, telegrams, telexes, stenographic and handwritten notes, studies, analyses, publications, books, pamphlets, pictures, photographs, films, video tapes, audio tapes, purchase orders, invoices, computer disks and printouts, drawings, diagrams, blueprints, affidavits, expense records, financial reports, journals, logs, diaries, calendars, voice recordings, tapes, maps, reports, surveys, charts, numbers or statistical computations, and every draft or copy thereof, whether signed or unsigned

3.      "Communication" shall mean conversations, correspondence, telephone calls, meetings, or any transmission of information from one person to one or more persons.

4.      "Relate to," "Related to" or "Relating to" shall mean, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, analyzing, tending to prove or disprove, or explaining.

5.      "User" shall mean anyone who uses a computer or internet service.

- 1 -

6.     "eBay" shall mean plaintiff eBay Inc., www.ebay.com, all of eBay's internationally operated websites, and any and all divisions, subdivisions, departments or subsidiaries of eBay.

7.     "Commission Junction" shall mean any and all parent organizations, divisions, subdivisions, departments or subsidiaries of Commission Junction.

8.     "Digital Point Solutions, Inc." shall mean Digital Point Solutions, Inc., and each of its successor, predecessor, and related entities, including, without limitation, its subsidiaries, parent corporations, divisions, assigns, and any officers, directors, agents, employees, representatives, attorneys, or other persons or entities acting on its behalf, collectively, in any combination, or singly, whichever is broader.

9.     "Shawn Hogan" shall mean the Person known or doing business as Shawn Hogan and his employees, agents, attorneys, consultants, and representatives, any fictitious business names operated by Shawn Hogan or any pseudonyms used by Shawn Hogan, as well as any and all entities (business, legal or otherwise) owned, controlled or used by Shawn Hogan.

10.     "Defendants" shall mean Digital Point Solutions, Inc. and/or Shawn Hogan.

11.     "Person" or "Persons" shall mean any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or government entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization or arrangement, group or association.

12.     "Internet Forum" shall mean any method or facility for publication of content or communication among Users that is accessed or used via the Internet or other computer network including, but not limited to, message and bulletin boards, blogs, Usenet newsgroups, chatrooms, IRC channels or listservs.

13.     "Affiliate Marketing Program" shall mean any program by which a company engages third parties (affiliates) to engage in marketing efforts on its behalf.

14.     This subpoena calls for the production of all responsive Documents that are within the possession, custody or control of NetHere.

15.     Documents in the custody or possession of NetHere's counsel are deemed to be in the custody, possession or control of NetHere.

16.     All documents requested shall be produced in the same file or organizational environment in which they are maintained.  For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or other grouping responsive to said request, in the same order or manner of arrangement as the original.

17.     In the event that any document responsive to the following document requests has been destroyed, otherwise disposed of, or no longer in the party's control or custody, that document is to be identified by author, addressee, date, subject matter, number of pages, attachments or appendices, all persons to whom it was distributed, shown or explained, date and manner of destruction or other disposition, and persons destroying or disposing of the document.

18.     All documents or information not produced in response to these requests by reason of a claim of privilege or otherwise, shall be included in a log that identifies with respect to each document or information, the date, author, recipient, copyees, subject matter, and the specific grounds for withholding the document or information from production.

19.     If NetHere contends that any discovery request is objectionable in whole or in part, NetHere shall state with particularity each objection, the basis for it, and the categories of information and documents to which the objections applies, and NetHere shall respond to the document request insofar as it is not deemed objectionable.

20.     If NetHere finds the meaning of any term in any discovery request unclear, NetHere shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

21.     The words "and" and "or" shall be construed in the conjunctive or

1    disjunctive, whichever makes the request more inclusive.

2        22.    The term "including" means "including, but not limited to."

3        23.    As used herein, "all," "any," "each," or "every" means "all, each and

4    every."

5        24.    These requests shall be deemed continuing so as to require further and

6    supplemental production in accordance with Federal Rule of Civil Procedure 26(e).

7                            **REQUESTS FOR PRODUCTION**

   **REQUEST NO. 1:**
8

9        All Documents Relating to Defendants maintained by You, including all billing

10   records, service logs, contracts, agreements, documents describing the type or types of

11   service utilized by Defendants, the length of service, any records of session times and/or

12   durations for any services provided by You to Defendants, and any documents reflecting

13

14   the means and sources of payment utilized by Defendants, including, but not limited to, all

15   credit card numbers and/or bank account numbers.

16   **REQUEST NO. 2:**
17

18       All Documents Relating to Defendants' methods or techniques intended to, or

19   causing, a User's browser to load any eBay webpage, webpage content or data therefrom.

20   **REQUEST NO. 3:**

21       All Documents Relating to Defendants' participation in eBay's Affiliate Marketing

22
23   Program, including, but not limited to, all methods and technologies used by Defendants

24   to obtain revenue from, manipulate or otherwise interact with, eBay's Affiliate Marketing

25   Program, including, but not limited to, all software, source code, Javascript, and HTML

26   code.

27

28

                                    - 4 -

**REQUEST NO. 4:**

All Documents Relating to the source of any technology, technique or method used by Defendants to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other affiliate marketing program.

**REQUEST NO. 5:**

Documents sufficient to identify all advertising networks, advertising syndication services or websites used or purportedly used by Defendants to advertise or promote eBay or to interact in any way with eBay or eBay's Affiliate Marketing Programs.

**REQUEST NO. 6:**

All Documents Relating to advertisements for eBay used, or purported to be used, by Defendants on any website or ad network that directed or referred users to eBay.

**REQUEST NO. 7:**

All Documents reflecting the number and identity of Users who allegedly clicked on an advertisement for eBay used, or purported to be used, by Defendants to direct or refer Users to eBay.

**REQUEST NO. 8:**

All Documents reflecting the number and identity of Users as to whom Defendants caused that User's browser to load any eBay webpage, webpage content or data therefrom without clicking on an advertisement for eBay.

**REQUEST NO. 9:**

All Documents Relating to efforts, technologies, techniques or methods used by Defendants to avoid detection of their technologies, techniques or methods used to

participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other affiliate marketing program.

**REQUEST NO. 10:**

All Documents Relating to payment of commissions or other revenue obtained by Defendants through participation in, interaction with or manipulation of eBay's Affiliate Marketing Program.

**REQUEST NO. 11:**

All Documents Relating to Communications between Defendants and eBay or any current or former employee of eBay.

**REQUEST NO. 12:**

All Documents Relating to any affiliate marketing programs, other than eBay's Affiliate Marketing Program, in which Defendants participated.

**REQUEST NO. 13:**

All Documents Relating to, or Communications between, Defendants and Commission Junction or any current or former employee of Commission Junction.

**REQUEST NO. 14:**

All Documents Relating to, or Communications between, Defendants and Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc., briandunning.com, Todd Dunning or Brian Dunning.

**REQUEST NO. 15:**

All Documents Relating to, or Communications between, Defendants and Rachael Hughes, or any companies or entities owned, controlled, affiliated with or used by

Rachael Hughes.

**REQUEST NO. 16:**

All Documents sufficient to describe all phone numbers, email addresses, web pages, instant messenger or mail accounts and social network accounts maintained, formerly maintained, or registered to Defendants.

**REQUEST NO. 17:**

Documents sufficient to identify any Aliases used by Defendants in any Internet Forum at or within which Defendants discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Program, or any other affiliate marketing programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

**REQUEST NO. 18:**

Documents sufficient to identify any Internet Forum at or within which Defendants discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

**REQUEST NO. 19:**

Documents sufficient to identify all internet service providers (ISPs) and IP addresses used by Defendants.

**REQUEST NO. 20:**

Documents sufficient to identify all computers, servers, electronic data storage and hosting companies, entities, or facilities used by Defendants.

**REQUEST NO. 21:**

Documents sufficient to identify any entity used or hired to maintain or restore electronic data or systems relating to Defendants' participation in, manipulation of or interaction with eBay's Affiliate Marketing Program.

**REQUEST NO. 22:**

Documents sufficient to identify software used to clean, reformat or erase hard-drives used by Defendants, or any equipment owned, used or maintained by Defendants.

**REQUEST NO. 23:**

All documents sufficient to identify all business entities or fictitious business names currently or formerly maintained by Defendants

SF1:765671.4