# EXHIBIT 13

Dockets.Justia.com



INTERNET SERVICE PROVIDER

August 17, 2009

Colleen M. Kennedy, et al.
O'Melveny & Meyers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
via fax: 415-984-8701

Copy to:
Ross M. Campbell
Coast Law Group, LLP
169 Saxony Road, Suite 204
Encinitas, CA 92024
via fax: 760-942-8515

re: eBay Inc. v. Digital Point Solutions, Inc., et al.

Ladies and Gentlemen of O'Melveny,

This letter is in response to a fax that we received on 7/30/09 which is a letter from O'Melveny to Coast Law Group. It is a more formal response in addition to a telephone discussion with Ms. Kennedy which occurred proximate to the time of the fax to us.

We wanted to provide clarification with regard to assertions by O'Melveny contained in that letter. Through the passage of time, or other processes, our response may be moot, but I wanted to provide information so the parties can proceed based on facts and a clear understanding of our position. Here goes:

1. In several instances in the letter, the term "NetHere's servers" is used. In fact these are not NetHere's servers. We do not own, lease, log-into, or administer these servers. The servers were placed into the racks by Digital Point or representatives thereof.

2. The letter states, "... information seized by the FBI is also available to Defendants from NetHere." We do not agree with this statement because NO information is available from NetHere regarding the contents of the server. We do not know what is on the servers, and we do not have access thereto.

    To use an analogy, the person who reads the electric meter at a home does not know what is inside the refrigerator inside that same house. We are like the electric meter reader. The server is like the refrigerator inside Digital Point's home. You are asking us if the milk is past its spoilage date. We have no idea if there is any milk there at all and do not know how to break-in to find out.

3. In several instances, the letter uses the word "hosted" to describe our service. We prefer the term "co-located", because hosted has the connotation that we have access to some portion of the server. To be clear, in the case of the Digital Point devices, we only provide power, rackspace, bandwidth, and cooling. We do not have any access to any information on the devices.

NetHere, Inc.
4993 Niagara Ave., Suite 200
San Diego, CA 92107
Phone: 619-224-7610, Fax: 619-224-7601
http://www.nethere.net



The closing paragraph of your letter states that you may choose to enforce the Amended Subpoena against NetHere. We are largely baffled by this statement as we believe that we have complied in full with that subpoena with the exception of only providing a partially redacted credit card number for Digital Point out of respect for their privacy.

We have truly and completely provided all of our knowledge with respect to information contained on the Digital Point systems. We do not have any passwords or any other methods that would provide us access or more information even if we receive more legal paperwork.

We are not trying to be difficult; I just want everyone to understand the reality of this situation.

I am always happy to answer more or different questions if anyone thinks that it would be helpful, but all we know is what we know -- and in this case we know approximately nothing.

My professional billing rate is $300.00 per hour. I have now spent two hours so far in this matter.

Thanks,

Andy Taubman
NetHere Inc.