# EXHIBIT 17

Dockets.Justia.com

1   Seyamack Kouretchian (State Bar No. 171741)
2   Seyamack@CoastLawGroup.com
    Ross Campbell (State Bar No. 234827)
3   Rcampbell@Coast LawGroup.com
    COAST LAW GROUP, LLP
4   169 Saxony Road, Suite 204
    Encinitas, California 92024
5   Tel: (760) 942-8505
6   Fax: (760) 942-8515

7   Attorneys for Defendants, SHAWN HOGAN
    and DIGITAL POINT SOLUTIONS, INC.
8

9                UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12  EBAY, INC.,                        )   Case No. CV 08-04052 JF PVT
                                       )
13              Plaintiff,             )   **DEFENDANT DIGITAL POINT**
                                       )   **SOLUTIONS, INC.'S RESPONSES TO**
14       v.                            )   **PLAINTIFF'S REQUESTS FOR**
                                       )   **PRODUCTION (SET ONE)**
15  DIGITAL POINT SOLUTIONS, INC., SHAWN )
    HOGAN, KESSLER'S FLYING CIRCUS,    )
16  THUNDERWOOD HOLDINGS, INC., TODD   )
    DUNNING, DUNNING ENTERPRISE, INC., )
17                                     )
    BRIAN DUNNING, BRIANDUNNING.COM,   )
18  and Does 1-20,                     )
                                       )
19              Defendants.            )
                                       )
20  _____)

21

22  PROPOUNDING PARTY:   Plaintiff EBAY, INC.
23
    RESPONDING PARTY:    Defendant DIGITAL POINT SOLUTIONS, INC.
24
    SET NUMBER:          One
25

26
        Defendant DIGITAL POINT SOLUTIONS, INC. ("Defendant") hereby responds to the Plaintiff
27
    EBAY, INC.'s ("Plaintiff's") First Set of Requests for Production, as follows:
28

---

## I. PRELIMINARY STATEMENT

Defendant SHAWN HOGAN ("Mr. Hogan") has asserted his privilege against self-incrimination under the Fifth Amendment to the United States Constitution (*United States v. Balsys* (1998) 524 U.S. 666, 672; *Lefkowitz v. Turley* (1973) 414 U.S. 70, 77); the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. The provision of any responses by Defendant hereunder shall not be construed to be a waiver of the same.

Defendant further objects because conducting discovery is premature and inappropriate at this time. FBI Special Agent Melanie Adams and Assistant United States Attorney Kyle F. Walding inform that Defendant is the subject of a grand jury investigation and that it is anticipated that criminal charges will be filed. Upon the transfer of this action to the appropriate forum, Defendant intends to seek a stay of this action (and/or any other appropriate relief), including a stay of all discovery in this matter, pending the resolution of any potential criminal proceedings and/or until the statute of limitations on any such criminal proceedings has run. To the extent Mr. Hogan determines that there is no longer a threat of criminal prosecution and/or elects to withdraw his assertion of the privilege against self-incrimination, Defendant expressly reserves the right to supplement these responses accordingly (in whole or in part), and to object to the use or disclosure of the following responses for any purpose whatsoever.

Defendant further objects to the subject interrogatories in that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint was granted with leave to amend as to Plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act and other fraud-based claims and discovery is therefore premature. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (in fraud cases, the requisite elements must be adequately laid out "*before* access to the discovery process is granted." (emphasis in original)).

Defendant further objects to the definitions set forth in Plaintiff's requests as compound, vague and ambiguous; these objections further include, but are not limited to, the following: "DPS" is overbroad, unduly burdensome and oppressive in that it purports to apply to third parties collectively and/or individually, to information subject to the attorney-client privilege, and purports to seek responses from Mr. Hogan as phrased. "eBay" is further unduly burdensome and oppressive in that the phrases "eBay's internationally operated websites," and "any and all divisions, subdivisions, departments or

1   subsidiaries of eBay" reference information that is within Plaintiff's control and/or is unknown to

2   Defendant.  Defendant further objects because the term "Cookie Stuffing" is vague and ambiguous

3              Defendant incorporates each of the foregoing objections in Defendant's responses below.

4                                        **II. RESPONSES**

5   **REQUEST FOR PRODUCTION NO. 1**

6              All documents relating to eBay, including all agreements, terms of service and terms and

7   conditions.

8   Response to Request for Production No. 1:

9              Objection.  This request, including the use of the definitions  provided for "DPS" and "eBay," is

10  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects

11  because this request may be construed to seek the production and inspection of documents which are

12  privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.

13  Defendant further objects because this request may be construed to seek the production and inspection of

14  documents which contain proprietary/confidential information.  Defendant further objects because Mr.

15  Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses on

16  the corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment

17  to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution,

18  Article 1, Section 15; and California Evidence Code section 940.  Further, Defendant incorporates the

19  above Preliminary Statement herein by reference in full.

20  **REQUEST FOR PRODUCTION NO. 2**

21             All documents relating to, or Communications with, eBay or any current or former employee of

22  eBay.

23  Response to Request for Production No. 2:

24             Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

25  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects

26  because this request may be construed to seek the production and inspection of documents which are

27  privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.

28  Defendant further objects because this request may be construed to seek the production and inspection of

---

1   documents which contain proprietary/confidential information.  Defendant further objects because Mr.

2   Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses on

3   the corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment

4   to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution,

5   Article 1, Section 15; and California Evidence Code section 940.  Further, Defendant incorporates the

6   above Preliminary Statement herein by reference in full.

7   **REQUEST FOR PRODUCTION NO. 3**

8        All documents relating to payment of commissions or other revenue obtained by DPS through

9   participation in, interaction with or manipulation of eBay's Affiliate Marketing Program.

10  Response to Request for Production No. 3:

11       Objection.  This request, including the use of the definitions provided for"DPS" and "eBay," is

12  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects

13  because this request is compound and argumentative with respect to the term "manipulation."  Defendant

14  further objects because this request may be construed to seek the production and inspection of

15  documents which are privileged from disclosure by the attorney-client relationship and/or the attorney

16  work product doctrine.  Defendant further objects because this request may be construed to seek the

17  production and inspection of documents which contain proprietary/confidential information.  Defendant

18  further objects because Mr. Hogan, as the sole shareholder of Defendant and the only person with

19  authority to verify responses on the corporation's behalf, has invoked his privilege against self

20  incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

21  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

22  section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

23  **REQUEST FOR PRODUCTION NO. 4**

24       All documents relating to eBay's Affiliate Marketing Program, including, but not limited to, all

25  methods and technologies used by DPS to obtain revenue from, manipulate or otherwise interact with

26  eBay's Affiliate Marketing Program, including, but not limited to, all software, source code, Javascript,

27  and HTML code.

28  /././

1  Response to Request for Production No. 4:

2      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

3  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects

4  because this request is compound, and is argumentative with respect to the term "manipulate."

5  Defendant further objects because this request may be construed to seek the production and inspection of

6  documents which are privileged from disclosure by the attorney-client relationship and/or the attorney

7  work product doctrine.  Defendant further objects because this request may be construed to seek the

8  production and inspection of documents which contain proprietary/confidential information.  Defendant

9  further objects because Mr. Hogan, as the sole shareholder of Defendant and the only person with

10  authority to verify responses on the corporation's behalf, has invoked his privilege against self

11  incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

12  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

13  section 940.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

14  **REQUEST FOR PRODUCTION NO. 5**

15      All documents relating to advertisements for eBay used, or purported to be used, on any website

16  or ad network that directed or referred Users to eBay as part of eBay's Affiliate Marketing Program.

17  Response to Request for Production No. 5:

18      Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

19  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects

20  because this request may be construed to seek the production and inspection of documents which are

21  privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.

22  Defendant further objects because this request may be construed to seek the production and inspection of

23  documents which contain proprietary/confidential information.  Defendant further objects because Mr.

24  Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses on

25  the corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment

26  to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution,

27  Article 1, Section 15; and California Evidence Code section 940.  Further, Defendant incorporates the

28  above Preliminary Statement herein by reference in full.

1  **REQUEST FOR PRODUCTION NO. 6**

2      All documents reflecting the number of Users who allegedly clicked on an advertisement for

3  eBay used, or purported to be used, by DPS to direct or refer Users to eBay as part of eBay's Affiliate

4  Marketing Program.

5  Response to Request for Production No. 6:

6      Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is

7  vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects

8  because this request may be construed to seek the production and inspection of documents which are

9  privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.

10  Defendant further objects because this request may be construed to seek the production and inspection of

11  documents which contain proprietary/confidential information. Defendant further objects because Mr.

12  Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses on

13  the corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment

14  to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution,

15  Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the

16  above Preliminary Statement herein by reference in full.

17  **REQUEST FOR PRODUCTION NO. 7**

18      All documents relating to methods or techniques intended to, or causing, a User's browser to load

19  any eBay webpage, webpage content or data therefrom.

20  Response to Request for Production No. 7:

21      Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is

22  vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects

23  because this request may be construed to seek the production and inspection of documents which are

24  privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.

25  Defendant further objects because this request may be construed to seek the production and inspection of

26  documents which contain proprietary/confidential information. Defendant further objects because Mr.

27  Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses on

28  the corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment

1    to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution,

2    Article 1, Section 15; and California Evidence Code section 940.  Further, Defendant incorporates the

3    above Preliminary Statement herein by reference in full.

4    **REQUEST FOR PRODUCTION NO. 8**

5         All documents sufficient to identify all advertising networks, advertising syndication services or

6    websites used or purportedly used by DPS to advertise or promote eBay or to interact in any way with

7    eBay or eBay's Affiliate Marketing Programs.

8    Response to Request for Production No. 8:

9         Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

10   vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects

11   because this request may be construed to seek the production and inspection of documents which are

12   privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.

13   Defendant further objects because this request may be construed to seek the production and inspection of

14   documents which contain proprietary/confidential information.  Defendant further objects because Mr.

15   Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses on

16   the corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment

17   to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution,

18   Article 1, Section 15; and California Evidence Code section 940.  Further, Defendant incorporates the

19   above Preliminary Statement herein by reference in full.

20   **REQUEST FOR PRODUCTION NO. 9**

21        All documents sufficient to identify all Affiliate Marketing Programs, not including eBay's

22   Affiliate Marketing Program, with whom DPS obtained revenue or otherwise interacted.

23   Response to Request for Production No. 9:

24        Objection.  This request, including the use of the definition provided for "DPS," is vague and

25   ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects because this

26   request may be construed to seek the production and inspection of documents which are privileged from

27   disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant

28   further objects because this request may be construed to seek the production and inspection of

1   documents which contain proprietary/confidential information.   Defendant further objects because this

2   request seeks the production of documents which are neither relevant to the subject matter of this action,

3   nor likely to lead to the discovery of admissible evidence.  Defendant further objects because Mr. Hogan,

4   as the sole shareholder of Defendant and the only person with authority to verify responses on the

5   corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment to

6   the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution,

7   Article 1, Section 15; and California Evidence Code section 940.  Further, Defendant incorporates the

8   above Preliminary Statement herein by reference in full.

9   **REQUEST FOR PRODUCTION NO. 10**

10      All documents relating to and/or describing methods and techniques used by any other Affiliate

11   Marketing Program that DPS interacted with, participated in or manipulated.

12   Response to Request for Production No. 10:

13      Objection.  This request, including the use of the definition provided for "DPS," is vague and

14   ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects because this

15   request is compound, and argumentative with respect to the term "manipulated."  Defendant further

16   objects because this request may be construed to seek the production and inspection of documents which

17   are privileged from disclosure by the attorney-client relationship and/or the attorney work product

18   doctrine.  Defendant further objects because this request may be construed to seek the production and

19   inspection of documents which contain proprietary/confidential information.  Defendant further objects

20   because this request seeks the production of documents which are neither relevant to the subject matter

21   of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects

22   because Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to verify

23   responses on the corporation's behalf, has invoked his privilege against self incrimination under the Fifth

24   Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California

25   Constitution, Article 1, Section 15; and California Evidence Code section 940.  Further, Defendant

26   incorporates the above Preliminary Statement herein by reference in full.

27   /./.

28   /./.

---

Defendant Digital Point Solutions, Inc.'s Responses
to Plaintiff's Requests For Production, Set One                    8                    Case No. CV 08-04052 JF

1  **REQUEST FOR PRODUCTION NO. 11**

2         All documents sufficient to identify the source of any technology, technique or method used by

3  DPS to participate in, manipulate or interact with eBay Affiliate Marketing Program, or any other

4  Affiliate Marketing Program.

5  Response to Request for Production No. 11:

6         Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

7  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects

8  because this request is compound, and argumentative with respect to the term "manipulate."  Defendant

9  further objects because this request may be construed to seek the production and inspection of

10  documents which are privileged from disclosure by the attorney-client relationship and/or the attorney

11  work product doctrine.  Defendant further objects because this request may be construed to seek the

12  production and inspection of documents which contain proprietary/confidential information.  Defendant

13  further objects because this request seeks the production of documents which are neither relevant to the

14  subject matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant further

15  objects because Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to

16  verify responses on the corporation's behalf, has invoked his privilege against self incrimination under

17  the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

18  California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Further,

19  Defendant incorporates the above Preliminary Statement herein by reference in full.

20  **REQUEST FOR PRODUCTION NO. 12**

21         All documents sufficient to identify any individuals, groups, books, manuals or other materials

22  consulted by DPS while developing any technology, technique or method used by DPS to participate in,

23  manipulate or interact with the eBay Affiliate Marketing Program, or any other Affiliate Marketing

24  Program.

25  Response to Request for Production No. 12:

26         Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

27  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects

28  because this request is compound, and argumentative with respect to the term "manipulate."  Defendant

---

1  further objects because this request may be construed to seek the production and inspection of

2  documents which are privileged from disclosure by the attorney-client relationship and/or the attorney

3  work product doctrine.  Defendant further objects because this request may be construed to seek the

4  production and inspection of documents which contain proprietary/confidential information.  Defendant

5  further objects because this request seeks the production of documents which are neither relevant to the

6  subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant

7  further objects because Mr. Hogan, as the sole shareholder of Defendant and the only person with

8  authority to verify responses on the corporation's behalf, has invoked his privilege against self

9  incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

10  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

11  section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

12  **REQUEST FOR PRODUCTION NO. 13**

13          All documents relating to Commission Junction, including all agreements, terms of service and

14  terms and conditions.

15  Response to Request for Production No. 13:

16          Objection.  This request, including the use of the definitions provided for "DPS" and

17  "Commission Junction," is vague and ambiguous, overbroad, and unduly burdensome and oppressive.

18  Defendant further objects because this request may be construed to seek the production and inspection of

19  documents which are privileged from disclosure by the attorney-client relationship and/or the attorney

20  work product doctrine.  Defendant further objects because this request may be construed to seek the

21  production and inspection of documents which contain proprietary/confidential information.  Defendant

22  further objects because Mr. Hogan, as the sole shareholder of Defendant and the only person with

23  authority to verify responses on the corporation's behalf, has invoked his privilege against self

24  incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

25  Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

26  section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

27  /./.

28  /./.

---

Defendant Digital Point Solutions, Inc.'s Responses
to Plaintiff's Requests For Production, Set One                    10                    Case No. CV 08-04052 JF

1  **REQUEST FOR PRODUCTION NO. 14**

2      All documents relating to, or Communications with, Commission Junction or any current or

3  former employee of Commission Junction.

4  Response to Request for Production No. 14:

5      Objection. This request, including the use of the definitions provided for "DPS" and

6  "Commission Junction," is vague and ambiguous, overbroad, and unduly burdensome and oppressive.

7  Defendant further objects because this request may be construed to seek the production and inspection of

8  documents which are privileged from disclosure by the attorney-client relationship and/or the attorney

9  work product doctrine. Defendant further objects because this request may be construed to seek the

10 production and inspection of documents which contain proprietary/confidential information and/or trade

11 secrets. Defendant further objects because Mr. Hogan, as the sole shareholder of Defendant and the only

12 person with authority to verify responses on the corporation's behalf, has invoked his privilege against

13 self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

14 Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

15 section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

16 **REQUEST FOR PRODUCTION NO. 15**

17     All documents relating to, or Communications with, Kessler's Flying Circus, Thunderwood

18 Holdings, Inc., Dunning Enterprise, Inc. or briandunning.com.

19 Response to Request for Production No. 15:

20     Objection. This request, including the use of the definition provided for "DPS," is vague and

21 ambiguous, compound, overbroad, and unduly burdensome and oppressive. Defendant further objects

22 because this request may be construed to seek the production and inspection of documents which are

23 privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.

24 Defendant further objects because this request violates third party privacy rights. Defendant further

25 objects because Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to

26 verify responses on the corporation's behalf, has invoked his privilege against self incrimination under

27 the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the

28

1   California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Further,

2   Defendant incorporates the above Preliminary Statement herein by reference in full.

3   **REQUEST FOR PRODUCTION NO. 16**

4         All Communications with Shawn Hogan, Todd Dunning or Brian Dunning.

5   Response to Request for Production No. 16:

6         Objection.  This request, including the use of the definition provided for "DPS," is vague and

7   ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects because this

8   request may be construed to seek the production and inspection of documents which are privileged from

9   disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant

10  further objects because this request violates third party privacy rights.  Defendant further objects because

11  Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses

12  on the corporation's behalf, has invoked his privilege against self incrimination under the Fifth

13  Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California

14  Constitution, Article 1, Section 15; and California Evidence Code section 940.  Further, Defendant

15  incorporates the above Preliminary Statement herein by reference in full.

16  **REQUEST FOR PRODUCTION NO. 17**

17        All documents relating to, or Communications with, Rachael Hughes, or any companies or

18  entities owned, controlled, affiliated with or used by Rachael Hughes, relating to eBay's Affiliate

19  Marketing Program including, but not limited to, any agreements with Rachael Hughes and company

20  and any technology transferred to or from Rachael Hughes and company.

21  Response to Request for Production No. 17:

22        Objection.  This request is compound, vague and ambiguous.  Defendant further objects because

23  the identity of Rachel Hughes and company is unknown to Defendant and/or within Plaintiff's control.

24  Defendant reserves all other appropriate objections until Plaintiff properly identifies the referenced

25  persons/entities.  Further, Defendant incorporates the above Preliminary Statement herein by reference in

26  full.

27  /././

28  /././

1  **REQUEST FOR PRODUCTION NO. 18**

2      All documents sufficient to describe all phone numbers, email addresses, web pages, instant

3  messenger or mail accounts and social network accounts maintained, formerly maintained or registered

4  to DPS.

5  Response to Request for Production No. 18:

6      Objection. This request, including the use of the definition provided for "DPS," is vague and

7  ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects

8  because this request may be construed to seek the production and inspection of documents which are

9  privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.

10  Defendant further objects because this demand may be construed to seek the production and inspection

11  of documents which contain proprietary/confidential information. Defendant further objects because this

12  request seeks the production of documents which are neither relevant to the subject matter of this action,

13  nor likely to lead to the discovery of admissible evidence. Defendant further objects because Mr. Hogan,

14  as the sole shareholder of Defendant and the only person with authority to verify responses on the

15  corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment to

16  the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution,

17  Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the

18  above Preliminary Statement herein by reference in full.

19  **REQUEST FOR PRODUCTION NO. 19**

20      Documents sufficient to identify any Aliases used by DPS in any Internet Forum at or within

21  which DPS discussed any aspect of their participation in, manipulation of or interaction with eBay's

22  Affiliate Marketing Program, or any other Affiliate Marketing Programs, including, but not limited to,

23  forums such as blogs, listservs, Usenet newsgroups or chat rooms.

24  Response to Request for Production No. 19:

25      Objection. This request, including the use of the definitions provided for "DPS" and "eBay" is

26  vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects

27  because this request is compound, and argumentative with respect to the term "manipulation."

28  Defendant further objects because this request may be construed to seek the production and inspection of

---

1   documents which are privileged from disclosure by the attorney-client relationship and/or the attorney

2   work product doctrine. Defendant further objects because this demand may be construed to seek the

3   production and inspection of documents which contain proprietary/confidential information. Defendant

4   further objects because this request seeks the production of documents which are neither relevant to the

5   subject matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant

6   further objects because Mr. Hogan, as the sole shareholder of Defendant and the only person with

7   authority to verify responses on the corporation's behalf, has invoked his privilege against self

8   incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

9   Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

10  section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

11  **REQUEST FOR PRODUCTION NO. 20**

12      Documents sufficient to identify any Internet Forum at or within which DPS discussed any aspect

13  of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any

14  other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet

15  newsgroups or chat rooms.

16  Response to Request for Production No. 20:

17      Objection. This request, including the use of the definitions provided for "DPS" and "eBay" is

18  vague and ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant

19  further objects because this request is compound, and argumentative with respect to the term

20  "manipulation." Defendant further objects because this request may be construed to seek the production

21  and inspection of documents which are privileged from disclosure by the attorney-client relationship

22  and/or the attorney work product doctrine. Defendant further objects because this demand may be

23  construed to seek the production and inspection of documents which contain proprietary/confidential

24  information. Defendant further objects because this request seeks the production of documents which are

25  neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible

26  evidence. Defendant further objects because Mr. Hogan, as the sole shareholder of Defendant and the

27  only person with authority to verify responses on the corporation's behalf, has invoked his privilege

28  against self incrimination under the Fifth Amendment to the United States Constitution; the Federal

1  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

2  Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference

3  in full.

4  **REQUEST FOR PRODUCTION NO. 21**

5      Documents sufficient to identify all internet service providers (ISPs) and IP addresses used by

6  DPS.

7  Response to Request for Production No. 21:

8      Objection. This request, including the use of the definition provided for "DPS," is vague and

9  ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects

10  because this request seeks the production of documents which are neither relevant to the subject matter

11  of this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects

12  because Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to verify

13  responses on the corporation's behalf, has invoked his privilege against self incrimination under the Fifth

14  Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California

15  Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant

16  incorporates the above Preliminary Statement herein by reference in full.

17  **REQUEST FOR PRODUCTION NO. 22**

18      Documents sufficient to identify all computers, servers, electronic data storage and hosting

19  companies, entities, or facilities used by DPS.

20  Response to Request for Production No. 22:

21      Objection. This request, including the use of the definition provided for "DPS," is vague and

22  ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects

23  because this request seeks the production of documents which are neither relevant to the subject matter

24  of this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects

25  because Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to verify

26  responses on the corporation's behalf, has invoked his privilege against self incrimination under the Fifth

27  Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California

28

1  Constitution, Article 1, Section 15; and California Evidence Code section 940.  Further, Defendant

2  incorporates the above Preliminary Statement herein by reference in full.

3  **REQUEST FOR PRODUCTION NO. 23**

4         Documents sufficient to identify any entity used or hired to maintain or restore electronic data or

5  systems relating to DPS's participation in, manipulation of or interaction with eBay's Affiliate Marketing

6  Program.

7  Response to Request for Production No. 23:

8         Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is

9  vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects

10 because this request is compound, and argumentative with respect to the term "manipulation."

11 Defendant further objects because Mr. Hogan, as the sole shareholder of Defendant and the only person

12 with authority to verify responses on the corporation's behalf, has invoked his privilege against self

13 incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

14 Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

15 section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

16 **REQUEST FOR PRODUCTION NO. 24**

17        Documents sufficient to identify software used to clean, reformat or erase hard-drives used by

18 DPS, or any equipment owned, used or maintained by DPS.

19 Response to Request for Production No. 24:

20        Objection.  This request, including the use of the definition provided for "DPS," is vague and

21 ambiguous, compound, overbroad, and unduly burdensome and oppressive.  Defendant further objects

22 because Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to verify

23 responses on the corporation's behalf, has invoked his privilege against self incrimination under the Fifth

24 Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California

25 Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant

26 incorporates the above Preliminary Statement herein by reference in full/

27 /./.

28 /./.

---

Defendant Digital Point Solutions, Inc.'s Responses                16                Case No. CV 08-04052 JF
to Plaintiff's Requests For Production, Set One

1   **REQUEST FOR PRODUCTION NO. 25**

2      All documents sufficient to identify all business entities or fictitious business names currently or

3   formerly maintained by DPS.

4   Response to Request for Production No. 25:

5      Objection. This request, including the use of the definition provided for "DPS," is vague and

6   ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects

7   because this request may be construed to seek the production and inspection of documents which are

8   privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.

9   Defendant further objects because this demand may be construed to seek the production and inspection

10  of documents which contain proprietary/ confidential information. Defendant further objects because

11  this request seeks the production of documents which are neither relevant to the subject matter of this

12  action, nor likely to lead to the discovery of admissible evidence. Defendant further objects because Mr.

13  Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses on

14  the corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment

15  to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution,

16  Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the

17  above Preliminary Statement herein by reference in full.

18  **REQUEST FOR PRODUCTION NO. 26**

19     All documents relating to the incorporation of DPS.

20  Response to Request for Production No. 26:

21     Objection. This request, including the use of the definition provided for "DPS," is vague and

22  ambiguous, compound, overbroad, and unduly burdensome and oppressive. Defendant further objects

23  because Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to verify

24  responses on the corporation's behalf, has invoked his privilege against self incrimination under the Fifth

25  Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California

26  Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant

27  incorporates the above Preliminary Statement herein by reference in full.

28  ///

1    **REQUEST FOR PRODUCTION NO. 27**

2       All documents filed by DPS with any Secretary of State.

3    Response to Request for Production No. 27:

4       Objection. This request, including the use of the definition provided for "DPS," is vague and

5    ambiguous, compound, overbroad, and unduly burdensome and oppressive. Defendant further objects

6    because Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to verify

7    responses on the corporation's behalf, has invoked his privilege against self incrimination under the Fifth

8    Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California

9    Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant

10   incorporates the above Preliminary Statement herein by reference in full.

11   **REQUEST FOR PRODUCTION NO. 28**

12       Documents sufficient to show the structure and organization of DPS and all companies or other

13   entities owned or controlled by DPS that were involved in or interacted with any Affiliate Marketing

14   Program.

15   Response to Request for Production No. 28:

16       Objection. This request, including the use of the definition provided for "DPS," is vague and

17   ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects

18   because this request may be construed to seek the production and inspection of documents which are

19   privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.

20   Defendant further objects because this demand may be construed to seek the production and inspection

21   of documents which contain proprietary/ confidential information. Defendant further objects because

22   this request seeks the production of documents which are neither relevant to the subject matter of this

23   action, nor likely to lead to the discovery of admissible evidence. Defendant further objects because Mr.

24   Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses on

25   the corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment

26   to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution,

27   Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the

28   above Preliminary Statement herein by reference in full.

**REQUEST FOR PRODUCTION NO. 29**

Documents sufficient to identify all employees, contractors or temporary employees of DPS, their dates of employment, duties, salary and any other compensation.

Response to Request for Production No. 29:

Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates privacy rights of third parties. Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information. Defendant further objects because Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses on the corporation's behalf, has invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

**REQUEST FOR PRODUCTION NO. 30**

All documents constituting DPS's annual, quarterly and monthly audited, compiled, reviewed or unaudited financial statements, including all income statements and balance sheets of DPS.

Response to Request for Production No. 30:

Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain confidential financial information, trade secrets/other proprietary information, and violates Defendant's right to privacy. Defendant further objects because Mr. Hogan, as the sole shareholder of Defendant and the only person with authority to verify responses on the corporation's behalf, has invoked his privilege

1   against self incrimination under the Fifth Amendment to the United States Constitution; the Federal

2   Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

3   Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference

4   in full.

5   **REQUEST FOR PRODUCTION NO. 31**

6        All documents sufficient to identify all assets and financial accounts (including those outside of

7   the United States) maintained or formerly maintained by DPS.

8   Response to Request for Production No. 31:

9        Objection. This request, including the use of the definition provided for "DPS," is vague and

10  ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this

11  request seeks the production of documents which are neither relevant to the subject matter of this action,

12  nor likely to lead to the discovery of admissible evidence. Defendant further objects because this

13  demand may be construed to seek the production and inspection of documents which contain

14  confidential financial information, trade secrets/other proprietary information, and violates Defendant's

15  right to privacy. Defendant further objects because Mr. Hogan, as the sole shareholder of Defendant and

16  the only person with authority to verify responses on the corporation's behalf, has invoked his privilege

17  against self incrimination under the Fifth Amendment to the United States Constitution; the Federal

18  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

19  Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference

20  in full.

21  **REQUEST FOR PRODUCTION NO. 32**

22       Documents constituting DPS's corporate tax returns for the years 2003 to the present.

23  Response to Request for Production No. 32:

24       Objection. This request, including the use of the definition provided for "DPS," is vague and

25  ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this

26  request seeks the production of documents which are neither relevant to the subject matter of this action,

27  nor likely to lead to the discovery of admissible evidence. Defendant further objects because this

28  demand may be construed to seek the production and inspection of documents which contain

1 confidential financial information, trade secrets/other proprietary information, and violates Defendant's

2 right to privacy. Defendant further objects because Mr. Hogan, as the sole shareholder of Defendant and

3 the only person with authority to verify responses on the corporation's behalf, has invoked his privilege

4 against self incrimination under the Fifth Amendment to the United States Constitution; the Federal

5 Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence

6 Code section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference

7 in full.

8 **REQUEST FOR PRODUCTION NO. 33**

9     All documents relating to the transfer or assumption of any liability by DPS.

10 Response to Request for Production No. 33:

11     Objection. This request, including the use of the definition provided for "DPS," is vague and

12 ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this

13 request may be construed to seek the production and inspection of documents which are privileged from

14 disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant

15 further objects because this demand may be construed to seek the production and inspection of

16 documents which contain confidential financial information and/or violates Defendant's right to privacy.

17 Defendant further objects because this request is overbroad and seeks the production of documents

18 which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of

19 admissible evidence. Defendant further objects because Mr. Hogan, as the sole shareholder of

20 Defendant and the only person with authority to verify responses on the corporation's behalf, has

21 invoked his privilege against self incrimination under the Fifth Amendment to the United States

22 Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

23 and California Evidence Code section 940. Further, Defendant incorporates the above Preliminary

24 Statement herein by reference in full.

25 **REQUEST FOR PRODUCTION NO. 34**

26     All documents relating to any insurance policies relevant to this action.

27 /./.

28 /./.

1    Response to Request for Production No. 34:

2         Objection.  This request, including the use of the definition provided for "DPS," is vague and

3    ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects because this

4    request may be construed to seek the production and inspection of documents which are privileged from

5    disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant

6    further objects because Mr. Hogan, as the sole shareholder of Defendant and the only person with

7    authority to verify responses on the corporation's behalf, has invoked his privilege against self

8    incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of

9    Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code

10   section 940. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.

11   DATED: March 12, 2009                           COAST LAW GROUP LLP

12

13

14                                           By:
15                                              Ross M. Campbell
                                               Attorneys for Defendants, Shawn Hogan
16                                             and Digital Point Solutions, Inc.

17

18

19

20

21

22

23

24

25

26

27

28