Seyamack Kouretchian (State Bar No. 171741)
Seyamack@CoastLawGroup.com
Ross M. Campbell (State Bar No. 234827)
Rcampbell@CoastLawGroup.com
COAST LAW GROUP, LLP
1140 South Coast Highway 101
Encinitas, California 92024
Tel: (760) 942-8505
Fax: (760) 942-8515

Attorneys for Defendants, SHAWN HOGAN
and DIGITAL POINT SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and Does 1-20,<br><br>          Defendants. | Case No. CV 08-04052 JF PVT<br><br>**DEFENDANTS DIGITAL POINT SOLUTIONS, INC. AND SHAWN HOGAN'S NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDINGS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   November 20, 2009<br>Time:  9:00 a.m.<br>Dept.:  Courtroom 3 |

---

Defendants' Notice of Motion and Motion for Stay of
Proceedings; Pts. & Authorities in Support Thereof

Case No. CV 08-04052 JF PVT

Dockets.Justia.com

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 20, 2009 at 9:00 AM, or as soon thereafter as the matter can be heard in Courtroom 3 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, defendants DIGITAL POINT SOLUTIONS, INC. and SHAWN HOGAN will move this Court for an order staying this action pending resolution of the parallel criminal investigation of the United States Attorney's Office for the Northern District of California and the Federal Bureau of Investigation. In the alternative, said Defendants shall move for a stay of all discovery in this action for a period of six months in the interests of justice.

As more fully set forth in the following Memorandum of Points and Authorities, this Motion is made on the grounds that a stay is necessary to protect Mr. Hogan's Fifth Amendment rights in connection with a criminal proceeding arising from the same underlying factual issues that give rise to this action. In addition, the action should be stayed as to defendant Digital Point Solutions, Inc. because Mr. Hogan is the only person that can speak on behalf of the corporation and, as such, defendant Digital Point Solutions, Inc. will be greatly prejudiced by its inability to meaningfully defend itself in this action.

Defendants' motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declarations of Seyamack Kouretchian and Ross M. Campbell, the records and file herein, and upon such other oral and documentary evidence as may be presented at the hearing on this motion.

DATED: October 16, 2009       s/Ross M. Campbell

COAST LAW GROUP, LLP
Attorneys for Defendants, Shawn Hogan
and Digital Point Solutions, Inc.

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS & AUTHORITIES ................................................... 3

    I.     SUMMARY OF MOTION ................................................................................ 3

    II.    STATEMENT OF FACTS ................................................................................ 4

    III.   LEGAL STANDARD AND SCOPE OF REVIEW ........................................... 5

    IV.   ARGUMENT ..................................................................................................... 6

        A.    Extent to which Mr. Hogan's Fifth Amendment Rights are Implicated ........ 6

            1.    Similarity of the Issues ........................................................................ 6

            2.    Potential for Prejudice ........................................................................ 7

            3.    Status of Parallel Criminal Proceedings ............................................ 8

            4.    Stay as to Digital Point Solutions, Inc. ............................................. 9

        B.    Plaintiff's Interests and Potential Prejudice ................................................. 10

        C.    Interests of the Court and Judicial Economy .............................................. 11

            1.    Potential for Resolution of Common Issues ...................................... 11

            2.    Avoiding Unnecessary Law and Motion Practice ............................. 12

        D.    Interests of Third Parties and the Public ..................................................... 12

    V.    CONCLUSION. ............................................................................................... 13

# TABLE OF AUTHORITIES

**U.S. Supreme Court Cases**

*United States v. Kordel* (1970)
397 U.S. 1 . . . . . . . . . . 13

**Federal Cases**

*Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist. #2* (D. Mont. 2007)
LEXIS 30140 . . . . . . . . . . 9

*Brock v. Tolkow* (E.D.N.Y. 1985)
109 F.R.D. 116 . . . . . . . . . . 8, 9, 10, 12

*Chao v. Fleming* (W.D. Mich. 2007)
498 F. Supp 2d 1034 . . . . . . . . . . 6, 7, 9, 11, 12

*Continental Insurance Co. v. Cota* (N.D. Cal. 2008)
WL 4298372 . . . . . . . . . . 7, 11

*Fed. Savings & Loan Ins. Corp. v. Molinaro* (9th Cir. 1989)
889 F.2d 899 . . . . . . . . . . 5

*In re Adelphia Communs. Secs. Litig* (E.D. Pa. 2003)
LEXIS 9736 . . . . . . . . . . 12

*In re Lewisvile Properties, Inc.* (5th Cir. 1988)
849 F.2d 946 . . . . . . . . . . 11, 12

*Javier H. v. Garcia-Botello* (W.D.N.Y. 2003)
218 F.R.D. 72 . . . . . . . . . . 8, 11, 12

*Jones v. Conte* (N.D. Cal. 2005)
LEXIS 46962 . . . . . . . . . . 5, 7, 11, 12

*Kashi v. Gratsos* (2nd Cir. 1986)
790 F.2d 1050 . . . . . . . . . . 9

*Keating v. Office of Thrift Supervision* (9th Cir. 1995)
45 F.3d 322 . . . . . . . . . . 5

*Medina v. Argent Mortg. Co.* (N.D. Cal. 2006)
LEXIS 30582 . . . . . . . . . . 7, 9, 10, 11

*Mediterranean Enterprises, Inc. v. Ssangyong Corp.* (9th Cir. 1983)
    708 F.2d 1458 .......................................................... 5

*Par Pharm. Sec. Litig.* (S.D.N.Y 1990)
    133 F.R.D 12 .......................................................... 8

*Reyes v. Freebery* (Del. 2004)
    LEXIS 15018 .......................................................... 10

*SEC v. Dresser Indus.* (D.C. Cir. 1980)
    628 F.2d 1368 ......................................................... 13

*SEC v. Schroeder* (N.D. Cal. 2008)
    LEXIS 6527 ............................................................ 8

*Shell Offshore v. Courtney* (E.D. La. 2006)
    LEXIS 49973 .................................................. 9, 10, 13

*Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum* (C.D. Cal. 2009)
    LEXIS 60849 ................................................ 5, 6, 7, 9, 11

*United States v. $557,933.89, More or Less in U.S. Funds* (E.D.N.Y. 1998)
    LEXIS 22252 .......................................................... 8, 9

*United States v. Certain Real Property & Premises* (E.D.N.Y. 1989)
    751 F. Supp. 1060 ................................................... 9, 13

*Volmar Distribs. v. New York Post Co.* (S.D.N.Y. 1993)
    152 F.R.D. 36 ......................................................... 10

*Walsh Securities, Inc. v. Cristo Property Management, Ltd.* (D.N.J. 1998)
    7 F. Supp 2d 523 ............................................ 6, 8, 9, 11, 12, 13

**Federal Statutes and Regulations**

18 U.S.C. §1343 ................................................ 3, 4, 5, 7, 9, 11

18 U.S.C. §1961 .......................................................... 4

# MEMORANDUM OF POINTS & AUTHORITIES

## I. SUMMARY OF MOTION

Defendants Shawn Hogan and Digital Point Solutions, Inc. (collectively, the DPS Defendants) request that the Court exercise its discretion to stay this action pending resolution of the parallel criminal investigation of the United States Attorney's Office for the Northern District of California (USAO) and the Federal Bureau of Investigation (FBI). In the alternative, the DPS Defendants request that the Court, at a minimum, stay all discovery in this action for a period of six months to avoid the potential for prejudice in this case. A stay of this action is warranted in the interests of justice, as the scope of the criminal investigation is based on the same "cookie stuffing" allegations at issue in the present action. Further, Assistant United States Attorney Kyle Waldinger has indicated that the USAO intends to seek an indictment for violations of 18 U.S.C. §1343 (for wire fraud) and anticipates that the indictment will be issued after the commencement of the new year.

As detailed below, the present circumstances warrant the issuance of a stay. When there are parallel criminal and civil proceedings such as in this case, the defendant faces the difficult choice of asserting his Fifth Amendment rights at the risk of losing a civil trial, or waiving these rights to defend himself in civil proceedings at the risk of incriminating himself. Although not required by the Constitution, the courts have recognized the need to stay civil proceedings under circumstances directly comparable to those at issue here to avoid prejudicing the defendant's rights. Here, the issuance of a stay is warranted in the interests of justice and should be granted for the following reasons:

*One*. The similarity of the issues underlying the civil and criminal actions is regarded as "the most important factor" in determining whether to issue a stay, as the defendant's Fifth Amendment rights are directly implicated in such cases. Here, as Plaintiff concedes, the government is investigating "whether the fraudulent activities *alleged by eBay in this case* constitute federal crimes." Indeed, because the Second Amended Complaint (SAC) alleges that Defendants engaged in multiple violations of the predicate act of wire fraud, the underlying factual and legal issues directly overlap. As such, this factor weighs heavily in favor of issuing a stay.

/./././

/./././

*Two*. The action should likewise be stayed as to defendant Digital Point Solutions, Inc. because Mr. Hogan, is the only person that can speak on behalf of the corporation. In such circumstances, the courts have recognized that the corporate defendant is likely to be greatly prejudiced by its inability to meaningfully defend itself. Further, a stay is appropriate as to all Defendants to avoid the duplication of effort and waste of resources during the discovery process.

*Three.* Plaintiff will not be prejudiced by the issuance of a stay, as there is no threat of ongoing harm in this case and Plaintiff waited well over a year before bringing this action. Under relevant case law, such a delay undermines Plaintiff's ability to now claim that it will be prejudiced by a stay. And in any event, the protection of a party's constitutional rights is "the more important consideration."

*Four.* The stay will promote the interests of the Court and judicial economy by avoiding the need to resolve time-consuming discovery motions associated with Defendants' continued assertion of their Fifth Amendment rights (including Plaintiff's pending motions to compel). Further, the stay may narrow the issues for trial in the civil case; and

*Five.* The public interest will be furthered by a stay because the public's interest in the integrity of the criminal case is entitled to precedence over the civil action.

## II. STATEMENT OF FACTS

Plaintiff operates an affiliate marketing program to increase traffic to its on-line trading forum. (SAC ¶¶18, 19). Affiliates receive commissions for directing business to Plaintiff's website. (SAC ¶19). Plaintiff tracks which affiliates are entitled to commissions through the use of "cookies." (SAC ¶¶19, 21). Plaintiff alleges that as members of Plaintiff's affiliate program, Defendants engaged in fraudulent "cookie stuffing" schemes through which Defendants received commissions to which they were not entitled. (*see* SAC ¶¶24-27). With respect to Plaintiff's RICO claim, the SAC alleges that Defendants committed multiple violations of the predicate act of wire fraud under 18 U.S.C. §1343 (SAC ¶ 50), and that each such violation constitutes a separate instance of "racketeering activity" as defined in 18 U.S.C. §1961(1). (SAC ¶61).

Regarding the pending criminal investigation, it is undisputed that in June of 2007, the FBI executed a search warrant and seized materials from Mr. Hogan's residence. As Plaintiff has indicated, the materials were seized in furtherance of the government's investigation as to "whether the fraudulent

Defendants' Notice of Motion and Motion for Stay of
Proceedings; Pts. & Authorities in Support Thereof            4                          Case No. CV 08-04052 JF PVT

activities alleged by eBay in this case constitute federal crimes." (Campbell Decl., Ex. 1, p. 4:15-16). Relevant here, on September 22, 2009, Assistant United States Attorney Kyle Waldinger conveyed the following information regarding the status of the pending criminal proceedings to defense counsel: (1) Mr. Hogan is the subject of an ongoing criminal investigation as to whether activities associated with Plaintiff's affiliate marketing program constitute wire fraud under 18 U.S.C. §1343; (2) the scope of the investigation relates to the "cookie stuffing" schemes alleged against the Defendants in this case; (3) Mr. Waldinger believes that Section 1343 has been violated; (4) the USAO intends to seek an indictment based on the foregoing; and (5) and it is likely that an indictment will be issued within the early part of next year. (Kouretchian Decl. ¶2).

Given the foregoing circumstances a stay of the civil action is warranted and appropriate.

### III.  LEGAL STANDARD AND SCOPE OF REVIEW

The Court possesses the inherent power to control its own docket and calendar. *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum* (C.D.Cal. 2009) 2009 U.S. Dist. LEXIS 60849, 4.

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course of the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before it.

*Id.* (quoting *Mediterranean Enterprises, Inc. v. Ssangyong Corp*. (9th Cir. 1983) 708 F.2d 1458, 1465.

Thus, it is well recognized that a court may, in its discretion, stay civil proceedings when the interests of justice so require. *Keating v. Office of Thrift Supervision* (9th Cir. 1995) 45 F.3d 322, 324. Although not required by the Constitution, a district court may stay civil proceedings or postpone civil discovery pending the outcome of parallel criminal proceedings. *Fed. Savings & Loan Ins. Corp. v. Molinaro* (9th Cir. 1989) 889 F.2d 899, 902.

The decision whether to grant a stay should be made in light of the particular circumstances and competing interests involved in the case, and should be based on the following factors: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to plaintiff of a delay; (3) the convenience of the court and the efficient use of judicial resources; (4) the interests of third parties; and (5) the interests of the public. *Keating*, supra, 45 F.3d at 324-325; *Jones v. Conte* (N.D. Cal. 2005) 2005 U.S. Dist.

LEXIS 46962, 2.

In evaluating the first factor, the courts further consider the extent to which the issues in the criminal case overlap with those presented in the civil case; the status of the criminal proceeding, including whether the defendant has been indicted; and whether the civil proceedings may expand the scope of criminal discovery beyond the limits of the Federal Rules of Criminal Procedure or otherwise prejudice the case. *Walsh Securities, Inc. v. Cristo Property Management, Ltd.* (D.N.J. 1998) 7 F. Supp. 2d 523, 527; *Taylor, supra,* 2009 U.S. Dist. LEXIS 60849 at 6.

### IV.   ARGUMENT

#### A.   Extent to which Mr. Hogan's Fifth Amendment Rights are Implicated

##### 1.   Similarity of the Issues

When there are simultaneous criminal and civil proceedings, the defendant faces the difficult choice of asserting his Fifth Amendment rights at the risk of losing a civil trial, or waiving these rights to defend himself in civil proceedings at the risk of incriminating himself. *Walsh Securities, supra,* 7 F. Supp. 2d at 528. As such, the courts have recognized that the interests of justice may warrant the issuance of a stay in such circumstances. This is particularly true to the extent the factual allegations at issue in the civil action overlap with the subject matter of the criminal investigation. Indeed, because the defendant's Fifth Amendment rights are directly implicated in such cases, the similarity of the issues underlying the civil and criminal actions is regarded as "the most important factor" in determining whether or not to grant a stay. *Chao v. Fleming* (W.D. Mich. 2007) 498 F. Supp. 2d 1034, 1039; *Walsh Securities, supra,* 7 F. Supp. 2d at 527.

In this case, it is undisputed that the allegations of the SAC directly overlap with the subject matter of the pending criminal investigation. Indeed, Plaintiff itself has emphasized this point throughout the course of this litigation. For instance, in opposing the DPS Defendants' initial Motion to Dismiss, Plaintiff asserted the following:

> [Defendants'] schemes involved the improper placement of data known as "cookies" on the computers of potential eBay users so that eBay would be tricked into paying commissions to Defendants when no commissions were owed. And *it is those schemes* that caused the Federal Bureau of Investigation to raid named Defendants Shawn Hogan and Brian Dunning in June 2007 and to seize their computers.

(Campbell Decl., Ex. 2, p. 1:4-8; emphasis added).

Further, in Plaintiff's section of the parties' Joint Case Management Statement, Plaintiff states that the alleged cookie-stuffing scheme ceased "when the FBI seized Defendants' computer equipment in June 2007 as part of an investigation into whether the fraudulent activities *alleged by eBay in this case* constitute federal crimes." (Campbell Decl., Ex. 1, p. 4:13-16; emphasis added). Thus, as Plaintiff concedes, the subject of the pending criminal investigation not only overlaps with Plaintiff's allegations in this case, it is directly predicated on those allegations. Moreover, the foregoing has been confirmed by Assistant U.S. Attorney Kyle Waldinger. As noted above, Mr. Waldinger recently indicated that the USAO is actively investigating whether the alleged cookie stuffing schemes associated with Plaintiff's affiliate marketing program constitute wire fraud under 18 U.S.C. §1343. (Kouretchian Decl. ¶2). The same contentions are at issue in the present action, as Plaintiff's RICO claim is likewise predicated on alleged violations of Section 1343. (SAC ¶50).

Because the civil and criminal proceedings are based on the same factual and legal issues, there can be no question that Mr. Hogan's Fifth Amendment rights are implicated in this case. As such, this factor weighs heavily in favor of granting the stay. *See Jones v. Conte* (N.D. Cal. 2005) 2005 U.S. Dist. LEXIS 46962, 3 (factor weighed in favor of stay because civil defamation action and criminal proceeding both arose from defendant's alleged involvement in distribution of performance-enhancing drugs); *Continental Insurance Co. v. Cota* (N.D. Cal. 2008) WL 4298372, 2 (stay particularly appropriate where civil action and criminal action spring from "same nucleus of facts"), *Medina v. Argent Mortg. Co.* (N.D. Cal 2006) 2006 U.S. Dist. LEXIS 30582, (defendants' Fifth Amendment rights "clearly implicated" where civil and criminal proceedings based on same alleged abusive lending practices); *Chao, supra,* 498 F. Supp. 2d at (stay issued in context of civil and criminal ERISA violations because "substantive factual and legal issues would be almost identical.").

    **2.**    <u>Potential for Prejudice</u>

A stay is further appropriate to the extent civil proceedings may expand the scope of criminal discovery beyond the limits of the Federal Rules of Criminal Procedure, expose defense strategies to the prosecuting authorities, or otherwise prejudice the case. *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum* (C.D.Cal. 2009) 2009 U.S. Dist. LEXIS 60849, 4. "The risk that civil discovery will be used

to circumvent criminal discovery limitations becomes much greater where the same facts are at issue." *Javier H. v. Garcia-Botello* (W.D.N.Y. 2003), 218 F.R.D. 72, 74.

Here, these concerns are particularly relevant, as any information or testimony procured during the discovery process will be directly relevant to the criminal investigation. Moreover, because the authorities are investigating "whether the fraudulent activities alleged by eBay in this case constitute federal crimes" (Campbell Decl. Ex. 1, p. 4:13-16), it cannot reasonably be disputed that Plaintiff has assisted with the investigation in the past. Nor can there be any question that Plaintiff has a direct interest in furthering prosecutions related to its Affiliate Marketing Program or that Plaintiff is likely to play at least some role in the development of the prosecution's case through trial. A stay is warranted in this case to ensure that civil discovery will not be used to circumvent the discovery limitations that would otherwise apply in the criminal proceeding.

### 3. Status of Parallel Criminal Proceedings

This factor considers the status of the criminal proceeding, including whether the defendant has been indicted. *Walsh Securities, supra,* 7 F. Supp. 2d at 527. In general, the courts are more inclined to issue a stay once an indictment has been returned. *See SEC v. Schroeder* (N.D. Cal. 2008) 2008 U.S. Dist. LEXIS 6527, 4-5. Courts have concluded that the case for staying civil proceedings is far weaker when no indictment has been returned and no Fifth Amendment Privilege is threatened. *Id.*

Here, as detailed above, Mr. Hogan's Fifth Amendment rights are *directly implicated*. Moreover, "[t]he fact that an indictment has not yet been returned - while it may be a factor counseling against a stay of civil proceedings- does not make consideration of the stay motion any less appropriate." *Brock v. Tolkow* (E.D.N.Y. 1985) 109 F.R.D. 116, 119, fn. 2; *United States v. $557,933.89 in U.S. Funds* (E.D.N.Y. 1998) 1998 U.S. Dist. LEXIS 22252, 13. For instance, the issuance of a pre-indictment stay is warranted where, as here, the government is conducting an active parallel investigation based on the same allegations set forth in the civil complaint. *Walsh Securities, supra,* 7 F. Supp. 2d at 527.

In addition, "[a] pre-indictment stay is particularly appropriate where both the civil and criminal charges arise from the same remedial statute such that the criminal investigation is likely to vindicate the same public interest as would the civil suit." *Par Pharm. Sec. Litig.* (S.D.N.Y. 1990) 133 F.R.D. 12, 14 (denying stay where criminal investigations involved misconduct before Food and Drug Administration

while civil action involved federal securities laws); *see also Brock, supra,* 109 F.R.D. at 118, 120 (stay granted where both proceedings involved ERISA violations). Here, as noted above, the civil and criminal proceedings arise from the same nucleus of alleged facts and are both predicated on alleged violations of 18 U.S.C. §1343. As such, this factor weighs in favor of a stay notwithstanding the pre-indictment status of the criminal proceedings.

Indeed, a number of courts have issued pre-indictment stays under circumstances directly comparable to those at issue in this case. *See Brock, supra,* 109 F.R.D. at 120, fn. 2, 121. (stay of all civil discovery pending outcome of criminal RICO investigation); *Walsh Securities, supra,* 7 F. Supp. 2d 529, (partial stay of discovery based on U.S. Attorney's Office investigation of whether civil RICO allegations amount to criminal conduct); *Kashi v. Gratsos* (2nd Cir. 1986) 790 F.2d 1050, 1057 (trial court properly exercised discretion in staying civil trial until U.S. Attorney declined to prosecute); *Chao, supra,* 498 F. Supp. 2d at 1039 (issuing 3-month pre-indictment stay of entire action); *United States v. $557,933.89, More or Less in U.S. Funds* (E.D.N.Y. 1998) 1998 U.S. Dist. LEXIS 22252, 10-13 (issuing 16-month pre-indictment stay of all discovery where information sought to be extracted presented realistic threat of incrimination); *Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist. # 2* (D. Mont. 2007) 2007 U.S. Dist. LEXIS 30140, 8-10 (granting pre-indictment stay of discovery based on active parallel criminal investigation conducted by United States); *Shell Offshore v. Courtney* (E.D. La. 2006) 2006 U.S. Dist. LEXIS 49973, 2-4 (one-year pre-indictment stay of discovery in civil RICO action appropriate based on pending grand jury investigation); *United States v. Certain Real Property & Premises* (E.D.N.Y. 1989) 751 F. Supp. 1060, 1062 (pre-indictment stay appropriate where possibility that defendant might be forced to incriminate herself was neither "fanciful" nor "imaginary").

    **4.**  Stay as to Digital Point Solutions, Inc.

Although corporate defendants cannot invoke the protections of the Fifth Amendment, a stay is appropriate as to such defendants where "the individual defendants are the persons most knowledgeable and the persons whom the corporation would designate to testify on its behalf." *Medina v. Argent Mortg. Co.* (N.D. Cal 2006) 2006 U.S. Dist. LEXIS 30582, 6. Indeed, where the Fifth Amendment rights of the corporation's officers and directors are implicated, the corporation "is likely to be greatly prejudiced in its ability to meaningfully defend itself in the civil matter." *Taylor*, supra, 2009 U.S. Dist.

LEXIS 60849 at 8.  Further, courts have held that a stay as to all parties is preferred over a partial stay, as it avoids the duplication of effort and waste of resources during the discovery process.  *Volmar Distribs. v. New York Post Co.* (S.D.N.Y. 1993) 152 F.R.D. 36, 39, 41.

The foregoing concerns apply in this case, as Mr. Hogan is the sole shareholder, officer and director of defendant Digital Point Solutions, Inc., and is the person whom the corporation would designate to testify on its behalf.  Because Mr. Hogan's Fifth Amendment rights are directly implicated as set forth above, a complete stay as to both DPS Defendants is warranted and appropriate.  Further, the stay will reduce litigation costs and avoid burdening the Court with time-consuming discovery motions.  For instance, as reflected in the motions to compel currently pending before Judge Trumbull, a number of Fifth Amendment discovery disputes have arisen with respect to the individual Defendant's right to assert the privilege and the countervailing rules relating to collective entities.  Because the issuance of a stay will avoid burdening the Court with resolving these issues, a stay as to all Defendants is warranted.

### B.     Plaintiff's Interests and Potential Prejudice

Where the plaintiff itself delays in pursing its claims, it undermines any subsequent claims of prejudice resulting from the issuance of a stay.  *Medina v. Argent Mortg. Co.* (N.D. Cal 2006) 2006 U.S. Dist. LEXIS 30582, 8.  Further, where the plaintiff has not shown any prejudice other than delay in pursuing its suit, the plaintiff fails to establish a sufficient basis for denying the stay.  *Reyes v. Freebery* (Del. 2004) 2004 U.S. Dist. LEXIS 15018, 15.  Although the stay may inconvenience the plaintiff, under settled authority, protection of the defendant's Fifth Amendment rights is "the more important consideration."  *Brock, supra,* 109 F.R.D. 116, 121; *Volmar Distribs. v. New York Post Co.* (S.D.N.Y. 1993) 152 F.R.D. 36.  In addition, the consideration of prejudice to the plaintiff supports a stay where "the plaintiff does not continue to suffer losses and does not dispute that it filed a criminal complaint . . ."  *Shell Offshore, Inc. v. Courtney* (E.D. La 2006) 2006 U.S. Dist. LEXIS 49973, 4.

Here, no threat of continuing harm exists, as Plaintiff itself has alleged that the cookie stuffing schemes ceased in June 2007 (SAC ¶¶ 48, 57).  Further, the record indicates that Plaintiff will not suffer any prejudice as a result of a stay.  For instance, even though Plaintiff alleges that it conducted numerous investigations in June 2007 and became aware of the details of the alleged scheme as of that date (SAC ¶¶ 52-57), Plaintiff chose not to file suit for well over a year, until August 2008.  "While it is certainly

plausible that valid reasons supported such a delay, it undercuts plaintiff's entitlement to complain about a roughly similar delay." *Medina, supra*, 2006 U.S. Dist. LEXIS 30582 at 8 (plaintiff's four-month delay in serving complaint undermined subsequent claims of prejudice). Moreover, any inconvenience resulting from the stay does not overcome the paramount concern of protecting the defendant's constitutional rights. *Continental Insurance Co. v. Cota* (N.D. Cal. 2008) WL 4298372, 3; *see also Brock, supra,* 109 F.R.D. at 121 (protection of the Fifth Amendment right is "the more important consideration"). As such, this factor weighs in favor of granting the stay.

### C. Interests of the Court and Judicial Economy

This consideration "examines the interests of courts in docket management and the expeditious resolution of cases." *Chao, supra,* 498 F. Supp. 2d at 1040. The courts have a particular interest "in resolving individual cases efficiently." *Walsh Securities, supra,* 7 F. Supp. 2d at 528. In considering these factors, courts have found that staying the civil case "makes efficient use of judicial resources by 'insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.'" *Jones, supra,* 2005 U.S. Dist. LEXIS 46962 at 2 (quoting *Javier H. v. Garcia-Botello* (W.D.N.Y. 2003), 218 F.R.D. 72, 75); *Taylor, supra,* 2009 U.S. Dist. LEXIS 60849 at 10. As discussed below, both of these considerations weigh in favor of granting the stay.

#### 1. Potential for Resolution of Common Issues

The interests of judicial economy weigh in favor of granting the stay, as resolution of the criminal proceedings may narrow the issues for trial in the civil action. *See Chao, supra*, 498 F.Supp. 2d at 1040 (concluding "that scarce judicial resources in this district at this time would be best used by staying this case in favor of the criminal case, which may ultimately reduce or eliminate the need for discovery or result in a settlement of this case if Defendants are convicted."). Here, as noted above, the underlying factual and legal issues significantly overlap, particularly with respect to the alleged wire fraud violations under 18 U.S.C. §1343. As such, there is a greater likelihood that the issuance of a stay will promote judicial economy. For instance, with respect to issues that are necessarily decided in prior criminal actions, "[c]ollateral estoppel is available to plaintiffs in civil racketeering litigation." *In re*

*Lewisville Properties, Inc.* (5th Cir. 1988) 849 F.2d 946, 949.[1]

### 2. Avoiding Unnecessary Law and Motion Practice

This factor also weighs in favor of granting Defendants' motion. Without an appropriate stay, Defendants will be forced to continue to assert their Fifth Amendment rights, which will "burden the Magistrate Judge and this Court with deciding a constant stream of privilege issues." *Walsh Securities, supra,* 7 F.Supp. 2d at 528. Disputes over the scope of the privilege consume the courts' resources with unnecessary discovery litigation and law and motion practice. "In contrast, if the civil actions are stayed until the conclusion of the criminal proceedings, then these rulings will no longer be necessary." *In re Adelphia Communs. Secs. Litig* (E.D. Pa. 2003) 2003 U.S. Dist. LEXIS 9736, at 15.

Here, the foregoing concerns are directly at issue, as Plaintiff recently filed three privilege-related motions (including two motions to compel pending before Judge Trumbull and the motion to strike pending before the Court). All three motions are largely predicated on Defendants' assertion of the Fifth Amendment privilege and the extent to which those protections apply. Similar disputes are likely to arise as to the scope of the privilege in future rounds of discovery and when Defendants are deposed. Because the issuance of a stay will likely avoid unnecessary law and motion practice, this factor also weighs in favor of a stay.

### D. Interests of Third Parties and the Public

While the public has an interest in the resolution of civil disputes, parallel criminal proceedings generally serve to protect and advance those same interests. *Brock, supra,* 109 F.R.D. 116, 121; *Chao, supra,* 498 F.Supp. 2d at 1040. Further, the courts have recognized that "the public interest will be furthered by a stay because 'the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.'" *Jones, supra,* 2005 U.S. Dist. LEXIS 46962 at 2 (quoting *Javier H. v. Garcia-Botello* (W.D.N.Y. 2003), 218 F.R.D. 72, 75); *see also Taylor, supra,* 2009 U.S. Dist. LEXIS 60849 at 10. And as the courts have explained, these principles equally apply in the context of a pending

---

[1] "The doctrine depends on three elements: 1) the issue at stake must be identical to the one involved in the prior litigation; 2) the issue must have been actually litigated in the prior litigation; and 3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action." *Id.*

criminal investigation:

> [A] stay in this case would benefit the public by allowing the government to conduct a complete, unimpeded investigation into potentially criminal activity. In this case, there is no tangible harm to the public from these alleged frauds that could not be remedied by the criminal investigation. Therefore, the public interest weighs in favor of a stay.

*Walsh, supra,* 7 F. Supp. 2d at 529; *see also Shell, supra,* 2006 U.S. Dist. LEXIS 49973 at 4.

Notably, courts have denied stays where the civil case, brought by a government agency, was intended to protect the public by halting continuing harms such as the distribution of mislabeled drugs or the dissemination of misleading investment information. *Walsh, supra,* 7 F. Supp. 2d at 529 (citing *United States v. Kordel* (1970) 397 U.S. 1, 11, and *SEC v. Dresser Indus.* (D.C. Cir. 1980) 628 F.2d 1368, 1377, respectively). However, no such concerns are at issue here, as Plaintiff itself contends that the alleged scheme ceased in June 2007 (SAC ¶48) and in any event, the harms alleged in the SAC do not meet the foregoing criteria. *See United States v. Certain Real Property & Premises* (E.D.N.Y. 1989) 751 F. Supp. 1060, 1062 (this case "is not comparable in public importance to a civil enforcement action brought by a federal regulatory agency entrusted with the protection of consumers, investors, or other broad segments of the population, whose welfare could be jeopardized by deferral of the action.").

Because a stay will promote the integrity of the pending criminal investigation, the interests of the public, and any relevant third parties, this factor also weighs in favor of granting the motion.

## V.  CONCLUSION

For the foregoing reasons, the DPS Defendants respectfully request that the Court stay this action pending resolution of the parallel criminal investigation. In the alternative, the DPS Defendants request that the Court stay all discovery in this action for a period of six months.

DATED: October 16, 2009            s/Ross M. Campbell
                                   COAST LAW GROUP, LLP
                                   Attorneys for Defendants, Shawn Hogan
                                   and Digital Point Solutions, Inc.