1   Seyamack Kouretchian (State Bar No. 171741)
    Seyamack@CoastLawGroup.com
2   Ross Campbell (State Bar No. 234827)
    Rcampbell@Coast LawGroup.com
3   COAST LAW GROUP, LLP
    1140 South Coast Highway
4   Encinitas, California 92024
    Tel: (760) 942-8505
5   Fax: (760) 942-8515
6
7   Attorneys for Defendants, SHAWN HOGAN
    and DIGITAL POINT SOLUTIONS, INC.
8
9                    UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12   EBAY, INC.,                    )    Case No. CV 08-04052 JF PVT
                                    )
13            Plaintiff,            )    DECLARATION OF ROSS M.
                                    )    CAMPBELL IN SUPPORT OF
14        v.                        )    DEFENDANTS DIGITAL POINT
                                    )    SOLUTIONS, INC. AND SHAWN
15   DIGITAL POINT SOLUTIONS, INC., SHAWN )  HOGAN'S MOTION FOR STAY OF
     HOGAN, KESSLER'S FLYING CIRCUS,  )  PROCEEDINGS
16   THUNDERWOOD HOLDINGS, INC., TODD )
     DUNNING, DUNNING ENTERPRISE, INC., )
17   BRIAN DUNNING, BRIANDUNNING.COM, )   Date:   November 20, 2009
     and Does 1-20,                 )    Time:   9:00 a.m.
18                                  )    Dept.:  Courtroom 3
                                    )
19            Defendants.           )
                                    )
20   _____ )

21

22        I, Ross M. Campbell, declare:

23        1.      I am an attorney at law duly authorized to practice law before the United States District

24   Court for the Northern District of California and am an attorney with Coast Law Group, LLP, attorneys

25   of record for defendants Shawn Hogan and Digital Point Solutions, Inc.  If called upon as a witness I

26   could and would competently testify to the following facts

27        2.      Attached as Exhibit "1" hereto is a true and correct copy of the parties' Joint Case

28   Management Statement in this case, filed September 14, 2009.

Declaration of Ross M. Campbell in Support of DPS          1          Case No. CV 08-04052 JF PVT
Defendants' Motion for Stay of Proceedings.

Dockets.Justia.com

1    3.     Attached as Exhibit "2" hereto is a true and correct copy of Plaintiff's Opposition to

2   Defendants Digital Point Solutions, Inc. and Shawn Hogan's Partial Motion to Dismiss the First

3   Amended Complaint, filed November 21, 2008.

4    4.     I declare under penalty of perjury under the laws of the United States of America and the

5   State of California that the foregoing is true and correct.

6   DATED: October 16, 2009                          s/Ross M. Campbell
                                                     COAST LAW GROUP, LLP
7                                                    Attorney for Defendants, Shawn Hogan
                                                     and Digital Point Solutions, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1   DAVID R. EBERHART (S.B. #195474)
    deberhart@omm.com
2   SHARON M. BUNZEL (S.B. #181609)
    sbunzel@omm.com
3   COLLEEN M. KENNEDY (S.B. #227107)
    ckennedy@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA  94111
    Telephone:   (415) 984-8700
6   Facsimile:   (415) 984-8701

7   Attorneys for Plaintiff eBay Inc.

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11  EBAY INC.,                          Case No. C 08-4052 JF

12                  Plaintiff,          **JOINT CASE MANAGEMENT
                                        STATEMENT AND [PROPOSED]**
13        v.                            **ORDER**

14  DIGITAL POINT SOLUTIONS, INC.,
    SHAWN HOGAN, KESSLER'S           Conference Date: September 25, 2009
15  FLYING CIRCUS, THUNDERWOOD       Time: 10:30 a.m.
    HOLDINGS, INC., TODD DUNNING,    Judge: Hon. Jeremy Fogel
16  DUNNING ENTERPRISE, INC.,
    BRIAN DUNNING,
17  BRIANDUNNING.COM, and DOES 1-
    20,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

                                    JOINT CASE MANAGEMENT STATEMENT
                                    AND [PROPOSED] ORDER - C 08-4052 JF

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this case. The parties, through counsel, have met and conferred on the matters contained herein.

## I.    <u>JURISDICTION AND SERVICE</u>

eBay's Statement:

eBay Inc.'s Second Amended Complaint ("SAC") alleges that Defendants, by conducting fraudulent "cookie stuffing" schemes as described in more detail below, have violated both federal and California law, including the federal Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030, and the federal civil RICO statute, 18 U.S.C. § 1962(c). The Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c), and 18 U.S.C § 1965(a). Defendants have previously filed motions to dismiss the SAC and/or transfer this action to the Central District of California or to Los Angeles County Superior Court based on their argument that the forum selection clause in the Publisher Services Agreement between Defendants and Commission Junction, Inc. ("CJI") governs this action. Those motions were denied by the Court on August 17, 2009.

The named Defendants have been served with the SAC.

DPS Defendants' Statement:

Pursuant to the forum selection clause set forth in the Commission Junction Publisher Services Agreement (PSA), of which Plaintiff is a third party beneficiary and which Plaintiff incorporated by reference into the eBay Supplemental Terms & Conditions, proper jurisdiction and venue for this action lies in the United States District Court for the Central District or Los Angeles County Superior Court. The DPS Defendants contend that the foregoing applies equally with respect to Plaintiff's First Cause of Action for alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C. §1030, as the damages Plaintiff seeks to recover thereunder are based on the alleged improper payment of commissions to defendants under Plaintiff's affiliate marketing

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

program (AMP).  As with the other causes of action set forth in the SAC, such harms specifically track the terms of the aforementioned AMP agreements.  The DPS Defendants therefore contend that the PSA's forum selection clause is applicable to all claims set forth in the SAC.

The DPS defendants were served with Plaintiff's Second Amended Complaint (SAC) on March 26, 2009, and filed and served Answers thereto on August 31, 2009 upon the Court's denial of the DPS Defendants' motion to dismiss the same.

Todd Dunning, Dunning Enterprise, Inc., Brian Dunning, briandunning.com, Thunderwood Holdings, Inc. and Kessler's Flying Circus Defendants ("Non-DPS Defendants") Statement:

The Non-DPS Defendants incorporate the substance of the DPS Defendants' statement on jurisdiction and venue issues.  This action should be transferred to the Central District where these defendants reside and did business with eBay's agent, Commission Junction, Inc. under eBay's Affiliate Marketing Program.  The Non-DPS Defendants have been served with the SAC and have filed their answers.

## II.  FACTS

eBay's Statement:

eBay's SAC alleges that Defendants engaged in sophisticated fraudulent schemes that were designed to and did defraud and cause harm to eBay over the course of at least four years.  eBay's Affiliate Marketing Program is designed to increase traffic to eBay's site through the placement of advertisements for eBay on third-party websites.  In this program, compensation is provided by eBay to the persons and entities, known as "affiliates," that advertise on behalf of eBay when the advertisement in question results in a revenue generating action on eBay's site.  eBay uses cookies to identify the site that referred the user to eBay and which affiliate, if any, should be credited with the referral and receive the commission.

Defendants' engaged in "cookie stuffing" schemes intended to defraud eBay.  "Cookie stuffing" is a term used to describe the forced placement of a cookie on a

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

computer, typically by causing a cookie from a particular website to be placed on the user's computer without the user knowing that he or she visited the website that placed the cookie. Defendants accomplished this scheme through software programs and/or code that, unbeknownst to the user, redirected the user's computer to the eBay website without the user actually clicking on an eBay advertisement link, or even becoming aware that they had left the page they were previously viewing. As a result, the eBay site would be prompted to drop an eBay cookie on the user's computer. Defendants' scheme caused millions of users' computers to access eBay's computers in an unauthorized way and/or to exceed the authorized access to eBay's computers provided by eBay's User Agreement. The majority of those acts of unauthorized access did not cause the improper payment of a commission to defendants. A minority, but economically significant, proportion of those acts of unauthorized access caused eBay to pay unearned commissions to Defendants.[1]

Defendants' schemes have been ongoing since at least December 2003, and ended only when the FBI seized Defendants' computer equipment in June 2007 as part of an investigation into whether the fraudulent activities alleged by eBay in this case constitute federal crimes. Defendants' schemes have allowed them to receive payment from eBay for a substantial number of commissions to which they were not entitled. Moreover, Defendants used technological measures and engaged in activity specifically designed to frustrate attempts by eBay to discover Defendants' wrongdoing.

DPS Defendants' Statement:

Defendant Digital Point Solutions, Inc. is a California corporation. Per California Corporations Code section 200(c), it was not formed (and did not otherwise exist) until May 14, 2007, the date of its incorporation. Digital Point Solutions, Inc. never conducted business with Plaintiff and was never involved in Plaintiff's affiliate marketing program. It therefore denies the substantive allegations of the SAC and any allegation of wrongdoing in this case.

---

[1] Despite Defendants' claims to the contrary, CJI is not an indispensable party within the meaning of Fed. R. Civ. P. 19 because the Court may accord complete relief without CJI and CJI has not claimed an interest relating to the subject of this action.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1    Defendant Shawn Hogan is an individual residing in San Diego, California. Mr.

2  Hogan has conducted and continues to conduct business as a sole proprietorship. In June

3  of 2007, the Federal Bureau of Investigation seized a number of materials from Mr.

4  Hogan. Although Mr. Hogan denies that Plaintiff is entitled to any relief under the SAC,

5  given the pending criminal investigation, Mr. Hogan has asserted his privilege against

6  self-incrimination under the Fifth Amendment to the United States Constitution; the

7  Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15;

8  and California Evidence Code section 940. The DPS Defendants intend to seek a stay of

9  this action pending the conclusion of the aforementioned criminal investigation.

10    Although Plaintiff has repeatedly grouped all defendants together, Defendants

11  Digital Point Solutions, Inc. and Shawn Hogan are distinct from the "KFC" or "Dunning"

12  defendants in this action. Any alleged acts of those defendants, including any acts that

13  may have taken place with respect to the Commission Junction lawsuit, are not

14  attributable to the DPS Defendants.

15    Non-DPS Defendants' Statement:

16    The Non-DPS Defendants deny the truthfulness and accuracy of Plaintiff's entire

17  narrative of the alleged facts of this case. The true facts are until December 26, 2006,

18  Todd Dunning was a general partner in defendant Kessler's Flying Circus ("KFC"), and

19  after that date Dunning Enterprise, Inc. was a general partner in place of Todd Dunning.

20  Thunderwood Holdings, Inc. is also a general partner of KFC. KFC contracted with

21  eBay's agent, Commission Junction, Inc. ("CJI"), to perform promotional advertising

22  services for eBay. KFC entered into a Publisher Service Agreement ("PSA") with CJI in

23  April 2005, and eBay's Special Terms and Conditions were incorporated into that

24  agreement. eBay approved KFC to perform these services through CJI. At all times, CJI

25  and eBay had an agreement which obligated CJI to keep eBay fully aware of the activities

26  of participants in the affiliate marketing program, to monitor, track and report on all

27  promotional methods used by KFC to generate new customers for eBay. If eBay was not

28  aware of KFC's conduct under the affiliate marketing program, it was because

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

Commission Junction, Inc. breached of its obligations to eBay. The Non-DPS Defendants relied on the approvals and authorizations by eBay representatives and Commission Junction, Inc. for their conduct under the affiliate marketing program. For these reasons, Commission Junction, Inc. is an indispensable party to this action. As recently as March 22, 2007, eBay stated to CJI that it was fully aware of KFC's "bizmodel", that KFC was one of eBay's "top affiliates", and that its promotional efforts were "compliant" with the Affiliate Marketing Program. KFC received payment for its promotional activities from CJI, not from eBay. All payments received from CJI were for actual new customers who registered at eBay and engaged on eBay's website in qualified revenue transactions within a specified period of time based on KFC's promotional activity for eBay . CJI monitored all this activity and reported it to eBay as required by agreements between them. Therefore there was no "artificial inflation" of commissions.

The Non-DPS Defendants have never had a business relationship to defendants Shawn Hogan and Digital Point Solutions, Inc. (collectively "DPS"). DEI, Thunderwood and KFC never agreed to eBay's User Agreement. Therefore, Non-DPS Defendants object to eBay's repeated and unsupported reference to all defendants in a collective manner. KFC was an entirely separate and independent business from DPS, and accordingly, eBay must allege and prove its allegations separately against the Non-DPS Defendants and/or KFC. eBay is simply confusing the Court and these pleadings by its repeated and unsupported collective allegations and references to all defendants as one group or entity.

## III.   LEGAL ISSUES

eBay's Statement:

There have been no changes since the previous Joint Case Management Statement.

DPS Defendants' Statement:

In addition to the issues previously identified, the DPS Defendants state that the following legal issues are relevant to this case:

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

      1.      Whether Plaintiff knew of, consented to, and actively encouraged the conduct at issue because it resulted in a direct benefit to Plaintiff.

      2.      Whether Plaintiff's action is barred by the one-year contractual limitations period set forth in the PSA, which must be read as "a part" of the eBay Supplemental Terms & Conditions under the doctrine of incorporation by reference.

      3.      Whether Plaintiff's action is barred by the applicable statutes of limitation including those set forth in 18 U.S.C. §1030(g), 15 U.S.C. §15b (as applied to 18 U.S.C. §1962, 1964), California Penal Code §502(e)(5), California Code of Civil Procedure §§338, 339, and California Business & Professions Code §17208.

      4.      Whether the action should be stayed pending the conclusion of the ongoing criminal investigation of the United States Attorney's Office.

Non-DPS Defendants' Statement:

In addition to the issues identified by the DPS Defendants above, the Non-DPS Defendants incorporate their Affirmative Defenses alleged in their answers to the Second Amended Complaint and add the following legal issues.

1.      Whether Plaintiff is barred from any and all recovery because it authorized, ratified and approved of KFC's conduct, and/or by the general release provided to the Non-DPS Defendants by Plaintiff's agent, Commission Junction, Inc.?

2.      Whether Plaintiff is barred from any and all recovery because of the authorization, ratification and approval of KFC's promotional activities for eBay by Plaintiff's agent, Commission Junction, Inc.?

3.      Whether there is an absence of a necessary party to this action, namely Commission Junction, Inc., such that the Court cannot grant relief to the Plaintiff?

4.      Whether Plaintiff is barred from any recovery because eBay would be unjustly enriched by any award in this case since KFC in fact generated new customers and/or revenues for eBay as requested and authorized by eBay's and CJI's programs?

5.      Whether Plaintiff is barred from any recovery by equitable doctrines because of the damage it has caused to the Non-DPS Defendants by making untrue and unfounded allegations to the FBI to create a federal investigation for the purpose of obtaining a litigation advantage in this case?

6.      Whether Plaintiff received the benefit of promotional services by KFC for which commissions are due and owing?

7.      Whether Plaintiff can prove damages with a reasonable certainty by distinguishing between commissions that were properly earned and those that it claims were not properly earned under the Affiliate Marketing Program as a result of alleged "cookie stuffing"?

8.      Whether Plaintiff can prove any damages or losses as defined and required by 18 U.S.C. § 1030 *et.seq.* and/or California Penal Code § 502?

## IV.   <u>PENDING AND ANTICIPATED MOTIONS</u>

<u>eBay's Statement</u>:

There are no motions currently before the Court. eBay anticipates the need to file a motion to compel responses to eBay's Requests for Admission, First Set of Interrogatories and First Set of Requests for Production from Defendants Shawn Hogan, Digital Point Solutions, Inc. ("DPS"), Brian Dunning, Thunderwood Holdings, Inc., BrianDunning.com, Kessler's Flying Circus, Todd Dunning and Dunning Enterprise, Inc. based on the inapplicability of the Fifth Amendment privilege against self-incrimination. eBay contends that it has satisfied its meet and confer obligations under Civil L.R. 37-

1(a). Some Defendants have asked for additional meet and confer discussions; although eBay will engage in those discussions in good faith, Defendants' longstanding refusal to provide complete discovery—as well as their stated intention to file a motion to stay all discovery—leads eBay to the conclusion that motions to compel are unavoidable.

eBay also anticipates the need to file a motion to compel responses from all Defendants to the requests in eBay's First Set of Requests for Production that seek information regarding Defendants' financial condition, including requests for Defendants' financial statements and tax returns.

It may also prove necessary to file motions to compel against third parties NetHere, Inc. ("NetHere") and Rackspace US, Inc. ("Rackspace") for production of documents pursuant to the subpoenas issued by eBay, discussed in more detail below.

In addition, eBay anticipates the need to file a motion to strike the Answer to eBay's SAC filed jointly by Defendants Brian Dunning, Kessler's Flying Circus, Thunderwood Holdings, Inc. and BrianDunning.com, based on the improper assertion of the Fifth Amendment privilege by corporate entities.

eBay anticipates filing a motion for summary judgment or summary adjudication following the close of discovery. eBay further anticipates filing motions in limine before trial.

DPS Defendant's Statement:

Defendants Digital Point Solutions, Inc. and Shawn Hogan anticipate filing a motion to stay the action pending the conclusion of the criminal investigation. The parties previously agreed to continue the initial Case Management Conference because of the ongoing nature of the investigation. The DPS Defendants further anticipate filing a motion for summary judgment and/or adjudication as well as a motion to transfer and/or dismiss on the grounds of forum non conveniens. In addition, Mr. Hogan will seek leave to amend his Answer to substantively respond to the allegations of the SAC upon the conclusion of the criminal investigation and, to the extent necessary thereafter, will move to exclude any reference to the assertion of the Fifth Amendment at trial or otherwise.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

Finally, to the extent the action is not dismissed or transferred, the DPS Defendants anticipate requesting bifurcation and/or separate trials as to each respective defendant group.

      Non-DPS Defendants' Statement:

      The Non-DPS Defendants incorporate the substance of the DPS Defendants' statement above regarding their similar anticipated motions.

## V.    AMENDMENT OF PLEADINGS

      eBay's Statement:

      eBay filed its SAC on March 26, 2009, and does not anticipate the need for any further amendments.  Defendants' motions to dismiss the SAC and/or transfer were denied on August 17, 2009.  On August 31, 2009, DPS and Shawn Hogan answered the SAC.  On September 9, 2009, the remaining Defendants answered the SAC.  If discovery shows that Defendants used additional entities to effectuate their schemes, and if the currently named Defendants did not succeed to the assets and liabilities of those entities, eBay may seek leave to amend its complaint to conform to the evidence and to substitute those entities for current Doe defendants.

      DPS Defendant's Statement:

      Given the pending criminal investigation, Mr. Hogan has asserted his Fifth Amendment privilege in answering the SAC.  As noted above, Mr. Hogan intends to seek leave to amend his Answer upon the conclusion of the investigation.

      Non-DPS Defendants Statement:

      Given the pending criminal investigation, Todd Dunning, Brian Dunning, Briandunning.com, Thunderwood Holdings, Inc. and KFC herein asserted the Fifth Amendment privilege in answering the SAC.  As noted above, the Non-DPS Defendants intend to seek leave to amend his Answer upon the conclusion of the investigation.

## VI.    EVIDENCE PRESERVATION

      There have been no changes since the previous Joint Case Management Statement.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

## VII.  **DISCLOSURES**

The parties exchanged their initial disclosures on January 8, 2009.  Defendants DPS, Inc. and Shawn Hogan served supplemental initial disclosures on February 4, 2009.  eBay served amended initial disclosures on April 2, 2009.

## VIII.  **DISCOVERY PLAN**

eBay's Statement:

Discovery is open in this action, and eBay is proceeding with full fact discovery.  eBay served its First Set of Requests for Production, First Set of Interrogatories, and First Set of Requests for Admission to all Defendants on January 22, 2009.  In response, Brian Dunning, Todd Dunning, and Shawn Hogan invoked their privileges against self-incrimination under the Fifth Amendment.  The remaining Defendants (all entities) also purported to invoke the individuals' Fifth Amendment privilege, claiming that any provision of responses by the entities would compromise the individuals' rights against self-incrimination.  However, Defendants Dunning Enterprise, Inc., BrianDunning.com, Thunderwood Holdings, Inc. and Kessler's Flying Circus did provide substantive responses to eBay's First Set of Requests for Production.

eBay served its Second Set of Requests for Production to all Defendants on May 4, 2009.  All Defendants responded substantively to these requests and did not invoke any purported Fifth Amendment privileges against self-incrimination.  Defendants Brian Dunning, BrianDunning.com, Thunderwood Holdings, Inc. and Kessler's Flying Circus have not yet produced any documents in response to these Requests despite a commitment to do so at a time and place mutually convenient to the parties.

Additionally, eBay served third-party subpoenas for documents on Commission Junction, Inc. and their counsel Ernster Law Offices on May 4, 2009.  eBay also served third-party subpoenas for documents on NetHere on June 3, 2009 and on Rackspace on June 4, 2009—both of which are entities that have provided server hosting and co-location services to Defendants.  eBay served amended subpoenas on NetHere and Rackspace on June 9, 2009.  Rackspace has stated its intention to produce some limited responsive

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1   documents related to BrianDunning.com that have first been provided to his counsel for

2   review at his counsel's request.  NetHere has indicated that it does not have control of the

3   responsive documents and that those documents are in the exclusive control of DPS.

4         Defendants have served no discovery requests to eBay, including any requests for

5   production of the documents that the non-DPS Defendants now mistakenly contend eBay

6   was required to provide with its initial disclosures.  Rule 26 does not require a production

7   of documents as part of the initial disclosures, as subsection 26(a)(1)(A)(ii) makes clear.

8   The documents themselves are available to Defendants through the normal discovery

9   process at any time that Defendants see fit to propound discovery requests on eBay.

10        The parties have previously agreed that phasing of discovery is not appropriate.

11        Pursuant to the attached schedule, eBay proposes that fact discovery close on April

12  30, 2010 and expert discovery close on July 30, 2010.

13        Certain materials relevant to fact discovery in this action were seized by the FBI

14  from Defendants in June 2007 and, to eBay's understanding, only some materials have

15  been returned to Defendants.  Defendants have indicated that they do not possess copies

16  of the materials still in the FBI's possession.  However, the responses to, and meet and

17  confer process resulting from, eBay's subpoenas to NetHere and Rackspace lead eBay to

18  conclude that many of the same materials are available to Defendants from NetHere and

19  Rackspace.  Accordingly, eBay will seek their production pursuant to the amended

20  subpoenas served on those entities and through the motions to compel production directly

21  from Defendants described above.

22        The Defendants have previously proposed that the limitations imposed by the

23  discovery rules be modified as follows: 10 depositions increased to 25, and 25

24  interrogatories increased to 50.  Although eBay believes that no modifications are

25  necessary, eBay is amenable to increasing the interrogatories to 50.  The increase in

26  depositions proposed by the Defendants, however, is not necessary or appropriate in this

27  case; eBay will agree to an increase in depositions from 10 to 15.

28        The parties filed a stipulated protective order, which was signed by this Court on

- 12 -

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1    June 26, 2009.

2            DPS Defendants' Statement:

3            Given the pending criminal investigation discussed above, Defendant Shawn

4    Hogan has asserted his Fifth Amendment privilege in response to Plaintiff's discovery

5    requests.  With respect to Plaintiff's requests for production, Plaintiff contends that the

6    assertion of the Fifth Amendment is not appropriate based on the FBI's prior seizure of

7    materials.  The DPS Defendants have provided Plaintiff with authority regarding the

8    testimonial aspects of producing documents and contend that the seizure does not render

9    the Fifth Amendment obsolete.  Plaintiff has not yet provided responsive authority but the

10   DPS Defendants will continue to meet and confer in good faith regarding the same. With

11   respect to the seizure, it appears that all computer-related materials have been returned by

12   the FBI.  However, the scope of the seizure is not entirely clear and it appears that some

13   physical documents are still in the possession of the FBI and/or U.S. Attorney's Office.

14           Because Digital Point Solutions, Inc. never conducted business with Plaintiff and

15   was never involved in Plaintiff's affiliate marketing program, it does not have any

16   documents or information relevant to the SAC.  The Fifth Amendment has been properly

17   asserted because the breadth of the definitions of "DPS" set forth in plaintiff's discovery

18   requests are such that the requests arguably seek information from Mr. Hogan

19   individually.  In that regard, Plaintiff has been provided with authority indicating that a

20   sole proprietorship may assert the Fifth Amendment privilege and is not subject to the so-

21   called "collective entity" rule.

22           Given the foregoing, and because it appears that the FBI has yet to return any

23   seized materials to the non-DPS Defendants, a stay of the action is warranted and

24   appropriate and it appears that all defendants intend to move for such a stay.  The DPS

25   Defendants' position is that discovery dates should not be set until after the motion for

26   stay has been adjudicated.

27           To the extent dates are set at the Case Management Conference, fact and expert

28   discovery should not close until November 2010 and March 2011, respectively (these

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1   dates may need to be further extended depending on when the criminal investigation is

2   resolved). In light of the expansive timeframe of the alleged wrongdoing and the number

3   of potential percipient and party witnesses associated with Commission Junction, Plaintiff,

4   and Plaintiff's subsidiaries, 25 to 30 depositions are warranted in this case.

5       Non-DPS Defendants' Statement:

6       Given the pending criminal investigation discussed above, Defendant Todd

7   Dunning, Brian Dunning, briandunning.com, Thunderwood Holdings, Inc. and Kessler's

8   Flying Circus asserted the Fifth Amendment privilege in response to Plaintiff's discovery

9   requests. With respect to Plaintiff's requests for production, Todd Dunning and DEI have

10  produced the relevant, non-privileged documents in their possession, custody and control.

11  With respect to the documents seized by the FBI, Todd Dunning and DEI are not aware of

12  whether the FBI has returned any documents seized from Defendant Brian Dunning or

13  whether any documents remain in the possession of the FBI and/or U.S. Attorney's

14  Office.

15      Based on the new allegations in the SAC regarding eBay's investigations and the

16  terms of the Master Advertiser Service Agreement ("MASA") between eBay and

17  Commission Junction, Inc., it appears that eBay has not fulfilled its initial disclosure

18  obligations to provide all known relevant documents to defendants. At a minimum, the

19  reports alleged in the SAC have not been provided, and the reports prepared by

20  Commission Junction, Inc. as required by the MASA have not been provided. There are

21  also documents that were produced by Commission Junction, Inc. in the now-settled State

22  Court action that indicate eBay has extensive email communications and possibly other

23  documents that have not been provided as initial disclosures. eBay should be required to

24  update and complete its initial disclosure requirements.

25      Given these facts, a stay of the action is warranted and appropriate and it appears

26  that all defendants intend to move for such a stay. The Non-DPS Defendants' position is

27  that discovery dates should not be set until after the motion for stay has been adjudicated.

28      To the extent dates are set at the Case Management Conference, fact and expert

- 14 -        JOINT CASE MANAGEMENT STATEMENT
              AND [PROPOSED] ORDER - C 08-4052 JF

discovery should not close until November 2010 and March 2011, respectively (these dates may need to be further extended depending on when the criminal investigation is resolved). In light of the expansive timeframe of the alleged wrongdoing and the number of potential percipient and party witnesses associated with Commission Junction, Plaintiff, and Plaintiff's subsidiaries, up to 25 to 30 depositions may be warranted in this case. If the Court does not stay this case, it is appropriate to provide a longer schedule for discovery and trial preparation in the expectation that the criminal investigation will resolve during this period. Then the Non-DPS Defendants would be able to withdraw the assertion of the Fifth Amendment privilege, and fully participate in the defense of the case.

## IX.  RELATED CASES

eBay's Statement:

eBay is not aware of any related cases.

DPS Defendants' Statement:

The DPS Defendants are not aware of any related cases.

Non-DPS Defendants' Statement:

The Non-DPS Defendants are not aware of any related cases.

## X.  RELIEF

There have been no changes since the previous Joint Case Management Statement.

## XI.  SETTLEMENT AND ADR

eBay's Statement:

The parties have discussed the possibility of engaging in alternative dispute resolution. Defendants have disclaimed that they were involved in any cookie stuffing. eBay anticipates that the outstanding discovery requests will provide direct evidence to the contrary. Consequently, it is eBay's position that any ADR process would not be productive until Defendants have materially complied with the long-outstanding discovery requests.

DPS Defendants' Statement:

The DPS Defendants' position is that the parties are in a position to begin discussing settlement. While the DPS Defendants of course anticipate that further discovery will be beneficial in evaluating settlement positions, particularly regarding the extent to which Plaintiff was aware of and encouraged any conduct at issue and the extent to which Plaintiff's claims are time-barred under the discovery rule, there is a sufficient basis to engage in preliminary settlement discussions.

Non-DPS Defendants' Statement:

The Non-DPS Defendants believe that early efforts at settlement should be seriously pursued. The Non-DPS Defendants do not believe that further discovery is likely to reveal substantial new facts that would dramatically impact settlement possibilities. An early settlement, if possible, is in the best interests of these defendants, and presumably Plaintiff.

## XII.  MAGISTRATE JUDGE

There have been no changes since the previous Joint Case Management Statement.

## XIII.  OTHER REFERENCES

There have been no changes since the previous Joint Case Management Statement.

## XIV.  NARROWING OF ISSUES

There have been no changes since the previous Joint Case Management Statement.

## XV.  EXPEDITED SCHEDULE

There have been no changes since the previous Joint Case Management Statement.

## XVI.  SCHEDULING

The parties' proposed schedules are attached as Exhibit A.

## XVII.  TRIAL

eBay's Statement:

There have been no changes since the previous Joint Case Management Statement.

DPS Defendants' Statement:

Per the terms of the PSA, the right to a jury trial has been waived. Separate trials are appropriate to avoid prejudice in this case because the two defendant groups are

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1  wholly distinct.  While the length of trial is difficult to anticipate at this time, the DPS

2  Defendants estimate that trial may take 12 days or more.

3       Non-DPS Defendants' Statement:

4       Per the terms of the PSA, the right to a jury trial has been waived.  Separate trials

5  are appropriate to avoid prejudice in this case because the two defendant groups are

6  wholly distinct.  While the length of trial is difficult to anticipate at this time, the Non-

7  DPS Defendants estimate that trial may take 12 days or more.

8  **XVIII.**     **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

9       eBay's Statement:

10       There have been no changes since the previous Joint Case Management Statement.

11       DPS Defendants' Statement:

12       Commission Junction, as Plaintiff's direct agent in administering the AMP, is an

13  interested party.

14

15       Non-DPS Defendants' Statement:

16       Commission Junction, as Plaintiff's direct agent in administering the AMP, is an

17  interested party.

18

19

20  Dated:   September 14, 2001          DAVID R. EBERHART
                          SHARON M. BUNZEL

21                            COLLEEN M. KENNEDY
                          O'MELVENY & MYERS LLP

22

23                            By:  */s/ David R. Eberhart*

24                                  David R. Eberhart

25                            *Attorneys for Plaintiff*
                          eBay Inc.

26

27

28

     JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1    Dated:   September 14, 2001              LEO J. PRESIADO
2                                             RUS, MILIBAND & SMITH, A
                                             PROFESSIONAL CORPORATION
3

4                                            By: /s/ *Leo J. Presiado*
                                                     Leo J. Presiado
5
                                             *Attorneys for Defendants*
6                                            Thunderwood Holdings, Inc., Brian
                                             Dunning and BrianDunning.com
7

8    Dated:   September 14, 2001              STEWART H. FOREMAN
                                             FREELAND, COOPER & FOREMAN,
9                                            LLP

10

11                                           By: /s/ *Stewart H. Foreman*
                                                     Stewart H. Foreman
12
                                             *Attorneys for Defendants*
13                                           Todd Dunning and Dunning Enterprise,
                                             Inc.
14

15   Dated:   September 14, 2001              PATRICK K. MCCLELLAN
                                             LAW OFFICE OF PATRICK K.
16                                           MCCLELLAN

17

18                                           By: /s/ *Patrick K. McClellan*
                                                     Patrick K. McClellan
19
                                             *Attorney for Defendant*
20                                           Kessler's Flying Circus

21

22   Dated:   September 14, 2001              SEYAMACK KOURETCHIAN
                                             COAST LAW GROUP, LLP
23

24
                                             By: /s/ *Ross Campbell*
25                                                   Ross Campbell

26

27

28

JOINT CASE MANAGEMENT STATEMENT
                                             AND [PROPOSED] ORDER - C 08-4052 JF

*Attorneys for Defendants*
Digital Point Solutions, Inc. and Shawn
Hogan

I, David R. Eberhart, am the ECF User whose ID and password are being used to file this

Joint Case Management Statement and [Proposed] Order.  In compliance with General

Order 45, X.B., I hereby attest that Leo Presiado, Stewart Foreman, Patrick McClellan,

and Ross Campbell have concurred in this filing.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

# **CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by this Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.  In addition, the Court orders that a further Case Management Conference will be held on _____.

**IT IS SO ORDERED.**

Dated: _____

_____
The Honorable Jeremy Fogel
United States District Court Judge
Northern District of California

1

EXHIBIT A

2

3

| Event | eBay's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Fact discovery closes | April 30, 2010 | November 2010 |
| Last day for expert reports on merits | June 18, 2010 | |
| Last day for depositions of experts | July 2, 2010 | |
| Last day for responsive expert reports | July 16, 2010 | |
| Close of expert discovery | July 30, 2010 | March 2011 |
| Last day to file dispositive motions | September 3, 2010 | |
| Oppositions to dispositive motions due | October 8, 2010 | |
| Reply briefs in support of dispositive motions due | October 29, 2010 | |
| Hearing on dispositive motions | November 19, 2010 | |
| Required Meeting Prior to Pretrial Conference | January 4, 2011 | |
| Pretrial Conference Statement | January 10, 2011 | |
| Pretrial Conference | January 24, 2011 | |
| Trial | March 7, 2011 | September 2011 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

# EXHIBIT 2

1   DAVID R. EBERHART (S.B. #195474)
    deberhart@omm.com
2   SHARON M. BUNZEL (S.B. #181609)
    sbunzel@omm.com
3   COLLEEN M. KENNEDY (S.B. #227107)
    ckennedy@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA  94111
    Telephone:   (415) 984-8700
6   Facsimile:    (415) 984-8701

7   Attorneys for Plaintiff eBay Inc.

8

9                   UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12  EBAY INC.,

13                 Plaintiff,

14        v.

15  DIGITAL POINT SOLUTIONS, INC.,
    SHAWN HOGAN, KESSLER'S
16  FLYING CIRCUS, THUNDERWOOD
    HOLDINGS, INC., TODD DUNNING,
17  DUNNING ENTERPRISE, INC., BRIAN
    DUNNING, BRIANDUNNING.COM,
18  and DOES 1-20,

19                 Defendants.

---

Case No. C 08-04052 JF

**OPPOSITION OF EBAY INC. TO
DEFENDANTS DIGITAL POINT
SOLUTIONS, INC. AND SHAWN
HOGAN'S PARTIAL MOTION TO
DISMISS THE FIRST AMENDED
COMPLAINT**

Hearing Date: December 12, 2008
Time:            9:00 a.m.
Judge:           Hon. Jeremy Fogel

---

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    SUMMARY OF KEY FACTS ...................................................................... 1

III.   ARGUMENT ............................................................................................... 2

     A.    The Request for Judicial Notice Does Not Support Dismissal of eBay's Claims ................................................................................. 2

     B.    eBay Has Stated a CFAA Claim Against DPS ................................. 4

     C.    eBay Has Stated a RICO Claim Against Hogan ............................... 7

IV.   CONCLUSION ........................................................................................... 10

EBAY'S OPPOSITION TO
DPS MOTION TO DISMISS
CASE NO. C 08-4052 JF

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

*Allwaste, Inc. v. Hecht,*
65 F.3d 1523 (9th Cir. 1995) ............................................................ 8, 9

*Arndt v. Prudential Bache Sec., Inc.,*
603 F. Supp. 674 (C.D. Cal. 1984) .......................................................... 10

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................... 5

*Blake v. Dierdorff,*
856 F.2d 1365 (9th Cir. 1988) ............................................................ 6

*California ex rel. RoNo, LLC v. Altus Finance S.A.,*
344 F.3d 920 (9th Cir. 2003) ........................................................... 3, 4

*Cedric Kushner Promotions, Ltd. v. King,*
533 U.S. 158 (2001) ...................................................................... 7

*Darensburg v. Metro. Transp. Comm'n,*
2006 WL 167657 (N.D. Cal. Jan. 20, 2006) ................................................. 3

*Deutsch v. Flannery,*
823 F.2d 1361 (9th Cir. 1987) ............................................................ 6

*Does 1-60 v. Republic Health Corp.,*
669 F. Supp. 1511 (D. Nev. 1987) ......................................................... 9

*EF Cultural Travel BV v. Explorica, Inc.,*
274 F.3d 577 (1st Cir. 2001) ............................................................. 6

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.,*
385 F.3d 159 (2d Cir. 2004) ............................................................. 10

*Gillespie v. Civiletti,*
629 F.2d 637 (9th Cir. 1980) ............................................................. 9

*H.J. Inc. v. Nw. Bell Tel. Co.,*
492 U.S. 229 (1989) ...................................................................... 8

*Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.,*
556 F. Supp. 2d 1122 (E.D. Cal. 2008) ..................................................... 5

*In re Epitope, Inc. Sec. Litig.,*
1992 WL 427842 (D. Or. Nov. 30, 1992) ................................................... 6

*Kimberlite Corp. v. Does,*
2008 U.S. Dist. LEXIS 43071 (N.D. Cal. June 2, 2008) ....................................... 6

**TABLE OF AUTHORITIES**
(continued)

Page

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001) .................................................................. 3

*McGary v. City of Portland,*
    386 F.3d 1259 (9th Cir. 2004) .............................................................. 3

*McGuire v. Dendreon Corp.,*
    2008 WL 1791381 (W.D. Wash. Apr. 18, 2008) ............................ 3

*Odom v. Microsoft Corp.,*
    486 F.3d 541 (9th Cir. 2007) ........................................................ 7, 8, 9

*P.C. of Yonkers, Inc. v. Celebrations! The Party & Seasonal Superstore,*
    *L.L.C.,*
    2007 WL 708978 (D.N.J. Mar. 5, 2007) .......................................... 5

*Sebastian Int'l v. Russolillo,*
    186 F. Supp. 2d 1055 (C.D. Cal. 2000) .......................................... 9

*Sedima, S.P.R.L. v. Imrex Co.,*
    473 U.S. 479 (1985) ............................................................................ 8

*Shurkin v. Golden State Vintners, Inc.,*
    2005 WL 1926620 (N.D. Cal. Aug. 10, 2005) .............................. 3

*SuccessFactors, Inc. v. Softscape, Inc.,*
    544 F. Supp. 2d 975 (N.D. Cal. 2008) ............................................ 6

*Sun Savings & Loan Ass'n v. Deirdorff,*
    825 F.2d 187 (9th Cir. 1987) ............................................................ 8

*United States v. Benny,*
    786 F.2d 1410 (9th Cir. 1986) ........................................................ 7

*United States v. Busacca,*
    936 F.2d 232 (6th Cir. 1991) ............................................................ 8

*United States v. Int'l Longshoremen's Ass'n,*
    518 F. Supp. 2d 422 (E.D.N.Y. 2007) .......................................... 10

*United States v. Turkette,*
    452 U.S. 576 (1981) ............................................................................ 9

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ........................................................ 5

*Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions, Inc.,*
    2008 WL 4642975 (D. Utah Oct. 17, 2008) ................................ 5

# TABLE OF AUTHORITIES
### (continued)

**Page**

## STATUTES

18 U.S.C. § 1961(4) ........................................................................................ 7

Cal. Penal Code § 502 .................................................................................... 10

## RULES

Fed. R. Civ. P. 9(b) .................................................................................... 5, 6

# I.    **INTRODUCTION**

This case is not a "simple breach of contract claim"—as Defendants would have it. This case seeks redress for massive, illegal "cookie stuffing" schemes that Defendants used to defraud eBay over several years. Those schemes involved the improper placement of data known as "cookies" on the computers of potential eBay users so that eBay would be tricked into paying commissions to Defendants when no commissions were owed. And it is those schemes that caused the Federal Bureau of Investigation to raid named Defendants Shawn Hogan and Brian Dunning in June 2007 and to seize their computers.

Defendants Shawn Hogan and Digital Point Solutions, Inc. (the "DPS Defendants") claim that Digital Point Solutions, Inc. ("DPS") did not exist prior to May 14, 2007 and, consequently, eBay's CFAA and RICO allegations against DPS are insufficient. Aside from the issue of DPS's corporate status, the DPS Defendants raise no challenge to the Complaint, thereby conceding that eBay's claims are otherwise properly pled and that venue is appropriate in this District.

But a factual dispute regarding DPS's corporate status cannot be the basis for dismissal of any portion of the Complaint. Based on DPS's dealings with eBay, eBay has alleged in good faith that DPS existed throughout the period of the fraud. This allegation must be presumed to be true on a motion to dismiss, and DPS's request for judicial notice is insufficient to undermine that allegation. Even if the Court were to accept as true the notion that DPS filed articles of incorporation on May 14, 2007, that would not prove that DPS did not exist prior to that date. Nor do the DPS Defendants claim that some other entity or person was responsible for the acts of DPS alleged in the Complaint. In any event, these are issues that are fundamentally appropriate for discovery and cannot be resolved on a motion to dismiss. The motion should be denied.

# II.    **SUMMARY OF KEY FACTS**

Over the course of at least three years, Defendants engaged in sophisticated schemes to wrongfully obtain advertising commissions from eBay. Defendants' schemes made it appear that potential customers were visiting eBay's website by clicking on ads

for eBay that were placed by Defendants. But this appearance was a deception, and Defendants did not legitimately drive users to eBay's site. Instead, Defendants caused a massive number of users' computers to access eBay's computers without any user clicking on an eBay link or even becoming aware that their computer had accessed the eBay site. (Compl. ¶ 25.) This unauthorized access caused a cookie to be stuffed on each unsuspecting user's computer; then, when any of these users went to eBay and purchased an item, eBay paid a commission to Defendants.[1] (See Compl. ¶¶ 24-27.) These schemes ended when the FBI seized Defendants' computer equipment in June 2007 as part of an investigation into whether the fraudulent activities alleged in this case constitute federal crimes.

## III. ARGUMENT

DPS seeks dismissal by disputing eBay's factual allegation of its existence. DPS makes this improper factual argument despite having held itself out to eBay as an independent business entity for several years and despite conceding that it has been a corporation capable of suit since at least May 14, 2007. But the DPS Defendants' request for judicial notice of the fact that articles of incorporation were filed by DPS on that date does not contradict eBay's well-pleaded allegations concerning DPS's existence and cannot serve as the basis for the wholesale dismissal of claims against it and Hogan.[2]

### A. The Request for Judicial Notice Does Not Support Dismissal of eBay's Claims

Throughout its Complaint, eBay alleges numerous facts regarding the involvement of DPS—along with Defendant Shawn Hogan, the sole owner of DPS—in a fraudulent cookie stuffing scheme lasting throughout the period from December 2003 through at least June 2007. (See, e.g., Compl. ¶¶ 24-29, 37, 51.) Further, eBay alleges that DPS is a

---

[1] eBay pays commissions to its affiliates based on the number of "Revenue Actions" taken by users who come to eBay by clicking on an affiliate's advertisement for eBay. (Compl. ¶¶ 19, 23.)
[2] The DPS Defendants do not join in the other Defendants' arguments concerning the supposed inadequacy of eBay's federal causes of action, all of which are addressed separately in eBay's Consolidated Opposition to the KFC Defendants' Motions.

"company . . . which constitutes an enterprise under RICO" and "functioned as a continuing unit in operating the fraudulent cookie stuffing scheme from approximately December 2003 through June 2007." (Compl. ¶ 43.) At this stage of the litigation, these factual allegations regarding DPS's existence and its role in the scheme must both be taken as true and construed in the light most favorable to eBay. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004).

The DPS Defendants' request for judicial notice cannot support a finding that all claims against it must be dismissed. While judicial notice is appropriate for the bare fact that the articles of incorporation were filed, DPS improperly seeks to have the Court take judicial notice of the truth of the document's contents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). And the DPS Defendants request an additional, equally improper inference from that filing: they ask the Court to infer that DPS did not exist prior to the filing. But it is fundamentally improper for DPS to ask this Court to "draw inferences in favor of Defendants from the judicially noticeable facts," including any inference that DPS did not exist as an entity capable of suit prior to the date of the articles' filing. *See McGuire v. Dendreon Corp.*, 2008 WL 1791381, at *4 (W.D. Wash. Apr. 18, 2008) (citing *Darensburg v. Metro. Transp. Comm'n*, 2006 WL 167657, at *2 (N.D. Cal. Jan. 20, 2006)).

The only appropriate judicial notice here is "the fact that the document was filed with the secretary of state on the date stated therein and nothing more." *Shurkin v. Golden State Vintners, Inc.*, 2005 WL 1926620, at *6 (N.D. Cal. Aug. 10, 2005). In the *Shurkin* case, this Court stated that, while it could take judicial notice of the fact that a defendant LLC's certificate of organization was filed in January 2004, it would not take judicial notice "that, as a matter of fact, [the defendant LLC] *did not exist in any form prior to January 12, 2004*." *Id.* (emphasis added). It is precisely this improper inference that the DPS Defendants ask this Court to draw.

Moreover, requests for judicial notice are appropriate only to the extent they "do not require the acceptance of facts subject to reasonable dispute." *California ex rel.*

*RoNo, LLC v. Altus Finance S.A.*, 344 F.3d 920, 931 (9th Cir. 2003) (internal quotations omitted). The DPS Defendants ask this Court to accept that DPS "did not exist until May 14, 2007"—a "fact" that is certainly disputed by eBay, which has alleged that DPS has existed since at least December 2003. eBay has a good faith basis for its allegations, because Defendant Shawn Hogan has held DPS out as an independent entity through his business dealings with eBay. Yet DPS seeks to prevent the discovery of any further evidence regarding the course of changes in its business form by dismissing the claims against it at the pleading stage.

### B.     eBay Has Stated a CFAA Claim Against DPS

The DPS Defendants' argument that eBay's CFAA claim lacks particularity rests on the faulty assertion that DPS "simply did not exist for the vast majority of the alleged time frame." (DPS Mot. at 7-8.) Because this assertion cannot be resolved on a motion to dismiss, DPS's CFAA argument must also fail.

eBay's allegations against DPS are certainly sufficient to satisfy notice pleading standards. DPS's claim that the Complaint "is devoid of any specific facts explaining how defendant [DPS] was involved in the alleged scheme" is belied by the numerous specific allegations detailing the course of fraudulent cookie stuffing by DPS and Hogan. For example, the allegations include the following:

- "DPS and KFC engaged in cookie stuffing intended to defraud eBay." (Compl. ¶ 24.)
- "DPS and KFC each accomplished their cookie stuffing through software programs and/or code that, unbeknownst to the user, redirected the user's computer to the eBay website . . . ." (*Id.* ¶ 25.)
- "[S]oftware programs utilized by each of DPS and KFC caused the user's computer to access eBay's computers in an unauthorized way and/or to exceed the authorized access to eBay's computers . . . ." (*Id.* ¶ 26.)
- "DPS or KFC would receive payment for actions by users who had not been referred to eBay by Defendants' advertisements . . . ." (*Id.* ¶ 27.)

- "DPS and/or KFC used technology that would stuff cookies on only those computers that had not been previously stuffed by that Defendant." (*Id.* ¶ 28.)
- "DPS used images placed on web pages to effectuate its cookie stuffing scheme, and caused those images to be so small that they were effectively invisible to the user . . . ." (*Id.* ¶ 29.)
- "eBay paid commissions (via CJ) to each of DPS and KFC for a substantial number of Revenue Actions that were in no way related to referral of any user by either DPS's or KFC's advertisements and for which neither DPS nor KFC were due compensation." (*Id.* ¶ 32.)

These allegations are more than sufficient to give DPS "notice of the particular misconduct . . . so that [it] can defend against the charge and not just deny that [it has] done anything wrong.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted). eBay's allegations easily satisfy the standards of notice pleading, which require only "a short and plain statement of the claim" that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).

DPS improperly attempts to raise the bar eBay must meet to state a CFAA claim. But DPS cites no case that has applied Rule 9(b) to the CFAA, and several courts have rejected that notion. *See, e.g.*, *Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions, Inc.*, 2008 WL 4642975, at *7-8 (D. Utah Oct. 17, 2008); *P.C. of Yonkers, Inc. v. Celebrations! The Party & Seasonal Superstore, L.L.C.*, 2007 WL 708978, at *6 (D.N.J. Mar. 5, 2007); *see also Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1131 (E.D. Cal. 2008) (holding that the term "defraud" as used in the CFAA simply means "wrongdoing" and does not require a showing of common law fraud). Nor have any of the other Defendants claimed that Rule 9(b) applies, thereby conceding that issue.

Even if Rule 9(b)'s requirements were applicable to eBay's CFAA claim, however, eBay's allegations would nevertheless suffice. Rule 9(b) requires only that a pleading

1    "identif[y] the circumstances constituting the fraud so that the defendant can prepare an

2    adequate answer from the allegations." *Blake v. Dierdorff*, 856 F.2d 1365, 1368 (9th Cir.

3    1988). The allegations quoted above meet this standard.

4          That certain allegations refer jointly to DPS and its sole owner, Shawn Hogan, does

5    nothing to undercut their specificity or their applicability to DPS. Notably, Hogan himself

6    does not contend that the Complaint lacks particularity as to him, even though he and DPS

7    are referred to jointly. In addition, in the Ninth Circuit group pleading is appropriate

8    under Rule 9(b) where a corporation and its sole owner act in concert. *See Blake*, 856

9    F.2d at 1369-70; *In re Epitope, Inc. Sec. Litig.*, 1992 WL 427842, at *3 (D. Or. Nov. 30,

10   1992) ("The rationale for such group pleading is simple and compelling: Facts about fraud

11   flowing from the internal operation of a corporation are peculiarly—and often

12   exclusively—within the control of the corporate insiders who manage the parts of the

13   corporation involved in the fraud.") (internal quotations omitted). Absent discovery, eBay

14   is not required to delineate which specific actions were taken by the entity as opposed to

15   its sole owner. *See Deutsch v. Flannery*, 823 F.2d 1361, 1366 (9th Cir. 1987) (citation

16   omitted) ("Rule 9(b) does not . . . require plaintiffs . . . to set forth facts which, because no

17   discovery has yet occurred, are in the exclusive possession of the defendant.").

18         Even if the Court were to accept the DPS Defendants' improper factual inference

19   that DPS did not exist prior to May 14, 2007, DPS still concedes that it existed for six

20   weeks of the period in question. Therefore, eBay has, at the very least, alleged a CFAA

21   claim for this period. Courts have routinely held that a defendant can be liable under the

22   CFAA for single instances of wrongful conduct, or for wrongful conduct spanning a very

23   short period of time. *See, e.g.*, *EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577,

24   580 (1st Cir. 2001) (plaintiff stated a CFAA claim based on two instances of unauthorized

25   access); *Kimberlite Corp. v. Does*, 2008 U.S. Dist. LEXIS 43071 (N.D. Cal. June 2, 2008)

26   (defendants' unauthorized access occurred on two days during a one week period);

27   *SuccessFactors, Inc. v. Softscape, Inc.*, 544 F. Supp. 2d 975, 978 (N.D. Cal. 2008)

28   (unauthorized access limited to a three week period). DPS's contention that the

6

1 | Complaint fails to state a claim against DPS during this time period because it "fails to
2 | adequately allege that Digital Point Solutions, Inc.'s actions resulted in a loss 'aggregating
3 | at least $5,000 in value'" during the six-week period does not justify dismissal. (*See* DPS
4 | Mot. at 8.) This argument compounds the improper inferences sought by the DPS
5 | Defendants by seeking further inferences that so much of the loss for 2007 was prior to
6 | May 14, 2007 that the loss incurred in the six-week period must be less than $5,000. That
7 | inference cannot be drawn on a motion to dismiss, and the DPS Defendants' argument
8 | fails.

## C.   eBay Has Stated a RICO Claim Against Hogan

eBay has also sufficiently alleged that DPS is a RICO enterprise, and its RICO
claim is therefore properly pled. To allege a RICO claim, a plaintiff must plead the
existence of an "enterprise," which is defined by the statute to include "any individual,
partnership, corporation, association, or other legal entity, and any union or group of
individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). In
connection with its RICO claim, eBay alleges that "Defendant Shawn Hogan and DOES
1-10 (the 'Hogan Group') engaged in activities ***through the company Digital Point
Solutions, Inc., which constitutes an enterprise under RICO***." (Compl. ¶ 43 (emphasis
added).)

As the Ninth Circuit has noted, the statutory definition of a RICO enterprise "is not
very demanding." *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007). Both a
solely-owned corporation and a sole proprietorship can constitute "enterprises" distinct
from the individuals who run them. *See Cedric Kushner Promotions, Ltd. v. King*, 533
U.S. 158, 163 (2001) (solely owned corporation); *United States v. Benny*, 786 F.2d 1410,
1415-16 (9th Cir. 1986) (sole proprietorship). Even an "individual" can constitute an
enterprise, if it is distinct from the RICO persons alleged as defendants to the RICO claim.
18 U.S.C. § 1961(4); *Odom*, 486 F.3d at 548.

Given the totality of the allegations pled by eBay regarding DPS, eBay has clearly
pled facts sufficient to allege that DPS constituted a RICO enterprise. DPS concedes that

7

it is currently a corporation capable of suit. There is no requirement that eBay must plead the specific facts regarding the evolution of the business form used by DPS in advance of discovery, particularly where DPS held itself out to eBay as a business entity independent from Shawn Hogan throughout the period in question. DPS's contention to the contrary is both inconsistent with the standard for evaluating a motion to dismiss and with the principle, endorsed by both the Ninth Circuit and the Supreme Court, that RICO should "be liberally construed to effectuate its remedial purposes." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 498 (1985); *Odom*, 486 F.3d at 546.

At the very least, eBay's RICO claim must be allowed to proceed because DPS does not and cannot dispute that it constituted an enterprise during the last six weeks of conduct alleged in the Complaint and eBay has adequately alleged a RICO claim for that period. The Complaint alleges that the Hogan Group (which explicitly excludes DPS, *see* Compl. ¶ 43) engaged in a fraudulent scheme through DPS throughout the period from December 2003 through June 2007 (*id.* ¶ 43), and specifically describes the nature of the fraudulent activity and DPS's participation in that activity during that time. (*See id.* ¶¶ 24-29, 41.) These allegations apply equally to the end of the period, and even a relatively short period of continuous predicate acts can form the basis for a RICO claim where, as here, the predicate acts were "open-ended"; in other words where the acts pose a threat of continuing activity. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1529 (9th Cir. 1995); *see* Compl ¶¶ 28-29, 31. Open-ended continuity does not require that the predicate acts occur over a significant period of time; the requirement is met where, as here, "the predicate acts specifically threaten repetition or . . . they were an ongoing entity's regular way of doing business." *Allwaste*, 65 F.3d at 1523; *see also Sun Savings & Loan Ass'n v. Deirdorff*, 825 F.2d 187, 194 (9th Cir. 1987) (four predicate acts occurring over a few months alleged pattern of racketeering activity where they "covered up a whole series of alleged kickbacks and receipts of favors" and threatened continued activity); *United States v. Busacca*, 936 F.2d 232, 238 (6th Cir. 1991) (defendant's check misappropriation over two and a half month

period established pattern because it could recur indefinitely whenever defendant had expenses to pay); *Sebastian Int'l v. Russolillo*, 186 F. Supp. 2d 1055, 1067 (C.D. Cal. 2000) ("The standard for showing open-ended continuity is extremely low."). Moreover, fortuitous interruption of criminal acts, as occurred in this case when the FBI seized DPS's computers, does not preclude a finding of open-ended continuity. *See Allwaste*, 65 F.3d at 1530.

Regardless of whether DPS constituted a "legal entity," eBay has also pled a RICO claim by alleging that DPS constituted an "association-in-fact." In the Ninth Circuit, a plaintiff alleges an association-in-fact whenever it alleges "'a common purpose of engaging in a course of conduct,'" an "'ongoing organization' either 'formal or informal,'" and "facts that, if proved, provide sufficient 'evidence that the various associates function as a continuing unit.'" *Odom*, 486 F.3d at 552 (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Through the numerous specific allegations concerning DPS's fraudulent activity, eBay has alleged that the Hogan Group, through DPS, was engaged throughout the period from December 2003 through June 2007 in the "common purpose of defrauding eBay of commission fees by designing and implementing the cookie stuffing scheme." (Compl. ¶ 43.) This is sufficient to allege an association-in-fact under Ninth Circuit law.

The fact that the Hogan Group includes Doe defendants does not nullify these allegations. The use of Doe defendants in pleading is proper in the Ninth Circuit where, as here, the identities of the alleged defendants are not known prior to the filing of the complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "In such circumstances," the Ninth Circuit has stated, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Id.* At least one court has found that a RICO enterprise was adequately pled where Doe defendants were named as part of a group that formed an association-in-fact. *See Does 1-60 v. Republic Health Corp.*, 669 F. Supp. 1511, 1516 (D. Nev. 1987).

The cases cited by the DPS Defendants are not to the contrary. Those cases held

EBAY'S OPPOSITION TO
DPS MOTION TO DISMISS
CASE NO. C 08-4052 JF

that plaintiffs had failed to properly allege associations-in-fact not because they named Doe defendants, but because their conclusory allegations did not seriously attempt to identify the nature and scope of the enterprise being alleged. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 175 (2d Cir. 2004) ("Plaintiffs certainly have not advanced any factual allegations that the Vahabzadeh Enterprise was an ongoing organization, formal or informal, or any evidence that the various associates of the alleged enterprise functioned as a continuing unit.") (quotations omitted); *Arndt v. Prudential Bache Sec., Inc.*, 603 F. Supp. 674, 676 (C.D. Cal. 1984) ("Nowhere in their complaint do plaintiffs allege, specifically or implicitly, an enterprise or who comprises the enterprise."); *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 475-76 (E.D.N.Y. 2007) ("The Amended Complaint contains virtually no allegations regarding the structure and organization of the alleged Waterfront Enterprise, and leaves a plethora of unanswered questions regarding the membership, purpose, and structure of that entity."). These cases do not undermine eBay's claims.

eBay has alleged facts that, if true, will subject DPS and Hogan to liability for violations of the CFAA and RICO. Because DPS's argument that eBay has failed to properly allege common law fraud and violation of California Penal Code § 502 is based solely on the bare statement that eBay's state law claims "contain the same fundamental pleading flaws as to [DPS]" as its CFAA and RICO claims (DPS Mot. at 14), its argument also fails for the same reasons. eBay's claims may not be dismissed at the pleading stage based on a disputed factual contention concerning the nature of the DPS entity.

## IV. CONCLUSION

For the reasons set forth above, eBay has stated claims for relief against Defendants DPS and Hogan. Therefore, those Defendants' Partial Motion to Dismiss should be denied in its entirety.

1  DATED:  November 21, 2008

2                                          DAVID R. EBERHART
                                           SHARON M. BUNZEL
3                                          COLLEEN M. KENNEDY
                                           O'MELVENY & MYERS LLP

4

5                                          By: /s/ David R. Eberhart
                                                 DAVID R. EBERHART
6                                          Attorneys for Plaintiff eBAY INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28