TOWNSEND AND TOWNSEND AND CREW LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
MEGAN M. CHUNG (State Bar No. 232044)
J. JEB B. OBLAK (State Bar No. 241384)
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jggilliland@townsend.com
        mboroumand@townsend.com
        mmchung@townsend.com
        jboblak@townsend.com

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 08-3251 WHA |
| Plaintiff, | **APPLE INC.'S OPPOSITION TO PSYSTAR CORPORATION'S MOTION TO STRIKE THE DECLARATION OF JACQUES VIDRINE AND FOR SANCTIONS** |
| v. | |
| PSYSTAR CORPORATION, a Florida corporation, and DOES 1-10, inclusive, | Date: September 24, 2009 |
| Defendants. | Time: 8:00am |
| AND RELATED COUNTERCLAIMS. | Courtroom: 9 |
| | Trial Date: January 11, 2010 |

**PUBLIC VERSION**

townsend.

APPLE INC.'S OPPOSITION TO PSYSTAR CORPORATION'S MOTION TO STRIKE THE DECLARATION OF
JACQUES VIDRINE, CASE NO. 08-3251 WHA

Dockets.Justia.com

## I.   INTRODUCTION

Aware that after the close of discovery in this case, Psystar Corporation had announced its intention to sell a computer running Apple Inc.'s latest software release, Mac OS X version 10.6, and knowing that Psystar also had filed a new Complaint for Declaratory Relief in federal court in Florida, this Court invited Apple to file a motion seeking appropriate relief. Apple now has done so, filing a Motion to Dismiss or Enjoin the Florida Action and seeking to reopen discovery, briefly, in the current case. Psystar seeks to strike the Declaration of Jacques Vidrine ("Mr. Vidrine") submitted in support of Apple's Motion. Psystar's Motion to Strike should be denied. Apple's reliance on Mr. Vidrine's declaration does not violate any of this Court's Orders or any Rules of Civil Procedure.

████████████████████████████████████
████████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████
████████ But Psystar contends the Court should not consider it because Apple in its Initial Disclosures never identified Mr. Vidrine as a witness Apple intended to rely upon. However, prior to August 27, 2009, when Psystar announced that it was going to sell a computer running Snow Leopard, Mr. Vidrine's knowledge was not relevant to the matters in dispute between the parties. Now it is. Because of the recent change in circumstances, Apple has asked this Court to re-open discovery and to allow it to supplement its Initial Disclosure of witnesses pursuant to Federal Rule of Civil Procedure 37. Nothing in that Rule, or in anything Apple has previously said to this Court, precludes such a request. Psystar's selective citation of the Status Conference Hearing Transcript to suggest otherwise is purposefully misleading.

Psystar also moves to strike Mr. Vidrine's declaration pursuant to Rule 37(c) on the ground that it is improper expert testimony. Yet, Rule 37(c) does not govern whether opinion testimony is admissible. Under Federal Rule of Evidence 701, which is the appropriate standard, Mr. Vidrine's

APPLE INC.'S OPPOSITION TO PSYSTAR CORPORATION'S MOTION TO STRIKE THE DECLARATION OF JACQUES VIDRINE, CASE NO. 08-3251 WHA

1

1   testimony is admissible.

2        Psystar's motion is meritless and should be denied.

3   **II.    ARGUMENTS AND AUTHORITIES**

4        **A.    The Court Specifically Authorized Apple to File a Motion to Supplement its
                Initial Disclosures**

5

6        Psystar's assertion that Mr. Vidrine's declaration violates an Order of this Court is wrong.

7   At the September 4, 2009, Status Conference, the Court invited Apple to file a motion responding

8   to Psystar's new product announcement and duplicative lawsuit.  The Court allowed Apple to

9   attempt to establish through a motion that there is substantial justification for reopening discovery

10  and amending its Initial Disclosures.  That is precisely what Apple has done.

11       Trying to convince the Court that Apple cannot use evidence from Mr. Vidrine to

12  demonstrate a substantial justification for amending its Initial Disclosures, Psystar selectively cites

13  the September 4, 2009, Status Conference Hearing Transcript, but ignores the most relevant

14  portions.  A more complete review of the transcript clearly shows that the first half of the hearing

15  related to issues that did <u>not</u> involve Psystar's sales of computers running Snow Leopard.  That is

16  the part of the transcript Psystar quotes.  But it was the second half of the Status Conference which

17  involved Snow Leopard.  That is the part of the transcript Psystar ignores.  A complete review

18  shows that Apple specifically requested that the Court re-open discovery on the issue of Snow

19  Leopard and informed the Court and Psystar that Mr. Vidrine would be made available to testify

20  as to any changes in the technological protection measure in Snow Leopard.  Apple's counsel

21  stated:

22           Consequently, we suggest as follows:  That the parties — that the
             Court allow discovery for another 30 days; that Psystar turn over the
23           source code for its new product; that we be allowed to ask Mr.
             Pedraza what he did; and *Apple will make Mr. Vidrine available to*
24           *testify about any changes in the technological protection measure*, so
             that those issues can be finally resolved at trial in January. . . .  [O]ur
25           request is that the Court allow us to take the small amount of
             discovery specifically related to the newest product, released seven
26           days ago.  *And, in exchange, we will offer to make Mr. Vidrine*
             *available for anything that relates to the changes as between Leopard*
27           *and Snow Leopard.*

28  September 4, 2009, Status Conference Hearing Transcript, p. 28:6-21 (emphasis added).

1  (Declaration of James G. Gilliland, Jr. in Opposition to Psystar Corporation's Motion to

2  Strike, Ex. 1.)

3      The Court responded by asking Psystar's counsel whether it released new products using

4  Snow Leopard after the August 21, 2009, fact discovery cut-off:

5      **The Court:** Help me understand. When did Snow Leopard 10.6 come out?

6      **Mr. Camara:** I believe it was August 28th, which is –

7      **The Court:** Of this year?

8      **Mr. Camara:** Of this year.

9      **The Court:** August 28th.

10      **Mr. Camara:** Which is after the close of fact discovery in this case.

11      **The Court:** And when did your company make this announcement about
12      your product?

13      **Mr. Camara:** It was last week. I don't remember precisely which day last
14      week.

15      **The Court:** And just tell me, what did your announcement say?

16      **Mr. Camara:** We announced we are offering for sale computers running
       Snow Leopard.

17  September 4, 2009, Status Conference Hearing Transcript, pp. 31:17-32:8.

18      After having heard this sequence of events, the Court went on to state that these new

19  facts might warrant revised Initial Disclosures including the identification of Mr. Vidrine as

20  a witness:

21      **Mr. Camara:** Your Honor, the change – the new discovery that would have
22      to be taken is not trivial.

23      For example, Mr. Vidrine, who the Court has already ordered will not be
       able to testify, is the person who is charged with designing the new
24      technological protection measures for Snow Leopard.

25      If Apple thought Snow Leopard was covered by this case, they should have
       disclosed Mr. Vidrine. He is the guy who designed the protection measures.
26      We would have to take his deposition.

27      **The Court:** Well, I understand that. Possibly – I'm not saying it would be,
       but possibly this new development which just occurred would constitute,
       quote, substantial justification for a revised disclosure, even at this late date,
28      add to Mr. Vidrine. And then he would be made available and so forth.

1  The Court then explicitly authorized Apple to file a motion seeking that specific relief:

2          **The Court:** Look, here is the answer to this,  The answer is: You've got to
           bring a motion.
3

4  September 4, 2009, Status Conference Hearing Transcript, pp. 33:12-34:2.

5          Apple has now filed its Motion seeking to dismiss or enjoin the Florida lawsuit and also to

6  re-open discovery in this case. ████████████████████████████████████████

7  ██████████████████████████████████████████████████████████████████

8  ██████████████████████████████████████████████████████████████████

9  ██████████████████████████████████████████████████████████████████

10 ████████████  Psystar's argument to strike Mr. Vidrine's declaration is based solely on a

11 purposefully selective misreading of the Court's statements and should be denied. [1]

12      **B.     Psystar's Release of Computers Running Snow Leopard *After the Close of Fact
                 Discovery* is Substantial Justification for Apple to Supplement its Initial
13               Disclosures**

14         Psystar claims that Mr. Vidrine's declaration should be stricken under Federal Rule of

15 Civil Procedure 37(c)(1) because Apple did not disclose Mr. Vidrine as a witness it intended to

16 use "to support its claims or defenses" as required by Federal Rule of Civil Procedure 26(a)(1)(A).

17 But Psystar did not begin selling computers running Snow Leopard until after the close of fact

18 discovery.  And until then there was no reason for Apple to disclose Mr. Vidrine because the

19 technological protection measures in Snow Leopard were not a matter in dispute between the

20 parties.  Rule 37(c) states that testimony of a witness not identified in a party's Initial Disclosures

21 will not be stricken if there is a "substantial justification" for the omission.  In this instance,

22 Psystar's release of a new product using Snow Leopard after the close of fact discovery, and its

23 failure to provide discovery regarding its plans to release products that run Snow Leopard or

24 enable it to run,[2] provides the substantial justification for Apple to supplement its Initial

25         [1] Prior to filing its motion to strike and for sanctions, Psystar's counsel met and conferred with Apple
26 and referenced the September 4, 2009, hearing as its basis for the motion.  In response, Apple's counsel
   cited the specific portions of the hearing transcript inviting Apple to file a motion for relief and referencing
27 the fact that Jacques Vidrine would provide testimony regarding the technological protection measures in
   Snow Leopard.  (*See* Gilliland Decl., Ex. 2.)  Despite having this information, Psystar brought its meritless
   motion to strike, and chose not to cite the relevant portions of the hearing transcript.
28     [2] ████████████████████████████████████████████████████████████████

1 Disclosures.[3]

2     It is Apple's burden to show that there is substantial justification for not identifying Mr.

3 Vidrine as a possible witness until now. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d

4 1101, 1107 (9th Cir. 2001). Courts have interpreted "'substantial justification' to mean

5 "justification to a degree that could satisfy a reasonable person that parties could differ as to

6 whether the party was required to comply with the disclosure request. The proponent's position

7 must have a reasonable basis in law and fact." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan.

8 1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Fritz, Inc. v. Ralph Wilson Plastics

9 Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997); *see also* 7 Wayne D. Brazil, *Moore's Federal Practice*,

10 § 37.62 (Matthew Bender 3d ed. 2009).

11     A number of courts have denied a motion to strike under Rule 37(c) where a party shows a

12 "substantial justification" for not previously disclosing a witness. *See, e.g., Krzesniak v. Cendant

13 Corp.*, 2007 U.S. Dist. LEXIS 47518, *13-14 (N.D. Cal. June 20, 2007) (James, Mag.) (denying

14 motion to strike and finding substantial justification to disclose witness after the close of fact

15 discovery where defendant had not disclosed information in discovery); *Wechsler v. Macke Int'l

16 Trade, Inc.*, 221 F.R.D. 619, 621 (C.D. Cal. 2004) (substantial justification for failure to disclose a

17 witness where "plaintiff was unaware of the relationship between [the witness] and defendants, in

18



    If the Court does not grant
28 Apple's motion to include Snow Leopard in this case, then Mr. Vidrine will not provide any further
testimony either in support of dispositive motions or at trial.

townsend.

APPLE INC.'S OPPOSITION TO PSYSTAR CORPORATION'S MOTION TO STRIKE THE DECLARATION OF
JACQUES VIDRINE, CASE NO. 08-3251 WHA

5

part because defendants did not disclose that relationship in response to questioning at prior depositions"); *Sterling v. Interlake Industries, Inc.*, 154 F.R.D. 579, 587 (E.D.N.Y. 1994) (party substantially justified in not disclosing evidence if the party could not have been expected to foresee its relevance or if there were unforeseeable developments during trial).

In this case, as the Status Conference Hearing Transcript makes clear, the technological protection measure in Snow Leopard was not an issue until Psystar first released a product running Snow Leopard after the close of fact discovery. Mr. Vidrine's testimony relates only to the technological protection measure in Snow Leopard. Thus, pursuant to the standard articulated in *Nguyen* and *Fritz*, Apple had a reasonable basis in both law and fact for not previously disclosing him as a witness. Additionally, as was the case in *Krzesniak*, *Wechsler*, and *Sterling*, Apple did not know that Mr. Vidrine's testimony would be relevant until after the close of fact discovery because Apple could not have foreseen whether, and when, Psystar would introduce a product running Snow Leopard. Indeed, it bears repeating that Psystar never provided any discovery responses indicating its intent to run Snow Leopard. *See* fn 2, *supra*.[4]

Because Psystar did not release a computer running Snow Leopard until after the close of fact discovery there is substantial justification for Apple to add Mr. Vidrine to its Initial Disclosures. To require otherwise would necessitate undue prescience on the part of litigants. As soon as Apple became aware of the new circumstance, it moved promptly to seek the Court's permission to re-open discovery on a limited basis. Consequently, the Court should not strike Mr. Vidrine's declaration under Rule 37(c).

## C. The Statements In Mr. Vidrine's Declaration Are Admissible

Citing Federal Rule of Civil Procedure 37(c)(1), Psystar seeks to exclude Mr. Vidrine's testimony as expert opinion. But there is nothing in Rule 37(c) remotely related to the

---

[4] Courts in this district have found a lack of substantial justification in circumstances – unlike here – where an issue had long been in dispute and the parties were well aware of its existence. *See Zabit v. Peterson Power Sys., Inc.*, 2008 U.S. Dist LEXIS 46679, *6-7 (N.D. Cal. June 18, 2008) (White, J.) (finding no substantial justification to supplement because subject matter had "been at issue since the outset of [] litigation" and "testimony reasonably could have been anticipated…."); *see also Laser Design Int'l, LLC v. BJ Crystal, Inc.*, 2007 U.S. Dist. LEXIS 21329, *13, 15 (N.D. Cal. March 7, 2007) (White, J.) (holding that where defendant had "been on notice for quite some time" that an issue was significant to the litigation "a failure to disclose testimony [was] not substantially justified, where [ ] the need for such testimony could reasonably have been anticipated.").

townsend.

APPLE INC.'S OPPOSITION TO PSYSTAR CORPORATION'S MOTION TO STRIKE THE DECLARATION OF JACQUES VIDRINE, CASE NO. 08-3251 WHA

6

admissibility of opinion testimony. The Court should deny this portion of Psystar's motion to strike on that basis alone.

Even if the Court considers the admissibility of Mr. Vidrine's testimony under Federal Rule of Evidence 701, Mr. Vidrine's testimony is admissible. ███████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████ Thus, the bulk of Mr. Vidrine's declaration is not even subject to this part of Psystar's challenge.

In any event, even if the Court believes that Mr. Vidrine has provided opinion testimony, it is still admissible under FRE 701. Federal Rule of Evidence 701 reads: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. A lay witness is permitted to offer opinions based about his or her own business-based personal knowledge gained during employment. *See Hynix Semiconductor, Inc. v. Rambus Inc.*, 2008 U.S. Dist. LEXIS 16716, *35-36 (N.D. Cal. Feb. 19, 2008) (Whyte, J.) (identifying an exception to the "general rule" prohibiting lay opinion and allowing "a person to testify to opinions about their own businesses based on their personal knowledge of their businesses"); *see also Laser Design Int'l*, 2007 U.S. Dist. LEXIS 21329, at *12-13 (holding that the declaration of a company employee describing facts known to him as part of his employment would not be excluded on the ground that it was expert testimony).

███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████████

townsend.

APPLE INC.'S OPPOSITION TO PSYSTAR CORPORATION'S MOTION TO STRIKE THE DECLARATION OF
JACQUES VIDRINE, CASE NO. 08-3251 WHA

7

█████████    It falls squarely within the exception outlined in *Hynix v. Rambus* and the ruling of *Laser Design*. Contrary to Psystar's assertions, Mr. Vidrine's declaration should not be excluded as expert opinion.

### D.    Psystar's Request for Additional Relief

Psystar also asks that the Court deny Apple's Motion to Dismiss or Enjoin in its entirety and award Psystar $10,000 in attorneys' fees. No sanction is warranted in this instance, let alone such extreme ones.

The Ninth Circuit considers the following factors when determining whether a sanction under Rule 37(c)(1) is proper: (1) the public's interest in expeditious litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; [and] (5) the availability of less drastic sanctions." *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, 2009 U.S. Dist. LEXIS 64622, *6-7 (N.D. Cal. July 13, 2009) (Chen, Mag.) citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Here, not a single factor weighs in favor of granting any of Psystar's requested sanctions. First, there can be nothing more harmful to the public's interest in expeditious litigation than simultaneous litigation on opposite coasts covering substantially the same issues. Yet, if the Court denies Apple's motion in its entirety, that is precisely what will happen. Second, Apple included Mr. Vidrine's declaration in response to the Court's explicit invitation to file a motion on this issue so that the Court can determine how best to efficiently manage its docket. Consideration of Mr. Vidrine's testimony makes the Court's task of managing its docket easier, not harder. Third, Psystar suffers no prejudice from litigating in this Court issues relating to Snow Leopard, which are substantially similar to those already at issue in this case. Nor will Psystar suffer any prejudice if Apple is permitted to amend its disclosures to include Mr. Vidrine, since Psystar will have the opportunity to depose him. Fourth, Apple's motion (and Mr. Vidrine's declaration) are an attempt to have all issues regarding the legality of Psystar's conduct resolved on the merits in the most efficient manner possible — in front of this Court that has spent significant time studying these issues. Finally, although Apple does not believe striking Mr. Vidrine's testimony is warranted here, if the Court disagrees, there are less drastic sanctions

townsend.

APPLE INC.'S OPPOSITION TO PSYSTAR CORPORATION'S MOTION TO STRIKE THE DECLARATION OF JACQUES VIDRINE, CASE NO. 08-3251 WHA

8

available than denying Apple's motion in its entirety.

## III.    CONCLUSION

For the reasons stated above, the Court should deny Psystar's Motion to Strike Mr. Vidrine's Declaration and for Sanctions.

DATED:  September 21, 2009            Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: */s/ James G. Gilliland, Jr.*
        JAMES G. GILLILAND, JR.

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

62227613 v1

APPLE INC.'S OPPOSITION TO PSYSTAR CORPORATION'S MOTION TO STRIKE THE DECLARATION OF
JACQUES VIDRINE, CASE NO. 08-3251 WHA

9

# CERTIFICATE OF SERVICE

I, Esther Casillas, declare I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction this service was made. I am over the age of eighteen and not a party to this action. My business address is Townsend and Townsend and Crew LLP, Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111.

I served the following documents exactly entitled: **APPLE INC.'S OPPOSITION TO PSYSTAR CORPORATION'S MOTION TO STRIKE THE DECLARATION OF JACQUES VIDRINE AND FOR SANCTIONS** on the interested parties in this action following the ordinary business practice of Townsend and Townsend and Crew LLP, as follows:

K.A.D. Camara                              email: camara@camarasibley.com
Camara & Sibley LLP
2339 University Boulevard
Houston, TX 77005
Phone: 713-893-7973
Fax: 713-583-1131

David Vernon Welker                        email: david.welker@werolaw.com
Welker & Rosario
2230 Skillern Drive
Boise, Idaho 83709
Phone: 949-378-2900
Fax: 717-924-6627

☒    [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐    [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐    [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐    [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒    [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above via the court's ECF notification system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 21, 2009, at San Francisco, California.

*/s/ Esther Casillas*
Esther Casillas