# EXHIBIT 2
# TO THE
# DECLARATION OF JAMES G. GILLILAND, JR. IN SUPPORT OF APPLE INC.'S OPPOSITION TO PSYSTAR CORPORATION'S MOTION TO STRIKE THE DECLARATION OF JACQUES VIDRINE AND FOR SANCTIONS

| From: | Gilliland, James G. |
|---|---|
| Sent: | Tuesday, September 15, 2009 2:16 PM |
| To: | 'K.A.D. Camara' |
| Cc: | Gilliland, James G. |
| Subject: | Meet and Confer re: Motions |

Dear Kiwi:

I hope I can talk you out of filing any motions with regard to the Jacques Vidrine declaration or its use. After all, his testimony was explicitly discussed with Judge Alsup when you and I appeared before the Court on September 4 and formalized the process for addressing the duplicative action that Psystar has filed against Apple in Florida. I specifically said Jacques Vidrine would be made available to talk about any changes in the Snow Leopard technological protection measures:

```
Consequently, we suggest as follows: That the
7 parties -- that the Court allow discovery for another 30 days;
8 that Psystar turn over the source code for its new product;
9 that we be allowed to ask Mr. Pedraza what he did; and Apple
10 will make Mr. Vidrine available to testify about any changes in
11 the technological protection measure, so that those issues can
12 be finally resolved at the trial in January.
13 Beyond that, we will, of course, make a motion either
14 in this court to stay the proceedings in Florida, or in the
15 Florida court to transfer them here, or both.
16 But in the short run, in order to make this as
17 efficient as possible, our request is that the Court allow us
18 to take the small amount of discovery specifically related to
19 the newest product, released seven days ago. And, in exchange,
20 we will offer to make Mr. Vidrine available for anything that
21 relates to the changes as between Leopard and Snow Leopard.
```

Judge Alsup then asked for clarification that the release of Snow Leopard and the announcement of Psystar's new computers running Snow Leopard occurred after the close of discovery. Presumably Judge Alsup asked that question because he understands Apple could not possibly have taken discovery of Psystar regarding a product that had not been announced yet. And, since Apple did not know about Psystar's Snow Leopard computers until after discovery closed Apple was not required, until now, to identify Mr. Vidrine as a person Apple might rely upon. You, of course, had to admit that all of this has occurred since the close of discovery:

```
THE COURT: Help me understand. When did Snow
18 Leopard 10.6 come out?
19 MR. CAMARA: I believe it was August 28th, which
20 is --
21 THE COURT: Of this year?
22 MR. CAMARA: Of this year.
23 THE COURT: August 28th.
24 MR. CAMARA: Which is after the close of fact
25 discovery in this case.
```

THE COURT: And when did your company make this

1

```
2  announcement about your product?
3  MR. CAMARA: It was last week. I don't remember
4  precisely which day last week.
5  THE COURT: And just tell me, what did your
6  announcement say?
7  MR. CAMARA: We announced we are offering for sale
8  computers running Snow Leopard.
```

The Court then said these new facts might warrant the addition of new witnesses but told Apple to file a motion. That, of course, is exactly what we have done. That motion includes a request to reopen discovery and to allow Apple to amend its Initial Disclosures.

```
THE COURT: ... Possibly -- I'm
23 not saying it would be, but possibly this new development which
24 just occurred would constitute, quote, substantial
25 justification for a revised disclosure, even at this late date,
1  and to add Mr. Vidrine. And then he would be made available
2  and so forth.
3  Look, here is the answer to this. The answer is:
4  You've got to bring a motion.
5
```

Since Apple has done exactly as the Court instructed, Psystar cannot possibly argue in good faith that we have violated Rule 11 or any other rule. Thus, I urge you not to file any such motion.

Jim

2