TOWNSEND AND TOWNSEND AND CREW LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
MEGAN M. CHUNG (State Bar No. 232044)
J. JEB B. OBLAK (State Bar No. 241384)
Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jggilliland@townsend.com
       mboroumand@townsend.com
       mmchung@townsend.com
       jboblak@townsend.com

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PSYSTAR CORPORATION, a Florida corporation, and DOES 1-10, inclusive,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 08-3251 WHA<br><br>**REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES**<br><br>Date:        September 24, 2009<br>Time:       8:00am<br>Courtroom:  9<br>Trial Date:  January 11, 2010 |

**REDACTED PUBLIC VERSION**

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

townsend.

Dockets.Justia.com

# TABLE OF CONTENTS
Page

I. INTRODUCTION .................................................................................................1

II. ARGUMENTS AND AUTHORITIES.................................................................1

    A. The Pending Action Includes All Psystar Computers Running All Versions of Mac OS X..............................................................................1

    B. Apple Responded to Discovery Regarding Mac OS X ver. 10.6, While Psystar Did Not .................................................................................4

    C. Even If Psystar Has Devised Another Way to Crack the Encryption of Mac OS X That Does Not Warrant Filing A Different Lawsuit ..................................................................................................6

    D. The Key Legal Issues Regarding the Terms of the Mac OS X License Are Identical in the Two Lawsuits..............................................8

    E. Psystar's Unabashed Attempt to Avoid this Court's Prior Ruling Dismissing Its Antitrust Claims Should Be Halted..............................10

III. CONCLUSION....................................................................................................11
REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

i

townsend.

# TABLE OF AUTHORITIES

Page

**CASES**

*Apple Inc. v. Psystar Corp.*,
 586 F. Supp. 2d 1190 (N.D. Cal. 2008) ................................................................. 10, 11

*Decker Coal Co. v. Commonwealth Edison Co.*,
 805 F. 2d 834 (9th Cir. 1986) ........................................................................................ 2

*I.M.S. Inquiry Mgmt. Sys. Ltd. v. Berkshire Information Sys., Inc.*,
 307 F. Supp. 2d 521 (S.D.N.Y. 2004) ........................................................................... 4

*In re Crown Vantage, Inc.*,
 421 F.3d 963 (9th Cir. 2005) ...................................................................................... 11

*Med. Broad. Co. v. Flaiz*,
 2003 WL 22838094 (E.D. Pa. 2003) ............................................................................ 4

*Montgomery v. Noga*,
 168 F.3d 1282 (11th Cir. 1999) ................................................................................ 3, 4

*Olan Mills, Inc. v. Linn Photo Co.*,
 23 F.3d 1345 (8th Cir. 1994) ........................................................................................ 3

*Pac. & S. Co., Inc. v. Duncan*,
 744 F.2d 1490 (11th Cir. 1984) .................................................................................... 3

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
 678 F. 2d 93 (9th Cir. 1982) ......................................................................................... 2

*Perfect 10, Inc. v. Amazon.com, Inc.*,
 508 F.3d 1146 (9th Cir. 2007) ...................................................................................... 3

*Wall Data Inc. v. Los Angeles County Sheriff's Dept.*,
 447 F. 3d 769,786 .......................................................................................................... 8

**STATUTES**

17 U.S.C.:
 §106 ............................................................................................................................... 8
 §117(a) .......................................................................................................................... 3
 §411 ............................................................................................................................... 3
 §1201 ............................................................................................................................. 7
 §1201(a)(2) .................................................................................................................... 7

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE
RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

ii

townsend.

# TABLE OF AUTHORITIES
(continued)

**OTHER AUTHORITIES**

5 William F. Patry, *Patry on Copyrights*, § 17:78 (2009) .................................................................. 4

*Nimmer on Copyrights*, § 12A. 18(B) .................................................................................................. 4

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES  iii
CASE NO. 08-3251 WHA

townsend.

## I. INTRODUCTION

Since the filing of this lawsuit by Apple in July, 2008, Psystar has released seven different models of its computers, running eight different versions of Mac OS X, using three different mechanisms to cause Apple's software to run on Psystar's computers. Psystar does not, and cannot, contest that every one of these computer systems are at issue in this case. Nor does it argue that Apple was required to file another Amended Complaint every time Psystar introduced a new computer. Yet now Psystar senselessly contends that its newest computer system, which uses a fourth method to run the latest version of Apple's Mac OS X, is excluded from this action and, instead, should be the subject of a brand new Declaratory Relief action that Psystar just filed in Florida.

Every argument made by Psystar to try to justify its forum-shopping – filing a new lawsuit 3,000 miles away – is wrong or irrelevant or both. Specifically, Apple's Amended Complaint encompasses Psystar's violations of Apple's intellectual property rights in Mac OS X version 10.6 (Snow Leopard) because it was broadly drafted to include each version of Mac OS X. Apple never interfered with Psystar's opportunity to take discovery regarding Mac OS X version 10.6 (Snow Leopard); Apple and its witnesses answered all the questions on this subject that were put to them. The specific method Psystar employs ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉ is immaterial since Psystar's circumvention is unlawful however it occurs. Recent changes in the Mac OS X Software License Agreement render Psystar's conduct even less defensible, not more so. Finally, the antitrust allegations already dismissed once by this Court gain no additional credibility by being filed again in a different federal court. For all of these reasons, Apple's Motion to Dismiss or Enjoin should be granted.

## II. ARGUMENTS AND AUTHORITIES

### A. The Pending Action Includes All Psystar Computers Running All Versions of Mac OS X

Apple's Complaint and its Amended Complaint were carefully written: neither pleading limits Apple's allegations of copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA") to version 10.5 (Leopard) of Mac OS X. Psystar's repeated assertions

townsend.

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA                                                               1

to the contrary are simply wrong.

Snow Leopard is the trade name for the latest version of Mac OS X – version 10.6 – which was released to the public three weeks ago, on August 28, 2009. Because it is simply the latest version of Mac OS X, Snow Leopard is included in at least the following core allegations in Apple's Amended Complaint (Docket No. 38) (emphasis added):

> 21. Apple licenses the use of its Macintosh operating system ("**Mac OS**") software for use only on Apple-labeled hardware.... Upgrades to the **Mac OS** may be licensed separately, but the terms of the license prohibit use of the **Mac OS** or its upgrades on non-Apple hardware.
>
> 26. **Mac OS, Mac OS X**, Mac OS X version 10.5, and Mac OS X Server, individual files constituting components of **Mac OS, Mac OS X**, Mac OS X version 10.5, and Mac OS X Server,... are each original works of authorship created by Apple constituting copyrightable subject matter (hereafter, "the **Copyrighted Works**.")
>
> 27. Defendant has created derivative works from, reproduced, distributed and/or displayed the **Copyrighted Works** in violation of Apple's exclusive right under the Copyright Act.
>
> 45. Defendant has illegally circumvented Apple's technological protection measures that control access to Apple's **Copyrighted Works**.
>
> 48. ... Defendant has manufactured, imported, offered to the public, provided or otherwise trafficked a product, device, component, technology, software, or "code" ("the Circumvention Devices") that are primarily designed or produced for the purpose of either circumventing Apple's technological protection measures that effective control access to **Copyrighted Works**, or allowing third parties to access Apple's **Copyrighted Works** without authorization.
>
> Prayer for Relief, ¶2: Awarding Apple a preliminary and/or permanent injunction against the sale or distribution of any software or device... that allows for the running of **Apple software** on non-Apple computers....

Mac OS X version 10.6 (Snow Leopard) is the newest iteration of Mac OS X. It is encompassed within the Amended Complaint's definitions of Mac OS and Mac OS X as well as the definition of Copyrighted Works. Therefore, this Court is the first one to have jurisdiction over disputes regarding Psystar's infringement of Apple's rights in Snow Leopard and should decide how and where to resolve that dispute. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F. 2d 93, 95 (9th

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

2

Cir. 1982). Psystar admits that the lawsuits in California and Florida both "involve claims for copyright infringement and circumvention of the technological protection mechanisms [and] both involve first sale and §117 arguments by Psystar" (Opp. Br. at 8),[1] but characterizes these as only "superficial" similarities. In fact, however, as shown by the allegations from Apple's Amended Complaint cited above, these issues are the heart of the matter and should be resolved in one place for all purposes.

Psystar contends, incorrectly, that even if the words of Apple's Amended Complaint include Mac OS X version 10.6, the Amended Complaint should not be construed to cover that product because Apple has not yet registered its copyright in Snow Leopard. In fact, however, Apple has filed with the United States Copyright Office a request to register the Snow Leopard copyright expeditiously in accordance with the law. 17 U.S.C. §411. (Reply Declaration of Sue Carroll, ¶¶ 2-3; Exs. 1-3.) The Snow Leopard copyright is now registered as U.S. Copyright Reg. No. TX 6-973-319. (*Id.* ¶4; Ex. 4.) Moreover, since this Court undeniably has jurisdiction over Apple's claims that Psystar has infringed other registered copyrights, it was not even necessary that the copyright in Mac OS X version 10.6 also be registered. In *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1154-5d n.1 (9th Cir. 2007), the Ninth Circuit Court of Appeals resolved this exact issue:

> Once a court has jurisdiction over an action for copyright infringement under[ 17 U.S.C.] section 411, the court may grant injunctive relief to restrain infringement of any copyright, whether registered or unregistered. *See, e.g., Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

In addition, once a court has jurisdiction over a registered work, it also has jurisdiction over unregistered works that are derivative of the registered work. *Montgomery v. Noga*, 168 F.3d 1282 (11th Cir. 1999). In *Montgomery*, the copyright holder brought an action alleging infringement of his copyright in a computer program and a later upgrade of that computer program. *Id.* at 1287. The copyright in the original program was registered, but the copyright in

---

[1] Section 117 of the Copyright Act allows the "owner of a copy of a computer program" to make, under very limited circumstances not applicable here, a "new copy or adaptation" if that is done "as an essential step in the utilization of the computer program in conjunction with a machine...." 17 U.S.C. §117(a).

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

townsend.   3

the upgrade was not registered. Defendants argued that the derivative work could not be the subject of an infringement action because it was a "separate work" that required its own registration, and was not in existence at the time of the registration of the underlying work. *Id.* at 1292. However, the district court found, and the Eleventh Circuit agreed, that defendant's copying of the later work infringed the copyright in plaintiff's earlier computer program. *Id.* (collecting cases). Likewise here: since Snow Leopard evolved from Leopard, Psystar's copying infringes Apple's copyrights in <u>both</u> works. Accordingly, this Court has jurisdiction over all of Apple's copyright claims against Psystar.

Finally, this Court also has jurisdiction over Apple's claim that Psystar has violated the DMCA by circumventing the technological protection mechanism in Mac OS X version 10.6. *I.M.S. Inquiry Mgmt. Sys. Ltd. v. Berkshire Information Sys., Inc.*, 307 F. Supp. 2d 521, 531 n.9 (S.D.N.Y. 2004); *Med. Broad. Co. v. Flaiz*, 2003 WL 22838094, at 3 (E.D. Pa. 2003) (citing *Nimmer on Copyrights*, § 12A. 18(B)); 5 William F. Patry, *Patry on Copyrights*, § 17:78 (2009). Thus, there is no jurisdictional impediment that prevents this Court from resolving all of the disputes between Apple and Psystar.

### B. Apple Responded to Discovery Regarding Mac OS X ver. 10.6, While Psystar Did Not

Psystar's assertion that Apple stonewalled and did not provide discovery regarding any version of Mac OS X other than Leopard is simply incorrect. At least six Apple witnesses – Simon Patience, Phil Schiller, Kevin Van Vechten, Michael Culbert, Bob Mansfield and Greg Christie – provided deposition testimony relating to Snow Leopard. (*See* Boroumand Smith Declaration in Support of Apple's Motion, Exs. 6-11 [citing some of that deposition testimony]). Apple witnesses were never instructed to not answer questions regarding Snow Leopard. On occasion, Apple's counsel objected to the relevance of such questions since, at that time, the Mac OS X Snow Leopard upgrade had not yet been released and Psystar had provided no indication (either through its counsel or in its discovery responses) that it intended to run Snow Leopard on its computers. Nonetheless, Apple's witnesses were permitted to answer all the questions posed by Psystar.

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

4

townsend.

1     Furthermore, Psystar's explanation of the discovery responses is also inaccurate.

[text redacted]

17     Moreover, Apple produced documents beyond those relating only to Mac OS X Leopard.

[text redacted] . As Snow Leopard was not released until after the close of discovery and Psystar did not provide any discovery indicating its plans to run Snow Leopard on its machines,[3] Apple did not produce any Snow Leopard specific documents. Had

---

[2] [redacted]

[3] [redacted]

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-
FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA      5

townsend.

| | |
|---|---|
| 1 | Psystar not hidden its intent to run Snow Leopard on its computers, Apple would have provided |
| 2 | this information to Psystar as well. Additionally, as Apple has stated in its Motion to Dismiss or |
| 3 | Enjoin, it supports re-opening discovery for limited purposes so that Psystar (and Apple) can have |
| 4 | access to relevant Snow Leopard related documents from one another. |

**C. Even If Psystar Has Devised Another Way to Crack the Encryption of Mac OS X That Does Not Warrant Filing A Different Lawsuit**

Psystar has sold seven different computers shipped with eight different versions of Mac OS X. (Reply Declaration of Dr. John Kelly [hereafter, "Kelly Decl."] ¶ 2 and Ex. 1, [Excerpt from Kelly Report].) When Apple filed its Amended Complaint, Psystar was shipping two products with Mac OS X installed: the Open Computer and the OpenPro. Since then Psystar has added five products to its line: the Rack-Mount OpenPro, the Open(3), the Open(Q), the Open(7), and the Rack-Mount Open(7). (Kelly Decl., ¶ 2.) While Psystar now claims the computers running Snow Leopard are "entirely different," in truth its product line has not changed. Indeed, the Open(7) being offered with Snow Leopard has the same base specifications as the Open(7) that Psystar has been selling for months. Only the version of Mac OS X has changed. (Kelly Decl. ¶ 2.)




REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

6

townsend.

| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |

Psystar also says it is going to start selling a "dongle" sometime in the future that will allow users to load Mac OS X onto any computer, even if the computer does not come from Psystar.[5] Again, the physical form in which Psystar sells its circumvention device is irrelevant to its legal liability. The DMCA prohibits the manufacturing and sale of <u>any</u> "technology, product, service, device, component, or part thereof" primarily designed to circumvent a technological measure — ████████. Either way Psystar violates the law and infringes Apple's rights. That is the precise issue presented by this lawsuit; it should be resolved for all purposes in this trial, rather than forcing two judges and two juries to consider exactly the same legal claim.

---

[4] The DMCA, 17 U.S.C. §1201 states that "No person shall circumvent a technological measure that effectively controls access to a [copyrighted] work...."

[5] Apparently a "dongle" is nothing more than a USB drive – like a thumb drive – that can be plugged into a computer's USB port.

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

7

townsend.

### D. The Key Legal Issues Regarding the Terms of the Mac OS X License Are Identical in the Two Lawsuits

Each time Psystar loads any version of Mac OS X onto a Psystar computer it breaches Apple's Software License Agreement ("SLA") because that SLA (whether for Leopard or Snow Leopard) explicitly states that the licensee may only install Apple's software on a single Apple-labeled computer at a time.[6] *See,* Opp. Br., Exs. D and E, sec. 2.A. Moreover, since Psystar's copying and use of any version of Mac OS X on a non-Apple computer exceeds the scope of the Apple SLA, that copying and use constitutes copyright infringement. 17 U.S.C. §106. This fundamental issue permeates every aspect of this lawsuit as well as the newly-filed Florida action.

Psystar cannot in good faith contest that it makes multiple, unauthorized, copies of Mac OS X, both version 10.5 and version 10.6. Rather, it apparently intends to argue either that Apple's Software License Agreement is not enforceable or that it is not applicable. Psystar notes minor differences between the wording of earlier and later versions of Apple's Software License Agreement. Opp. Br. at 9-10. But the similarities between the SLAs dwarf their differences, and the differences do not matter. In all events, the minor word changes do not warrant a whole new lawsuit in Florida.

Psystar apparently intends to argue that it is not bound by the SLA because Apple "sells" Mac OS X rather than licensing it. This is known as the "first sale" defense under copyright law.[7] Both the older and newer version of the Mac OS X SLA explicitly state that Apple's software, "whether preinstalled on Apple-labeled hardware, on disk, in read only memory, on any other media or in any other form (collectively the 'Apple Software') **are licensed, not sold, to you** by Apple Inc. ("Apple") for use only under the terms of this license." Opp. Br. Ex. D, sec. 1; Ex. E, sec. 1 (emphasis added). The older version of the SLA (dated August 14, 2007) states that "You own the media on which the Apple Software is recorded but Apple and/or Apple's licensor(s)

---

[6] The later version of the Mac OS X SLA uses the wording "Apple-branded" rather than "Apple-labeled."

[7] *See, Wall Data Inc. v. Los Angeles County Sheriff's Dept.,* 447 F. 3d 769, 786 fn. 9 (9th Cir. 2006), "[T]he first sale doctrine rarely applies in the software world because software is rarely 'sold.'"

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

8

townsend.

retain ownership of the Apple Software." Opp. Br., Ex. E, sec. 1. The more recent version of the SLA (dated July 15, 2009) says "Apple and/or Apple's licensor(s) retain ownership of the Apple Software itself and reserve all rights not expressly granted to you." Opp. Br. Ex. D, sec. 1.

Psystar argues this language change may be significant to its first sale defense and says the new license is not at issue in this lawsuit.[8] However, Psystar ignores two crucial facts which demonstrate that it makes no sense to have two different lawsuits pending regarding the same legal dispute. First, if either version of the SLA helps Psystar's argument (and Apple believes that neither does) it is the 2007 version (which is clearly at issue in this case), not the 2009 version which eliminates the words "you own the media on which the Apple software is recorded...." Second, both versions of the SLA explicitly state that Apple's software is licensed, not sold. While the question whether the first sale defense applies must be resolved it need not be – and should not be – presented simultaneously to two different courts that could, conceivably, reach two different results. Rather, this Court, which has invested substantial time and resources into this dispute already, is the appropriate forum to address and resolve this legal issue.

Psystar claims the 2009 SLA allows consumers who are not willing to be bound by Apple's license to return opened software to Apple while the 2007 SLA is less clear. Psystar then hypothesizes that a consumer who purchased Leopard under the 2007 license from a retailer (not Apple) that does not accept returns of opened software might not be able to get a refund if that consumer chooses to not accept the license. Psystar next suggests that this hypothetical "lack of an opportunity to return the software may affect the enforceability of the license agreement." Opp. Br. at 10. Again it is premature for Apple to address the merits (if any) of this contention, except to note that Psystar submits no evidence whatsoever that any consumer has ever tried, unsuccessfully, to return Mac OS X because that person did not agree with its license terms. For the present purpose of deciding what court should address this claim, it is crucial to reiterate that the alleged failing in the SLA exists in the 2007 version, which is clearly at issue in this case, not the later version. Again, then, there is no reason for a completely new lawsuit; this Court will

---

[8] Apple is confident the language change has no bearing whatsoever on the validity of Psystar's first sale defense. For present purposes, however, that issue need not be resolved.

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

9

townsend.

address and resolve the issue.

Psystar next argues that the 2009 license contains an express prohibition on decompiling, decrypting, reverse engineering, disassembling or attempting to derive the source code of Mac OS X while the 2007 license does not. Opp. Br. at 10. That is incorrect: <u>both</u> licenses contain these prohibitions (*see*, Opp. Br. Ex. D, sec. 2.I.; Ex. E, sec. 2.F.), although the 2009 license specifically adds the word "decrypt." Yet again, Psystar's argument (if any) that it is allowed to decrypt under the DMCA is made worse by the 2009 SLA. Moreover, both licenses explicitly state that their restrictions on reverse engineering, etc., are subject to applicable law, including the DMCA. This is no basis for an entirely separate lawsuit.

Finally, Psystar notes that the 2009 SLA explicitly has a California choice of law provision. That is true but irrelevant; Apple already has asserted claims against Psystar under California law. Amended Compl., (Dkt. No. 38) ¶¶ 107-109.

### E. Psystar's Unabashed Attempt to Avoid this Court's Prior Ruling Dismissing Its Antitrust Claims Should Be Halted

Despite the fact that this Court already has considered and rejected the same antitrust claim that Psystar has re-filed in Florida, Psystar argues that this Court should not "intrude on and, indeed, preempt the judgment of Judge Hoeveler of the United States District Court for the Southern District of Florida" (Opp. Br. at 3) or "intervene in matters that should be decided by Judge Hoeveler...." (*Id.* at 12). But it is Psystar that is attempting to have Judge Hoeveler "intrude on" and "intervene in" the antitrust and unfair competition claims already decided by this Court. Indeed, Psystar's act of filing in Florida deliberately disregards this Court's prior Order giving Psystar the opportunity to "plead its best case" and warning that otherwise its prior antitrust counterclaims would be dismissed with prejudice. *Apple Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190, 1204 (N.D. Cal. 2008). In response Psystar specifically told the Court that it had chosen to "not re-plead its Sherman and Clayton Act antitrust claims (and related state claims)...." (Psystar's Motion For Leave to Amend Counterclaim, Dkt. No. 40, at p. 9, n.1.)

Psystar disingenuously argues that it could not have filed the current antitrust claims before, when directed to do so by this Court, because they involve a new product, Snow Leopard,

townsend.

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

10

and new definitions of the relevant market. But nothing claimed is truly new. Apple's allegedly anti-competitive conduct is its decision to license its Mac OS X software exclusively for use on Apple computers. This Court has already ruled that Apple does not violate the antitrust laws by licensing in this manner:

> Apple asks its customers to purchase Mac OS knowing that it is to be used only with Apple computers. (Compl. ¶28) **It is certainly entitled to do so**.

586 F. Supp. 2d at 1201 (emphasis added). Despite this unequivocal ruling, Psystar again challenges the exact same licensing practice, on the exact same legal theory, in Florida. *See*, Psystar's Florida Complaint, ¶¶21-25. The challenged restriction, found in section 2A of the SLA, has not changed since this Court's ruling in November, 2008.

Psystar attempts to justify its forum-shopping by alleging a different relevant market, a purported market for "premium personal computers." It also says it may amend in Florida to try a third bite at Apple, alleging a market for "personal computers running UNIX-based operating systems." Opp. Br. at 13. But if there are any such plausible relevant markets (which Apple disputes), those alleged markets existed in November, 2008, when Psystar was given the chance by this Court to try to plead its "best case." Since it did not do so then, Psystar cannot do so now in a different court across the continent. Psystar's "new" antitrust claim arises from the same operative facts – the same license restriction – as its dismissed one. Consequently, those claims are barred by Psystar's failure to assert them in this action. *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 n.7 (9th Cir. 2005).

### III. CONCLUSION

Psystar agrees it is within this Court's authority to enjoin prosecution of the Florida action. Opp. Br. at 14. Apple believes the Court should go further and order Psystar to dismiss the action entirely. There is absolutely no reason for two courts simultaneously to be considering the same legal issues between the same parties involving the same products. The best outcome of such a highly inefficient use of judicial resources is that both courts, after expending significant time and resources, reach the same result. The worst outcome, of course, is the opposite.

Psystar states it is eager for a trial in order to test the legality of its entire business. That is

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA
11

townsend.

a reasonable concern, but it leads to the conclusion that Apple's motion should be granted. It is much more efficient for the judicial system <u>and</u> the parties to briefly reopen discovery in this case, postpone the trial for a short time, and have <u>all</u> disputes resolved in this case than to have the substantial majority of them resolved in this action but then to conduct an entirely separate lawsuit over the remaining loose ends. Apple's Motion to Dismiss or Enjoin should be granted.

DATED: September 21, 2009

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: /s/*James G. Gilliland, Jr.*
JAMES G. GILLILAND, JR.

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

62227619 v1

REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES
CASE NO. 08-3251 WHA

12

townsend.

# CERTIFICATE OF SERVICE

I, Diane G. Sunnen, declare I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction this service was made. I am over the age of eighteen and not a party to this action. My business address is Townsend and Townsend and Crew LLP, Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111.

I served the following documents exactly entitled: **REPLY BRIEF IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES** on the interested parties in this action following the ordinary business practice of Townsend and Townsend and Crew LLP, as follows:

K.A.D. Camara  
Camara & Sibley LLP  
2339 University Boulevard  
Houston, TX 77005  
Phone: 713-893-7973  
Fax: 713-583-1131  

email: camara@camarasibley.com

David Vernon Welker  
Welker & Rosario  
2230 Skillern Drive  
Boise, Idaho 83709  
Phone: 949-378-2900  
Fax: 717-924-6627  

email: david.welker@werolaw.com

☐ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above via the court's ECF notification system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 21, 2009, at San Francisco, California.

/s/Diane G. Sunnen  
Diane G. Sunnen