# EXHIBIT B

Dockets.Justia.com

*fees pd*
*y URL*

1   RONALD RUS, #67369
    rrus@rusmiliband.com
2   LEO J. PRESIADO, #166721
    lpresiado@rusmiliband.com
3   RUS, MILIBAND & SMITH
    A Professional Corporation
4   Seventh Floor
    2211 Michelson Drive
5   Irvine, California 92612
    Telephone:  (949) 752-7100
6   Facsimile:  (949) 252-1514

7   Attorneys for Defendants BRIAN DUNNING and
8   THUNDERWOOD HOLDINGS, INC.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**SEP 2 9 2008**

ALAN CARLSON, Clerk of the Court

*R. Lucey*

BY  R. LUCEY

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

12  COMMISSION JUNCTION, INC.,          )   CASE NO. 08-00101025
                                        )
13              Plaintiff,              )   [ASSIGNED FOR ALL PURPOSES TO
                                        )   THE HONORABLE RANDELL L.
14  vs.                                 )   WILKINSON, DEPT. C25]
                                        )
15  THUNDERWOOD HOLDINGS, INC. dba      )   NOTICE OF MOTION AND MOTION TO
16  KESSLER'S FLYING CIRCUS; TODD       )   STAY DISCOVERY PENDING
    DUNNING; BRIAN DUNNING; and         )   CONCLUSION OF CRIMINAL
17  DOES 1 through 50, inclusive,       )   PROCEEDINGS; MEMORANDUM OF
                                        )   POINTS AND AUTHORITIES;
18              Defendants.             )   DECLARATIONS OF WILLIAM J.
                                        )   KOPENY AND BRIAN DUNNING IN
19                                      )   SUPPORT

20                                          DATE:    October 29, 2008
                                            TIME:    1:30 p.m.
21                                          DEPT.:   C25

22

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

337901v1 nl 9/26/08 25 (2785-0001)

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2           PLEASE TAKE NOTICE that on October 29, 2008, at 1:30 p.m., or as soon

3   thereafter as the matter may be heard in Department C25 of the above-entitled Court, located at

4   700 Civic Center Drive West, Santa Ana, California, Defendants Brian Dunning and

5   Thunderwood Holdings, Inc. (collectively, "Defendants") will and hereby do move the Court

6   for an order staying discovery in this action until conclusion of criminal proceedings relating to

7   the criminal investigation currently pending against Defendant Brian Dunning.  Pursuant to the

8   Court of Appeal decision in *Pacers, Inc. v. Superior Court* (1984) 162 Cal. App. 3d 686, 690,

9   a stay of discovery in a civil action is necessary and appropriate where civil and criminal

10  proceedings arise out of the same related transaction or conduct.  As explained in detail in the

11  attached Memorandum of Points and Authorities, such is the case in this action and a stay of

12  discovery is necessary and appropriate as a result.

13          This Motion is based on this Notice of Motion and Motion, the attached

14  Memorandum of Points and Authorities and Declarations of Brian Dunning and William J.

15  Kopeny, all pleadings and files in this matter and such additional evidence and argument as

16  may be presented at or before the time set for hearing.

17

18  DATED:  September 29, 2008          RUS, MILIBAND & SMITH
                                        A Professional Corporation
19

20                                      By:_____

21                                      RONALD RUS
                                        Attorneys for Defendants
22                                      BRIAN DUNNING and THUNDERWOOD
                                        HOLDINGS, INC. erroneously sued as
23                                      THUNDERWOOD HOLDINGS, INC. dba
                                        KESSLER'S FLYING CIRCUS
24

25

26

27

28

                                        2

337901v1 zl 9/26/08 25 (2785-0001)

## MEMORANDUM OF POINTS AND AUTHORITIES

1. **INTRODUCTION**

The facts of this case pertinent to this Motion mirror those of *Pacers, Inc. v. Superior Court* (1984) 162 Cal. App. 3d 686, wherein the Court of Appeal ruled that a stay of discovery in a civil action is necessary and appropriate where the civil action and pending criminal proceedings arise out of the same related transaction or conduct. As was the case with the defendant in *Pacers*, Defendant Brian Dunning is threatened with criminal prosecution. As set forth in the declaration of Mr. Dunning's criminal counsel, William Kopeny, the federal government has commenced and is actively pursuing a criminal investigation of Mr. Dunning regarding the very same conduct alleged by Plaintiff in this action.

A stay of discovery in this case will alleviate Mr. Dunning's difficult choice between defending either the civil or criminal case, as well as the inherent unfairness of compelling disclosure of Mr. Dunning's evidence and defenses prior to a possible criminal trial. As succinctly stated by the *Pacers* Court,

> "[t]o allow the prosecutors to monitor the civil proceedings hoping to obtain incriminating testimony from petitioners through civil discovery would not only undermine the Fifth Amendment privilege but would also violate concepts of fundamental fairness. . . we recognize postponing [discovery] will cause inconvenience and delay to real parties; however, protecting a party's constitutional rights is paramount."

*Pacers, supra,* at 690.

A stay of discovery is necessary and appropriate in this case.

2. **STATEMENT OF FACTS**

Mr. Dunning is the founder and sole shareholder of Defendant Thunderwood Holdings, Inc. ("Thunderwood"). Thunderwood together with Mr. Dunning's brother, Todd Dunning, do business as Kessler's Flying Circus ("KFC"). Until recently, KFC was in the business of implementing internet marketing programs on behalf of internet merchants such as eBay. More specifically, with respect to eBay, KFC was paid through eBay's agent, Plaintiff Commission Junction, Inc. ("Plaintiff"), to promote and direct on-line traffic to eBay's website. KFC was paid by eBay, via its agent Plaintiff, pursuant to a commission structure

3

1    based on the amount of on-line traffic visiting eBay's website as a result of KFC's efforts, as

2    well as the number and amount of sales by eBay generated from such traffic.

3         Plaintiff commenced this action on January 4, 2008. Plaintiff generally alleges

4    that all defendants "entered into a written Publisher Service Agreement ('Agreement') whereby

5    [Plaintiff] agreed to provide goods and services to and for [all defendants]." (Second Amended

6    Complaint, ¶ 12). Plaintiff alleges that the Publisher Services Agreement is the contract under

7    which KFC provided the marketing services described above to eBay. Plaintiff goes on to

8    specifically allege that all defendants "breached the Agreement by, *inter alia, inflating traffic,*

9    *forcing cookies, infringing on others proprietary rights, providing links and widgets to*

10   *wrongfully promote and/or force traffic to ebay.com, and promoting objectionable content* as

11   that is defined in the Agreement." (Second Amended Complaint, ¶ 16, emphasis added).[1/]

12        On June 18, 2007 and prior to the commencement of this action, the Federal

13   Bureau of Investigation ("FBI") conducted a search of Mr. Dunning's personal residence

14   located in Laguna Niguel, California. More specifically, at 7:30 a.m. on June 18th,

15   Mr. Dunning opened his front door in response to the advisement that an FBI search warrant

16   was being served.

17       Upon entering Mr. Dunning's home, FBI agents proceeded to search every room

18   of his home. Over the course of the next three hours the agents proceeded to seize, itemize and

19   remove all electronic equipment in the home including all computers, disk drives, hard drives,

20   cell phones and servers used by Mr. Dunning. A true and correct copy of the itemized "seized

21   property" list prepared by the FBI and given to Mr. Dunning is attached as Exhibit "2."

22       In addition to the search and seizure, special agent Lisa Miller, who operates

23   out of the San Francisco office of the FBI, proceeded to interview Mr. Dunning in his

24   living room for approximately three hours. The focus of Agent Miller's questioning was

25   Mr. Dunning's involvement in the business of KFC, and in particular KFC's contract and

26   services relating to Plaintiff and eBay. Agent Miller inquired specifically as to such issues as

27

28    [1/]   A True and correct copy of Plaintiff's Second Amended Complaint is attached (without exhibits) as
Exhibit "1." Plaintiff's First Amended Complaint contained these same allegations verbatim.

4

1   "forcing cookies," "forcing clicks," the provision of "links" and "widgets," and the direction of

2   internet traffic to the eBay website in connection with KFC's services relating to Plaintiff and

3   eBay.  Whether Plaintiff or any of Plaintiffs' employees are also under investigation is

4   unknown.

5            After the FBI search and interview, Mr. Dunning retained criminal counsel,

6   William J. Kopeny whose offices are located in Irvine, California.  As set forth in Mr.

7   Kopeny's attached declaration, through his representation of Mr. Dunning, Mr. Kopeny has

8   learned that the FBI search described above was as a result of a federal search warrant issued

9   by the District Court of the Northern District of California, the District in which the corporate

10   offices of eBay are located.  Mr. Kopeny has also learned that Mr. Dunning is a target of an

11   open criminal investigation pending in the Northern District of California related to his

12   involvement with KFC, and in particular, KFC's services relating to Plaintiff and eBay.  More

13   specifically, Mr. Kopeny has been in contact with Assistant United States Attorney Kyle F.

14   Waldinger who is the lead United States Attorney on the matter and who is assigned to the

15   Computer Hacking and Intellectual Property Unit ("CHIP Unit") of the United States

16   Attorney's Office for the Northern District of California.  Whether Plaintiff or any of

17   Plaintiff's employees are also targets is unknown.

18            By its own description set forth on the official website of the United States

19   Department of Justice, the CHIP Unit is charged with combating "cybercrime."  In addition,

20   the CHIP Unit "works closely with the FBI and other agencies *to establish a relationship with*

21   *the local high tech community and encourage them to refer cases to law enforcement."*

22   (emphasis added.)  The CHIP Unit is specifically charged with *coordinating law enforcement*

23   *and the technology industry "to share expertise and information technology, to assist each*

24   *other 24 hours a day, seven days a week, around the clock, to prevent cybercrime wherever*

25   *possible..."*  (emphasis added.)[2]

26   / / /

27

28            [2]   See Declaration of William J. Kopeny.

                                        5

337901v1 cl 9/26/08 25 (2785-0001)

1         As set forth below, it cannot be reasonably disputed that a stay of discovery to

2   protect Mr. Dunning's Constitutional rights is required in this case. As recognized by the

3   *Pacers* Court, "[t]o allow the prosecutors to monitor the civil proceedings hoping to obtain

4   incriminating testimony from petitioners through civil discovery would not only undermine the

5   Fifth Amendment privilege but would also violate concepts of fundamental fairness. . . we

6   recognize postponing [discovery] will cause inconvenience and delay to real parties; however,

7   protecting a party's constitutional rights is paramount." *Pacers*, *supra*, at 690.  By its own

8   description, the federal government is coordinating with the technology industry, presumably

9   including Plaintiff and eBay, to assist in the prosecution of the type of conduct alleged by

10  Plaintiff in this case.

11  3.   ARGUMENT

12        In *Pacers*, *supra*, the defendants were individuals who were employees of Pacers

13  Bar, as well as Pacers, Inc. which owned the bar.  The individual employees of the bar were

14  involved in a fist fight with undercover DEA agents who were at the bar.  As a result of the fist

15  fight, the undercover DEA agents commenced a civil suit for assault and battery against

16  Pacers, Inc. and the individual employees of the bar.  At the same time the United States

17  Attorney General for the Southern District of California sought indictments against the

18  individual employees for criminal assault and battery.  Although the federal grand jury refused

19  to issue indictments, the United States Attorney maintained an "open file" on the individuals.

20  *Pacers*, *supra*, at 687.  As such, the facts in *Pacers* mirror those of this case.  Indeed, as set

21  forth in the declaration of Mr. Kopeny, the United States Attorney has confirmed that it

22  maintains an open criminal investigation of Mr. Dunning and that Mr. Dunning is a "target"

23  (i.e., actively believed to be a future criminal defendant, based on an ongoing investigation) in

24  connection with the very same conduct alleged by Plaintiff in this civil action.

25        The *Pacers* court recognized two distinct disadvantages to a defendant defending

26  against both a civil action and a criminal investigation or prosecution, each of which the court

27  found to jeopardize the defendant's Constitutional rights.

28  ///

6

337901v1 n1 9/26/08 25 (2785-0001)

1    First, a defendant in concurrent civil and criminal actions is faced with the

2    choice of having to defend against either the civil or criminal case.  More specifically, to

3    adequately defend against the civil action the defendant would need to give his side of the

4    story, and otherwise provide a defense, by presentation of testimony at trial.  Of course, in a

5    civil proceeding the plaintiff is entitled to preview such testimony as part of the discovery

6    process.  Nevertheless, to adequately defend against the civil complaint, the defendant

7    necessarily will have to give testimony he could not otherwise be compelled to give in

8    defending against a criminal investigation and/or prosecution because his silence is

9    Constitutionally guaranteed by the Fifth Amendment.[2]  Recognizing that the civil defendants in

10    *Pacers* "had no obligation to disclose to [the civil plaintiffs] information they reasonably

11    believed might be used against them in a criminal proceeding," the *Pacers* court determined

12    that a stay of discovery was necessary until the expiration of the criminal statute of limitations

13    pertinent to the "open file" maintained by the United States Attorney:

14           "*Where, as here, a defendant's silence is constitutionally
            guaranteed,* the court should weight the parties' competing
15           interests with a view toward accommodating the interests of both
           parties, if possible.  *An order staying discovery until expiration*
16           *of the criminal statute of limitations would allow real parties to
           prepare their lawsuit while alleviating petitioners' difficult*
17           *choice between defending either the civil or criminal case.*
           [citation omitted].  This remedy is in accord with federal practice
18           *where it has been consistently held that when both civil and
           criminal proceedings arise out of the same or related*
19           *transactions, an objecting party is generally entitled to a stay of
           discovery in the civil action until disposition of the criminal*
20           *matter.*"  *Pacers, supra*, at 690 (emphasis added).

21

22    Second, the *Pacers* court recognized the "inherent unfairness" of compelling

23    disclosure of a civil defendant's evidence and defenses while such defendant is under threat of

24    criminal prosecution for the same alleged conduct:

25           "Under these circumstances, *the prosecution should not be able
           to obtain, through the medium of civil proceedings, information*

26

27    [2]   The portion of the Fifth Amendment to the United States Constitution pertinent here states as follows:

28    "...[No person] shall be compelled in any criminal case to be a witness against himself,..." It is well grounded that
the meaning of the term "criminal case" includes criminal investigations. *Petition of Groban*, 352 U.S. 330,333
(1957).

337901v1 nl 9/26/08 25 (2785-0001)

1     *to which it is not entitled under the criminal discovery rules.*
     [citation omitted]. *Here, although petitioners are not criminal*
2     *defendants, they are nevertheless threatened with criminal*
     *prosecution. To allow the prosecutors to monitor the civil*
3     *proceeding hoping to obtain incriminating testimony of*
     *petitioners through civil discovery would not only undermine the*
4     *Fifth Amendment privilege but would also violate concepts of*
     *fundamental fairness.*" *Pacers, supra,* at 691 (emphasis added).
5

6    In this case, it is particularly apparent that the United States Attorney is monitoring this action

7 (or at least has an expressed interest in monitoring this action) for the purposes of its open

8 investigation of Mr. Dunning. As set forth above and in Mr. Kopeny's attached declaration, it

9 is the express and published position of the United States Attorney (and in particular the CHIP

10 Unit) to act hand in hand with the technology industry, which includes Plaintiff and eBay, *"to*

11 *share expertise and information technology, to assist each other 24 hours a day, seven days a*

12 *week, around the clock, to prevent cybercrime wherever possible...*" As such, the very

13 "fundamental unfairness" and "undermining of the Fifth Amendment privilege" deterred by the

14 *Pacers* court will come to pass in this case should discovery not be stayed.

15         In sum, a stay of discovery in this case will alleviate Mr. Dunning's difficult

16 choice between defending either the civil or criminal case, as well as the inherent unfairness of

17 compelling disclosure of Mr. Dunning's evidence and defenses prior to a possible criminal

18 trial. As succinctly stated by the *Pacers* Court, "[t]o allow the prosecutors to monitor the civil

19 proceedings hoping to obtain incriminating testimony from petitioners through civil discovery

20 would not only undermine the Fifth Amendment privilege but would also violate concepts of

21 fundamental fairness. . . we recognize postponing [discovery] will cause inconvenience and

22 delay to real parties; however, protecting a party's constitutional rights is paramount."

23 *Pacers, supra,* at 690. The motion should be granted.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

8

337901v1 nl 9/26/08 25 (2785-0001)

00/00/0000          08:37          FIRST LEGAL SUPPORT          714 541 8182

1 | 4.   <u>CONCLUSION</u>

2 |         For all the above reasons, Mr. Dunning respectfully requests that the Motion be

3 | granted in its entirety.

4 |

5 | DATED:  September 29, 2008                    Respectfully submitted,

6 |                                               RUS, MILIBAND & SMITH
                                                  A Professional Corporation
7 |

8 |                                               By:_____

9 |                                                  RONALD RUS
                                                     Attorneys for Defendants
10 |                                                 BRIAN DUNNING and THUNDERWOOD
                                                     HOLDINGS, INC. erroneously sued as
11 |                                                 THUNDERWOOD HOLDINGS, INC. dba
                                                     KESSLER'S FLYING CIRCUS
12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

                                          9

337901v1 nl 9/26/08 25 (2785-0001)