# EXHIBIT C

Dockets.Justia.com

00/00/0000          08:37       FIRST LEGAL SUPPORT          714 541 8162

ORIGINAL

1   RONALD RUS, #67369
    rrus@rusmiliband.com
2   LEO J. PRESIADO, #166721
    lpresiado@rusmiliband.com
3   RUS, MILIBAND & SMITH
    A Professional Corporation
4   Seventh Floor
    2211 Michelson Drive
5   Irvine, California 92612
    Telephone:  (949) 752-7100
6   Facsimile:  (949) 252-1514

7   Attorneys for Defendants BRIAN DUNNING and
8   THUNDERWOOD HOLDINGS, INC.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 29 2008

ALAN CARLSON, Clerk of the Court

R. Lucey
BY  R. LUCEY

BY FAX

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

12  COMMISSION JUNCTION, INC.,          )  CASE NO. 00101025
                                        )       08-
13                     Plaintiff,       )
                                        )  [ASSIGNED FOR ALL PURPOSES TO
14  vs.                                 )  THE HONORABLE RANDELL L.
                                        )  WILKINSON, DEPT. C25]
15  THUNDERWOOD HOLDINGS, INC. dba      )
    KESSLER'S FLYING CIRCUS; TODD       )  NOTICE OF MOTION AND MOTION TO
16  DUNNING; BRIAN DUNNING; and         )  STAY DISCOVERY PENDING
    DOES 1 through 50, inclusive,       )  CONCLUSION OF CRIMINAL
17                                      )  PROCEEDINGS; MEMORANDUM OF
                                        )  POINTS AND AUTHORITIES;
18                     Defendants.      )  DECLARATIONS OF WILLIAM J.
                                        )  KOPENY AND BRIAN DUNNING IN
19                                      )  SUPPORT

20                                      DATE:    October 29, 2008
                                        TIME:    1:30 p.m.
21                                      DEPT.:   C25

22

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

                                    1

                              MOTION TO STAY DISCOVERY

337901v1 nl 9/26/08 25 (2785-0001)

## DECLARATION OF BRIAN DUNNING

I, BRIAN DUNNING, declare as follows:

1. I am an individual over the age of eighteen, and am a named defendant in the above-referenced civil action commenced by Commission Junction, Inc. ("Plaintiff"). I have firsthand personal knowledge of the facts set forth herein.

2. I am the founder and sole shareholder of Defendant Thunderwood Holdings, Inc. ("Thunderwood"). Thunderwood together with my brother, Todd Dunning, do business as Kessler's Flying Circus ("KFC").

3. Plaintiff commenced this action on January 4, 2008. A True and correct copy of Plaintiff's Second Amended Complaint is attached (without exhibits) as Exhibit "1."

4. On June 18, 2007 and prior to the commencement of this action, the Federal Bureau of Investigation ("FBI") conducted a search of my personal residence located in Laguna Niguel, California. Upon entering my home, the FBI agents, in my presence and the presence of my wife and two young children, searched every room of the house. Over the course of the next three hours the agents proceeded to seize, itemize and remove all computer equipment in the home including all computers, disk drives, hard drives, cell phones and servers used by me. A true and correct copy of the itemized "seized property" list prepared by the FBI and given to me is attached as Exhibit"2."

5. In addition to the search and seizure, special agent Lisa Miller, who operates out of the San Francisco office of the FBI, proceeded to interview me in my living room for approximately three hours.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 29th day of September, 2008, at Laguna Niguel, California.

BRIAN DUNNING

15



00/00/0000          08:37       FIRST LEGAL SUPPORT          714 541 8182

EXHIBIT "1"

1   **ERNSTER LAW OFFICES, P.C.**
    John H. Ernster, Esq., State Bar No. 59338
2   Phil J. Montoya, Jr., Esq., State Bar No. 124085
    70 South Lake Avenue, Suite 750
3   Pasadena, California  91101
    Telephone:   (626) 844-8800
4   Facsimile:   (626) 844-8944

5
    **Scott Patrick Barlow, Esq., State Bar No. 182295**
6   General Counsel
    4353 Park Terrace Drive
7   Westlake Village, California  91361
    Telephone:   (818) 575-4500
8   Facsimile:   (818) 575-4505

9
    Attorneys for Plaintiff
10  Commission Junction, Inc.

11

12                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              FOR THE COUNTY OF ORANGE, CENTRAL BRANCH

14

15  COMMISSION JUNCTION, INC.,        )   CASE NO.:  30-2008 00101025
                                      )   ASSIGNED FOR ALL PURPOSES TO:
16              Plaintiff,            )   JUDGE RANDELL L. WILKINSON
                                      )   DEPARTMENT C25
17                                    )
        v.                            )
18                                    )
    THUNDERWOOD HOLDINGS, INC. dba    )   **SECOND AMENDED COMPLAINT**
19  KESSLER'S FLYING CIRCUS; TODD     )   **FOR DAMAGES**
    DUNNING; BRIAN DUNNING; and       )   1.      Breach of Contract
20  DOES 1 through 50, inclusive,     )   2.      Open Book Account
                                      )   3.      Account Stated
21              Defendants.          )   4.      Reasonable Value
                                      )   5.      Conversion
22                                    )   6.      Unfair Competition
                                      )   7.      Declaratory Relief
23                                    )
                                      )
24  _____       )   *[Unlimited]*

25

26  Plaintiff Commission Junction, Inc. alleges as follows:

27          1.      At all times relevant herein, plaintiff Commission Junction, Inc. ("CJI") was

28  a corporation organized and existing under the laws of the State of Delaware and wholly

---

1

1    owned by ValueClick, Inc., a corporation organized and existing under the laws of the

2    State of California with its principal place of business in the County Los Angeles, State of

3    California.

4          2.     CJI is informed and believes that at all times relevant herein defendant

5    Kessler's Flying Circus was a California general partnership doing business in the State of

6    California and the Counties of Los Angeles and Orange.

7          3.     CJI is informed and believes that at all times relevant herein defendant

8    Thunderwood Holdings, Inc. was a California corporation doing business at times as

9    "Kessler's Flying Circus", in the State of California and the Counties of Los Angeles and

10   Orange.  Thunderwood Holdings, Inc. was at all times relevant a general partner of

11   Kessler's Flying Circus.

12        4.     CJI is informed and believes that at all times relevant herein defendant Todd

13   Dunning is an individual doing business in the State of California and the Counties of

14   Los Angeles and Orange.  Todd Dunning was at all times relevant a general partner of

15   Kessler's Flying Circus.

16        5.     CJI is informed and believes that at all times relevant herein defendant Brian

17   Dunning is an individual doing business in the State of California and the Counties of

18   Los Angeles and Orange.  Defendants Kessler's Flying Circus, Thunderwood Holdings,

19   Inc., Todd Dunning, and Brian Dunning will be referred to hereinafter collectively as

20   "KESSLER".

21        6.     At all times herein mentioned CJI's headquarters and principal place of

22   business was in Westlake Village, California.  The indebtedness described herein was

23   incurred and payable within the County of Los Angeles, State of California and in the

24   above judicial district.

25        7.     Said obligation is commercial in nature and not based on a retail installment,

26   sales contract, or a conditional sales contract and is not to subject the provisions of

27   California Civil Code §1812.10 and/or §2984.4.

28   ///

SECOND AMENDED COMPLAINT FOR DAMAGES

8.      CJI is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. CJI will amend this Complaint to allege the true names and capacities of said defendants when they are ascertained. CJI is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to pay the obligation described herein and that CJI's losses as alleged herein were proximately caused by said defendants' conduct.

9.      CJI is informed and believes and thereupon alleges that there exists an identity of interest between Thunderwood Holdings, Inc. (on the one hand) and Todd Dunning, Brian Dunning, and DOES 1-5 (on the other hand); that Todd Dunning, Brian Dunning, and DOES 1-5 completely and entirely dominate the affairs of Thunderwood Holdings, Inc., that Thunderwood Holdings, Inc. was and is undercapitalized and acts as a mere shell and alter ego for Todd Dunning, Brian Dunning, and DOES 1-5, and that to recognize the existence of Thunderwood Holdings, Inc. as separate from Todd Dunning, Brian Dunning, and DOES 1-5 would be a fiction and would result in a fraud and an injustice.

10.      CJI is informed and believes and thereupon alleges that each of the defendants herein are principals, agents, and employees of the other(s), acting at all time herein mentioned within the course and scope of their agency and employment and with the consent and permission of the other co-defendants.

### FIRST CAUSE OF ACTION

(Breach of Contract against KESSLER and DOES 1-20)

11.      CJI incorporates by this reference above paragraphs 1 through 10, inclusive, as if fully set forth herein.

12.      On or about April 14, 2005, CJI and defendants KESSLER, DOES 1-20, and each of them, entered into a written Publisher Service Agreement ("Agreement") whereby CJI agreed to provide goods and services to and for KESSLER. A true and correct copy of

3

1    the parties' Agreement is attached hereto as Exhibit "A" and incorporated herein by this

2    reference.  While Exhibit "A" is the Agreement defendants KESSLER, DOES 1-20, and

3    each of them, entered into the with CJI, it does not show the parties' signatures inasmuch

4    as defendants KESSLER, DOES 1-20, and each of them, chose to enter into the Agreement

5    via the Internet and the defendants have a copy of the Agreement printed that day.

6        13.    The Agreement includes the following provisions:

7            [KESSLER] "may not place Links to an Advertiser's Web Site or Web Site

8            content in third party newsgroups, message boards, blogs, unsolicited email

9            and other types of spam, link farms, counters, chatrooms, or guestbooks."

10           Agreement at Section 1(d)(i);

11           [KESSLER] "shall not cause any Transactions to be made that are not in

12           good faith, including, but not limited to, using any device, program, robot,

13           Iframes, or hidden frames."  Agreement at Section I(d)(ii);

14           "None of Your [KESSLER's] promotional activities may infringe an

15           Advertiser's proprietary rights  CJ's [CJI's] proprietary rights, or a third

16           party's proprietary rights.  Agreement at Section 1(d)(iii);

17           "You [KESSLER] represent and warrant that all promotional means used by

18           You [KESSLER] will not contain objectionable content (including but not

19           limited to content that is misleading, libelous, defamatory, obscene, violent,

20           bigoted, hate-oriented, illegal, and/or promoting illegal goods, services or

21           activities), and that You [KESSLER] will not mislead others.  You

22           [KESSLER] agree to:  (i) use ethical and legal business practices, (ii) comply

23           with the Advertisers' Program terms and this Agreement, (iii) maintain a

24           privacy policy on Your Web site and for any non-Web site based promotional

25           method made available to Visitors, and (iv) designate Your [KESSLER]

26           Publisher Account as "special" if You [KESSLER] promote an Advertiser(s)

27           by any means other than displaying a Link to the Advertiser on Your

28           [KESSLER] Web site. CJ [CJI] must approve all of Your [KESSLER]

4

1     promotional activities and may deem Your [KESSLER] promotional

2     activities inappropriate and a material breach of this Agreement in CJ's

3     [CJI's] sole discretion." Agreement at Section 2(b); and

4     "You [KESSLER] represent and warrant that: (i) You [KESSLER] have all

5     appropriate authority to operate, and to any and all content on, Your

6     [KESSLER] Web site(s); (ii) You [KESSLER] have all appropriate authority

7     in any promotional method you may choose to use." Agreement at

8     Section 7(c)(ii).

9         14.    CJI has performed all conditions, covenants, and promises required on its

10    part to be performed in accordance with the terms and conditions of said Agreement.

11        15.    CJI is informed and believes, and on that basis alleges, that beginning in

12    April of 2007 and continuing thereafter, defendants KESSLER, DOES 1-20, and each of

13    them, breached the Agreement by, *inter alia*, the following:  KESSLER was providing

14    third parties with the ability to place widgets on Websites that KESSLER did not

15    own/operate without permission from the website owners to do so; KESSLER's

16    WhoLinked provided a widget used by bloggers and webmasters to display a list of

17    high-ranking sites linking to their site; KESSLER's MySpaceMaps provided widgets users

18    placed on social networking profiles, including MySpace; and KESSLER did not comply

19    with the blog sites' terms and, importantly, the following MySpace terms, which prohibit

20    commercial activity without consent:

21        "Non-commercial Use by Members.  The MySpace Services are for the

22        personal use of Members only and may not be used in connection with any

23        commercial endeavors except those that are specifically endorsed or

24        approved by MySpace.com. Illegal and/or unauthorized use of the MySpace

25        Services, including collecting usernames and/or email addresses of Members

26        by electronic or other means for the purpose of sending unsolicited email or

27        unauthorized framing of or linking to the MySpace Website is prohibited.

28        Commercial advertisements, affiliate links, and other forms of solicitation

5

1    may be removed from Member profiles without notice and may result in

2    termination of Membership privileges. Appropriate legal action will be taken

3    for any illegal or unauthorized use of the MySpace Services."

4    "Content/Activity Prohibited. The following is a partial list of the kind of

5    Content that is illegal or prohibited to post on or through the MySpace

6    Services. MySpace.com reserves the right to investigate and take appropriate

7    legal action against anyone who, in MySpace.com's sole discretion, violates

8    this provision, including without limitation, removing the offending

9    communication from the MySpace Services and terminating the Membership

10    of such violators. Prohibited Content includes, but is not limited to Content

11    that, in the sole discretion of MySpace.com: ... involves commercial

12    activities and/or sales without our prior written consent such as contests,

13    sweepstakes, barter, advertising, or pyramid schemes."

14    16.    CJI is informed and believes, and on that basis alleges, that beginning in

15 April of 2007 and continuing thereafter, defendants KESSLER, DOES 1-20, and each of

16 them, further breached the Agreement by, *inter alia*, inflating traffic, forcing cookies,

17 infringing on other's proprietary rights, providing links and widgets to wrongfully promote

18 and/or force traffic to ebay.com, and promoting objectionable content as that is defined in

19 the Agreement. In addition, such actions by KESSLER, DOES 1-20, and each of them,

20 were fraudulent, unfair, deceptive, and misleading advertising and business practices which

21 are also breaches of the Agreement.

22    17.    Among other damaging results, these actions by defendants KESSLER,

23 DOES 1-20, and each of them, resulted in alleged violations of CJI's agreements with

24 eBay, Inc. which further resulted in the amount of $565,517.84 not being paid by eBay,

25 Inc. to CJI despite CJI paying that amount to defendants KESSLER, DOES 1-20, and each

26 of them.

27    18.    Pursuant to Section 3 of the Agreement, CJI has a right to a return from

28 defendants KESSLER, DOES 1-20, and each of them of the wrongful payment made to

1  defendants KESSLER, DOES 1-20, and each of them.

2          19.    Since June of 2007, CJI has requested that defendants KESSLER,

3  DOES 1-20, and each of them, perform their obligation, under the Agreement, by returning

4  the inadvertent payment of $565,517.84 made to defendants KESSLER, DOES 1-20, and

5  each of them, which payment was not due to defendants based on their conduct as set forth

6  herein above. True and correct copies of certain, but not all, requests for return of the

7  $565,517.84 are attached hereto collectively as Exhibit "B" and incorporated herein by this

8  reference.

9          20.    Defendants KESSLER, DOES 1-20, and each of them, further breached the

10  Agreement by failing and refusing to pay the sum owed as set forth herein above.

11          21.    In addition, defendants KESSLER, DOES 1-20, and each of them, breached

12  the implied covenant of good faith and fair dealing by, *inter alia*, the conduct set forth

13  herein above, failing and refusing to pay the sum owed, and failing to respond to repeated

14  requests for payment.

15          22.    No part of that sum has been paid, and is now due, owing and unpaid from

16  defendants, and each of them, to CJI, the sum of $565,517.84 as of June 15, 2007, and

17  interest thereon.

18          23.    As a further result of the breach by defendants KESSLER, DOES 1-20, and

19  each of them, CJI has retained counsel and has incurred, and will incur, attorneys' fees and

20  expenses in an amount according to proof, which it is entitled to recover pursuant to the

21  Agreement.

22

23                        SECOND CAUSE OF ACTION

24                (For Open Book Account Against All Defendants)

25          24.    CJI incorporates by reference the allegations of paragraphs 1 through 23

26  above as though fully set forth herein.

27          25.    CJI is informed and believes, and thereon alleges, that within the last year,

28  defendants KESSLER, DOES 1-20, and each of them, became indebted to CJI on an open

7

1   book account for a balance due in the sum of $565,517.84 as of June 15, 2007 for goods

2   and services furnished and delivered to defendants, and each of them, at their request.

3         26.    No part of this sum has been paid, although demand therefor has been made,

4   and the sum of $565,517.84 is now due and owing from said defendants, and each of them,

5   to CJI.

6

7                   THIRD CAUSE OF ACTION

8             (For Account Stated Against All Defendants)

9         27.    CJI incorporates by reference the allegations of paragraphs 1 through 26

10  above as though fully set forth herein.

11        28.    CJI is informed and believes, and on that basis alleges, that beginning in June

12  of 2007 and continuing thereafter, there was an account stated between CJI and defendants,

13  and each of them, in which the sum of $565,517.84 was agreed on as the balance due CJI.

14        29.    No part of such sum has been paid, although demand therefor has been made,

15  and the sum of $565,517.84 is now due and owing from said defendants, and each of them,

16  to CJI.

17

18                 FOURTH CAUSE OF ACTION

19           (For Reasonable Value Against All Defendants)

20        30.    CJI incorporates by reference the allegations of paragraphs 1 through 29

21  above as though fully set forth herein.

22        31.    CJI is informed and believes, and on that basis alleges, that beginning in

23  June 2007 and continuing thereafter defendants, and each of them, became indebted to CJI

24  in the reasonable sum of $565,517.84 for goods and services furnished to defendants, and

25  each of them, at their request, and that defendants promised to pay the reasonable value for

26  goods and services furnished.

27        32.    No part of such sum has been paid, although demand therefor has been made,

28  and the sum of $565,517.84 is now due and owing from said defendants, and each of them,

1    to CJI.

2

3                    FIFTH CAUSE OF ACTION

4                 (Conversion against All Defendants)

5        33.    CJI incorporates by this reference above paragraphs 1 through 32, inclusive,

6    as if fully set forth herein.

7        34.    At all times relevant, CJI had a right of ownership of its $565,517.84.

8    However, based on the wrongful conduct by and activities of defendants KESSLER, DOES

9    1-50, and each of them, as more fully described in Paragraphs 12-18 herein above, that sum

10   was wrongfully delivered to defendants KESSLER, DOES 1-50, and each of them.

11       35.    In June of 2007, CJI sent a payment of $565,517.84 to defendants

12   KESSLER, DOES 1-50, and each of them.  As set forth herein above, defendants

13   KESSLER, DOES 1-50, and each of them, were not owed the described sum of

14   $565,517.84 or at all.

15       36.    On numerous occasions, CJI has requested the return of the $565,517.84

16   from defendants KESSLER, DOES 1-50, and each of them, however, said defendants have

17   refused to return CJI's property and have converted it as their own.  The actions of

18   defendants KESSLER, DOES 1-50, and each of them, wrongfully and intentionally

19   interfered with CJI's right of possession of the $565,517.84.

20       37.    Because defendants KESSLER, DOES 1-50, and each of them, have

21   wrongfully exercised possession of CJI's property, there is now due, owing and unpaid

22   from defendants, and each of them, to CJI, the sum of $565,517.84 as of June 15, 2007,

23   and interest thereon.

24

25                    SIXTH CAUSE OF ACTION

26               (Unfair Competition against All Defendants)

27       38.    CJI incorporates by this reference above paragraphs 1 through 37, inclusive,

28   as if fully set forth herein.

39.   As more fully described in Paragraphs 12-18 herein above, defendants KESSLER, DOES 1-20, and each of them, engaged in unfair, deceptive, and misleading advertising and business practices.  Such conduct by defendants KESSLER, DOES 1-20, and each of them, violates California Business and Professions Code §17200 *et al.*

40.   Indeed, the actions of defendants KESSLER, DOES 1-20, and each of them, were unfair, deceptive, and misleading advertising and business practices such that the United States Federal Bureau of Investigation and/or United States Attorney initiated a Grand Jury investigation into said practices and subpoenaed CJI's business records regarding defendants KESSLER, DOES 1-20, and each of them.

41.   Since July of 2007, CJI has requested that defendants KESSLER, DOES 1-20, and each of them, halt its wrongful actions and return CJI's inadvertent payment of $565,517.84 made to defendants KESSLER, DOES 1-20, and each of them, which payment was not due to defendants based on their conduct as set forth herein above.

42.   Defendants KESSLER, DOES 1-20, and each of them, failed to halt their wrongful conduct as herein above alleged and have failed and refused to pay the outstanding sum of $565,517.84.

43.   No part of that sum has been paid, and is now due, owing and unpaid from defendants, and each of them, to CJI, the sum of $565,517.84 as of June 15, 2007; and interest thereon.

SEVENTH CAUSE OF ACTION

(Declaratory Relief against All Defendants)

44.   CJI incorporates by this reference above paragraphs 1 through 43, inclusive, as if fully set forth herein.

45.   An actual controversy has arisen and now exists between CJI and defendants KESSLER and DOES 1-50, inclusive.  CJI contends that defendants KESSLER and DOES 1-50, inclusive, engaged in unfair, deceptive, and misleading advertising and business practices and are obligated to pay CJI the sum of $565,517.84.  CJI is informed

1   and believes and thereon alleges that defendants KESSLER and DOES 1-50, inclusive,

2   contend otherwise.

3       46.    It would be fair, just, and appropriate for this Court to determine the rights

4   and obligations of the parties as to this matter, and declaratory relief is necessary and

5   appropriate at this time so that CJI may ascertain its rights and duties and have ascertained

6   defendants' obligations.

7       47.    CJI therefore seeks a declaratory judgment providing that defendants

8   KESSLER and DOES 1-50, inclusive, are obligated to provide CJI with the sum of

9   $565,517.84 as a result of the inadvertent payment and the defendants' conduct as

10  described herein above.

11

12      WHEREFORE, CJI prays for judgment in its favor and against defendants

13  KESSLER and DOES 1-50, and each of them, as follows on the causes of action:

14      <u>ON THE FIRST CAUSE OF ACTION</u>

15      1.    For general and specific damages according to proof, including attorneys'

16  fees, costs, expenses, and interest thereon;

17      <u>ON THE SECOND CAUSE OF ACTION</u>

18      2.    For general and specific damages according to proof, including attorneys'

19  fees, costs, expenses, and interest thereon;

20      <u>ON THE THIRD CAUSE OF ACTION</u>

21      3.    For general and specific damages according to proof, including attorneys'

22  fees, costs, expenses, and interest thereon;

23      <u>ON THE FOURTH CAUSE OF ACTION</u>

24      4.    For general and specific damages according to proof, including attorneys'

25  fees, costs, expenses, and interest thereon;

26      <u>ON THE FIFTH CAUSE OF ACTION</u>

27      5.    For general and specific damages according to proof, including attorneys'

28  fees, costs, expenses, and interest thereon;

1

### ON THE SIXTH CAUSE OF ACTION

2     6.     For general and specific damages according to proof, including attorneys'

3    fees, costs, expenses, and interest thereon;

### ON THE SEVENTH CAUSE OF ACTION

5     7.     For a judicial declaration that defendants KESSLER and DOES 1-50,

6    inclusive, are obligated to provide CJI with the sum of $565,517.84 as a result of the

7    inadvertent payment and the defendants' conduct as described herein above.

### ON ALL CAUSES OF ACTION

9     8.     For costs of suit incurred herein; and

10    9.     For such other and further relief, legal and/or equitable, as the Court may

11   deem just and proper.

12

13   Dated:  May 15, 2008            ERNSTER LAW OFFICES, P.C.

14                                  By: _Phil J. Montoya, Jr._____

15                                      Phil J. Montoya, Jr.
                                        Attorneys for Plaintiff
16                                      Commission Junction, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES

# EXHIBIT 2

EXHIBIT 2

EXHIBIT "2"

09/24/2008 WED 08:37   ITX/RX NO 7814]   ☒002

FIRST LEGAL SUPPORT        714 541 8182

FD-597 (Rev 8-11-94)                                                    Page _1_ of _3_

### UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # _2.8.8A-SF-141681_

On (date) _6/18/07_                              item(s) listed below were:
                                                ☐ Received From
                                                ☐ Returned To
                                                ☐ Released To
                                                ☒ Seized

(Name) _Brian Andrew Dunning_

(Street Address) _15 High Bluff_

(City) _Laguna Niguel, CA 92677_

Description of Item(s): 1) Check from "Progressive Solutions" for $6000.
2) Yellow note Pad with notes
3) State of CA Certificate of Title (2000 Jeep 1J8GA69144L166078)
4) Wells Fargo bank documents
5) Washington Mutual bank documents
6) White note pads w/ notes
7) Thunderwood Holdings Docs
8) Senex Docs.
9) Pacific Life docs
10) IRS/ Orange Co. Clerk-Recorder Docs
11) Fidelity Docs
12) Merrill Lynch Docs
13) Cingular Cell docs
14) Misc. Docs.
15) Tag returns 2003, 2004

(Room A)

Received By: _[signature]_                    Received From: _[signature]_
              (Signature)                                     (Signature)

Z00 ☒

08/24/2008 WED 13:32   [TX/RX NO 7614] ☑003

00/00/0000          08:37      FIRST LEGAL SUPPORT          714 541 8182

## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

188A-SE-141681

On (date)  6/18/07

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name)  Brian Andrew Dunning

(Street Address)  15 High Bluff

(City)  Laguna Niguel, CA 92677

Description of Item(s): 15) Toshiba laptop S/N 62064761P
16) Apple laptop (Macbook Pro) S/N W86A72ZBJ3 W/Keyboard
17) (3) acomdata hard drives S/N 65182161, S/N 65204025, S/N (No serial #)
18) Apple mini servers (5x) S/N YM6332ZQW0B, S/N YM6370SKWKN,
19) S/N YM64505DWKN, S/N YM6394HMW0B, S/N YM6251MJU36
20) Toshiba Disk Drive S/N L6G001975
20) Gateway Laptop S/N BCS98470134
21) Cingular Palm S/N PCU01Q7H24F
22) Garmin  59507833
23) Sprint Treo S/N PTPC02V6H1KG2
24) Dynex USB 2.0
25) Apple rechargeable battery S/N KEF24696TY6iBj misc.
cables

Room A

Received By: _____ (Signature)     Received From: _____ (Signature)

08/24/2006 WED 08:37   [TX/RX NO 7614] ☒004   FIRST LEGAL SUPPORT   714 541 8182

FD-597 (Rev 8-11-94)                                                          Page __3__ of __3__

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # _Z88A-SF-141681_

On (date) _6/13/07_

Item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) _Brian Andrew Dunning_

(Street Address) _15 High Bluff_

(City) _Laguna Niguel, CA 92677_

Description of Item(s): 26) Apple Laptop S/N W840805ANRX, cable (Room)
27) Apple desk top S/N W8320IVMNHX (Room F), keyboard
28) Apple laptop  S/N QT04669WJYY (Room D)
29) Samsung cell phone S/N RVFAC63868X, charger (Room D)
30) Samsung cell phone 2414248537, charger (Room D)
31) Misc docs, 4 CDs (outside trash can)
32) iPod 30GB S/N 8K6404BRV9R (Room M)
33) Apple iMac S/N W86494QVVUV (Room I)
34) iPod 4GB YM6201NC5ZC (Room I)
35) iPod 10GB S/N U23170C2NRH (Room I)

Received By: _[signature]_
(Signature)

Received From: _B_
(Signature)