# EXHIBIT E

commission junction

```
 1           SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                    FOR THE COUNTY OF ORANGE
 3                         DEPARTMENT C-25
 4
 5   COMMISSION JUNCTION, INC.,    )
                                   )
 6                  PLAINTIFF,     )
                                   )
 7              VS.                ) CASE NO. 2008-101025
                                   )
 8   THUNDERWOOD HOLDINGS, INC.,   )
                                   )
 9                  DEFENDANT.     )
                                   )
10
11
12      HONORABLE RANDELL W. WILKINSON, JUDGE PRESIDING
13                      REPORTER'S TRANSCRIPT
14                        OCTOBER 29, 2008
15
16
17
18   APPEARANCES OF COUNSEL:
19       FOR THE PLAINTIFF:    PHIL MONTOYA
                               ATTORNEY AT LAW
20
         FOR THE DEFENDANT:    LEO J. PRESIADO
21                             ATTORNEY AT LAW
22
23
24            ARLENE M. FERRARO, RPR, CSR #12035
                    OFFICIAL COURT REPORTER
25
26
                                                            2
```

```
 1   SANTA ANA, CALIFORNIA - WEDNESDAY, OCTOBER 29, 2008
```

```
                          commission junction
     2                    AFTERNOON SESSION
     3                        * * * * *
     4
     5         (WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HELD
     6   IN OPEN COURT:)
     7
     8         THE COURT:  TWO; COMMISSION JUNCTION VERSUS
     9   THUNDERWOOD HOLDINGS.
    10         MR. PRESIADO:  GOOD AFTERNOON, YOUR HONOR, LEO
    11   PRESIADO FOR THE MOVING PARTIES.
    12         MR. MONTOYA:  GOOD AFTERNOON, YOUR HONOR, PHIL
    13   MONTOYA ON BEHALF OF THE PLAINTIFF COMMISSION
    14   JUNCTION.
    15         THE COURT:  THE MOTION TO STAY DISCOVERY WILL BE
    16   DENIED.  THE COURT FINDS THAT THE CORPORATE DEFENDANT
    17   HAS NO 5TH AMENDMENT RIGHT.  IT WOULD HAVE TO BE
    18   SUBJECT TO DISCOVERY DEMANDS WHETHER A CRIMINAL CASE
    19   WERE PENDING OR NOT.
    20         AS TO THE DEFENDANT BRIAN DUNNING, THERE IS NO
    21   INDICATION OF HOW LONG THIS CRIMINAL INVESTIGATION CAN
    22   LAST.  AND MR. DUNNING CAN INVOKE HIS 5TH AMENDMENT
    23   RIGHT IF HE FEELS HE NEEDS TO IN ANY EVENT.  UP TO NOW
    24   HE'S APPARENTLY BEEN WILLING TO PROVIDE DISCOVERY
    25   WITHOUT INVOKING SUCH RIGHTS.
    26         ACCORDINGLY, THE REQUEST TO ESSENTIALLY GRANT A
                                                              3

     1   LIMITED STAY AS TO DISCOVERY WOULD BE DENIED.
     2         IS THERE ANYTHING MOVING PARTY WOULD LIKE TO
     3   SAY?
     4         MR. PRESIADO:  YES, YOUR HONOR.  I THINK I'LL
     5   TAKE THOSE POINTS IN REVERSE.
```

commission junction

6   WITH RESPECT TO PARTICIPATING IN DISCOVERY,
7   MR. DUNNING HAS NOT -- THE DOCUMENTS ATTACHED, THE
8   RESPONSES ATTACHED TO THE OPPOSITION PAPERS ARE IN
9   FACT, OBJECTIONS AND BLANKET OBJECTIONS WHICH THERE
10  HAS BEEN NO MOTION TO COMPEL ON IT AND THAT DEADLINE
11  HAS PASSED.
12      WITH RESPECT TO THE DILEMMA HE FACES WITH
13  TESTIFYING IN THIS CASE, I'LL CUT TO THE CHASE AND
14  GIVE THE COURT AN EXAMPLE.
15      A DEFENSE AVAILABLE TO MR. DUNNING IN THIS
16  CASE IS THAT A PLAINTIFF AUTHORIZED HIS CONDUCT WITH
17  RESPECT TO WHAT PLAINTIFF CLAIMS IS A BREACH OF THE
18  CONTRACT WHICH IS AT ISSUE.
19      NOW, IF HE WERE TO TESTIFY AS TO THAT, THAT
20  MAY -- AND I DON'T THINK IT DOES, BUT IT MAY CREATE
21  CRIMINAL LIABILITY THROUGH AN AGENCY-TYPE ARGUMENT
22  THAT THE ATTORNEY GENERAL MAY PURSUE.
23      WITH RESPECT TO THERE BEING NO INDICATION OF
24  HOW LONG THIS INVESTIGATION IS GOING TO LAST THAT IS
25  BECAUSE DESPITE MANY ATTEMPTS BY CRIMINAL COUNSEL
26  MR. COPENNY AND HIS DECLARATION IS ATTACHED THE

4

1   ATTORNEY GENERAL UP THERE WILL NOT INDICATE HOW LONG
2   THE INVESTIGATION WILL LAST.
3       I WOULD REQUEST WITH RESPECT TO THE
4   CORPORATION -- I UNDERSTAND THAT THE 5TH AMENDMENT
5   DOES NOT APPLY, BUT WITH RESPECT TO MR. DUNNING I
6   BELIEVE IT CERTAINLY DOES APPLY.
7       AND HE'S GOING TO BE FACED WITH THE DILEMMA OF
8   HAVING TO CHOOSE BETWEEN TESTIFYING TO A DEFENSE IN

commission junction

9   THIS CASE, THIS CIVIL CASE, AND POTENTIALLY EXPOSING
10  HIMSELF AND WAIVING HIS 5TH AMENDMENT RIGHT IN THE
11  INVESTIGATION WITH RESPECT TO THE CRIMINAL CASE.  I
12  THINK THAT'S EXACTLY WHAT THE PACERS COURT PROTECTS
13  AGAINST.
14       I DON'T KNOW WHAT TO SAY WITH RESPECT TO HOW
15  LONG THE INVESTIGATION WILL BE PENDING.  I DON'T KNOW
16  WHAT WE CAN DO OTHER THAN KEEP INQUIRING WITH THE
17  ATTORNEY GENERAL'S OFFICE UP THERE.  BUT I'M SURE
18  THERE IS A WAY TO FASHION A REMEDY THAT PROTECTS MY
19  CLIENT'S 5TH AMENDMENT CONSTITUTIONAL RIGHTS.
20       THE COURT:  WHY COULDN'T YOUR CLIENT JUST TAKE
21  THE 5TH AMENDMENT?
22       MR. PRESIADO:  BECAUSE TO THE EXTENT HE TAKES
23  THE 5TH AMENDMENT, HE WOULD NOT BE ABLE TO TESTIFY TO
24  FACTS ESTABLISHING A DEFENSE IN THE CIVIL CASE
25  VIS-A-VIS THIS AGENCY DEFENSE.
26       THE COURT:  BUT WHY SHOULD WE STOP DISCOVERY

5

1   BECAUSE OF THAT?  I WOULD THINK THEY MIGHT BE THE ONES
2   THAT WOULD BE DISADVANTAGED BY THE FACT THEY CAN'T,
3   FOR EXAMPLE, DEPOSE YOUR CLIENT OR GET DISCOVERY FROM
4   HIM.
5        MR. PRESIADO:  THAT MAY OR MAY NOT BE THE CASE,
6   YOUR HONOR, BUT TO THE EXTENT THIS CASE GOES TO TRIAL
7   AND ALL MY CLIENT HAS DONE IS ASSERT HIS 5TH AMENDMENT
8   RIGHT IN THE DEPOSITIONS, HE CAN'T VERY WELL TESTIFY
9   IN HIS TRIAL TO WHAT HE REFUSED TO TESTIFY --
10       THE COURT:  NOW, WAIT A MINUTE.  WE'RE NOT HERE
11  TODAY FOR A PREVIOUS ORDER FOR A CONTINUANCE OF TRIAL
12  OR ANYTHING LIKE THAT.  WE'RE HERE FOR A PROTECTIVE

commission junction

13  ORDER REGARDING DISCOVERY.  THE TRIAL IS A DIFFERENT
14  ISSUE.
15      MR. PRESIADO:  I UNDERSTAND, YOUR HONOR, BUT
16  I THINK THE PACERS COURT CONTEMPLATES AND I THINK
17  THERE'S EVEN SPECIFIC LANGUAGE IN THERE WITH RESPECT
18  TO WHAT'S GOING TO HAPPEN AT TRIAL AND HOW DISCOVERY
19  IS GOING TO IMPACT THAT, BOTH ON PLAINTIFF'S SIDE AND
20  ON THE DEFENDANT'S SIDE.  SO I THINK THAT HAS TO BE AT
21  LEAST CONSIDERED.
22      WHAT WE'RE ASKING FOR HERE TODAY AND I'LL PUT
23  ASIDE THUNDERWOOD, WHAT WE'RE ASKING FOR HERE TODAY
24  IS THAT MY CLIENT, THE INDIVIDUAL BRIAN DUNNING, BE
25  PERMITTED -- THAT A STAY BE IN PLACE WITH RESPECT TO
26  HIM HAVING TO TESTIFY OR GIVE WRITTEN DISCOVERY

6

1   RESPONSES UNTIL THERE'S SOME CLARITY WITH RESPECT TO
2   THE CRIMINAL CASE UP NORTH.
3       ONCE HE'S OUT OF THE WOODS, THEN THIS CASE CAN
4   PROCEED.
5       THE COURT:  WELL, AS LONG AS HE'S GOT HIS 5TH
6   AMENDMENT THAT HE CAN ASSERT, WHY DOES HE NEED A STAY?
7   I'M JUST NOT SEEING IT.
8       IF I'M NOT SAYING TODAY OKAY, LISTEN, YOU'RE
9   GOING TO GO TO TRIAL.  IT DOESN'T MAKE ANY DIFFERENCE
10  WHAT YOU TELL ME.  IF I'M NOT SAYING THAT TODAY, THEN
11  AS LONG AS HE'S GOT HIS 5TH AMENDMENT RIGHT THAT HE
12  CAN ASSERT, WHAT'S THE DOWN SIDE TO ALLOWING DISCOVERY
13  TO GO FORWARD?
14      I'M JUST NOT SEEING IT.
15      MR. PRESIADO:  IF THE COURT IS INDICATING THAT

commission junction
16 HE COULD ASSERT HIS 5TH AMENDMENT RIGHTS BUT STILL
17 BE ABLE TO ASSERT ALL DEFENSES EVENTUALLY AT TRIAL, IF
18 THIS DILEMMA IS MORE RIPE IN THE CONTEXT OF WHEN TRIAL
19 IS GOING TO GO FORWARD, I CAN UNDERSTAND THAT.
20     BUT I SAW THAT IT WAS RIPE TODAY BASED ON THE
21 PACERS CASE WHICH THE FACTS ARE ALMOST IDENTICAL ON.
22 AND THE COURT IN THE PACERS DID, IN FACT, ORDER A
23 STAY WITH RESPECT TO THE DISCOVERY AS TO THE
24 INDIVIDUAL DEFENDANT.
25     THE COURT:  WELL, I'M NOT MAKING A DECISION
26 TODAY WITH RESPECT TO WHEN THIS CASE ABSOLUTELY HAS TO

                                                    7

1  GO TO TRIAL; THAT'S NOT THE ISSUE THAT'S BEFORE ME
2  RIGHT NOW NOR ARE THERE ANY FACTS THAT REALLY SPEAK TO
3  THAT AT THIS POINT.
4      BUT I'M JUST FAILING TO SEE WHY DISCOVERY
5  COULDN'T BE CONDUCTED AT THIS POINT SO LONG AS
6  DEFENDANT HAS HIS 5TH AMENDMENT RIGHTS THAT HE CAN
7  ASSERT.
8      ANYTHING THAT THE PLAINTIFF WANTED TO SAY ON
9  THAT?
10     MR. MONTOYA:  NO, YOUR HONOR, UNLESS YOU HAVE
11 SPECIFIC QUESTIONS ABOUT THE ISSUE.
12     THE COURT:  I DON'T THINK SO.  THE RULING WILL
13 STAND, COUNSEL.  I'LL HAVE THE PLAINTIFF GIVE NOTICE.
14     MR. MONTOYA:  THANK YOU, YOUR HONOR.
15     THE COURT:  AND IF A PROBLEM COMES UP, THEN COME
16 BACK WITH ANOTHER MOTION.  BUT RIGHT NOW I'M JUST NOT
17 SEEING THE PROBLEM AS LONG AS THE DEFENDANT CAN ASSERT
18 HIS 5TH AMENDMENT RIGHTS.
19     MR. PRESIADO:  THANK YOU, YOUR HONOR.
                         Page 6

```
                        commission junction
20        MR. MONTOYA:  THANK YOU.
21        THE COURT:  THANK YOU.
22        (PROCEEDINGS CONCLUDED.)
23
24
25
26
```

```
 1    STATE OF CALIFORNIA  )
                           )  SS.
 2    COUNTY OF ORANGE     )
 3
 4
 5                   REPORTER'S CERTIFICATE
 6
 7
 8        I, ARLENE M. FERRARO, RPR, CSR NO. 12035,
 9    COURT REPORTER IN AND FOR THE SUPERIOR COURT OF THE
10    STATE OF CALIFORNIA, COUNTY OF ORANGE, DO HEREBY
11    CERTIFY THAT THE FOREGOING TRANSCRIPT IS A TRUE AND
12    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES AND A FULL,
13    TRUE AND CORRECT STATEMENT OF THE PROCEEDINGS HAD IN
14    SAID CAUSE.
15
16
17        DATED THIS      DAY OF                    , 2008.
18
19
20
21
22
```

```
                               commission junction
23

24

25          ARLENE M. FERRARO, RPR, CSR NO. 12035
                      OFFICIAL COURT REPORTER
26
```

```
 1

 2         ARLENE M. FERRARO, CSR NO. 12035, RPR
                   OFFICIAL COURT REPORTER
 3                    DEPARTMENT C-18
                 700 CIVIC CENTER DRIVE WEST
 4               SANTA ANA, CALIFORNIA  92702

 5

 6
                        I N V O I C E
 7

 8

 9       TO:      RUS MILIBAND & SMITH

10
         RE:      COMMISSION JUNCTION, INC. VS.
11                THUNDERWOOD HOLDINGS, INC.
                  EXPEDITED TRANSCRIPT
12
         DATE:    OCTOBER 29, 2008
13                AFTERNOON SESSION

14

15       ORIGINAL AND COPY OF TRANSCRIPT      $40.00

16

17
     PLEASE MAKE CHECK PAYABLE TO ABOVE-NAMED REPORTER.
18      AMOUNT DUE UPON RECEIPT.

19

20                        THANK YOU!

21
     PLEASE BE ADVISED THAT PURSUANT TO GOVT. CODE SECTION
22   69954(D):

23       "ANY COURT, PARTY OR PERSON WHO HAS PURCHASED
     A TRANSCRIPT MAY, WITHOUT PAYING A FURTHER FEE TO
24   THE REPORTER, REPRODUCE A COPY OR PORTION THEREOF AS
     AN EXHIBIT PURSUANT TO COURT ORDER OR RULE OR FOR
25   INTERNAL USE, BUT SHALL NOT OTHERWISE PROVIDE OR
     SELL A COPY OR COPIES TO ANY OTHER PARTY OR PERSON."
26
                           Page 8
```