# EXHIBIT F

Dockets.Justia.com

1  Stewart H. Foreman (CSB #61149)
   Daniel T. Bernhard (CSB #104229)
2  FREELAND COOPER & FOREMAN LLP
   150 Spear Street, Suite 1800
3  San Francisco, California 94105
   Telephone: (415) 541-0200
4  Facsimile: (415) 495-4332
   Email: foreman@freelandlaw.com
5         bernhard@freelandlaw.com

6  Attorneys for Defendants Todd Dunning
   and Kessler's Flying Circus, a partnership

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 20 2008

ALAN CARLSON, Clerk of the Court

BY B. LEA, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL BRANCH

| | |
|---|---|
| COMMISSION JUNCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> THUNDERWOOD HOLDINGS, INC. dba KESSLER'S FLYING CIRCUS; TODD DUNNING; BRIAN DUNNING, and DOES 1 through 50, inclusive,, <br><br> Defendants. <br><br> AND RELATED CROSS-COMPLAINT | CASE NO.: 30-2008 00101025 <br><br> ASSIGNED FOR ALL PURPOSES TO JUDGE RANDELL L. WILKINSON <br><br> **NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AGAINST DEFENDANTS TODD DUNNING AND KESSLER'S FLYING CIRCUS PENDING CONCLUSION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT BREAKSTONE, STEWART FOREMAN AND TODD DUNNING IN SUPPORT** <br><br> Date: November 19, 2008 <br> Time: 1:30 p.m. <br> Place: C25 <br> Trial Date: March 9, 2009 |

**BY FAX**

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 19, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard in Department C25 of the above-entitled Court, located at 700 Civic Center Drive West, Santa Ana, California, Defendants Todd Dunning ("Mr. Dunning") and Kessler's Flying Circus ("KFC") (collectively, "Defendants") will and hereby do move the Court for an order staying discovery in this action until conclusion of criminal proceedings relating to the criminal investigation currently pending against Defendant Todd Dunning. Pursuant to the Court of Appeal decision in *Pacers, Inc. v. Superior Court* (1984) 162 Cal. App. 3d 686, 690, a stay of discovery in a civil action is necessary and appropriate where civil and criminal proceedings arise out of the same related transaction or conduct. As explained in detail in the attached Memorandum of Points and Authorities, such is the case in this action and a stay of discovery is necessary and appropriate as a result.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and Declarations of Todd Dunning, Robert Breakstone, and Stewart H. Foreman, and all pleadings and files in this matter and such additional evidence and argument as may be presented at or before the time set for hearing.

Dated: October 20, 2008

FREELAND COOPER & FOREMAN LLP

By: _____
STEWART H. FOREMAN
Attorneys for Defendants Todd
Dunning and Kessler's Flying Circus

2

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AGAINST TODD DUNNING AND KFC PENDING CONCLUSION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT BREAKSTONE, STEWART H. FOREMAN AND TODD DUNNING IN SUPPORT
{00120694-4}

# MEMORANDUM OF POINTS AND AUTHORITIES INTRODUCTION

I. INTRODUCTION

The facts of this case pertinent to this Motion mirror those of *Pacers, Inc. v. Superior Court* (1984) 162 Cal. App. 3d 686, wherein the Court of Appeal ruled that a stay of discovery in a civil action is necessary and appropriate where the civil action and pending criminal proceedings arise out of the same related transaction or conduct. As was the case with the defendant in *Pacers*, Defendant Todd Dunning ("Mr. Dunning") has recently been informed by the United States Attorney's Office that he is threatened with criminal prosecution. As set forth in the declaration of Mr. Dunning's criminal counsel, Robert Breakstone, filed herewith, the federal government has commenced and is actively pursuing a criminal investigation of Mr. Dunning regarding the very same conduct alleged by Plaintiff in this action.

KFC is a general partnership in which the general partners are two corporations separately owned by Todd Dunning and Brian Dunning. Through this partnership business structure, Mr. Dunning and his brother and co-defendant in this case, Brian Dunning, conducted their business with Plaintiff Commission Junction, Inc. ("CJI" or "Plaintiff"). As described below, the only persons who can respond to or provide discovery on behalf of KFC are the Dunning brothers. KFC has no employees and its principal place of business is Brian Dunning's residence. KFC's business records were seized by the Federal Bureau of Investigation ("FBI") as set forth in the Motion to Stay Discovery Pending Conclusion of Criminal Proceedings, and the accompanying Declaration of William J. Kopeny and Exhibit 2 thereto, filed by Defendant Brian Dunning ("Brian Dunning Motion").

A stay of discovery in this case will alleviate Mr. Dunning's difficult choice between defending either the civil or criminal case, as well as the inherent unfairness of compelling disclosure of Mr. Dunning's evidence and defenses prior to a possible criminal trial. As succinctly stated by the *Pacers* Court;

> "[t]o allow the prosecutors to monitor the civil proceedings hoping to obtain incriminating testimony from petitioners through civil discovery would not only undermine the Fifth Amendment privilege but would also violate concepts of fundamental fairness. . . we recognize postponing [discovery] will cause inconvenience and delay to real parties; however,

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AGAINST TODD DUNNING AND KFC PENDING CONCLUSION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT BREAKSTONE, STEWART H. FOREMAN AND TODD DUNNING IN SUPPORT

{00120694-4}

3

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

protecting a party's constitutional rights is paramount."
*Pacers, supra*, at 690.

A stay of discovery is necessary and appropriate in this case for both Todd Dunning and KFC.

## II. STATEMENT OF FACTS

Mr. Dunning is the founder and sole shareholder of Dunning Enterprises, Inc. ("DEI"). (Declaration of Todd Dunning, ¶ 2). Mr. Dunning and later DEI along with Mr. Dunning's brother, Brian Dunning, did business as Kessler's Flying Circus ("KFC").[1] Until recently, KFC was in the business of implementing internet marketing programs on behalf of internet merchants such as eBay. More specifically, with respect to eBay, KFC was paid through eBay's agent, Plaintiff CJI, to promote and direct on-line traffic to eBay's website. KFC was paid by eBay, via its agent CJI, pursuant to a commission structure based on the amount of on-line traffic visiting eBay's website as a result of KFC's efforts, as well as the number and amount of sales by eBay generated from such traffic.

Plaintiff initially commenced this action on August 13, 2007, in Los Angeles County, but this case was moved to this Court on January 4, 2008. Plaintiff generally alleges in its complaint that all defendants "entered into a written Publisher Service Agreement ('Agreement') whereby [Plaintiff] agreed to provide goods and services to and for [all defendants]." (Declaration of Todd Dunning, Exhibit 2, Second Amended Complaint, ¶12). Plaintiff alleges that the Publisher Services Agreement is the contract under which KFC provided the marketing services described above to eBay. Plaintiff goes on to specifically allege that all defendants "breached the Agreement by, inter alia, inflating traffic, forcing cookies, infringing on others proprietary rights, providing links and widgets to wrongfully promote and/or force traffic to eBay.com, and promoting objectionable content as that is defined in the Agreement." (Declaration of Todd Dunning, Exhibit 2, Second Amended Complaint, ¶16)[2]

---

[1] Dunning Enterprises, Inc. ("DEI") became the co-general partner in Kessler's Flying Circus as of December 27, 2006, when it was incorporated in California and replaced Todd Dunning as a general partner in KFC. See, Declaration of Todd Dunning filed herewith, ¶ 2 and Exhibit 1 thereto. In 2007, KFC filed its federal partnership tax returns, including the Form K-1's for partners, showing DEI and Thunderwood Holdings, Inc. as its partners. See, Declaration of Todd Dunning, ¶ 3. The answer to the Second Amended Complaint and the Cross-Complaint by KFC will be amended to reflect this information about the history of the partnership composition of KFC.

[2] A true and correct copy of Plaintiff's Second Amended Complaint is attached (without exhibits) as Exhibit 2 to the accompanying Declaration of Todd Dunning.
4

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AGAINST TODD DUNNING AND KFC PENDING CONCLUSION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT BREAKSTONE, STEWART H. FOREMAN AND TODD DUNNING IN SUPPORT

{00120694-4}

On June 18, 2007, approximately one month prior to the commencement of this action, the Federal Bureau of Investigation ("FBI") conducted an interview of Mr. Dunning at his personal residence located in Aliso Viejo, California. The focus of the FBI's interview with Mr. Dunning was the business of KFC, and in particular KFC's contract and services relating to CJI and eBay. The FBI asked specific questions about issues such as the possibility or feasibility of "forcing cookies," "forcing clicks," "inflating traffic", the function of "links" and "widgets," and the direction of internet traffic to the eBay website in connection with KFC's services relating to CJI and eBay.

Mr. Dunning learned that the FBI simultaneously served a search warrant on Brian Dunning at his home, which was also the principal place of business of KFC. Mr. Dunning eventually learned that the FBI agents searched Brian Dunning's home, and seized and removed all electronic equipment in Brian Dunning's home including all computers, disk drives, hard drives, cell phones and computer servers located on the premises. A copy of the itemized "seized property" list prepared by the FBI and given to Brian Dunning is attached as Exhibit 2 to the Brian Dunning Motion.

The computer equipment and records seized by the FBI at Brian Dunning's home contained the all of the records of KFC's business activity relevant to its defense in this case. Todd Dunning does not have in his possession any of the business records of KFC. (Declaration of Todd Dunning, ¶¶ 6 & 7) Whether Plaintiff or any of Plaintiffs' employees were interviewed or are also under investigation is unknown.

After the FBI interview, Mr. Dunning retained criminal counsel, Robert Breakstone, whose offices are located in San Francisco, California. As set forth in Mr. Breakstone's attached declaration, through his representation of Mr. Dunning, Mr. Breakstone confirmed that the FBI served a search warrant on Brian Dunning and interviewed Todd Dunning. Mr. Breakstone also learned on September 16, 2008, that although Mr. Dunning originally was considered only a witness, he is now a "subject" of an open criminal investigation pending in the Northern District of California related to his involvement with KFC, and in particular, KFC's services relating to CJI and eBay. (Declaration of Robert Breakstone, ¶ 6) Mr. Breakstone also requested that the US Attorneys Office allow Todd Dunning and KFC to obtain a copy of the business records and computer information seized by the FBI from Brian Dunning's home so that those records could be used to defend the case filed by CJI

5

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AGAINST TODD DUNNING AND KFC PENDING CONCLUSION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT BREAKSTONE, STEWART H. FOREMAN AND TODD DUNNING IN SUPPORT
{00120694-4}

and eBay. This request was denied. (Declaration of Robert Breakstone, ¶ 4) Mr. Breakstone has also learned from the US Attorneys Office that eBay's lawyers have provided a copy of their civil complaint to that office and discussed their case with the Assistant US Attorney.[3] (Declaration of Robert Breakstone, ¶ 6) Mr. Breakstone has learned these facts through his contacts with Assistant United States Attorney Kyle F. Waldinger who is the lead United States Attorney on the matter and who is assigned to the Computer Hacking and Intellectual Property Unit ("CHIP Unit") of the United States Attorney's Office for the Northern District of California. Whether Plaintiff or any of Plaintiff's employees are also witnesses, subjects or targets is unknown.

As set forth below, it cannot be reasonably disputed that a stay of discovery to protect Mr. Dunning's Constitutional rights is required in this case. As recognized by the *Pacers* Court, "[t]o allow the prosecutors to monitor the civil proceedings hoping to obtain incriminating testimony from petitioners through civil discovery would not only undermine the Fifth Amendment privilege but would also violate concepts of fundamental fairness... we recognize postponing [discovery] will cause inconvenience and delay to real parties; however, protecting a party's constitutional rights is paramount." *Pacers, supra*, at 690. By its own description, the federal government is coordinating with at least one civil plaintiff, eBay, and possibly CJI, to assist in the prosecution of Todd Dunning for the type of conduct alleged by CJI in this case. KFC is also entitled to a stay since it cannot defend itself without the participation of the Dunning brothers in the discovery process and trial.

III. **ARGUMENT**

In *Pacers, supra*, the defendants were individuals who were employees of Pacers Bar, as well as Pacers, Inc. which owned the bar. The individual employees of the bar were involved in a fist fight with undercover DEA agents who were at the bar. As a result of the fist fight, the undercover DEA agents commenced a civil suit for assault and battery against Pacers, Inc. and the individual

---

[3] See, Declaration of Stewart H. Foreman, ¶¶ 2 & 3 filed herewith. During the first conversation between Mr. Foreman, counsel for Todd Dunning in the civil cases filed by CJI and eBay, and counsel for eBay, Mr. Foreman asked eBay's counsel if their conversations would be reported to the FBI or Assistant US Attorney, or if Mr. Foreman could consider them confidential between lawyers for the parties. Counsel for eBay declined to respond to this question or to agree that their conversations relevant to the eBay case would not be reported to the government's lawyers.

6

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AGAINST TODD DUNNING AND KFC PENDING CONCLUSION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT BREAKSTONE, STEWART H. FOREMAN AND TODD DUNNING IN SUPPORT
{00120694-4}

employees of the bar. At the same time the United States Attorney General for the Southern District of California sought indictments against the individual employees for criminal assault and battery. Although the federal grand jury refused to issue indictments, the United States Attorney maintained an "open file" on the individuals. *Pacers, supra*, at 687.

As such, the facts in *Pacers* mirror those of this case. Indeed, as set forth in the declaration of Mr. Breakstone, the Assistant United States Attorney has confirmed that it maintains an open criminal investigation of Mr. Dunning and that Mr. Dunning is a "subject" in connection with the very same conduct alleged by Plaintiff in this civil action. The *Pacers* court recognized two distinct disadvantages to a defendant defending against both a civil action and a criminal investigation or prosecution, each of which the court found to jeopardize the defendant's Constitutional rights.

First, a defendant in concurrent civil and criminal actions is faced with the choice of having to defend against either the civil or criminal case. More specifically, to adequately defend against the civil action the defendant would need to give his side of the story, and otherwise provide a defense, by presentation of testimony at trial. Of course, in a civil proceeding the plaintiff is entitled to preview such testimony as part of the discovery process. Nevertheless, to adequately defend against the civil complaint, the defendant necessarily will have to give testimony he could not otherwise be compelled to give in defending against a criminal investigation and/or prosecution because his silence is Constitutionally guaranteed by the Fifth Amendment.[4] Recognizing that the civil defendants in *Pacers* "had no obligation to disclose to [the civil plaintiffs] information they reasonably believed might be used against them in a criminal proceeding," the *Pacers* court determined that a stay of discovery was necessary until the expiration of the criminal statute of limitations pertinent to the "open file" maintained by the United States Attorney:

> "Where, as here, a defendant's silence is constitutionally guaranteed, the court should weigh the parties' competing interests with a view toward accommodating the interests of both parties, if possible. **An order staying discovery until expiration of the criminal**

---
[4] The portion of the Fifth Amendment to the United States Constitution pertinent here states as follows: "... [No person] shall be compelled in any criminal case to be a witness against himself,..." It is well grounded that the meaning of the term "criminal case" includes criminal investigations. *Petition of Groban*, 352 U.S. 330, 333 (1957).

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AGAINST TODD DUNNING AND KFC PENDING CONCLUSION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT BREAKSTONE, STEWART H. FOREMAN AND TODD DUNNING IN SUPPORT
(00120694-4)

7

> statute of limitations would allow real parties to prepare their lawsuit while alleviating petitioners' difficult choice between defending either the civil or criminal case. [citation omitted]. This remedy is in accord with federal practice where it has been consistently held that when both civil and criminal proceedings arise out of the same or related transactions, an objecting party is generally entitled to a stay of discovery in the civil action until disposition of the criminal matter." *Pacers, supra*, at 690 (emphasis added).

Second, the *Pacers* court recognized the "inherent unfairness" of compelling disclosure of a civil defendant's evidence and defenses while such defendant is under threat of criminal prosecution for the same alleged conduct:

> "Under these circumstances, the prosecution should not be able to obtain, through the medium of civil proceedings, information to which it is not entitled under the criminal discovery rules. [citation omitted]. Here, although petitioners are not criminal defendants, they are nevertheless threatened with criminal prosecution. To allow the prosecutors to monitor the civil proceeding hoping to obtain incriminating testimony of petitioners through civil discovery would not only undermine the Fifth Amendment privilege but would also violate concepts of fundamental fairness." *Pacers, supra*, at 691 (emphasis added).

In this case, it is particularly apparent that the United States Attorney is monitoring this action (or at least has an expressed interest in monitoring this action) through contacts with counsel for plaintiff in a related civil case for the purposes of its open investigation of Mr. Dunning and KFC. As such, the very "fundamental unfairness" and "undermining of the Fifth Amendment privilege" deterred by the *Pacers* court will come to pass in this case should discovery not be stayed.

A stay of discovery in this case will alleviate Mr. Dunning's difficult choice between defending either the civil or criminal case, as well as the inherent unfairness of compelling disclosure of Mr. Dunning's evidence and defenses prior to a possible criminal trial. CJI will not be prejudiced by this stay for the reasons discussed below regarding KFC, which are equally applicable to Mr. Dunning. As succinctly stated by the *Pacers* Court, "[t]o allow the prosecutors to monitor the civil proceedings hoping to obtain incriminating testimony from petitioners through civil discovery would not only undermine the Fifth Amendment privilege but would also violate concepts of fundamental fairness. . . we recognize postponing [discovery] will cause inconvenience and delay to real parties; however, protecting a party's constitutional rights is paramount." *Pacers, supra*, at 690.

There is no case precedent in California applying the principles from the *Pacers* case to a

8

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AGAINST TODD DUNNING AND KFC PENDING CONCLUSION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT BREAKSTONE, STEWART H. FOREMAN AND TODD DUNNING IN SUPPORT

{00120694-4}

general partnership such as KFC. However, the situation presented regarding KFC is distinguishable from *Avant! Corporation v. Superior Court* (2000) 79 Cal.App. 4th 876, which is the leading case in California denying a motion to stay of discovery against a corporation when some corporate employees claim the Fifth Amendment Privilege so as not to respond to discovery on behalf of the corporation. In that case the Court said that since a corporation has no privilege against self incrimination, it is obliged to appoint "an agent who could, without fear of self-incrimination, furnish such requested information as was available . . . ." *Id.* 884. The Court did not address the question of granting a stay in the interests of fairness and justice if all corporate agents would claim the privilege against self-incrimination and therefore no one could respond to discovery on behalf of the entity.

The *Avant!* decision applied the Ninth Circuit case of *Keating v. Office of Thrift Supervision* (9th Cir. 1995) 45 F.3d 322) in determining whether to exercise its discretion to issue a stay. "*Keating* observed that the question of whether a civil proceeding should be stayed pending the outcome of a parallel criminal proceeding often rests not on the constitutional issue of self-incrimination, but on the issue of abuse of discretion." *Avant!, supra.* at 885. The Ninth Circuit said in *Keating* that five factors should be considered, in addition to the defendant's fifth amendment rights: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Keating, supra.* at 885. In applying these factors the Court "should consider 'the extent to which the defendant's *fifth amendment* rights are implicated.'" (Citing, *Federal Sav. & Loan Ins. Corp. v. Molinari*, 889 F.2d 899, 902 (9th Cir. 1989).

The *Keating* factors should guide the Court in exercising its sound discretion to stay discovery against KFC, even if it does not have a Fifth Amendment privilege[5], and as to Mr. Dunning, who will assert his constitutional privilege against self-incrimination. Certainly Mr. Dunning's Fifth

---

[5] See. *Bellis v. United States*, 417 U.S. 85, 100 (1974) (where partnership determined to have an established institutional identity independent of its individual partners).

9

Amendment rights are implicated directly in the discovery relevant to CJI's claims in this case since those claims are identical to the issues raised by the FBI in the interview of Mr. Dunning. (Declaration of Todd Dunning, ¶ 8 and Second Amended Complaint, ¶ 16) In *Cadence Design Systems, Inc. v. Avanti, Inc.* 1997 U.S. Dist. LEXIS 24147, *2 (July 1997), the Court noted that a business entity is entitled to stay a civil action where a parallel criminal proceeding prejudices the entity's right to defend itself. With these general concepts in mind, and turning to the application of the first *Keating* factor, plaintiffs always express a desire to proceed with their litigation expeditiously, but there is no prejudice to CJI from a delay. There is no risk that relevant documents will be lost during any delay in this case. All of KFC's business documents are in the possession of the FBI, so they should be assumed to be in a safe location until the criminal proceedings are concluded. Mr. Dunning has no KFC documents in his possession. CJI could even be prejudiced in proceeding now with its case because it also cannot gain access to KFC's records that are in the hands of the FBI. CJI's claim is for a return of money, so if CJI ultimately prevails, any delay in obtaining those funds may be handled by the Court, if appropriate, through post-judgment interest. The second factor should be critical to the Court's evaluation of this issue. The extreme burden and prejudice to KFC and Mr. Dunning is quite obvious if they have to proceed with their defenses without access to any of KFC's records, and without testimony from either of the Dunning brothers who will assert their constitutional rights. The third factor may be best evaluated by the Court itself, but it appears to the moving parties that judicial resources may be wasted by allowing this case to attempt to proceed through discovery and to trial when the defendants are unable to respond to discovery or provide a meaningful defense because their records are in the possession of the FBI and their witnesses will not testify under the claim of their constitutional rights. The fourth factor from *Keating* does not seem relevant as there are no other persons aside from these parties interested in the outcome of this litigation. If eBay is in theory an interested party, whether this case proceeds against KFC or the Dunning brothers is still of no consequence to it since it has filed its own separate litigation against the same defendants. (Declaration of Robert Breakstone, ¶ 5) Finally, the public interest is not affected by the stay since the business of KFC has ended. If KFC's activities are ultimately determined to have been improper, the public has been fully protected since June 2007 when CJI

10

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AGAINST TODD DUNNING AND KFC PENDING CONCLUSION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT BREAKSTONE, STEWART H. FOREMAN AND TODD DUNNING IN SUPPORT
{00120694-4}

and eBay terminated KFC's promotional activities on the internet. KFC has no ongoing business to pose any concern to the public even if CJI eventually proves the allegations in its Second Amended Complaint. In the case of *Grubbs v. Irey*, 2008 U.S. Dist. LEXIS 26758,*6 (March 2008), the U.S. District Court for the Eastern District of California observed that in weighing these factors "substantial weight" should be given to the public interest in law enforcement in balancing the rights of civil litigants to a reasonably prompt determination of their claims. In this context, the public interest is best served by allowing the criminal, and then the civil case, proceed in an orderly and fair manner to conclusion.

Therefore, in summary, the factors stated in *Keating* argue in favor to the Court exercising its discretion to grant a stay of discovery regarding KFC if a stay is granted as to Todd and Brian Dunning. There are no other persons or agents aside from Todd and Brian Dunning who can respond to discovery in this case on behalf of KFC, and assist in the overall defense of KFC. Todd Dunning and Brian Dunning will assert their Fifth Amendment privileges not to provide potentially self-incriminating evidence in this case until the criminal investigation is resolved. Moreover, KFC's records are no longer in its possession, having been seized by the U.S. government. In the interests of justice and fairness, if a stay of discovery is granted to Todd Dunning and Brian Dunning, then the same stay should be granted to KFC because it has no ability to respond to any discovery or to defend itself in this case without the participation of those individuals.

## IV. CONCLUSION

For all the above reasons, Mr. Todd Dunning and Kessler's Flying Circus respectfully requests that the Motion to stay all discovery against them in this case be granted in its entirety until the criminal proceeding is concluded. The moving parties respectfully suggest that the Court should schedule a status conference in six months to determine the progress of the criminal proceedings.

Dated: October 23 2008              FREELAND COOPER & FOREMAN LLP

By: _____
STEWART H. FOREMAN
Attorneys for Defendants Todd
Dunning and Kessler's Flying Circus

11

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AGAINST TODD DUNNING AND KFC PENDING CONCLUSION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT BREAKSTONE, STEWART H. FOREMAN AND TODD DUNNING IN SUPPORT
{00120694-4}