# EXHIBIT G

Dockets.Justia.com

1   Stewart H. Foreman  (CSB #61149)
    Daniel T. Bernhard  (CSB #104229)
2   FREELAND COOPER & FOREMAN LLP
    150 Spear Street, Suite 1800
3   San Francisco, California 94105
    Telephone: (415) 541-0200
4   Facsimile: (415) 495-4332
    Email: foreman@freelandlaw.com
5         bernhard@freelandlaw.com

6   Attorneys for Defendants Todd Dunning
    and Kessler's Flying Circus, a partnership

7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF ORANGE, CENTRAL BRANCH

11

12  COMMISSION JUNCTION, INC.,          CASE NO.: 30-2008 00101025

13              Plaintiff,              ASSIGNED FOR ALL PURPOSES TO
                                        JUDGE RANDELL L. WILKINSON
14        v.
                                        NOTICE OF MOTION AND MOTION
15  THUNDERWOOD HOLDINGS, INC. dba      TO STAY DISCOVERY AGAINST
    KESSLER'S FLYING CIRCUS;            DEFENDANTS TODD DUNNING AND
16  TODD DUNNING; BRIAN DUNNING,        KESSLER'S FLYING CIRCUS
    and DOES 1 through 50, inclusive,,  PENDING CONCLUSION OF
17                                      CRIMINAL PROCEEDINGS;
                Defendants.             MEMORANDUM OF POINTS AND
18                                      AUTHORITIES; DECLARATIONS OF
                                        ROBERT BREAKSTONE, STEWART
19  AND RELATED CROSS-COMPLAINT         FOREMAN AND TODD DUNNING IN
                                        SUPPORT
20
                                        Date:      November 19, 2008
21                                      Time:      1:30 p.m.
                                        Place:     C25
22                                      Trial Date: March 9, 2009
23                                                         BY FAX
24

25

26

27

28                                                                    1

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 2 0 2008

ALAN CARLSON, Clerk of the Court

BY B. LEA, DEPUTY

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

# EXHIBIT

Decl. of Todd
Dunning

Declaration of
Todd Dunning

# DECLARATION OF TODD DUNNING

I, TODD DUNNING, declare as follows:

1. I am an individual over the age of eighteen, and am a named defendant in the above-referenced civil action commenced by Commission Junction, Inc. ("Plaintiff"). I have personal knowledge of the facts set forth herein and I am competent to testify to these facts.

2. I was a general partner in Kessler's Flying Circus until December 27, 2006. Thereafter, Dunning Enterprises, Inc. ("DEI") became the general partner in my place. I am the founder and sole shareholder of DEI. The other general partner has been at all times Thunderwood Holdings, Inc. My brother, Brian Dunning, and I, through Thunderwood Holdings, Inc. and DEI, as the general partners of the partnership called Kessler's Flying Circus ("KFC"), did business with Plaintiff and eBay, Inc. KFC has no employees, representatives or agents other than Brian Dunning and me. Attached hereto and incorporated by reference as Exhibit 1 is a true and correct copy of the record of the filing of the articles of incorporation for DEI with the California Secretary of State on December 27, 2006.

3. KFC filed a federal partnership tax return in 2007 and provided Form K-1s to the partners who were Thunderwood Holdings, Inc. and DEI. KFC stated in its partnership tax return that its business address was 15 High Bluff, Laguna Niguel, California 92677, which is also Brian Dunning's home address.

4. Plaintiff commenced this action on August 13, 2007, in Los Angeles County Superior Court, and the action was later moved to this Court on January 4, 2008. A true and correct copy of Plaintiff's Second Amended Complaint is attached (without exhibits) is attached hereto and incorporated by reference as Exhibit 2.

5. On June 18, 2007, and prior to the commencement of this action, the Federal Bureau of Investigation ("FBI") conducted an interview of me at my personal residence located in Aliso Viejo, California.

6. I also understand that the FBI served a search warrant on my brother, Brian Dunning, at which time they seized, itemized, and removed all computer equipment in his home including all computers, disk drives, hard drives, cell phones and servers. I understand that these seized items

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DECLARATION OF TODD DUNNING
{00120732-1}

1.

1   contained, among other things, the business records of Kessler's Flying Circus.

2       7.   I do not have possession of any business records or other documents, in hard copy or

3   computer form, of KFC. All business records and other documents of KFC were maintained at its

4   principal place of business, and I am informed and believe all those records and documents were

5   seized by the FBI from Brian Dunning's home.

6       8.   On June 18, 2007, the FBI interview me at my home. The FBI asked me specific

7   questions about issues such as the possibility or feasibility of "forcing cookies," "forcing clicks,"

8   "inflating traffic", the function of "links" and "widgets," and the direction of internet traffic to the

9   eBay website in connection with KFC's services relating to CJI and eBay. These are the same topics

10  that are referenced in the Second Amended Complaint filed by CJI.

11      I declare under penalty of perjury under the laws of the State of California that the foregoing is

12  true and correct.

13  Executed this 5 day of October, 2008, at Aliso Viejo, California.

15                                                    TODD DUNNING

28                                                                                          2

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

# EXHIBIT

# EXHIBIT 1

{00119193-1}



2938853
COPY

# State of California
## Secretary of State

I, BRUCE McPHERSON, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of

DEC 2 7 2006

BRUCE McPHERSON
Secretary of State

Sec/State Form CE-107 (REV 03/31/05)                    OSP 03 94007

2938853

**ARTICLES OF INCORPORATION**
**OF**
**DUNNING ENTERPRISE, INC.**

**ENDORSED - FILED**
In the office of the Secretary of State
of the State of California

DEC 2 7 2006

## ARTICLE 1

### NAME

FIRST: The name of the corporation is:

DUNNING ENTERPRISE, INC.

### PURPOSE AND POWERS

SECOND: The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the Banking Business, the Trust Company Business or the practice of a profession permitted to be incorporated by the California Corporations Code.

### SERVICE OF PROCESS

THIRD: The name and address in the State of California of the initial agent for service of process of the corporation is:

Todd Dunning
1 Stockbridge
Alisio Viejo, CA  92656

### STOCK

FOURTH: This corporation is authorized to issue only one class of shares of stock having a total number of 10,000 shares.

FIFTH: The liability of the directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under California law.

SIXTH: The corporation is authorized to provide indemnification of agents (as defined in Section 317 of the Corporations Code) for breach of duty to the corporation and its stockholders through bylaw provisions or through agreements with the agents, or both, in excess of the indemnification otherwise permitted by Section 317 of the Corporations Code, subject to the limits on such excess indemnification set forth in Section 204 of the Corporations Code.

J:/C/RZL/Dunning/Corp/Docs/Articles/12-27-06/FN

IN WITNESS WHEREOF, the undersigned incorporator of this Corporation has executed this Articles of Incorporation for the purpose of forming a corporation pursuant to the General Corporation Law of the State of California on this 27th day of December, 2006.

R. Zebulon Law, Esq.

The undersigned incorporator hereby declares and certifies that he is the person who executed the foregoing Articles of Incorporation, which execution is his act and deed.

R. Zebulon Law, Esq.



I/C/RZL/Dunning/Corp/Docs/Articles/12-27-06/FN

2

# EXHIBIT

2

EXHIBIT 2

# EXHIBIT 2

{00119193-1}

ERNSTER LAW OFFICES, P.C.
John H. Ernster, Esq., State Bar No. 59338
Phil J. Montoya, Jr., Esq., State Bar No. 124085
70 South Lake Avenue, Suite 750
Pasadena, California 91101
Telephone:   (626) 844-8800
Facsimile:   (626) 844-8944

Scott Patrick Barlow, Esq., State Bar No. 182295
General Counsel
4353 Park Terrace Drive
Westlake Village, California 91361
Telephone:   (818) 575-4500
Facsimile:   (818) 575-4505

Attorneys for Plaintiff
Commission Junction, Inc.

COPY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL BRANCH

| | |
|---|---|
| COMMISSION JUNCTION, INC., | CASE NO.:   30-2008 00101025 |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO: JUDGE RANDELL L. WILKINSON DEPARTMENT C25 |
| v. | |
| THUNDERWOOD HOLDINGS, INC. dba KESSLER'S FLYING CIRCUS; TODD DUNNING; BRIAN DUNNING; and DOES 1 through 50, inclusive, | SECOND AMENDED COMPLAINT FOR DAMAGES |
| | 1.   Breach of Contract |
| | 2.   Open Book Account |
| | 3.   Account Stated |
| Defendants. | 4.   Reasonable Value |
| | 5.   Conversion |
| | 6.   Unfair Competition |
| | 7.   Declaratory Relief |
| | *[Unlimited]* |

Plaintiff Commission Junction, Inc. alleges as follows:

1.     At all times relevant herein, plaintiff Commission Junction, Inc. ("CJI") was a corporation organized and existing under the laws of the State of Delaware and wholly

1

SECOND AMENDED COMPLAINT FOR DAMAGES

1  owned by ValueClick, Inc., a corporation organized and existing under the laws of the

2  State of California with its principal place of business in the County Los Angeles, State of

3  California.

4      2.    CJI is informed and believes that at all times relevant herein defendant

5  Kessler's Flying Circus was a California general partnership doing business in the State of

6  California and the Counties of Los Angeles and Orange.

7      3.    CJI is informed and believes that at all times relevant herein defendant

8  Thunderwood Holdings, Inc. was a California corporation doing business at times as

9  "Kessler's Flying Circus", in the State of California and the Counties of Los Angeles and

10  Orange. Thunderwood Holdings, Inc. was at all times relevant a general partner of

11  Kessler's Flying Circus.

12      4.    CJI is informed and believes that at all times relevant herein defendant Todd

13  Dunning is an individual doing business in the State of California and the Counties of

14  Los Angeles and Orange. Todd Dunning was at all times relevant a general partner of

15  Kessler's Flying Circus.

16      5.    CJI is informed and believes that at all times relevant herein defendant Brian

17  Dunning is an individual doing business in the State of California and the Counties of

18  Los Angeles and Orange. Defendants Kessler's Flying Circus, Thunderwood Holdings,

19  Inc., Todd Dunning, and Brian Dunning will be referred to hereinafter collectively as

20  "KESSLER".

21      6.    At all times herein mentioned CJI's headquarters and principal place of

22  business was in Westlake Village, California. The indebtedness described herein was

23  incurred and payable within the County of Los Angeles, State of California and in the

24  above judicial district.

25      7.    Said obligation is commercial in nature and not based on a retail installment,

26  sales contract, or a conditional sales contract and is not to subject the provisions of

27  California Civil Code §1812.10 and/or §2984.4.

28  ///

8.   CJI is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. CJI will amend this Complaint to allege the true names and capacities of said defendants when they are ascertained. CJI is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to pay the obligation described herein and that CJI's losses as alleged herein were proximately caused by said defendants' conduct.

9.   CJI is informed and believes and thereupon alleges that there exists an identity of interest between Thunderwood Holdings, Inc. (on the one hand) and Todd Dunning, Brian Dunning, and DOES 1-5 (on the other hand); that Todd Dunning, Brian Dunning, and DOES 1-5 completely and entirely dominate the affairs of Thunderwood Holdings, Inc., that Thunderwood Holdings, Inc. was and is undercapitalized and acts as a mere shell and alter ego for Todd Dunning, Brian Dunning, and DOES 1-5, and that to recognize the existence of Thunderwood Holdings, Inc. as separate from Todd Dunning, Brian Dunning, and DOES 1-5 would be a fiction and would result in a fraud and an injustice.

10.   CJI is informed and believes and thereupon alleges that each of the defendants herein are principals, agents, and employees of the other(s), acting at all time herein mentioned within the course and scope of their agency and employment and with the consent and permission of the other co-defendants.

FIRST CAUSE OF ACTION

(Breach of Contract against KESSLER and DOES 1-20)

11.   CJI incorporates by this reference above paragraphs 1 through 10, inclusive, as if fully set forth herein.

12.   On or about April 14, 2005, CJI and defendants KESSLER, DOES 1-20, and each of them, entered into a written Publisher Service Agreement ("Agreement") whereby CJI agreed to provide goods and services to and for KESSLER. A true and correct copy of

1    the parties' Agreement is attached hereto as Exhibit "A" and incorporated herein by this

2    reference. While Exhibit "A" is the Agreement defendants KESSLER, DOES 1-20, and

3    each of them, entered into the with CJI, it does not show the parties' signatures inasmuch

4    as defendants KESSLER, DOES 1-20, and each of them, chose to enter into the Agreement

5    via the Internet and the defendants have a copy of the Agreement printed that day.

6        13.    The Agreement includes the following provisions:

7            [KESSLER] "may not place Links to an Advertiser's Web Site or Web Site

8            content in third party newsgroups, message boards, blogs, unsolicited email

9            and other types of spam, link farms, counters, chatrooms, or guestbooks."

10           Agreement at Section 1(d)(i);

11           [KESSLER] "shall not cause any Transactions to be made that are not in

12           good faith, including, but not limited to, using any device, program, robot,

13           Iframes, or hidden frames." Agreement at Section 1(d)(ii);

14           "None of Your [KESSLER's] promotional activities may infringe an

15           Advertiser's proprietary rights  CJ's [CJI's] proprietary rights, or a third

16           party's proprietary rights. Agreement at Section 1(d)(iii);

17           "You [KESSLER] represent and warrant that all promotional means used by

18           You [KESSLER] will not contain objectionable content (including but not

19           limited to content that is misleading, libelous, defamatory, obscene, violent,

20           bigoted, hate-oriented, illegal, and/or promoting illegal goods, services or

21           activities), and that You [KESSLER] will not mislead others. You

22           [KESSLER] agree to: (i) use ethical and legal business practices, (ii) comply

23.          with the Advertisers' Program terms and this Agreement, (iii) maintain a

24           privacy policy on Your Web site and for any non-Web site based promotional

25           method made available to Visitors, and (iv) designate Your [KESSLER]

26           Publisher Account as "special" if You [KESSLER] promote an Advertiser(s)

27           by any means other than displaying a Link to the Advertiser on Your

28           [KESSLER] Web site. CJ [CJI] must approve all of Your [KESSLER]

4

1    promotional activities and may deem Your [KESSLER] promotional

2    activities inappropriate and a material breach of this Agreement in CJ's

3    [CJI's] sole discretion." Agreement at Section 2(b); and

4    "You [KESSLER] represent and warrant that: (i) You [KESSLER] have all

5    appropriate authority to operate, and to any and all content on, Your

6    [KESSLER] Web site(s); (ii) You [KESSLER] have all appropriate authority

7    in any promotional method you may choose to use." Agreement at

8    Section 7(e)(ii).

9        14.    CJI has performed all conditions, covenants, and promises required on its

10    part to be performed in accordance with the terms and conditions of said Agreement.

11        15.    CJI is informed and believes, and on that basis alleges, that beginning in

12    April of 2007 and continuing thereafter, defendants KESSLER, DOES 1-20, and each of

13    them, breached the Agreement by, *inter alia*, the following: KESSLER was providing

14    third parties with the ability to place widgets on Websites that KESSLER did not

15    own/operate without permission from the website owners to do so; KESSLER's

16    WhoLinked provided a widget used by bloggers and webmasters to display a list of

17    high-ranking sites linking to their site; KESSLER's MySpaceMaps provided widgets users

18    placed on social networking profiles, including MySpace; and KESSLER did not comply

19    with the blog sites' terms and, importantly, the following MySpace terms, which prohibit

20    commercial activity without consent:

21    "Non-commercial Use by Members. The MySpace Services are for the

22    personal use of Members only and may not be used in connection with any

23    commercial endeavors except those that are specifically endorsed or

24    approved by MySpace.com. Illegal and/or unauthorized use of the MySpace

25    Services, including collecting usernames and/or email addresses of Members

26    by electronic or other means for the purpose of sending unsolicited email or

27    unauthorized framing of or linking to the MySpace Website is prohibited.

28    Commercial advertisements, affiliate links, and other forms of solicitation

1    may be removed from Member profiles without notice and may result in

2    termination of Membership privileges. Appropriate legal action will be taken

3    for any illegal or unauthorized use of the MySpace Services."

4    "Content/Activity Prohibited. The following is a partial list of the kind of

5    Content that is illegal or prohibited to post on or through the MySpace

6    Services. MySpace.com reserves the right to investigate and take appropriate

7    legal action against anyone who, in MySpace.com's sole discretion, violates

8    this provision, including without limitation, removing the offending

9    communication from the MySpace Services and terminating the Membership

10   of such violators. Prohibited Content includes, but is not limited to Content

11   that, in the sole discretion of MySpace.com: ... involves commercial

12   activities and/or sales without our prior written consent such as contests,

13   sweepstakes, barter, advertising, or pyramid schemes."

14       16.     CJI is informed and believes, and on that basis alleges, that beginning in

15   April of 2007 and continuing thereafter, defendants KESSLER, DOES 1-20, and each of

16   them, further breached the Agreement by, *inter alia*, inflating traffic, forcing cookies,

17   infringing on other's proprietary rights, providing links and widgets to wrongfully promote

18   and/or force traffic to ebay.com, and promoting objectionable content as that is defined in

19   the Agreement. In addition, such actions by KESSLER, DOES 1-20, and each of them,

20   were fraudulent, unfair, deceptive, and misleading advertising and business practices which

21   are also breaches of the Agreement.

22       17.     Among other damaging results, these actions by defendants KESSLER,

23   DOES 1-20, and each of them, resulted in alleged violations of CJI's agreements with

24   eBay, Inc. which further resulted in the amount of $565,517.84 not being paid by eBay,

25   Inc. to CJI despite CJI paying that amount to defendants KESSLER, DOES 1-20, and each

26   of them.

27       18.     Pursuant to Section 3 of the Agreement, CJI has a right to a return from

28   defendants KESSLER, DOES 1-20, and each of them of the wrongful payment made to

1   defendants KESSLER, DOES 1-20, and each of them.

2       19.    Since June of 2007, CJI has requested that defendants KESSLER,

3   DOES 1-20, and each of them, perform their obligation, under the Agreement, by returning

4   the inadvertent payment of $565,517.84 made to defendants KESSLER, DOES 1-20, and

5   each of them, which payment was not due to defendants based on their conduct as set forth

6   herein above.  True and correct copies of certain, but not all, requests for return of the

7   $565,517.84 are attached hereto collectively as Exhibit "B" and incorporated herein by this

8   reference.

9       20.    Defendants KESSLER, DOES 1-20, and each of them, further breached the

10   Agreement by failing and refusing to pay the sum owed as set forth herein above.

11       21.    In addition, defendants KESSLER, DOES 1-20, and each of them, breached

12   the implied covenant of good faith and fair dealing by, *inter alia*, the conduct set forth

13   herein above, failing and refusing to pay the sum owed, and failing to respond to repeated

14   requests for payment.

15       22.    No part of that sum has been paid, and is now due, owing and unpaid from

16   defendants, and each of them, to CJI, the sum of $565,517.84 as of June 15, 2007, and

17   interest thereon.

18       23.    As a further result of the breach by defendants KESSLER, DOES 1-20, and

19   each of them, CJI has retained counsel and has incurred, and will incur, attorneys' fees and

20   expenses in an amount according to proof, which it is entitled to recover pursuant to the

21   Agreement.

22

23                         SECOND CAUSE OF ACTION

24                 (For Open Book Account Against All Defendants)

25       24.    CJI incorporates by reference the allegations of paragraphs 1 through 23

26   above as though fully set forth herein.

27       25.    CJI is informed and believes, and thereon alleges, that within the last year,

28   defendants KESSLER, DOES 1-20, and each of them, became indebted to CJI on an open

SECOND AMENDED COMPLAINT FOR DAMAGES

1  book account for a balance due in the sum of $565,517.84 as of June 15, 2007 for goods

2  and services furnished and delivered to defendants, and each of them, at their request.

3       26.    No part of this sum has been paid, although demand therefor has been made,

4  and the sum of $565,517.84 is now due and owing from said defendants, and each of them,

5  to CJI.

6

7                      THIRD CAUSE OF ACTION

8                  (For Account Stated Against All Defendants)

9       27.    CJI incorporates by reference the allegations of paragraphs 1 through 26

10 above as though fully set forth herein.

11      28.    CJI is informed and believes, and on that basis alleges, that beginning in June

12 of 2007 and continuing thereafter, there was an account stated between CJI and defendants,

13 and each of them, in which the sum of $565,517.84 was agreed on as the balance due CJI.

14      29.    No part of such sum has been paid, although demand therefor has been made,

15 and the sum of $565,517.84 is now due and owing from said defendants, and each of them,

16 to CJI.

17

18                     FOURTH CAUSE OF ACTION

19                 (For Reasonable Value Against All Defendants)

20      30.    CJI incorporates by reference the allegations of paragraphs 1 through 29

21 above as though fully set forth herein.

22      31.    CJI is informed and believes, and on that basis alleges, that beginning in

23 June 2007 and continuing thereafter defendants, and each of them, became indebted to CJI

24 in the reasonable sum of $565,517.84 for goods and services furnished to defendants, and

25 each of them, at their request, and that defendants promised to pay the reasonable value for

26 goods and services furnished.

27      32.    No part of such sum has been paid, although demand therefor has been made,

28 and the sum of $565,517.84 is now due and owing from said defendants, and each of them,

8

1   to CJI.

2

3   ## FIFTH CAUSE OF ACTION

4   (Conversion against All Defendants)

5   33.   CJI incorporates by this reference above paragraphs 1 through 32, inclusive,

6   as if fully set forth herein.

7   34.   At all times relevant, CJI had a right of ownership of its $565,517.84.

8   However, based on the wrongful conduct by and activities of defendants KESSLER, DOES

9   1-50, and each of them, as more fully described in Paragraphs 12-18 herein above, that sum

10   was wrongfully delivered to defendants KESSLER, DOES 1-50, and each of them.

11   35.   In June of 2007, CJI sent a payment of $565,517.84 to defendants

12   KESSLER, DOES 1-50, and each of them.  As set forth herein above, defendants

13   KESSLER, DOES 1-50, and each of them, were not owed the described sum of

14   $565,517.84 or at all.

15   36.   On numerous occasions, CJI has requested the return of the $565,517.84

16   from defendants KESSLER, DOES 1-50, and each of them, however, said defendants have

17   refused to return CJI's property and have converted it as their own.  The actions of

18   defendants KESSLER, DOES 1-50, and each of them, wrongfully and intentionally

19   interfered with CJI's right of possession of the $565,517.84.

20   37.   Because defendants KESSLER, DOES 1-50, and each of them, have

21   wrongfully exercised possession of CJI's property, there is now due, owing and unpaid

22   from defendants, and each of them, to CJI, the sum of $565,517.84 as of June 15, 2007,

23   and interest thereon.

24

25   ## SIXTH CAUSE OF ACTION

26   (Unfair Competition against All Defendants)

27   38.   CJI incorporates by this reference above paragraphs 1 through 37, inclusive,

28   as if fully set forth herein.

39.   As more fully described in Paragraphs 12-18 herein above, defendants KESSLER, DOES 1-20, and each of them, engaged in unfair, deceptive, and misleading advertising and business practices.  Such conduct by defendants KESSLER, DOES 1-20, and each of them, violates California Business and Professions Code §17200 *et al.*

40.   Indeed, the actions of defendants KESSLER, DOES 1-20, and each of them, were unfair, deceptive, and misleading advertising and business practices such that the United States Federal Bureau of Investigation and/or United States Attorney initiated a Grand Jury investigation into said practices and subpoenaed CJI's business records regarding defendants KESSLER, DOES 1-20, and each of them.

41.   Since July of 2007, CJI has requested that defendants KESSLER, DOES 1-20, and each of them, halt its wrongful actions and return CJI's inadvertent payment of $565,517.84 made to defendants KESSLER, DOES 1-20, and each of them, which payment was not due to defendants based on their conduct as set forth herein above.

42.   Defendants KESSLER, DOES 1-20, and each of them, failed to halt their wrongful conduct as herein above alleged and have failed and refused to pay the outstanding sum of $565,517.84.

43.   No part of that sum has been paid, and is now due, owing and unpaid from defendants, and each of them, to CJI, the sum of $565,517.84 as of June 15, 2007; and interest thereon.

### SEVENTH CAUSE OF ACTION

#### (Declaratory Relief against All Defendants)

44.   CJI incorporates by this reference above paragraphs 1 through 43, inclusive, as if fully set forth herein.

45.   An actual controversy has arisen and now exists between CJI and defendants KESSLER and DOES 1-50, inclusive.  CJI contends that defendants KESSLER and DOES 1-50, inclusive, engaged in unfair, deceptive, and misleading advertising and business practices and are obligated to pay CJI the sum of $565,517.84.  CJI is informed

10

1  and believes and thereon alleges that defendants KESSLER and DOES 1-50, inclusive,

2  contend otherwise.

3      46.   It would be fair, just, and appropriate for this Court to determine the rights

4  and obligations of the parties as to this matter, and declaratory relief is necessary and

5  appropriate at this time so that CJI may ascertain its rights and duties and have ascertained

6  defendants' obligations.

7      47.   CJI therefore seeks a declaratory judgment providing that defendants

8  KESSLER and DOES 1-50, inclusive, are obligated to provide CJI with the sum of

9  $565,517.84 as a result of the inadvertent payment and the defendants' conduct as

10  described herein above.

11

12      WHEREFORE, CJI prays for judgment in its favor and against defendants

13  KESSLER and DOES 1-50, and each of them, as follows on the causes of action:

14                  ON THE FIRST CAUSE OF ACTION

15      1.   For general and specific damages according to proof, including attorneys'

16  fees, costs, expenses, and interest thereon;

17                ON THE SECOND CAUSE OF ACTION

18      2.   For general and specific damages according to proof, including attorneys'

19  fees, costs, expenses, and interest thereon;

20                ON THE THIRD CAUSE OF ACTION

21      3.   For general and specific damages according to proof, including attorneys'

22  fees, costs, expenses, and interest thereon;

23               ON THE FOURTH CAUSE OF ACTION

24      4.   For general and specific damages according to proof, including attorneys'

25  fees, costs, expenses, and interest thereon;

26               ON THE FIFTH CAUSE OF ACTION

27      5.   For general and specific damages according to proof, including attorneys'

28  fees, costs, expenses, and interest thereon;

## ON THE SIXTH CAUSE OF ACTION

6.    For general and specific damages according to proof, including attorneys' fees, costs, expenses, and interest thereon;

## ON THE SEVENTH CAUSE OF ACTION

7.    For a judicial declaration that defendants KESSLER and DOES 1-50, inclusive, are obligated to provide CJI with the sum of $565,517.84 as a result of the inadvertent payment and the defendants' conduct as described herein above.

## ON ALL CAUSES OF ACTION

8.    For costs of suit incurred herein; and

9.    For such other and further relief, legal and/or equitable, as the Court may deem just and proper.

Dated:   May 15, 2008                    ERNSTER LAW OFFICES, P.C.

By: _Phil J. Montoya, Jr._

Phil J. Montoya, Jr.
Attorneys for Plaintiff
Commission Junction, Inc.

12

SECOND AMENDED COMPLAINT FOR DAMAGES