# EXHIBIT I

111908 commission junction

 1

```
 1    SANTA ANA, CALIFORNIA - WEDNESDAY, NOVEMBER 19, 2008
 2                       AFTERNOON SESSION
 3                              ***
 4
 5         (THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN
 6 COURT:)
 7         THE COURT:  NUMBER 3, COMMISSION JUNCTION VERSUS
 8 THUNDERWOOD HOLDINGS.
 9         MR. MONTOYA:  GOOD MORNING, YOUR HONOR.  PHIL
10 MONTOY -- I'M SORRY.
11         GOOD AFTERNOON, YOUR HONOR.
12         PHIL MONTOYA ON BEHALF OF THE PLAINTIFF AND
13 CROSS-DEFENDANTS, COMMISSION JUNCTION.
14         MR. FOREMAN:  GOOD AFTERNOON, YOUR HONOR.
15         STEWART FOREMAN ON BEHALF OF DEFENDANTS TODD
16 DUNNING AND THE PARTNERSHIP KESSLER'S FLYING CIRCUS, ALSO
17 THE CROSS-COMPLAINANT.  AND WE'RE THE MOVING PARTY ON THIS
18 MOTION.
19         THE COURT:  I GUESS I'M A LITTLE CONFUSED.  DIDN'T
20 I JUST RULE ON THIS MOTION THREE WEEKS AGO?
21         MR. FOREMAN:  YOUR HONOR, YOU RULED ON THE MOTION
22 -- SUBSTANTIALLY THE SAME MOTION THAT WAS FILED BY
23 CODEFENDANT BRIAN DUNNING.
24         THE COURT:  OKAY.
25         MR. MONTOYA:  IT'S VIRTUALLY IDENTICAL, YOUR
26 HONOR.
```

DANIELA BUTUROAGA, OFFICIAL COURT REPORTER

111908 commission junction

2

1        MR. FOREMAN:  WELL, I THINK WE'RE IN A DIFFERENT
2   POSITION AND KESSLER'S, THE PARTNERSHIP, WAS NOT PART OF
3   YOUR PREVIOUS MOTION.
4        MY CLIENT TODD DUNNING IS A -- THE BROTHER OF
5   BRIAN DUNNING.  BRIAN DUNNING ON THE MOTION YOU PREVIOUSLY
6   HEARD IS A TARGETED CRIMINAL INVESTIGATION AS THOSE PAPERS
7   INDICATED.  TODD DUNNING, MY CLIENT, HAS BEEN ADVISED ONLY
8   RECENTLY THAT HE IS THE SUBJECT OF THAT CRIMINAL
9   INVESTIGATION.
10       BRIAN DUNNING WAS NOTIFIED A YEAR AND A HALF AGO
11  THAT HE WAS A TARGET OF THAT INVESTIGATION, SO WE'RE
12  FACTUALLY IN SOMEWHAT DIFFERENT POSITION.  I THINK YOU'RE
13  CORRECT, YOUR HONOR, THE LAW IS ESSENTIALLY THE SAME.  I
14  MEAN, THIS MOTION IS TO STAY DISCOVERY AGAINST TODD
15  DUNNING IS -- REALLY ASKS FOR THE COURT TO EXERCISE ITS
16  SOUND DISCRETION, AND THE KEY ELEMENTS FOR YOUR EXERCISE
17  OF THE DISCRETION TO STAY DISCOVERY, I THINK, ARE QUITE
18  CLEAR AND FIT WITHIN THE KEY CASES IN CALIFORNIA AND ALL
19  THE WAY TO THE U.S. SUPREME COURT.
20       THE CIVIL CASE THAT COMMISSION JUNCTION HAS
21  BROUGHT IS IDENTICAL TO THE NATURE OF THE FEDERAL CRIMINAL
22  INVESTIGATION THAT'S GOING ON.  THEY EVEN ALLEGE IT IN
23  THEIR SECOND AMENDED COMPLAINT IN PARAGRAPH 4 THAT THEY
24  TOO HAD THEIR RECORDS, THE PLAINTIFF'S, SUBPOENAED BY THAT
25  THE F.B.I. AND THEY ALLEGE THAT IT'S THE SAME
26  INVESTIGATION AS WHAT THEY ARE SEEKING RELIEF FOR IN THE

                    DANIELA BUTUROAGA, OFFICIAL COURT REPORTER

0

111908 commission junction

1 CIVIL CASE.
2         THE F.B.I. HAS SEIZED BRIAN DUNNING'S RECORDS A
3 YEAR AND A HALF AGO WHICH ARE ALL OF THE RECORDS OF THE
4 PARTNERSHIP OF KESSLER'S AND MY CLIENT TODD DUNNING HAS
5 NONE OF THE RECORDS AND STILL HAS NONE AND THE F.B.I. HAS
6 REFUSED TO GIVE US ACCESS TO ANY OF OUR OWN RECORDS.  THEY
7 ARE -- THEY HAVE COMPUTERS.  THEY HAVE HARD COPIES.
8 WHATEVER IT IS, THEY HAVE IT.  THEY'VE HAD IT FOR A YEAR
9 AND A HALF.  THEY WON'T ALLOW US TO COPY IT.  THEY WON'T
10 RETURN IT TO US.
11        SO WE'RE -- WE'RE UNABLE TO RESPOND TO A
12 DEPOSITION WITH OUR OWN RECORDS.  WE HAVE CONSTITUTIONAL
13 RIGHTS BECAUSE OF THIS WIDE RANGING INVESTIGATION WHERE
14 THE F.B.I. AND THE U.S. ATTORNEY'S OFFICE HAS NOT EVEN
15 IDENTIFIED WHAT THE ALLEGED CRIME IS.  THEY HAVE JUST
16 BROADLY STATED THAT THERE IS A SUBJECT OF AN
17 INVESTIGATION.
18        SO WE'RE IN THIS HOBSON'S CHOICE POSITION.  WE
19 MUST ASSERT AND WE MUST ADVISE OUR CLIENTS, I SHOULD SAY,
20 TO ASSERT THEIR 5TH AMENDMENT RIGHTS.  THERE'S NO WAY OF
21 PARSING IT DOWN BECAUSE WE DON'T KNOW WHAT THE
22 INVESTIGATION OR THE POTENTIAL CHARGES ARE.  THE DISCOVERY
23 AT A DEPOSITION WILL BE OF -- UNFORTUNATELY I THINK JUST A
24 WASTE OF MONEY AND A USELESS ACT BECAUSE WE HAVE NO WAY OF
25 KNOWING WHAT WE CAN ANSWER, WHAT WE CAN'T, AND WE
26 CERTAINLY DON'T -- CAN'T WAIVE PARAMOUNT CONSTITUTIONAL

                    DANIELA BUTUROAGA, OFFICIAL COURT REPORTER

☐

111908 commission junction

1  5TH AMENDMENT RIGHTS UNDER THESE CIRCUMSTANCES.
2          SO IT'S CLEAR ALSO THAT'S APPLICABLE TO THE CASES
3  THAT ARE -- THAT URGE YOU TO EXERCISE YOUR DISCRETION
4  THAT -- I DON'T KNOW ABOUT COMMISSION JUNCTION BUT
5  CERTAINLY E-BAY, WHO'S THE OTHER KEY PLAYER, AND I BELIEVE
6  WILL BE PART OF THIS CASE IN PROBABLY WITHIN A MONTH OR
7  SO, BUT E-BAY IS COOPERATING WITH THE FEDERAL GOVERNMENT.
8  IT'S FEEDING INFORMATION AND DISCOVERY.  THEY FILED A CASE
9  IN THE NORTHERN DISTRICT OF CALIFORNIA AGAINST THESE SAME
10 DEFENDANTS WHICH WE ARE TRYING TO DISMISS AND HAVE
11 TRANSFERRED HERE.
12         I DON'T WANT TO CLAIM THAT WHAT MR. MONTOYA OR HIS
13 CLIENT ARE DOING WITH RESPECT TO THE F.B.I., BUT THIS IS
14 THE EXACT CASE OF THE PACERS CASE THAT WE'VE ARGUED TO,
15 YOUR HONOR, THAT FUNDAMENTAL FAIRNESS INDICATES THAT THIS
16 CIVIL CASE SHOULD BE STAYED BECAUSE AT LEAST ONE PLAINTIFF
17 IS CLEARLY COOPERATING WITH THE FEDERAL GOVERNMENT.
18         WE HAVE TO EXERCISE OUR CONSTITUTIONAL RIGHTS
19 WHICH ARE PARAMOUNT IN THIS SITUATION.  COMMISSION
20 JUNCTION HAS NOT ARGUED OR PRESENTED THAT THEY'RE
21 PREJUDICED IN ANY WAY BY A STAY, AND I THINK NORMALLY WE,
22 I THINK, ALL RECOGNIZE THAT IN THESE SITUATIONS THE
23 CRIMINAL PROCEEDING SHOULD BE RESOLVED FIRST AND THE CIVIL
24 PROCEEDING CAN FOLLOW ON.
25         NOW, THAT'S BROADER THAN THIS MOTION.  THIS MOTION
26 IS WITH RESPECT TO STAY OF DISCOVERY.  BUT --

                    DANIELA BUTUROAGA, OFFICIAL COURT REPORTER

0

1          THE COURT:  WELL, AS LONG AS --
                                Page 4

111908 commission junction

2          MR. FOREMAN:  -- REQUEST THAT.

3          THE COURT:  -- THE CLIENT CAN ASSERT HIS 5TH
4  AMENDMENT RIGHTS, AND WE'RE NOT TALKING ABOUT, AT THIS
5  POINT, WHETHER OR NOT THE MATTER GOES TO TRIAL.  I DON'T
6  SEE THE DOWNSIDE WITH LETTING THE DISCOVERY GO FORWARD
7  ESSENTIALLY FOR THE SAME REASONS THAT I INDICATED HERE
8  THREE WEEKS AGO.

9          MR. FOREMAN:  WELL, I --

10         THE COURT:  USUALLY IT'S THE PLAINTIFF THAT WANTS
11 THE STAY IN THIS SITUATION BECAUSE THEY CAN'T GET THE
12 DISCOVERY FROM THE PERSON THAT'S TAKING THEIR 5TH
13 AMENDMENT RIGHTS.

14         MR. FOREMAN:  I AGREE, YOUR HONOR.  AND
15 MR. MONTOYA AND I HAVE, YOU KNOW, SORT OF TALKED OUTSIDE,
16 SHALL WE SAY, YOU KNOW, THEY'VE GOT THEIR VIEW OF THIS.  I
17 CAN'T ANSWER THAT FOR YOU, YOUR HONOR.  I GUESS MY --

18         AND YOUR POINT IS VERY WELL TAKEN.  MY ONLY
19 COMMENT, I GUESS, IN RESPONSE IS, YOU KNOW, THESE ARE
20 INDIVIDUALS THAT HAVE -- WE'VE GOT TWO CIVIL CASES.  WE'VE
21 GOT A CRIMINAL INVESTIGATION.  THE DEPOSITION IS GOING TO
22 BE REALLY A USELESS EXERCISE FOR EVERYBODY.

23         I THINK THAT IF THE COURT WERE TO EXERCISE ITS
24 DISCRETION AND SAY THAT DEPOSITION AND THE DISCOVERY IS
25 STAYED, I FUNDAMENTALLY BELIEVE THAT THEN THE PARTIES
26 THROUGH THEIR COUNSEL IN THIS CASE WILL RECOGNIZE WHAT WE

                    DANIELA BUTUROAGA, OFFICIAL COURT REPORTER

☐

                                                           6


1 SHOULD BE DOING WITH RESPECT TO THE -- TO THE -- TO THIS
2 CASE, SHALL WE SAY.  I THINK THAT IT'S OBVIOUS THAT THIS
                            Page 5

111908 commission junction

3 CASE SHOULD BE POSTPONED. THAT'S NOT THIS MOTION, BUT I
4 THINK IF WE HAD IN HAND THE COURT ACKNOWLEDGING THAT
5 DISCRETION REQUIRES THAT DISCOVERY NOT GO FORWARD, I THINK
6 WE'LL RESOLVE THE REMAINING PROBLEMS AND ADVISE THE COURT
7 ACCORDINGLY.
8      IF THE COURT DECIDES NOT TO EXERCISE ITS
9 DISCRETION, WELL, WE'LL HAVE THE DEPOSITIONS. WE'LL GO
10 THROUGH THAT EXERCISE AND WE'LL STILL BE BACK ASKING ABOUT
11 THE TRIAL.
12      THE COURT: I'M GOING TO EXERCISE MY DISCRETION IN
13 ANY EVENT. OKAY?
14      MR. FOREMAN: I'M SORRY?
15      THE COURT: I'M GOING TO EXERCISE MY DISCRETION IN
16 ANY EVENT.
17      MR. FOREMAN: CERTAINLY.
18      THE COURT: THE QUESTION IS WHETHER YOU HAPPEN TO
19 LIKE THE EXERCISE OF DISCRETION.
20      MR. FOREMAN: YOUR HONOR, I ALWAYS RESPECT YOUR
21 EXERCISE OF THAT DISCRETION.
22      THE COURT: YOU DON'T HAVE TO RESPECT IT. YOU
23 HAVE TO ABIDE BY IT, RIGHT?
24      MR. FOREMAN: I DO BOTH.
25      THE COURT: ANYTHING THAT THE RESPONDING PARTY
26 WANTED TO SAY?

DANIELA BUTUROAGA, OFFICIAL COURT REPORTER

7

1      MR. MONTOYA: YOUR HONOR, JUST AS YOU RULED THREE
2 WEEKS AGO, THERE SHOULD NOT BE A BLANKET STAY OF DISCOVERY
3 IN THIS CASE. THERE ARE THREE OTHER DEFENDANTS THAT ARE

Page 6

111908 commission junction

4   NOT INDIVIDUALS.  AS YOU ADVISED THE PRIOR COUNSEL FOR THE
5   OTHER INDIVIDUAL DEFENDANT, THEY CAN ASSERT THEIR 5TH
6   AMENDMENT RIGHT AT ANY TIME ON ANY RESPONSE TO ANY BIT OF
7   DISCOVERY THAT'S SENT THEM.
8           THE REAL PROBLEM IS POINTED OUT BY HIS COUNSEL'S
9   ARGUMENT.  IF THE F.B.I. COMES IN AND TAKES MORE
10  INFORMATION OR TAKES AWAY MORE DOCUMENTS, WE'RE NOT GOING
11  TO BE ABLE TO SEE THOSE THINGS AT ANY POINT.  WE NEED TO
12  GET INFORMATION FROM THE CORPORATE DEFENDANTS AS WELL AS
13  ANY INFORMATION THAT THEY MAY WANT TO PRODUCE THAT THEY
14  DON'T BELIEVE IS PROTECTED BY THE 5TH AMENDMENT PRIVILEGE.
15          THE COURT:  WELL, THE MOTION WILL BE DENIED FOR
16  THE SAME REASONS INDICATED ON THE PREVIOUS MOTION.
17          AND I'LL HAVE RESPONDING PARTY GIVE NOTICE.
18          MR. MONTOYA:  THANK YOU.
19          MR. FOREMAN:  THANK YOU.
20          THE COURT:  THANK YOU.
21                  (END OF PROCEEDINGS.)
22                   *   *   *   *   *
23
24
25
26

                DANIELA BUTUROAGA, OFFICIAL COURT REPORTER

1   STATE OF CALIFORNIA   )
                          ) SS
2   COUNTY OF ORANGE      )
3
4

111908 commission junction

5

6        REPORTER'S CERTIFICATE

7

8        I, DANIELA BUTUROAGA, A CERTIFIED SHORTHAND
9 REPORTER, DO HEREBY CERTIFY:
10       THAT SAID PROCEEDINGS WERE TAKEN BEFORE ME AT
11 THE TIME AND PLACE THEREIN SET FORTH AND WERE TAKEN DOWN
12 BY ME IN SHORTHAND AND THEREAFTER TRANSCRIBED INTO
13 TYPEWRITING UNDER MY DIRECTION AND SUPERVISION;
14       I FURTHER CERTIFY THAT I AM NEITHER COUNSEL
15 FOR, NOR RELATED TO, ANY PARTY TO SAID PROCEEDINGS,
16 NOR IN ANYWISE INTERESTED IN THE OUTCOME THEREOF.
17       IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED
18 MY NAME.
19
20 DATED: _____, 2009
21
22
23 _____
                                    DANIELA BUTUROAGA
24                                  OFFICIAL COURT REPORTER
                                    RPR, CSR NO. 11050
25
26

DANIELA BUTUROAGA, OFFICIAL COURT REPORTER

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER
DEPARTMENT C-25

COMMISSION JUNCTION, INC.        )
                    Page 8

```
                      111908 commission junction
    ET AL.,                         )
                                    )
              PLAINTIFFS,           )
                                    )
         VS.                        ) CASE NO. 30-2008-
                                    )          00101025
    THUNDERWOOD HOLDINGS, INC.,     )
    ET AL.,                         )
                                    )
              DEFENDANTS.           )
                                    )
```

         THE HONORABLE RANDELL L. WILKINSON, JUDGE PRESIDING

                REPORTER'S TRANSCRIPT OF PROCEEDINGS

                   WEDNESDAY, NOVEMBER 19, 2008


    APPEARANCES OF COUNSEL

         FOR THE PLAINTIFFS:        PHIL J. MONTOYA, JR.
                                    ATTORNEY AT LAW

         FOR THE DEFENDANTS:        STEWART H. FOREMAN
                                    ATTORNEY AT LAW




               DANIELA BUTUROAGA, PRP, CSR NO. 11050
                       OFFICIAL COURT REPORTER

               DANIELA BUTUROAGA, OFFICIAL COURT REPORTER

0




                              INVOICE

                  DANIELA BUTUROAGA, CSR #11050, RPR
                       OFFICIAL COURT REPORTER
                           DEPARTMENT C25
                      700 CIVIC CENTER DRIVE WEST
                       SANTA ANA, CALIFORNIA 92701
                            714.834.5563


                              Page 9

111908 commission junction

OCTOBER 26, 2009


O'MELVENY & MYERS, LLP
TWO EMBARCADERO CENTER
28TH FLOOR
SAN FRANCISCO, CA 94111
(415) 984-8911


ATT:   MR. O'DONNELL:


RE:          REPORTER'S TRANSCRIPT
             NOVEMBER 19, 2008

             COMMISSION JUNCTION
             V.
             THUNDERWOOD HOLDINGS

             CASE NO. 30-2008-00101025

             HONORABLE RANDELL L. WILKINSON, JUDGE



ORIGINAL AND ONE COPY                   TOTAL   $45.50

THANK YOU.


                         DANIELA BUTUROAGA, OFFICIAL COURT REPORTER