eBay Inc. v. Digital Point Solutions, Inc. et al
Doc. 152 Att. 9


# EXHIBIT J

Dockets.Justia.com

DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
COLLEEN M. KENNEDY (S.B. #227107)
ckennedy@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Plaintiff eBay Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

EBAY INC.,

Plaintiff,

v.

DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20,

Defendants.

Case No. C 08-4052 JF

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

Conference Date: January 16, 2009
Time: 10:30 a.m.
Judge: Hon. Jeremy Fogel

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this case. The parties, through counsel, have met and conferred on the matters contained herein.

## I. JURISDICTION AND SERVICE

eBay's Statement:

eBay Inc.'s Complaint alleges that Defendants conducted fraudulent "cookie stuffing" schemes as described in more detail below and violated both federal and California law, including the federal Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030, and the federal civil RICO statute, 18 U.S.C. § 1962(c). The Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c), and 18 U.S.C § 1965(a), as discussed more fully in eBay's opposition to the Defendants' motions to dismiss. The named Defendants have been served with the First Amended Complaint ("FAC") and have each responded by filing motions to dismiss the FAC, which were heard on December 12, 2008.

Dunning Defendants' Statement:

Defendants Todd Dunning, Dunning Enterprise, Inc. ("DEI"), Brian Dunning, Briandunning.com, Thunderwood Holdings, Inc. ("THI") and Kessler's Flying Circus (collectively "Dunning Defendants") deny all the substantive allegations of the FAC. The Dunning Defendants state that the Court lacks subject matter jurisdiction over this case per the arguments made in their respective motions to dismiss the FAC and, even if federal jurisdiction exists, this Court is not the proper venue for this action. This action should be transferred to the Central District where these defendants reside and did business with eBay's agent, Commission Junction, Inc. ("CJI") under eBay's Affiliate Marketing Program and/or this action should be dismissed as required by section 9(d) of the Publisher Service Agreement, which provides that this dispute can only be maintained in state court.

Hogan/DPS's Statement:

To the extent that the Plaintiff's federal claims remain and apply, Defendants Digital Point Solutions, Inc. and Shawn Hogan do not dispute that the Court has subject matter jurisdiction. Defendants Digital Point Solutions, Inc. and Shawn Hogan do, however, dispute that venue is proper in this District as the said Defendants do not reside within this District, the events which are the subject of the Plaintiff's actions did not substantially take place in this District, the Defendants did not agree to have any action between the parties litigated in this District, and this District is not the most convenient forum for this matter to be heard.

## II. FACTS

eBay's Statement:

eBay alleges that Defendants engaged in sophisticated fraudulent schemes that were designed to and did wrongfully obtain advertising commissions from eBay over the course of at least three years. Defendants' schemes were developed to exploit eBay's method for tracking commission-generating events in its Affiliate Marketing Program ("AMP"). eBay determines when AMP commissions should be paid by using digital tags called "cookies" that are stored in a user's web browser; eBay uses those cookies to identify which marketing affiliate, if any, caused a particular user to choose to go to the eBay website. eBay pays commissions to its affiliates based on the number of affiliate referrals to eBay of users who thereafter take "Revenue Actions" within a specified period of time following the referral.

Defendants' scheme artificially inflated the commissions they would earn by making it appear that potential customers were visiting eBay's website by clicking on ads for eBay that were placed by Defendants. But this appearance was deceptive—Defendants did not legitimately drive users to eBay's site. Instead, Defendants caused a massive number of users' computers to access eBay's computers without any user clicking on an eBay link or even becoming aware that their computer had accessed the eBay site. By doing so, Defendants caused repeated and unlawful access to eBay's

computers that resulted in the stuffing of a cookie on each unsuspecting user's computer; then, when any of these users went to eBay and took a Revenue Action, eBay paid a commission to Defendants. This type of access to eBay's computers was unauthorized by eBay.

Defendants' schemes have been ongoing since at least December 2003, and ended only when the FBI seized Defendants' computer equipment in June 2007 as part of an investigation into whether the fraudulent activities alleged by eBay in this case constitute federal crimes. Defendants' schemes have allowed them to receive payment from eBay for a substantial number of commissions to which they were not entitled. Moreover, Defendants used technological measures and engaged in activity specifically designed to frustrate attempts by eBay to discover Defendants' wrongdoing.

Dunning Defendants' Statement:

Dunning Defendants deny the truthfulness and accuracy of plaintiff's entire narrative of the alleged facts of this case. The true facts are that at all relevant times DEI and THI were general partners in defendant Kessler's Flying Circus ("KFC"). KFC contracted with eBay's agent, CJI, to perform promotional advertising services for eBay. KFC entered into a Publisher Service Agreement ("PSA") with CJI in April 2005. eBay approved KFC to perform these services through CJI. At all times, CJI and eBay were fully aware of, approved and monitored the software and promotional methods used by KFC to generate new customers for eBay. As recently as March 22, 2007, eBay stated to CJI that it was fully aware of KFC's "bizmodel", that KFC was one of eBay's "top affiliates", and that its promotional efforts were "compliant" with the Affiliate Marketing Program. All payments received by KFC were for actual new customers who registered at eBay and engaged on eBay's website in qualified revenue transactions within a specified period of time based on KFC's promotional activity for eBay. CJI monitored all this activity and therefore there was no "artificial inflation" of commissions.

Dunning Defendants have never had any contact or relationship to defendants Shawn Hogan and Digital Point Solutions, Inc. (collectively "DPS"). Therefore, Dunning

Defendants object to eBay's repeated and unsupported reference to all defendants in a collective manner. KFC was an entirely separate and independent business from DPS, and accordingly, eBay must allege and prove its allegations separately against Dunning Defendants and/or KFC. eBay is simply confusing the Court and these pleadings by its repeated and unsupported collective allegations and references to all defendants as one group or entity.

Hogan/DPS's Statement:

Defendant Shawn Hogan is an Internet entrepreneur living in San Diego, California. Over the course of several years, Mr. Hogan worked with the Plaintiff to, among other things, increase traffic to the Plaintiff's website, help generate sales of products sold via the Plaintiff's website, help attract other affiliates to work with eBay, and help refine the Plaintiff's affiliate program. The actions of Mr. Hogan, which were all taken by Mr. Hogan individually and exclusive of any alleged relationship or conspiracy with any third party, were all with the Plaintiff's knowledge, assistance, and authorization and, as such, Mr. Hogan never deceived or otherwise defrauded the Plaintiff. Furthermore, contrary to the Plaintiff's allegations, Defendant Mr. Hogan never gained unauthorized or unlawful access to any eBay or customer computer.

Defendant Digital Point Solutions, Inc. has absolutely no business being a party to this lawsuit. It is a California corporation that was not formed until May 14, 2007. At no point ever was Defendant Digital Point Solutions, Inc. engaged in any business with the Plaintiff. Defendant Digital Point Solutions, Inc. never entered into any contractual or other business relationship with the Plaintiff, never received any commission from the Plaintiff or Defendant Shawn Hogan, and never engaged in any unlawful action or action that actually deceived or otherwise defrauded the Plaintiff.

The allegations against Defendants Digital Point Solutions, Inc. and Shawn Hogan are false and will be so established at the time of trial.

Case 5:08-cv-04052-JF Document 57 Filed 01/09/2009 Page 6 of 18

## III. LEGAL ISSUES

eBay's Statement:

eBay respectfully suggests that the legal issues include, but are not limited to:

1. Whether Defendants violated the CFAA, 18 U.S.C. § 1030, by intentionally causing unauthorized access to eBay's computers and thereby causing loss and damage to eBay;

2. Whether Defendants violated the federal civil RICO statute, 18 U.S.C. § 1962(c), by associating with each other and others for the common purpose of defrauding eBay of commission fees through their ongoing cooking stuffing scheme;

3. Whether Defendants committed common law fraud through their cookie stuffing scheme;

4. Whether Defendants violated California Penal Code § 502 by intentionally causing unauthorized access to eBay's computers and thereby causing loss and damage to eBay;

5. Whether Defendants, through their cookie stuffing scheme, were unjustly enriched in the form of artificially and fraudulently inflated commissions received from eBay, and should be required, in equity, to make restitution of these payments to eBay;

6. Whether Defendants, through their cookie stuffing scheme, have violated California Business and Professions Code § 17200 by engaging in unlawful, unfair or fraudulent business practices.

Dunning Defendants' Statement:

In addition to the issues identified by Plaintiff above, Dunning Defendants state that the following legal issues are also relevant to this case.

1. Whether Plaintiff is barred from any and all recovery because it authorized and approved of KFC's conduct?

2. Whether Plaintiff is barred from any and all recovery because of the authorization and approval of KFC's promotional activities for eBay by Plaintiff's agent, Commission Junction, Inc.?

3. Whether there is an absence of a necessary party to this action, namely Commission Junction, Inc., such that the Court cannot grant relief to the Plaintiff?

4. Whether Plaintiff is barred from any recovery because eBay would be unjustly enriched by any award in this case since KFC in fact generated new customers for eBay as requested and authorized by eBay's and CJI's programs?

5. Whether Plaintiff is barred from any recovery by equitable doctrines because of the damage it has caused to Dunning Defendants by making untrue and unfounded allegations to the FBI to create a federal investigation for the purpose of obtaining a litigation advantage in this case?

6. Whether Plaintiff received the benefit of promotional services by KFC for which commissions are due and owing?

7. Whether Plaintiff is liable to KFC for breach of the Publisher Service Agreement by its agent, CJI?

8. Whether Plaintiff is collaterally estopped from any recovery in this case depending on the outcome of the case filed by its agent, CJI, as referenced below?

9. Whether Plaintiff can prove damages with a reasonable certainty by distinguishing between commissions that were properly earned and those that it claims were not properly earned under the Affiliate Marketing Program as a result of alleged "cookie stuffing"?

10. Whether the terms of the PSA require the dismissal of this action?

11. Whether the individual Dunning Defendants can be held personally liable in this action?

Hogan/DPS's Statement:

At this time, Defendants Digital Point Solutions, Inc. and Shawn Hogan believe that the legal issues, include, but are not limited to those related to the alleged cookie stuffing scheme as set forth above by the Plaintiff.

## IV. PENDING AND ANTICIPATED MOTIONS

On October 27, 2008, Defendants Thunderwood Holdings, Inc., Brian Dunning, BrianDunning.com, Todd Dunning, Dunning Enterprise, Inc., Digital Point Solutions, Inc. and Shawn Hogan filed motions to dismiss eBay's FAC. On November 7, 2008, Defendant Kessler's Flying Circus filed a motion to dismiss eBay's FAC. The motions were heard on December 12, 2008.

eBay anticipates filing a summary judgment/adjudication motion following the close of discovery.

Dunning Defendants anticipate filing a motion or motions to stay discovery and to stay this case pending the resolution of the federal investigation referenced above. The FBI has seized all of KFC's business records and has refused to return them or allow

Dunning Defendants to obtain copies. Therefore, Dunning Defendants have no ability to use these essential records to defend the allegations of this case or to respond to discovery. Without KFC's records, Dunning Defendants_cannot fairly or adequately respond to eBay's written discovery requests, prepare for depositions by eBay, take depositions of eBay's personnel, or engage in discovery with other third party witnesses. Once discovery is completed, Dunning Defendants anticipate filing a summary judgment/adjudication motion or motions. Dunning Defendants may file a motion or motions to change venue under 28 U.S.C. §1404(a). Dunning Defendants may file a motion or motions to join CJI as a necessary party to this action pursuant to F. R. Civ. Proc. 19(a).

Defendants Digital Point Solutions, Inc. and Shawn Hogan anticipate filing a summary judgment/adjudication motion, as well as a motion to transfer the case on the grounds that the forum is inconvenient, and a motion to bifurcate and/or order separate trials. Additional motions may be required as the case progresses.

## V. AMENDMENT OF PLEADINGS

eBay filed its FAC on October 7, 2008, and does not anticipate the need for any further amendments at this time. If discovery shows that defendants used additional entities to effectuate their schemes, and if the currently named defendants did not succeed to the assets and liabilities of those entities, eBay may seek leave to amend its complaint to conform to the evidence. Because Defendants filed motions to dismiss, they have yet to answer the FAC. If any part of Defendants' motions to dismiss is granted, eBay may be permitted to file a Second Amended Complaint.

## VI. EVIDENCE PRESERVATION

eBay's Statement:

eBay has instructed relevant document custodians to save relevant documents, including documents related to Defendants and their participation in the AMP. All Defendants, through their counsel, have acknowledged their duties to preserve evidence, including all documents and things seized by the FBI, once such evidence is returned to

Defendants' possession. Defendants have requested and, without conceding the relevance or discoverability thereof, eBay has agreed to preserve any communications that it may have with the assigned prosecutor regarding the criminal investigation of Defendants.

Dunning Defendants' Statement:

eBay should instruct its agent, CJI to preserve evidence.

Hogan/DPS's Statement:

Defendants Shawn Hogan and Digital Point Solutions, Inc. have taken the necessary steps to preserve the relevant documents and materials to the extent they are in Defendant Shawn Hogan's and Digital Point Solutions, Inc.'s possession or control.

## VII. DISCLOSURES

The parties exchanged their initial disclosures on January 8, 2009.

## VIII. DISCOVERY PLAN

eBay's Statement:

Discovery is open in this action, and eBay is proceeding with full fact discovery. Pursuant to the attached schedule, eBay proposes that fact discovery close on November 20, 2009 and expert discovery close on February 19, 2010. The parties agreed during the meet and confer that otherwise phasing discovery is not appropriate in this case.

Certain materials relevant to fact discovery in this action were seized by the FBI from Defendants in June 2007 and, to eBay's understanding, have not been returned to Defendants. Defendants have informally indicated that they do not possess copies of the materials seized by the FBI. eBay anticipates that the seized materials may be essential for discovery and trial of this action and, in light of that fact, it may be necessary to extend the fact discovery cutoff and subsequent case management dates if the seized materials are not available for discovery in advance of the currently proposed dates.

The Defendants have proposed that the limitations imposed by the discovery rules be modified as follows: 10 depositions increased to 25, and 25 interrogatories increased to 50. Although eBay believes that no modifications are necessary, eBay is amenable to increasing the interrogatories to 50. The increase in depositions proposed by the

Defendants, however, is not necessary or appropriate in this case; eBay will agree to an increase in depositions from 10 to 15.

A protective order will be necessary in this matter to protect trade secret and other confidential information that is disclosed during discovery and trial. The parties will meet and confer regarding such an order and will submit it for the Court's review.

Hogan/DPS's Statement:

Defendants Shawn Hogan's and Digital Point Solutions, Inc.'s position is that assuming the materials allegedly seized by the FBI are returned without any further delay, fact discovery in this action can be concluded by November 20, 2009. If, however, the materials are not quickly returned by the FBI, then the fact discovery cutoff will have to be extended.

Dunning Defendants' Statement:

The Dunning Defendants' position is that discovery should be stayed pending return of the seized documents by the FBI. The FBI seized all of the Dunning Defendants' records and documents in hardcopy and electronic form. The documents seized by the FBI are essential to the defense of this case. The Dunning defendants do not have copies of the seized documents and electronic records, and all relevant documents, computers and electronic records have been in the possession of the FBI since June 2007. The FBI has refused to return these materials and has refused to allow the Dunning Defendants to obtain copies of these materials to defend this case. The Dunning Defendants have no other source or way of obtaining copies of these documents and records. Proceeding with discovery before these documents are available to the Dunning Defendants will cause confusion, delay, and duplicative discovery. There is no prejudice to Plaintiff from such a delay in proceeding with discovery or other aspects of this case.

The Dunning Defendants do not agree with eBay's proposed schedule for the reasons stated above. The Dunning Defendants propose that a discovery schedule be established once the FBI returns or allows copying of the materials it seized from these defendants. If discovery is allowed to proceed, then phasing of limited discovery may be

Case 5:08-cv-04052-JF Document 57 Filed 01/09/2009 Page 11 of 18

appropriate so that some third party discovery and appropriate discovery against plaintiff may proceed even if the Dunning Defendants do not have possession of their own documents.

The Dunning Defendants' position is that more depositions are likely necessary and therefore should be permitted once discovery proceeds in this case. eBay's agent, CJI, identified 30 persons, of which 11 are identified as eBay employees, in its Further Supplemental Response to Form Interrogatories served by Brian Dunning in the case identified below that it claims have knowledge of facts relevant to this dispute. No depositions of these persons have been taken.

## IX. RELATED CASES

eBay's Statement:

eBay is not aware of any related cases. Certain defendants have asserted that *Commission Junction, Inc. v. Thunderwood Holdings, Inc. et al.*, Case No. 30-2008-00101025 (Orange County, California Superior Court) is a related case, insofar as some (though not all) of the defendants in this case are also named in that case, brought by Commission Junction ("CJ"), the administrator of eBay's AMP. It is eBay's position that the CJ case is not related because eBay does not own or control CJ, and that litigation—which has been pending since January 2008 and is set for trial in March 2009—has no bearing on eBay's case. CJ's lawsuit is premised on a contract to which eBay is not a party and seeks to recover only a single disbursement of monies that it paid to Defendant Kessler's Flying Circus as commissions for one month in 2007 and for which CJ was never reimbursed by eBay. The suit therefore involves rights and remedies that are entirely separate from the action before the Court, and none of the damages sought by eBay overlap with the damages sought by CJ.

Dunning Defendants' Statement:

Dunning Defendants assert that eBay is either a third party beneficiary or a direct party to the PSA . eBay has a contract document called Special Terms and Conditions ("T&C") that is expressly incorporated by reference into the PSA as a requirement of

participation in eBay's Affiliate Marketing Program. The T&C required KFC to agree to be bound by its terms as a condition of participating in eBay's Affiliate Marketing Program. eBay did control CJI during all relevant times since CJI was eBay's agent for administering the Affiliate Marketing Program, the PSA and the T&C. Furthermore, the case filed by CJI is directly related to this case because it contains the identical allegations regarding the alleged "cooking stuffing" conduct by these defendants. There is a risk of inconsistent results if these cases are tried separately. eBay should be collaterally estopped from relitigating the factual issues decided in the case filed by CJI. The fact that damages sought by CJI in its case are allegedly distinct from the damages sought by eBay, which Dunning Defendants do not concede, has no bearing on the fact that these two cases are related on the issues of liability for alleged "cooking stuffing" in violation of the Affiliate Marketing Program, the PSA and the T&C.

## X. RELIEF

eBay's Statement:

eBay seeks compensatory, punitive, and treble damages; an award of restitution; injunctive relief, pre- and post-judgment interest; reasonable attorneys' fees; expert witness fees; and any other and further relief as the Court deems just and proper. eBay seeks damages that are in excess of the applicable statutory minimums, but that eBay cannot readily calculate without the benefit of further investigation and discovery. Generally, the compensatory damages eBay seeks include recoupment of payments for commissions that were paid to, but not legitimately earned, by Defendants as well as losses and damage caused by Defendants' unauthorized access to eBay's protected computers.

Dunning Defendants' Statement:

Dunning Defendants' Statement: Plaintiff suffered no damages as a result of Dunning Defendants' conduct and is not entitled to any recovery. In fact, eBay benefitted substantially from the promotional activities of KFC. Even if eBay establishes that some commissions were paid to KFC based on promotional activities not authorized by the PSA

or eBay's Terms and Conditions, eBay cannot reasonably identify the amount of those commissions, and eBay nevertheless benefitted from these new customers. All commissions paid to KFC as a result of the promotional activities by KFC that generated new customers at eBay who engaged in revenue generating transactions within a specified time period.

Hogan/DPS's Statement:

Defendants Shawn Hogan and Digital Point Solutions, Inc. deny that the Plaintiff's have suffered and are entitled to any damages whatsoever.

## XI. SETTLEMENT AND ADR

The parties discussed the possibility of engaging in alternative dispute resolution during the meet and confer process and preliminarily agreed that private mediation is preferable to other forms of ADR for this case. The parties agree that such mediation would not be productive until discovery has been conducted, and submitted a stipulation to the Court reflecting this agreement.

## XII. MAGISTRATE JUDGE

The parties are not willing to submit this matter to a magistrate judge for all purposes.

## XIII. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

The parties do not see any possibility for narrowing the issues in the case at the present time. The parties are not presently in a position to address whether: (a) it is feasible or desirable to bifurcate issues for trial; or (b) it is possible to reduce the length of the trial by stipulation, use of summaries or other expedited means of presenting issues.

## XV. EXPEDITED SCHEDULE

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVI. SCHEDULING

The parties' proposed schedules are attached as Exhibit A.

## XVII. TRIAL

eBay's Statement:

eBay has requested a jury trial of this action. eBay anticipates that the trial of this action will take 10-15 court days.

Dunning Defendants' Statement:

The Dunning Defendants' position is that under the terms of the PSA, to which eBay is bound, the parties waived their right to a jury trial. The Defendants cannot anticipate the length of trial at this time. The Dunning Defendants are entitled to a separate trial from the Hogan defendants.

Hogan/DPS's Statement:

Defendants Shawn Hogan's and Digital Point Solutions, Inc.'s position is that multiple trials may be necessary to, among other things, avoid prejudice to these Defendants. Specifically, Defendants Shawn Hogan and Digital Point Solutions, Inc. believe that it may be inappropriate for one trial to commence against all parties when the claims against them are factually distinct and there exists no actual nexus between many of the various defendants and the allegations that are the subject of the Plaintiff's First Amended Complaint. Defendants Shawn Hogan and Digital Point Solutions, Inc. are likely to request a jury trial of this action.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

eBay's Statement:

On August 25, 2008, pursuant to Civil L.R. 3-16, eBay filed a Certification of Interested Entities. As stated therein, the interests of eBay International A.G. could be substantially affected by the outcome of this proceeding because, separate from the damages suffered by eBay, eBay International A.G. was damaged by Defendants' conduct.

Case 5:08-cv-04052-JF Document 57 Filed 01/09/2009 Page 15 of 18

Dunning Defendants' Statement:

eBay should be required at this time to join in this case all of its subsidiaries that it contends were damaged by the Dunning Defendants' conduct.

Hogan/DPS's Statement:

Defendants Shawn Hogan and Digital Point Solutions, Inc. are not aware of any non-party interested entities or persons that could be substantially affected by the outcome of this proceeding.

Dated:

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP

By: /s/ *David R. Eberhart*
David R. Eberhart

*Attorneys for Plaintiff*
eBay Inc.

Dated:

LEO J. PRESIADO
RUS, MILIBAND & SMITH, A PROFESSIONAL CORPORATION

By: /s/ *Leo J. Presiado*
Leo J. Presiado

*Attorneys for Defendants*
Thunderwood Holdings, Inc., Brian Dunning and BrianDunning.com

Dated:

STEWART H. FOREMAN
FREELAND, COOPER & FOREMAN, LLP

By: /s/ *Stewart H. Foreman*
Stewart H. Foreman

Case 5:08-cv-04052-JF Document 57 Filed 01/09/2009 Page 16 of 18

*Attorneys for Defendants*
Todd Dunning and Dunning Enterprise, Inc.

Dated:

PATRICK K. MCCLELLAN
LAW OFFICE OF PATRICK K. MCCLELLAN

By: */s/ Patrick K. McClellan*
Patrick K. McClellan

*Attorney for Defendant*
Kessler's Flying Circus

Dated:

SEYAMACK KOURETCHIAN
COAST LAW GROUP, LLP

By: */s/ Seyamack Kouretchian*
Seyamack Kouretchian

*Attorneys for Defendants*
Digital Point Solutions, Inc. and Shawn Hogan

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by this Court as the Case Management Order for the case, and the parties are ordered to comply with this Order. In addition, the Court orders that a further Case Management Conference will be held on _______________.

**IT IS SO ORDERED.**

Dated: ______________________

_______________________________
The Honorable Jeremy Fogel
United States District Court Judge
Northern District of California

Case 5:08-cv-04052-JF Document 57 Filed 01/09/2009 Page 18 of 18

EXHIBIT A

| Event | eBay's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Fact discovery commences | January 15, 2009 | |
| Fact discovery closes | November 20, 2009 | |
| Last day for expert reports on merits | January 8, 2010 | |
| Last day for depositions of experts | January 22, 2010 | |
| Last day for responsive expert reports | February 5, 2010 | |
| Close of expert discovery | February 19, 2010 | |
| Last day to file dispositive motions | March 26, 2010 | |
| Oppositions to dispositive motions due | April 30, 2010 | |
| Reply briefs in support of dispositive motions due | May 21, 2010 | |
| Hearing on dispositive motions | June 4, 2010 | |
| Required Meeting Prior to Pretrial Conference | July 20, 2010 | |
| Pretrial Conference Statement | July 26, 2010 | |
| Pretrial Conference | August 9, 2010 | |
| Trial | September 20, 2010 | |

SF1:750958.1