# EXHIBIT K

1          IN THE UNITED STATES DISTRICT COURT

2       FOR THE NORTHERN DISTRICT OF CALIFORNIA

3             SAN JOSE DIVISION

4

EBAY, INC.,             ) CV-08-4052-JF

5                   )

           PLAINTIFF,  ) SAN JOSE, CALIFORNIA

6                   )

         VS.            )

7                   ) AUGUST 14, 2009

  DIGITAL POINT SOLUTIONS,   )

8  INC. ET AL,           )

                   ) PAGES 1-11

9         DEFENDANT.  )

10   ————————————————————————

11          TRANSCRIPT OF PROCEEDINGS

12     BEFORE THE HONORABLE JEREMY FOGEL
         UNITED STATES DISTRICT JUDGE

13

14  A P P E A R A N C E S:

15  FOR THE PLAINTIFF:  O'MELVENY & MYERS LLP
    EBAY            BY:  DAVID EBERHART

16                     JEAN NIEHAUS
                 TWO EMBARCADERO CTR, 28TH FL

17               SAN FRANCISCO, CA 94111

18

19  FOR THE DEFENDANT:  COAST LAW GROUP, LLP
    DIGITAL POINT      BY:  ROSS CAMPBELL

20  SOLUTIONS, HOGAN    169 SAXONY RD, STE204
                 ENCINITAS, CA 92024

21

22

23    (APPEARANCES CONTINUED ON THE NEXT PAGE)

24

25  OFFICIAL COURT REPORTER: SUMMER CLANTON, CSR,
                 CERTIFICATE NUMBER 13185

1

```
 1      FOR THE DEFENDANT:  RUS, MILIBAND & SMITH, APC
        BRIAN DUNNING,      BY:   LEO PRESIADO
 2      BRIANDUNNING.COM,   2211 MICHELSON DR, 7TH FL
        THUNDERWOOD         IRVINE, CA 92612
 3


 4


 5      FOR THE DEFENDANT:  FREELAND COOPER & FOREMAN, LLP
        TODD DUNNING,       BY:  STEWART FOREMAN
 6      DUNNING ENTERPRISE  150 SPEAR ST.,STE 1800
                            SAN FRANCISCO, CA 94105
 7


 8


 9      FOR THE DEFENDANT:  LAW OFFICE OF PATRICK MCCLELLAN
        KESSLER'S FLYING    BY:  PATRICK MCCLELLAN
10      CIRCUS              2211 MICHELSON DR., #700
                            IRVINE, CA 92612
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

2

```
 1    SAN JOSE, CALIFORNIA            AUGUST 14, 2009
 2                 P R O C E E D I N G S
 3              (WHEREUPON, COURT CONVENED AND THE
 4    FOLLOWING PROCEEDINGS WERE HELD:)
 5              THE COURT:  EBAY VERSUS DIGITAL POINT
 6    SOLUTIONS.
 7              MR. EBERHART:  GOOD MORNING, YOUR HONOR.
 8    DAVID EBERHART ON BEHALF OF EBAY WITH MY COLLEAGUE
 9    JEAN NIEHAUS.
10              MS. NIEHAUS:  GOOD MORNING, YOUR HONOR.
11              THE COURT:  WE SHOULD HAVE A NUMBER OF
12    TELEPHONIC APPEARANCES ON BEHALF OF DEFENDANTS IN
13    THIS MATTER.
14              MR. PRESIADO:  GOOD MORNING, YOUR HONOR.
15    LEO PRESIADO, RUS MILIBAND & SMITH, ON BEHALF OF
16    DEFENDANTS THUNDERWOOD HOLDINGS, INC., BRIAN
17    DUNNING AND BRIANDUNNING.COM.
18              MR. FOREMAN:  GOOD MORNING, YOUR HONOR.
19    STEWART FOREMAN ON BEHALF OF TODD DUNNING AND
20    DUNNING ENTERPRISES.
21              MR. MCCLELLAN:  GOOD MORNING, YOUR HONOR.
22    PATRICK MCCLELLAN ON BEHALF OF KESSLER'S FLYING
23    CIRCUS.
24              MR. CAMPBELL:  GOOD MORNING, YOUR HONOR.
25    ROSS CAMPBELL ON BEHALF OF DEFENDANTS SHAWN HOGAN
```

1    AND DIGITAL POINT SOLUTIONS, INC.

2           THE COURT:  OKAY.

3           YOU HAVE A RULING ON THE MOTIONS THAT

4    WERE PENDING.  IT WAS JUST POSTED THIS WEEK.  AND

5    IT IS GOING TO INVOLVE, I GUESS AT THE MINIMUM,

6    SOME DISCOVERY THAT MAY LEAD TO A RENEWAL OF THE

7    FORUM SELECTION CLAUSE ISSUE.  BUT I'M WONDERING

8    WHAT COULD BE DONE IN THE MEANTIME.

9           I DON'T KNOW WHETHER THE PARTIES HAVE

10   ATTEMPTED ANY TYPE OF SETTLEMENT.  I DON'T KNOW

11   WHETHER IT'S TIME NOW TO GET THE PARTIES AND DO AN

12   ADR PROCESS OR WHAT YOU WANT TO DO IN LIGHT OF THE

13   RULING THAT THE COURT ISSUED.

14          SO LET ME GET SOME INPUT FIRST FROM EBAY

15   AND THEN THE DEFENDANTS.

16          MR. EBERHART:  I THINK FROM EBAY'S

17   PERSPECTIVE, YOUR HONOR, UNTIL WE HAVE SOME

18   DISCOVERY AND IN PARTICULAR UNTIL THERE'S SOME

19   RESOLUTION OF WHAT'S HAPPENING WITH THE CRIMINAL

20   INVESTIGATION, I THINK IT'S PREMATURE TO GO TO ADR.

21          EBAY IS NOT OPPOSED TO GOING ADR AT SOME

22   POINT AFTER THOSE ISSUES HAVE BEEN RESOLVED BUT I

23   DO BELIEVE IT'S PREMATURE RIGHT NOW.

24          THE COURT:  DO YOU HAVE A MOTION TO

25   COMPEL OR ANYTHING LIKE THAT PENDING BEFORE THE

4

1    MAGISTRATE JUDGE WITH REGARD TO ANY OF THE

2    MATERIALS OF THE DEFENDANTS HAVE NOT PRODUCED?

3            MR. EBERHART:  WE DO NOT YET, YOUR HONOR,

4    BECAUSE WE WERE AWAITING THE COURT'S DECISION AS TO

5    WHETHER THIS WOULD BE THE ACTUAL PLACE TO BRING THE

6    MOTION OR WHETHER WE SHOULD BRING IT IN ANOTHER

7    COURT.

8            NOW THAT WE UNDERSTAND WE WILL BE HERE,

9    WE WILL PROCEED WITH THE MAGISTRATE ON IT.

10           THE COURT:  AND I TAKE THE DEFENDANT'S

11   POSITION IS THAT SOME OF THE DISCOVERY EBAY WANTS

12   IS PRIVILEGED BECAUSE THERE'S STILL A PENDING

13   CRIMINAL MATTER?

14           MR. PRESIADO:  YOUR HONOR, THIS IS

15   LEO PRESIADO.  I WAS UNAWARE OF THE RULING ON THE

16   MOTION.  I HAVEN'T RECEIVED IT.

17           THE COURT:  IT SHOULD HAVE BEEN

18   INSTANTANEOUSLY AVAILABLE.

19           MR. EBERHART:  I WILL CONCEDE WE HAVE NOT

20   SEEN IT EITHER.  THE ECF SYSTEM DID NOT SEND IT

21   OUT.

22           THE COURT:  THAT'S TOO BAD.  I'M SORRY.

23   I'M TRYING TO REMEMBER WHAT DAY IT WENT UP.  IT WAS

24   EARLIER THIS WEEK, MONDAY OR TUESDAY.  AND THAT'S A

25   GLITCH WE SHOULD CORRECT.

5

1          MR. FOREMAN:  YOUR HONOR, THIS IS STEWART

2     FOREMAN.  WE HAVEN'T RECEIVED IT EITHER.

3          THE COURT:  I'M REALLY SORRY.  I JUST

4     ASSUMED YOU HAD ALL SEEN IT.

5          MR. FOREMAN:  YOUR HONOR --

6          THE COURT:  HOLD ON JUST A SECOND,

7     COUNSEL, IF YOU WOULD.

8          THE CLERK:  I SEE THE LAST --

9          THE COURT:  OH, YOU KNOW WHAT, I KNOW

10    WHERE IT IS.  YEAH.  I MISSPOKE.  I'M DONE WITH IT,

11    MY LAW CLERK NEEDS TO MAKE MY LAST EDITORIAL

12    CHANGES, SO IT WILL PROBABLY BE POSTED LATER TODAY.

13    I'M SORRY FOR THE CONFUSION.

14          BOTTOM LINE IS THE COURT DECIDED THAT

15    SOME OF THE CLAIMS, THE CFAA CLAIM, THE RICO CLAIM

16    ARE PROPERLY VENUED HERE.

17          THE QUESTION OF WHETHER THE FORUM

18    SELECTION CLAUSE AND PSA REQUIRES THAT AT LEAST

19    THOSE CLAIMS AND THOSE THAT EMANATE FROM IT BE

20    HEARD IN A DIFFERENT COURT WAS ONE THAT THE COURT

21    FELT CANNOT BE RESOLVED WITHOUT DISCOVERY BECAUSE

22    OF THE DISPUTE AS TO WHETHER THE PSA IS EVEN IN

23    PLAY.

24          THAT'S A VERY ROUGH SUMMARY OF WHAT'S IN

25    THE RULING.  I DON'T WANT TO DISCUSS IT.  I WILL

1    TELL YOU THAT'S WHAT IT IS.

2              SO AT LEAST FOR THE TIME BEING THE CASE

3    WILL REMAIN HERE, BUT THAT'S WITHOUT PREJUDICE TO

4    THAT ISSUE BEING REVISITED.

5              OKAY.  SO MR. FOREMAN, YOU WERE STARTING

6    TO SAY SOMETHING?

7              MR. FOREMAN:  YES.  THANK YOU,

8    YOUR HONOR.

9              I JUST WANTED TO EXPRESS A DISAGREEMENT

10   ON THE ISSUE I BELIEVE COUNSEL FOR EBAY MENTIONED

11   ABOUT THE -- NO VALUE IN ATTEMPTING TO HAVE SOME

12   MEDIATION PROCESS.

13             AND MY COMMENT ABOUT THAT IS THAT, NUMBER

14   ONE, WITH THIS PENDING FEDERAL MATTER, WE HAVE NO

15   CONTROL OVER ITS TIMING.  NOTHING HAS HAPPENED IN

16   THE LAST TWO YEARS, AND THERE'S NO INDICATION THAT

17   WE'RE AWARE THAT ANYTHING IS GOING TO HAPPEN IN THE

18   NEAR FUTURE.

19             AND IT SEEMS TO ME WE SHOULDN'T BE

20   WAITING FOR SOMETHING THAT WE HAVE ABSOLUTELY NO

21   CONTROL OVER BEFORE WE TRY AND SEE IF THERE'S A

22   RESOLUTION.

23             THE COURT:  ARE YOU WILLING TO PROVIDE

24   DISCOVERY -- OBVIOUSLY, I'M NOT ASKING FOR CLIENTS

25   TO WAIVE ANY FIFTH AMENDMENT PRIVILEGE, BUT ARE YOU

1      WILLING TO PROVIDE ENOUGH DISCOVERY THAT THERE

2      COULD BE SOME TRACTION IN THOSE DISCUSSIONS?

3                 HAS THERE BEEN ANY CONVERSATION AS TO

4      WHAT KIND OF DISCOVERY COULD BE PROVIDED?

5                 MR. FOREMAN:  AT LEAST ON BEHALF OF MY

6      CLIENTS THERE'S VERY LIMITED DISCOVERY.

7                 I HAD TOLD EBAY PENDING YOUR DECISION ON

8      THIS MATTER THAT THERE WAS A LIMITED AMOUNT OF

9      ADDITIONAL SUPPLEMENTAL DISCOVERY THAT MY CLIENTS

10     COULD GIVE AND WE WILL NOW DO THAT IN LIGHT OF WHAT

11     YOU'VE DESCRIBED YOUR ORDER TO BE.

12                QUITE FRANKLY, IT'S EXTREMELY LIMITED AND

13     MY CLIENT DOESN'T HAVE CONTROL OVER THE DOCUMENTS.

14     THEY HAVE BEEN TAKEN BY THE F.B.I. AND THEY WON'T

15     LET US COPY THEM, SO WE HAVE NOTHING TO GIVE.

16     THAT'S A PROBLEM WE ARE CONTINUALLY FACED WITH.

17                I THINK THE RELEVANT DISCOVERY, FOR

18     PURPOSES OF BEING ABLE TO SIT DOWN AND TALK, IT'S

19     IN THE HANDS OF ALL THE PARTIES.  IT'S PRIMARILY

20     FROM A COMMISSION JUNCTION.  AND THAT DISCOVERY HAS

21     BEEN MADE AVAILABLE.  I THINK ALL THE PARTIES KNOW

22     WHAT THE COMMISSIONS WERE THAT WERE PAID.

23                I GOT, I BELIEVE EBAY WITH ITS COMPUTING

24     POWER KNOWS EXACTLY WHAT'S GOING ON.  IN FACT, I

25     THINK THE DEFENDANT IS REALLY THE ONLY ONE -- THEY

8

1   DON'T HAVE THE DOCUMENTS AND WE ARE NOT LIKELY TO

2   GET THEM.

3            THE COURT:  MAYBE I SHOULD ASK EBAY'S

4   COUNSEL TO EXPLAIN WHAT YOU NEED IN ORDER TO HAVE A

5   MEANINGFUL DISCUSSION.

6            MR. EBERHART:  CERTAINLY, YOUR HONOR.

7            FIRST OF ALL, LET ME SAY IT IS OUR

8   UNDERSTANDING THAT THERE'S MATERIAL IN THE HANDS OF

9   THIRD PARTIES, COMPANIES NAMED RACKSPACE AND

10  NETHERE, THAT MAY BE DUPLICATIVE OF WHAT WAS SEIZED

11  BY THE F.B.I.

12           AND EBAY HAS SUBPOENAED THAT MATERIAL

13  FROM RACKSPACE AND NETHERE.  THE DEFENDANTS HAVE

14  OPPOSED PRODUCTION OF THAT MATERIAL.  PERHAPS WE

15  COULD HAVE A BREAKTHROUGH IN LIGHT OF THE COURT'S

16  RULING AND MOVE FORWARD THERE.

17           THAT MATERIAL IS THE SPECIFIC CODE THAT

18  WAS USED BY THE DEFENDANTS TO DEFRAUD EBAY.  AND WE

19  BELIEVE STRONGLY WE NEED TO SEE THAT, HAVE THE

20  CONFIRMATION THAT IT DID WHAT WE BELIEVE IT WAS

21  DOING, AND THAT WILL ALLOW US TO HAVE A MEANINGFUL

22  SETTLEMENT DISCUSSION.

23           THE COURT:  YOU COULD GET A BETTER

24  OBJECTIVE SENSE OF THE MERITS OF YOUR CASE?

25           MR. EBERHART:  CORRECT, YOUR HONOR.

1          THE COURT:  LET ME MAKE A SUGGESTION

2    SINCE I BELIEVED YOU HAD THE RULING IN HAND AND

3    EVIDENTLY NOW IT'S CLEAR THAT YOU DON'T.  SO LET ME

4    GET YOU THE RULING FIRST BECAUSE IT'S PRETTY

5    DETAILED, AS YOU MIGHT IMAGINE.

6          THEN LET ME SUGGEST YOU HAVE A MEET AND

7    CONFER ABOUT DISCOVERY IN LIGHT OF THE RULING.  IF

8    THERE ARE MOTIONS, GET THEM BEFORE JUDGE TRUMBULL

9    SO THEY CAN BE HEARD AND I WILL SUGGEST WE

10   RECONVENE IN ABOUT 45 DAYS.

11         SO THAT WILL TAKE US TO SEPTEMBER 25TH IF

12   EVERYONE IS AVAILABLE AT THAT TIME.

13         HEARING NO OBJECTIONS, SEPTEMBER 25TH AT

14   10:30 FOR CMC AND CASE PLANNING.

15         AND I'M GOING TO SPECIFICALLY DIRECT

16   COUNSEL TO MEET AND CONFER ABOUT DISCOVERY SO THEY

17   CAN REDUCE THE AMOUNT OF MOTION PRACTICE.

18         THANKS VERY MUCH.

19         (WHEREUPON, THE PROCEEDINGS IN THIS

20   MATTER WERE CONCLUDED.)

21

22

23

24

25

1

2

3

4                    **<u>CERTIFICATE OF REPORTER</u>**

5

6

7

8             I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13             THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22        _____

                SUMMER A. CLANTON, CSR, RPR
23              CERTIFICATE NUMBER 13185

24

25

                                                          11