# EXHIBIT O

DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
COLLEEN M. KENNEDY (S.B. #227107)
ckennedy@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Plaintiff eBay Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20,<br><br>               Defendants. | Case No.  C 08-04052 JF<br><br>**STIPULATED PROTECTIVE ORDER** |

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  DEFINITIONS

2.1  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4  "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5  Receiving Party: a Party that receives Disclosure or Discovery

1 Material from a Producing Party.

    2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.7    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

    2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

    2.9    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

    2.11    <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

    2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

Case5:08-cv-04052-JF Document152-15 Filed10/30/09 Page5 of 19
Case5:08-cv-04052-JF Document109 Filed06/26/09 Page4 of 18

1  conversations, or presentations by parties or counsel to or in court or in other settings that
2  might reveal Protected Material.

3      4.    <u>DURATION</u>

4  Even after the termination of this litigation, the confidentiality obligations imposed
5  by this Order shall remain in effect until a Designating Party agrees otherwise in writing
6  or a court order otherwise directs.

7      5.    <u>DESIGNATING PROTECTED MATERIAL</u>

8      5.1    <u>Exercise of Restraint and Care in Designating Material for
9  Protection</u>. Each Party or non-party that designates information or items for protection
10 under this Order must take care to limit any such designation to specific material that
11 qualifies under the appropriate standards. A Designating Party must take care to designate
12 for protection only those parts of material, documents, items, or oral or written
13 communications that qualify – so that other portions of the material, documents, items, or
14 communications for which protection is not warranted are not swept unjustifiably within
15 the ambit of this Order.

16 Mass, indiscriminate, or routinized designations are prohibited. Designations that
17 are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*,
18 to unnecessarily encumber or retard the case development process, or to impose
19 unnecessary expenses and burdens on other parties), expose the Designating Party to
20 sanctions.

21 If it comes to a Party's or a non-party's attention that information or items that it
22 designated for protection do not qualify for protection at all, or do not qualify for the level
23 of protection initially asserted, that Party or non-party must promptly notify all other
24 parties that it is withdrawing the mistaken designation.

25     5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided
26 in this Order (see, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise
27 stipulated or ordered, material that qualifies for protection under this Order must be
28 clearly so designated before the material is disclosed or produced.

3    STIPULATED PROTECTIVE ORDER
CASE NO. C 08-4052 JF

1   Designation in conformity with this Order requires:

2       (a)    <u>for information in documentary form</u> (apart from transcripts of
3   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
4   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at
5   the top of each page that contains protected material. If only a portion or portions of the
6   material on a page qualifies for protection, the Producing Party also must clearly identify
7   the protected portion(s) (e.g., by making appropriate markings in the margins) and must
8   specify, for each portion, the level of protection being asserted (either
9   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

10   A Party or non-party that makes original documents or materials available for
11   inspection need not designate them for protection until after the inspecting Party has
12   indicated which material it would like copied and produced. During the inspection and
13   before the designation, all of the material made available for inspection shall be deemed
14   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party
15   has identified the documents it wants copied and produced, the Producing Party must
16   determine which documents, or portions thereof, qualify for protection under this Order,
17   then, before producing the specified documents, the Producing Party must affix the
18   appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
19   ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If
20   only a portion or portions of the material on a page qualifies for protection, the Producing
21   Party also must clearly identify the protected portion(s) (e.g., by making appropriate
22   markings in the margins) and must specify, for each portion, the level of protection being
23   asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
24   EYES ONLY").

25   When a non-party produces information in documentary form, and regardless of
26   whether the Producing Party designates any of that material for protection under this
27   Order, the documents shall be provisionally deemed "HIGHLY CONFIDENTIAL –
28   ATTORNEYS' EYES ONLY" for the first 30 days following the Producing Party's

1  production of documents. If any Party asserts that any of the documents produced by the
2  non-party qualify for protection under this Order, that Party shall, before the end of the
3  30-day period, notify the other Parties that such designations will be made and produce
4  copies of any such documents with the appropriate legend ("CONFIDENTIAL" or
5  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") according to the terms of
6  this Order. The Receiving Party shall thereafter destroy all previously-produced copies of
7  such protected documents and replace them with the copies that have been designated for
8  protection. In the absence of such designation, the documents will cease to be deemed
9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the end of the 30-day
10 period.

11             (b)    <u>for testimony given in deposition or in other pretrial or trial
12 proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on
13 the record, before the close of the deposition, hearing, or other proceeding, all protected
14 testimony, and further specify any portions of the testimony that qualify as "HIGHLY
15 CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify
16 separately each portion of testimony that is entitled to protection, and when it appears that
17 substantial portions of the testimony may qualify for protection, the Party or non-party
18 that sponsors, offers, or gives the testimony may invoke on the record (before the
19 deposition or proceeding is concluded) a right to have up to 30 days to identify the
20 specific portions of the testimony as to which protection is sought and to specify the level
21 of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
22 ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are
23 appropriately designated for protection within the 30 days shall be covered by the
24 provisions of this Stipulated Protective Order.
25         Transcript pages containing Protected Material must be separately bound by the
26 court reporter, who must affix to the top of each such page the legend
27 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as
28 instructed by the Party or nonparty offering or sponsoring the witness or presenting the

1 testimony.

2         (c)   <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

10     When a non-party produces information in non-documentary form, and regardless of whether the Producing Party designates any of that material for protection under this Order, the material shall be provisionally deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the first 30 days following the Producing Party's production. If any Party asserts that any of the material produced by the non-party qualifies for protection under this Order, that Party shall, before the end of the 30-day period, notify the other Parties of the designation claimed by that Party. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY." In the absence of such designation, the documents will cease to be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the end of the 30-day period.

22     5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in

1  accordance with the provisions of this Order.

2      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

3          6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating
4  Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,
5  unnecessary economic burdens, or a later significant disruption or delay of the litigation, a
6  Party does not waive its right to challenge a confidentiality designation by electing not to
7  mount a challenge promptly after the original designation is disclosed.

8          6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a
9  Designating Party's confidentiality designation must do so in good faith and must begin
10 the process by conferring directly (in voice to voice dialogue; other forms of
11 communication are not sufficient) with counsel for the Designating Party. In conferring,
12 the challenging Party must explain the basis for its belief that the confidentiality
13 designation was not proper and must give the Designating Party an opportunity to review
14 the designated material, to reconsider the circumstances, and, if no change in designation
15 is offered, to explain the basis for the chosen designation. A challenging Party may
16 proceed to the next stage of the challenge process only if it has engaged in this meet and
17 confer process first.

18         6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a
19 confidentiality designation after considering the justification offered by the Designating
20 Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil
21 Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in
22 detail the basis for the challenge. Each such motion must be accompanied by a competent
23 declaration that affirms that the movant has complied with the meet and confer
24 requirements imposed in the preceding paragraph and that sets forth with specificity the
25 justification for the confidentiality designation that was given by the Designating Party in
26 the meet and confer dialogue.

27     The burden of persuasion in any such challenge proceeding shall be on the
28 Designating Party. Until the court rules on the challenge, all parties shall continue to

afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

        (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        (g)    the author of the document or the original source of the information.

    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

        (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

        (b)    House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions involving any affiliate marketing program, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

    (d)  the Court and its personnel;

    (e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

    (f)  the author of the document or the original source of the information.

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

1  Protected Material to any person or in any circumstance not authorized under this
2  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
3  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all
4  copies of the Protected Material, (c) inform the person or persons to whom unauthorized
5  disclosures were made of all the terms of this Order, and (d) request such person or
6  persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached
7  hereto as Exhibit A.

8      10.    FILING PROTECTED MATERIAL.

9      Without written permission from the Designating Party or a court order secured
10 after appropriate notice to all interested persons, a Party may not file in the public record
11 in this action any Protected Material. A Party that seeks to file under seal any Protected
12 Material must comply with Civil Local Rule 79-5.

13     11.    FINAL DISPOSITION.

14     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty
15 days after the final termination of this action, each Receiving Party must return all
16 Protected Material to the Producing Party. As used in this subdivision, "all Protected
17 Material" includes all copies, abstracts, compilations, summaries or any other form of
18 reproducing or capturing any of the Protected Material. With permission in writing from
19 the Designating Party, the Receiving Party may destroy some or all of the Protected
20 Material instead of returning it. Whether the Protected Material is returned or destroyed,
21 the Receiving Party must submit a written certification to the Producing Party (and, if not
22 the same person or entity, to the Designating Party) by the sixty day deadline that
23 identifies (by category, where appropriate) all the Protected Material that was returned or
24 destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,
25 compilations, summaries or other forms of reproducing or capturing any of the Protected
26 Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy
27 of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
28 work product, even if such materials contain Protected Material. Any such archival

1 copies that contain or constitute Protected Material remain subject to this Protective Order
2 as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 6/23/09                    _____
                                  Attorneys for Plaintiff

DATED: _____            _____
                                  Attorneys for Defendant

DATED: _____            _____
                                  Attorneys for Defendant

DATED: _____            _____
                                  Attorneys for Defendant

DATED: _____            _____
                                  Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____            _____
                                  The Honorable Jeremy Fogel
                                  United States District Judge

1  copies that contain or constitute Protected Material remain subject to this Protective Order
2  as set forth in Section 4 (DURATION), above.
3      12.   MISCELLANEOUS
4          12.1   Right to Further Relief. Nothing in this Order abridges the right of
5  any person to seek its modification by the Court in the future.
6          12.2   Right to Assert Other Objections. By stipulating to the entry of this
7  Protective Order no Party waives any right it otherwise would have to object to disclosing
8  or producing any information or item on any ground not addressed in this Stipulated
9  Protective Order. Similarly, no Party waives any right to object on any ground to use in
10 evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____     _____
                                    Attorneys for Plaintiff

DATED: _____     _____
                                    Attorneys for Defendant

DATED: _____     _____
                                    Attorneys for Defendant
                                    Freeland Cooper
DATED: June 23, 2009               Stewart Kasner, Freeman LLP
                                    Attorneys for Defendants TODD DUNNING
                                    + DUNNING ENTERPRISE, INC.

DATED: _____     _____
                                    Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____     _____
                                    The Honorable Jeremy Fogel
                                    United States District Judge

1  copies that contain or constitute Protected Material remain subject to this Protective Order
2  as set forth in Section 4 (DURATION), above.

3      12.    MISCELLANEOUS

4      12.1    Right to Further Relief. Nothing in this Order abridges the right of
5  any person to seek its modification by the Court in the future.

6      12.2    Right to Assert Other Objections. By stipulating to the entry of this
7  Protective Order no Party waives any right it otherwise would have to object to disclosing
8  or producing any information or item on any ground not addressed in this Stipulated
9  Protective Order. Similarly, no Party waives any right to object on any ground to use in
10 evidence of any of the material covered by this Protective Order.

12 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13 DATED: _____
                                                       Attorneys for Plaintiff

15 DATED: _____
                                                       Attorneys for Defendant

16 DATED: _____
                                                       Attorneys for Defendant

18 DATED: _____
                                                       Attorneys for Defendant

19 DATED: 6/23/09  [signature]  RUS, MILIBAND / SMITH, APC
20                                               Attorneys for Defendants Thunderwood Holdings, Inc., Brian Dunning and Briandunning.com

21 PURSUANT TO STIPULATION, IT IS SO ORDERED.

23 DATED: _____
                                                       The Honorable Jeremy Fogel
                                                       United States District Judge

1  copies that contain or constitute Protected Material remain subject to this Protective Order
2  as set forth in Section 4 (DURATION), above.

3      12.    MISCELLANEOUS

4      12.1  Right to Further Relief. Nothing in this Order abridges the right of
5  any person to seek its modification by the Court in the future.

6      12.2  Right to Assert Other Objections. By stipulating to the entry of this
7  Protective Order no Party waives any right it otherwise would have to object to disclosing
8  or producing any information or item on any ground not addressed in this Stipulated
9  Protective Order. Similarly, no Party waives any right to object on any ground to use in
10 evidence of any of the material covered by this Protective Order.

12 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13 DATED: _____

    Attorneys for Plaintiff

15 DATED: 6/25/09

    Attorneys for Defendants SHAWN HOGAN and
    DIGITAL POINT SOLUTIONS, INC.

16 DATED: _____

    Attorneys for Defendant

17 DATED: _____

    Attorneys for Defendant

19 DATED: 6/23/09

    RUS, MILIBAND / SMITH, APC
    Attorneys for Defendants
    Thunderwood Holdings, Inc.; Brian Dunning
    and Briandunning.com

21 PURSUANT TO STIPULATION, IT IS SO ORDERED.

23 DATED: _____

    The Honorable Jeremy Fogel
    United States District Judge

1 copies that contain or constitute Protected Material remain subject to this Protective Order
2 as set forth in Section 4 (DURATION), above.

3     12. **MISCELLANEOUS**

4         12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of
5 any person to seek its modification by the Court in the future.

6         12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this
7 Protective Order no Party waives any right it otherwise would have to object to disclosing
8 or producing any information or item on any ground not addressed in this Stipulated
9 Protective Order. Similarly, no Party waives any right to object on any ground to use in
10 evidence of any of the material covered by this Protective Order.

12 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13 DATED: _____     _____
14                                     Attorneys for Plaintiff
15 DATED: _____     _____
                                    Attorneys for Defendant
16 DATED: _____     _____
17                                     Attorneys for Defendant
18 DATED: _____     _____
                                    Attorneys for Defendant
19 DATED: 6-24-09                   *[signature]* and W ell
20                                     Attorneys for Defendant KESSLERS
                                    FLYING   CIRCUS

22 PURSUANT TO STIPULATION, IT IS SO ORDERED.

23 DATED: 6- June 26, 2009             *[signature]* Patricia V. Trumbull
                                    The Honorable J XXXXXXXXXX Patricia V. Trumbull
24                                     United States XXXXXX Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *eBay Inc. v. Digital Point Solutions, Inc., et al.*, Case No. CV-08-4052 JF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
           [printed name]

Signature: _____
           [signature]

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-4052 JF