1   DAVID R. EBERHART (S.B. #195474)
    deberhart@omm.com
2   SHARON M. BUNZEL (S.B. #181609)
    sbunzel@omm.com
3   COLLEEN M. KENNEDY (S.B. #227107)
    ckennedy@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA 94111
    Telephone:   (415) 984-8700
6   Facsimile:   (415) 984-8701

7   Attorneys for Plaintiff eBay Inc.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12  EBAY INC.,

13               Plaintiff,

14       v.

15  DIGITAL POINT SOLUTIONS, INC.,
    SHAWN HOGAN, KESSLER'S
16  FLYING CIRCUS, THUNDERWOOD
    HOLDINGS, INC., TODD DUNNING,
17  DUNNING ENTERPRISE, INC., BRIAN
    DUNNING, BRIANDUNNING.COM,
18  and DOES 1-20,

19               Defendants.

20

21

22

23

24

25

26

27

28

Case No. C 08-04052 JF PVT

**PLAINTIFF EBAY INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION, INTERROGATORIES AND REQUESTS FOR ADMISSION FROM DEFENDANTS BRIAN DUNNING, THUNDERWOOD HOLDINGS, INC., BRIANDUNNING.COM AND KESSLER'S FLYING CIRCUS**

Hearing Date: November 13, 2009
Time:            10:00 a.m.
Courtroom:   5
Judge:          Hon. Patricia V. Trumbull

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 1

    A.    The BD Defendants Provide No Justification For Their Ongoing
    Failure To Produce Documents.......................................................................... 1

        1.    The BD Defendants Have Responsive Documents In Their
        Possession, Custody Or Control........................................................ 1

        2.    The Fifth Amendment Privilege Does Not Protect The
        Requested Documents From Production............................................ 3

            a.    The BD Entities' Production Of Documents At
            Rackspace Does Not Implicate Brian Dunning's
            Privilege ................................................................. 3

            b.    Brian Dunning Must Produce Documents Previously
            Obtained By The Government ................................. 5

    B.    The BD Entities Cannot Rely On The Individuals' Fifth Amendment
    Rights To Withhold Responses To Interrogatories Or Requests For
    Admission .......................................................................................................... 8

    C.    Defendants' Boilerplate Objections Are Not A Basis To Deny This
    Motion ............................................................................................................. 10

    D.    eBay's Discovery Rights Should Not Be Deferred Pending A Ruling
    On Defendants' Stay Motions ......................................................................... 12

III.  CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

*Amato v. United States,*
  450 F.3d 46 (1st Cir. 2006) ........................................................................... 4

*Bellis v. United States,*
  417 U.S. 85 (1974) ........................................................................................ 4

*Braswell v. United States,*
  487 U.S. 99 (1988) ........................................................................................ 4

*Cent. States, Se. & Sw. Areas Pension Fund v. Carstengen Freight
  Lines, Inc.,*
  No. 96 C 6252, 1998 WL 413490 (N.D. Ill. July 17, 1998) ..................... 9, 10

*City of Chicago v. Reliable Truck Parts Co.,*
  No. 88 C 1458, 1989 WL 32923 (N.D. Ill. Mar. 31, 1989) ........................... 9

*Duran v. Cisco Sys., Inc.,*
  258 F.R.D. 375 (C.D. Cal. 2009) ................................................................ 11

*Fisher v. United States,*
  425 U.S. 391 (1976) .................................................................................. 6, 7

*Freedom Med. Inc. v. R. Gillespie, III,*
  No. 06-3195, 2006 WL 3924101 (E.D. Pa. Jan. 16, 2006) ........................... 4

*In re Grand Jury No. 86-3 (Will Roberts Corp.),*
  816 F.2d 569 (11th Cir. 1987) ...................................................................... 4

*In re Grand Jury Proceedings on February 4, 1982,*
  759 F.2d 1418 (9th Cir. 1985) ...................................................................... 7

*In re Grand Jury Subpoena Duces Tecum,*
  1 F.3d 87 (2d Cir. 1993) ............................................................................... 6

*In re Two Grand Jury Subpoenae Duces Tecum,*
  769 F.2d 52 (2d Cir. 1985) ........................................................................... 5

*Johnson v. J.B. Hunt Transp., Inc.,*
  280 F.3d 1125 (7th Cir. 2002) ...................................................................... 3

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,*
  894 F.2d 1482 (5th Cir. 1990) .................................................................... 11

*Moreno v. AutoZone, Inc.,*
  No. C-05-4432 CRB, 2008 WL 906510 (N.D. Cal. Apr. 8, 2008) ................ 4

*SEC v. Leach,*
  156 F. Supp. 2d 491 (E.D. Pa. 2001) ........................................................... 9

**TABLE OF AUTHORITIES**
(continued)

Page

*United States v. Barth*,
745 F.2d 184 (2d Cir. 1984)............................................................... 9

*United States v. Blackman*,
72 F.3d 1418 (9th Cir. 1995) ........................................................... 4

*United States v. Boyce*,
148 F. Supp. 2d 1069 (S.D. Cal. 2001)............................................ 8

*United States v. Hallsims Indus. Components*,
674 F. Supp. 1161 (E.D. Pa. 1987) .................................................. 5

*United States v. Milligan*,
371 F. Supp. 2d 1127 (D. Ariz. 2005) ............................................. 4

*United States v. Parcels of Land*,
903 F.2d 36 (1st Cir. 1990)............................................................. 10

*United States v. Rue*,
819 F.2d 1488 (8th Cir. 1987) .......................................................... 6

*Wolk v. Green*,
No. C 06-5025 BZ, 2007 WL 3203050 (N.D. Cal. Oct. 29, 2007) ............................ 11

*World Music v. Arrow Vending, Inc.*,
675 F. Supp. 1131 (N.D. Ill. 1988) .................................................. 5

**<u>RULES</u>**

Fed. R. Civ. P. 26(e)(1) .................................................................... 8

Fed. R. Civ. P. 34(a)(1) .................................................................... 4

Fed. R. Civ. P. 34(b)(2)(E) ............................................................... 7

1    **I.      INTRODUCTION**

2            The opposition to eBay's motion to compel filed by Defendants Brian Dunning,

3    Thunderwood Holdings, Inc. ("THI"), Kessler's Flying Circus ("KFC") and

4    BrianDunning.com (collectively, the "BD Defendants") provides no justification for their

5    failure to provide eBay with meaningful discovery in this case.  Instead, the BD

6    Defendants ask this Court to defer hearing eBay's motion to compel until after their

7    pending motion to stay is decided, despite that fact that the District Court has ***already***

8    ***ordered*** that the motions to compel be heard by this Court before any stay motions are

9    heard:  "The motion to stay seems to me, just thinking about it logically, is going to be

10   informed by the result of the motion to compel. . . .  I'd like to see what Judge Trumbull's

11   take is on the matter before deciding whether a stay is required."  Omnibus Declaration of

12   Sharon M. Bunzel in Support of eBay's Replies ("Bunzel Decl."), Ex. 1, at 8:22-9:6.

13           It is uncontested that responsive documents exist at third party Rackspace US, Inc.

14   ("Rackspace") and that one or more of the BD Defendants have control over those

15   documents.  It is uncontested that responsive documents exist in the FBI's possession and

16   that those documents will one day be returned to defendants.  Similarly, it is uncontested

17   that KFC has already provided substantive responses to eBay's requests for admission,

18   indicating that at least KFC acknowledges that it can locate an agent to respond to

19   discovery other than Brian and Todd Dunning.  The attempt to deflect attention from the

20   BD Defendants' unjustified failure to provide substantive discovery should be rejected.

21   **II.     ARGUMENT**

22           **A.      The BD Defendants Provide No Justification For Their Ongoing Failure
                        To Produce Documents**
23

24                    **1.      The BD Defendants Have Responsive Documents In Their
                                Possession, Custody Or Control**

25           The BD Defendants do not contest that responsive documents exist at Rackspace,

26   and that such documents are within the BD Defendants' custody or control.  *See*

27   Opposition of Defendants Brian Dunning, THI, BrianDunning.com and KFC to eBay's

28

1   Motion to Compel ("BD Opp.") at 18-19. In fact, the BD Defendants impliedly concede

2   that the Rackspace documents are within the control of one or more of the entity

3   defendants THI and KFC ("the BD Entities"), by making the argument that the Rackspace

4   documents cannot be produced because "[Brian] Dunning (and Todd Dunning as to KFC)

5   is the only person who can act on behalf of the Defendant Entities."[1] BD Opp. at 18.

6         The BD Defendants' opposition fails to address the fact that they currently have in

7   their possession the few documents that have been produced by Rackspace pursuant to

8   eBay's subpoena.[2] *See* eBay's Motion to Compel Against the BD Defendants ("eBay

9   Mot.") at 11-12. The BD Defendants even go so far as to make the false statement that

10   "Rackspace . . . has refused to produce documents in response to [eBay's] subpoena." BD

11   Opp. at 18. But the fact is that Rackspace was prepared to produce those documents to

12   eBay, but instead turned the documents over to the BD Defendants' at their insistence.

13   Declaration of Colleen M. Kennedy in Support of eBay's Motion to Compel, previously

14   filed on September 22, 2009 ("9/22/09 Kennedy Decl."), ¶¶ 8-9; Bunzel Decl., Ex. 4.

15   eBay agreed to this procedure only based on the explicit understanding that the Rackspace

16   documents would be turned over to eBay after the BD Defendants' review of them for

17   attorney-client privileged materials. 9/22/09 Kennedy Decl., ¶¶ 8, 10. The BD

18   Defendants have now refused to comply with the parties' agreement, unjustifiably holding

19   the Rackspace documents hostage until their pending motion to stay is decided. *Id.* The

20   BD Defendants do not even attempt to justify this behavior in their opposition because

21   they cannot.

22         As discussed in eBay's motion to compel, these Rackspace documents include

23
24
25

[1] To the extent the Brian Dunning himself in fact controls the responsive documents at Rackspace, eBay's motion requests only that he produce those documents (or copies thereof) that have been previously obtained by the government. As discussed below, a subsequent production of those documents would not implicate Mr. Dunning's Fifth Amendment rights because it would be neither testimonial, nor further incriminating. *See infra*, pp. 5-8.

26
27
28

[2] Rackspace has agreed to produce approximately twenty pages of its own records, including billing records and customer agreements, but has refused production of any documents stored on the BD Defendants' servers on the grounds that those documents are under the control of the BD Defendants, who are therefore responsible for production of those documents to eBay. *See* Bunzel Decl., Ex. 5.

EBAY'S REPLY ISO MOT. TO COMPEL
AGAINST BD DEFENDANTS
CASE NO. C 08-04052 JF PVT

1    customer agreements and billing records and are expected to confirm the identity of

2    Rackspace's customer(s), thereby providing direct proof of the BD Defendants' control

3    over the documents stored at Rackspace.  eBay Mot. at 11.  Having improperly withheld

4    these documents from eBay, the BD Defendants cannot now attempt to take advantage of

5    eBay's lack of knowledge of the facts contained therein—whether by claiming that they

6    lack control over the documents at Rackspace or otherwise.  *See Johnson v. J.B. Hunt*

7    *Transp., Inc.*, 280 F.3d 1125, 1132 (7th Cir. 2002) (litigants must act in good faith in

8    complying with their discovery obligations, and may not benefit from their own dilatory

9    conduct).

10          It is therefore uncontested that one or more of the BD Defendants has custody or

11   control of the documents stored at Rackspace.  And it is undisputed that the BD

12   Defendants are currently in physical possession of documents that were originally

13   produced by Rackspace in response to eBay's subpoena, but are also directly responsive

14   to eBay's Request for Production No. 22., which requested all "documents sufficient to

15   identify all . . . electronic data storage and hosting companies, entities or facilities used by

16   [the BD Defendants]."  *See, e.g.*, 9/22/09 Kennedy Decl., Ex. 1, at 73.  All responsive

17   documents in the BD Defendants' possession, custody or control must be produced to

18   eBay.

19          **2.      The Fifth Amendment Privilege Does Not Protect The Requested**
                **Documents From Production**
20
                **a.      The BD Entities' Production Of Documents At Rackspace**
21              **Does Not Implicate Brian Dunning's Privilege**

22          Despite the fact that the BD Entities have never asserted the Fifth Amendment in

23   response to eBay's requests for production, the BD Defendants now claim that any

24   production of responsive documents held at Rackspace would violate Brian Dunning's

25   Fifth Amendment rights because it would "amount to 'testifying' as to the existence of the

26   documents and control over the documents."[3]  *See* BD Opp. at 18.  But the BD

---

[3] The BD Defendants attempt to obscure their obligation to respond to eBay's discovery by
asserting that eBay's motion seeks documents "in response to the subpoena served on
Rackspace."  BD Opp. at 18.  But the BD Defendants are independently obligated to produce all

1    Defendants' argument is contrary to established law.

2         A custodian's production of documents on behalf of a collective entity does not

3    "amount to testifying" such that the Fifth Amendment privilege is implicated.[4] *United*

4    *States v. Blackman*, 72 F.3d 1418, 1427 (9th Cir. 1995) (*citing Bellis v. United States*, 417

5    U.S. 85, 100 (1974)); *see also Braswell v. United States*, 487 U.S. 99, 118 (1988)

6    (because the act of production is in the individual's representative capacity, the production

7    is deemed to be an act of the entity and "the Government . . . may make no evidentiary use

8    of the 'individual act' against the individual"). This is true even if the documents

9    themselves are incriminating to the custodian, *Blackman*, 72 F.3d at 1427, and is true even

10   if the custodian is the sole representative of the entity: "[A] corporate representative—

11   ***even the corporation's sole representative***—does not commit a testimonial act by

12   providing general corporate records to an agent selected by the corporation." *In re Grand*

13   *Jury No. 86-3 (Will Roberts Corp.)*, 816 F.2d 569, 574 (11th Cir. 1987) (emphasis added),

14   *abrogated on other grounds by Braswell*, 487 U.S. at 102.

15        The BD Defendants have essentially asked this Court to make an exception to this

16   "collective entity doctrine" for one-person entities. But "every reported decision to

17   consider this issue has rejected carving out an exception for one-person corporations to

18   the general rule that corporate custodians cannot invoke the Fifth Amendment to prevent

19   production of corporate documents." *Freedom Med. Inc. v. R. Gillespie, III*, No. 06-3195,

20   2006 WL 3924101, at *2 (E.D. Pa. Jan. 16, 2006); *see also United States v. Milligan*, 371

21   F. Supp. 2d 1127, 1129 (D. Ariz. 2005) (no court has recognized such an exception to the

22   collective entity doctrine); *Amato v. United States*, 450 F.3d 46, 51-52 (1st Cir. 2006)

23

24   documents in their possession, custody or control that are responsive to eBay's requests for
     production served on the BD Defendants, including those documents presently stored by them at
     Rackspace. *See* Fed. R. Civ. P. 34(a)(1); *Moreno v. AutoZone, Inc.*, No. C-05-4432 CRB, 2008

25   WL 906510, at *1 (N.D. Cal. Apr. 8, 2008) (documents deemed to be within possession, custody
     or control of a party who has a legal right to those documents).

26
     [4] The collective entity doctrine is equally applicable to partnerships. *Bellis v. United States*, 417

27   U.S. 85, 93 (1974) (holding that partnerships, like other collective entities such as corporations
     and unions, may not resist production on the basis of individual claims of fifth amendment

28   privilege).

1   (where the custodian of records is a sole shareholder, employee and officer of an entity,

2   the Fifth Amendment will not operate to protect him or her from producing the entity's

3   records).

4       Even assuming that Brian Dunning's act of producing documents in his capacity as

5   a representative of one of the BD Entities could somehow be considered testimonial, that

6   entity would still be required to appoint an agent to produce the documents.  *See United*

7   *States v. Hallsims Indus. Components*, 674 F. Supp. 1161, 1164 (E.D. Pa. 1987)

8   ("[C]ollective entities, having no privilege of their own, [] have to comply with a

9   subpoena addressed to them by finding someone to produce whatever records were

10  sought.").  "Simply put, no situation could exist which would prevent a [collective entity]

11  from producing [its] records as the [collective entity] itself possess no Fifth Amendment

12  privilege."  *World Music v. Arrow Vending, Inc.*, 675 F. Supp. 1131, 1132 (N.D. Ill.

13  1988).  Brian Dunning's invocation of the Fifth Amendment can in no way relieve THI or

14  KFC of their continuing obligation to produce the requested documents through an

15  appointed agent, even if they must supply an entirely new agent who has no previous

16  connection with the entity.[5]  *In re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52,

17  58 (2d Cir. 1985).

18              **b.**      **Brian Dunning Must Produce Documents Previously**
                            **Obtained By The Government**
19

20      The BD Defendants essentially ignore eBay's argument that no "act of production"

21  privilege exists over documents that have already been obtained and can be independently

22  authenticated by the government.  They instead simply 1) rely on generalized statements

23  affirming the importance of the Fifth Amendment in factually inapposite cases, 2) assert

24

25  [5] Although the BD Defendants have cited case law to the effect that the records of a sole
    proprietorship are entitled to greater Fifth Amendment protection than the records of other
26  business entities, they never actually claim that any sole proprietorship controls the Rackspace
    documents.  As stated above, the BD Defendants may not take advantage of the uncertainty
27  created by their refusal to produce the documents identifying Rackspace's customer.  As such, the
    Court should presume that each of the BD Defendants has custody or control of the Rackspace
28  documents—including KFC and THI, which are not sole proprietorships.

1   without authority that the act of identifying responsive documents is testimonial, and

2   3) attempt to sidestep eBay's argument by claiming that the documents are not currently

3   within the BD Defendants' possession, custody or control.

4          Defendants' opposition fails to cite even a single case that finds the act of

5   producing documents already in the hands of the government sufficiently testimonial and

6   incriminating so as to merit the protection of the Fifth Amendment.  They do not dispute

7   that the production of documents to eBay would not provide any further information to the

8   government about the existence and location of the documents, nor do they dispute that

9   the government can independently authenticate the documents.  The BD Defendants

10  instead argue, without any supporting authority, that "the act of determining what

11  documents are responsive to eBay's document demands would amount to a testimonial act

12  on the part of Mr. Dunning."  BD Opp. at 17.  But defendants fail to explain how his act

13  of selecting documents would amount to a "testimonial act," other than to state that "it

14  cannot be reasonably disputed."  *Id.*

15         The BD Defendants' arguments are at odds with established authority cited in

16  eBay's motion.  Where the testimonial value of the communicative act is minimal, that

17  testimony will not merit the Fifth Amendment's protection.  *Fisher v. United States*, 425

18  U.S. 391, 411 (1976) (where the government has prior knowledge of the information that

19  will be communicated through the act of producing documents, "no constitutional rights

20  are touched").  Courts measure the "testimonial value" of a communicative act by

21  evaluating the disparity between the government's knowledge and that of the compelled

22  party.  *See id.* at 410-11.  As set forth in eBay's motion, eBay Mot. at 8-10, where the

23  government already possesses the sought documents, the subsequent production of such

24  documents "adds little or nothing to the sum total of the Government's information."  *In*

25  *re Grand Jury Subpoena Duces Tecum*, 1 F.3d 87, 93 (2d Cir. 1993) (*citing Fisher*, 425

26  U.S. at 411).  And where the government can provide alternative means of authentication,

27  the subsequent production of the documents does not implicate the Fifth Amendment.

28  *United States v. Rue*, 819 F.2d 1488, 1494 (8th Cir. 1987).  The government has no need

EBAY'S REPLY ISO MOT. TO COMPEL
AGAINST BD DEFENDANTS
CASE NO. C 08-04052 JF PVT

1   to rely upon Brian Dunning's testimony, or any communicative act that could be deemed

2   to testimonial, to authenticate the evidence it already holds.  The testimonial value of his

3   production of those documents is therefore minimal.

4          In support of their assertion that the act of selecting documents is testimonial and

5   incriminating for purposes of the Fifth Amendment, the BD Defendants cite to only one

6   case, which is inapposite.  *In re Grand Jury Proceedings on February 4, 1982*, 759 F.2d

7   1418 (9th Cir. 1985), involved a broad subpoena demanding a wide array of documents—

8   none of which were possessed or even known to exist by the government.  *Id.* at 1421.

9   The court held that because the government could establish neither the existence, nor

10  possession, nor authenticity of the documents sought absent their production by the

11  individual, compliance with the subpoena would be incriminating.  *Id.*  Here, by contrast,

12  the government already possesses and can independently authenticate the documents that

13  eBay requests from Brian Dunning, and his Fifth Amendment rights are therefore not

14  implicated.  *See Fisher*, 425 U.S. at 411.

15         Moreover, as a practical matter, Brian Dunning's production to eBay of all

16  responsive documents previously obtained by the government would provide no

17  "testimonial value" whatsoever as to which documents are responsive to which request.

18  Defendants are not required to produce documents in separate groups responsive to

19  specific requests, but may produce documents as "they are kept in the usual course of

20  business."  Fed. R. Civ. P. 34(b)(2)(E).  Although the BD Defendants highlight two of

21  eBay's requests for production, eBay has made thirty-four requests for production of

22  Brian Dunning, including a request for "all documents relating to eBay."  9/22/09

23  Kennedy Decl., Ex. 1, at 1.  Brian Dunning's production of a single group of documents

24  in response to these requests (which will likely be precisely coterminous with what has

25  been previously obtained by the government) would add absolutely nothing to the

26  government's knowledge and does not merit the protection of the Fifth Amendment.

27         Lastly, even assuming—despite their failure to provide any evidence supporting

28  this contention—that the BD Defendants do not currently possess any of the documents

1    previously obtained by the government or copies thereof, this does not moot eBay's

2    motion.  Under Federal Rule of Civil Procedure 26, parties have a duty to supplement

3    their document production if the requested documents are later obtained.  Fed. R. Civ. P.

4    26(e)(1); *see also United States v. Boyce*, 148 F. Supp. 2d 1069, 1088 (S.D. Cal. 2001)

5    (responding party has a duty to supplement any responses with documents discovered or

6    coming into a party's possession at a later time).  The documents in question will

7    inevitably be returned by the government, and the BD Defendants have an ongoing

8    obligation to produce documents responsive to eBay's requests.  eBay is entitled to an

9    order that those documents must be produced, otherwise eBay will be forced to file a

10   duplicative motion to compel with this Court once the documents are returned.

11
     **B.     The BD Entities Cannot Rely On The Individuals' Fifth Amendment**
     **Rights To Withhold Responses To Interrogatories Or Requests For**
12   **Admission**

13          The BD Defendants cannot dispute that the business entities THI (a corporation)

14   and KFC (a general partnership consisting of THI and Dunning Enterprise, Inc. ("DEI"))

15   have no Fifth Amendment privilege of their own.  Indeed, the BD Defendants have

16   already conceded in their pending motion to stay that "a business entity has no Fifth

17   Amendment privilege against self-incrimination."  Motion to Stay of Defendants Brian

18   Dunning, THI and BrianDunning.com ("BD Stay Mot.") at 14.  Rather, the BD

19   Defendants claim that those defendants cannot respond to eBay's interrogatories or

20   requests for admission because Brian and Todd Dunning are the only individuals with

21   first-hand knowledge sufficient to respond to those requests.

22          However, KFC has already demonstrated that it is willing and able to provide

23   substantive responses to eBay's requests for admission.  *See generally* 9/22/09 Kennedy

24   Decl., Ex. 12.  KFC has provided no justification for its ability to respond to requests for

25   admission but not interrogatories, and THI has provided no justification for the fact that

26   KFC—whose purported "sole representatives" are Brian and Todd Dunning—can provide

27   substantive discovery responses but it cannot.  The BD Entities' argument that they cannot

28   possibly respond to discovery without incriminating Brian or Todd Dunning is completely

- 8 -

1  undermined by these responses from KFC, and the statement that "any response by the

2  Entity Defendants would necessarily implicate Mr. Dunning," BD Opp. at 15, is therefore

3  simply false.

4         Moreover, the BD Defendants' contention that Brian and Todd Dunning are the

5  only individuals who can serve as the BD Entities' agents in responding to discovery is

6  contrary to eBay's authority that "the appointed agent need not have 'first-hand personal

7  knowledge' of the facts reflected in the answers." *City of Chicago v. Reliable Truck Parts*

8  *Co.*, No. 88 C 1458, 1989 WL 32923, at *3 (N.D. Ill. Mar. 31, 1989); *cf. United States v.*

9  *Barth*, 745 F.2d 184, 189 (2d Cir. 1984) (corporation must satisfy its obligation to provide

10  testimony concerning corporate records by, if necessary, appointing a new agent for that

11  purpose). Courts have repeatedly held that, where an officer of a collective entity is

12  protected by the Fifth Amendment, the entity must designate someone who "can furnish

13  as much of the requested information as is available to the [entity] without fear of self-

14  incrimination." *SEC v. Leach*, 156 F. Supp. 2d 491, 496 (E.D. Pa. 2001).

15         "One-person" entities have never been excluded from this principle, and the BD

16  Defendants can cite to ***no case*** in which an entity defendant was allowed to withhold

17  discovery responses on the basis that its only representative was asserting the Fifth

18  Amendment. In contrast, *Leach* explicitly recognized that a one-man corporation must

19  provide discovery responses by, if necessary, appointing an agent to do so who could

20  furnish the information without fear of self-incrimination. 156 F. Supp. 2d at 497-98.

21         *Central States, Southeast & Southwest Areas Pension Fund v. Carstengen Freight*

22  *Lines, Inc.*, No. 96 C 6252, 1998 WL 413490 (N.D. Ill. July 17, 1998), supports this

23  principle, despite the BD Defendants' highly misleading excerpt therefrom. *See* BD Opp.

24  at 15. After noting, in the passage quoted by the BD Defendants, that the *Kordel* case

25  acknowledged in dicta the possibility of a protective order in a situation where a

26  corporation has only one agent, the *Central States* court found "unpersuasive" the

27  defendant's claim that the incriminated individual was the only person who could verify

28  discovery responses. *Cent. States*, 1998 WL 413490, at *4. This was because "[t]he

- 9 -

1    Federal Rules do not contemplate that the corporate officer or employee responding to the

2    interrogatories have first-hand personal knowledge of the facts reflected in the answers."

3    *Id*.

4         Because appointed agents can be educated, the fact that the BD Defendants "had no

5    attorney representation prior to . . . June 2007" and that their current attorneys have "no

6    knowledge of the information sought by eBay other than what has been told to them by

7    Mr. Dunning" is irrelevant.  *See* BD Opp. at 15.  The BD Defendants' current attorneys

8    can provide responses to discovery by educating themselves through the books and

9    records of their clients, including the records stored at Rackspace, or through

10   conversations with the clients themselves, which, because the source of the information

11   will remain privileged, will not incriminate the individual defendants.[6]

12        **C.    Defendants' Boilerplate Objections Are Not A Basis To Deny This
          Motion**

13

14        The BD Defendants further claim that they should be completely excused from

15   responding to eBay's discovery requests because of the "remaining specific objections . . .

16   as to both the form and substance" of eBay's requests that were included in the BD

17   Defendants' written discovery responses.  BD Opp. at 19.  But the BD Defendants do not

18   identify any specific objections, explain their basis, or present any argument why those

19   objections would justify a complete denial of discovery responses.  Indeed, the eight lines

20   of argument in BD Defendants' opposition brief is eBay's first notice that defendants ever

21   intended to rely on these objections.  Throughout the parties' meet and confer process,

22   which took place over a number of months and included both correspondence and live

23   discussions, the BD Defendants never once referred to any of these objections as a basis

24   for their ongoing refusal to provide discovery.  Declaration of Colleen M. Kennedy in

25

26   ─────────────────
     [6] Alternatively, the Court could further protect the individuals Fifth Amendment rights by
27   entering a protective order prohibiting use of the entity defendants' discovery in future criminal
     proceedings against the individuals.  *See United States v. Parcels of Land*, 903 F.2d 36, 44 (1st
28   Cir. 1990) (recognizing use of protective order as appropriate accomodation to protect Fifth
     Amendment concerns).

                                            - 10 -

1   Support of eBay's Reply, ¶ 2.

2       In light of the BD Defendants' failure to provide any support for this new

3   argument, this Court has no basis to deny eBay's motion on any of these grounds.

4   *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)

5   (objections that document requests were overly broad, burdensome, oppressive, and

6   irrelevant were insufficient to meet objecting party's burden of explaining why discovery

7   requests were objectionable).

8       In fact, the referenced objections cannot justify withholding discovery.  They are

9   simply boilerplate objections that eBay's requests are "vague and ambiguous," "unduly

10  burdensome and oppressive," use "vague, argumentative and conclusory" terms, are "not

11  reasonably calculated to lead to the discovery of admissible evidence," violate

12  Defendants' "right to privacy" and "seek production of trade secrets or other confidential

13  information."  *See generally* 9/22/09 Kennedy Decl., Ex. 1.  These objections were

14  applied indiscriminately to eBay's discovery requests with little apparent regard for their

15  content.  *See id.*

16      It is improper to withhold any discovery response entirely based on such general

17  boilerplate objections.  *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379-80 (C.D. Cal.

18  2009) (unexplained boilerplate objections are improper) (*citing McLeod*, 894 F.2d at

19  1485).  The BD Defendants' objections are not targeted at any specific flaws in eBay's

20  requests that would actually prevent a response.  As such, defendants are required to

21  endeavor to respond to each request as best they can.  *Duran*, 258 F.R.D. at 379-80; *see*

22  *also Wolk v. Green*, No. C 06-5025 BZ, 2007 WL 3203050, at *1 (N.D. Cal. Oct. 29,

23  2007) (boilerplate, generalized objections in response to interrogatories are inadequate

24  and fail to state with specificity the requisite grounds for objection).

25      Assuming that the BD Defendants ever actually relied on any of these boilerplate

26  objections in withholding discovery responses, they have utterly failed to satisfy their

27  obligation to make an attempted response.  For example, THI and BrianDunning.com

28  refused to provide responses to all of eBay's requests for admission based (in addition to

EBAY'S REPLY ISO MOT. TO COMPEL
AGAINST BD DEFENDANTS
CASE NO. C 08-04052 JF PVT

1   their purported Fifth Amendment rights) on their objection to nearly every request as

2   "vague and ambiguous." *See* 9/22/09 Kennedy Decl., Ex. 1, at 110-34.  This includes

3   eBay's Request for Admission No. 1, which asked the BD Defendants to admit that they

4   "conducted business with eBay during at least some portion of 2007." *Id.* at 110.

5   Similarly, the BD Defendants' purported objection to use of the term "manipulate" in

6   eBay's two interrogatories, BD Opp. at 12 & n.6, in no way prevents them from providing

7   at least a partial response to interrogatories that clearly seek highly relevant information

8   regarding the BD Defendants' participation in eBay's affiliate program.[7]  *See id.* at

9   106-09.

10         Moreover, KFC—although it asserted the same objections as the remaining BD

11   Defendants—did provide responses to eBay's requests for admission, and all of the BD

12   Entities did provide responses to both sets of eBay's requests for production in spite of

13   those same objections.  As noted in eBay's motion, all of the BD Defendants—including

14   Brian Dunning—responded to eBay's second set of requests for production by committing

15   to provide documents "at a time and place mutually convenient to the parties," although

16   no documents were ever produced.  eBay Mot. at 12.  None of these responses reflect a

17   good faith basis for the BD Defendants' current contention that their boilerplate objections

18   justify withholding discovery from eBay.

19         **D.    eBay's Discovery Rights Should Not Be Deferred Pending A Ruling On
                   Defendants' Stay Motions**

20

21         As stated above, the BD Defendants' request that this Court defer hearing eBay's

22   motion to compel until after their pending motion to stay is decided contravenes the

23   District Court's ***explicit order*** that the motions to compel be heard by this Court before

24   any stay motions are heard.  *See* Bunzel Decl., Ex. 1, at 8:22-9:6.  The BD Defendants'

25   _____

26   [7] In addition, although the BD Defendants' objected to many of eBay's interrogatories and
     requests for production on the ground that they seek trade secrets or confidential information, this
     objection has been addressed by the Stipulated Protective Order entered on June 26, 2009, which
27   allows for discovery material to be protected by designations of "Confidential" or "Highly
     Confidential - Attorney's Eyes Only."  To the extent the BD Defendants ever relied on that
28   objection in withholding discovery, they are now obligated to supplement their responses.

EBAY'S REPLY ISO MOT. TO COMPEL
AGAINST BD DEFENDANTS
CASE NO. C 08-04052 JF PVT

1   claim that the motion to compel was set for hearing before the motion to stay because of

2   "Judge Fogel's impacted hearing schedule" is therefore nothing more than a fabrication.

3   *See* BD Opp. at 2 n.1, 7.

4           The BD Defendants' assertion that eBay's motion to compel "was filed in reaction

5   to Defendants' notice to eBay that it would be filing a motion to stay" is similarly false.

6   *See id*.  Defendants have been stating their intention to file motions to stay this action

7   since January 9, 2009, in the parties' initial Joint Case Management Statement.  Bunzel

8   Decl., Ex. 6, at 7 ("Dunning Defendants anticipate filing a motion or motions to stay

9   discovery and to stay this case pending the resolution of the federal investigation

10  referenced above.").  And although eBay has been meeting and conferring with

11  Defendants regarding their failure to provide discovery responses since May 2009, the

12  district court instructed eBay at the August 14, 2009 Case Management Conference to file

13  motions to compel with this Court if the parties could not resolve their discovery disputes.

14  *See* Bunzel Decl., Ex. 7, at 10:6-10.

15          The request should also be rejected because the BD Defendants' motion to stay is

16  unlikely to be granted.  Because no indictments have issued, and the timing of any

17  potential future indictments cannot be predicted, all of the relevant factors weigh against

18  the issuance of a stay, as fully demonstrated in eBay's opposition to Defendants' stay

19  motions (being concurrently filed today).  *See generally* eBay Opp. to Motions to Stay.

20  Moreover, KFC—one of the BD Defendants who now claims that consideration of eBay's

21  motion to compel should be deferred—is ***not even seeking*** a stay of this action.  Thus,

22  even in the unlikely event that the motion to stay as granted, this action will proceed

23  against KFC and a ruling on eBay's motion to compel will be required.  There is therefore

24  no basis whatsoever to delay consideration of eBay's motion.

25

26

27

28

EBAY'S REPLY ISO MOT. TO COMPEL
AGAINST BD DEFENDANTS
CASE NO. C 08-04052 JF PVT

**III.    CONCLUSION**

     The BD Defendants have provided no justification for their continuing refusal to provide discovery in this case.  eBay's Motion to Compel should be granted in full.


DATED:  October 30, 2009            DAVID R. EBERHART
                                  SHARON M. BUNZEL
                                  COLLEEN M. KENNEDY
                                  O'MELVENY & MYERS LLP

                                  By:  /s/  David R. Eberhart
                                      DAVID R. EBERHART

                                  Attorneys for Plaintiff eBAY INC.