DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
COLLEEN M. KENNEDY (S.B. #227107)
ckennedy@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Plaintiff eBay Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC., <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, <br><br> Defendants. | Case No. C 08-04052 JF PVT <br><br> **EBAY INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION FROM DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC.** <br><br> Hearing Date: November 13, 2009 <br> Time:        10:00 a.m. <br> Courtroom:   5 <br> Judge:       Hon. Patricia V. Trumbull |

EBAY'S REPLY ISO MOTION TO COMPEL
AGAINST TD DEFENDANTS
CASE NO. C 08-4052 JF PVT

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT .......................................................................................................... 2

    A. The TD Defendants Must Identify And Produce Responsive Documents In Their Possession, Custody Or Control ................................ 2

        1. eBay Has No Burden To Establish That Responsive Documents Exist ....................................................................... 2

        2. Responsive Documents Do Exist ...................................................... 2

        3. The TD Defendants Have Not Shown That These Responsive Documents Are Not In Their Possession, Custody Or Control ......... 3

    B. There Is No Need To View The Documents Themselves To Evaluate Whether Todd Dunning Can Assert The Fifth Amendment Over Documents Obtained By The Government ..................................................... 6

    C. The Request For Attorneys' Fees Must Be Denied ........................................ 8

III. CONCLUSION .................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*A. Farber & Partners, Inc. v. Garber*,
  234 F.R.D. 186 (C.D. Cal. 2006) ......................................................................... 5, 6

*Broman v. Split Rock Assocs., Inc.*,
  768 F. Supp. 51 (E.D.N.Y. 1991) ............................................................................ 6

*Gen. Atomic Co. v. Exxon Nuclear Co.*,
  90 F.R.D. 290 (S.D. Cal. 1981) ............................................................................... 5

*Henry v. Sneiders*,
  490 F.2d 315 (9th Cir. 1974) ................................................................................... 7

*Ice Corp. v. Hamilton Sundstrand Corp.*,
  245 F.R.D. 513 (D. Kan. 2007) ............................................................................... 6

*In re ATM Fee Antitrust Litig.*,
  233 F.R.D. 542 (N.D. Cal. 2005) ............................................................................ 5

*In re Grand Jury Empanelled Mar. 8, 1983*,
  722 F.2d 294 (6th Cir. 1983) ................................................................................... 8

*In re Grand Jury Subpoena (Maltby) v. Lacoste*,
  800 F.2d 981 (9th Cir. 1986) ................................................................................... 7

*In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*,
  1 F.3d 87 (2d Cir. 1993) .......................................................................................... 7

*In re Grand Jury Subpoena*,
  383 F.3d 905 (9th Cir. 2004) ................................................................................... 8

*In re Hallmark Capital Corp.*,
  534 F. Supp. 2d 981 (D. Minn. 2008) ..................................................................... 5

*Postx Corp. v. Secure Data in Motion, Inc.*,
  No. C 02-04483 SI, 2004 WL 2663518 (N.D. Cal. Nov. 20, 2004) ........................ 9

*Sigma-Tau Industrie Framaceutiche Riunite, S.P.A. v. Lonza, Ltd.*,
  106 F. Supp. 2d 8 (D.D.C. 2000) ............................................................................ 9

*United States v. Boyce*,
  148 F. Supp. 2d 1069 (S.D. Cal. 2001) ................................................................... 4

*United States v. Garrett*,
  D.C. No. CV-97-7511-RSWL, 2001 WL 206000 (9th Cir. Feb. 28, 2001) ............ 7

*United States v. Griggs*,
  Nos. CV-08-1016-PHX-DGC, MC-08-0103-PHX-DGC, 2009 WL
  413614 (D. Ariz. Feb. 18, 2009) ............................................................................. 8

**TABLE OF AUTHORITIES**
**(continued)**

Page

*United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*,
　870 F.2d 1450 (9th Cir.1989) ..................................................................................... 5

**STATUTES**

Cal. Corp. Code § 16403(c)(2) ........................................................................................ 5

**OTHER AUTHORITIES**

48 Cal. Jur. 3d *Partnership* § 58 (2009) ........................................................................... 5

**RULES**

Civ. L.R. 7-8, 37-3 .......................................................................................................... 9

Fed. R. Civ. P. 26(e)(1) ................................................................................................... 4

Fed. R. Civ. P. 34 ............................................................................................................ 5

Fed. R. Civ. P. 34(b)(2)(B) ............................................................................................. 2

Fed. R. Civ. P. 37 ............................................................................................................ 9

Fed. R. Civ. P. 37(a)(5) ................................................................................................... 9

## I. INTRODUCTION

Defendants Dunning Enterprise, Inc. ("DEI") and Todd Dunning (collectively the "TD Defendants") claim that they have "taken the steps required of them" to obtain documents held by the FBI and Rackspace US, Inc. ("Rackspace") and that they have "ma[de] clear" to eBay that they themselves do not possess any documents responsive to eBay's requests. In fact, their efforts have fallen short of what is required by federal and California law. The TD Defendants have refused to confirm conclusively that they have no responsive documents in their possession, custody or control. They have also refused to confirm that they have never provided any documents to the FBI at any time. And they have not taken adequate steps to try to obtain documents—to which they are legally entitled—that are within the control of KFC and Rackspace. Finally, they have indicated that they do not intend to promptly produce responsive documents if and when they receive them from third parties. Instead, the TD Defendants have rebuffed eBay's efforts to resolve these discovery disputes, apparently as part of a general effort to put off all meaningful discovery until their stay motion is heard.

The TD Defendants make three basic arguments for why their failures should be excused: 1) eBay has the burden to show that responsive documents exist and has failed to meet that burden; 2) any further attempts by them to obtain documents from third parties would be futile; and 3) any production would first require a preliminary review, and potentially an *in camera* review by this Court, to determine whether any documents produced would violate Todd Dunning's Fifth Amendment rights against self-incrimination. None of these arguments has merit. There is no requirement that eBay establish that responsive documents exist prior to demanding that the TD Defendants' make efforts to find and produce any documents that do exist. The TD Defendants are required to produce documents that are in their possession, custody or control and they are required to make efforts to locate and secure such documents—regardless of whether, in their opinion, such efforts would be futile. And there is no Fifth Amendment protection that would apply to documents already in the possession of the government or documents

produced by a third party, and thus no need for any *in camera* inspection. eBay's motion to compel should be granted.

## II. ARGUMENT

### A. The TD Defendants Must Identify And Produce Responsive Documents In Their Possession, Custody Or Control

#### 1. eBay Has No Burden To Establish That Responsive Documents Exist

The TD Defendants do not contest the relevance of eBay's requests for production; instead, they attempt to improperly place the burden on eBay to identify prospectively responsive documents within the TD Defendants' possession, custody or control. But eBay is not required to establish that responsive documents exist to obtain an order compelling defendants to produce all responsive documents. The burden is on the responding party to justify its objections or failure to provide complete responses to requests for production. *See* Fed. R. Civ. P. 34(b)(2)(B) (requiring parties answering requests for production of documents to either state intention to respond as requested, or state an objection to the request including the reasons). There is no requirement—and the TD Defendants do not cite to one—that eBay must first establish that the sought documents exist. Nor would such a requirement make any sense in light of the fact that it is the responding party that has direct access to, and knowledge of, the materials at issue.

#### 2. Responsive Documents Do Exist

Moreover, it is clear that responsive documents do in fact exist, at least in the possession of the FBI and/or Rackspace. With regard to the FBI, any documents that have been provided to or seized by the government are clearly responsive to eBay's document requests. The TD Defendants have repeatedly asserted in their discovery responses that the FBI has seized materials relevant to this action. *See, e.g.*, Omnibus Declaration of Sharon M. Bunzel in Support of eBay's Replies ("Bunzel Decl."), Ex. 8, at 2, 13. The TD Defendants' currently-pending motion to stay states that "this action springs from the same nucleus of facts" as the FBI investigation, and Todd Dunning states that "all business records and other documents of KFC were seized by the FBI." TD Defendants'

- 2 -

EBAY'S REPLY ISO MOTION TO COMPEL
AGAINST TD DEFENDANTS
CASE NO. C 08-4052 JF PVT

Motion to Stay at 11; 10/15/09 T. Dunning Decl. at 3. Insofar as the TD Defendants claim that KFC participated in eBay's Affiliate Marketing Program ("AMP"), KFC's documents would surely be responsive to, for example, eBay's request for all documents related to defendants' participation in eBay's AMP. *See* Declaration of Colleen M. Kennedy in Support of eBay's Motion to Compel, previously filed on September 22, 2009 ("9/22/09 Kennedy Decl."), Ex. 1, at 12. Given all these facts, it cannot be contested that the documents seized by or provided to the FBI would likely be responsive to eBay's requests for production.

It is similarly likely that responsive documents exist at Rackspace. Rackspace has stated that the FBI seized documents from them in connection with the criminal investigation of Defendants. 9/22/09 Kennedy Decl., ¶ 9. In their opposition to eBay's motion to compel, Defendants Brian Dunning, Thunderwood Holdings, Inc., BrianDunning.com and Kessler's Flying Circus do not dispute that responsive documents exist at Rackspace, but instead have refused to produce such documents because such production would allegedly run afoul of Brian Dunning's Fifth Amendment rights. *See* Opposition of Defendants Brian Dunning, THI, BrianDunning.com and KFC to eBay's Motion to Compel at 18-19. As with the documents in the FBI's possession, at least some of the documents possessed by Rackspace are therefore likely to be responsive to eBay's requests.

**3. The TD Defendants Have Not Shown That These Responsive Documents Are Not In Their Possession, Custody Or Control**

Contrary to the TD Defendants' claims, they have not established that they do not possess responsive documents or that they cannot obtain responsive documents. Todd Dunning's October 15, 2009 declaration does not establish that he and DEI do not possess any documents responsive to eBay's requests. Instead, the declaration states only that neither he nor DEI have any "business records or other documents . . . of KFC." 10/15/09 T. Dunning Decl. at 3. This narrow statement leaves open the possibility that the TD Defendants possess other documents requested by eBay's 70 requests for production that

- 3 -

EBAY'S REPLY ISO MOTION TO COMPEL
AGAINST TD DEFENDANTS
CASE NO. C 08-4052 JF PVT

are not the documents "of KFC." For example, eBay's requests sought all documents relating to eBay (Request No. 1), all documents relating to payment of commissions or other revenue obtained by DEI from eBay (Request No. 2), and all communications with Brian Dunning, Todd Dunning or Shawn Hogan (Request No. 16). *See* 9/22/09 Kennedy Decl., Ex. 1, at 1-98. In an effort to resolve the issue, eBay requested that Todd Dunning provide a supplemental declaration stating unequivocally that neither he nor DEI has possession, custody or control of any responsive documents, but the TD Defendants refused to provide such a declaration. Bunzel Decl., Ex. 9.

Similarly, Todd Dunning's claim that he has no right to obtain any of his own documents from the FBI because "he did not provide any documents to the FBI when he was interviewed on June 18, 2007" does not foreclose the possibility that the government obtained documents from him at some time other than during the June 18, 2007 interview. *See* Opposition of Defendants DEI and Todd Dunning to eBay's Motion to Compel ("TD Opp.") at 6. Here again, eBay requested that the TD Defendants provide a supplemental declaration stating unequivocally that no documents were provided by them to the government at any time, and again the TD Defendants refused to do so. Bunzel Decl., Ex. 9. This leaves unanswered the question of whether the FBI has any documents from the TD Defendants in its possession. If the FBI does, then the TD Defendants are required to request those documents from the FBI; their duty to attempt to obtain documents would not be fulfilled simply by requesting documents seized "from Brian Dunning's home." S. Foreman Decl., ¶ 4. If there are no such documents, it would have been a simple matter for the TD Defendants to so state. But they did not do so. Moreover, the fact that the FBI has so far not returned any documents to the TD or BD Defendants does not moot this motion; eBay is still entitled to an order compelling production of those documents if and when the TD Defendants obtain possession of them.[1]

---

[1] Under Federal Rule of Civil Procedure 26, parties have a duty to supplement their document production if the requested documents are later obtained. Fed. R. Civ. P. 26(e)(1); *see also United States v. Boyce*, 148 F. Supp. 2d 1069, 1088 (S.D. Cal. 2001) (responding party has a duty to supplement any responses with documents discovered or coming into a party's possession at a later time).

1    eBay also has not been able to obtain an answer to its question of who controls the
2    Rackspace material because, as explained in eBay's motion to compel, the BD Defendants
3    are holding hostage the production of documents from Rackspace that would identify
4    those individuals or entities.  eBay's Motion to Compel Against the TD Defendants
5    ("eBay Mot.") at 11-12.  But even assuming that the TD Defendants are not authorized to
6    access the Rackspace material, DEI has an obligation, as a general partner of KFC, to
7    make a demand for documents on KFC.  Federal courts have consistently held that
8    documents are deemed to be within a party's "possession, custody or control" for
9    purposes of Rule 34 if the party has actual possession, custody, or control, ***or has the***
10   ***legal right to obtain the documents on demand***. *A. Farber & Partners, Inc. v. Garber*,
11   234 F.R.D. 186, 189 (C.D. Cal. 2006); *see also United States v. Int'l Union of Petroleum*
12   *& Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as
13   the legal right to obtain documents upon demand.").

14   Because DEI is a partner in KFC, it has the right under California law to demand
15   any information concerning KFC's business and affairs, as well as the right to access
16   KFC's books and records. *See* Cal. Corp. Code § 16403(c)(2) (2009) (each partner and
17   the partnership must furnish to a partner, on demand, any information concerning the
18   partnership's business and affairs, except to the extent the demand or the information
19   demanded is unreasonable or otherwise improper under the circumstances); 48 Cal. Jur.
20   3d *Partnership* § 58 (2009).  Thus, KFC's documents are within DEI's "control" for the
21   purposes of Rule 34. *See In re Hallmark Capital Corp.*, 534 F. Supp. 2d 981, 982-84 (D.
22   Minn. 2008) (partner ordered to produce partnership documents because such documents
23   were in partner's control); *Gen. Atomic Co. v. Exxon Nuclear Co.*, 90 F.R.D. 290, 299 n.9
24   (S.D. Cal. 1981) (noting that trial court rejected partnership's argument that it was not
25   obliged to produce documents in possession of partners); *cf. Int'l Union of Petroleum &*
26   *Indus. Workers*, 870 F.2d at 1452 ("A corporation must produce documents possessed by
27   a subsidiary that the parent corporation owns or wholly controls."); *In re ATM Fee*
28   *Antitrust Litig.*, 233 F.R.D. 542, 544-45 (N.D. Cal. 2005) (bank holding company had

legal control of documents in possession and control of its wholly owned subsidiary bank, and thus was required to produce any documents in subsidiary's custody that were responsive to request for production of documents).

DEI must make reasonable efforts to cause production of KFC's documents, and it may be required to submit an affidavit outlining that such reasonable efforts were made. *See Garber*, 234 F.R.D. at 190 (court ordered that defendant provide plaintiff with declarations or affidavits detailing the nature of its efforts to locate responsive documents); *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 522 (D. Kan. 2007) (warning "that there can be no collusion" between defendants and affiliate to deny plaintiff access to documents). If KFC refuses to comply with DEI's request for documents in bad faith, DEI could be held responsible for KFC's failure. *See Broman v. Split Rock Assocs., Inc.*, 768 F. Supp. 51, 54 (E.D.N.Y. 1991) (judgment entered against corporate defendant for affiliate's pattern of disregard of court's discovery orders, since records held by affiliate could be considered to be within custody or control of corporation).

Again, in the interest of resolving this dispute, eBay requested that the TD Defendants agree to demonstrate that DEI had made a good faith effort to obtain documents from KFC. Bunzel Decl., Ex. 9. Although DEI had initially indicated its willingness to make a demand for documents from KFC, the TD Defendants ultimately refused to make such an effort. *Id.*

Thus, in sum, the TD Defendants have refused to provide eBay with adequate proof that they have no responsive documents in their possession and have not made good faith efforts to obtain documents from KFC, the FBI and/or Rackspace that may be within their control.

**B.** **There Is No Need To View The Documents Themselves To Evaluate Whether Todd Dunning Can Assert The Fifth Amendment Over Documents Obtained By The Government**

The TD Defendants fail to respond to eBay's legal argument that Todd Dunning cannot assert a Fifth Amendment privilege over documents that have already been

- 6 -
EBAY'S REPLY ISO MOTION TO COMPEL
AGAINST TD DEFENDANTS
CASE NO. C 08-4052 JF PVT

1  obtained by the government. Instead, they argue that, if and when responsive documents
2  are obtained from the FBI and Rackspace, they will need to be reviewed to evaluate
3  "whether the privilege applies to some or all of the documents"—an analysis the TD
4  Defendants claim may require *in camera* review by this Court. TD Opp. at 8.

5  As explained in eBay's motion to compel, the Fifth Amendment privilege does not
6  apply to documents previously obtained by the government because there is no testimonial
7  aspect to producing documents in a civil case when the documents are already in the
8  government's possession and can be independently authenticated. eBay Mot. at 8-10.
9  The TD Defendants do not—and cannot—argue that that the act of production itself
10 would be incriminating to Todd Dunning since the government already possesses the
11 documents at issue. Similarly, since eBay has only sought to compel production by Todd
12 Dunning of those documents located at Rackspace that have previously been produced to
13 the government, the Fifth Amendment analysis does not turn on whether any specific
14 document(s) are sufficiently incriminating that Todd Dunning would otherwise be able to
15 assert the Fifth Amendment over their production; it instead turns on the undisputed fact
16 that these documents have previously been obtained by the government.[2] *See, e.g.*, *In re*
17 *Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87, 93 (2d Cir. 1993)
18 (where the government already has a copy of the requested document, the subsequent
19 production of the original document "adds little or nothing to the sum total of the
20 Government's information"); *Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974)
21 ("[E]ven if the records were incriminating, their disclosure in the civil case would not
22 have tended to incriminate the defendant. Any incriminating information was already in
23 the hands of the prosecuting authorities.").

24 Because there is no risk of incrimination, there is no need, indeed there would be
25 no purpose, for an *in camera* review of any documents. *See United States v. Garrett*,

---

[2] The TD Defendants also cannot seek shelter in the Fifth Amendment privilege for materials sought by a subpoena issued to third party Rackspace. "[A] party is privileged from producing the evidence but not from its production." *In re Grand Jury Subpoena (Maltby) v. Lacoste*, 800 F.2d 981, 983 (9th Cir. 1986).

- 7 -  EBAY'S REPLY ISO MOTION TO COMPEL
AGAINST TD DEFENDANTS
CASE NO. C 08-4052 JF PVT

1  D.C. No. CV-97-7511-RSWL, 2001 WL 206000, at *1 (9th Cir. Feb. 28, 2001) (denying
2  request for *in camera* hearing to determine whether the Fifth Amendment privilege
3  applied where defendant failed to provide sufficient facts tending to show risk of
4  incrimination); *cf. In re Grand Jury Empanelled Mar. 8, 1983*, 722 F.2d 294, 296-97 (6th
5  Cir. 1983) (affirming district court's refusal to hold *in camera* hearing where act of
6  production privilege was found not to apply).

7      The two cases cited by the TD Defendants do not support an *in camera* review
8  here. *In re Grand Jury Subpoen*a, 383 F.3d 905 (9th Cir. 2004), dealt with a government
9  subpoena on a John Doe for documents, which the Ninth Circuit held implicated Fifth
10 Amendment concerns because: 1) the government did not know what responsive
11 documents existed and were possessed by Doe, and 2) the breadth of the subpoena would
12 force Doe to reveal information that would authenticate the documents. *Id.* at 910-12.
13 Here, by contrast, the documents eBay requests are already in the government's
14 possession and can be independently authenticated.

15     Similarly, in *United States v. Griggs*, Nos. CV-08-1016-PHX-DGC, MC-08-0103-
16 PHX-DGC, 2009 WL 413614 (D. Ariz. Feb. 18, 2009), the court ordered a magistrate to
17 review the documents at issue *in camera* where it was not clear if the documents would be
18 incriminating. *Id*. at *4. The government did not previously possess the documents, and
19 it was still possible that the documents at issue would "provide a lead or clue to evidence
20 having a tendency to incriminate" the defendant. *Id*. at *2, 4. There is no possibility that
21 production of the documents at issue here could further incriminate Todd Dunning
22 because the documents are already in the government's hands.

23     In sum, any review of the documents at issue here is unnecessary because it is clear
24 that the act of producing these documents will not further incriminate Todd Dunning. The
25 TD Defendants' claim that they should further postpone production of these documents
26 pending such a review is baseless.

27     **C.**    **The Request For Attorneys' Fees Must Be Denied**
28     eBay's motion should be granted. But should it be denied, the TD Defendants are

not entitled to expenses and fees because eBay was substantially justified in making this motion. *See* Fed. R. Civ. P. 37(a)(5); *Postx Corp. v. Secure Data in Motion, Inc.*, No. C 02-04483 SI, 2004 WL 2663518, at *6 (N.D. Cal. Nov. 20, 2004) (declining to award attorneys' fees where party who brought motion to compel, which was denied, was substantially justified in doing so). In order to assess whether the motion was "substantially justified," a court looks to whether reasonable people could differ as to whether the motion was appropriately raised. *Sigma-Tau Industrie Framaceutiche Riunite, S.P.A. v. Lonza, Ltd.*, 106 F. Supp. 2d 8, 12-13 (D.D.C. 2000) (declining to award attorneys' fees where party who brought motion to compel, which was denied, was substantially justified in doing so). eBay's reply demonstrates the existence of a "good faith dispute concerning a discovery question" sufficient to constitute substantial justification for proceeding with the hearing on its motion to compel. *Id.* Although eBay and the TD Defendants attempted but failed to resolve this motion prior to the hearing, legitimate discovery disputes remain. Moreover, eBay's good faith participation in the meet and confer process in an effort to narrow or resolve these issues further evidences that its motion "was not devoid of justification." *Id.* at 13. It should also be noted that the TD Defendants provide no support for the granting of costs and fees in a case such as this one, where defendant does not contest that plaintiff's motion was well-founded when made but claims that the motion should have been withdrawn when the defendant later produced new evidence in opposition to the motion. There is simply no justification for an award of fees on these facts.

Moreover, in the Northern District, any motion for sanctions, including a motion for attorneys' fees and expenses pursuant to Federal Rule of Civil Procedure 37, "must be separately filed" from any other motion. Civil L.R. 7-8, 37-3. The TD Defendants have not complied with this requirement and their request for attorneys' fees should be denied on this ground alone.

## III. CONCLUSION

For the foregoing reasons, eBay respectfully requests that its Motion to Compel be granted in full.

DATED: October 30, 2009

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP

By: /s/ David R. Eberhart
      DAVID R. EBERHART

Attorneys for Plaintiff eBAY INC.