# EXHIBIT 3

Dockets.Justia.com



# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | Two Embarcadero Center, 28th Floor | NEW YORK |
| BRUSSELS | San Francisco, California 94111-3823 | SHANGHAI |
| CENTURY CITY | TELEPHONE (415) 984-8700 | SILICON VALLEY |
| HONG KONG | FACSIMILE (415) 984-8701 | SINGAPORE |
| LONDON | www.omm.com | TOKYO |
| LOS ANGELES | | WASHINGTON, D.C. |
| NEWPORT BEACH | | |

OUR FILE NUMBER
234,948-0007

July 29, 2009

WRITER'S DIRECT DIAL
(415) 984-8826

**VIA FACSIMILE AND MAIL**

WRITER'S E-MAIL ADDRESS
ckennedy@omm.com

Ross M. Campbell
Coast Law Group, LLP
169 Saxony Road, Ste. 204
Encinitas, CA 92024

Re:   *eBay Inc. v. Digital Point Solutions, Inc., et al.*, **Case No. CV-08-4052 JF**

Dear Ross:

I write regarding the Responses to eBay's Requests for Production submitted by Defendants Digital Point Solutions, Inc. ("DPS") and Shawn Hogan (collectively, "Defendants"), as well as the response by NetHere, Inc. ("NetHere") to the Amended Subpoena served on NetHere by eBay on June 9, 2009.

NetHere's response to the Amended Subpoena consisted of the letter from Chairman Andy Taubman dated June 19, 2009. Mr. Taubman's letter confirms that NetHere provides "co-location for servers" for DPS. However, the letter also states that NetHere has no access to or control over the data stored by DPS: "We solely provide rackspace, power, conditioned environment, and upstream connectivity to the Defendant. As such, we have no idea what is contained on the Defendant's servers . . . . We do not log into any of their devices for any reason to view, copy or maintain any data or systems." Mr. Taubman also confirmed to me by phone that, while NetHere provides server space and co-location hosting to DPS, it has no access to or control of the data stored by DPS on NetHere's servers. Rather, that data is within the sole control of DPS.

NetHere's response to the Amended Subpoena plainly establishes that DPS has custody and control of its data stored on NetHere's servers such that DPS is obligated to preserve and produce that material to eBay. Through a number of different discovery requests propounded on Defendants DPS and Shawn Hogan, eBay has requested documents and information related to Defendants' business. Defendants have maintained that they are unable to respond to eBay's discovery requests because, among other reasons, "[t]he Federal Bureau of Investigation has seized documents and materials potentially related to the present action [and] has not returned all

O'MELVENY & MYERS LLP

Ross M. Campbell, July 29, 2009 - Page 2

of the seized materials to Defendant, some of which may provide information responsive to Plaintiff's requests . . . ." (*See, e.g.*, Defendant Shawn Hogan's Responses to Plaintiff's Requests for Production.) But Defendants' response ignores the fact that much if not all of the information seized by the FBI is also available to Defendants from NetHere.

Courts have consistently held that documents are deemed to be within a party's control if the party has the legal right to obtain the documents on demand. *See, e.g., Moreno v. AutoZone, Inc.*, 2008 WL 906510, at *1 (N.D. Cal. Apr. 1, 2008); *Columbia Pictures Indus., v. Bunnell*, 2007 WL 2080419, at *6 (C.D. Cal. May 29, 2007). The simple fact that the materials are hosted by NetHere does not relieve Defendants of their discovery obligations to produce responsive material within their custody and control.

In addition, Defendants' statements in their discovery responses regarding the seizure of responsive materials by the FBI further undercut Defendants' assertion of the Fifth Amendment privilege against self-incrimination. The government's seizure eliminates any basis for Defendants' assertion of the privilege with respect to production of those materials because "[a]ny incriminating information [is] already in the hands of the prosecuting authorities," and its disclosure therefore would not tend to incriminate Defendants. *Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974).

Whether before this or some other court, eBay intends to enforce the production of all responsive materials in Defendants' possession, custody, or control, including but not limited to material hosted by NetHere. If Defendants contend that they do not have control over the materials hosted by NetHere, they should immediately advise eBay of the basis for that position so that eBay can proceed to enforce the Amended Subpoena against NetHere.

Very truly yours,

Colleen M. Kennedy
for O'MELVENY & MYERS LLP

Enclosure

cc:   Andy Taubman
       David R. Eberhart, Esq.



INTERNET SERVICE PROVIDER

United States District Court
Southern District of California

O'Melveny & Meyers LLP
Attn: David J. Sepanik
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

O'Melveny & Meyers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660

June 19, 2009

*I WILL CALL TO CONFIRM RECEIPT.*
*TO: COLLEEN KENNEDY*
*415 984-8701*

*CC: ROSS CAMPBELL*
*760-942-8515*

re:   eBay Inc. v. Digital Point Solutions, Inc., et al.
      Case Number CV-08-4052 JF Northern District of California

Ladies and Gentlemen:

We are in receipt of the NetHere subpoena, dated 6/9/2009, related to the above referenced case. Attachment A to this letter represents our knowledge as to the Requests for Production. I am submitting this in lieu of attending the deposition on June 24th to save us both time and money. I hope that you consider this letter as a satisfactory response. If not, I am sure that you will let me know and other arrangements can be made.

We consider the information provided herein to be confidential. Please treat them as such. We also expect that you will forward a copy of our reply to the appropriate representative for the defendant or to the Court as appropriate.

I am your official contact for NetHere regarding this matter. Please update your records to reflect our new address of 4993 Niagara Ave., Suite 200, San Diego, CA 92107.

My professional billing rate is $300.00 per hour. I have spent one hour so far on this matter. Please provide reimbursement to the fullest extent possible.

We solely provide rackspace, power, conditioned environment, and upstream connectivity to the Defendant. As such, we have no idea what is contained on the Defendant's servers nor do we have any knowledge of their business, technologies, techniques, or methods. However, we have taken the time to carefully read your subpoena and provide thoughtful answers.

Thank you,

*Andy Taubman* (signature)

Andy Taubman
Chairman

NetHere, Inc.
4993 Niagara Ave., Suite 200
San Diego, CA 92107
Phone: 619-224-7610, Fax: 619-224-7601
http://www.nethere.net



Attachment A – Answers to Requests for Production

Request #1:

Our records indicate that Digital Point has been a Monthly Colocation customer since May 6, 1996. Since NetHere was started in 1999, this indicates to me that the Digital Point came to NetHere as a consequence of the NetHere acquisition of substantially all of the San Diego assets of a competitor, Simply Internet, in about 2001.

The service that we provide to them is co-location for servers. The co-location service consists of rackspace, conditioned environment, power, and upstream bandwidth. We do not log-into any of their devices for any reason to view, copy, or maintain any data or systems.

I have included a copy of Digital Point's recent invoice as Attachment B. Each month the invoice is the same, so we can produce prior period invoices, but they would be unremarkable, and it would require substantial cost and effort. Digital Point is currently paid through July 6, 2009.

As a month-to-month customer, there is no contract other than we consider all customers to be bound by our terms of service which can be found here: http://nethere.com/policies/index.html.

Internet access is provided to Digital Point's servers through a single Ethernet cable. We do not keep a log of any session times and/or durations, as the connection is always "on". They are allocated the following IP address spaces: 66.63.143.176 /28 and 216.9.35.48 /28.

The Digital Point bill is paid automatically each month via credit card. The credit card on file is a VISA with a final four digits of 3164. We respectfully request not to disclose the entire number for privacy and identity theft reasons, although we are willing to do so if required by the Court.

Request #2:

We have no knowledge of Defendant causing a User's browser to load any eBay webpage, webpage content, or data in any manner.

Request #3:

We have no knowledge of Defendant participation in any eBay related activity of any sort. We have no knowledge of any software running on Defendant's servers.

Request #4:

We have no knowledge of Defendant participation in any affiliate program of any type.

Request #5:

We have no knowledge of Defendant participation in any advertising network of any type.

NetHere, Inc.
4993 Niagara Ave., Suite 200
San Diego, CA 92107
Phone: 619-224-7610, Fax: 619-224-7601
http://www.nethere.net





Request #6:

We have no knowledge of Defendant advertisements of any type.

Request #7:

We have no knowledge of any User interaction that involves the Defendant and any sort of eBay site, advertisement, or referral.

Request #8:

We have no knowledge of any User interaction that involves the Defendant and any sort of eBay site, advertisement, or referral.

Request #9:

We have no knowledge of any of the Defendant's business, technologies, techniques, or methods.

Request #10:

We have no knowledge of any of the Defendant's source or payment of any commissions or payments. All we know is that Defendant pays us $800.00 for Monthly Collocation as described in Request #1.

Request #11:

We have no knowledge of any of the Defendant communications or documents associated with eBay or any eBay-related employees.

Request #12:

We have no knowledge of any of the Defendant participation with any affiliate marketing program.

Request #13:

We have no knowledge of any of the Defendant communications or documents associated with Commission Junction or any Commission Junction-related employees.

Request #14:

We have no knowledge of any of the Defendant communications or documents associated with Kessler's Plying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc., briandunning.com, Todd Dunning, Brian Dunning, or any other person.

Request #15:

We have no knowledge of any of the Defendant communications or documents associated with Rachael Hughes or any person or business affiliated with Rachael Hughes.

NetHere, Inc.
4993 Niagara Ave., Suite 200
San Diego, CA 92107
Phone: 619-224-7610, Fax: 619-224-7601
http://www.nethere.net





Request #16:

In the past we have contacted Digital Point using the information found at digitalpoint.com. We also have an emergency contact number of 619-723-1589. The emergency e-mail address on file is shawn@digitalpoint.com. Their company website is digitalpoint.com. A google search of "digitalpoint" shows a listing for http://forums.digitalpoint.com/.

Request #17:

We have no knowledge of any of the Defendant communications, documents, or aliases associated with participation in any affiliate program, blog, listserv, newsgroup or chat room.

You capitalized Alias in your Request #17, but I did not see it as a defined term. I have considered its use in the broadest terms generally understood by a computer / internet user. I am only making the point to prove to you that I am completely and seriously considering each question even though all of our answers are that we don't know anything. We really don't know anything.

Request #18:

We have no knowledge of any of the Defendant communications, documents, or aliases associated with participation in any affiliate program, blog, listserv, newsgroup or chat room. A google search of "digitalpoint" shows a listing for http://forums.digitalpoint.com/; I don't know what's there, but it is a forum related to Digital Point.

Request #19:

We do not know anything about ISP service provided to Digital Point or any other defendant at their respective business or personal locations.

NetHere provides Internet access to Digital Point's server through a single Ethernet cable. They are allocated the following IP address spaces: 66.63.143.176 /28 and 216.9.35.48 /28.

Request #20:

As at the date of this letter, the Defendant has the following equipment in our racks:

    Dell blade server
    Cobalt server #1
    Cobalt server #2
    Mac server #1
    Mac server #2
    Equalizer load balancer #1
    Equalizer load balancer #2
    Switch
    Network power switch

NetHere, Inc.
4993 Niagara Ave., Suite 200
San Diego, CA 92107
Phone: 619-224-7610, Fax: 619-224-7601
http://www.nethere.net





INTERNET SERVICE PROVIDER

There may be additional small pieces of hardware that are not listed on our manifest but fit in the racks between servers.

We do not have any knowledge of what is on any Defendant server or purpose thereof.

We do not know of any other hosting companies or facilities used by Defendant.

Request #21:

We have no knowledge of any of the Defendant arrangements to maintain or restore electronic data or systems.

Request #22:

We have no knowledge of any of the Defendant arrangements to clean, reformat or erase hard-drives or to service any equipment.

Request #23:

We have no knowledge of any of the Defendant entities or fictitious business names. We have never conducted any business review of Digital Point itself.

NetHere, Inc.
4993 Niagara Ave., Suite 200
San Diego, CA 92107
Phone: 619-224-7610, Fax: 619-224-7601
http://www.nethere.net

ATTACHMENT B

NetHere, Inc.
4993 Niagara Ave. Ste. 200
San Diego, CA 92107

**Invoice#: 090616-0002**

June 16, 2009

Main:    619 224-7610
Fax:     619 224-7601
Billing: 619 224-7610

Digital Point Solutions
Shawn Hogan                              (dpoint)
8465 Regents Road, #448
San Diego, CA 92122

**Due Date: 7/6/2009**

Service Period Is Paid Through: Monday, July 6, 2009

Payment Will Extend Service Period To: Thursday, August 6, 2009

If you have a credit card on file, no further action is necessary and your card will be processed for Balance Due on the above Due Date.

If a Return Stub is attached to the invoice, please detach and remit payment on or before the above mentioned Due Date to ensure continued service.

| Description | Price | Quantity | Subtotal |
|---|---|---|---|
| Monthly Colocation | $800.00 | 1 | $800.00 |
| Static I.P. Addresses/Month | $0.00 | 8 | $0.00 |
|  |  | Invoice Total | $800.00 |
|  |  | Previous Balance | $0.00 |
|  |  | **Balance Due** | **$800.00** |

Service Period: 7/6/2009 - 8/6/2009



```
***********************
***   TX REPORT     ***
***********************

TRANSMISSION OK

TX/RX NO              0892
RECIPIENT ADDRESS     917609428515
DESTINATION ID
ST. TIME              07/29 20:10
TIME USE              05'02
PAGES SENT            9
RESULT                OK
```

# O'MELVENY & MYERS LLP

Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823

TELEPHONE (415) 984-8700
FACSIMILE (415) 984-8701

## FAX TRANSMITTAL

DATE & TIME: 7/29/09

TO: Ross Campbell

FAX NUMBER: (760) 942-8515

TELEPHONE NUMBER: (760) 942-8505

FROM: C. Kennedy

RETURN FAX NUMBER:

TELEPHONE NUMBER:

TOTAL NUMBER OF PAGES: 9

MESSAGE

```
                        ***********************
                        ***    TX REPORT    ***
                        ***********************

        TRANSMISSION OK

        TX/RX NO                0119
        RECIPIENT ADDRESS       916192247601
        DESTINATION ID
        ST. TIME                07/30 13:04
        TIME USE                12'53
        PAGES SENT              9
        RESULT                  OK
```

# O'MELVENY & MYERS LLP

Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823

TELEPHONE (415) 984-8700
FACSIMILE (415) 984-8701

## FAX TRANSMITTAL

**DATE & TIME:**
Thursday, 07/30/09, 12:59 PM

**TOTAL NUMBER OF PAGES:**
8

**TO:**
Andy Taubman - NetHere, Inc.

**FAX NUMBER:**
(619) 224-7601

**TELEPHONE NUMBER:**
(619) 224-7610

**FROM:**
Colleen M. Kennedy

**RETURN FAX NUMBER:**
(415) 984-8701

**TELEPHONE NUMBER:**
(415) 984-8826

## MESSAGE