# EXHIBIT 7

```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                       SAN JOSE DIVISION

 4
        EBAY, INC.,                    )  CV-08-4052-JF
 5                                     )
                     PLAINTIFF,        )  SAN JOSE, CALIFORNIA
 6                                     )
                 VS.                   )
 7                                     )  AUGUST 14, 2009
        DIGITAL POINT SOLUTIONS,       )
 8      INC. ET AL,                    )
                                       )  PAGES 1-11
 9                   DEFENDANT.        )
                  _____

10

11                     TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE JEREMY FOGEL
12                   UNITED STATES DISTRICT JUDGE

13


14      A P P E A R A N C E S:

15      FOR THE PLAINTIFF:    O'MELVENY & MYERS LLP
        EBAY                  BY:  DAVID EBERHART
16                                 JEAN NIEHAUS
                              TWO EMBARCADERO CTR, 28TH FL
17                            SAN FRANCISCO, CA 94111

18


19      FOR THE DEFENDANT:    COAST LAW GROUP, LLP
        DIGITAL POINT         BY:  ROSS CAMPBELL
20      SOLUTIONS, HOGAN      169 SAXONY RD, STE204
                              ENCINITAS, CA 92024
21

22


23          (APPEARANCES CONTINUED ON THE NEXT PAGE)

24


25      OFFICIAL COURT REPORTER: SUMMER CLANTON, CSR,
                                 CERTIFICATE NUMBER 13185
```

1

```
 1   FOR THE DEFENDANT:    RUS, MILIBAND & SMITH, APC
     BRIAN DUNNING,        BY:   LEO PRESIADO
 2   BRIANDUNNING.COM,     2211 MICHELSON DR, 7TH FL
     THUNDERWOOD           IRVINE, CA 92612
 3

 4


 5   FOR THE DEFENDANT:    FREELAND COOPER & FOREMAN, LLP
     TODD DUNNING,         BY:   STEWART FOREMAN
 6   DUNNING ENTERPRISE    150 SPEAR ST., STE 1800
                           SAN FRANCISCO, CA 94105
 7

 8


 9   FOR THE DEFENDANT:    LAW OFFICE OF PATRICK MCCLELLAN
     KESSLER'S FLYING      BY:   PATRICK MCCLELLAN
10   CIRCUS                2211 MICHELSON DR., #700
                           IRVINE, CA 92612
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

                                                                2

```
 1    SAN JOSE, CALIFORNIA              AUGUST 14, 2009
 2                    P R O C E E D I N G S
 3              (WHEREUPON, COURT CONVENED AND THE
 4    FOLLOWING PROCEEDINGS WERE HELD:)
 5              THE COURT:  EBAY VERSUS DIGITAL POINT
 6    SOLUTIONS.
 7              MR. EBERHART:  GOOD MORNING, YOUR HONOR.
 8    DAVID EBERHART ON BEHALF OF EBAY WITH MY COLLEAGUE
 9    JEAN NIEHAUS.
10              MS. NIEHAUS:  GOOD MORNING, YOUR HONOR.
11              THE COURT:  WE SHOULD HAVE A NUMBER OF
12    TELEPHONIC APPEARANCES ON BEHALF OF DEFENDANTS IN
13    THIS MATTER.
14              MR. PRESIADO:  GOOD MORNING, YOUR HONOR.
15    LEO PRESIADO, RUS MILIBAND & SMITH, ON BEHALF OF
16    DEFENDANTS THUNDERWOOD HOLDINGS, INC., BRIAN
17    DUNNING AND BRIANDUNNING.COM.
18              MR. FOREMAN:  GOOD MORNING, YOUR HONOR.
19    STEWART FOREMAN ON BEHALF OF TODD DUNNING AND
20    DUNNING ENTERPRISES.
21              MR. MCCLELLAN:  GOOD MORNING, YOUR HONOR.
22    PATRICK MCCLELLAN ON BEHALF OF KESSLER'S FLYING
23    CIRCUS.
24              MR. CAMPBELL:  GOOD MORNING, YOUR HONOR.
25    ROSS CAMPBELL ON BEHALF OF DEFENDANTS SHAWN HOGAN
```

```
 1    AND DIGITAL POINT SOLUTIONS, INC.
 2              THE COURT:  OKAY.
 3              YOU HAVE A RULING ON THE MOTIONS THAT
 4    WERE PENDING.  IT WAS JUST POSTED THIS WEEK.  AND
 5    IT IS GOING TO INVOLVE, I GUESS AT THE MINIMUM,
 6    SOME DISCOVERY THAT MAY LEAD TO A RENEWAL OF THE
 7    FORUM SELECTION CLAUSE ISSUE.  BUT I'M WONDERING
 8    WHAT COULD BE DONE IN THE MEANTIME.
 9              I DON'T KNOW WHETHER THE PARTIES HAVE
10    ATTEMPTED ANY TYPE OF SETTLEMENT.  I DON'T KNOW
11    WHETHER IT'S TIME NOW TO GET THE PARTIES AND DO AN
12    ADR PROCESS OR WHAT YOU WANT TO DO IN LIGHT OF THE
13    RULING THAT THE COURT ISSUED.
14              SO LET ME GET SOME INPUT FIRST FROM EBAY
15    AND THEN THE DEFENDANTS.
16              MR. EBERHART:  I THINK FROM EBAY'S
17    PERSPECTIVE, YOUR HONOR, UNTIL WE HAVE SOME
18    DISCOVERY AND IN PARTICULAR UNTIL THERE'S SOME
19    RESOLUTION OF WHAT'S HAPPENING WITH THE CRIMINAL
20    INVESTIGATION, I THINK IT'S PREMATURE TO GO TO ADR.
21              EBAY IS NOT OPPOSED TO GOING ADR AT SOME
22    POINT AFTER THOSE ISSUES HAVE BEEN RESOLVED BUT I
23    DO BELIEVE IT'S PREMATURE RIGHT NOW.
24              THE COURT:  DO YOU HAVE A MOTION TO
25    COMPEL OR ANYTHING LIKE THAT PENDING BEFORE THE
```

4

```
 1      MAGISTRATE JUDGE WITH REGARD TO ANY OF THE
 2      MATERIALS OF THE DEFENDANTS HAVE NOT PRODUCED?
 3              MR. EBERHART:  WE DO NOT YET, YOUR HONOR,
 4      BECAUSE WE WERE AWAITING THE COURT'S DECISION AS TO
 5      WHETHER THIS WOULD BE THE ACTUAL PLACE TO BRING THE
 6      MOTION OR WHETHER WE SHOULD BRING IT IN ANOTHER
 7      COURT.
 8              NOW THAT WE UNDERSTAND WE WILL BE HERE,
 9      WE WILL PROCEED WITH THE MAGISTRATE ON IT.
10              THE COURT:  AND I TAKE THE DEFENDANT'S
11      POSITION IS THAT SOME OF THE DISCOVERY EBAY WANTS
12      IS PRIVILEGED BECAUSE THERE'S STILL A PENDING
13      CRIMINAL MATTER?
14              MR. PRESIADO:  YOUR HONOR, THIS IS
15      LEO PRESIADO.  I WAS UNAWARE OF THE RULING ON THE
16      MOTION.  I HAVEN'T RECEIVED IT.
17              THE COURT:  IT SHOULD HAVE BEEN
18      INSTANTANEOUSLY AVAILABLE.
19              MR. EBERHART:  I WILL CONCEDE WE HAVE NOT
20      SEEN IT EITHER.  THE ECF SYSTEM DID NOT SEND IT
21      OUT.
22              THE COURT:  THAT'S TOO BAD.  I'M SORRY.
23      I'M TRYING TO REMEMBER WHAT DAY IT WENT UP.  IT WAS
24      EARLIER THIS WEEK, MONDAY OR TUESDAY.  AND THAT'S A
25      GLITCH WE SHOULD CORRECT.
```

5

```
 1              MR. FOREMAN:  YOUR HONOR, THIS IS STEWART
 2    FOREMAN.  WE HAVEN'T RECEIVED IT EITHER.
 3              THE COURT:  I'M REALLY SORRY.  I JUST
 4    ASSUMED YOU HAD ALL SEEN IT.
 5              MR. FOREMAN:  YOUR HONOR --
 6              THE COURT:  HOLD ON JUST A SECOND,
 7    COUNSEL, IF YOU WOULD.
 8              THE CLERK:  I SEE THE LAST --
 9              THE COURT:  OH, YOU KNOW WHAT, I KNOW
10    WHERE IT IS.  YEAH.  I MISSPOKE.  I'M DONE WITH IT,
11    MY LAW CLERK NEEDS TO MAKE MY LAST EDITORIAL
12    CHANGES, SO IT WILL PROBABLY BE POSTED LATER TODAY.
13    I'M SORRY FOR THE CONFUSION.
14              BOTTOM LINE IS THE COURT DECIDED THAT
15    SOME OF THE CLAIMS, THE CFAA CLAIM, THE RICO CLAIM
16    ARE PROPERLY VENUED HERE.
17              THE QUESTION OF WHETHER THE FORUM
18    SELECTION CLAUSE AND PSA REQUIRES THAT AT LEAST
19    THOSE CLAIMS AND THOSE THAT EMANATE FROM IT BE
20    HEARD IN A DIFFERENT COURT WAS ONE THAT THE COURT
21    FELT CANNOT BE RESOLVED WITHOUT DISCOVERY BECAUSE
22    OF THE DISPUTE AS TO WHETHER THE PSA IS EVEN IN
23    PLAY.
24              THAT'S A VERY ROUGH SUMMARY OF WHAT'S IN
25    THE RULING.  I DON'T WANT TO DISCUSS IT.  I WILL
```

```
 1    TELL YOU THAT'S WHAT IT IS.
 2              SO AT LEAST FOR THE TIME BEING THE CASE
 3    WILL REMAIN HERE, BUT THAT'S WITHOUT PREJUDICE TO
 4    THAT ISSUE BEING REVISITED.
 5              OKAY.  SO MR. FOREMAN, YOU WERE STARTING
 6    TO SAY SOMETHING?
 7              MR. FOREMAN:  YES.  THANK YOU,
 8    YOUR HONOR.
 9              I JUST WANTED TO EXPRESS A DISAGREEMENT
10    ON THE ISSUE I BELIEVE COUNSEL FOR EBAY MENTIONED
11    ABOUT THE -- NO VALUE IN ATTEMPTING TO HAVE SOME
12    MEDIATION PROCESS.
13              AND MY COMMENT ABOUT THAT IS THAT, NUMBER
14    ONE, WITH THIS PENDING FEDERAL MATTER, WE HAVE NO
15    CONTROL OVER ITS TIMING.  NOTHING HAS HAPPENED IN
16    THE LAST TWO YEARS, AND THERE'S NO INDICATION THAT
17    WE'RE AWARE THAT ANYTHING IS GOING TO HAPPEN IN THE
18    NEAR FUTURE.
19              AND IT SEEMS TO ME WE SHOULDN'T BE
20    WAITING FOR SOMETHING THAT WE HAVE ABSOLUTELY NO
21    CONTROL OVER BEFORE WE TRY AND SEE IF THERE'S A
22    RESOLUTION.
23              THE COURT:  ARE YOU WILLING TO PROVIDE
24    DISCOVERY -- OBVIOUSLY, I'M NOT ASKING FOR CLIENTS
25    TO WAIVE ANY FIFTH AMENDMENT PRIVILEGE, BUT ARE YOU
```

7

```
 1   WILLING TO PROVIDE ENOUGH DISCOVERY THAT THERE
 2   COULD BE SOME TRACTION IN THOSE DISCUSSIONS?
 3              HAS THERE BEEN ANY CONVERSATION AS TO
 4   WHAT KIND OF DISCOVERY COULD BE PROVIDED?
 5              MR. FOREMAN:  AT LEAST ON BEHALF OF MY
 6   CLIENTS THERE'S VERY LIMITED DISCOVERY.
 7              I HAD TOLD EBAY PENDING YOUR DECISION ON
 8   THIS MATTER THAT THERE WAS A LIMITED AMOUNT OF
 9   ADDITIONAL SUPPLEMENTAL DISCOVERY THAT MY CLIENTS
10   COULD GIVE AND WE WILL NOW DO THAT IN LIGHT OF WHAT
11   YOU'VE DESCRIBED YOUR ORDER TO BE.
12              QUITE FRANKLY, IT'S EXTREMELY LIMITED AND
13   MY CLIENT DOESN'T HAVE CONTROL OVER THE DOCUMENTS.
14   THEY HAVE BEEN TAKEN BY THE F.B.I. AND THEY WON'T
15   LET US COPY THEM, SO WE HAVE NOTHING TO GIVE.
16   THAT'S A PROBLEM WE ARE CONTINUALLY FACED WITH.
17              I THINK THE RELEVANT DISCOVERY, FOR
18   PURPOSES OF BEING ABLE TO SIT DOWN AND TALK, IT'S
19   IN THE HANDS OF ALL THE PARTIES.  IT'S PRIMARILY
20   FROM A COMMISSION JUNCTION.  AND THAT DISCOVERY HAS
21   BEEN MADE AVAILABLE.  I THINK ALL THE PARTIES KNOW
22   WHAT THE COMMISSIONS WERE THAT WERE PAID.
23              I GOT, I BELIEVE EBAY WITH ITS COMPUTING
24   POWER KNOWS EXACTLY WHAT'S GOING ON.  IN FACT, I
25   THINK THE DEFENDANT IS REALLY THE ONLY ONE -- THEY
```

```
 1    DON'T HAVE THE DOCUMENTS AND WE ARE NOT LIKELY TO
 2    GET THEM.
 3              THE COURT:  MAYBE I SHOULD ASK EBAY'S
 4    COUNSEL TO EXPLAIN WHAT YOU NEED IN ORDER TO HAVE A
 5    MEANINGFUL DISCUSSION.
 6              MR. EBERHART:  CERTAINLY, YOUR HONOR.
 7              FIRST OF ALL, LET ME SAY IT IS OUR
 8    UNDERSTANDING THAT THERE'S MATERIAL IN THE HANDS OF
 9    THIRD PARTIES, COMPANIES NAMED RACKSPACE AND
10    NETHERE, THAT MAY BE DUPLICATIVE OF WHAT WAS SEIZED
11    BY THE F.B.I.
12              AND EBAY HAS SUBPOENAED THAT MATERIAL
13    FROM RACKSPACE AND NETHERE.  THE DEFENDANTS HAVE
14    OPPOSED PRODUCTION OF THAT MATERIAL.  PERHAPS WE
15    COULD HAVE A BREAKTHROUGH IN LIGHT OF THE COURT'S
16    RULING AND MOVE FORWARD THERE.
17              THAT MATERIAL IS THE SPECIFIC CODE THAT
18    WAS USED BY THE DEFENDANTS TO DEFRAUD EBAY.  AND WE
19    BELIEVE STRONGLY WE NEED TO SEE THAT, HAVE THE
20    CONFIRMATION THAT IT DID WHAT WE BELIEVE IT WAS
21    DOING, AND THAT WILL ALLOW US TO HAVE A MEANINGFUL
22    SETTLEMENT DISCUSSION.
23              THE COURT:  YOU COULD GET A BETTER
24    OBJECTIVE SENSE OF THE MERITS OF YOUR CASE?
25              MR. EBERHART:  CORRECT, YOUR HONOR.
```

```
 1              THE COURT:  LET ME MAKE A SUGGESTION
 2    SINCE I BELIEVED YOU HAD THE RULING IN HAND AND
 3    EVIDENTLY NOW IT'S CLEAR THAT YOU DON'T.  SO LET ME
 4    GET YOU THE RULING FIRST BECAUSE IT'S PRETTY
 5    DETAILED, AS YOU MIGHT IMAGINE.
 6              THEN LET ME SUGGEST YOU HAVE A MEET AND
 7    CONFER ABOUT DISCOVERY IN LIGHT OF THE RULING.  IF
 8    THERE ARE MOTIONS, GET THEM BEFORE JUDGE TRUMBULL
 9    SO THEY CAN BE HEARD AND I WILL SUGGEST WE
10    RECONVENE IN ABOUT 45 DAYS.
11              SO THAT WILL TAKE US TO SEPTEMBER 25TH IF
12    EVERYONE IS AVAILABLE AT THAT TIME.
13              HEARING NO OBJECTIONS, SEPTEMBER 25TH AT
14    10:30 FOR CMC AND CASE PLANNING.
15              AND I'M GOING TO SPECIFICALLY DIRECT
16    COUNSEL TO MEET AND CONFER ABOUT DISCOVERY SO THEY
17    CAN REDUCE THE AMOUNT OF MOTION PRACTICE.
18              THANKS VERY MUCH.
19              (WHEREUPON, THE PROCEEDINGS IN THIS
20    MATTER WERE CONCLUDED.)
21
22
23
24
25
```

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

_____
SUMMER A. CLANTON, CSR, RPR
CERTIFICATE NUMBER 13185