# EXHIBIT 8

Dockets.Justia.com



1   Stewart H. Foreman  (CSB #61149)
2   Daniel T. Bernhard  (CSB #104229)
    FREELAND COOPER & FOREMAN LLP
3   150 Spear Street, Suite 1800
    San Francisco, California 94105
    Telephone:  (415) 541-0200
4   Facsimile:  (415) 495-4332
    Email: foreman@freelandlaw.com
5          bernhard@freelandlaw.com

6   Attorneys for Defendants Todd Dunning
    and Dunning Enterprise, Inc

7

8                UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11  EBAY, INC.,                        CASE NO.: CV-08-4052 JF

12          Plaintiff,                 **DEFENDANT DUNNING
                                       ENTERPRISE, INC.'S RESPONSES
13      v.                             TO PLAINTIFF'S FIRST SET OF
                                       REQUESTS FOR PRODUCTION**
14  DIGITAL POINT SOLUTIONS, INC., SHAWN
    HOGAN, KESSLER'S FLYING CIRCUS,
15  THUNDERWOOD HOLDINGS, INC., TODD
    DUNNING, DUNNING ENTERPRISE, INC.,
16  BRIAN DUNNING, BRIANDUNNING.COM,
    AND DOES 1-20,
17
            Defendants.
18

19  PROPOUNDING PARTY:       PLAINTIFF EBAY INC.

20  RESPONDING PARTY:        DEFENDANT DUNNING ENTERPRISE, INC.

21  SET NUMBER:              ONE

22      Defendant Dunning Enterprise, Inc. ("DEI") hereby submits the following objections and

23  responses to the Request for Production of Documents Set One propounded by Plaintiff Ebay, Inc.

24  ("Plaintiff").

25

26

27

28

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123681-1}

GENERAL STATEMENT

Todd Dunning has invoked his privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Since Mr. Dunning is the sole shareholder and sole representative of DEI, and Mr. Dunning declines to sign these discovery responses on behalf of DEI, counsel for DEI is signing these responses pursuant to Federal Rules of Civil Procedure Rule 26(g). These responses to requests for documents directed at DEI are not a waiver of Mr. Dunning's privilege.

Furthermore, the Federal Bureau of Investigation has seized all documents and computers, disk drives, hard drives, cell phones and servers containing information potentially related to this matter. Assistant United States Attorney Kyle F. Waldinger in charge of this investigation has refused all requests to provide defendants with a copy of the material seized by the FBI. Those items and records may contain information responsive to the requests below, but those items and records are not in the possession, custody or control of defendants.

REQUEST FOR PRODUCTION NO. 1:

All documents relating to eBay, including all agreements, terms of service and terms and conditions.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI produced a limited number of documents at the time of making its Initial Disclosures. DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025. Accordingly, DEI is prohibited from

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

2

{00123681-1}

1  producing these documents at this time. DEI has no other documents in its possession, custody or

2  control that are responsive to this request.

3  REQUEST FOR PRODUCTION NO. 2:

4      All documents relating to, or Communications with, eBay or any current or former employee

5  of eBay.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

7      DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

8  burdensome and oppressive. DEI further objects to this request on the grounds that, as phrased, the

9  request seeks documents the disclosure of which might violate the attorney-client privilege and/or the

10  work product doctrine. Subject to and without waiving the foregoing objections and based on a

11  reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI produced a

12  limited number of documents at the time of making its Initial Disclosures. DEI has documents that

13  may be responsive to this request that were produced to it by Commission Junction, Inc. under a

14  Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.,*

15  Superior Court, Orange County, Case No. 30-2008 00101025. Accordingly, DEI is prohibited from

16  producing these documents at this time. DEI has no other documents in its possession, custody or

17  control that are responsive to this request.

18  REQUEST FOR PRODUCTION NO. 3:

19      All documents relating to payment of commissions or other revenue obtained by Dunning

20  Enterprise through participation in, interaction with or manipulation of eBay's Affiliate Marketing

21  Program.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

23      DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

24  burdensome and oppressive. DEI further objects on the grounds that that the term "manipulation" is

25  vague, argumentative and conclusory. DEI further objects to this request on the grounds that, as

26  phrased, the request seeks documents the disclosure of which might violate the attorney-client

27  privilege and/or the work product doctrine. DEI further objects to this request on the ground that it

28  violates DEI's right to privacy, and seeks production of trade secrets or other confidential information.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

3

{00123681-1}

DEI further objects on the ground that this information is equally available to Plaintiff. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI produced a limited number of documents at the time of making its Initial Disclosures. DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.,* Superior Court, Orange County, Case No. 30-2008 00101025. Accordingly, DEI is prohibited from producing these documents at this time. DEI has no other documents in its possession, custody or control that are responsive to this request.

<u>REQUEST FOR PRODUCTION NO. 4:</u>

All documents relating to eBay's Affiliate Marketing Program, including, but no limited to, all methods and technologies used by Dunning Enterprise to obtain revenue from, manipulate or otherwise interact with, eBay's Affiliate Marketing Program, including, but not limited to, all software, source code, Javascript, and HTML code.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4:</u>

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory. DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or work product doctrine. DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI produced a limited number of documents at the time of making its Initial Disclosures. DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.,* Superior Court, Orange County, Case No. 30-2008 00101025. Accordingly, DEI is prohibited from producing these documents at this time. DEI has no other documents in its possession, custody or control that are responsive to this request.

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF          4

{00123681-1}

REQUEST FOR PRODUCTION NO. 5:

All documents relating to advertisements for eBay used, or purported to be used, on any website or ad network that directed or referred Users to eBay as part of eBay's Affiliate Marketing Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.   Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI produced a limited number of documents at the time of making its Initial Disclosures. DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.,* Superior Court, Orange County, Case No. 30-2008 00101025.   Accordingly, DEI is prohibited from producing these documents at this time.  DEI has no other documents in its possession, custody or control that are responsive to this request.

REQUEST FOR PRODUCTION NO. 6:

All documents reflecting the number of Users who allegedly clicked on an advertisement for eBay used, or purported to be used, by Dunning Enterprise to direct or refer Users to eBay as part of eBay's Affiliate Marketing Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.   Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF          5

{00123681-1}

1  follows: DEI produced a limited number of documents at the time of making its Initial Disclosures.

2  DEI has documents that may be responsive to this request that were produced to it by Commission

3  Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood*

4  *Holdings, Inc., et al.,* Superior Court, Orange County, Case No. 30-2008 00101025.   Accordingly,

5  DEI is prohibited from producing these documents at this time.   DEI has no other documents in its

6  possession, custody or control that are responsive to this request.

7  REQUEST FOR PRODUCTION NO. 7:

8          All documents relating to methods or techniques intended to, or causing, a User's browser to

9  load any eBay webpage, webpage content or data therefrom.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

11          DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

12  burdensome and oppressive.   DEI further objects to this request on the grounds that, as phrased, the

13  request seeks documents the disclosure of which might violate the attorney-client privilege and/or the

14  work product doctrine.   DEI further objects to this request on the ground that it seeks production of

15  trade secrets or other confidential information.     Subject to and without waiving the foregoing

16  objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as

17  follows: DEI produced a limited number of documents at the time of making its Initial Disclosures.

18  DEI has documents that may be responsive to this request that were produced to it by Commission

19  Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood*

20  *Holdings, Inc., et al.,* Superior Court, Orange County, Case No. 30-2008 00101025.   Accordingly,

21  DEI is prohibited from producing these documents at this time.   DEI has no other documents in its

22  possession, custody or control that are responsive to this request.

23  REQUEST FOR PRODUCTION NO. 8:

24          All documents sufficient to identify all advertising networks, advertising syndication services

25  or websites used or purportedly used by Dunning Enterprise to advertise or promote eBay or to

26  interact in any way with eBay or eBay's Affiliate Marketing Programs.

27  ///

28  ///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123681-1}

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 8</u>:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI produced a limited number of documents at the time of making its Initial Disclosures. DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.,* Superior Court, Orange County, Case No. 30-2008 00101025. Accordingly, DEI is prohibited from producing these documents at this time. DEI has no other documents in its possession, custody or control that are responsive to this request.

<u>REQUEST FOR PRODUCTION NO. 9</u>:

All documents sufficient to identify all Affiliate Marketing Programs, not including eBay's Affiliate Marketing Program, with whom Dunning Enterprise obtained revenue or otherwise interacted.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have any responsive documents in its possession, custody or control.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

7

{00123681-1}

REQUEST FOR PRODUCTION NO. 10:

All documents relating to and/or describing methods and techniques used by any other Affiliate Marketing Program that Dunning Enterprise interacted with, participated in or manipulated.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects on the grounds that that the term "manipulated" is vague, argumentative and conclusory. DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have any responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 11:

All documents sufficient to identify the source of any technology, technique or methods used by Dunning Enterprise to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other Affiliate Marketing Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory. DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. DEI further objects to this request on the ground that it seeks production of trade

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

8

{00123681-1}

1   secrets or other confidential information.  Subject to and without waiving the foregoing objections and

2   based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI

3   does not have any responsive documents in its possession, custody or control.

4   REQUEST FOR PRODUCTION NO. 12:

5          All documents sufficient to identify any individuals, groups, books, manuals or other materials

6   consulted by Dunning Enterprise while developing any technology, technique or method used by

7   Dunning Enterprise to participate in, manipulate or interact with the eBay Affiliate Marketing

8   Program, or any other Affiliate Marketing Program.

9   RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

10         DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

11  burdensome and oppressive.   DEI further objects on the grounds that that the term "manipulate" is

12  vague, argumentative and conclusory.  DEI further objects that to the extent this request seeks

13  documents related to programs other than eBay's Affiliate Marketing Program, the request is neither

14  relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

15  admissible evidence. DEI further objects to this request on the grounds that, as phrased, the request

16  seeks documents the disclosure of which might violate the attorney-client privilege and/or the work

17  product doctrine.  DEI further objects to this request on the ground that it seeks production of trade

18  secrets or other confidential information.  Subject to and without waiving the foregoing objections and

19  based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI

20  does not have any responsive documents in its possession, custody or control.

21  REQUEST FOR PRODUCTION NO. 13:

22         All documents relating to Commission Junction, including all agreements, terms of service and

23  terms and conditions.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

25         DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

26  burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the

27  request seeks documents the disclosure of which might violate the attorney-client privilege and/or the

28  work product doctrine.  DEI further objects to this request on the ground that it seeks production of

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00123681-1}

1  trade secrets or other confidential information. Subject to and without waiving the foregoing

2  objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as

3  follows: DEI does not have any responsive documents in its possession, custody or control.

4  REQUEST FOR PRODUCTION NO. 14:

5      All documents relating to, or Communications with, Commission Junction or any current or

6  former employee of Commission Junction.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

8      DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

9  burdensome and oppressive. DEI further objects to this request on the grounds that, as phrased, the

10  request seeks documents the disclosure of which might violate the attorney-client privilege and/or the

11  work product doctrine. DEI further objects to this request on the ground that it seeks production of

12  trade secrets or other confidential information. Subject to and without waiving the foregoing

13  objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as

14  follows: DEI does not have any responsive documents in its possession, custody or control.

15  REQUEST FOR PRODUCTION NO. 15:

16      All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's

17  Flying Circus, Thunderwood Holdings, Inc., or briandunning.com.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

19      DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

20  burdensome and oppressive. DEI further objects to this request on the grounds that, as phrased, the

21  request seeks documents the disclosure of which might violate the attorney-client privilege and/or the

22  work product doctrine. DEI further objects to this request on the ground that it seeks production of

23  trade secrets or other confidential information. Subject to and without waiving the foregoing

24  objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as

25  follows: DEI does not have any responsive documents in its possession, custody or control.

26  ///

27  ///

28  ///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

10

{00123681-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  REQUEST FOR PRODUCTION NO. 16:

2      All Communications with Brian Dunning, Todd Dunning or Shawn Hogan.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

4      DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

5  burdensome and oppressive. DEI further objects to this request on the grounds that, as phrased, the

6  request seeks documents the disclosure of which might violate the attorney-client privilege and/or the

7  work product doctrine. DEI further objects to this request on the ground that it violates privacy rights

8  of third parties. Subject to and without waiving the foregoing objections and based on a reasonable

9  interpretation as to the meaning of this request, DEI responds as follows: DEI does not have any

10 responsive documents in its possession, custody or control.

11 REQUEST FOR PRODUCTION NO. 17:

12     All documents relating to, or Communications with, Rachael Hughes, or any companies or

13 entities owned, controlled, affiliated with or used by Rachael Hughes, relating to eBay's Affiliate

14 Marketing Program including, but not limited to, any agreements with Rachael Hughes and company

15 and any technology transferred to or from Rachael Hughes and company.

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

17     DEI objects to this request on the grounds that Rachel Hughes is unknown to DEI, therefore no

18 response is possible and all objections are reserved until eBay properly identifies this person or entity.

19 REQUEST FOR PRODUCTION NO. 18:

20     All documents sufficient to describe all phone numbers, email addresses, web pages, instant

21 messenger or mail accounts and social network accounts maintained, formerly maintained or

22 registered to Dunning Enterprise.

23 RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

24     DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

25 burdensome and oppressive. DEI objects that this request seeks documents which are neither relevant

26 to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible

27 evidence. DEI further objects to this request on the ground that it seeks production of trade secrets or

28 other confidential information. Subject to and without waiving the foregoing objections and based on

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

11

{00123681-1}

a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have possession, custody, or control of any responsive documents.

REQUEST FOR PRODUCTION NO. 19:

Documents sufficient to identify any Aliases used by Dunning Enterprise in any Internet Forum at or within which Dunning Enterprise discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Program, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have possession, custody, or control of any responsive documents.

REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to identify any Internet Forum at or within which Dunning Enterprise discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

12

{00123681-1}

1    admissible evidence.    Subject to and without waiving the foregoing objections and based on a

2    reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not

3    have possession, custody, or control of any responsive documents.

4    REQUEST FOR PRODUCTION NO. 21:

5         Documents sufficient to identify all internet service providers (ISPs) and IP addresses used by

6    Dunning Enterprise.

7    RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

8         DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

9    burdensome and oppressive.  DEI objects that this request seeks documents which are neither relevant

10   to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible

11   evidence.    Subject to and without waiving the foregoing objections and based on a reasonable

12   interpretation as to the meaning of this request, DEI responds as follows:  DEI does not have

13   possession, custody, or control of any responsive documents.

14   REQUEST FOR PRODUCTION NO. 22:

15        Documents sufficient to identify all computers, servers, electronic data storage and hosting

16   companies, entities, or facilities used by Dunning Enterprise.

17   RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

18        DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

19   burdensome and oppressive.  DEI objects that this request seeks documents which are neither relevant

20   to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible

21   evidence.    Subject to and without waiving the foregoing objections and based on a reasonable

22   interpretation as to the meaning of this request, DEI responds as follows:  To the extent that DEI was

23   a partner in Kessler's Flying Circus, which had computers and stored data, this material is currently in

24   the possession of the FBI and not available to DEI.  DEI does not have possession, custody, or control

25   of any responsive documents.

26   REQUEST FOR PRODUCTION NO. 23:

27        Documents sufficient to identify any entity used or hired to maintain or restore electronic data

28   or systems relating to Dunning Enterprise's participation in, manipulation of or interaction with eBay's

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF
13

{00123681-1}

1   Affiliate Marketing Program.

2   RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

3        DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

4   burdensome and oppressive.  DEI further objects on the grounds that that the term "manipulation" is

5   vague, argumentative and conclusory.  DEI further objects to this request on the ground that it seeks

6   production of trade secrets or other confidential information.  Subject to and without waiving the

7   foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI

8   responds as follows:  DEI does not have possession, custody, or control of any responsive documents.

9   REQUEST FOR PRODUCTION NO. 24:

10       Documents sufficient to identify software used to clean, reformat or erase hard-drives used by

11  Dunning Enterprise, or any equipment owned, used or maintained by Dunning Enterprise.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

13       DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

14  burdensome and oppressive.  DEI further objects to this request on the ground that it seeks production

15  of trade secrets or other confidential information.  Subject to and without waiving the foregoing

16  objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as

17  follows:  DEI does not have possession, custody, or control of any responsive documents.

18  REQUEST FOR PRODUCTION NO. 25:

19       All documents sufficient to identify all business entities or fictitious business names currently

20  or formerly maintained by Dunning Enterprise.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

22       DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

23  burdensome and oppressive.  DEI further objects that this request seeks documents which are neither

24  relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

25  admissible evidence.  Subject to and without waiving the foregoing objections and based on a

26  reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not

27  have possession, custody, or control of any responsive documents.

28  ///

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

14

{00123681-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

REQUEST FOR PRODUCTION NO. 26:

All documents relating to the incorporation of Dunning Enterprise.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

DEI objects on the ground that this request is overbroad, unduly burdensome and oppressive. DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: Other than the documents DEI produced as part of its Initial Disclosures, DEI has no other documents in its possession, custody or control that are responsive to this request.

REQUEST FOR PRODUCTION NO. 27:

All documents filed by Dunning Enterprise with any Secretary of State.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

DEI objects on the ground that this request is overbroad, unduly burdensome and oppressive. DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: Other than the documents DEI produced as part of its Initial Disclosures, DEI has no other documents in its possession, custody or control that are responsive to this request.

REQUEST FOR PRODUCTION NO. 28:

Documents sufficient to show the structure and organization of Dunning Enterprise and all companies or other entities owned or controlled by Dunning Enterprise that were involved in or interacted with any Affiliate Marketing Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

DEI objects on the ground that this request is overbroad, unduly burdensome and oppressive. DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to

---

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

15

{00123681-1}

and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: Other than the documents DEI produced as part of its Initial Disclosures, DEI has no other documents in its possession, custody or control that are responsive to this request.

REQUEST FOR PRODUCTION NO. 29:

Documents sufficient to identify all employees, contractors or temporary employees of Dunning Enterprise, their dates of employment, duties, salary and any other compensation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

DEI objects on the ground that this request is overbroad, unduly burdensome and oppressive. DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the ground that it violates privacy rights of third parties, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 30:

All documents constituting Dunning Enterprise's annual, quarterly and monthly audited, compiled, reviewed or unaudited financial statements, including all income statements and balance sheets of Dunning Enterprise.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

DEI objects on the ground that this request is overbroad, unduly burdensome and oppressive. DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the ground that it seeks production of trade secrets and confidential financial information, and invades DEI's rights of privacy

REQUEST FOR PRODUCTION NO. 31:

All documents sufficient to identify all assets and financial accounts (including those outside of the United States) maintained or formerly maintained by Dunning Enterprise.

///

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANT DUNNING ENTERPRISE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, CASE NO.: CV-08-4052 JF

16

{00123681-1}

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

DEI further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the ground that it violates DEI's right to privacy, and seeks production of trade secrets and confidential financial information.

REQUEST FOR PRODUCTION NO. 32:

Documents constituting Dunning Enterprise's corporate tax returns for the years 2003 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

DEI objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the ground that it violates DEI's right to privacy, seeks privileged financial information, *see e.g.*, California Revenue and Taxation Code section 19542.

REQUEST FOR PRODUCTION NO. 33:

All documents relating to the transfer or assumption of any liability by Dunning Enterprise.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have possession, custody, or control of any responsive documents.

REQUEST FOR PRODUCTION NO. 34:

All documents relating to any insurance policies relevant to this action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

{00123681-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1    DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly

2   burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the

3   request seeks documents the disclosure of which might violate the attorney-client privilege and/or the

4   work product doctrine.   Subject to and without waiving the foregoing objections and based on a

5   reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not

6   have possession, custody, or control of any responsive documents.

7   Dated: February 26, 2009          FREELAND COOPER & FOREMAN LLP

8

9

10          By: _____

11              Stewart H. Foreman
            Attorneys for Defendants Todd Dunning and
12          Dunning Enterprise, Inc.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00123681-1}

1

**CERTIFICATE OF SERVICE**

2

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen and not a party to the within action; my business address is 150 Spear

3    Street, Suite 1800, San Francisco, California 94105.

4

On February 26, 2009, I served the foregoing document described as follows:

5

**Defendant Dunning Enterprise, Inc.'s Responses to Plaintiff's First Set of Requests for Production**

6

by placing a true and correct copy thereof enclosed in a sealed envelope addressed to the

7    party(ies) of record whose name(s) and address(es) appear below:

8

**SEE ATTACHED SERVICE LIST**

9    __X__   [BY MAIL - CCP § 1013a]  I caused such sealed envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California, for collection and

10    mailing to the office of addressee(s) on the date shown herein following ordinary business practice.

11

_____   [HAND-DELIVERY/Personal/Messenger - CCP § 1011]  I caused such envelope to be

12    hand-delivered by a courier, who personally delivered such envelope to the office of the addressee(s) on the date herein.

13

_____   [BY FACSIMILE - CCP § 1013(e)] - I caused such document(s) to be transmitted via

14    facsimile electronic equipment transmission on the party(ies), whose name(s), address(es) and fax number(s) are listed above, on the date stated herein and at the time set forth on the

15    attached transmission reported indicating that the facsimile transmission was complete and without error.

16    _____   [BY FEDEX (Overnight Delivery) - CCP § 1013(c)]  I caused such envelope to be delivered to the Federal Express Office in San Francisco, California, with whom we have a

17    direct billing account, to be delivered on the next business day.

18    _____   [BY E-MAIL or ELECTRONIC TRANSMISSION] . Based on a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to

19    be sent to the persons at the email addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the

20    transmission was unsuccessful.

21    _____   [STATE] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22    __X__   [FEDERAL] Service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to this cause.

23

24    Executed on February 26, 2009, at San Francisco, California.

25                                                                         _____

26                                                                         Joyce E. Johnson

27

28

1

**CERTIFICATE OF SERVICE, CASE NO. 08-4052 (JF)**
{00120756-1}

1

## ATTACHED SERVICE LIST

2

Leo Presiado
RUS, MILIBAND & SMITH
Von Karman Towers
2211 Michelson Drive, 7th Floor
Irvine, CA  92612
Telephone:  (949) 752-7100
Facsimile:  (949) 252-1514
Attorneys for **Defendants Brian Dunning
and Thunderwood Holdings, Inc.**

Seyamack Kouretchian
COAST LAW GROUP
169 Saxony Road, Suite 204
Encinitas, CA  92024
Attorneys for Defendants Shawn Hogan and
Digital Point Solutions, Inc.

3

4

5

6

7

David Eberhart
O'MELVENY & MYERS LLP
Embarcadero Center West
2 Embarcadero Center, 28th Floor
San Francisco, CA  94111
Attorneys for Plaintiff eBay, Inc.
Telephone: 415-984-8700
Facsimile:  415-984-8701

Patrick K. McClellan
Von Karman Towers
2211 Michelson Drive, 7th Floor
Irvine, CA  92612
Attorney for Kessler's Flying Circus

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**CERTIFICATE OF SERVICE, CASE NO. 08-4052 (JF)**

{00120756-1}