# EXHIBIT 9

Dockets.Justia.com

**From:** Stewart Foreman [mailto:foreman@freelandlaw.com]
**Sent:** Tuesday, October 20, 2009 5:34 PM
**To:** Kennedy, Colleen
**Cc:** Eberhart, David; Bunzel, Sharon M.
**Subject:** RE: Motion to compel regarding DEI

Colleen,
I will be responding to eBay's motion on behalf of my clients. Based on your response, I do not see that we are making any progress toward reaching a mutually satisfactory resolution.
Stewart


*******************************************
Stewart H. Foreman
Freeland Cooper & Foreman LLP
150 Spear Street, Suite 1800
San Francisco, CA  94105
phone:   415-541-0200
fax:     415-495-4332
foreman@freelandlaw.com
www.freelandlaw.com
*******************************************

PLEASE NOTE:  To ensure compliance with revised Treasury Regulations under Circular 230, this is to advise you that any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties that may be asserted against the taxpayer.  A taxpayer may rely on professional advice to avoid federal tax penalties only if that advice is reflected in a comprehensive tax opinion that conforms to stringent requirements under federal law.

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the addressee), any distribution, copying or disclosure of the message or any information contained in the message is strictly prohibited. If you have received the message in error, please advise the sender by reply e-mail and delete the message.  Thank you.


**From:** Kennedy, Colleen [mailto:CKennedy@OMM.com]
**Sent:** Monday, October 19, 2009 7:00 PM
**To:** Stewart Foreman
**Cc:** Eberhart, David; Bunzel, Sharon M.

**Subject:** RE: Motion to compel regarding DEI

Stewart,

We have reviewed the declarations submitted with your clients' motion to stay, and they still do not establish the facts that are a necessary prerequisite to resolving eBay's motion to compel. Specifically, the declarations do not establish that Todd Dunning and DEI do not currently have any responsive documents in their possession. Statements that those defendants do not have "business records of KFC" or "documents relating to KFC's business" are insufficient. Further, neither Mr. Dunning's nor Mr. Breakstone's declaration establishes that Mr. Dunning and DEI have never provided any materials to the federal government. Mr. Dunning states only that "the FBI did not request or receive any documents *during this [June 18, 2007] interview*." If, as you have stated in the past, you are willing to provide one or more supplemental declarations establishing those facts, please provide the same for our review.

Further, your apparent contention that any demand by DEI for the relevant books and records of KFC would be futile does not relieve DEI of its obligation under the federal rules to make such a demand. The statements in your email regarding what KFC may have in its possession and what eBay may or may not be likely to get from its motion to compel against KFC are also beside the point. Again, as I have stated, we cannot reach a resolution on eBay's motion to compel against DEI unless and until DEI can represent that it has made a good faith effort to obtain documents from KFC as required by California partnership law and any applicable partnership agreement(s) that may exist. If, as you state, DEI is willing to make such a demand of KFC, then DEI should do so immediately and provide us with evidence of the same.

If Mr. Dunning and DEI can comply with the above requests, eBay would be willing to enter into a stipulation in which those defendants 1) concede their standing obligation to produce documents as requested by eBay's proposed order, 2) acknowledge their representations that they do not currently have possession, custody or control of any responsive documents, and 3) acknowledge that they must produce any such documents that may come into their possession, custody or control in the future.

This last point extends to any documents that may come into DEI's possession by way of KFC's future compliance with any demand for documents made by DEI as a general partner of KFC. In this regard, I note that the written "concept for resolution" you provided to eBay on October 12, 2009 states that "DEI is not required to produce privileged or non-responsive document or documents that cannot be authenticated without a waiver of Todd Dunning's personal privilege under the Fifth Amendment." To the extent this statement reflects an attempt by DEI to reserve the right to refuse to produce documents in the future based on Todd Dunning's Fifth Amendment privilege, it is unacceptable to eBay. As argued in eBay's motion to compel, DEI is required to appoint an agent whose Fifth Amendment rights are not implicated to provide discovery. To the extent DEI seeks the ability to shield information based on Todd Dunning's Fifth Amendment rights, that position will prevent the agreed resolution of eBay's motion to compel.

Please advise whether the above is acceptable to you. If so, we are happy to continue to work toward a mutually agreeable stipulation. However, if you are not willing to agree to these parameters, the parties should not expend further resources in discussing a potential resolution.

Best regards,
Colleen

---

**From:** Stewart Foreman [mailto:foreman@freelandlaw.com]
**Sent:** Friday, October 16, 2009 12:19 PM
**To:** Kennedy, Colleen
**Cc:** Eberhart, David; Bunzel, Sharon M.
**Subject:** RE: Motion to compel regarding DEI

Colleen,
I assume you have reviewed the Todd Dunning and Bob Breakstone declarations supporting the motion to stay. I believe those declarations resolve the second point in your email. In addition, in DEI's responses to eBay's document requests at issue, DEI has already stated

unequivocally that it has no documents under its possession, custody or control beyond those it has already produced.

My understanding, and I don't think you disagree, is that KFC claims that it <u>does not currently have literal possession</u> (putting aside custody or control) of any documents responsive to eBay's document requests.  To the extent KFC ever had any such documents in its possession, which I do not know to be the case, but let's assume it for our discussion, some or all of those documents are currently held by the FBI and/or at Rackspace (although the existence or extent of KFC documents at those locations is in fact unknown).

If you have reason to believe KFC's does actually have possession of any responsive documents that it has not produced, that is news to me, and that point is covered by your motion directed at KFC.  In addition, if you believe that KFC can obtain its documents from from Rackspace or the FBI "upon demand," then presumably eBay's motion to compel will resolve that issue also.  In this situation, a letter from DEI to KFC demanding a copy of KFC's documents does not seem to get eBay any closer to obtaining those documents than its motion directed at KFC, but as I state below, DEI is willing to send such a letter if that will resolve this motion with respect to DEI.  Of course, DEI does not have a right "upon demand" to obtain any documents from any entity related to Briandunning.com, Thunderwood Holdings, Inc. or Brian Dunning, individually.

Although DEI does not have any documents in its possession responsive to the motion to compel, we have discussed making this even more crystal clear with supplemental responses to eBay's document requests, which DEI would do as part of a resolution of this motion.  I would even confirm in a supplemental response by DEI that no documents were previously in its possession that were turned over to, and are now in the possession of, the FBI although that point is made in Mr. Dunning's declaration.

You and I also probably agree that KFC, and Briandunning.com and probably Brian Dunning, individually, are the likely entities that can obtain documents, to the extent that they exist, "upon demand" from Rackspace and/or, eventually, the FBI.  Aside from the contents of Brian Dunning's criminal lawyer's declaration, I don't know if KFC, Briandunning.com or Brian Dunning have made such demand on Rackspace or the FBI for their respective records.  Certainly, eBay has not conducted any discovery against Rackspace to determine if such demands have been made, to determine which persons or entities placed documents at Rackspace, or to determine which persons or entities have the right "upon demand" to obtain any records from Rackspace.  Establishing that foundational information is eBay's responsibility, not DEI's.

Rackspace has told DEI and Todd Dunning unequivocally that they have no right to obtain or access any documents "upon demand".  Mr. Priolo's signature on my letter to him makes this point very clearly.  I don't think it could be any clearer that Rackspace will not respond "upon demand" to any other request from DEI to produce any KFC documents, assuming any are on Rackspace's computers because DEI is not authorized to access anyone's records held at Rackspace.  In your correspondence with Rackspace, you continue to use the collective reference to "Defendants" which obscures any distinction between KFC, Briandunning.com, Brian Dunning, individually, and my clients.  However, this artful wording does not establish a basis for eBay to assert that DEI has any right to obtain any records at Rackspace, and eBay has not established any basis to assert that DEI can obtain any KFC documents from Rackspace "upon demand".  eBay, of course, has not established through any discovery directed at Rackspace that KFC documents are at Rackspace or who has the right to obtain

10/30/2009

them "upon demand." eBay simply assumes Rackspace possesses KFC documents. I believe that the Court will agree with me on these points.

Similarly, eBay has not determined if KFC records were in fact seized from Brian Dunning's home. While KFC's business was apparently conducted from that location, I have no actual knowledge whether KFC documents are in the FBI's possession. The FBI has not shared any such information with Mr. Breakstone or me. Obviously Brian Dunning will not testify about those facts. I only know what is contained in the inventory exhibit attached to Mr. Kopeny's declaration, and I do not see any reference to KFC documents in that list. I am not being facetious with this comment, it is simply the plain truth on this record.

As to the legal issue of "custody or control", under the cases applicable in the Ninth Circuit, we can agree that the Ninth Circuit's standard is that, in response to discovery requests including document requests, a party has an obligation to make reasonable inquiry among its employees, agents and others subject to its direction, and to obtain and produce documents in the hands of third parties that it can obtain "upon demand." I do not agree with your statement implying the DEI has an obligation under the Ninth Circuit's standard to take any additional steps "to obtain" records that are not made available in response to the "demand." On this record, the Court will probably agree that DEI has done what it can to obtain and produce any documents that it can obtain "upon demand." The cases you cite do not suggest that DEI has an obligation to take any steps other than to make a demand on entities over which it has the right to obtain documents "upon demand." The crucial point, however, is that a demand does not guarantee compliance by the third party if the third party does not agree that it has an obligation to produce the documents demanded. This is exactly the situation for DEI with respect to the FBI and Rackspace. The cases you have cited do not suggest that "upon demand" includes, in our situation, DEI taking additional steps to obtain documents from parties who have refused to provide the documents in response to the demand.

KFC is the only entity that DEI probably can obtain documents from "upon demand" because of its status as a general partner, although KFC does not have any documents in its possession at this time as far as I know. If KFC presently has responsive non-privilged documents that have not been produced in response to previous document requests, then eBay's motion presumably will result in an order requiring production of those documents. If eBay does not obtain such an order against KFC, then it is not entitled to an order against DEI to make demand for those documents upon KFC. Similarly, if KFC does not have any documents in its possession that it can produce, then DEI cannot obtain anything from KFC even after sending a demand. Nevertheless, are you saying under your first point in your email, that you want DEI to send a formal letter to KFC demanding that it provide copies of KFC's documents to DEI? If eBay wants such a symbolic exercise to resolve this motion, then I am willing to add that to the stipulation that I have proposed subject to our agreement on the contents of the letter. In fact, please draft such a letter for me for review.

Again, while I want to resolve this matter, if agreeing to have DEI send a letter to KFC making formal demand for KFC's documents in its capacity as a partner in addition to the terms of my previous proposal, does not get us to an agreement, then so be it. I will file my opposition, and frankly, I think I will get an award of attorneys fees since eBay's motion on these known and essentially undisputed facts is not substantially justified. I don't think the Court will enter an order requiring DEI to send any letters when the record is so clear that such actions would be meaningless and futile. The Court does not typically enter an order against a party knowing that the order is purely symbolic and will not lead to discoverable information.

10/30/2009

Regards
Stewart

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
```
Stewart H. Foreman
Freeland Cooper & Foreman LLP
150 Spear Street, Suite 1800
San Francisco, CA   94105
phone:   415-541-0200
fax:     415-495-4332
foreman@freelandlaw.com
www.freelandlaw.com
```
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLEASE NOTE: To ensure compliance with revised Treasury Regulations under Circular 230, this is to advise you that any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties that may be asserted against the taxpayer. A taxpayer may rely on professional advice to avoid federal tax penalties only if that advice is reflected in a comprehensive tax opinion that conforms to stringent requirements under federal law.

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the addressee), any distribution, copying or disclosure of the message or any information contained in the message is strictly prohibited. If you have received the message in error, please advise the sender by reply e-mail and delete the message. Thank you.

---

**From:** Kennedy, Colleen [mailto:CKennedy@OMM.com]
**Sent:** Wednesday, October 14, 2009 3:22 PM
**To:** Stewart Foreman
**Cc:** Eberhart, David; Bunzel, Sharon M.
**Subject:** RE: Motion to compel

Stewart,
Thanks for your proposal. A couple of points in response:

First, your proposed stipulation regarding DEI does not adequately address DEI's legal duty, as a general partner of KFC, to produce documents held by KFC. DEI is required by Rule 34 to produce not only documents within its actual possession, custody and control, but also documents that it "has the legal right to obtain [] on demand." *See, e.g., A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). Because DEI has the right to obtain from KFC on demand information concerning KFC's business and affairs, DEI is legally required to obtain and produce to eBay all responsive documents held by KFC. *See In re Hallmark Capital Corp.*, 534 F.Supp.2d 981, 983 (D. Minn. 2008) (requiring partner to produce partnership documents because such documents were in the partner's control). We therefore disagree with your statement that a court would not order DEI to produce documents held by KFC.

In practical terms, we cannot consider any stipulation that does not include confirmation that DEI has taken all reasonable steps pursuant to California law and any applicable partnership agreement(s) to obtain responsive documents in KFC's possession, custody or control. This should include at least good faith demands by DEI on both KFC itself, as well as on Rackspace (with the understanding that you have represented you do not know whether Rackspace's customer is KFC or some other entity).

Second, as I have previously indicated, the existing declarations from Todd Dunning and Bob Breakstone do not sufficiently establish that: a) neither Mr. Dunning nor DEI currently possess any documents responsive to eBay's requests, and b) no documents were ever provided to the government by Mr. Dunning or DEI.

While we remain ready and willing to work out a mutually acceptable resolution of the motion to compel, we cannot consider any proposed stipulation until the above concerns have been addressed. I look forward to your response.

Best regards,
Colleen

---

**From:** Stewart Foreman [mailto:foreman@freelandlaw.com]
**Sent:** Monday, October 12, 2009 10:34 AM
**To:** Kennedy, Colleen
**Subject:** Motion to compel

Hi Colleen,
Attached is a concept for resolution of our discussion on the motion to compel against my clients. I have tried to build on your last idea of "stipulating" to the proposed order. I don't think that would work alone, but this proposal tries to elaborate on that idea. Also, I think this concept is the most a Court could order DEI to do even if your motion is granted. I am not aware of any case where the Court orders a party to take steps to produce documents that are not currently in its possession, custody or control even if there is a legal principle indicating the party has a "legal right" to the documents. If you have such authority, please provide me with the citation.

I hope we can resolve this matter soon , otherwise I will need to start preparing my opposition papers.
Regards
Stewart

<<concept for resolving motion to compel for DEI (00130259).pdf>>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Stewart H. Foreman
Freeland Cooper & Foreman LLP
150 Spear Street, Suite 1800
San Francisco, CA  94105
phone:  415-541-0200
fax:    415-495-4332
foreman@freelandlaw.com
www.freelandlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLEASE NOTE: To ensure compliance with revised Treasury Regulations under Circular 230, this is to advise you that any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties that may be asserted against the taxpayer. A taxpayer may rely on professional advice to avoid federal tax penalties only if that advice is reflected in a comprehensive tax opinion that conforms to stringent requirements under federal law.

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the addressee), any distribution, copying or disclosure of the message or any information contained in the message is strictly prohibited. If you have received the message in error, please advise the sender by reply e-mail and delete the message. Thank you.

10/30/2009