RONALD RUS, #67369
rrus@rusmiliband.com
LEO J. PRESIADO, #166721
lpresiado@rusmiliband.com
RUS, MILIBAND & SMITH
A Professional Corporation
Seventh Floor
2211 Michelson Drive
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Defendants
THUNDERWOOD HOLDINGS, INC.,
BRIAN DUNNING, and BRIANDUNNING.COM

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC., | CASE NO. C 08-4052 |
| Plaintiff, | **REPLY BY DEFENDANTS THUNDERWOOD HOLDINGS, INC., BRIAN DUNNING AND BRIANDUNNING.COM TO OPPOSITION TO MOTION TO STAY CIVIL ACTION PENDING CRIMINAL PROCEEDINGS** |
| vs. | |
| DIGITAL POINT SOLUTIONS, INC.; SHAWN HOGAN; KESSLER's FLYING CIRCUS; THUNDERWOOD HOLDINGS, INC.; TODD DUNNING; DUNNING ENTERPRISES, INC.; BRIAN DUNNING; BRIANDUNNING.COM; and DOES 1-20, | DATE: November 20, 2009<br>TIME: 9:00 a.m.<br>CTRM: 3 |
| Defendants. | Hon. Jeremy Fogel presiding |

1

# TABLE OF CONTENTS

1. EBAY'S ARGUMENT THAT THE ABSENCE OF CRIMINAL CHARGES
   AGAINST DEFENDANTS IS FATAL TO THE MOTION IS WITHOUT
   MERIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2. EBAY'S CONTENTION THAT IT WILL BE SEVERELY PREJUDICED
   BY THE STAY IS SIMPLY NOT CREDIBLE . . . . . . . . . . . . . . . . . . . . . . . 7

3. EBAY DOES NOT EFFECTIVELY REFUTE THAT THE BURDEN ON
   DEFENDANTS IN DEFENDING THIS ACTION IS SEVERE . . . . . . . . . . . . . 8

4. EBAY DOES NOT EFFECTIVELY REFUTE THE CONVENIENCE
   OF THE COURT AND INTEREST OF THE PUBLIC FACTORS OF
   THE *KEATING* TEST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5. THE STATE COURT'S PREVIOUS DENIAL OF DEFENDANTS' MOTION
   TO STAY THE PREVIOUS STATE COURT ACTION TO WHICH EBAY
   WAS NOT A PARTY HAS NO BEARING ON THIS CASE . . . . . . . . . . . . . . 9

6. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1    Defendants Brian Dunning, Thunderwood Holdings, Inc. and Briandunning.com

2    (collectively, "Defendants") reply to the Consolidated Opposition to Motions to Stay Civil

3    Action Pending Resolution of Criminal Proceedings filed by Plaintiff eBay, Inc. ("Plaintiff"

4    and/or "eBay") as follows:

5    1.    EBAY'S ARGUMENT THAT THE ABSENCE OF CRIMINAL CHARGES

6          AGAINST DEFENDANTS IS FATAL TO THE MOTION IS WITHOUT MERIT

7          eBay argues that Defendants' motions should be denied because "no criminal

8    action is pending against any Defendant." However, eBay concedes that plenty of case law

9    exists (at least eleven cases acknowledged by eBay) where a stay of the civil proceeding was

10   granted by the court pending a criminal investigation of the defendant and prior to actual

11   indictment. (i.e., *Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist. #2*, No. CV06-124-BLG-

12   RFC-CSO, 2007 WL 1227592 (D. Mont. Apr. 24, 2007); *Brock v. Tolkow*, 109 F.R.D. 116

13   (E.D.N.Y. 1998); *Chao v. Fleming*, 498 F.Supp.2d 1034 (W.D. Mich. 2007); *Kashi v.

14   Gratsos*, 790 F.2d 1050 (2d Cir. 1986); *Shell Offshore, Inc. v. Courtney*, No. 05-1956, 2006

15   WL 1968926 (E.D. La. July 12, 2006); *Taylor, Bean & Whitaker Mortgage Corp. v.

16   Triduanum Fin. Inc.*, No. CIV. 2:09-cv-0954 FCD EFB, 2009 WL 2136986 (N.D. Cal. July

17   15, 2009); *United States v. $557,993.89 in U.S. Funds*, No. 95-CV-3978-JG, 1998 WL

18   817651 (E.D.N.Y. Mar. 2, 1998); *United States v. Certain Real Prop. & Premises*, 751

19   F.Supp. 1060 (E.D.N.Y. 1989); *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d

20   523 (D.N.J. 1998); *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084 (5th Cir. 1979); *White v.

21   Mapco Gas Prods., Inc.*, 116 F.R.D. 498 (E.D. Ark. 1987)).

22         In addition, eBay does not dispute, nor otherwise challenge, the declaration

23   testimony of criminal counsel for the Defendants that, according to the United States

24   Attorney's Office, the bringing of criminal charges against Defendants in the near future is a

25   virtual certainty:

26         Criminal counsel for Defendants: "Mr. Waldinger [the prosecuting

27         United States Attorney] informed me that: (a) Mr. Brian Dunning is a

28         target of the investigation, along with two other named persons; (b) the

2

1  federal government is confident that a criminal offense could be proven,

2  based on the fraudulent conduct of one or more persons; and (c) until the

3  federal government has concluded its analysis of the computer media

4  seized, the federal government is unwilling to discuss any resolution of

5  its case."

6                                              * * *

7  "I have reviewed my file and in those letters I have confirmed in writing

8  that Mr. Waldinger advised me that:  (1) Mr. Dunning is a 'target' of the

9  federal criminal investigation; (2) the investigation concerns

10  Thunderwood Holdings, Inc. ('Thunderwood') and Kessler's Flying

11  Circus ('KFC') and its relationship with eBay, and allegations that

12  'cookies' had been 'forced' in violation of the terms of service with

13  Plaintiff eBay ('Plaintiff') and/or Commission Junction, Inc., which

14  allegedly constitutes 'cyber-fraud' under various federal fraud statutes."

15                                              * * *

16  "Mr. Waldinger has confirmed that the criminal investigation of

17  Mr. Dunning is ongoing, that search warrants other than that discussed

18  above have issued, and in my opinion, based on my experience, I believe

19  it is likely that the federal government has presented testimony in this

20  investigation to the United States Grand Jury for the Northern District of

21  California.  In addition, the federal government has sought from the

22  District Court, and obtained, several extensions of time to return all

23  the materials seized from Mr. Dunning's home pursuant to the

24  aforementioned federal search warrant, which called for its return within

25  60 days unless additional time is granted.  Typically, in order to obtain

26  such permission from the federal court, the United States Attorney must

27  allege that there is an active criminal investigation, that the federal

28  government believes the property seized constitutes, or is likely to

3

1  constitute evidence of the suspected crime, and that additional time is

2  reasonably needed to complete the investigation."

3  * * *

4  Criminal counsel for the Hogan Defendants: "On September 22, 2009,

5  I spoke via telephone with Assistant U.S. Attorney Kyle Waldinger of

6  the United States Attorney's Office for the Northern District of

7  California (USAO). The subject of the conversation was the pending

8  criminal investigation being undertaken by the USAO and the Federal

9  Bureau of Investigation. During the course of the conversation,

10  Mr. Waldinger indicated the following: (1) Mr. Hogan is the subject of

11  an ongoing criminal investigation as to whether activities associated with

12  Plaintiff's affiliate marketing program constitute wire fraud under

13  18 U.S.C. § 1343; (2) the scope of the investigation relates to the

14  'cookie stuffing' schemes alleged against the Defendants in this case;

15  (3) Mr. Waldinger believes that Section 1343 has been violated; (4) the

16  USAO intends to seek an indictment based on the foregoing; and (5) and

17  it is likely that an indictment will be issued within the early part of next

18  year."

19  eBay's argument is based essentially on a single case from the Northern District

20  which eBay contends holds, as a matter of law, that a stay is not permitted where an indictment

21  has not yet issued, namely *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, 1995 WL

22  261451 (N.D. Cal. 1995). eBay, however, misrepresents the *Applied Materials* case. The

23  *Applied Materials* court did not deny a stay because no indictment had issued as to the

24  defendant. Quite to the contrary the *Applied Materials* court determined that the defendant had

25  a "significant" fifth amendment interest despite the absence of an indictment. This was so, the

26  court reasoned, because (1) the defendant had not yet given deposition testimony regarding the

27  case, and therefore had not waived any fifth amendment rights, and (2) the federal criminal

28  investigation of the defendant concerned the same subject matter as the civil suit. *Applied*

4

1   *Materials, supra, at *3.*   The *Applied Materials* court ultimately determined that a stay was

2   not appropriate because the remainder of the *Keating* factors weighed against a stay: "While

3   defendant Biehl has some fifth amendment interests in staying the case, the interests of

4   plaintiff, the courts and the public in proceeding promptly outweigh that interest." As such,

5   contrary to eBay's argument, the lack of an indictment against Defendants is not fatal to the

6   motion.

7           Unlike in the *Applied Materials* case, it cannot be reasonably disputed that an

8   indictment of Defendants is a virtual certainty as made clear by the unequivocal and repeated

9   statements of Mr. Waldinger. Indeed, Mr. Waldinger has even given a time frame in which he

10  expects indictments to issue – early next year. eBay does not challenge the veracity of the

11  declaration testimony submitted by counsel for Defendants, nor does eBay submit any

12  contradictory declaration testimony regarding the intentions of the Government although

13  counsel for eBay admits to have had conversations with Mr. Waldinger. All eBay does by way

14  of evidence in response to the declaration testimony submitted by Defendants is submit the

15  declaration of counsel for eBay, Sharon Bunzel, who gives a self serving tutorial of how she

16  believes investigations proceed to indictment. Ms. Bunzel's pseudo "expert" testimony bears

17  no relevance to what has transpired and what is to come in this case in light of the specific

18  representations of Mr. Waldinger as to the certainty and timing of indictments against

19  Defendants. The only pertinent aspect of Ms. Bunzel's declaration is her confirmation that she

20  served as an Assistant United Sates Attorney from 1999 to 2005 *in the very same Office as*

21  *Mr. Waldinger*. At the very least, Ms. Bunzel is in a unique position to obtain information

22  contradicting the Government's intentions as evidenced by the declaration testimony submitted

23  by Defendants. No such contradictory evidence was submitted by eBay.

24          The relationship between counsel for eBay and the particular Office of the

25  United States Attorney investigating Defendants highlights the particular unfairness of allowing

26  this civil action to proceed pending the Government's investigation and indictment of

27  Defendants. As set forth in the Motion, by its own description, the CHIP Unit is charged with

28  combating "cybercrime and intellectual property theft" and "works closely with the FBI and

5

1   other agencies *to establish a relationship with the local high tech community and encourage*

2   *them to refer cases to law enforcement.*"  The CHIP Unit is specifically charged with

3   coordinating law enforcement and the technology industry "*to share expertise and information*

4   *technology, to assist each other 24 hours a day, seven days a week, around the clock, to*

5   *prevent cybercrime wherever possible…*"  Based on this stated mode of operation, and the pre-

6   existing relationship between counsel for eBay and the very Office investigating Defendants, it

7   cannot be reasonably disputed that eBay and the Government are working in tandem as to the

8   civil and criminal prosecution of Defendants.  Indeed, eBay concedes in its Opposition that

9   Defendants' alleged cookie stuffing scheme "ended only with eBay's investigation of

10  Defendants' wrongdoing in June 2007" – *the very month the FBI executed a search warrant*

11  *of Mr. Dunning's home and interrogated him for hours at the scene.*  There can be no doubt

12  that eBay and the United States Attorneys' Office were, and are, working hand in hand against

13  Defendants.  In all likelihood, any delay in the Government formally charging Defendants is by

14  design.  The Government intends to benefit from eBay's prosecution of this civil action and

15  otherwise obtain facts and analysis to which it would not otherwise be entitled.  In short, the

16  Government seeks to use the considerable resources and technical know-how of eBay to

17  enhance its prosecution of Defendants.  In turn eBay benefits from this concerted relationship

18  with the Government by wielding the prospect of criminal prosecution as a mechanism to

19  intimidate and threaten Defendants in the context of this civil action – indeed, eBay portends its

20  own private policing arm.  In the balance hangs the Constitutional fifth amendment rights of

21  Defendants.

22          Defendants' fifth amendment interests are overwhelmingly significant in this

23  case – much more so than in any case cited by the parties (including the recent decisions of this

24  Court in the *Conte* and *Continental Insurance* cases which eBay does not even address in its

25  Opposition) and in particular the *Applied Materials* case so prominently displayed by eBay.

26  On the basis of the implications of Defendants' fifth amendment rights alone, the stay should be

27  granted.

28  / / /

6

REPLY TO OPPOSITION TO MOTION TO STAY
CIVIL ACTION - CASE NO. C 08-4052

1  2.     EBAY'S CONTENTION THAT IT WILL BE SEVERELY PREJUDICED BY THE
2         STAY IS SIMPLY NOT CREDIBLE

3              The idea that a multi-billion dollar company such as eBay would be severely
4  prejudiced by the delay of this action (even a lengthy delay of this action) is not credible.

5              First, eBay's argument that any delay of its discovery efforts would "prevent
6  eBay from discovering other witnesses and evidence in support of its case" is baseless.
7  This case was commenced by eBay over 14 months ago. Nevertheless, eBay has not conducted
8  a single deposition in this case. Indeed, although eBay propounded written discovery on
9  Defendants some 10 months ago, it only recently filed a motion to compel the same and only
10 did so in response to Defendants' notice that Defendants intended to file a motion to stay the
11 action. eBay's sudden concern about its ability to conduct contemporaneous discovery in
12 connection with this case is contrived.

13             Next, eBay is well aware that other than the individual defendants named in this
14 action (all of whom assert their fifth amendment rights), the persons with knowledge of the
15 facts underlying the action are either employees of eBay or employees of eBay's agent,
16 Commission Junction. eBay has access to all such individuals without resort to formal
17 discovery procedures. Indeed, in its Opposition eBay does not specify what critical discovery
18 it believes will be prevented by a stay. eBay's conclusory argument that a stay will prevent
19 necessary discovery does not hold water.

20             Finally, eBay ignores the case law cited by Defendants which holds that a stay is
21 permitted where the alleged harm to the plaintiff "may be remedied by monetary damages and
22 plaintiff can be adequately compensated even if she obtains a judgment in her favor after the
23 stay has lifted." *Taylor, Bean & Whitaker Mortgage Corporation v. Triduanium Financial*,
24 2009 WL 2136986 (E.D.Cal. 2009) (granting a stay despite plaintiff's argument that it will be
25 more difficult to recover losses if the case is stayed). Rather, eBay reveals what appears to be
26 a significant motivation in opposing a stay – keeping both the criminal and civil matters in play
27 and thereby exerting as much financial pressure on Defendants as possible.

28 / / /

                                    7

REPLY TO OPPOSITION TO MOTION TO STAY
CIVIL ACTION - CASE NO. C 08-4052

1           In short, eBay does not effectively refute the fact that no significant prejudice

2   will befall it in the event a stay is granted.

3   3.      EBAY DOES NOT EFFECTIVELY REFUTE THAT THE BURDEN ON

4           DEFENDANTS IN DEFENDING THIS ACTION IS SEVERE

5           Mr. Dunning is an individual of modest means with a wife and children who are

6   dependant upon him.  Needless to say, Mr. Dunning's ability to defend himself against

7   criminal charges is paramount.  Any compromise of such ability would be devastating to

8   Mr. Dunning.  More specifically, proceeding with this case will force Mr. Dunning to choose

9   between defending himself in this action and preserving his fifth amendment rights as well as

10  having to fund two defenses at once.  In addition, proceeding with this case will unfairly allow

11  the federal government to monitor this proceeding for the purpose of obtaining incriminating

12  testimony through civil discovery undermining the fifth amendment and all concepts of

13  fundamental fairness.  By its own account the CHIP Unit of United States Attorney's Office is

14  working closely with eBay in connection with the prosecution of Defendants.  Such a close

15  working relationship by its very design has caused a collision of the fundamental rights

16  guaranteed to Mr. Dunning by the Constitution.  As detailed in the Motion, both the *Jones* and

17  *Continental Insurance* courts recognized this injustice and ordered the civil actions stayed

18  pending the conclusion of the parallel criminal proceedings.  eBay fails to substantively address

19  these cases in its Opposition.

20          The *Jones* and *Continental Insurance* courts' rationale was recently adopted and

21  affirmed in *Taylor, Bean & Whitaker*, *supra*, where a stay of civil proceedings pending parallel

22  criminal proceeding was ordered because "[t]he parallel civil proceeding *'might undermine the*

23  *party's Fifth Amendment privilege against self-incrimination, expand rights of criminal*

24  *discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expand the basis of*

25  *the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.'*"

26  *Id.* at 2, citing, *SEC v. Dresser*, *supra*, 628 F.2d at 1376.  There cannot be a more on point

27  justification for the stay requested by Defendants in this case.

28  / / /

8

382535v1 ts 11/6/09 26 (2785-0002)

1    As such, it cannot be reasonably disputed that proceeding with this action in

2  light of the parallel criminal proceedings would severely prejudice Mr. Dunning.  eBay's

3  purported concern regarding the collectability of any potential judgment rings hollow

4  considering eBay's overwhelming resources and wealth, particularly when held up against the

5  potentially devastating consequences of Mr. Dunning not being able to adequately and fully

6  defend himself against the criminal charges to be filed by the Government.

7  4.    EBAY DOES NOT EFFECTIVELY REFUTE THE CONVENIENCE OF THE

8         COURT AND INTEREST OF THE PUBLIC FACTORS OF THE *KEATING* TEST

9    eBay does not, because it cannot, explain how a stay of this case will have the

10  practical effect of inconveniencing the court.  Indeed, a stay of the action necessarily results in

11  the court not having to involve itself in the action until the stay is lifted.  Moreover, eBay does

12  not dispute that "[s]taying the case makes efficient use of judicial resource by insuring that

13  common issues of fact will be resolved and subsequent civil discovery will proceed

14  unobstructed by concerns regarding self incrimination."  *Jones, supra*, at 2 (internal citations

15  omitted).  eBay has no response to this powerful argument.

16    Furthermore, eBay has no retort to the established point that the interest of the

17  public favors a stay because "the public's interest in the integrity of the criminal case is entitled

18  to precedence over the civil litigant."  *Jones, supra*, at 2; *see also, Javier H. Garcia-Botello,*

19  *supra*, 218 F.R.D. at 75.  A stay of this action will particularly advance the public's interest in

20  the integrity of the criminal justice system since a stay will thwart the publically declared

21  arrangement between eBay and the U.S. Attorney's Office to work in tandem as against

22  Defendants.

23    In short, these factors weigh heavily in favor of a stay.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

9

382535v1 ts 11/6/09 26 (2785-0002)

5.     THE STATE COURT'S PREVIOUS DENIAL OF DEFENDANTS' MOTION TO STAY THE PREVIOUS STATE COURT ACTION TO WHICH EBAY WAS NOT A PARTY HAS NO BEARING ON THIS CASE

    eBay makes much of the fact that the state court previously denied a motion to stay action filed by Defendants in the state court action commenced by Commission Junction against Defendants to which eBay was not a party. This fact has no bearing on this proceeding for several reasons.

    First, the legal standard under state law for staying an action pending a criminal proceeding is much different than that under federal law. The *Keating* factors which all favor a stay in this case were not considered in the state court. Second, contrary to eBay's explanation of why the state court denied a stay, the state court ruled as it did because it saw no reason to stay the action "as long as the Defendant can assert his fifth amendment rights." (See Exhibit "E" to Bunzel Dec. at 6:150-18). This reasoning is inapposite to the standard applicable in this Court. Indeed, it is undisputed that the primary consideration under federal law as to the propriety of a stay is the extent to which the defendants' fifth amendment rights are implicated. In other words, the fact that a defendant can and will assert such rights in the context of the civil proceedings weighs in favor of a stay.

    In addition, the state court action did not involve eBay and there was no indication, as there is in this case, that the Plaintiff in that case and the government were acting in concert against the Defendants. The relationship between eBay and the U.S. Attorney's Office described in the Motion and above, is in and of itself a basis for the stay requested by Defendants in this case.

    In short, the state court's previous denial of Defendants' Motion to Stay the previous state court action (to which eBay was not a party) has not bearing on this case.

/ / /

/ / /

/ / /

/ / /

10

382535v1 ts 11/6/09 26 (2785-0002)

1  6.   UNDERLINE CONCLUSION

2       For all of the foregoing reasons, Defendants respectfully request that the Motion

3  be granted in its entirety and this action be stayed as to all Defendants pending the conclusion

4  of the criminal proceedings against Mr. Dunning.

5

6  DATED:  November 6, 2009                    Respectfully submitted,

7                                              RUS, MILIBAND & SMITH
                                               A Professional Corporation
8

9
                                               By: _____
10                                                  LEO J. PRESIADO
                                                    Attorneys for Defendants
11                                                  Thunderwood Holdings, Inc., Brian Dunning
                                                    and BrianDunning.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      11

REPLY TO OPPOSITION TO MOTION TO STAY
CIVIL ACTION - CASE NO. C 08-4052

## CERTIFICATE OF SERVICE

I, Rhonda Radford, declare as follows:

      I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 2211 Michelson Drive, Seventh Floor, Irvine, California 92612, in said County and State.  On November 6, 2009, the document(s) entitled:

**REPLY BY DEFENDANTS THUNDERWOOD HOLDINGS, INC., BRIAN DUNNING AND BRIANDUNNING.COM TO OPPOSITION TO MOTION TO STAY CIVIL ACTION PENDING CRIMINAL PROCEEDINGS**

was/were served as follows:

☑   **CM/ECF ELECTRONIC SERVICE:**  The following are registered as CM/ECF Users with the Court, and have consented to service through the Court's automatic transmission of a notice of electronic filing:

David R. Eberhart                           *Attorneys for Plaintiff eBay, Inc.*
Sharon M. Bunzel
Colleen M. Kennedy
O'Melveny & Myers
Two Embarcadero, 20th Floor
San Francisco, CA 94111
Tel: (949) 984-8700 / Fax: (949) 984-8701
Email: deberhart@omm.com,
sbunzel@omm.com

Stewart H. Foreman                       *Attorneys for Defendants Todd Dunning and*
Freeland, Cooper & Foreman, LLP      *Dunning Enterprises, Inc.*
150 Spear Street, Suite 1800
San Francisco, CA 94105
Tel: (949) 541-0200 / Fax: (949) 495-4332
Email: foreman@freelandlaw.com

Seyamack Kouretchian                  *Attorneys for Digital Point Solutions, Inc. and*
Ross M. Campbell                       *Shawn Hogan*
Coast Law Group. LLP
1140 S. Coast Hwy. 101
Encinitas, CA 92024
Tel: (760) 942-8505 / Fax: (760) 942-8515
Email: seyamack@coastlawgroup.com
        Rcampbell@coastlawgroup.com

Patrick K. McClellan                   *Attorney for Kessler's Flying Circus*
Law Offices of Patrick K. McClellan
2211 Michelson Drive, Suite 700
Irvine, California 92612
Tel: (949) 261-7615 / Fax: (949) 851-2772
Email: pkellymc@pacbell.net

      I am employed in the office of Rus, Miliband & Smith, APC, a member of the bar of this Court, and the foregoing document(s) was/were printed on recycled paper.

☑   **FEDERAL**   I declare under penalty of perjury that the foregoing is true and correct.

      Executed on November 6, 2009, at Irvine, California.

RHONDA RADFORD