Stewart H. Foreman (CSB #61149)
Daniel T. Bernhard (CSB #104229)
Cathleen S. Yonahara (CSB #203802)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 541-0200
Facsimile: (415) 495-4332
Email: foreman@freelandlaw.com
bernhard@freelandlaw.com
yonahara@freelandlaw.com

Attorneys for Defendants Todd Dunning
and Dunning Enterprise, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, AND DOES 1-20,<br><br>    Defendants. | CASE NO.: CV-08-4052 JF (PVT)<br><br>**DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS**<br><br>Date:    November 20, 2009<br>Time:    9:00 a.m.<br>Dept.:   Courtroom 3, 5th Floor<br>         Honorable Jeremy Fogel |

I. INTRODUCTION

The interests of justice and basic fairness require staying this civil action pending resolution of the criminal proceeding. If a stay is not granted, Todd Dunning will be faced with the impossible choice of preserving his Fifth Amendment right against self-incrimination or attempting defending himself in this action without even the benefit of defendants' own documents which have been retained by the FBI for over 2½ years. Plaintiff eBay, Inc. ("eBay") concedes that the ongoing criminal investigation is based on the same allegations in this civil case. Since the factual issues in this case overlap with the subject matter of the pending criminal investigation, Mr. Dunning's Fifth Amendment rights are directly implicated here. eBay primarily opposes this stay on the ground that a criminal indictment has not yet been issued. However, the evidence demonstrates that a criminal indictment against some or all defendants is imminent. eBay cannot and does not dispute that as recently as September 22, 2009, Assistant U.S. Attorney Kyle Waldinger of the United States Attorney's Office for the Northern District of California ("USAO") confirmed that the USAO plans to issue an indictment against the Defendants for alleged wire fraud through cookie stuffing by the early part of next year. Courts grant pre-indictment stays in cases such as this where the government is conducting parallel investigations based on the same allegations in the civil complaint particularly when the specific circumstances indicate that a stay is necessary for fairness and justice.

Defendants Todd Dunning and Dunning Enterprise, Inc. ("DEI") (collectively, "T.D. Defendants") would be extremely prejudiced if a stay is denied. The Federal Bureau of Investigation ("FBI") has essentially confiscated business records that presumably are critical to T.D. Defendants' defense. On June 18, 2007, the FBI seized all records from Brian Dunning's home apparently including all of Kessler's Flying Circus's ("KFC")[1] business records. The USAO has refused to provide copies of these documents to T.D. Defendants, and has not returned them to Brian Dunning. Due to the FBI's retention of all seized records, T.D. Defendants are left with virtually no documents

---

[1] KFC participated in eBay's affiliate marketing program. DEI was not involved in the operations of KFC or the affiliate marketing program, but it held an ownership interest as a general partner of KFC. Mr. Dunning and his wife are the only shareholders and officers of DEI, but because DEI was not involved in KFC's operations, Mrs. Todd Dunning was similarly not involved with KFC or the affiliate marketing program.

DEFENDANTS TODD DUNNING AND DEI'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY CIVIL ACTION – CASE NO. CV-08-4052 JF (PVT)

{00131111-1}

1

to use in their defense in this civil case. Moreover, Mr. Dunning cannot take the stand in defense of T.D. Defendants without waiving his Fifth Amendment rights. The Court should not provide eBay with the huge advantage in this civil case of permitting this action to proceed while T.D. Defendants are deprived of their ability to effectively defend themselves. Finally, all of the Keating factors weigh heavily in favor of granting the motion to stay.

II.   ARGUMENT

    A.   <u>The Implication of Mr. Dunning's Fifth Amendment Rights Warrants A Stay Of This Action Pending Completion Of The Criminal Proceeding</u>.

In deciding whether to stay a civil proceedings in the face of a parallel criminal proceeding, the first factor the courts consider is the extent to which the defendant's Fifth Amendment rights are implicated.[2] Both eBay and the USAO concede that the subject of the ongoing criminal investigation is directly predicated on the allegations in this civil case. In eBay's separate statement in the Joint Case Management Statement, eBay stated that Defendants' cookie stuffing schemes ended "when the FBI seized Defendants' computer equipment in June 2007 as part of an <u>investigation into whether the fraudulent activities alleged by eBay in this case constitute federal crimes</u>." (emphasis added).[3]

On September 22, 2009, Assistant U.S. Attorney Kyle Waldinger of the USAO confirmed that there was an ongoing federal investigation as to whether activities associated with eBay's affiliate marketing program constitute wire fraud under 18 U.S.C. § 1343 and the scope of the investigation relates to the "cookie stuffing" schemes alleged against Defendants in this case.[4] Since the civil case

---

[2] *See Continental Insurance Co. v. Cota*, No. 07-2052 SC, 2008 WL 4298372 (no LEXIS citation available) (N.D.Cal. Sept. 18, 2008) (J. Conti presiding) (staying civil action because "[i]t is undisputed that all of the civil actions and the criminal action spring from the same nucleus of facts . . .", and "[i]t is difficult to imagine how adjudication of this issue would not implicate many of the factual issues underlying the criminal action. Accordingly, discovery propounded on [defendant] in the underlying civil action will likely implicate his fifth amendment right."); in *Jones v. Conte*, No. C 04-5312 SI, 2005 WL 1287017, 2005 U.S. Dist. LEXIS 46962, at *4 (N.D.Cal. Apr. 19, 2005, J. Illston presiding) (staying the civil proceeding because "[i]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the criminal case.") The above cases are attached as Exhibits A and B to T.D. Defendants' Memorandum of Points and Authorities in Support of Motion to Stay Civil Action (Doc. Nos. 135-1 and 135-2).

[3] *See* Declaration of Ross M. Campbell filed on October 16, 2009 ("Campbell Decl."), Exh. 1, p.4:13-16 (Doc. No. 140-1).

[4] *See* Declaration of Cathleen S. Yonahara filed herewith ("Yonahara Decl."), Exh. A.

2

and criminal investigation are based on the same legal and factual issues, it is undisputed that Mr. Dunning's Fifth Amendment rights are implicated. This factor weighs heavily in favor of a stay.

eBay seeks to avoid a stay on the ground that no criminal indictment has been issued against Defendants. Relying on *In re Homestore.com, Inc. Sec. Litig.,* 347 F.Supp.2d 814, 920 (C.D. Cal. 2004), eBay argues that the possibility of indictment is insufficient grounds to stay civil proceedings. In that case, third party witnesses had invoked their Fifth Amendment rights because of a pending regulatory investigation, but *the defendant requesting the stay had not invoked his Fifth Amendment right.* In contrast, here, all of the individual Defendants requesting a stay, including Mr. Dunning, have invoked their Fifth Amendment rights because they are the objects of the federal criminal investigation. Furthermore, in eBay's cited case, there was no evidence of any timeline for the government's investigation or indictment of the defendant requesting the stay. In this case, Defendants have submitted evidence demonstrating that the government investigation is active and ongoing, and Mr. Waldinger himself has provided a timeline for the government's indictment of Defendants.

On September 22, 2009, Assistant U.S. Attorney Kyle Waldinger confirmed that the USAO plans to issue an indictment against Defendants for alleged wire fraud and cookie stuffing by the early part of next year. (*See* Yonahara Decl., Exh. A.) eBay does not deny that Assistant U.S. Attorney Waldinger made that representation. Indeed, eBay concedes that "[t]he decision to seek an indictment is within the discretion of the U.S. Attorney's Office." (*See* Opposition Brief, p.8:2-3.) Nevertheless, eBay obscures the issue by quoting outdated statements by defense counsel at a time when they were unaware of when any indictments might issue. However, those statements were made <u>over a year ago</u> at a hearing in a state court action[5] and almost <u>three months ago</u> at the Case Management Conference. (*See* Opposition Brief, pp. 9-10). Subsequently, in September 2009, Assistant U.S. Attorney Kyle Waldinger confirmed that USAO intends to issue an indictment in the next few months. Therefore, the statements cited by eBay, while true at the time, have now been superseded by more up-to-date information.

---

[5] *Commission Junction, Inc. v. Thunderwood Holdings, Inc.,* Superior Court, Orange County, Case No. 30-2008 00101025 ("CJ State Action").

3

Defendants' briefs cite case law directly supporting pre-indictment stays of civil proceedings.[6] eBay attempts to distinguish those cases on the grounds that in most of those cases, the government was a real party in interest in both the civil action and criminal investigation, "thus increasing the possibility that the civil discovery process would be misused by the government to build a criminal case with evidence that might not otherwise be available to the government through criminal discovery." (*See* eBay's Opposition Brief, p.5:19-23.) However, that exact same concern applies here.

In this case, the criminal investigation is premised on eBay's allegations in the civil case. Specifically, eBay concedes that the government is investigating "whether the fraudulent activities alleged by eBay in this case constitute federal crimes." (*See* Campbell Decl., Exh. 1, p.4:13-16 (Doc. No. 140-1).) Assistant U.S. Attorney Kyle Waldinger confirmed that the ongoing federal investigation concerned whether activities associated with eBay's affiliate marketing program constitute wire fraud under 18 U.S.C. § 1343 and the scope of the investigation relates to the "cookie stuffing" schemes alleged against Defendants in this case. (*See* Yonahara Decl., Exh. A.) Further, the Computer Hacking and Intellectual Property Unit ("CHIP Unit") of the USAO, which Assistant U.S. Attorney Kyle Waldinger leads, is specifically charged with coordinating law enforcement and the technology industry to prevent alleged cybercrime.[7] Given that the criminal investigation is directly predicated on the same legal and factual issues as the civil case, there is a serious risk that the government would use the civil discovery obtained by eBay to circumvent the limits of criminal discovery beyond what is permitted under the Federal Rules of Criminal Procedure. Obviously, eBay and the USAO are cooperating in these matters, so eBay may act as the government's surrogate in obtaining civil discovery.

eBay urges this Court to follow the example of the Orange County Superior Court in denying defendants' motion to stay the civil proceeding in the CJ State Action in order to expeditiously resolve

---

[6] *See e.g.,* Defendants Digital Point Solutions, Inc. and Shawn Hogan's Memorandum of Points and Authorities in Support of Motion for Stay of Proceedings (Doc. No. 140), pp. 8-9.

[7] *See* Declaration of William J. Kopeny in Support of Defendants Thunderwood Holdings, Inc, Brian Dunning and BrianDunning.com's Motion to Stay Civil Action, ¶¶ 3, 8, Exh. 5 (Doc. No. 133).

4

DEFENDANTS TODD DUNNING AND DEI'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO STAY CIVIL ACTION – CASE NO. CV-08-4052 JF (PVT)
{00131111-1}

that case. A state court's ruling to deny defendants a stay in another case is irrelevant to this case. If this Court nevertheless considers that ruling, the inherent injustice of that decision is evident. By denying defendants' motion to stay the CJ State Action, T.D. Defendants were forced to settle that case because they could not present any defense, other than cross-examining plaintiff's witnesses. T.D. Defendants were deprived of any documents to use in their defense because the FBI had seized all the relevant documents and refused to provide copies for use in the defense of the CJ State Action. Furthermore, plaintiff Commission Junction Inc. identified 46 witnesses to testify in its favor, excluding Todd and Brian Dunning. (*See* Yonahara Decl., Exh. B.) On the other hand, T.D. Defendants did not have a single witness to present! The individual Defendants were the only potential witnesses for T.D. Defendants, but each of them needed to assert their Fifth Amendment right against self-incrimination.

The same situation would apply here as the FBI has not yet returned the seized documents, and the individual Defendants continue to assert their Fifth Amendment rights in light of the ongoing criminal investigation. eBay does not address the substantial unfairness and prejudice that T.D. Defendants will suffer in having to defend this action without the use of any of KFC business records, which apparently remain in the hands of the FBI. How can T.D. Defendants defend themselves without any relevant documents or witnesses who can provide the basis of a defense? Obviously eBay, like any plaintiff, would prefer to go to trial against a defendant that cannot present its defense. However, it is the Court's responsibility to assure fairness and justice in this case. The prejudice suffered by T.D. Defendants if a stay is denied could not be more severe.

The interests of justice require that this proceeding is stayed with respect to both T.D. Defendants, i.e., Mr. Todd Dunning and the corporate entity DEI. As discussed in T.D. Defendants' opening brief, courts grant stays as to an entity defendant if the Fifth Amendment rights of the directors or officers who may speak on behalf of the entity defendant are implicated. The courts reason that in such a situation, the entity defendant will be greatly prejudiced in its ability to meaningfully defend itself in the civil matter if the authorized representatives cannot testify on behalf of the entity. That is precisely the situation here. Mr. Dunning has invoked his Fifth Amendment rights, and he is the only person that can speak on behalf of DEI regarding its ownership interest in

5

DEFENDANTS TODD DUNNING AND DEI'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY CIVIL ACTION – CASE NO. CV-08-4052 JF (PVT)

{00131111-1}

1 Kessler's Flying Circus, which was a participant in eBay's affiliate marketing program. Accordingly,
2 DEI will be greatly prejudiced in its ability to defend itself in this case.

### B. No Prejudice Will Befall eBay

eBay presents a specter of horrors that may befall it if this action is delayed, but eBay has failed to offer any *facts* to support these claims. For example, eBay claims that a stay "could" prevent eBay from discovering witnesses, and third parties "may" fail to preserve evidence. (*See* Opposition Brief, p.12:16-17, 25-26.) There is no evidence offered to substantiate such speculation. Indeed, a reasonable inference is that the key third party, Commission Junction, Inc., will cooperate with eBay in this case as eBay had a contractual relationship Commission Junction, Inc., which administered the Affiliate Marketing Program.[8] Furthermore, at least five current or former employees of eBay were identified on Commission Junction's witness list in the CJ Action so it appears that the two companies are cooperating with each other. (*See* Yonahara Decl., Exh. B.) eBay's employees and consultants will remain available to eBay. There is no indication of any other relevant witnesses who may not be available in the future. Finally, since the USAO retains the documents seized from Brian Dunning, those documents will certainly be preserved for this case.

The CJ Action involved the same underlying factual allegations and will likely involve many of the same witnesses. eBay has received a copy of Commission Junction, Inc.'s files, which includes its extensive witness list identifying 48 witnesses, including at least 23 current or former employees of Commission Junction, Inc. (*See* Yonahara Decl., Exh. B.) There are no facts presented by eBay demonstrating that it will be unable to obtain discovery from Commission Junction's witnesses on a cooperative basis and/or by subpoena after a stay of this action is lifted.

eBay argues that a stay would prevent eBay from obtaining information from Defendants. Yet, eBay will not obtain information from the Defendants as long as their Fifth Amendment privileges remain intact. Even if this case proceeds, discovery will be extremely complicated as the Defendants, and likely the Court, will need to evaluate whether each discovery activity implicates the Defendants' Fifth Amendment rights. Once the criminal matter is resolved one way or the other, the

---

[8] *See* Declaration of Todd Dunning in Support of Motion to Stay Civil Proceeding (Doc. No. 136) ("Dunning Decl."), Exh. A (Second Amended Complaint), ¶ 20.

6

DEFENDANTS TODD DUNNING AND DEI'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY CIVIL ACTION – CASE NO. CV-08-4052 JF (PVT)

{00131111-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

T.D. Defendants' Fifth Amendment privilege will probably no longer be an issue.

There is simply no evidence that eBay will suffer any prejudice resulting from a stay. It is undisputed that no threat of continuing harm exists. KFC is no longer in business, and eBay alleges that the cookie stuffing schemes ceased in June 2007. (*See* Dunning Decl., Exh. A (Second Amended Complaint), ¶¶ 48, 57.) Although eBay alleges that it conducted detailed investigations in June 2007 and was aware of the alleged cookie stuffing scheme by that time, eBay did not pursue this civil action until over a year later. (*See id.* at ¶¶ 52-57.) eBay's long delay in pursuing this lawsuit undermines its claim that further delay would be prejudicial. The possible prejudice that eBay *might* suffer as a result of delay does not outweigh the cardinal consideration of protecting the individual Defendants' constitutional rights when it is apparent that these defendants will suffer extreme prejudice without a stay.

### C. The Convenience of The Court Weighs In Favor of a Stay.

"Staying the case makes efficient use of judicial resource by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self incrimination." *Jones v. Conte*, No. C 04-5312 SI, 2005 WL 1287017, 2005 U.S. Dist. LEXIS 46962, at *5 (N.D.Cal. Apr. 19, 2005) (J. Illston presiding) (internal citation omitted). Since the legal and factual issues in the civil case and criminal investigation significantly overlap, the resolution of the criminal proceedings would likely ease the development and presentation of the issues for trial in the civil action. Thus, the issuance of a stay will promote judicial economy.

Contrary to eBay's argument, *not* granting a stay would impose an undue burden on the Court's docket. If this action proceeds, the individual Defendants will be forced to continue to assert their Fifth Amendment rights. That invocation will necessitate otherwise unnecessary discovery disputes, and much law and motion practice. eBay has three motions pending already based on its initial discovery requests, all of which arise because of assertions of the Fifth Amendment privilege. In the absence of a stay, the scope and applicability of the Fifth Amendment privilege will continue to be an issue. "[T]he court will be forced to make numerous individual rulings on what will likely be a long series of Fifth Amendment assertions. Convenience of the court will militate in favor of a stay where the outcome of a criminal case can be expected to remove the predicate for the assertions of the Fifth

7

1  Amendment rights against self incrimination by potential deponents and lighten the work load of a
2  court to review those assertions." *United States v. All Meat & Poultry Products Stored at LaGrou*
3  *Cold Storage*, 2003 U.S. Dist. LEXIS 17677 (N.D. Ill. 2003). In this case, judicial economy would be
4  better served by staying the civil proceeding.

5        D.    <u>Interests of the Public Favors a Stay.</u>

6  The parties agree that third-party interests will not be affected by a stay. (*See* Opposition
7  Brief, p.22, n. 11.) The interests of the public are advanced by a stay. eBay does not dispute that
8  there is no danger of any ongoing harm to the public if a stay is granted. Its only argument is that
9  according to a Kansas District Court, the public has an interest in rooting out fraud and ensuring
10 aggrieved parties are made whole. That argument fails here. First, the ongoing criminal investigation
11 will uncover any alleged fraud, and making an individual party, such as eBay, whole is a private
12 interest. Second, this Court has held that "the public's interest in the integrity of the criminal case is
13 entitled to precedence over the civil litigant." *Jones v. Conte*, No. C 04-5312 SI, 2005 WL 1287017,
14 2005 U.S. Dist. LEXIS 46962, at *5 (N.D.Cal. Apr. 19, 2005) (internal citation omitted).
15 Accordingly, the interests of this pubic weigh in favor of granting the stay.

16 III.    CONCLUSION

17 For all of the foregoing reasons, T.D. Defendants respectfully request that the Motion be
18 granted in its entirety and this action be stayed as to all Defendants pending the conclusion of the
19 criminal investigation involving Todd Dunning. The Court should schedule a status conference in six
20 months to evaluate the progress of the criminal matter.

21 Dated: November 6, 2009              FREELAND COOPER & FOREMAN LLP

23 By: /s/
24       CATHLEEN S. YONAHARA
      Attorneys for Defendants Todd Dunning and
25       Dunning Enterprise, Inc.

8

DEFENDANTS TODD DUNNING AND DEI'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO STAY CIVIL ACTION – CASE NO. CV-08-4052 JF (PVT)
{00131111-1}