1 | DAVID R. EBERHART (S.B. #195474)
  | deberhart@omm.com
2 | SHARON M. BUNZEL (S.B. #181609)
  | sbunzel@omm.com
3 | COLLEEN M. KENNEDY (S.B. #227107)
  | ckennedy@omm.com
4 | O'MELVENY & MYERS LLP
  | Two Embarcadero Center, 28th Floor
5 | San Francisco, CA 94111
  | Telephone: (415) 984-8700
6 | Facsimile: (415) 984-8701

7 | Attorneys for Plaintiff eBay Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC., | Case No. C 08-04052 JF PVT |
| Plaintiff, | **PLAINTIFF EBAY INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE THE ANSWER OF DEFENDANTS THUNDERWOOD HOLDINGS, INC., BRIANDUNNING.COM AND KESSLER'S FLYING CIRCUS** |
| v. | |
| DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, | |
| | Hearing Date: November 20, 2009 |
| | Time: 9:00 a.m. |
| | Judge: Hon. Jeremy Fogel |
| Defendants. | |

## I. INTRODUCTION

The opposition filed by Defendants Thunderwood Holdings, Inc. ("THI"), Kessler's Flying Circus ("KFC") and BrianDunning.com (herein, the "BD Entities") to eBay's motion to strike provides no justification for the BD Entities' improper assertion of the Fifth Amendment privilege in their answer to eBay's Second Amended Complaint ("SAC"). The BD Entities fail to cite even a single case that permits a collective entity to assert the Fifth Amendment in an answer to a complaint, nor do they address much of the controlling authority cited by eBay in its motion. The BD Entities instead 1) reargue their motion to stay and 2) ask the Court to rely on cases that are inapplicable to the issues raised by eBay's motion. Because the BD Entities cannot take advantage of the individual defendants' Fifth Amendment privilege to refuse to provide responses to eBay's SAC, the BD Entities' answer should be stricken.

## II. ARGUMENT

### A. The BD Entities Fail To Justify Their Improper Assertion Of The Fifth Amendment

The BD Entities do not contest that the improper invocation of the Fifth Amendment is a basis for striking an answer. Rather, they claim that their invocation of the Fifth Amendment in their answer to eBay's SAC was justified because they cannot admit or deny the allegations of the SAC without implicating the Fifth Amendment privilege against self-incrimination held by Brian and Todd Dunning. The BD Entities' argument ignores the controlling authority set forth in eBay's motion.

The law is clear that the Fifth Amendment privilege against self-incrimination does not extend to collective entities, even where the collective entity is a purported "one-person" entity. *See* eBay's Motion to Strike ("eBay Strike Mot.") at 3; *Bellis v. United States*, 417 U.S. 85, 100 (1974) (holding that regardless of size, the Fifth Amendment privilege against self-incrimination does not extend to collective entities). Indeed, THI and BrianDunning.com have acknowledged in their motion to stay that "a business entity has no Fifth Amendment privilege against self-incrimination." Motion to Stay of

Defendants Brian Dunning, THI and BrianDunning.com (Docket No. 133) at 14.

Having no Fifth Amendment privilege of their own, the BD Entities argue that Brian Dunning's invocation of his Fifth Amendment privilege "extends to" the BD Entities because Brian Dunning (along with his brother Todd Dunning, who, through Dunning Enterprise, Inc. ("DEI"), is also a representative of KFC) "is the only person who can respond on their behalf." Opposition of Defendants THI, KFC and BrianDunning.com to eBay's Motion to Strike ("BD Strike Opp.") at 3. Yet the BD Entities do not (and cannot) cite a single case that permits a collective entity to rely on an individual's Fifth Amendment privilege in a responsive pleading—even where that individual is the entity's sole representative. The BD Entities' argument instead rests entirely on generic Fifth Amendment cases discussing the circumstances under which *an individual* may assert the Fifth Amendment, *see* BD Strike Opp. at 3, 11 (citing cases that contain no discussion of whether collective entities may properly invoke an individual's Fifth Amendment privilege in an answer), and on their misplaced effort to distinguish cases regarding discovery issues not relevant to this motion. *See id.* at 12-13.[1]

As a result, the BD Entities largely ignore the authority cited in eBay's motion to strike, which clearly establishes that a collective entity—regardless of its size and regardless of whether the only knowledgeable individual has invoked the Fifth Amendment privilege—must answer a complaint and, if necessary, appoint an agent to do so. *See* eBay Strike Mot. at 3-4.

The only case cited in support of eBay's motion to strike that the BD Entities

---

[1] The following cases that the BD Entities attempt to "distinguish" in their opposition to eBay's motion to strike were not cited by eBay in its motion to strike at all: *Navel Orange Admin. Comm. v. Exeter Orange Co.*, 722 F.2d 449 (9th Cir. 1983); *United States v. 3963 Bottles, More or Less*, 265 F.2d 332 (7th Cir. 1959); *Priebe v. World Ventures, Inc.*, 407 F. Supp. 1244 (C.D. Cal. 1976); and *Central States v. Carstensen Freight Lines, Inc.*, No. 96 C 6252, 1998 WL 413490 (N.D. Ill. July 17, 1998). These cases were cited by eBay only in its motion to compel (pending before Magistrate Judge Trumbull and set to be heard on November 13, 2009) in support of the argument that the BD Entities improperly refused to respond to discovery based on Brian and Todd Dunning's Fifth Amendment privileges. eBay's discovery motion raises legal issues distinct from those raised by this motion to strike, and the BD Entities' focus on these cases is somewhat inexplicable. In the interest of conserving judicial resources eBay will not address the BD Entities' wrongheaded discussion of case law relevant only to issues before a different court.

1 actually address is *SEC v. Leach*, 156 F. Supp. 2d 491 (E.D. Pa. 2001), the holding of
2 which the BD Entities mischaracterize as being made "in passing" and as constituting
3 "unpersuasive dicta." *See* BD Strike Opp. at 14. In reality, the court in *Leach* directly
4 confronted the issue of "whether it should excuse [the collective entity] from answering
5 the Complaint on the ground that the only individual with the knowledge required to
6 answer the Complaint . . . has invoked his Fifth Amendment privilege." 156 F. Supp. 2d
7 at 494. The *Leach* court unequivocally rejected this position, stating that the entity was
8 required to appoint an agent to answer the complaint who could do so without fear of self-
9 incrimination—which could include "the corporation's attorney." *Id.* at 498.

10 Moreover, the BD Entities entirely fail to address *City of Chicago v. Reliable Truck
11 Parts Co.*, No. 88 C 1458, 1989 WL 32923 (N.D. Ill. Mar. 31, 1989), which also held that,
12 if necessary, a collective entity must appoint an agent—who "need not have 'first-hand
13 personal knowledge' of the facts reflected in the answers"—to satisfy its pleading
14 obligations. *Id.* at *3. Because appointed agents can be educated in order to answer a
15 complaint, it is irrelevant that the BD Entities "had no attorney representation prior to . . .
16 June 2007" and that their current attorneys have "no knowledge of the information sought
17 by eBay other than what has been told to them by Mr. Dunning." *See* BD Strike Opp. at
18 13; *Reliable Truck Parts Co.*, 1989 WL 32923, at *3 (an appointed agent can be educated
19 by gathering information from books, records, other officers or employees, or other
20 sources).

21 For this reason, it is simply not true that any responses to the SAC on behalf of the
22 BD Entities "would necessarily implicate Mr. Dunning since he is the sole owner and
23 representative of those entities." *See* BD Strike Opp. at 3. The act of appointing an agent
24 is not incriminating to Brian Dunning for Fifth Amendment purposes: "In fifth
25 amendment terms, the act of having to appoint an agent, while compelled, is not
26 testimonial and therefore does not implicate the fifth amendment." *See In re Grand Jury
27 No. 86-3 (Will Roberts Corporation)*, 816 F.2d 569, 574 (11th Cir. 1987), *abrogated on
28 other grounds by Braswell v. United States*, 487 U.S. 99, 102 (1988).

The BD Entities' argument that they could not possibly appoint an agent to respond to eBay's SAC without compromising Brian and Todd Dunning's Fifth Amendment rights is also fatally undermined by two significant facts. First, DEI—the other of the two general partners of KFC, whose purported "sole representative" is Todd Dunning—has provided an answer to the SAC that does not assert any Fifth Amendment privilege. *See* Declaration of Colleen M. Kennedy in Support of eBay's Motion to Strike, previously filed on September 25, 2009, Ex. 4. Like Brian Dunning, Todd Dunning has asserted the Fifth Amendment in his answer to the SAC. That DEI can answer the SAC without abrogating Todd Dunning's Fifth Amendment rights shows that the BD Entities can do the same without abrogating the same rights of either Todd or Brian Dunning.

Second, KFC— of which the purported "sole representatives" are Brian and Todd Dunning—has provided substantive responses to eBay's Requests for Admissions, denying some 25 requests. *See* Declaration of Jean B. Niehaus in Support of eBay's Reply in Support of Motion to Strike, Ex. 1. These responses—which addressed matters occurring as early as 2003, *see id.*, Ex. 1 at 5—were signed by KFC's counsel, belying the BD Entities' claim that their current attorneys cannot be educated on pre-June 2007 events. *See* BD Strike Opp. at 13-14. KFC's counsel is surely equally capable of signing an answer on KFC's behalf, as is any other person who may be educated on the matters necessary to respond to the SAC. Given these facts, the BD Entities cannot maintain that they are unable to appoint one or more agents to answer eBay's SAC; in fact, they are required to do so.

**B.  This Motion Should Not Be Deferred Pending Resolution Of Defendants' Motion To Stay**

The BD Entities devote seven of the thirteen pages of their opposition to facts and argument relevant not to this motion to strike, but to their motion to stay currently pending before this Court. The BD Entities ask this Court to defer hearing eBay's motion to strike until after it rules on the motion to stay, suggesting that a stay would moot or otherwise decide the issues raised by this motion to strike. BD Strike Opp. at 7-10. But the BD

1  Entities fail to provide any basis to conclude that eBay's motion to strike is in any way
2  dependent on the outcome of their motion to stay, much less that eBay's motion to strike
3  would be mooted by the pending stay motion.
4      As an initial matter, eBay has demonstrated that a stay is not warranted in this
5  action: because no indictments have issued and the timing of any potential future
6  indictments cannot be predicted, all of the relevant factors weigh against the issuance of a
7  stay. *See generally* eBay's Opposition to Defendants' Motions to Stay, filed October 30,
8  2009 (Docket No. 151).
9      Regardless of the outcome of the motion to stay, however, the Court's ruling
10 should have no bearing on eBay's motion to strike, for several reasons.  First, the Court's
11 inquiry on a motion to stay is fundamentally different from that posed by the present
12 motion: a stay motion asks the Court to evaluate a number of factors, including the
13 prejudice to the parties, whether the discovery process will be abused and the efficient use
14 of judicial resources, while this motion simply asks whether the BD Entities improperly
15 invoked the Fifth Amendment to avoid answering the SAC.  Second, at least one court has
16 held that the lack of an answer on file hinders the court's ability to decide a motion to
17 stay.  *See State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. Civ. A. 01-5530, 2002
18 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002) ("The absence of an indictment coupled
19 with the fact that this Court does not have an answer before it, impedes the Court's ability
20 to discern the extent to which the legal and factual issues in the instant case are related to
21 those under investigation.").
22     Finally, even if this action were ultimately to be stayed in some form after an
23 indictment issues and if the relevant factors then weigh in favor of a stay, the BD Entities
24 should be required to file a proper answer now.  This case will ultimately proceed against
25 the BD Entities, and an answer must be in place in any event.  There is no justification for
26 suspending eBay's right to obtain the BD Entities' response to the allegations of the SAC.
27 eBay's motion to strike was filed several weeks before the BD Entities' motion to stay,
28 and should be resolved independently of that motion.

### III. CONCLUSION

The BD Entities have failed to justify their improper assertions of the Fifth Amendment in their answer to eBay's SAC, and eBay's motion to strike should therefore be granted.

DATED: November 6, 2009

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP

By: /s/ David R. Eberhart
         DAVID R. EBERHART

Attorneys for Plaintiff eBAY INC.