UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC.,           ) | Case No.: C 08-04052 JF (PVT) |
|           ) | |
|       Plaintiff,    ) | **ORDER GRANTING IN PART AND** |
|           ) | **DEFERRING RULING IN PART ON** |
|    v.        ) | **PLAINTIFF EBAY, INC.'S TWO** |
|           ) | **MOTIONS TO COMPEL** |
| DIGITAL POINT SOLUTIONS, ET AL., ) | |
|           ) | |
|       Defendants.    ) | **[Docket No. 123, 128]** |
| _____) | |

Plaintiff eBay, Inc. moves to compel responses to requests for production, interrogatories and requests for admission from defendants Kessler's Flying Circus, Thunderwood Holdings, Inc., BrianDunning.com, Brian Dunning, Todd Dunning and Dunning Enterprise, Inc. Defendants Brian Dunning, BrianDunning.com, Thunderwood Holdings, Inc. and Kessler's Flying Circus oppose the motion. Separately, defendants Todd Dunning and Dunning Enterprise, Inc. oppose the motion. Additionally, plaintiff eBay moves to compel responses to requests for production, interrogatories and requests for admission from defendants Digital Point Solutions, Inc. and Shawn Hogan. Defendants Digital Point Solutions, Inc. and Shawn Hogan oppose the motion. On November 13, 2009, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

ORDER, *page 1*

1    IT IS HEREBY ORDERED that a ruling on plaintiff eBay's motion to compel responses

2    to requests for production, interrogatories and requests for admission from defendants Kessler's

3    Flying Circus, Thunderwood Holdings, Inc., Brian Dunning.com and Brian Dunning is deferred

4    for the reasons set forth below.[1]

5    In the second amended complaint, plaintiff eBay alleges that defendants Kessler's Flying

6    Circus and Digital Point Solutions, Inc. engaged in a massive "cookie stuffing" operation using

7    software programs and/or code which caused users to be redirected to the eBay website even

8    though the user had not clicked on an eBay advertisement on a third party "affiliate" site.

9    Pursuant to Advertiser Service Agreements administered by the third party Commission

10   Junction, as a general matter, "affiliates" are compensated when revenue generating actions

11   occur on eBay's website within a specific timeframe.  However, plaintiff eBay alleges that the

12   fraudulent "cookie stuffing" operation caused, *inter alia*, unauthorized access to eBay's

13   computers, corruption of eBay's data and alleged overpayments of commissions to defendants to

14   which they were not otherwise entitled.

15   Defendants Brain Dunning and Todd Dunning are brothers.  Defendant Brian Dunning is

16   the founder and sole shareholder of the corporation known as Thunderwood Holdings, Inc.

17   Defendant Todd Dunning is an owner and shareholder in the corporation known as Dunning

18   Enterprise, Inc.  The two corporations, Thunderwood Holdings, Inc. and Dunning Enterprise,

19   Inc., did business together as Kessler's Flying Circus.  Until June 2007, it was in the business of

20   implementing Internet marketing programs on behalf of Internet merchants such as eBay.

21   Kessler's Flying Circus was operated out of Brian Dunning's home located at 15 High Bluff in

22   Laguna Niguel, California. ("Dunning residence").

23   Pursuant to a search warrant executed at the Dunning residence on June 18, 2007, federal

24   agents seized computers, computer media and documents.  Federal agents also questioned at

25   length and in person both Brian Dunning and Todd Dunning.  Assistant U.S. Attorney Kyle

26   Waldinger of the Computer Hacking and Intellectual Property Unit at the U.S. Attorney's Office

27

28   [1]    The holdings of this court are limited to the facts and particular circumstances underlying the present motions.

in the Northern District of California has confirmed to defendants Brian Dunning and Todd

Dunning that they are subjects of an ongoing criminal investigation related to allegations of

"cookie stuffing" conducted by Kessler's Flying Circus.  Declaration of Stewart H. Foreman in

opposition to plaintiff's motion to compel responses to requests for production, interrogatories

and request for admissions, ¶ 4, Exh. 2 and ¶ 6, Exh. 4.  ("Foreman Decl.").  As a result,

defendants Brian Dunning and Todd Dunning, have been advised to, and have invoked their

Fifth Amendment rights against self-incrimination.  Declaration of William J. Kopeny, ¶ 10.

("Kopeny Decl.").

Additionally, defendants have moved to stay the above-captioned action pending

resolution of the criminal proceedings.  That motion is scheduled to be heard by the district court

on November 20, 2009.  A further case management conference is scheduled to be held on

January 15, 2010.

By its motion to compel, plaintiff eBay seeks certain discovery from the corporate

defendants.  The parties do not dispute that the individual defendants may invoke their Fifth

Amendment rights against self-incrimination.  However, the parties dispute whether the

corporate defendants may be compelled to further respond to discovery.

A collective entity such as a partnership or corporation may not claim the privilege.

*Braswell v. U.S.,* 487 U.S. 99, 104, 108 S.Ct. 2284, 2288 (1988).  *See also, Central States,*

*Southeast and Southwest Areas Pension Fund v. Carstensen Freight Lines, Inc.,* 1998 WL

413490 (N.D. Ill.)("It is well established that corporations are not protected by the Fifth

Amendment.").  In addition, a person called upon to appear in a representative capacity for a

collective entity is not a person and may not invoke the privilege.  *Id.*  "[A] corporation has no

right to refuse to submit its books and records in a civil proceeding . . . . However, the act of

verifying interrogatories on behalf of companies is testimonial in nature and raises Fifth

Amendment concerns."  *Central States, Southeast and Southwest Areas Pension Fund v.*

*Carstensen Freight Lines, Inc.,* 1998 WL 413490 *3-4.

The corporation is obliged to "'appoint an agent who could without fear of recrimination,

furnish such requested information as was available to the corporation.'"  *U.S. v. Kordel,* 397

U.S. 1, 9, 90 S.Ct 763, 768 (1970).  In the event, "where no one can answer the interrogatories addressed to the corporation without subjecting himself to a 'real and appreciable' risk of self-incrimination, . . . the appropriate remedy would be a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action."  *Id.*  The U.S. Supreme Court has noted that such a case is a "troublesome question."  *Id.*

Here, the court finds that defendant Brian Dunning is the only person who can respond to discovery propounded on Thunderwood Holdings, Inc., Brian Dunning.com and effectively, Kessler's Flying Circus.  Declaration of Brian Dunning, ¶ 2.  He is the founder and sole shareholder in the corporation Thunderwood Holdings, Inc.  *Id.*  BrainDunning.com is not a corporation but rather the name under which business has been conducted.  *Id.*  Defendant Todd Dunning states that his corporation Dunning Enterprise, Inc. only held an ownership interest in Kessler's Flying Circus and was not involved in its business operations.  Foreman Decl., ¶ 5, Exh. 3.

Plaintiff eBay makes the point that the act of producing documents is distinguishable from responding to interrogatories and requests for admissions.  *See, e.g., U.S. v. Doe,* 465 U.S. 605, 610, 104 S.Ct. 1237, 1241 (1984)("where the preparation of business records is voluntary, no compulsion is present.").  However, defendant Brian Dunning insists there are no other individuals or potential representatives to act on behalf of the corporation.  In addition, "engaging in that process piecemeal would not appear to advance the litigation in any significant manner."  *See, e.g., Medina v. Argent Mortgage Co., et al.,* 2006 WL 1305230 *2 (N.D. Cal.).  Accordingly, the court finds it appropriate to defer ruling on plaintiff eBay's motion to compel further discovery from Kessler's Flying Circus, Thunderwood Holdings, Inc. and Brian Dunning.com.  Not less than ten days before the next scheduled case management conference, the aforementioned defendants shall advise the court regarding the status of the criminal proceedings.

IT IS FURTHER ORDERED that plaintiff eBay's motion to compel further discovery from Dunning Enterprise, Inc. is granted.  Unlike the other corporate defendants, Todd Dunning and his wife are shareholders in Dunning Enterprise, Inc.  And Mr. Dunning's wife is the

secretary of the corporation.  As a result, Mr. Dunning's wife has been able to respond to

discovery propounded on the corporation.  To the extent that documents have never been

produced to federal agents (preceding and/or following Mr. Dunning's June 18, 2007 interview

with federal agents), either Todd Dunning or his wife may serve a declaration stating such facts.

IT IS FURTHER ORDERED that defendants Todd Dunning and Dunning Enterprise,

Inc.'s request for attorneys' fees totaling $7,093.50 is denied.  Pursuant to Civ. L.R. 7-8(a), any

motion for sanctions must be separately filed.

IT IS FURTHER ORDERED that a ruling on plaintiff eBay's motion to compel

responses to requests for production, interrogatories and requests for admission from defendants

Digital Point Solutions, Inc. and Shawn Hogan is deferred for the same reasons discussed above

(for defendants Thunderwood Holdings, Inc., BrianDunning.com and Kessler's Flying Circus).

Defendant Shawn Hogan is the sole officer, sole shareholder and sole director for the

corporation known as Digital Point Solutions, Inc.  Declaration of Shawn Hogan in support of

opposition to plaintiff's motion to compel, ¶ 2.  Like the Dunning brothers, he too, has been

advised by the U.S. Attorney's Office in the Northern District of California that he is the subject

of an ongoing criminal investigation involving the same allegations as those made in the

operative  complaint in the above-captioned civil action.  Declaration of Seyamack Kouretchian

in support of opposition of defendants Digital Point Solutions, Inc. and Shawn Hogan to

plaintiff's motion to compel, ¶ 2.  ("Kouretchian Decl.").  Indeed, defendant Hogan has been

advised that an indictment is expected sometime early next year.  *Id.*  As a result, and in response

to various discovery propounded upon him individually, defendant Hogan has invoked the Fifth

Amendment right against self-incrimination.

Defendant Hogan is the only person most knowledgeable about the business operations

of Digital Point Solutions, Inc.  There does not appear to be any other corporate personnel who

could be designated to otherwise respond to discovery.  Although a "corporate defendant cannot

invoke the protections of the fifth amendment," as a practical matter here, defendant Hogan is

the only person who could otherwise respond to discovery propounded upon the corporation.

*See, e.g., Medina v. Argent Mortgage Co., et al.,* 2006 WL 1305230 *2 (N.D. Cal.)(" . . .

1   important fact that the individual defendants are the persons most knowledgeable and the

2   persons whom the corporation would designate to testify on its behalf.").  To require Mr.

3   Hogan's counsel to produce responsive documents without any assistance from defendant Hogan

4   is untenable.  Accordingly, the ruling on plaintiff eBay's motion to compel is deferred.  Not less

5   than ten days before the next scheduled case management conference, the parties shall advise the

6   court regarding the status of the criminal proceedings.

7         IT IS FURTHER ORDERED that plaintiff eBay may move to compel further discovery

8   from third parties, including the co-location corporations known as Rackspace US, Inc. and

9   NetHere, Inc.

10        Because Dunning Enterprise, Inc. is a partner (with Thunderwood Holdings, Inc.) in

11  Kessler's Flying Circus, either Todd Dunning or his wife shall execute the appropriate waivers

12  to Rackspace US, Inc. consenting to the release of responsive discovery.

13  Dated:   November 19, 2009

14                                    *Patricia V. Trumbull*

15                                    PATRICIA V. TRUMBULL
                                      United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28