Stewart H. Foreman  (CSB #61149)
Daniel T. Bernhard  (CSB #104229)
Cathleen S. Yonahara (CSB #203802)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone:  (415) 541-0200
Facsimile:  (415) 495-4332
Email: foreman@freelandlaw.com
        bernhard@freelandlaw.com
        yonahara@freelandlaw.com

Attorneys for Defendants Todd Dunning and
Dunning Enterprise, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| EBAY, INC., | CASE NO.: CV-08-4052 JF   (PVT) |
|---|---|
| Plaintiff, | **DEFENDANTS TODD DUNNING'S AND DUNNING ENTERPRISE, INC.'S RESPONSE TO EBAY'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER OF NOVEMBER 19, 2009** |
| v. | |
| DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, | Hearing Date:    None Set<br>Time:             None Set<br>Courtroom:      3<br>Judge:            Hon. Jeremy Fogel |
| Defendants. | |

I.     **INTRODUCTION**

        eBay's objections to Magistrate Judge Trumbull's discovery order dated November 19, 2009,

(the "Order") lack merit.  This Court should not revise the discovery order for any of the reasons

argued in eBay's objections.  However, as discussed below on behalf of defendants Todd Dunning

("T. Dunning") and Dunning Enterprise, Inc. ("DEI") (collectively "TD Defendants"), the Order

contains unnecessary and vague provisions which this Court should delete or clarify to avoid future

disputes among the parties about the implementation and application of the Order.

                                                                                                              1

Dockets.Justia.com

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

II.     **BACKGROUND OF DISCOVERY REQUESTS AND MOTION TO COMPEL**

In response to eBay's First and Second Sets of Document Requests, DEI submitted written responses basically stating that it has no responsive documents under its possession, custody or control except for a small number of corporate formation documents.   DEI produced those documents.[1]   DEI is a corporation formed by T. Dunning and his wife, who are its sole shareholders, for the single purpose of holding a general partnership interest in defendant Kessler's Flying Circus ("KFC").  DEI has not engaged in any other business activities, and was not active in the business of Kessler's Flying Circus ("KFC").  *See*, <u>Order Granting in Part and Defining Ruling in Part on Plaintiff eBay's Two Motions to Compel</u> (the "Order"), page 2, lines 15-19, page 4, lines 10-13.  Although DEI stated that it does not have any other documents in its possession, custody or control, and eBay has not established any evidence to the contrary, eBay moved to compel further production of documents to obtain "confirmation" of DEI's statements.

eBay conjured an argument in its motion to compel that DEI may have supplied documents voluntarily to the FBI and not produced those documents in response to the discovery requests.  eBay's argument has absolutely no factual or evidentiary basis.   In fact, the speculation is directly contradicted by the Declaration of Todd Dunning In Support of Defendants Todd Dunning and Dunning Enterprise, Inc.'s Motion to Stay Action Pending Resolution of Criminal Proceedings, filed October 15, 2009, ("T. Dunning Decl.") ¶5, line 23:   "The FBI did not request or receive any documents during this interview;" and the Declaration of Stewart H. Foreman In Opposition to eBay's

---

[1] DEI has fulfilled its discovery obligations to produce documents under its possession, custody or control by producing documents in its physical possession and by requesting documents in the custody of third parties.  Those third parties declined DEI's requests to obtain copies of those documents.  "[F]ederal courts have consistently held that documents are deemed to be within [a party's] 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Duran v. Cisco System, Inc.*, 258 F.R.D. 375, *6 (C.D. Cal. 2009), citing *In Re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995), *cert. denied*, 517 U.S. 1205.  In addition, "a party has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006).  "Control is defined as the legal right to obtain documents on demand." *United States v. Int'l Union of Petroleum Industry Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).  In analyzing a party's discovery obligation when documents are in the hands of a third party, the concept of "possession, custody and control" has two key elements:  (1) the party's obligation to conduct a reasonable inquiry into the factual basis for its responses to the discovery, and (2) the party's obligation to seek and obtain documents reasonably available to it in the hands of employees, agents or third parties when there is a legal right to obtain those documents upon demand.  *See also*, *National Academy of Recording Arts and Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009).

2

Motion to Compel ("Foreman Decl"), ¶16, lines 9-12: "I have not produced any documents on behalf of my clients to the FBI. I am informed and believe that my clients have not had any contact with the FBI subsequent to the time that Mr. Todd Dunning was interviewed on June 18, 2007." Yet, eBay continued to argue in its motion to compel that the TD Defendants should be required "to confirm conclusively that they have no responsive documents in their possession, custody or control." *See,* eBay Inc.'s Reply in Support of Its Motion to Compel, etc., page 1, lines 7-8.

As related to T. Dunning individually, he responded to eBay's document requests by properly invoking his Fifth Amendment privilege against self-incrimination because he is a "subject" of a criminal investigation by the federal government into the same matters alleged in eBay's Second Amended Complaint ("SAC"). Order, page 3, lines 5-7. The invocation of this privilege protects T. Dunning from being compelled by eBay's document requests to produce documents in his possession, custody or control that have not already been obtained by the government under search warrants or otherwise. No search warrant by the government has been served on either of the TD Defendants. The previously referenced declarations of T. Dunning and his counsel establish that TD Defendants have not voluntarily provided documents to law enforcement representatives. Again, eBay has not provided any evidence or discovery that contradicts these statements, yet it again urged the Magistrate Judge to require them "to confirm that they never provided any documents to the FBI at any time." *See*, eBay Inc.'s Reply In Support of Its Motion to Compel, page 1, line 9.

Accordingly, eBay's Motion to Compel relating to the TD Defendants sought production of two categories of documents. The first category involved production documents of documents obtained by the FBI from any of the TD Defendants. The second aspect of the motion to compel sought an order requiring the TD Defendants to "exercise any and all rights they may have to obtain documents from Rackspace US, Inc."

The TD Defendants' opposition to eBay's motion to compel provided undisputed evidence establishing that the TD Defendants did not have possession, custody or control of documents in either category:

1.      The US Attorney's office retains the original records, documents and computers seized on June 18, 2007, from Brian Dunning's home. The US Attorney's office will not provide the TD

3

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

Defendants with copies of those documents. *See*, Declaration of Robert J. Breakstone in Support of Defendants Todd Dunning and Dunning Enterprise, Inc.'s Motion to Stay Action Pending Resolution of Criminal Proceedings, filed October 15, 2009, ¶4, page 2 ("Breakstone Decl").

2.      The FBI and US Attorney did not receive any documents from the TD Defendants during or after Todd Dunning was interviewed by the FBI on June 18, 2007. *See*, Foreman Decl, ¶16 and T. Dunning Decl ¶5.

3.      Rackspace US, Inc. ("Rackspace") states unequivocally that the TD Defendants are not authorized signatories on the account for the internet services provided by Rackspace. Therefore, Rackspace will not provide any electronic or other records or data in it possession to the TD Defendants. Rackspace will not even disclose to the TD Defendants the identity of the persons or entities that are authorized on that account(s). *See*, Foreman Decl, ¶3 and Exhibit 1.

eBay has not conducted any discovery from Rackspace to establish the identity of the owner and authorized signatories of the Rackspace account; therefore, the record before the Court does not establish whether Rackspace even possesses KFC documents. eBay's motion only speculates that responsive documents exist at Rackspace because of a previous subpoena served by the US Attorney's Office. However, given the apparent scope of the US Attorney's investigation, the documents at Rackspace could solely relate to defendants Briandunning.com or Brian Dunning, individually, for example. The point is, that on this record, neither eBay nor the TD Defendants have information about the nature of the documents at Rackspace or a right to demand access to them.

Based on this record, Magistrate Judge Trumbull's order as related to the TD Defendants requires:

1.      T. Dunning or his wife to provide a declaration stating DEI has never produced documents to the FBI.[2]

2.      T. Dunning or his wife to execute appropriate waivers to Rackspace, on behalf of DEI as a general partner in KFC, consenting to the release of KFC's responsive documents. Obviously,

---

[2] The Order is unclear as to whether it requires T. Dunning individually to provide a further declaration about not personally producing documents to the FBI. However, such an interpretation of the Order would appear to risk violating T. Dunning's Fifth Amendment privilege.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1    T. Dunning and his wife could not consent to any release of documents related to other defendants.

2    **III.    AMBIGUITIES IN THE ORDER**

3           DEI already responded to the eBay document requests by producing responsive documents

4    and by otherwise stating that it had no other responsive documents under its possession, custody or

5    control.  The T. Dunning Decl and Foreman Decl establish that no documents were provided by either

6    of the TD Defendants to the FBI.  No evidence or other information has been provided by eBay to

7    contradict these facts.  Yet, the order requires DEI, and possibly T. Dunning, to provide a further

8    explanatory declaration(s) stating that no documents were provided to the FBI.  The question is not

9    whether DEI can comply with this order, since it can.[3]  But the principle here is important - DEI

10   should not be ordered to provide a further declaration when it has already complied with its discovery

11   obligations and the accuracy of its supporting statements is not in doubt.  The Order apparently

12   included this requirement to address eBay's request that DEI be forced to "confirm conclusively" that

13   it has no additional documents, as if its existing discovery responses are inadequate for this purpose.

14          Similarly, on the Rackspace issue, there was no argument in eBay's moving papers about

15   whether Rackspace was refusing to provide KFC's documents to eBay, assuming Rackspace has any,

16   because a "waiver" was needed from a partner of KFC.  Rackspace has apparently not produced

17   documents to eBay for reasons unknown by, and unrelated to, the TD Defendants.  The record is clear

18   that the TD Defendants have no right to obtain the documents at Rackspace because neither

19   T. Dunning nor DEI is authorized on the account.  *See*, Foreman Decl, ¶ 3, Exhibit 1.  Rackspace has

20   not made any request for a "waiver" or "consent" from the TD Defendants as a condition of producing

21   to eBay any records in its possession.

22          Even eBay concedes that T. Dunning's Fifth Amendment privilege applies to the production of

23   documents where the act is "testimonial" and "incriminating."  *See*, eBay's Objections, page 4, 22-23

24   and cases cited therein.  The Order erroneously overlooks the fact that, if it turns out that Rackspace

---

26   [3] During the hearing, counsel offered to provide a similar declaration from T. Dunning if eBay agreed that such a
27   declaration in this context would not be a waiver of his Fifth Amendment privilege.  eBay declined such a
     stipulation.  Accordingly, an order requiring T. Dunning to provide a declaration in this context raises Fifth
28   Amendment privilege issues.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANTS TODD DUNNING'S AND DUNNING ENTERPRISE, INC.'S RESPONSE TO EBAY'S
OBJECTIONS TO MAGISTRATE JUDGE'S ORDER OF NOVEMBER 19, 2009          CV-08-4052 JF  (PVT)
{00132348-1}

does possess T. Dunning documents, a "consent" by T. Dunning ordered by this Court for production of those documents is tantamount to an order requiring production of those documents himself in violation of his Fifth Amendment privilege. Without an "*in camera*" review of Rackspace documents to assure there is no compelled waiver of T. Dunning's privilege prior to his ordered "consent", there is a real risk that T. Dunning could be forced to authenticate self-incriminating documents merely by broadly consenting to their production to eBay as the Order is currently written. *See*, *Doe v. United States (In Re Grand Jury Subpoena),* 383 F.3d 905, 910 (9th Cir. 2004); *United States v. Griggs,* 2009 U.S. Dist. LEXIS 12298, *4 (D. Ariz. 2009).

The Magistrate Judge should have simply left the issue of eBay's discovery from Rackspace with its comment that "eBay may move to compel further discovery from… the co- location corporation known as Rackspace US, Inc. …" Order, page 6, lines 7-9.

However, the Order goes further to create confusion, uncertainty and a serious risk of violating T. Dunning's privilege by requiring a "waiver" or "consent" when none has been requested by Rackspace. When, under what circumstances, and to what extent is "Todd Dunning or his wife" required to provide the "appropriate waivers" mentioned in the Order? What is an "appropriate waiver" in this context? Certainly, T. Dunning cannot be compelled to relinquish his constitutional rights through such a waiver or consent for production of documents, but no guidance is provided by the Order to avoid this problem. This Court should require eBay to proceed with its discovery against Rackspace. If and when additional consideration or review is needed by the Court because of the need for a consent or waiver from a partner of KFC, eBay can file an appropriate motion or the parties will then be able to reach an appropriate stipulation.

## IV. EBAY'S OBJECTIONS TO THE ORDER LACK MERIT

eBay's various objections to Magistrate Judge Trumbull's order explore the legal theories about the Fifth Amendment rights of individuals and entities relating to discovery. However, eBay's objections ignore the relevant and actual facts related to the TD Defendants in this circumstance. Therefore eBay's objections fail to show that the Order is based on any clearly erroneous legal or factual conclusions.

eBay's objections seek a new order requiring Todd Dunning to produce documents "previously

6

obtained by the FBI." Yet, eBay ignores the undisputed facts that the FBI did not obtain any documents from Todd Dunning and that Todd Dunning has no ability to get documents from the FBI which it obtained from Brian Dunning.[4]

eBay also requests a new order from the Court that Todd Dunning and/or DEI produce documents from Rackspace within 15 days. Again, eBay's objections and its requested revised order conveniently ignore that Rackspace has already told Todd Dunning and DEI in unequivocal terms that they have no right to obtain these documents. *See*, Foreman Decl, ¶3, Exhibit 1. The TD Defendants are not authorized on any account at Rackspace. eBay has not even conducted any discovery from Rackspace to determine which person or entity does have an account at Rackspace and who has authority for that account. eBay's own "chart" on page 2 of its Objections admits that the holder of the Rackspace account is unknown because eBay places a "question mark" connecting KFC and Rackspace in its own graphic depiction.

eBay is asking the Court to issue an order requiring TD Defendants to do something that they have already been told is impossible to accomplish because Rackspace will not provide them access to any documents. eBay can easily learn the necessary information from Rackspace about who in fact is authorized on the account(s) with the use of normal discovery tools, and the Order invites eBay to conduct such discovery. Order, page 6, lines 7-9. Based on the current record, the owner(s) of the Rackspace account are certainly <u>not</u> Todd Dunning or DEI. The Court therefore cannot and should not place Todd Dunning or DEI in an untenable and impossible position by ordering either of them to do something that they cannot accomplish. The Court's order on this issue should be directed at identifying the person or entity that does control the account(s) at Rackspace, and then determining if and how those documents are to be produced to eBay.

In summary, eBay's argument fails to establish that Todd Dunning or DEI has possession, custody or control over any documents at Rackspace. Therefore, eBay's objections should be

---

[4] This response incorporates by reference to avoid duplication and repetitive argument the Response to Objection of eBay Inc. To Magistrate Judge Trumbull's Order of November 19, 2009, on eBay's Motion to Compel, filed by Brian Dunning and The Entity Defendants, pages 4-9.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

7

1   overruled.  If the Court does anything regarding the Magistrate Judge's Order on this point, the Court

2   should vacate the portion of the Order requiring a "waiver" or "consent" by the TD Defendants.  The

3   Court should require eBay to first conduct discovery to provide information about the ownership of

4   the account(s) at Rackspace.

5          Then the Court should clarify when, how and under what circumstances a TD Defendant or

6   any other appropriate defendant may be required to provide a "waiver" or "consent" to Rackspace,

7   while at the same time protecting and preserving Todd Dunning's or any other defendant's Fifth

8   Amendment privilege.

9   V.      **CONCLUSION**

10         In the first instance, the Court should overrule eBay's objections to the Order.  In addition, the

11  Court should correct the portion of the Order requiring Todd Dunning or his wife to provide a

12  "consent" or "waiver" with respect to production by Rackspace of documents in response to as yet,

13  unserved discovery requests from eBay establishing whether Rackspace has any KFC documents.

14  Finally, DEI should not be required to provide a further declaration from Todd Dunning or his wife to

15  confirm that it did not supply any documents to the FBI.  The record already adequately addresses this

16  issue.

17  Dated:  December 21, 2009                    FREELAND COOPER & FOREMAN LLP

18

19

20                                        By:  _____/s/_____

21                                             STEWART H. FOREMAN
                                             Attorneys for Defendants Todd Dunning and
22                                             Dunning Enterprise, Inc.

23

24

25

26

27

28

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANTS TODD DUNNING'S AND DUNNING ENTERPRISE, INC.'S RESPONSE TO EBAY'S
OBJECTIONS TO MAGISTRATE JUDGE'S ORDER OF NOVEMBER 19, 2009          CV-08-4052 JF   (PVT)
{00132348-1}