1  Seyamack Kouretchian (State Bar No. 171741)
2  Seyamack@CoastLawGroup.com
   Ross M. Campbell (State Bar No. 234827)
3  Rcampbell@CoastLawGroup.com
   COAST LAW GROUP, LLP
4  1140 S. Coast Highway 101
   Encinitas, California 92024
5  Tel: (760) 942-8505
6  Fax: (760) 942-8515

7  Attorneys for Defendants, SHAWN HOGAN
   and DIGITAL POINT SOLUTIONS, INC.
8

9  **UNITED STATES DISTRICT COURT**

10 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN JOSE DIVISION**

12 EBAY, INC.,                                            )  Case No. CV 08-04052 JF PVT
                                                         )
13          Plaintiff,                                   )  **RESPONSE OF DEFENDANTS DIGITAL**
                                                         )  **POINT SOLUTIONS, INC. AND SHAWN**
14     v.                                                )  **HOGAN TO PLAINTIFF'S OBJECTIONS**
                                                         )  **TO MAGISTRATE JUDGE'S**
15 DIGITAL POINT SOLUTIONS, INC., SHAWN                  )  **DISCOVERY ORDER OF NOVEMBER**
   HOGAN, KESSLER'S FLYING CIRCUS,                       )  **19, 2009**
16 THUNDERWOOD HOLDINGS, INC., TODD                      )
   DUNNING, DUNNING ENTERPRISE, INC.,                    )  Date:  None Set
17 BRIAN DUNNING, BRIANDUNNING.COM,                      )  Time:  None Set
18 and Does 1-20,                                        )  Judge: Hon. Jeremy Fogel
                                                         )  Dept.: Courtroom 3
19          Defendants.                                  )
                                                         )
20                                                       )

21

22

23

24

25

26

27

28

---

DPS Defendants' Response to Plaintiff's                               Case No. CV 08-04052 JF PVT
Objection to Discovery Order of Nov. 19, 2009

Dockets.Justia.com

**TABLE OF CONTENTS**

I. SUMMARY OF RESPONSE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A. Because Judge Trumbull Appropriately Exercised Her Discretion to Briefly Defer Ruling on Motions, the Order was neither Clearly Erroneous nor Contrary to Law. . . . . . 5

    B. The Ruling on the Motion to Compel was Properly Deferred as to Defendant Digital Point Solutions, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    C. Judge Trumbull's Conclusion that it would be Inefficient to proceed with Discovery on a Piecemeal Basis is neither Clearly Erroneous nor Contrary to Law. . . . . . . . . . . . 12

    D. The Order is Proper as to the Requests for Production Directed to Mr. Hogan. . . . . . . 13

IV. CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**U.S. Supreme Court Cases**

*Fisher v. United States* (1988)
    425 U.S. 391. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hoffman v. United States* (1951)
    341 U.S. 479. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*Kastigar v. United States* (1972)
    406 U.S. 441. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Doe* (1984)
    465 U.S. 605. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

*United States v. Hubbell* (2000)
    530 U.S. 27. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13, 14

*United States v. Kordel* (1970)
    397 U.S. 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6, 9, 10

**Federal Cases**

*Bhan v NME Hospitals, Inc.* (9th Cir. 1991)
    929 F.2d 1404. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Brock v. Tolkow* (E.D.N.J. 1985)
    109 F.R.D. 116.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Chao v. Fleming* (W.D. Mich 2007)
    498 F. Supp. 2d 1034.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Chronicle Publishing Co. v. National Broadcasting Co.* (9th Cir. 1961)
    294 F.2d 744. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*EEOC v. Lexus of Serramonte* (N.D. Cal. 2006)
    2006 U.S. Dist. LEXIS 66438. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Foster Poultry Farms v. Conagra Foods Refrigerated Foods Co.* (E.D. Cal. 2005)
    2005 U.S. Dist. LEXIS 39648. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Four Pillars Enters. Co. v. Avery Dennison Corp.* (9th Cir. 2002)
    308 F.3d 1075. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hanni v. American Airlines, Inc.* (N.D. Cal. 2009)
    2009 U.S. Dist. LEXIS 49338. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hayes v. Woodford* (9th Cir. 2002)
    301 F.3d 1054. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Adelphia Communs. Secs. Litig* (E.D. Pa. 2003)
    2003 U.S. Dist. LEXIS 9736. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Grand Jury Proceedings* (8th Cir. 1994)
    41 F.3d 377. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*In re Grand Jury Subpoena* (9th Cir. 2004)
    383 F.3d 905. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Javier H. v. Garcia-Botello* (W.D.N.Y. 2003)
    218 F.R.D. 72.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jones v. Conte* (N.D.Cal. 2005)
    2005 U.S. Dist. LEXIS 46962. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Keaton v. Keaton* (D. Kan. 1986)
    1986 U.S. Dist. LEXIS 20855. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Landis v. N. Am. Co.* (9th Cir. 1936)
    299 U.S. 248. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lenz v. Universal Music Corp.* (N.D. Cal. 2009)
    2009 U.S. Dist. LEXIS 105180. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Medina v. Argent Mortg. Co.* (N.D. Cal. 2006)
    2006 U.S. Dist. LEXIS 30582. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 9, 10, 12

*Mediterranean Enters., Inc. v. Ssangyong Corp.* (9th Cir. 1983)
    708 F.2d 1458. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum* (C.D. Cal. 2009)
    2009 U.S. Dist. LEXIS 60849. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. All Meat & Poultry Prods.* (N.D. Ill. 2003)
    2003 U.S. Dist. LEXIS 17677. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Volmar Distribs. v. New York Post Co.* (S.D.N.Y 1993)
    152 F.R.D. 36.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Walsh Securities, Inc. v. Cristo Property Management, Ltd.* (D.N.J. 1998)
    7 F. Supp 2d 523. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Federal Statutes and Regulations**

U.S. CONST. amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

18 U.S.C. §1343. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Defendants Shawn Hogan (Mr. Hogan) and Digital Point Solutions, Inc. (collectively, the "DPS Defendants") respectfully submit the following Response to the Objection of Plaintiff eBay, Inc. (Plaintiff) to Judge Trumbull's November 19, 2009 Order on Plaintiff's motions to compel (Order):

## I. SUMMARY OF RESPONSE

In issuing the Order, Judge Trumbull appropriately deferred ruling on Plaintiff's motions to compel to preserve the DPS Defendants' rights in pursuing the pending motion for stay and to allow for further development of the parallel criminal investigation of the FBI and United States Attorney's Office (USAO). As detailed below, the ruling was based on competent evidence in the record to which Plaintiff raised no objections, and was narrowly tailored based on the most recent information from the USAO regarding the status of the criminal investigation and the anticipated time-frame for the issuance of an indictment. Further, the Order cites to, and is directly supported by, both Supreme Court precedent, established Fifth Amendment jurisprudence, and recent case law out of this District. Thus, contrary to Plaintiff's assertions, the Order is neither clearly erroneous nor contrary to law. Indeed, the Order is consistent with the Supreme Court's directive that the Fifth Amendment "be accorded liberal construction in favor of the right it was intended to secure." *Hoffman v. United States* (1951) 341 U.S. 479, 486. Plaintiff's Objection should be overruled for the following reasons:

*One*. Because the criminal investigation is predicated on the <u>same underlying factual and legal issues</u> as the present action, Judge Trumbull correctly concluded that Mr. Hogan's Fifth Amendment rights are directly implicated in this case. Given the broad discretion afforded to magistrate judges in managing the pre-trial docket, particularly with respect to discovery issues, the decision to defer ruling on Plaintiff's motion (which is scheduled to be revisited by Judge Trumbull <u>on January 12, 2010</u>), is neither clearly erroneous nor contrary to law. Indeed, the Ninth Circuit has indicated that to satisfy the clearly erroneous standard, the decision must be "wrong with the force of a five-week-old unrefrigerated dead fish." (*See* Section II, *infra*). Plaintiff simply has not met (and cannot meet) this standard.

*Two*. Judge Trumbull's decision to defer ruling on the motion as to Digital Point Solutions, Inc. is equally warranted and appropriate, as the Order properly found that Mr. Hogan is the sole shareholder, director, officer, and representative of the corporation. Although the Supreme Court indicated in *Kordel* that a stay is the appropriate remedy <u>in this precise circumstance</u>, Plaintiff contends that Judge Trumbull

1  was obligated to grant its motion because Digital Point Solutions, Inc. could purportedly appoint an
2  agent to provide responses on its behalf.

3  However, it is well established that where a stay of proceedings is proper as to an individual defendant, the courts have broad discretion to likewise defer proceedings as to corporations that are wholly owned or controlled by that individual. Indeed, numerous courts, including the Northern District of California, have recognized that postponing discovery as to the corporation is the fairest and most efficient way for litigation to proceed. Further, as the ruling reflects, the appointment of a custodian that has absolutely no personal knowledge regarding the subject matter of the requests would not be a viable solution in this case.

*Three*. Plaintiff's claim that the Order is somehow defective because Digital Point Solutions, Inc. produced documents in the past are entirely unfounded. This argument conveniently ignores the fact that the documents that were previously produced constitute Digital Point Solutions, Inc.'s corporate formation documents, which further establish that <u>Mr. Hogan is the sole shareholder, officer, and director of the corporation</u>, and do not refer or relate to Plaintiff or its affiliate marketing program. Moreover, the Order was necessary and appropriate because Plaintiff, through the use of its compound and overreaching definition of "DPS," has inappropriately sought to circumvent Mr. Hogan's individual Fifth Amendment rights.

*Four*. Plaintiff's claim that the Order somehow prejudiced its rights are legally unsupportable and factually incorrect. Although Plaintiff claims that Judge Trumbull reached certain conclusions, "without briefing or oral argument," the record clearly reflects otherwise. As detailed below, not only were these matters argued at the hearing, the supporting case law was specifically cited by the DPS Defendants in their opposition to the motion to compel. And in any event, the precise argument now asserted by Plaintiff was raised and rejected by this Division in the *Medina* case; and

*Five*. Contrary to Plaintiff's assertions, the act of producing documents in response to Plaintiff's discovery requests will have testimonial and communicative aspects that are subject to protection under the Fifth Amendment. Indeed, any indication that responsive documents exist would result in a tacit admission based on the scope of the request, and the act of production would further require Mr. Hogan to apply his own knowledge and discretion to assist the government's case. Mr. Hogan simply cannot be

1  compelled to do so under the Fifth Amendment.

## II. STANDARD OF REVIEW

Plaintiff "has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law." *Lenz v. Universal Music Corp.* (N.D. Cal. 2009) 2009 U.S. Dist. LEXIS 105180, 3. "[T]he magistrate's decision on a nondispositive issue will be reviewed by the district court judge under the clearly erroneous standard." *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991); FED. R. CIV. P. 72(a). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *EEOC v. Lexus of Serramonte*, (N.D. Cal. Sept. 5, 2006) 2006 U.S. Dist. LEXIS 66438 , 2.

As this Court has noted, "[t]his standard is *extremely deferential* and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt."" Lenz, supra, 2009 U.S. Dist. LEXIS 105180, at 3 (italics added), quoting *EEOC, supra,* 2006 U.S. Dist. LEXIS 66438, at 2. "The Ninth Circuit has said that '[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old unrefrigerated dead fish." *Foster Poultry Farms v. Conagra Foods Refrigerated Foods Co.* (E.D. Cal. 2005) 2005 U.S. Dist. LEXIS 39648, 7, quoting *Hayes v. Woodford* (9th Cir. 2002) 301 F.3d 1054, 1067 n.8.

## III. ARGUMENT

The Order appropriately deferred ruling on Plaintiff's motions to compel based on the following conclusions: **(1)** in light of the overlapping factual scope of the criminal investigation, this case directly implicates the individual Defendants' Fifth Amendment rights (Order, pp. 3, 5); **(2)** Mr. Hogan is the only person with knowledge regarding the business operations of Digital Point Solutions, Inc., and it would be untenable for defense counsel to respond without Mr. Hogan's assistance; (*Id*. at pp. 5-6); **(3)** as noted by the Supreme Court in *Kordel*, this circumstance presents a "troublesome question" such that the appropriate remedy is to seek a stay pending resolution of the criminal matter, (*Id.* at p. 5); **(4)** the DPS Defendants have appropriately moved for such a stay, which is currently pending before this Court (*Id.* at p. 3); **(5)** Mr. Hogan has been informed that the USAO is likely to seek an indictment after the commencement of the new year (*Id.* at p. 5); **(6)** it is therefore necessary and appropriate to defer ruling on the substance of Plaintiff's motions and to revisit the matter in mid-January 2010 (*Id.* at p. 6), and **(7)**

per recent case law out of the San Jose Division and based on interests of judicial economy, the stay should likewise apply to Digital Point Solutions, Inc. (*Id.* at pp. 4, 5, *citing Medina v. Argent Mortg. Co.* (N.D. Cal 2006) 2006 U.S. Dist. LEXIS 30582).

Because these findings are fully supported by Fifth Amendment jurisprudence, and the Order specifically cites to supporting evidence in the record, Judge Trumbull's ruling is neither clearly erroneous nor contrary to law. Thus, as further detailed below, Plaintiff's Objection must be overruled.

### A. Because Judge Trumbull Appropriately Exercised Her Discretion to Defer Ruling on the Motions, the Order was neither Clearly Erroneous nor Contrary to Law.

It is well-established that magistrate judges have broad discretion to manage the pretrial docket, particularly with respect to the control of discovery. *Four Pillars Enters. Co. v. Avery Dennison Corp.* (9th Cir. 2002) 308 F.3d 1075, 1078-1079. In exercising this discretion, it is well within the magistrate's authority to defer proceedings or postpone ruling on a particular matter pending the resolution of separate proceedings that may bear on the issues before it. *See Landis v. N. Am. Co.* (9th Cir. 1936) 299 U.S. 248, 254-255 (the power to defer proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (italics added); *see also Mediterranean Enters., Inc. v. Ssangyong Corp.* (9th Cir. 1983) 708 F.2d 1458, 1465 (the rule "does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

Based on the above, a magistrate may defer discovery and related motion practice to the extent a pending motion before the district court is potentially "dispositive on the issue at which discovery is directed." *Hanni v. American Airlines, Inc.* (N.D. Cal. 2009) 2009 U.S. Dist. LEXIS 49338, 20. Further, whether civil discovery may be postponed in light of a pending criminal proceeding or investigation is within the magistrate's discretion. *See Medina v. Argent Mortg. Co.* (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 30582, 8 (issuance of stay by Judge Seeborg pending resolution of criminal matter); *see also Keaton v. Keaton* (D. Kan. 1986) 1986 U.S. Dist. LEXIS 20855, 1 (holding that because postponement of civil discovery pending criminal investigation is within magistrate's discretion, denial of stay was not clearly erroneous). Further, in determining whether to grant such relief, the court may consider the interests of judicial economy and the avoidance of unnecessary duplication of effort. *Chronicle*

*Publishing Co. v. National Broadcasting Co.* (9th Cir. 1961) 294 F.2d 744, 747-748.

Here, Judge Trumbull appropriately deferred ruling on the substance of Plaintiff's motions to compel and scheduled a status conference to revisit the issue in <u>a matter of weeks</u> (ten days before the next scheduled Case Management Conference, or January 12, 2010). At that time, the parties are to provide an update regarding the status of the criminal investigation. (Order, p. 6). As explained in the Order, the Supreme Court itself has noted that the Fifth Amendment concerns at issue in this case present a "troublesome question" and that the appropriate remedy is to seek a stay of the action pending resolution of the criminal matter. (Order, p. 4, *citing United States v. Kordel* (1970) 397 U.S. 1, 9).

Moreover, contrary to Plaintiff's assertions, the Order is not based on clearly erroneous factual conclusions. Indeed, the ruling specifically cites to evidence in the record (as well as undisputed facts) indicating the following:

- In June of 2007, the FBI executed a search warrant and seized materials from Mr. Hogan's residence (DPS Opp., p. 3:21-22);

- The FBI is investigating whether the fraudulent activities alleged by eBay in this case constitute federal crimes (Campbell Decl., Ex. 2, p. 4:15-16);

- The scope of the criminal investigation relates to the "cookie stuffing" schemes alleged against the Defendants in this case (Kouretchian Decl. ¶2);

- The USAO recently indicated that Mr. Hogan is the subject of an ongoing criminal investigation as to whether activities associated with Plaintiff's affiliate marketing program constitute wire fraud under 18 U.S.C. §1343 (*Id*. at ¶2);

- The SAC alleges that Defendants committed multiple violations of Section 1343 and that each such violation constitutes "racketeering activity" under RICO (SAC ¶¶ 50, 61);

- The Assistant U.S. Attorney overseeing the criminal investigation believes that Section 1343 has been violated (Kouretchian Decl. ¶2); and

- The USAO intends to seek an indictment based on the foregoing, and it is likely that an indictment will be issued within the early part of next year (*Id*.).

(*See* Order, p. 5).

Based on the foregoing, Judge Trumbull appropriately concluded that the individual Defendants' Fifth Amendment rights are <u>directly implicated</u> in this case (*see* Order, pp. 3, 5), and there is no question

that this point is amply supported by the case law.[1]  Notably, Plaintiff made no objections to the evidence submitted in opposition to the motion, but now vehemently claims that the factual conclusions based thereon are "clearly erroneous."  (Objection, p. 10).

In any event, given the pending criminal investigation, the USAO's indication that it is likely to seek an indictment after the commencement of the new year, the obvious Fifth Amendment concerns associated therewith, the motions for stay currently pending before this Court, and the interests of judicial economy in avoiding potentially unnecessary law and motion practice, Judge Trumbull's decision to briefly defer adjudication of the motions to compel was neither clearly erroneous nor contrary to law.

For instance, with respect to issues of judicial economy, this Court has noted that staying the civil case "makes efficient use of judicial resources by 'insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.'" *Jones v. Conte* (N.D. Cal. 2005) 2005 U.S. Dist. LEXIS 46962, at 2 (quoting *Javier H. v. Garcia-Botello* (W.D.N.Y. 2003), 218 F.R.D. 72, 75) (emphasis added).  Further, to the extent the motions for stay are granted and the civil action is stayed pending the conclusion of the criminal matter, burdensome Fifth Amendment discovery rulings will no longer be necessary.  *See In re Adelphia Communs. Secs. Litig* (E.D. Pa. 2003) 2003 U.S. Dist. LEXIS 9736, at 15.

Here, in issuing the Order, Judge Trumbull appropriately considered the implications of the pending motions for stay, including the interests of judicial economy.  For instance, during the hearing on the motions to compel, Judge Trumbull sought clarification regarding the status of the motions for stay, and expressly noted the following:

> It seems to me after having listened to [counsel that the motion for stay is] sort of the logical place to go, and I'm not sure why I'm doing this, when there is potentially a

---

[1] As detailed in the DPS Defendants' opposition to the motion to compel, the Fifth Amendment can "be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States* (1972) 406 U.S. 441, 444. The privilege "not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Hoffman v. United States* (1951) 341 U.S. 479, 486; *see also United States v. Hubbell* (2000) 530 U.S. 27, 35-36.  (*See* DPS Opp., pp. 5-6).

pending motion before Judge Fogel to stay the entire civil case pending the completion of the criminal case, which isn't unusual in these circumstances.

(Nov. 13, 2009 Hearing Transcript, pp. 57-58; emphasis added).

Contrary to Plaintiff's assertions, the case law fully supports Judge Trumbull's position, as resolution of the pending stay motion may obviate the need to resolve Plaintiff's motions. *See e.g. United States v. All Meat & Poultry Prods*. (N.D. Ill. 2003) 2003 U.S. Dist. LEXIS 17677, 14-15 (considerations "will militate in favor of a stay where the outcome of a criminal case can be expected to remove the predicate for the assertions of the Fifth Amendment rights") (emphasis added); *Walsh Securities, Inc. v. Cristo Property Management, Ltd.* (D.N.J. 1998) 7 F. Supp 2d 523, 528 (without an appropriate stay, defendants will be forced to continue to assert their Fifth Amendment rights, which will "burden the Magistrate Judge and this Court" with deciding potentially unnecessary privilege issues) (emphasis added); *Chao v. Fleming* (W.D. Mich. 2007) 498 F. Supp 2d 1034, 1040 (concluding "that scarce judicial resources in this district at this time would be best used by staying this case in favor of the criminal case, which may ultimately reduce or eliminate the need for discovery . . .") (emphasis added).

Moreover, the Order appropriately responds to the direction provided by this Court at the September 25, 2009 Case Management Conference. At that time, the Court indicated that it would like Judge Trumbull's take on the pending discovery issues, as the motions for stay would likely be informed by her conclusions on the matter. (*See* Omnibus Bunzel Decl., Ex. 1, Sept. 25, 2009 Hearing Transcript, p. 8:22-24). Plaintiff repeatedly raised the foregoing in its reply brief and during the hearing on the motions to compel, and the Order appropriately reflects Judge Trumbull's position that a stay is fully warranted and appropriate in this case. Because the Order appropriately responds to the direction previously provided by the Court, it is neither clearly erroneous nor contrary to law.

In short, Judge Trumbull appropriately deferred ruling on the motions to compel in an effort to preserve the DPS Defendants' rights in pursuing the pending motion for stay and to allow for further development of the parallel criminal investigation. Moreover, the Order is narrowly tailored based on the most recent information from the USAO. Indeed, Judge Trumbull is scheduled to revisit the matter *in three weeks*. And as the hearing transcript reflects, the issues were thoroughly vetted during oral argument and Judge Trumbull fully considered Plaintiff's contentions and stated concerns. In light of

the foregoing, and the broad discretion afforded to magistrate judges in controlling and adjudicating discovery matters, Plaintiff's Objection must be overruled.

### B. The Ruling on the Motion to Compel was Properly Deferred as to Defendant Digital Point Solutions, Inc.

Relying on the Supreme Court's decision in *Kordel* and recent case law out of this District, Judge Trumbull also deferred ruling on the motion to compel as to Digital Point Solutions, Inc. (Order, pp. 4, 5, citing *United States v. Kordel* (1970) 397 U.S. 1; *Medina v. Argent Mortg. Co.* (N.D. Cal 2006) 2006 U.S. Dist. LEXIS 30582). In that regard, the Order appropriately recognizes that where, as here, the sole representative of the corporation has invoked his Fifth Amendment rights, the appropriate remedy is to seek a stay of the action pending resolution of the criminal matter. (Order, p. 4:1-5, citing *Kordel, supra,* 397 U.S. at 9); *see also Brock v. Tolkow* (E.D.N.J 1985) 109 F.R.D. 116, 120.

Although the Supreme Court itself has recognized that this circumstance presents a "troublesome question" (*see* Order, p. 4:5, citing *Kordel, supra,* 397 U.S. at 9), Plaintiff claims that the decision to defer ruling on the motion to compel as to Digital Point Solutions, Inc. was clearly erroneous. Plaintiff asserts that the only appropriate course of action is to appoint an agent to respond on behalf of the corporation. (Objection, p. 7:1-18). Plaintiff further contends that Judge Trumbull was obligated to grant its motion because the act of producing documents constitutes an act of the corporation and cannot be used against the custodian in a subsequent criminal trial. (*Id.* at p. 7:19-8:9).

Contrary to Plaintiff's assertions, established law clearly supports Judge Trumbull's decision to defer proceedings as to Digital Point Solutions, Inc. For instance, it is well established that where a stay of proceedings is proper as to an individual defendant, the courts have broad discretion to likewise defer proceedings as to corporations that are wholly owned or controlled by that individual. Indeed, numerous courts, <u>including this Court in *Medina*</u>, have recognized that postponing discovery as to the corporation is the fairest and most efficient way for litigation to proceed. *Medina, supra,* 2006 U.S. Dist. LEXIS 30582, at 6-7.

For instance, where the Fifth Amendment rights of the corporation's officers and directors are implicated, it is appropriate to postpone discovery as to all parties because the corporation "is likely to be greatly prejudiced in its ability to meaningfully defend itself in the civil matter." *Taylor, Bean &*

DPS Defendants' Response to Plaintiff's
Objection to Discovery Order of Nov. 19, 2009      9      Case No. CV 08-04052 JF PVT

*Whitaker Mortg. Corp. v. Triduanum* (C.D.Cal. 2009) 2009 U.S. Dist. LEXIS 60849, 8. Further, courts have held that a stay as to all parties is preferred over a partial stay, as it avoids the duplication of effort and inefficient use of resources during the discovery process. *Volmar Distribs. v. New York Post Co.* (S.D.N.Y. 1993) 152 F.R.D. 36, 39, 41. This is the precise result that was reach in *Medina*, and the Order's reliance thereon is not contrary to law simply because Plaintiff's desired course of action was not adopted. *See Medina, supra*, 2006 U.S. Dist. LEXIS 30582 at 6, 7. Moreover, because the Order cites to competent evidence in the record indicating that Mr. Hogan is the sole officer, shareholder and director of Digital Point Solutions, Inc. (Order, p. 5:12-14; Hogan Decl. ¶2), the ruling is not based on clearly erroneous factual conclusions.

      Plaintiff nonetheless contends that its objection must be sustained because Digital Point Solutions, Inc. previously produced 41 pages of documents, and the Order does not explain how that act is "consistent with an inability to respond without implicating the individual's Fifth Amendment rights." (Objection, p. 11). However, aside from the fact that this claim does not address the point raised above, Plaintiff ignores the fact that the documents that were produced do not refer or relate to Plaintiff or its affiliate marketing program. Rather, they constitute Digital Point Solutions, Inc.'s corporate formation documents, which serve to further establish that <u>Mr. Hogan is the sole shareholder, officer, and director of the corporation</u>. (*See* Sept. 29, 2009 Kennedy Decl., Ex. 4, pp. 22-62). Because those documents lend further support for Judge Trumbull's ruling, Plaintiff's claim is without merit.

      Plaintiff further contends that none "of the entity defendants ever purport[ed] to invoke their officers' Fifth Amendment rights as a basis to avoid producing documents until they filed their oppositions to eBay's motions to compel." (Objection, p. 8:9-13). Again, however, Plaintiff's claims are not supported by the record. For instance, Digital Point Solutions, Inc. clearly indicated *in its discovery responses* that Mr. Hogan has asserted his Fifth Amendment privilege, that Mr. Hogan is the only person that can respond on behalf of the corporation, that a stay is appropriate based on the ongoing criminal investigations of the USAO and FBI, and that Digital Point Solutions, Inc. therefore expressly reserved the right to pursue a stay under *Kordel*. (*See e.g.* Sept. 29, 2009 Kennedy Decl., Ex. 4, pp. 2-3). Because the Order is predicated on the same principles, the claim that the issue was not adequately raised or preserved is wholly without merit.

Next, Plaintiff argues that the Order is based on clearly erroneous factual conclusions because the motion sought to compel Digital Point Solutions, Inc. to provide *additional* information based on Plaintiff's definition of "DPS." (Objection, p. 11).  Again, however, Plaintiff fails to acknowledge that Digital Point Solutions, Inc. has not provided any substantive information relating to any involvement with eBay or its affiliate marketing program, and has in fact maintained that it never conducted business with Plaintiff at any time.[2] More importantly, Plaintiff has inappropriately sought to circumvent Mr. Hogan's individual Fifth Amendment rights through Plaintiff's overreaching definition of "DPS," which is defined in each of Plaintiff's discovery requests as follows:

> "DPS" shall mean Digital Point Solutions, Inc., and each of its successor, predecessor, and related entities, including, without limitation, its subsidiaries, parent corporations, divisions, assigns, and any officers, directors, agents, employees, representatives, attorneys, or other persons or entities acting on its behalf, collectively, in any combination, or singly, whichever is broader.

Through the use of this definition, Plaintiff inappropriately seeks to obtain from Mr. Hogan, in his capacity as a representative of the corporation, <u>what it could not otherwise obtain from Mr. Hogan individually</u>. For instance, as further detailed in the DPS Defendants' opposition to the motion to compel (*See* DPS Opp., pp. 8-9), Mr. Hogan conducted business (and continues to conduct business) as a sole proprietorship, including during the relevant time frames alleged in the SAC. (Hogan Decl., ¶3). Relevant here, the Supreme Court has confirmed that "the owner of a sole proprietorship acts in a personal rather than a representative capacity." *See United States v. Doe* (1984) 465 U.S. 605, 608. As such, sole proprietorships are not subject to the collective entity rule and the Fifth Amendment may properly be asserted on their behalf. *Id.* (Campbell Decl., Ex. 4).  Thus, while the use of definitions in propounding discovery may otherwise be appropriate, Digital Point Solutions, Inc. cannot be compelled to respond on behalf of independent parties with *distinct constitutional rights*.

---

[2] In responding to Plaintiff's discovery requests, Digital Point Solutions, Inc. properly indicated that it never conducted business with Plaintiff at any time, and never participated in Plaintiff's affiliate marketing program. For instance, Digital Point Solutions, Inc. was not incorporated until May of 2007 (Hogan Decl., Ex. 1), one month before the alleged four-year scheme ceased.  In addition, as Plaintiff is aware, Digital Point Solutions, Inc. never provided its tax identification number to Plaintiff, never executed any affiliate-related agreements, and never sought or received any commissions or other payments from Plaintiff or Commission Junction. (Hogan Decl. ¶2).  Further, Digital Point Solutions, Inc. did not conduct any business of any kind until the Fall of 2007 (*Id.*), well after the alleged scheme ceased in June of that year.

1  Indeed, as the Supreme Court affirmed in *Doe*, information relating to the activities of a sole proprietorship are considered no different from the individual owner's personal information. *Doe, supra,* 465 U.S. at 609. Mr. Hogan cannot be compelled to provide information that is otherwise protected simply by virtue of the office he now holds with Digital Point Solutions, Inc., and given the Fifth Amendment concerns at issue, the Order appropriately deferred ruling on Plaintiff's motion.

### C. Judge Trumbull's Conclusion that it would be Inefficient to Proceed with Discovery on a Piecemeal Basis is neither Clearly Erroneous nor Contrary to Law.

Plaintiff contends that "the Order erroneously based its conclusion that document discovery should not proceed in this case in part on the idea that 'engaging in that process piecemeal would not appear to advance the litigation in any significant manner.'" (Objection, p. 13; *see* Order, p. 4:18-20, citing *Medina, supra*, 2006 U.S. Dist. LEXIS 30582 at 7). On this point, Plaintiff first argues that it was unfairly prejudiced because the issue "was neither briefed by the parties nor argued at the November 13, 2009 hearing on eBay's motions." (Objection, p. 13; *see also* p. 3:21-23). This contention is entirely without merit. For instance, during oral argument, counsel for the DPS Defendants expressly argued that "with respect to the Fifth Amendment it is from our perspective *impossible for the Court to piecemeal* and decide Mr. Hogan's Fifth Amendment right will be respected, and DPS, Inc. will be required nevertheless to produce or to respond." (Nov. 13, 2009 Hearing Transcript, p. 57:2-6, italics added). Further, the principle at issue was articulated in the *Medina* decision, which was specifically cited by the DPS Defendants in their opposition to the motion to compel. (*See* DPS Opp, p. 5:2-14).

And in any event, the Order appropriately concluded that it would be inefficient to proceed with discovery on a piecemeal basis, as the precise argument now being made by Plaintiff was raised and rejected in *Medina*. *See* 2006 U.S. Dist. LEXIS 30582 at 7 (acknowledging plaintiff's claim that document discovery could potentially move forward, but finding that the most efficient course of action was to stay the matter as to all parties). In that regard, as noted above, the courts have routinely found that it is cumbersome and inefficient to attempt to proceed with discovery as to some parties or issues but not as to others. (*See* Section III.B, *supra*, pp. 9-10).

Here, it would indeed be efficient to appoint a custodian that has no personal knowledge of the requests at issue, particularly where, as here, Plaintiff claims the information consists of "complex"

computer-related codes and software. (*See* Objection, p. 14:4).[3] In such circumstances, the interests in the accuracy of the discovery process become a significant concern and the decision to defer ruling on Plaintiff's motion in this case is entirely reasonable and appropriate.

### D. The Order is Proper as to the Requests for Production Directed to Mr. Hogan.

Plaintiff claims that the Order is clearly erroneous because Mr. Hogan improperly asserted the Fifth Amendment to Plaintiff's requests for production. (Objection, pp. 4-6). However, as detailed in the DPS Defendants' opposition to the motion to compel, it is well established that the act of producing documents may have incriminating testimonial aspects that are subject to protection under the Fifth Amendment. *United States v. Hubbell* (2000) 530 U.S. 27, 36. (*See* DPS Opp, pp. 5-7). For instance, the act of complying with the demand tacitly concedes that the records exist, that they are in the possession or control of the responding party, that the responding party believes the documents are responsive to those described in the request, and that the subject documents are authentic. *United States v. Doe* (1984) 465 U.S. 605, 613; *Fisher v. United States* (1988) 425 U.S. 391, 410; *In re Grand Jury Subpoena* (9th Cir. 2004) 383 F.3d 905, 909.

With respect to authenticity concerns, the inquiry considers whether the witness is being forced "to use his discretion in selecting and assembling the responsive documents, and thereby tacitly *providing identifying information* that is necessary to the government's authentication of the subpoenaed documents." *Grand Jury Subpoena, supra,* 383 F.3d at 912 (emphasis added). The foregoing concerns are particularly at issue where the witness is required to make extensive use of "the contents of his own mind" in identifying responsive documents. *Hubbell, supra*, 530 U.S. at 43; *see also In re Grand Jury Proceedings* (8th Cir. 1994) 41 F.3d 377, 381 (Fifth Amendment protections apply where the witness is required "to discriminate among documents, thereby providing identifying information that is relevant to the authenticity of the documents").

Here, although the investigating authorities obtained computer-related materials during the course of the seizure, compliance with the requests would require Mr. Hogan to make identifying factual

---

[3] The same is true with respect to Plaintiff's claims that defense counsel could simply produce the documents. Moreover, it would be inappropriate and untenable to force defense counsel to rely on privileged attorney-client communications to attempt to identify potentially responsive documents.

1   assertions regarding those materials based on *the scope of Plaintiff's discovery requests*.  For instance,

2   Plaintiff's inspection demand seeks the following:

3       All documents relating to eBay's Affiliate Marketing Program, including, but not limited
        to, all methods and technologies used by Hogan or Hogan Entities to obtain revenue
4       from, manipulate or otherwise interact with eBay's Affiliate Marketing Program,
        including, but not limited to, all software, source code, Javascript, and HTML code.
5

6   (*See* Sept. 29, 2009 Kennedy Decl., Ex. 1, p. 6).

7       Providing a response to such a demand would ostensibly require Mr. Hogan to identify particular

8   technologies and to further concede that those technologies were used to "*manipulate or interact* with

9   the eBay Affiliate Marketing Program."  Such an act is subject to protection because "the privilege

10  against self-incrimination applies to acts that imply assertions of fact."  *Hubbell, supra*, 530 U.S. at 37

11  (emphasis added).  And the act of production is sufficiently testimonial where "the subpoena requires a

12  person to select documents used for a particular purpose."  *In re Grand Jury Proceedings* (8th Cir. 1994)

13  41 F.3d 377, 381 (emphasis added).  Because the provision of a response could add to the "sum total of

14  the Government's information," Plaintiff's Objection must be overruled.

15      Plaintiff claims that Mr. Hogan could simply produce a block of unspecified documents to avoid

16  providing any testimonial information in response to its discovery requests.  (Objection, p. 9:4-11).

17  However, Plaintiff ignores the fact that each particular document request requires an affirmative,

18  corresponding response.  In that regard, any indication that responsive documents exist would result in a

19  tacit admission based on the scope of the request (i.e. that materials were used for a particular purpose,

20  such as to "manipulate" or "interact" with Plaintiff's affiliate marketing program).

21      Further, irrespective of the foregoing, the production of a set of non-specific documents would

22  still compel Mr. Hogan to provide testimonial information in the context of Plaintiff's broadest

23  document requests, such as those seeking "[a]ll documents related to eBay."  (Sept. 29, 2009 Kennedy

24  Decl., Ex. 1, p. 1).  In that regard, Mr. Hogan would be forced to use his discretion to affirmatively

25  narrow the scope of documents in the FBI's possession to those particular materials that relate or apply

26  to eBay.  Mr. Hogan simply cannot be obligated to do so under the Fifth Amendment.[4]

27

28      [4]  For instance, the Ninth Circuit has held that the extent to which the government can establish its case
    cannot simply be presumed. *See In re Grand Jury Subpoena* (9th Cir. 2004) 383 F.3d 905, 912 (district court

In light of these concerns, the decision to defer ruling on Plaintiff's motions to compel was neither clearly erroneous nor contrary to law.[5]

### IV. CONCLUSION

For the foregoing reasons, the DPS Defendants respectfully request that the Court overrule Plaintiff's objection to Judge Trumbull's Order of November 19, 2009.

DATED: December 21, 2009

s/Ross M. Campbell
COAST LAW GROUP, LLP
Attorneys for Defendants, Shawn Hogan
and Digital Point Solutions, Inc.

---

committed reversible error in stating that it would simply hold the government to its representation that the testimonial aspects of defendant's act of production of documents would not be needed for authentication).

[5] Plaintiff claims that counsel for the DPS Defendants conceded at oral argument that production of the documents at issue would provide little or no value to the government. (Objection, p. 10:3-6). However, as the hearing transcript reflects, this purported "concession" was made in the context of "*eBay's* argument" on this point and further illustrated the fact that the act of production in this case would in fact be testimonial. (*See* Nov. 13, 2009 Hearing Transcript, p. 45:2-22).