1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  SHARON M. BUNZEL (S.B. #181609)
   sbunzel@omm.com
3  COLLEEN M. KENNEDY (S.B. #227107)
   ckennedy@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, CA  94111
   Telephone:   (415) 984-8700
6  Facsimile:   (415) 984-8701

7  Attorneys for Plaintiff eBay Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC., | Case No. C 08-04052 JF PVT |
| Plaintiff, | **PLAINTIFF EBAY INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER OF NOVEMBER 19, 2009 ON EBAY'S MOTIONS TO COMPEL** |
| v. | |
| DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, | Hearing Date: None Set<br>Time: None Set<br>Courtroom: 3<br>Judge: Hon. Jeremy Fogel |
| Defendants. | |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT ......................................................................................................... 2

    A. Defendants Cannot Support The Order With Arguments For A Stay .......... 2

    B. Defendants Provide No Justification For The Order's Failure To Follow Controlling Law ............................................................................... 4

        1. Defendants Do Not Refute That The Order Contravened Established Law In Allowing The Entity Defendants To Withhold All Discovery ............................................................. 4

        2. Defendants Do Not Justify The Order's Failure To Address eBay's Motion To Compel Against The Individuals ........................ 6

    C. Defendants Do Not Refute That The Order Contained Clear Factual Errors .......................................................................................................... 9

    D. Defendants Fail To Justify The Order's Finding That Document Discovery Would Not Advance The Litigation ........................................ 12

    E. The TD Defendants' Objections Are Untimely And Unfounded ............... 13

III. CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

Page

**CASES**

*Bellis v. United States*,
　417 U.S. 85 (1974) ................................................................................................... 6

*Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*,
　225 F.R.D. 247 (N.D. Cal. 2003) ........................................................................... 14

*Central States v. Carstengen*,
　No. 96 C 6252, 1998 WL 413490 (N.D. Ill. July 17, 1998) .................................... 5

*Fisher v. United States*,
　425 U.S. 391 (1976) ................................................................................................. 6

*Glenbrook Homeowners Ass'n v. Tahoe Reg'l Planning Agency*,
　425 F.3d 611 (9th Cir. 2005) ................................................................................. 14

*Medina v. Argent Mortgage Co.*,
　No. 05-CV-2905 RS, 2006 WL 1305230 (N.D. Cal. May 11, 2006) ............... 12, 13

*Neal v. Apfel*,
　No. 94-CV-0235E(F), 1998 WL 135806 (W.D.N.Y. Mar. 18, 1998) .................. 6, 8

*Peebles v. Four Winds Int'l*,
　Civ. No. 6:07cv00001, 2008 WL 901550 (W.D. Va. Mar. 31, 2008) ................... 6, 8

*United States v. Blackman*,
　72 F.3d 1418 (9th Cir. 1995) ................................................................................... 6

*United States v. Cathcart*,
　No. C 07-4762 PJH, 2009 WL 910150 (N.D. Cal. Apr. 2, 2009) .......................... 14

*United States v. Kordel*,
　397 U.S. 1 (1970) ...................................................................................................... 5

*Waters v. Hollywood Tow Servs., Inc.*,
　No. CV 07-7568 CAS (AJWx), 2009 WL 1916606 (C.D. Cal. June 30,
　2009) ...................................................................................................................... 14

**RULES**

Fed. R. Civ. P. 36(a)(3) ................................................................................................ 11

Fed. R. Civ. P. 72(a) .................................................................................................... 14

## I. INTRODUCTION

Nothing in defendants' responses provides any basis to overrule eBay's Objections to Magistrate Judge Trumbull's November 19, 2009 Order on eBay's motions to compel.[1] As set forth in eBay's Objections, the Order was clearly erroneous and contrary to law in several respects. Defendants' only substantive responses to eBay's Objections simply repeat unfounded arguments that eBay has already refuted. Unable to undermine the substance of eBay's Objections or distinguish the controlling legal authority cited by eBay, defendants instead attempt to distract the Court from the issues at hand, make misleading statements that obscure defendants' prior conduct in this litigation, and raise untimely objections to the Order. These efforts should be rejected, and eBay's Objections should be sustained.

Defendants have misconstrued the Order as a ruling on their pending motions to stay rather than on eBay's motions to compel, and attempt to justify the Order with reference to their stay arguments. But this Court did not refer the stay motions to Magistrate Judge Trumbull, the law regarding the propriety of a stay was not fully briefed or argued to her, and the Order did not purport to rule on defendants' stay motions. Defendants therefore cannot defend the Order's conclusions by arguing in favor of a stay or relying on cases considering stays, which are not applicable to the issues raised in eBay's motions to compel.

When the relevant law is applied, the Order's errors are clear. Defendants fail to address the ample authority establishing that 1) the entity defendants cannot refuse to provide discovery based on the individuals' Fifth Amendment rights, and 2) the individuals must produce documents previously obtained by the government. Further, defendants provide no reasonable explanation for the Order's failure to address the latter

---

[1] Responses to eBay's Objections were filed by each of the three defendant groups: 1) Defendants Brian Dunning, Thunderwood Holdings, Inc. ("THI"), Kessler's Flying Circus ("KFC") and BrianDunning.com (collectively, the "BD Defendants"); 2) Dunning Enterprise, Inc. ("DEI") and Todd Dunning (collectively, the "TD Defendants"); and 3) Digital Point Solutions, Inc. ("DPS, Inc.") and Shawn Hogan (collectively, the "DPS Defendants").

issue in any way.

Defendants also fail to justify the Order's clear errors of fact. The BD and TD Defendants mislead this Court regarding the BD Defendants' failure to turn over the documents produced by Rackspace. In addition, defendants KFC and DPS, Inc. fail to reconcile their prior provision of discovery responses to eBay with their current refusal to provide such responses. And defendants make no serious attempt to justify the inconsistencies in the Order's treatment of KFC and DEI. Finally, defendants fail to justify the Order's finding—made without the benefit of briefing or argument by the parties—that document discovery would not advance the litigation. This finding is unsupported by the record and contrary to fact, and the defendants' attempts at *post hoc* rationalization should be rejected.

Accordingly, eBay respectfully requests that this Court sustain its Objections and order defendants to provide complete discovery as requested in eBay's motions to compel.

## II.  ARGUMENT

### A.  Defendants Cannot Support The Order With Arguments For A Stay

Defendants conflate the issues that were to be decided by the Order with the issues that are to be decided by this Court on the pending motions to stay. The DPS Defendants devote the lion's share of their response to their contention that the Order was appropriate because, as they claim in their stay motion, a stay is warranted. *See* DPS Defendants' Response to eBay's Objections ("DPS Response") at 4-10. The BD Defendants, too, assert that it "became clear to Judge Trumbull" that "the particular facts of this case . . . require a stay of discovery (if not the entire action)." BD Defendants' Response to eBay's Objections ("BD Response") at 2.

This insistent focus on their stay arguments ignores both the issues that were to be decided by the Order and the ultimate bases of the Order. The issue of whether to stay this action was, of course, not before Magistrate Judge Trumbull. This Court's referral to Magistrate Judge Trumbull applied ***only*** to eBay's motions to compel, and did not include the defendants' separate stay motions. *See* Omnibus Bunzel Decl. in Support of eBay's

- 2 -

Replies, Docket # 157, Ex. 1, at 6:18-24 ("[T]he motion to compel . . . is going to involve a determination as to whether the Fifth Amendment argument is going to be raised[,] . . . [a]nd that actually is something that the magistrate judge would have initial purview of."), 7:16-20 (motions to compel and motions to stay are "separate issues"); San Jose Standing Order Regarding Case Management in Civil Cases, at 1 (referring only "disclosure or discovery disputes" to magistrate judges).

Moreover, the legal standards for defendants' stay motions and eBay's discovery motions are wholly distinct. Although defendants try to support the Order's erroneous conclusions by re-arguing their stay motion, the Order in fact did not base its conclusions on any of the various prudential concerns relevant to whether a stay should issue, such as the interests of judicial economy, the likelihood of burdensome future discovery disputes, or fairness to entities associated with the individuals against whom proceedings are stayed. Rather, the Order's stated basis for "deferring" ruling on eBay's motions was the erroneous conclusion that the individual defendants are the only agents who can respond to discovery on behalf of the entities and, therefore, that the entities are unable to respond to eBay's discovery without implicating the individuals' Fifth Amendment rights. *See* Order at 4:6-8, 4:17-18, 5:26-27. The BD Defendants ultimately concede this fact: "[The Order's] primary determination [was] that Mr. Dunning is the only person that can act on behalf of the Entity Defendants for the purposes of responding to eBay's discovery requests. ***This*** determination is the basis of Judge Trumbull's ruling." BD Response at 15 (emphasis in original). This legal conclusion—along with the associated factual conclusions discussed in eBay's Objections—is wholly distinct from the question of whether a stay is warranted and rests on fundamentally different considerations.

Furthermore, the DPS Defendants' attempts to minimize the Order's impact as temporary are misguided. Rather than leaving the issues presented by eBay's motions compel open to be "revisit[ed] . . . in a matter of weeks," DPS Response at 6, Magistrate Judge Trumbull has clearly indicated her intention to disallow discovery against all defendants as long as a threat of criminal prosecution persists, and has simply requested

- 3 -

EBAY'S REPLY ISO OBJECTIONS TO
NOV. 19, 2009 ORDER
CASE NO. C 08-04052 JF PVT

that the parties "shall advise the court regarding the status of the criminal proceedings." Order at 4:23-25, 6:4-6. This consequential ruling was based on clear errors of law and fact that defendants cannot justify, and the issues raised by eBay's motions to compel must be fully and correctly resolved independent of defendants' stay motions.

### B. Defendants Provide No Justification For The Order's Failure To Follow Controlling Law

As noted in eBay's Objections, the Order contravened established law in multiple ways. First, the Order incorrectly allowed the entity defendants to withhold all discovery rather than: 1) ordering the entities to produce documents, either through the individual defendants as representatives (which would not implicate the individuals' Fifth Amendment rights) or appointing other agents, and 2) ordering the entities to appoint agents to respond to non-documentary discovery. Second, the Order entirely failed to address eBay's argument that the individuals must produce documents previously obtained by the government. Nothing in defendants' responses justifies these errors.

#### 1. Defendants Do Not Refute That The Order Contravened Established Law In Allowing The Entity Defendants To Withhold All Discovery

As eBay's Objections demonstrated, the Order ignored ample authority establishing that under no circumstances may a collective entity refuse to provide discovery based an on officer or agent's Fifth Amendment privilege. The entity must instead appoint an agent to respond to discovery on the entity's behalf. This agent need not have first-hand knowledge, and can be educated in order to respond to discovery. Moreover, an agent's own Fifth Amendment rights are not implicated by producing documents, because any production is considered to be a representative act on behalf of the entity, and is not testimonial as to the individual. *See generally* Objections at 6-10. Therefore, the Order's finding that the individual defendants are the only people available to respond to discovery on the entities' behalf cannot justify allowing the entities to withhold discovery. Defendants' responses do not refute this conclusion; instead, they either ignore eBay's legal arguments altogether or repeat unfounded contentions that eBay

1  has already countered in its Objections.

2  None of the responses addresses the case law establishing that the entities must appoint an agent to respond to discovery, even if the agent does not have first-hand knowledge of the information requested. *See, e.g.*, Objections at 6-7. No court—and certainly no case cited in the Order or in defendants' responses—has ever held that a collective entity may resist discovery, documentary or otherwise, on the basis of an individual's Fifth Amendment right, even where that individual is the entity's sole representative. There is simply no such thing as a "sole representative" when it comes to agents who may be identified by a collective entity to respond to discovery. *See id.* at 7-8.

As explained in eBay's Objections, the BD Defendants' continued reliance on *United States v. Kordel*, 397 U.S. 1 (1970), *see* BD Response at 12-13, is unavailing because *Kordel*'s statement that a protective order may be appropriate where a corporation only has one available agent was made in *dicta*, in circumstances where other agents were in fact available. *Id.* at 9; *see also* Objections at 7. *Central States v. Carstengen*, No. 96 C 6252, 1998 WL 413490 (N.D. Ill. July 17, 1998)—also relied on by the BD Defendants—acknowledged the *dicta* in *Kordel* while finding "unpersuasive" the defendant's claim that the incriminated individual was the only available agent, in light of the fact that agents responding to discovery need not have "first-hand personal knowledge of the facts reflected in the answers." *Id.* at 4; *see also* eBay's Reply in Support of Motion to Compel Against BD Defendants, Docket # 153 ("BD Reply") at 9-10. Defendants have yet to cite a single case in which a collective entity was unable to identify any person who could be educated to respond to discovery.

Nor do defendants directly address the conclusively-established principle that a custodian's production of documents on behalf of a collective entity never implicates the custodian's Fifth Amendment privilege. *See* Objections at 7-8. The BD Defendants argue that the entities may withhold discovery because the responses may be incriminating to

the individuals,[2] and in so doing rely on generic Fifth Amendment cases that have no bearing on the specific issues at hand. *See* BD Response at 10; *see also* BD Defendants' Opposition to eBay's Motion to Compel ("BD Opp.") at 11-15; BD Reply at 3-5, 8-10. This argument ignores the fundamental principle that the privilege applies only to acts that are both incriminating **and** testimonial. *See Fisher v. United States*, 425 U.S. 391, 408 (1976). Because a custodian producing documents on an entity's behalf acts only in a representative capacity, such act is not considered testimonial and it is irrelevant whether the individual is incriminated by the documents. *See, e.g.*, *United States v. Blackman*, 72 F.3d 1418, 1427 (9th Cir. 1995) (a corporate custodian may not invoke the privilege with regard to production of corporate records, "even if the records or the act of producing them might incriminate him personally"); *see also Bellis v. United States*, 417 U.S. 85, 100 (1974) ("[N]o privilege can be claimed by the custodian of corporate records, *regardless of how small the corporation may be*.") (emphasis added). A collective entity simply may not invoke the Fifth Amendment privilege to withhold documents.

### 2. Defendants Do Not Justify The Order's Failure To Address eBay's Motion To Compel Against The Individuals

Defendants similarly fail to justify the absence of any ruling in the Order regarding eBay's motion to compel production by the individual defendants of documents

---

[2] The BD Defendants also make the new claim that discovery responses by the entities would "necessarily incriminate[] Mr. Dunning since the Entity Defendants are defined [presumably by eBay in its discovery requests] as including Mr. Dunning as an individual." BD Response at 10. While the DPS Defendants have previously restricted their discovery responses based on their objection to eBay's definition of "DPS" (and eBay has moved to compel in part on that basis), the BD Defendants have made no such objection and have never raised this issue before their recent response. This argument is therefore improper and should be ignored. *Cf. Peebles v. Four Winds Int'l*, Civ. No. 6:07cv00001, 2008 WL 901550, at *6 (W.D. Va. Mar. 31, 2008) (a party cannot submit new arguments in its objections to a magistrate judge's ruling that were not previously made to the magistrate judge); *Neal v. Apfel*, No. 94-CV-0235E(F), 1998 WL 135806, at *1 (W.D.N.Y. Mar. 18, 1998) (same). Moreover, eBay has already refuted the DPS Defendants' argument on this point. The fact that eBay has in its discovery requests defined the entities to include their officers, directors, agents and representatives in no way seeks information directly from those individuals themselves and does nothing to implicate their Fifth Amendment rights. *See* eBay's Motion to Compel Against the DPS Defendants, Docket # 128 ("DPS Mot.") at 8-9; eBay's Reply in Support of Motion to Compel Against the DPS Defendants, Docket # 154 ("DPS Reply") at 8-10.

1  previously obtained by the government. *See* Objections at 4-6. The DPS Defendants
2  assert that the Order was "proper as to the requests for production directed to Mr. Hogan,"
3  DPS Response at 13, but ignore that the Order failed to address this issue. The BD
4  Defendants posit two speculative scenarios regarding the Order's treatment of this issue:
5  1) Judge Trumbull could have concluded that the individuals' re-production of documents
6  previously obtained by the government would violate their Fifth Amendment rights; or 2)
7  Judge Trumbull could have concluded that a stay was required. *See* BD Response at 4.
8  But the Order makes no mention of the first possible "conclusion" and, as discussed
9  above, the latter "conclusion" was not before Judge Trumbull. Such speculation does not
10 warrant overruling eBay's Objections.

11 Having failed to account for the Order's complete silence on this issue, defendants
12 make unfounded arguments in support of their claim that the individuals need not produce
13 the documents previously obtained by the government. For example, the DPS and BD
14 Defendants vastly overstate the amount of information that would be conveyed to the
15 government by the production of a group of documents, as kept in the ordinary course of
16 business, that are already in the government's possession. *Cf.* Objections at 9. Such a
17 production would provide no information regarding which documents related to which of
18 eBay's requests and, contrary to defendants' arguments, not all of eBay's requests are
19 even arguably incriminating: *e.g.*, eBay requested "all documents related to eBay."[3] *See*
20 DPS Response at 14.

21 Moreover, the DPS Defendants fail to explain how providing an "affirmative,
22 corresponding response" for each particular document request would in any way implicate

23

---

24 [3] Even the individual document requests highlighted by defendants are not incriminating. *See* BD Response at 7-8; DPS Response at 14. For example, eBay's requests that seek information
25 related to defendants' "participation in, or interaction with or manipulation of eBay's Affiliate Marketing Program" use the neutral terms "participation" and "interaction" in the disjunctive
26 with "manipulation," so that even documents produced specifically in response to this request would entail no admission of incriminating facts. *See, e.g.*, 9/22/09 Kennedy Decl., Docket # 24,
27 Ex. 1, at 8, 12, 28, 35, 39, 43. Similarly, eBay's Request for Production No. 24—cited by the BD Defendants as an example of an incriminating request—seeks documents relating to "software
28 used to clean, reformat *or* erase" defendants' hard drives. *Id.* at 79 (emphasis added).

1  Hogan's Fifth Amendment rights. *See* DPS Response at 14. Indeed, when DPS, Inc.
2  previously produced documents to eBay, it provided the simple response in connection
3  with each request that "Defendant agrees to produce all responsive documents within its
4  possession, custody or control." 9/29/09 Kennedy Decl., Docket # 129, Ex. 4, at 17. This
5  generic statement did not implicate Hogan's rights at that time, and would not do so now.

6  Further, the BD Defendants' response oversimplifies the "act of production"
7  doctrine by contending that because the act of producing documents *can* be testimonial, it
8  is therefore *always* testimonial. BD Response at 5; *see also* BD Reply at 5-8. And those
9  defendants further err by attempting to add a new factor to the "foregone conclusion"
10 analysis: not only must the existence and location of the documents be a foregone
11 conclusion, "the scope and extent of Mr. Dunning's relationship to the documents" must
12 be as well. BD Response at 7. This contention finds no support in the case law. *Cf.*
13 Objections at 5.

14 Moreover, to the extent the BD Defendants now seek to rely on the contention that
15 the alleged involuntary nature of the government's seizure of documents prevents
16 application of the "foregone conclusion" principle to this case, that argument was never
17 raised before Judge Trumbull by the BD Defendants (or any defendant), and accordingly
18 should not be considered by this Court. *Cf. Peebles v. Four Winds Int'l*, Civ. No.
19 6:07cv00001, 2008 WL 901550, at *6 (W.D. Va. Mar. 31, 2008) (a party cannot submit
20 new arguments in its objections to a magistrate judge's ruling that were not previously
21 presented before the magistrate judge); *Neal v. Apfel*, No. 94-CV-0235E(F), 1998 WL
22 135806, at *1 (W.D.N.Y. Mar. 18, 1998) (same).

23 In any event, there is no basis in the case law to make a distinction on this ground.
24 Whether the documents were seized or provided voluntarily, the government can
25 authenticate the documents and establish that they were in the individuals' possession
26 without a subsequent production to eBay. *See* Objections at 5; eBay's Motion to Compel
27 Discovery Against Defendants Brian Dunning, KFC, THI, BrianDunning.com, Todd
28 Dunning and DEI ("Dunning Mot."), Docket # 123, at 9-10. Documents previously

obtained by the government should therefore be produced to eBay.[4]

### C. Defendants Do Not Refute That The Order Contained Clear Factual Errors

eBay's Objections identified several erroneous factual conclusions in the Order: 1) the Order did not address the documents produced by Rackspace in response to eBay's subpoena, which counsel for the BD Defendants continues to withhold from eBay without any valid justification; 2) in finding that KFC and DPS, Inc. could not respond to discovery without incriminating the individual defendants, the Order failed to account for the fact that KFC and DPS, Inc. have each already provided substantive discovery responses; and 3) the Order made a constellation of fundamentally inconsistent findings with respect to KFC and DEI, including a) finding both that Brian Dunning is the only person who could respond on KFC's behalf and, separately, that either Todd Dunning or his wife can act on behalf of KFC, b) holding that Todd Dunning's wife may provide discovery on DEI's behalf and may "execute the appropriate waivers to Rackspace," Order at 6:11-12, but (apparently) may not provide discovery on behalf of KFC, and c) finding that Mrs. Dunning may provide discovery on DEI's behalf but that no other entity is able to identify an agent with sufficient knowledge to do so. *See* Objections at 11-13. Defendants have failed to explain or justify these erroneous conclusions.[5]

***First,*** the BD and TD Defendants continue to mislead this Court regarding the facts surrounding Rackspace's production. eBay has been attempting to obtain discovery from Rackspace for many months, but the few documents Rackspace has produced have been withheld from eBay without justification by the BD Defendants' counsel:

- eBay served a third-party subpoena on Rackspace in June 2009 seeking

---

[4] The fact that some defendants may not presently possess these documents is irrelevant. As eBay has argued, these documents will inevitably be returned to defendants, and eBay should not be forced to file a duplicative motion to compel at that time. *See* BD Reply at 7-8.

[5] The facts regarding the criminal investigation listed on page six of the DPS Defendants' response bear no relation to the Order's clearly erroneous factual conclusions as identified by eBay. *Compare* DPS Response at 6 *with* Objections at 10-13. That list of facts, and the DPS Defendants' statement that eBay "made no objections to the evidence submitted in opposition to the motion," DPS Response at 7, are entirely irrelevant to eBay's Objections.

documents relevant to defendants' interaction with eBay and to the ownership of the Rackspace account.  *See* Dunning Mot. at 10-13; 9/22/09 Kennedy Decl., Ex. 15.

- Although it has refused to produce most responsive documents,[6] Rackspace agreed in September 2009 to produce to eBay approximately twenty pages of customer agreements and billing records related to defendants' account, which should provide evidence of which defendants control the data stored at Rackspace.  *See* Dunning Mot. at 11-12; 9/22/09 Kennedy Decl. ¶ 9.

- Counsel for the BD Defendants initially stated that he would obtain the documents to be produced from Rackspace and produce them to eBay following a review for attorney-client privilege.  *See* 9/22/09 Kennedy Decl. ¶ 8.

- But, since obtaining the only copies of these documents from Rackspace on September 9, 2009, counsel for the BD Defendants has refused to produce them to eBay.  Counsel has failed to provide any valid reason for this action, much less any claim of privilege, but has simply stated that he will not turn over the documents to eBay unless and until defendants' pending ***motions to stay*** are denied.  *See id.* ¶ 10.

As all defendants well know, the BD Defendants' gamesmanship is the sole reason why "the record before the Court does not establish" which defendant controls the Rackspace documents, not any failure by eBay to conduct discovery.  *See* TD Defendants' Response to eBay's Objections ("TD Response") at 4-7.

The BD Defendants' response provides no explanation for their wrongful behavior

---

[6] Rackspace has refused to produce most responsive documents to eBay on the ground that defendants have full access to and control over their data stored at Rackspace.  *See* 9/22/09 Kennedy Decl. ¶ 9, Exs. 16-17.  NetHere, Inc. has similarly contended in response to an eBay subpoena that the DPS Defendants have exclusive access to and control over their servers at NetHere and the data stored on those servers.  *See* 9/29/09 Kennedy Decl., Exs. 12-13.  Thus, contrary to the Order's contention that eBay "may move to compel further discovery from" Rackspace and NetHere, eBay has no effective remedy against these parties for obtaining the responsive documents within defendants' control.  Objections at 14 n.5.

in connection with the Rackspace production. Instead, the BD Defendants dismissively state that eBay should pursue discovery against Rackspace (which eBay has, and which the BD Defendants themselves have thwarted) and that Todd Dunning or his wife should execute a release of the Rackspace documents (which the BD Defendants have reason to believe Rackspace will reject because the TD Defendants have already presented evidence that Rackspace does not recognize them as owners of the account). *See* BD Response at 8; *see also* 9/22/09 Kennedy Decl., ¶ 9. Given the BD Defendants' blatant gamesmanship in connection with the Rackspace production, the Order's failure to address the issue and provide eBay with relief is clearly erroneous.

***Second***, defendants cannot justify the discrepancy between the Order's conclusion that KFC and DPS, Inc. cannot respond to discovery without incriminating the individual defendants, and the fact that both defendants have already provided substantive discovery responses during the course of the litigation. *See* Objections at 11-12. Regarding KFC, the BD Defendants' statement that KFC's responses to eBay's requests for admission were prepared without Brian Dunning's involvement, *see* BD Response at 15, further supports eBay's argument that KFC can provide responses to all discovery without incriminating the individuals. That those responses were denials and were issued under a previous version of eBay's complaint is irrelevant, as is the fact that the responses were—like all responses to requests for admission—unverified by the individuals. *See* Fed. R. Civ. P. 36(a)(3); BD Response at 14-15. These facts do not change the reality that KFC has demonstrated its—and necessarily, the other defendants'—ability to provide substantive responses without implicating the individuals' Fifth Amendment rights.

The DPS Defendants make similarly unavailing attempts to explain away their prior production of documents. But the fact that "the documents that were produced do not refer or relate to Plaintiff or its affiliate marketing program" and purportedly establish Hogan as the sole officer of DPS, Inc., DPS Response at 10, does nothing to undercut the fact that such documents were successfully selected and produced for production by DPS, Inc. by ***someone***, with or without Hogan's involvement. DPS, Inc. cannot now contend

- 11 -

1  that any further document production is impossible, especially in light of the well-
2  established law barring collective entities from withholding discovery based on the Fifth
3  Amendment privilege of a document custodian.
4       Moreover, DPS, Inc. has not consistently invoked Hogan's Fifth Amendment
5  rights. *See* DPS Response at 10. For example, the extensive "preliminary statement"
6  provided with DPS, Inc.'s discovery responses does not purport to invoke Hogan's Fifth
7  Amendment rights as a basis for limiting DPS, Inc.'s responses, even though it expressly
8  reserved Hogan's rights to pursue a stay and to protect trade secrets and confidential
9  information. *See, e.g.*, 9/29/2009 Kennedy Decl., Ex. 1 at 1-47.
10       ***Finally***, defendants make no serious attempt to reconcile the inconsistencies in the
11  Order's treatment of KFC and DEI. The BD Defendants' sole argument—that Mrs.
12  Dunning lacks prior knowledge of the information requested by eBay's discovery—
13  simply bolsters eBay's Objection. The Order's (correct) conclusion that such an agent
14  could be sufficiently educated to respond to discovery on behalf of DEI necessarily
15  requires a corresponding finding that the other entities can appoint agents who can be
16  similarly educated. *See* Objections at 12-13; Dunning Mot. at 4-7.

### D. **Defendants Fail To Justify The Order's Finding That Document Discovery Would Not Advance The Litigation**

19       Defendants also fail to provide any justification for the Order's erroneous
20  conclusion—made without the benefit of any briefing or argument by the parties—that
21  conducting "piecemeal" document discovery would not advance the litigation. *See*
22  Objections at 13. The DPS Defendants contend that the issue was adequately briefed and
23  argued by the parties, based on two facts: 1) that counsel for the DPS Defendants made
24  one mention during the hearing of his opposition to an entirely different type of
25  "piecemeal" discovery—that of permitting Hogan to invoke his Fifth Amendment
26  privilege while allowing discovery to proceed against DPS, Inc., and 2) that the Order
27  relied on *Medina v. Argent Mortgage Co.*, No. 05-CV-2905 RS, 2006 WL 1305230 (N.D.
28  Cal. May 11, 2006), a case cited in the DPS Defendants' briefing for an entirely different

proposition related to those defendants' stay motion. *See* DPS Response at 12; DPS Opp. at 5, 10 (citing *Medina* for the proposition that a stay may be appropriate where Fifth Amendment rights are implicated).

The DPS Defendants also attempt to rely on *Medina* to provide substantive support for the Order's conclusion, but fail to acknowledge that *Medina* assessed the propriety of a motion to stay, and that its conclusion that document discovery should not proceed was based on the specific factual circumstances of that case, including that discovery had not yet begun in the civil case and the criminal case was likely to conclude within six months. *See Medina,* 2006 WL 1305230, at *2. Here, by contrast, the parties had no opportunity prior to the issuance of the Order to brief or argue whether the specific facts of this case would allow for document discovery to advance the litigation. Defendants' only response to the several reasons enumerated in eBay's Objections as to why document discovery would be valuable, *see* Objections at 14, is the DPS Defendants' half-hearted claim that the interests of "accuracy in the discovery process" should prevent eBay from obtaining any discovery at all. DPS Response at 13.

The BD Defendants do not attempt to support the Order's conclusion on this point, but simply dismiss the argument, stating that "although the inefficiency of proceeding piecemeal was considered," it was "not the ***basis*** of the Order." BD Response at 15 (emphasis original). This assertion contradicts the plain text of the Order, which, after stating that "engaging in [document production] piecemeal would not appear to advance the litigation in any significant manner," concludes in the very next sentence that it is "accordingly" appropriate to "defer ruling" on eBay's motions. *See* Order at 4:18-23. The Order's decision to disallow document discovery was based at least in part on the erroneous conclusion that proceeding with document discovery would not advance the litigation, and eBay's Objection should be sustained.

**E.** **The TD Defendants' Objections Are Untimely And Unfounded**

Much of the TD Defendants' response is devoted not to addressing eBay's Objections but instead to raising the TD Defendants' own objections to the Order. These

objections—styled as requests that this Court "vacate," "clarify" or "delete" "unnecessary and vague provisions" of the Order—protest the Order's directives that 1) a representative of DEI must execute "the appropriate waivers" to Rackspace and 2) either Todd Dunning or his wife must provide a declaration that no documents have been provided to the government. *See* TD Response at 1, 5-8.

Any objections to the Order were required to be filed within 14 calendar days after service of the Order, pursuant to Federal Rule of Civil Procedure 72(a). Yet the TD Defendants first raised their objections on December 21, 2009, some 32 calendar days after entry of the order.[7] eBay's timely filing of its Objections did not alter or extend this deadline. *See Waters v. Hollywood Tow Servs., Inc.*, No. CV 07-7568 CAS (AJWx), 2009 WL 1916606, at *3 (C.D. Cal. June 30, 2009) (denying objections, styled as a "separate response," as untimely, where timely objections had already been filed and "separate response" was filed more than 10 days after the order issued); *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 910150, at *4 (N.D. Cal. Apr. 2, 2009) (denying objections filed 30 days after the order issued where the other party had filed timely objections). The TD Defendants' attempt to challenge the Order is therefore foreclosed. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *Glenbrook Homeowners Ass'n v. Tahoe Reg'l Planning Agency*, 425 F.3d 611, 619-20 (9th Cir. 2005) (parties' failure to object to magistrate's order within required time period foreclosed right to appeal); *Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*, 225 F.R.D. 247, 248-50 (N.D. Cal. 2003) (denying untimely objections to magistrate's order).

Not only are they untimely, the TD Defendants' objections are flawed in a number of respects. For example, the TD Defendants continue to overlook their failure to provide declarations that support their assertions regarding their possession of documents and provision (or non-provision) of such documents to the government. Despite Judge

---

[7] Rule 72(a) was amended on December 1, 2009, but the TD Defendants' objections are untimely under both the prior and amended versions of rule. The prior version of Rule 72(a) required that objections be filed within 10 court days, *see* Fed. R. Civ. P. 72(a) (amended December 1, 2009), and the TD Defendants' objections were filed 20 court days after entry of the Order.

Trumbull's invitation to provide revised declaration evidence, the TD Defendants never provided anything further to eBay.[8] With regard to the Order's instruction that a representative of DEI execute waivers for production by Rackspace, the TD Defendants ignore that 1) such act is an act of the entity and does not implicate the representative's Fifth Amendment privilege, and 2) the Order permits the waiver to be executed by Todd Dunning's wife, whose Fifth Amendment rights are not implicated here. *See* Objections at 11-12. DEI should exercise its rights as a general partner in KFC to make all reasonable efforts to obtain production of the Rackspace documents, and any other responsive documents in KFC's possession, custody or control. *See* TD Reply at 5-6. The Order is flawed only in that it failed to require the other entities to fulfill their similar discovery obligations.

The TD Defendants' objections are both untimely and lacking in foundation, and no *in camera* review could provide support for any of the TD Defendants' arguments.

### III. CONCLUSION

For the foregoing reasons, eBay respectfully requests that its Objections to the Order be sustained and that defendants be compelled to provide complete discovery responses as requested in eBay's motions to compel.

DATED: December 30, 2009

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP

By: /s/ David R. Eberhart
DAVID R. EBERHART

Attorneys for Plaintiff eBAY INC.

---

[8] The TD Defendants' current contention that the reason for this failure was that eBay "declined" to stipulate at the hearing that any supplemental declaration would not implicate Todd Dunning's Fifth Amendment privilege lacks factual basis. *See* TD Response at 5 n.3. To the contrary, as the transcript clearly demonstrates, counsel for the TD Defendants indicated that he would "be happy to" provide a supplemental declaration and agreed to discuss the issue of a stipulation with eBay following the hearing. 11/13/09 Hearing Tr., Docket # 169, at 42:1-43:19. He made no subsequent effort to communicate with eBay on this issue and never provided a new declaration. Declaration of Colleen M. Kennedy in Support of eBay's Reply in Support of its Objections, ¶ 2.