1       **E-Filed 2/25/10**

2

3

4

5

6

7

8

9              **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                    **SAN JOSE DIVISION**

12

13   EBAY, INC.                          Case Number C 08-4052 JF (PVT)

14                    Plaintiffs,        **ORDER (1) DENYING MOTION
                                         TO STAY CIVIL ACTION
15          v.                           PENDING RESOLUTION OF
                                         CRIMINAL PROCEEDINGS AND
16   DIGITAL POINT SOLUTIONS, INC., SHAWN    (2)  GRANTING WITH LEAVE TO
     HOGAN, KESSLER'S FLYING CIRCUS,     AMEND MOTION TO STRIKE
17   THUNDERWOOD HOLDINGS, INC., TODD     ANSWER OF DEFENDANTS
     DUNNING, DUNNING ENTERPRISES, INC.,  KESSLER'S FLYING CIRCUS,
18   BRIAN DUNNING, BRIANDUNNING.COM,     THUNDERWOOD HOLDINGS,
     AND DOES 1-20,                       INC., AND BRIANDUNNINC.COM
19
                    Defendants.          RE: Docket Nos. 125, 133-38, 140,
20                                        150-52, 158-60, 162-64

21

22          Defendants Digital Point Solutions, Inc. ("DPS"), Shawn Hogan (together "DPS

23   Defendants"), Kessler's Flying Circus ("KFC"), Thunderwood Holdings, Inc. ("THI"), Brian

24   Dunning, BrianDunning.com (together "BD Defendants"), and Todd Dunning and Dunning

25   Enterprises, Inc. (together "TD Defendants") seek to stay the instant civil action pending

26   resolution of related criminal proceedings. The DPS Defendants, BD Defendants (excepting

27

28
     Case No. C 08-04052 JF (PVT)
     ORDER (1) DENYING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL
     PROCEEDINGS AND (2)  GRANTING WITH LEAVE TO AMEND MOTION TO STRIKE ANSWER OF
     DEFENDANTS KFC, THI, AND BRIANDUNNINC.COM
     (JFEX2)

KFC), and TD Defendants each have filed an independent motion to stay. Plaintiff eBay opposes

the motions to stay, and moves to strike the answers to the Second Amended Complaint

("SAC") of three Defendants – KFC, THI, and BrianDunning.com. Because the individual

motions to stay are substantively similar, the Court will refer to them jointly. The Court has

considered the moving and responding papers and the oral argument presented at the hearing on

January 29, 2010. For the reasons discussed below, the motion to stay will be denied, and the

motion to strike will be granted, with leave to amend.

## I. BACKGROUND

Plaintiff eBay filed its initial complaint on August 25, 2008 against Defendants Brian

Dunning, BrianDunning.com, Digital Point Solutions, Inc., Shawn Hogan, Kessler's Flying

Circus ("KFC"), Thunderwood Holdings, Inc. ("THI"), and Todd Dunning. Although these

parties are referred to collectively by eBay and the Court as "Defendants," the moving papers

and statements filed by Defendants distinguish the "DPS Defendants"[1] from the "Non-DPS

Defendants,"[2] and further separate the Non-DPS Defendants into two groups, the "BD

Defendants" and "TD Defendants".

In its Second Amended Complaint, filed on March 26, 2009, eBay alleges that

Defendants engaged in a fraudulent "cookie stuffing" scheme that was designed to and did

defraud eBay over a period of at least four years, in violation of both federal and California law,

including the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, the federal

Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1962(c), and

various state laws.  Cookie stuffing "is a term used to describe the forced placement of a cookie

---

[1] The DPS Defendants are Digital Point Solutions, Inc. and Shawn Hogan. DPS is a California corporation; it claims that it never did business with eBay and never was involved in eBay's affiliate marketing program. Shawn Hogan is the sole officer, shareholder and director of DPS.

[2] The Non-DPS Defendants are entities solely owned and/or controlled by individual Defendants Brian Dunning and Todd Dunning. They are: Kessler's Flying Circus ("KFC"), Thunderwood Holdings, Inc. ("THI"), Dunning Enterprise, Inc. ("DEI"), BrianDunning.com, and the individuals Brian Dunning and Todd Dunning. KFC, THI, BrianDunning.com, and Brian Dunning (the "BD Defendants") have filed separate moving papers from DEI and Todd Dunning ("TD Defendants"). DEI and THI have a shared ownership interest as general partners in KFC. DEI is solely owned and/or controlled by Todd Dunning. THI is solely owned and/or controlled by Brian Dunning.

Case No. C 08-04052 JF (PVT)
ORDER (1) DENYING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL
PROCEEDINGS AND (2)  GRANTING WITH LEAVE TO AMEND MOTION TO STRIKE ANSWER OF
DEFENDANTS KFC, THI, AND BRIANDUNNINC.COM
(JFEX2)

on a computer, typically by causing a cookie from a particular website to be placed on the user's computer without the user knowing that he or she visited the website that placed the cookie." (SAC 6)

Apart from this civil action, Defendants are under investigation by the United States Attorney's Office ("USAO") and may face criminal charges relating to the alleged "cookie stuffing" schemes. The USAO investigation began prior to the commencement of this action, with a search of Todd Dunning's home on June 18, 2007 and seizure of all electronic equipment located therein. The parties have informed the Court that they are not aware of any recent change in the status of the criminal investigation, although Defendants assert that the USAO confirmed in September 2009 that it had plans to issue an indictment by the early part of 2010. As of January 11, 2010, the USAO had indicated to the DPS Defendants that it was not willing to provide any further information.

Defendants argue that the criminal investigation and potential criminal action implicate the Fifth Amendment rights of the individual Defendants, interfering with their ability to defend the instant action on behalf of themselves and the corporate entities they own and control. Defendants contend that a stay pending resolution of the criminal proceedings thus is appropriate as to the individual and entity defendants.

Claiming a Fifth Amendment privilege on the basis of the ongoing criminal investigation, the BD Defendants filed a joint answer to the SAC that contained no substantive responses. eBay moves to strike the BD Entities' answer because the entities, as opposed to the individual Defendant Brian Dunning, do not have a Fifth Amendment privilege. Although Brian Dunning filed his answer jointly with the BD Entities, eBay does not seek to strike his answer. With respect to the TD Defendants, DEI filed an answer to the SAC that did not attempt to assert a Fifth Amendment privilege. For that reason, it is not subject to eBay's motion to strike.

The Court addressed similar Fifth Amendment concerns in an order filed January 12, 2010 ("Order"). This Order modified an earlier order issued by Magistrate Judge Trumbull on November 19, 2009 in response to eBay's motion to compel certain discovery responses. The

3

1   Court found that a corporate defendant may not assert the constitutional privilege available to an

2   individual defendant, even if the individual is the sole representative of the corporation.

3   Defendants were ordered to respond to eBay's requests for production, interrogatories, and

4   requests for admissions, if necessary by appointing an agent – who need not have firsthand

5   knowledge of the underlying facts – to respond on their behalf. This is directly relevant to the

6   motions presently before the Court.

7                                       **II. DISCUSSION**

8   **A.      Motion to Stay the Civil Action**

9           It is within the court's discretion to stay civil proceedings "'when the interests of justice

10  seem to require such action.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.

11  1995) (quoting *United States v. Kordel*, 391 U.S. 1, 12 n.27 (1970)). The decision is made "'in

12  light of the particular circumstances and competing interests involved in the case'" and

13  considering the "extent to which the defendant's Fifth Amendment rights are implicated." *Id.* at

14  324 (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).

15  Additional factors include: (1) the interests of the plaintiff in proceeding and the potential

16  prejudice caused by a delay; (2) the burden that proceeding may place on defendants; (3) the

17  convenience of the court in managing its case load; (4) the interests of third parties; and (5) the

18  interest of the public in the pending civil and criminal proceedings. *Id.* at 324-35.

19                      Implication of Defendants' Fifth Amendment Rights

20          Defendants' motions to stay turn upon the extent to which the individual defendants'

21  Fifth Amendment rights are implicated in the civil action. *Keating* at 324. Defendants point to

22  the similarity of the issues underlying the civil and criminal actions, the potential for prejudice

23  in the criminal action, and the status of the criminal investigation. eBay argues that because no

24  criminal action actually is pending, and the timing and scope of a potential indictment are

25  unknown, any implication of Defendants' constitutional rights is largely speculative and

26  insufficient to support a stay.

27          When simultaneous civil and criminal proceedings involve "the same or closely related

28                                             4

1  facts," the Fifth Amendment concerns may be sufficient to warrant a stay. *Chao v. Fleming*, 498

2  F. Supp 2d 1034, 1037 (W.D. Mich. 2007). Some courts have gone so far as to recognize the

3  extent of the overlap as the "most important factor." *See id.* at 1039. In this case, both actions

4  spring from the "same nucleus of facts" pertaining to the cookie stuffing schemes. *See*

5  *Continental Ins. Co. v. Cota* (N.D. Cal. 2008) 2008 WL 4298372; *Jones v. Conte* (N.D. Cal.

6  2005) 2005 WL 1287017. This aspect of the analysis thus favors Defendants, although the

7  precise degree of overlap of factual and legal issues remains unknown in the absence of an

8  actual indictment.

9       Defendants also contend that permitting the instant action to go forward may expose

10  testimony and defenses relevant to the criminal case and expand the scope of criminal discovery

11  beyond the limits of the Federal Rules. Defendants identify several ways in which the

12  relationship between eBay and federal investigators could work to their disadvantage. eBay

13  responds that this type of prejudicial risk is more likely in cases where the government is the

14  real party in interest in both actions – a circumstance not present in this case. *See Chao* at 1038

15  (noting that a stay is "even more appropriate when both actions are brought by the government,"

16  quoting *Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1998)). However, the fact that the

17  government is not a party to both proceedings need not serve as a basis for denying an otherwise

18  appropriate stay. *See, e.g., Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum* (C.D. Cal.

19  2009) 2009 WL 2136986 at *6 (finding a six-month stay warranted against a private civil

20  litigant, in part because pending litigation could "expose defendants' strategy or theories with

21  respect to the criminal case..."); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y.

22  2003) (noting the danger that "civil discovery will be used to circumvent criminal discovery

23  limitations").

24       Unlike *Chao*, this action is brought by a private plaintiff and presents less danger of

25  prejudice to Defendants than if the government were involved in both proceedings. It is true that

26  there is the potential for collaboration between the USAO and eBay, or for exposure of the

27  Defendants' defense theories. *See Taylor, Bean & Whitaker* at *6.  However, as is discussed

28

5

Case No. C 08-04052 JF (PVT)
ORDER (1) DENYING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL
PROCEEDINGS AND (2)  GRANTING WITH LEAVE TO AMEND MOTION TO STRIKE ANSWER OF
DEFENDANTS KFC, THI, AND BRIANDUNNINC.COM
(JFEX2)

1  below, the parties and the Court can taken protective measures to minimize risk of such

2  prejudice. This factor thus is neutral.

3          The status of the criminal proceeding is crucial, though not determinative, in a court's

4  decision whether or not to stay the civil case. When "no indictment has been returned" and no

5  criminal action is underway, the case for a stay  is much weaker. *Molinaro*, 889 F.2d at 903. The

6  potential prejudice to a civil defendant facing a parallel criminal investigation is "more remote"

7  than it is for an indicted defendant, and the delay to the plaintiff is "potentially indefinite."

8  *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001). At the

9  same time, courts will not categorically deny a stay "solely because the defendant has not yet

10  been indicted." *Chao*, 498 F. Supp 2d at 1038 (citing *Walsh Securities, Inc. v. Cristo Property

11  Management, Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998)).

12          In *Molinaro*, the Ninth Circuit upheld the denial of a stay, noting that "[t]he possibility

13  that criminal indictments would be brought ... may have made responding to civil charges more

14  difficult" for the defendant, but the district court "did not abuse its discretion by deciding that

15  this difficulty did not outweigh the other interests involved." 889 F.2d at 903. Similarly, in

16  *Sterling Nat'l Bank*, the court found that defendants in a civil RICO action who also faced a

17  criminal investigation could "point to nothing that suggests that the dilemma they face is more

18  pointed or difficult than in any other case of parallel proceedings...." 175 F. Supp. 2d at 578. The

19  *Sterling* court noted multiple problems with issuing a pre-indictment stay because it had no

20  indication of whether the indictment was imminent and could not assess whether the scope of

21  the grand jury investigation would expand beyond the "assumed ... substantial overlap" of

22  issues. *Id; see also Applied Materials, Inc. v. Semiconductor Spares, Inc.* (N.D. Cal. 1995) 1995

23  WL 261451 at *3 (finding the defendant's Fifth Amendment privilege to be "far weaker" than if

24  he had already been indicted, though not as "negligible" as when the defendant has given

25  deposition in the case and potentially waived his privilege).

26          Other courts have assessed the issue differently, finding the implication of Fifth

27  Amendment rights potent enough to warrant a stay. *See Chao*, 498 F. Supp 2d at 1040 (granting

28                                                          6

Case No. C 08-04052 JF (PVT)
ORDER (1) DENYING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL
PROCEEDINGS AND (2)  GRANTING WITH LEAVE TO AMEND MOTION TO STRIKE ANSWER OF
DEFENDANTS KFC, THI, AND BRIANDUNNINC.COM
(JFEX2)

1   the stay in part because "an indictment appears to be much more than some fanciful and far-off

2   possibility"); *Walsh Securities*, 7 F. Supp. 2d at 527-28 (noting several ways in which

3   proceeding with discovery in the civil case would cause defendants to assert Fifth Amendment

4   privileges, even though those defendants had not yet been indicted); *Taylor, Bean & Whitaker*,

5   2009 WL 2136986 at *8-9 (citing "the mere possibility of criminal prosecution" as "all that is

6   necessary for the Fifth Amendment privilege against self-incrimination to be invoked") (citing

7   *Matter of Seper*, 705 F.2d 1499, 1501 (9th Cir. 1983)).

8        The divergent district court decisions reflect the difficulty of assessing the strength of a

9   civil defendant's Fifth Amendment concerns when no criminal indictment has issued. Although

10   Defendants in this case insist that an indictment is likely to come soon, neither they nor the

11   Court know the timing and scope of the potential criminal charges. A stay at this juncture could

12   result in a potentially indefinite delay of eBay's ability to pursue its civil claims, while the

13   implication of Defendants' constitutional rights is still indeterminate. *See Sterling Nat'l Bank,*

14   175 F. Supp. 2d at 577. That said, the overlap between the civil and potential criminal actions,

15   and the potential prejudice to Defendants' criminal case in light of the USAO's policy of

16   working closely with the high-tech community, strengthen Defendants' argument for a stay. On

17   balance, the Court concludes that the Defendants have "significant, though not overwhelming"

18   Fifth Amendment interests that must be considered in light of its analysis of the other *Keating*

19   factors. See *Applied Materials,* 1995 WL 261451 at *3.

20               Other <u>*Keating* Factors</u>

21        The extent to which the pending civil action implicates the Fifth Amendment privilege

22   of a defendant is "a significant factor," but is "only one consideration to be weighed against

23   others." *Keating* at 326. As noted previously, the court also should consider: (1) the interests of

24   the plaintiff in proceeding and the potential prejudice caused by a delay; (2) the burden that

25   proceeding may place on defendants; (3) the convenience of the court in managing its case load;

26   (4) the interests of third parties; and (5) the interest of the public in the pending civil and

27   criminal proceedings. *Id.* at 324-25. These inquiries are especially fact specific, and courts'

28

7

1  treatment and weighing of the factors varies widely.

2              (1)-(2) Plaintiff's Interest and Defendants' Burden

3         The Court concludes that although Defendants face the burden of presenting their civil

4  defense in a manner that protects the individual Defendants' Fifth Amendment rights, this

5  burden does not outweigh eBay's interest in moving forward. Defendants argue that because

6  they no longer are in business and cannot continue their allegedly fraudulent schemes, a stay

7  would not result in any continuing harm to eBay. They suggest that any ongoing financial loss

8  suffered by eBay during the course of the requested stay would not be "particularly unique,"

9  because a monetary judgment with interest still would be available. *See Walsh Securities,* 7 F.

10  Supp 2d at 528; *Jones v. Conte* (N.D. Cal. 2005) 2005 WL 1287017 (harms alleged by plaintiff

11  may be adequately compensated even after a stay has lifted); *Taylor, Bean & Whitaker*, 2009

12  WL 2136986 at *9 (plaintiff must put forth "evidence beyond mere speculation and argument

13  that a delay in the civil case will make it more likely that the allegedly misappropriated funds

14  will never be found"). They also contend that eBay already has access to all persons other than

15  Defendants with knowledge of the underlying action, and has not specified how a stay would

16  endanger eBay's ability to present its case. *See Chao*, 498 F. Supp 2d at 1040 (plaintiff offered

17  no "specific examples" other than the vague contention that "fading memories and loss of

18  documentation" would occur). In contrast, Defendants argue that they will be severely limited in

19  their ability to mount a meaningful civil defense, and that the individual Defendants will be

20  forced to make the  "unpalatable choice" of defending the civil action at the risk of waiving their

21  Fifth Amendment rights. *See Brock*, 109 F.R.D. 116, 120.

22         eBay contends that a stay will impede its discovery of other witnesses or evidence in

23  support of its case and will "almost certainly prevent eBay from fully recovering its losses."

24  (Opp'n., 14:13-16) A number of courts have recognized that "plaintiffs' interest in damages

25  might not be adequately protected" if the court grants the stay, during which time defendant's

26  remaining assets would be spent. *Applied Materials, Inc.*, 1995 WL 261451 at *2-3. This

27  concern is compounded when there is no criminal action pending. *See Sterling National Bank*,

28

8

1  175 F. Supp. 2d at 579 (plaintiff's interests had been hampered by "defendants' dilatory tactics,"

2  while lack of a criminal indictment made defendants' interests more speculative and uncertain).

3  With respect to the burden of the present litigation on Defendants, eBay suggests less drastic

4  ways in which the Court can protect Defendants' interests. For example, the individual

5  Defendants can invoke the Fifth Amendment, as indeed they already have, and the Court can use

6  protective orders to prevent disclosure of testimonial evidence to the federal government.

7  Without knowing which Defendants will be indicted, and given that one Defendant (KFC) did

8  not move to stay the civil action, eBay could be forced to pursue its civil case against some

9  defendants, while awaiting completion of the criminal case against others. *See Paine, Webber,*

10  *Jackson & Curtis, Inc.*, 486 F. Supp. at 1119 (finding that a stay would have affected plaintiff's

11  ability to proceed against multiple defendants, only one of whom faced criminal charges).

12      A defendant "has no absolute right not to be forced to choose between testifying in a

13  civil matter and asserting his Fifth Amendment privilege." *Keating* at 326*; see also Brock v.*

14  *Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1998)*.* Although Defendants obviously are in a difficult

15  position in that they are awaiting a potential criminal indictment, they are not unable to respond

16  to allegations in the civil suit, and in fact they been ordered to do so by the Court in the Order of

17  January 12, 2010. eBay's interest in preventing delay, accessing evidence, and seeking monetary

18  judgment in the instant action is substantial. The fact that the time line for a criminal action is

19  unclear strengthens eBay's argument that indefinite delay will harm its financial interests, and

20  that Defendants may use the same funds that they allegedly obtained by fraud to support their

21  defense. *See Sterling National Bank* at 579; *Applied Materials* at *2-3. Potentially criminal

22  conduct should not serve as a "shield against a civil law suit and prevent plaintiff from

23  expeditiously advancing its claim." *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus,*

24  *Inc.*, 486 F. Supp. 1118 (S.D.N.Y. 1980)

25          (3) Convenience of the Court

26      The Court has an interest in managing its cases efficiently. *Walsh Securities* at 528;

27  *Sterling National Bank* at 580. Defendants argue that a stay would be efficient because

28
Case No. C 08-04052 JF (PVT)
ORDER (1) DENYING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL
PROCEEDINGS AND (2)  GRANTING WITH LEAVE TO AMEND MOTION TO STRIKE ANSWER OF
DEFENDANTS KFC, THI, AND BRIANDUNNINC.COM
(JFEX2)

resolution of the criminal proceedings may narrow the issues for trial in the civil action, and at that point eBay will be able to proceed with discovery unimpeded. However, eBay argues persuasively that at this point any stay at this time would be of unknown duration, and the extent to which common issues would be resolved in a criminal proceeding is speculative when no criminal charges actually are pending.

(4)-(5) Interests of Third Parties and the Public

The fourth *Keating* factor – the interests of non-parties – is not relevant to the present analysis.[3]

As to the fifth factor, the Court concludes that proceeding with the civil case will best serve the interests of the public by "ensuring that aggrieved parties are made whole as rapidly as possible." *See Starlight Int'l, Inc. v. Herlihy* (D. Kan. 1998) 1998 WL 560045 at *3; *see also Applied Materials* at *4. There are times in which "the public's interest in the integrity of the criminal case" takes precedence over the interests of the civil litigant. *Javier H.,* 218 F.R.D. at 75. However, proceeding with the instant civil case need not have the effect of undermining the integrity of the criminal investigation and any potential criminal action. Because the civil process can move forward as set forth in the Court's Order of January 12, 2010, a stay is unnecessary to protect the interests of the public.

**B.     Motion to Strike the Answer of Defendants Thunderwood Holdings, Inc., BrianDunning.com, and Kessler's Flying Circus**

Pursuant to Federal Rule of Procedure Rule 12(f), the Court may strike "from any pleading any insufficient defense ...." Fed. R. Civ. P. 12(f). eBay moves to strike the BD Entities' joint answer to the SAC, because the answer contains no substantive responses to the complaint. For the reasons set forth below, the Court will grant eBay's motion to strike.

It is well-established that a corporation or business entity has no privilege under the Fifth

---

[3] Commission Junction, the only other party of interest, already has released its claims against the Defendants.

Case No. C 08-04052 JF (PVT)
ORDER (1) DENYING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL
PROCEEDINGS AND (2)  GRANTING WITH LEAVE TO AMEND MOTION TO STRIKE ANSWER OF
DEFENDANTS KFC, THI, AND BRIANDUNNINC.COM
(JFEX2)

1   Amendment. The Supreme Court has noted that "[a]ny claim of Fifth Amendment privilege

2   asserted by the [corporate] agent would be tantamount to a claim of privilege by the corporation

3   – which of course possesses no such privilege." *Braswell v. United States*, 487 U.S. 99, 110

4   (1988); *see also United States v. Blackman,* 72 F.3d 1418, 1426 (9th Cir. 1995); *SEC v. Leach*,

5   156 F. Supp. 2d 491, 495 (E.D. Pa. 2001). For an individual, however, the privilege against self-

6   incrimination extends to "questions put to him in any [ ] proceeding, civil or criminal, formal or

7   informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v.*

8   *Turley*, 414 U.S. 70, 77 (1973). This includes answers to questions that "would furnish a link in

9   the chain of evidence needed to prosecute the claimant." *Leach* at 493 (quoting *Ohio v. Reiner*,

10   532 U.S. 17, 121 (2001)).

11       Although the BD Entity Defendants cannot invoke Fifth Amendment privilege, they

12   argue nonetheless that Brian Dunning's invocation of his privilege extends to them, because any

13   response by the entities would implicate Mr. Dunning in his individual capacity. Mr. Dunning is

14   the sole shareholder, officer, and employee of Defendant THI, which together with Defendant

15   DEI (solely owned by Todd Dunning)[4], did business as KFC. According to the BD Defendants,

16   "it is inconceivable that the Entity Defendants could respond to the allegations of the SAC

17   without involving Mr. Dunning," because he is the only individual who was involved with BD

18   Defendants THI and BrianDunning.com, and Brian and Todd Dunning are the only individuals

19   who were involved with BD Defendant KFC. (Opp'n., 12:1-3) A response by the BD

20   Defendants' to the SAC conceivably could form an evidentiary or factual link in a chain of

21   evidence supporting an inference of Mr. Dunning and/or Todd Dunning's criminal culpability.

22   *See Leach at 493; Hoffman v. United States*, 341 U.S. 479, 486 (1951).

23       Courts have addressed this very problem by requiring the entity to appoint someone to

24   answer the pleading who can do so without fear of self-incrimination, such as the corporation's

25   attorney. In *SEC v. Leach*, the court considered whether a business entity could be excused from

26

27       [4] Todd Dunning also has asserted his Fifth Amendment privilege against self-incrimination.

28                                                            11

Case No. C 08-04052 JF (PVT)
ORDER (1) DENYING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL
PROCEEDINGS AND (2) GRANTING WITH LEAVE TO AMEND MOTION TO STRIKE ANSWER OF
DEFENDANTS KFC, THI, AND BRIANDUNNINC.COM
(JFEX2)

1    answering the complaint "on the ground that the only individual with the knowledge required to

2    answer . . .  has invoked his Fifth Amendment privilege." 156 F. Supp. 2d 491, 494. The court

3    found that "[the defendant's corporation] has the ability to designate someone else to answer the

4    complaint without vitiating the defendant's assertion of the Fifth Amendment privilege," noting

5    that if no other corporate officer exists, corporate counsel may answer. *Id.* at 497-98; *see also*

6    *City of Chicago v. Reliable Truck Parts Co.*, 1989 WL 32923, at *3 (N.D. Ill. Mar. 31, 1989)

7    (disagreeing with defendant that "an appropriate agent cannot be found" and noting that the

8    agent "need not have 'first-hand personal knowledge' of the facts" set out in the answer).

9           In light of this authority, the BD Defendants' assertion that the entity attorneys have no

10   knowledge of the information sought by eBay and are not required to provide responses to the

11   SAC is unpersuasive. The cases cited by the BD Defendants, such as *Central States, Southeast*

12   *and Southwest Areas Pension Fund v. Carstensen Freight Lines, Inc.*, 1998 WL 413489 (N.D.

13   Ill. 1998) do not support the proposition that a defendant entity reliant upon a single

14   knowledgeable officer need not respond to the complaint. In *Carstensen*,[5] the court upheld the

15   defendant's invocation of Fifth Amendment privilege *as to himself*, even though he had

16   previously participated in the discovery process and produced corporate documents on behalf of

17   his companies. *Id.* at *3. As to the corporation, however, the court  rejected defendant's

18   argument that no other individual could verify the answers to interrogatories, finding that "the

19   corporation's attorney may also serve as an agent." *Id.* at *4.

20          The prevailing case law suggests that a corporation cannot "secure for [itself] the

21   benefits of a privilege it does not have" by selecting an agent who, for fear of self-incrimination,

22   cannot respond on behalf of the corporation. *Carstensen* at *4 (quoting *United States v. 3963*

23   *Bottles, More or Less, Enerjol Double Strength*, 265 F.2d 332, 336 (7th Cir. 1959), cert. denied,

24   360 U.S. 931 (1959)); *SEC v. Leach*, 156 F. Supp. 2d 491 (E.D. Pa. 2001). The actions taken by

25   the other entity Defendants in the instant action illustrate this point. DEI, whose sole

26   _____

27          [5] *Carstensen* addresses a defendant's invocation of the Fifth Amendment in response to discovery requests, not the pleadings.

28                                                    12

1   representative is Todd Dunning, has provided an answer to the SAC that did not assert any Fifth

2   Amendment privilege, even though Mr. Dunning as an individual has asserted the privilege.

3   There is no reason the BD Entities cannot proceed in the same way.

4

5                                   **III. DISPOSITION**

6          (1) The motions to stay are DENIED without prejudice; and (2) the motion to strike is

7   GRANTED, WITH LEAVE TO AMEND.

8

9   **IT IS SO ORDERED**

10

11  DATED: 2/25/2010

12                                   _____
                                     JEREMY FOGEL
13                                   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-04052 JF (PVT)
ORDER (1) DENYING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL
PROCEEDINGS AND (2)  GRANTING WITH LEAVE TO AMEND MOTION TO STRIKE ANSWER OF
DEFENDANTS KFC, THI, AND BRIANDUNNINC.COM
(JFEX2)