1   DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
2   SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
3   COLLEEN M. KENNEDY (S.B. #227107)
ckennedy@omm.com
4   O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
5   San Francisco, CA 94111
Telephone:   (415) 984-8700
6   Facsimile:   (415) 984-8701

7   Attorneys for Plaintiff eBay Inc.

8

9            **UNITED STATES DISTRICT COURT**

10          **NORTHERN DISTRICT OF CALIFORNIA**

11              **SAN JOSE DIVISION**

12   EBAY INC.,

13            Plaintiff,

14      v.

15   DIGITAL POINT SOLUTIONS, INC.,
SHAWN HOGAN, KESSLER'S
16   FLYING CIRCUS, THUNDERWOOD
HOLDINGS, INC., TODD DUNNING,
17   DUNNING ENTERPRISE, INC., BRIAN
DUNNING, BRIANDUNNING.COM,
18   and DOES 1-20,

19           Defendants.

20

21

22

Case No. C 08-04052 JF PVT

**PLAINTIFF EBAY INC.'S NOTICE OF MOTION AND MOTION FOR DISCOVERY SANCTIONS AGAINST BRIAN DUNNING, BRIANDUNNING.COM, THUNDERWOOD HOLDINGS, INC., AND KESSLER'S FLYING CIRCUS**

Hearing Date:   April 2, 2010
Time:           9:00 a.m.
Courtroom:     3
Judge:          Hon. Jeremy Fogel

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION

2     PLEASE TAKE NOTICE THAT, on April 2, 2010, at 9:00 a.m., or as soon

3  thereafter as the matter may be heard, in Courtroom 3 of the United States District Court

4  for the Northern District of California, San Jose Division, located at 280 South 1st St., San

5  Jose, California, 95113, Plaintiff eBay, Inc. ("eBay") will and hereby does move for an

6  order sanctioning and holding in contempt defendants Brian Dunning, BrianDunning.com,

7  Thunderwood Holdings, Inc., and Kessler's Flying Circus for their violations of this

8  Court's January 12, 2010 order.

9     eBay's Motion seeks sanctions and an order of contempt pursuant to the Court's

10  inherent authority, Federal Rule of Civil Procedure 37(b)(2) and 18 U.S.C. § 401(3)

11  against Defendants for their willful violation of the Court's order.

12     The Motion is based on this Notice, the attached Memorandum of Points and

13  Authorities, all supporting declarations and attached exhibits, the pleadings and other

14  records on file with the Court, the oral argument of counsel, all relevant matters judicially

15  noticeable, and such further evidence and arguments as the Court may consider.

16

17  DATED:  February 26, 2010                DAVID R. EBERHART
                                            SHARON M. BUNZEL
18                                          COLLEEN M. KENNEDY
                                            O'MELVENY & MYERS LLP
19
                                            By:    /s/ David R. Eberhart
20                                                  DAVID R. EBERHART

21                                          Attorneys for Plaintiff eBAY INC.

22

23

24

25

26

27

28

EBAY'S MOTION FOR SANCTIONS
CASE NO. C 08-04052 JF PVT

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3       Defendants Brian Dunning, Thunderwood Holdings, Inc., BrianDunning.com and

4   Kessler's Flying Circus are in contempt of this Court's January 12, 2010 Order (the

5   "Order") because they have failed to produce the documents and discovery responses

6   ordered by this Court.  The discovery requests at issue have been pending for more than a

7   year and these defendants have had more than six weeks to comply with the Order, yet

8   they intentionally flout this Court's mandates.

9       The January 12 Order requires (i) the individual defendants to produce all

10  responsive documents that have previously been provided to the government, and (ii) the

11  entity defendants to provide complete responses to eBay's requests for production,

12  interrogatories, and requests for admission.  *See* Order (Docket #183), at 12-13.  Even in

13  the face of the Court's admonition on January 29, 2010 that the January 12 Order was in

14  effect even in the absence of a ruling on the stay motion, Defendants Brian Dunning,

15  Thunderwood Holdings, Inc. ("THI"), BrianDunning.com and Kessler's Flying Circus

16  ("KFC") (collectively, the "BD/KFC Defendants") did not comply with the Order in any

17  material way.  Their sole alleged act of compliance was Leo Presiado's production of 44

18  pages of documents that Rackspace had previously produced to Mr. Presiado instead of

19  the subpoenaing party—eBay—and which Mr. Presiado had wrongfully embargoed for

20  nearly five months.  The defendants other than the BD/KFC Defendants have taken some

21  steps to comply with the Order and are not the subject of eBay's motion.

22      Rather than comply, the BD/KFC Defendants have pursued a course of delay and

23  obfuscation—first refusing to provide any timeline for compliance and subsequently

24  providing a litany of varied and conflicting excuses for their failure to comply.  The only

25  explanation for their inaction is that they simply do not intend to comply with the Order.

26  Instead, they seek to delay their provision of discovery for as long as possible, in the hope

27  that this Court would either grant their motion to stay outright (which it did not do) or

28  would grant a stay following any future indictment.  The BD/KFC Defendants' actions

EBAY'S MOTION FOR SANCTIONS
CASE NO. C 08-04052 JF PVT

1   leave eBay with no choice but to move for sanctions in order to force their compliance.

2   **II.   FACTUAL BACKGROUND**

3       On January 13, 2010, the day after receiving the Court's Order granting eBay's

4   motions to compel, eBay contacted counsel for all defendants to meet and confer

5   regarding when their clients would comply with the Order.  *See* Declaration of Colleen M.

6   Kennedy in Support of eBay's Motion for Sanctions ("Kennedy Decl."), Ex. 1.  Yet the

7   BD/KFC Defendants' counsel refused to provide eBay with any information regarding

8   their timeline for compliance.  Patrick McClellan, counsel for KFC, never responded to

9   eBay's January 13 correspondence.  Kennedy Decl., ¶ 2.  Leo Presiado, counsel for Brian

10  Dunning, BrianDunning.com and THI, stated in response to eBay's January 13

11  correspondence that he had "not yet had a chance to evaluate and determine what would

12  constitute an adequate time period within which to prepare the subject responses," and

13  invited eBay to contact him the following week.  Kennedy Decl., ¶ 4, Ex. 3.  eBay again

14  contacted Mr. Presiado on January 21, 2010 to inquire about his clients' compliance with

15  the Order, but Mr. Presiado failed to respond.  Kennedy Decl., ¶ 5, Ex. 4.

16      At the January 29, 2010 Case Management Conference and motion hearing, this

17  Court made clear that discovery should proceed pending the Court's ruling on the motions

18  to stay.  The Court explicitly stated in response to a question from one of defendants'

19  counsel that it expected all defendants to comply with the Order:  "At the moment, you

20  should assume the January 12th order is in effect."  1/29/10 Transcript, 17:22–23.  Despite

21  this clear instruction to all parties, however, both Mr. Presiado and Mr. McClellan now

22  state that they will not provide any discovery to eBay until March 1, at the earliest.

23      In a letter dated February 12, 2010—his last correspondence with eBay on this

24  issue—Mr. Presiado stated that a March 1 production date is reasonable because the Order

25  "does not state a date by which the responses are to be provided."  Kennedy Decl., Ex. 5.

26  He also indicated that his compliance with even that deadline will be contingent on this

27  Court's denial of the motions to stay and on the absence of any indictments issued in the

28  case.  *Id.*

EBAY'S MOTION FOR SANCTIONS
CASE NO. C 08-04052 JF PVT

Mr. Presiado's February 12, 2010 letter appeared to abandon his previous, false assertions that he and eBay's counsel David Eberhart reached an agreement following the January 29, 2010 hearing granting Mr. Presiado's clients an additional 30 days from that date to produce the required discovery.  In correspondence and conversations with eBay's counsel, Mr. Presiado made a series of conflicting and nonsensical assertions regarding this supposed agreement, which were promptly refuted by eBay.  *See* Kennedy Decl., ¶¶ 4, 13-14, Exs. 5-10.  No such agreement ever existed.  *See* Declaration of David R. Eberhart in Support of eBay's Motion for Sanctions ("Eberhart Decl.") ¶¶ 2-4.

KFC's counsel Patrick McClellan has pursued a similar course of delay.  After failing to respond for nearly one month to eBay's January 13, 2010 inquiry regarding KFC's timeline for compliance, Mr. McClellan acknowledged during a telephone conversation with eBay's counsel on February 9, 2010 that he still had yet to assess KFC's obligations under the Order.  Kennedy Decl., ¶ 3, Ex. 2.  Mr. McClellan subsequently promised compliance within 15 days of February 10, 2010, or more than six weeks after the Order issued.  *Id.*  But two days later, Mr. McClellan withdrew even this proposal, notifying eBay that he had been informed by Mr. Presiado of a purported agreement with Mr. Eberhart to a 30-day timeline, and that Mr. McClellan was now taking the position that this fictitious agreement applied equally to KFC.  Kennedy Decl., ¶ 15.  Mr. McClellan therefore stated that he, too, would refuse to agree to comply with the Court's Order any earlier than March 1.

## III.   ARGUMENT

### A.   This Court Should Hold The BD/KFC Defendants In Contempt For Their Violations Of The Order.

The BD/KFC Defendants' intentional failure to comply with the Order constitutes a breach of their discovery obligations for which the Court may impose sanctions, including contempt.  *See In re Heritage Bond Litig.*, 223 F.R.D. 527, 531 (C.D. Cal. 2004) (citations omitted) ("A party may be found in contempt of court in which the action is pending for failure to obey any discovery order.").  Rule 37 of the Federal Rules of Civil

1    Procedure provides that if a party "fails to obey an order to provide or permit discovery,"

2    the court may issue "further just orders," including "treating as contempt of court the

3    failure to obey any order." Fed. R. Civ. P. 37(b)(2); *see also* 18 U.S.C. § 401(c)

4    (codifying judicial enforcement of court orders). A party may be held in civil contempt if

5    the court finds by clear and convincing evidence that the party violated an order of the

6    court beyond substantial compliance, and that the violation was not based on a good faith

7    and reasonable interpretation of the order. *On Command Video Corp. v. LodgeNet Entm't*

8    *Corp.*, 976 F. Supp. 917, 922 (N.D. Cal. 1997).

9        The BD/KFC Defendants' conduct satisfies each of the elements of civil contempt.

10   None of these defendants can be found to have substantially complied with the court's

11   order and none of them can demonstrate that "every reasonable effort has been made to

12   comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th

13   Cir. 1993). To the contrary, the BD/KFC Defendants have taken every possible

14   opportunity to delay compliance,[1] and have now indicated that they do not intend to

15   comply until March 1, nearly seven weeks after the Order was issued. The BD/KFC

16   Defendants' strategy of delay stands in contrast with the actions of the other defendants in

17   this action, Todd Dunning, Dunning Enterprise, Inc., Shawn Hogan and Digital Point

18   Solutions, Inc., who have all made efforts to comply with the Order.

19       Further, the BD/KFC Defendants' failure to comply was neither done in good faith

20   nor based on any reasonable interpretation of the Order. Counsel for the BD/KFC

21   Defendants effectively refused to meet and confer with eBay at all until after their motions

22   to stay were heard, in a blatant attempt to delay compliance in the hope that a stay would

23   issue. Kennedy Decl., ¶¶ 2-6, Exs. 3-4. Not only did they refuse to discuss the issue with

24   eBay in a timely manner, their later statements made clear that the BD/KFC Defendants

25   _____

26   [1] The only aspect of the Order with which the BD/KFC Defendants have attempted to comply
     was eBay's request that Mr. Presiado turn over to eBay a small production of documents
     belonging to Rackspace, which were provided to Mr. Presiado by Rackspace in September 2009
27   pursuant to eBay's subpoena. But none of the BD/KFC Defendants has produced to eBay any of
     their own documents or otherwise attempted to provide any supplemental discovery on their own
28   behalf.

                                                          - 5 -                    EBAY'S MOTION FOR SANCTIONS
                                                                                   CASE NO. C 08-04052 JF PVT

1    made no effort to comply with the Order until after their stay motions were heard.

2    Kennedy Decl., ¶¶ 3-4, Ex. 2.

3          Putting aside the fabricated "agreement" to a 30-day extension, the BD/KFC

4    Defendants have provided no basis for their contention that an additional 30 days is

5    necessary.  Nor would any such assertions be credible.  Despite their repeated statements

6    that the FBI has seized and refused to return "all of" the BD/KFC Defendants' records and

7    documents, *see, e.g.*, Kennedy Decl, Ex. 11, at 10, those defendants apparently have had

8    access to some responsive materials since at least October 2008, when they submitted

9    documents as exhibits to their motions of motions to dismiss eBay's First Amended

10   Complaint.  Kennedy Decl., Exs. 12-13.  Further, the BD/KFC Defendants can no longer

11   dispute that they have had ongoing access to electronic materials stored on at least two

12   servers residing at Rackspace US, Inc., as reflected by the billing records produced by

13   Rackspace in response to eBay's subpoena.  *See* Kennedy Decl., Ex. 14.  Regardless, any

14   current claims of the need for more time ring hollow in light of the BD/KFC Defendants'

15   decision to squander the first several weeks following the Order in the hope that a stay

16   would issue.

17         Under these circumstances, eBay has no reason to believe that these defendants

18   will comply with the Order without court intervention.  Indeed, the most reasonable

19   interpretation of the BD/KFC Defendants' actions is that they have been seeking to delay

20   their compliance with the Order for as long as possible, in the hopes that a stay would

21   issue to relieve them from compliance.  Although the BD/KFC Defendants became aware

22   at the January 29, 2010 hearing that this Court was likely to deny their motion to stay

23   (which it now has done), they could still attempt to delay compliance with the Order until

24   an indictment issued, thereby providing them with a renewed basis to argue for a stay.

25   eBay's maintains that, even if an indictment issues, it will be impossible to assess whether

26   a stay is appropriate until the specifics of any indictment are known, and eBay has

27   requested the opportunity to be heard on that issue should an indictment occur.  But there

28   is certainly no basis to allow any potential future indictment to excuse the BD/KFC

- 6 -

1   Defendants from complying with the Order.  If the BD/KFC Defendants had responded to
2   eBay's discovery requests in a timely manner, or had complied with the Order in a timely
3   manner, the discovery eBay seeks would have been provided long before any future
4   indictment or resulting stay.  The BD/KFC Defendants' purposeful delays in complying
5   with the Order should not be rewarded now or in the future.

6       Even assuming that the BD/KFC Defendants' proposed March 1 compliance date
7   had been made in good faith—and that they ultimately perform, which seems highly
8   unlikely given their failure to make any interim production of their own documents—a
9   delay of seven weeks to comply with a court order is patently unreasonable.  This is
10  especially true because eBay's discovery requests have been pending for more than a year
11  and its motions to compel were filed nearly five months ago.

12          **B.    eBay Is Entitled To Sanctions In The Form Of Attorneys' Fees.**

13      Rule 37 states that "the court must order the disobedient party, the attorney
14  advising that party, or both to pay the reasonable expenses, including attorney's fees,
15  caused by the failure, unless the failure was substantially justified or other circumstances
16  makes an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C); *see also Hyde & Drath*
17  *v. Baker*, 24 F.3d 1162, 1170 (9th Cir. 1994) ("Rule 37(b)(2) provides for the award of
18  reasonable expenses and attorney's fees 'caused by the failure' to obey a court order to
19  permit or provide discovery.").  The BD/KFC Defendants' persistent and unjustified
20  refusal to comply with the Order warrants an award, at a minimum, of eBay's expenses
21  and fees incurred as a result of these defendants' violations of the Order.  Accordingly,
22  eBay requests that the Court award $39,545.50, plus such other amounts as the Court
23  deems appropriate.  This figure constitutes the fees expended to date by eBay's counsel on
24  both meeting and conferring with the BD/KFC Defendants' counsel regarding their
25  compliance with the Order and on bringing this motion.  *See* Eberhart Decl., ¶¶ 5-10, Ex.
26  A.

27
28

EBAY'S MOTION FOR SANCTIONS
CASE NO. C 08-04052 JF PVT

1

## IV.     <u>CONCLUSION</u>

For the reasons discussed above, eBay respectfully requests that the Court impose sanctions on Defendants Brian Dunning, BrianDunning.com, THI and KFC in the form of a contempt order and/or an award of attorneys' fees, and that the Court order these Defendants' immediate compliance with the January 12, 2010 Order.

DATED:  February 26, 2010                    DAVID R. EBERHART
                                             SHARON M. BUNZEL
                                             COLLEEN M. KENNEDY
                                             O'MELVENY & MYERS LLP

                                    By:    /s/ David R. Eberhart
                                             DAVID R. EBERHART

                                    Attorneys for Plaintiff eBAY INC.