DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
COLLEEN M. KENNEDY (S.B. #227107)
ckennedy@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Plaintiff eBay Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20,<br><br>　　　　　Defendants. | Case No. C 08-04052 JF PVT<br><br>**DECLARATION OF DAVID R. EBERHART IN SUPPORT OF EBAY INC.'S MOTION FOR DISCOVERY SANCTIONS AGAINST BRIAN DUNNING, BRIANDUNNING.COM, THUNDERWOOD HOLDINGS, INC., AND KESSLER'S FLYING CIRCUS**<br><br>Hearing Date: April 2, 2010<br>Time:　　　　9:00 a.m.<br>Courtroom:　3<br>Judge:　　　Hon. Jeremy Fogel |

EBERHART DECL. ISO EBAY'S
MOTION FOR SANCTIONS
CASE NO. C-08-4052 JF PVT

I, David R. Eberhart, declare as follows:

1. I am a member of the Bar of the State of California and a partner in the law firm of O'Melveny & Myers LLP, counsel for eBay Inc. in this matter. I submit this Declaration in support of eBay's Motion For Discovery Sanctions Against Brian Dunning, BrianDunning.com, Thunderwood Holdings, Inc. ("THI"), and Kessler's Flying Circus ("KFC") (collectively, the "BD/KFC Defendants"). I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so under oath.

2. On January 29, 2010, Sharon Bunzel and I appeared on behalf of eBay at the Case Management Conference and hearing on the motions to stay and strike. Patrick McClellan, counsel for KFC, did not attend the hearing. Immediately following the conclusion of the hearing, I began a conversation with Ross Campbell, counsel for Digital Point Solutions, Inc. and Shawn Hogan. This conversation began in the courtroom and continued as Mr. Campbell and I slowly walked toward the hallway. During the conversation, Mr. Campbell and I discussed his proposed timeline for his clients' compliance with this Court's January 12, 2010 order (the "Order"). Although Mr. Campbell had originally committed to provide the discovery to eBay within three weeks from the date of the Order, during this January 29 conversation he raised the possibility that his clients may need an additional week to comply. I communicated to him that eBay would consider such an extension if and when requested, but no agreement was reached with regard to this additional week. Following this discussion, Mr. Campbell did not contact me to request this additional week for compliance, although he subsequently committed to provide the discovery by February 16, 2010.

3. Leo Presiado, counsel for Brian Dunning, BrianDunning.com and THI, did not take part in my conversation with Mr. Campbell; I was not even aware at the time that Mr. Presiado was able to overhear the full substance of our conversation, if that is what happened. In any event, my conversation with Mr. Campbell made no mention of and did not concern Mr. Presiado's clients.

4. Following the conclusion of my conversation with Mr. Campbell, I began a separate conversation with Mr. Presiado. He informed me that he would turn over to eBay the documents previously produced to him by Rackspace US, Inc. in response to eBay's subpoena by the following Wednesday, February 3, 2010. Mr. Presiado said that he was still assessing when his clients would be able to provide the remaining discovery responses required by the Order. I did not discuss with Mr. Presiado any extension of time for his clients to comply with the Order, and I never granted Mr. Presiado's clients any extension of time to comply with the Order. At no time did I discuss with all defense counsel a joint date for compliance or a joint extension of time to comply with the Order, and I never granted any extension that would apply to all defendants.

**EBAY'S REQUEST FOR ATTORNEYS' FEES**

5. eBay seeks to recover an award of reasonable expenses and attorneys' fees caused by the BD/KFC Defendants' violations of the Order.

6. Attached hereto as **Exhibit A** is a true and correct copy of a spreadsheet that details the fees incurred by eBay as a result of counsel's efforts to meet and confer with the BD/KFC Defendants regarding their failure to comply with the Order and to prepare this Motion for Discovery Sanctions. The spreadsheet includes 6 columns: date of entry, timekeeper, billing rate, description of entry, hours spent on each entry and total fees. This information was taken from billing records at O'Melveny & Myers LLP that are maintained in the regular course of business. I have reviewed and approved all of the time entries submitted in Exhibit A.

7. At the bottom of Exhibit A, I have calculated the total fees that eBay seeks to recover. Based on this calculation, the total amount of fees sought by eBay for having to file this Motion for Discovery Sanctions is $39,545.50.

8. Exhibit A does not include time that O'Melveny & Myers spent on this Motion today, February 26, 2010. If the BD/KFC Defendants oppose this motion, I will submit a supplemental declaration that includes time spent today, as well as time spent in drafting eBay's Reply in Support of its Motion for Discovery Sanctions.

9. The following persons worked on the Motion for Sanctions: David Eberhart, Sharon Bunzel, Colleen Kennedy, Flora Vigo, Jean Niehaus and Michael O'Donnell. I am a partner, and my hourly rate for this matter is $700 per hour. Sharon Bunzel is also a partner, and her hourly rate for this matter is $650 per hour. Colleen Kennedy is a counsel, and her hourly rate for this matter is $565 per hour. Flora Vigo and Jean Niehaus are associates, and their hourly rates for this matter are $480 and $395 per hour, respectively. Michael O'Donnell is a case manager, and his hourly rate for this matter is $310 per hour.

10. I am generally familiar with the standard billing rates among San Francisco law firms. The billing rates in Exhibit A are within the customary prevailing rates at other large law firms in San Francisco and are customary for what O'Melveny & Myers charges other clients.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Signed on this 26th day of February, 2010 in San Francisco, California.

_____/s/  David R. Eberhart_____
David R. Eberhart