# EXHIBIT 11

Dockets.Justia.com

DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
COLLEEN M. KENNEDY (S.B. #227107)
ckennedy@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Plaintiff eBay Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC., <br><br>                  Plaintiff, <br><br>        v. <br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, <br><br>                  Defendants. | Case No. C 08-4052 JF <br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br>Conference Date: January 16, 2009 <br> Time: 10:30 a.m. <br> Judge: Hon. Jeremy Fogel |

1    The parties to the above-entitled action jointly submit this Case Management

2    Statement and Proposed Order and request that the Court adopt it as its Case Management

3    Order in this case.  The parties, through counsel, have met and conferred on the matters

4    contained herein.

5    **I.    <u>JURISDICTION AND SERVICE</u>**

6    eBay's Statement:

7    eBay Inc.'s Complaint alleges that Defendants conducted fraudulent "cookie

8    stuffing" schemes as described in more detail below and violated both federal and

9    California law, including the federal Computer Fraud and Abuse Act (the "CFAA"), 18

10   U.S.C. § 1030, and the federal civil RICO statute, 18 U.S.C. § 1962(c).  The Court

11   therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  Venue is proper in this

12   District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c), and 18 U.S.C §

13   1965(a), as discussed more fully in eBay's opposition to the Defendants' motions to

14   dismiss.  The named Defendants have been served with the First Amended Complaint

15   ("FAC") and have each responded by filing motions to dismiss the FAC, which were

16   heard on December 12, 2008.

17   Dunning Defendants' Statement:

18   Defendants Todd Dunning, Dunning Enterprise, Inc. ("DEI"), Brian Dunning,

19   Briandunning.com, Thunderwood Holdings, Inc. ("THI") and Kessler's Flying Circus

20   (collectively "Dunning Defendants") deny all the substantive allegations of the FAC.  The

21   Dunning Defendants state that the Court lacks subject matter jurisdiction over this case

22   per the arguments made in their respective motions to dismiss the FAC and, even if

23   federal jurisdiction exists, this Court is not the proper venue for this action.  This action

24   should be transferred to the Central District where these defendants reside and did

25   business with eBay's agent, Commission Junction, Inc. ("CJI") under eBay's Affiliate

26   Marketing Program and/or this action should be dismissed as required by section 9(d) of

27   the Publisher Service Agreement, which provides that this dispute can only be maintained

28   in state court.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

Hogan/DPS's Statement:

To the extent that the Plaintiff's federal claims remain and apply, Defendants Digital Point Solutions, Inc. and Shawn Hogan do not dispute that the Court has subject matter jurisdiction.  Defendants Digital Point Solutions, Inc. and Shawn Hogan do, however, dispute that venue is proper in this District as the said Defendants do not reside within this District, the events which are the subject of the Plaintiff's actions did not substantially take place in this District, the Defendants did not agree to have any action between the parties litigated in this District, and this District is not the most convenient forum for this matter to be heard.

## II.    FACTS

eBay's Statement:

eBay alleges that Defendants engaged in sophisticated fraudulent schemes that were designed to and did wrongfully obtain advertising commissions from eBay over the course of at least three years.  Defendants' schemes were developed to exploit eBay's method for tracking commission-generating events in its Affiliate Marketing Program ("AMP").  eBay determines when AMP commissions should be paid by using digital tags called "cookies" that are stored in a user's web browser; eBay uses those cookies to identify which marketing affiliate, if any, caused a particular user to choose to go to the eBay website.  eBay pays commissions to its affiliates based on the number of affiliate referrals to eBay of users who thereafter take "Revenue Actions" within a specified period of time following the referral.

Defendants' scheme artificially inflated the commissions they would earn by making it appear that potential customers were visiting eBay's website by clicking on ads for eBay that were placed by Defendants.  But this appearance was deceptive— Defendants did not legitimately drive users to eBay's site.  Instead, Defendants caused a massive number of users' computers to access eBay's computers without any user clicking on an eBay link or even becoming aware that their computer had accessed the eBay site.  By doing so, Defendants caused repeated and unlawful access to eBay's

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1  computers that resulted in the stuffing of a cookie on each unsuspecting user's computer;

2  then, when any of these users went to eBay and took a Revenue Action, eBay paid a

3  commission to Defendants.  This type of access to eBay's computers was unauthorized by

4  eBay.

5       Defendants' schemes have been ongoing since at least December 2003, and ended

6  only when the FBI seized Defendants' computer equipment in June 2007 as part of an

7  investigation into whether the fraudulent activities alleged by eBay in this case constitute

8  federal crimes.  Defendants' schemes have allowed them to receive payment from eBay

9  for a substantial number of commissions to which they were not entitled.  Moreover,

10  Defendants used technological measures and engaged in activity specifically designed to

11  frustrate attempts by eBay to discover Defendants' wrongdoing.

12       Dunning Defendants' Statement:

13       Dunning Defendants deny the truthfulness and accuracy of plaintiff's entire

14  narrative of the alleged facts of this case.  The true facts are that at all relevant times DEI

15  and THI were general partners in defendant Kessler's Flying Circus ("KFC").  KFC

16  contracted with eBay's agent, CJI, to perform promotional advertising services for eBay.

17  KFC entered into a Publisher Service Agreement ("PSA") with CJI in April 2005.  eBay

18  approved KFC to perform these services through CJI.  At all times, CJI and eBay were

19  fully aware of, approved and monitored the software and promotional methods used by

20  KFC to generate new customers for eBay.  As recently as March 22, 2007, eBay stated to

21  CJI that it was fully aware of KFC's "bizmodel", that KFC was one of eBay's "top

22  affiliates", and that its promotional efforts were "compliant" with the Affiliate Marketing

23  Program.  All payments received by KFC were for actual new customers who registered at

24  eBay and engaged on eBay's website in qualified revenue transactions within a specified

25  period of time based on KFC's promotional activity for eBay.  CJI monitored all this

26  activity and therefore there was no "artificial inflation" of commissions.

27       Dunning Defendants have never had any contact or relationship to defendants

28  Shawn Hogan and Digital Point Solutions, Inc. (collectively "DPS").  Therefore, Dunning

1    Defendants object to eBay's repeated and unsupported reference to all defendants in a

2    collective manner. KFC was an entirely separate and independent business from DPS,

3    and accordingly, eBay must allege and prove its allegations separately against Dunning

4    Defendants and/or KFC. eBay is simply confusing the Court and these pleadings by its

5    repeated and unsupported collective allegations and references to all defendants as one

6    group or entity.

7        Hogan/DPS's Statement:

8        Defendant Shawn Hogan is an Internet entrepreneur living in San Diego,

9    California. Over the course of several years, Mr. Hogan worked with the Plaintiff to,

10   among other things, increase traffic to the Plaintiff's website, help generate sales of

11   products sold via the Plaintiff's website, help attract other affiliates to work with eBay,

12   and help refine the Plaintiff's affiliate program. The actions of Mr. Hogan, which were all

13   taken by Mr. Hogan individually and exclusive of any alleged relationship or conspiracy

14   with any third party, were all with the Plaintiff's knowledge, assistance, and authorization

15   and, as such, Mr. Hogan never deceived or otherwise defrauded the Plaintiff.

16   Furthermore, contrary to the Plaintiff's allegations, Defendant Mr. Hogan never gained

17   unauthorized or unlawful access to any eBay or customer computer.

18       Defendant Digital Point Solutions, Inc. has absolutely no business being a party to

19   this lawsuit. It is a California corporation that was not formed until May 14, 2007. At no

20   point ever was Defendant Digital Point Solutions, Inc. engaged in any business with the

21   Plaintiff. Defendant Digital Point Solutions, Inc. never entered into any contractual or

22   other business relationship with the Plaintiff, never received any commission from the

23   Plaintiff or Defendant Shawn Hogan, and never engaged in any unlawful action or action

24   that actually deceived or otherwise defrauded the Plaintiff.

25       The allegations against Defendants Digital Point Solutions, Inc. and Shawn Hogan

26   are false and will be so established at the time of trial.

27

28

JOINT CASE MANAGEMENT STATEMENT
                                                 AND [PROPOSED] ORDER - C 08-4052 JF

III. **LEGAL ISSUES**

eBay's Statement:

eBay respectfully suggests that the legal issues include, but are not limited to:

1. Whether Defendants violated the CFAA, 18 U.S.C. § 1030, by intentionally causing unauthorized access to eBay's computers and thereby causing loss and damage to eBay;

2. Whether Defendants violated the federal civil RICO statute, 18 U.S.C. § 1962(c), by associating with each other and others for the common purpose of defrauding eBay of commission fees through their ongoing cooking stuffing scheme;

3. Whether Defendants committed common law fraud through their cookie stuffing scheme;

4. Whether Defendants violated California Penal Code § 502 by intentionally causing unauthorized access to eBay's computers and thereby causing loss and damage to eBay;

5. Whether Defendants, through their cookie stuffing scheme, were unjustly enriched in the form of artificially and fraudulently inflated commissions received from eBay, and should be required, in equity, to make restitution of these payments to eBay;

6. Whether Defendants, through their cookie stuffing scheme, have violated California Business and Professions Code § 17200 by engaging in unlawful, unfair or fraudulent business practices.

Dunning Defendants' Statement:

In addition to the issues identified by Plaintiff above, Dunning Defendants state that the following legal issues are also relevant to this case.

1. Whether Plaintiff is barred from any and all recovery because it authorized and approved of KFC's conduct?

2. Whether Plaintiff is barred from any and all recovery because of the authorization and approval of KFC's promotional activities for eBay by Plaintiff's agent, Commission Junction, Inc.?

3. Whether there is an absence of a necessary party to this action, namely Commission Junction, Inc., such that the Court cannot grant relief to the Plaintiff?

4. Whether Plaintiff is barred from any recovery because eBay would be unjustly enriched by any award in this case since KFC in fact generated new customers for eBay as requested and authorized by eBay's and CJI's programs?

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

5. Whether Plaintiff is barred from any recovery by equitable doctrines because of the damage it has caused to Dunning Defendants by making untrue and unfounded allegations to the FBI to create a federal investigation for the purpose of obtaining a litigation advantage in this case?

6. Whether Plaintiff received the benefit of promotional services by KFC for which commissions are due and owing?

7. Whether Plaintiff is liable to KFC for breach of the Publisher Service Agreement by its agent, CJI?

8. Whether Plaintiff is collaterally estopped from any recovery in this case depending on the outcome of the case filed by its agent, CJI, as referenced below?

9. Whether Plaintiff can prove damages with a reasonable certainty by distinguishing between commissions that were properly earned and those that it claims were not properly earned under the Affiliate Marketing Program as a result of alleged "cookie stuffing"?

10. Whether the terms of the PSA require the dismissal of this action?

11. Whether the individual Dunning Defendants can be held personally liable in this action?

Hogan/DPS's Statement:

At this time, Defendants Digital Point Solutions, Inc. and Shawn Hogan believe that the legal issues, include, but are not limited to those related to the alleged cookie stuffing scheme as set forth above by the Plaintiff.

## IV.   PENDING AND ANTICIPATED MOTIONS

On October 27, 2008, Defendants Thunderwood Holdings, Inc., Brian Dunning, BrianDunning.com, Todd Dunning, Dunning Enterprise, Inc., Digital Point Solutions, Inc. and Shawn Hogan filed motions to dismiss eBay's FAC. On November 7, 2008, Defendant Kessler's Flying Circus filed a motion to dismiss eBay's FAC. The motions were heard on December 12, 2008.

eBay anticipates filing a summary judgment/adjudication motion following the close of discovery.

Dunning Defendants anticipate filing a motion or motions to stay discovery and to stay this case pending the resolution of the federal investigation referenced above. The FBI has seized all of KFC's business records and has refused to return them or allow

Dunning Defendants to obtain copies. Therefore, Dunning Defendants have no ability to use these essential records to defend the allegations of this case or to respond to discovery. Without KFC's records, Dunning Defendants cannot fairly or adequately respond to eBay's written discovery requests, prepare for depositions by eBay, take depositions of eBay's personnel, or engage in discovery with other third party witnesses. Once discovery is completed, Dunning Defendants anticipate filing a summary judgment/adjudication motion or motions. Dunning Defendants may file a motion or motions to change venue under 28 U.S.C. §1404(a). Dunning Defendants may file a motion or motions to join CJI as a necessary party to this action pursuant to F. R. Civ. Proc. 19(a).

Defendants Digital Point Solutions, Inc. and Shawn Hogan anticipate filing a summary judgment/adjudication motion, as well as a motion to transfer the case on the grounds that the forum is inconvenient, and a motion to bifurcate and/or order separate trials. Additional motions may be required as the case progresses.

## V.   AMENDMENT OF PLEADINGS

eBay filed its FAC on October 7, 2008, and does not anticipate the need for any further amendments at this time. If discovery shows that defendants used additional entities to effectuate their schemes, and if the currently named defendants did not succeed to the assets and liabilities of those entities, eBay may seek leave to amend its complaint to conform to the evidence. Because Defendants filed motions to dismiss, they have yet to answer the FAC. If any part of Defendants' motions to dismiss is granted, eBay may be permitted to file a Second Amended Complaint.

## VI.   EVIDENCE PRESERVATION

eBay's Statement:

eBay has instructed relevant document custodians to save relevant documents, including documents related to Defendants and their participation in the AMP. All Defendants, through their counsel, have acknowledged their duties to preserve evidence, including all documents and things seized by the FBI, once such evidence is returned to

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1  Defendants' possession.  Defendants have requested and, without conceding the relevance

2  or discoverability thereof, eBay has agreed to preserve any communications that it may

3  have with the assigned prosecutor regarding the criminal investigation of Defendants.

4       <u>Dunning Defendants' Statement:</u>

5       eBay should instruct its agent, CJI to preserve evidence.

6       <u>Hogan/DPS's Statement:</u>

7       Defendants Shawn Hogan and Digital Point Solutions, Inc. have taken the

8  necessary steps to preserve the relevant documents and materials to the extent they are in

9  Defendant Shawn Hogan's and Digital Point Solutions, Inc.'s possession or control.

10 **VII.  DISCLOSURES**

11      The parties exchanged their initial disclosures on January 8, 2009.

12 **VIII.  DISCOVERY PLAN**

13      <u>eBay's Statement:</u>

14      Discovery is open in this action, and eBay is proceeding with full fact discovery.

15 Pursuant to the attached schedule, eBay proposes that fact discovery close on November

16 20, 2009 and expert discovery close on February 19, 2010.  The parties agreed during the

17 meet and confer that otherwise phasing discovery is not appropriate in this case.

18      Certain materials relevant to fact discovery in this action were seized by the FBI

19 from Defendants in June 2007 and, to eBay's understanding, have not been returned to

20 Defendants.  Defendants have informally indicated that they do not possess copies of the

21 materials seized by the FBI.  eBay anticipates that the seized materials may be essential

22 for discovery and trial of this action and, in light of that fact, it may be necessary to extend

23 the fact discovery cutoff and subsequent case management dates if the seized materials are

24 not available for discovery in advance of the currently proposed dates.

25      The Defendants have proposed that the limitations imposed by the discovery rules

26 be modified as follows: 10 depositions increased to 25, and 25 interrogatories increased to

27 50.  Although eBay believes that no modifications are necessary, eBay is amenable to

28 increasing the interrogatories to 50.  The increase in depositions proposed by the

    JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1   Defendants, however, is not necessary or appropriate in this case; eBay will agree to an

2   increase in depositions from 10 to 15.

3       A protective order will be necessary in this matter to protect trade secret and other

4   confidential information that is disclosed during discovery and trial.  The parties will meet

5   and confer regarding such an order and will submit it for the Court's review.

6       Hogan/DPS's Statement:

7       Defendants Shawn Hogan's and Digital Point Solutions, Inc.'s position is that

8   assuming the materials allegedly seized by the FBI are returned without any further delay,

9   fact discovery in this action can be concluded by November 20, 2009.  If, however, the

10  materials are not quickly returned by the FBI, then the fact discovery cutoff will have to

11  be extended.

12      Dunning Defendants' Statement:

13      The Dunning Defendants' position is that discovery should be stayed pending

14  return of the seized documents by the FBI.  The FBI seized all of the Dunning

15  Defendants' records and documents in hardcopy and electronic form.  The documents

16  seized by the FBI are essential to the defense of this case.  The Dunning defendants do not

17  have copies of the seized documents and electronic records, and all relevant documents,

18  computers and electronic records have been in the possession of the FBI since June 2007.

19  The FBI has refused to return these materials and has refused to allow the Dunning

20  Defendants to obtain copies of these materials to defend this case.  The Dunning

21  Defendants have no other source or way of obtaining copies of these documents and

22  records.  Proceeding with discovery before these documents are available to the Dunning

23  Defendants will cause confusion, delay, and duplicative discovery.  There is no prejudice

24  to Plaintiff from such a delay in proceeding with discovery or other aspects of this case.

25      The Dunning Defendants do not agree with eBay's proposed schedule for the

26  reasons stated above.  The Dunning Defendants propose that a discovery schedule be

27  established once the FBI returns or allows copying of the materials it seized from these

28  defendants.  If discovery is allowed to proceed, then phasing of limited discovery may be

JOINT CASE MANAGEMENT STATEMENT
                                 AND [PROPOSED] ORDER - C 08-4052 JF

1    appropriate so that some third party discovery and appropriate discovery against plaintiff

2    may proceed even if the Dunning Defendants do not have possession of their own

3    documents.

4         The Dunning Defendants' position is that more depositions are likely necessary

5    and therefore should be permitted once discovery proceeds in this case.  eBay's agent,

6    CJI, identified 30 persons, of which 11 are identified as eBay employees, in its Further

7    Supplemental Response to Form Interrogatories served by Brian Dunning in the case

8    identified below that it claims have knowledge of facts relevant to this dispute.  No

9    depositions of these persons have been taken.

10   **IX.    RELATED CASES**

11        eBay's Statement:

12        eBay is not aware of any related cases.  Certain defendants have asserted that

13   *Commission Junction, Inc. v. Thunderwood Holdings, Inc. et al.*, Case No. 30-2008-

14   00101025 (Orange County, California Superior Court) is a related case, insofar as some

15   (though not all) of the defendants in this case are also named in that case, brought by

16   Commission Junction ("CJ"), the administrator of eBay's AMP.  It is eBay's position that

17   the CJ case is not related because eBay does not own or control CJ, and that litigation—

18   which has been pending since January 2008 and is set for trial in March 2009—has no

19   bearing on eBay's case.  CJ's lawsuit is premised on a contract to which eBay is not a

20   party and seeks to recover only a single disbursement of monies that it paid to Defendant

21   Kessler's Flying Circus as commissions for one month in 2007 and for which CJ was

22   never reimbursed by eBay.  The suit therefore involves rights and remedies that are

23   entirely separate from the action before the Court, and none of the damages sought by

24   eBay overlap with the damages sought by CJ.

25        Dunning Defendants' Statement:

26        Dunning Defendants assert that eBay is either a third party beneficiary or a direct

27   party to the PSA .  eBay has a contract document called Special Terms and Conditions

28   ("T&C") that is expressly incorporated by reference into the PSA as a requirement of

- 11 -            JOINT CASE MANAGEMENT STATEMENT
                  AND [PROPOSED] ORDER - C 08-4052 JF

1   participation in eBay's Affiliate Marketing Program.  The T&C required KFC to agree to

2   be bound by its terms as a condition of participating in eBay's Affiliate Marketing

3   Program.  eBay did control CJI during all relevant times since CJI was eBay's agent for

4   administering the Affiliate Marketing Program, the PSA and the T&C.  Furthermore, the

5   case filed by CJI is directly related to this case because it contains the identical allegations

6   regarding the alleged "cooking stuffing" conduct by these defendants.  There is a risk of

7   inconsistent results if these cases are tried separately.  eBay should be collaterally

8   estopped from relitigating the factual issues decided in the case filed by CJI.  The fact that

9   damages sought by CJI in its case are allegedly distinct from the damages sought by eBay,

10  which Dunning Defendants  do not concede, has no bearing on the fact that these two

11  cases are related on the issues of liability for alleged "cooking stuffing" in violation of the

12  Affiliate Marketing Program, the PSA and the T&C.

13  **X.     RELIEF**

14       eBay's Statement:

15       eBay seeks compensatory, punitive, and treble damages; an award of restitution;

16  injunctive relief, pre- and post-judgment interest; reasonable attorneys' fees; expert

17  witness fees; and any other and further relief as the Court deems just and proper.  eBay

18  seeks damages that are in excess of the applicable statutory minimums, but that eBay

19  cannot readily calculate without the benefit of further investigation and discovery.

20  Generally, the compensatory damages eBay seeks include recoupment of payments for

21  commissions that were paid to, but not legitimately earned, by Defendants as well as

22  losses and damage caused by Defendants' unauthorized access to eBay's protected

23  computers.

24       Dunning Defendants' Statement:

25       Dunning Defendants' Statement:  Plaintiff suffered no damages as a result of

26  Dunning Defendants' conduct and is not entitled to any recovery.  In fact, eBay benefitted

27  substantially from the promotional activities of KFC.  Even if eBay establishes that some

28  commissions were paid to KFC based on promotional activities not authorized by the PSA

or eBay's Terms and Conditions, eBay cannot reasonably identify the amount of those commissions, and eBay nevertheless benefitted from these new customers. All commissions paid to KFC as a result of the promotional activities by KFC that generated new customers at eBay who engaged in revenue generating transactions within a specified time period.

     Hogan/DPS's Statement:

     Defendants Shawn Hogan and Digital Point Solutions, Inc. deny that the Plaintiff's have suffered and are entitled to any damages whatsoever.

## XI.   SETTLEMENT AND ADR

     The parties discussed the possibility of engaging in alternative dispute resolution during the meet and confer process and preliminarily agreed that private mediation is preferable to other forms of ADR for this case. The parties agree that such mediation would not be productive until discovery has been conducted, and submitted a stipulation to the Court reflecting this agreement.

## XII.   MAGISTRATE JUDGE

     The parties are not willing to submit this matter to a magistrate judge for all purposes.

## XIII.  OTHER REFERENCES

     The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV.  NARROWING OF ISSUES

     The parties do not see any possibility for narrowing the issues in the case at the present time. The parties are not presently in a position to address whether: (a) it is feasible or desirable to bifurcate issues for trial; or (b) it is possible to reduce the length of the trial by stipulation, use of summaries or other expedited means of presenting issues.

## XV.   EXPEDITED SCHEDULE

     The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1   XVI.   <u>SCHEDULING</u>

2         The parties' proposed schedules are attached as Exhibit A.

3   XVII.      <u>TRIAL</u>

4         eBay's Statement:

5         eBay has requested a jury trial of this action.  eBay anticipates that the trial of this

6   action will take 10-15 court days.

7         Dunning Defendants' Statement:

8         The Dunning Defendants' position is that under the terms of the PSA, to which

9   eBay is bound, the parties waived their right to a jury trial.  The Defendants cannot

10  anticipate the length of trial at this time.  The Dunning Defendants are entitled to a

11  separate trial from the Hogan defendants.

12        Hogan/DPS's Statement:

13        Defendants Shawn Hogan's and Digital Point Solutions, Inc.'s position is that

14  multiple trials may be necessary to, among other things, avoid prejudice to these

15  Defendants.  Specifically, Defendants Shawn Hogan and Digital Point Solutions, Inc.

16  believe that it may be inappropriate for one trial to commence against all parties when the

17  claims against them are factually distinct and there exists no actual nexus between many

18  of the various defendants and the allegations that are the subject of the Plaintiff's First

19  Amended Complaint.  Defendants Shawn Hogan and Digital Point Solutions, Inc. are

20  likely to request a jury trial of this action.

21  XVIII.        <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR</u>
                  <u>PERSONS</u>

22        eBay's Statement:

23        On August 25, 2008, pursuant to Civil L.R. 3-16, eBay filed a Certification of

24  Interested Entities.  As stated therein, the interests of eBay International A.G. could be

25  substantially affected by the outcome of this proceeding because, separate from the

26  damages suffered by eBay, eBay International A.G. was damaged by Defendants'

27  conduct.

28

1    Dunning Defendants' Statement:

2         eBay should be required at this time to join in this case all of its subsidiaries that it

3    contends were damaged by the Dunning Defendants' conduct.

4         Hogan/DPS's Statement:

5         Defendants Shawn Hogan and Digital Point Solutions, Inc. are not aware of any

6    non-party interested entities or persons that could be substantially affected by the outcome

7    of this proceeding.

8

9    Dated:                                    DAVID R. EBERHART
                                               SHARON M. BUNZEL
10                                             COLLEEN M. KENNEDY
                                               O'MELVENY & MYERS LLP
11

12
                                               By: /s/ David R. Eberhart
13                                                   David R. Eberhart

14                                             Attorneys for Plaintiff
                                               eBay Inc.
15

16   Dated:                                    LEO J. PRESIADO
                                               RUS, MILIBAND & SMITH, A
17                                             PROFESSIONAL CORPORATION

18

19                                             By: /s/ Leo J. Presiado
                                                   Leo J. Presiado
20

21                                             Attorneys for Defendants
                                               Thunderwood Holdings, Inc., Brian
22                                             Dunning and BrianDunning.com

23   Dated:                                    STEWART H. FOREMAN
                                               FREELAND, COOPER & FOREMAN,
24                                             LLP

25

26                                             By: /s/ Stewart H. Foreman
                                                   Stewart H. Foreman
27

28

1

              *Attorneys for Defendants*
              Todd Dunning and Dunning Enterprise,

2

              Inc.

3

Dated:              PATRICK K. MCCLELLAN

4

              LAW OFFICE OF PATRICK K.
              MCCLELLAN

5

6

              By: /s/ *Patrick K. McClellan*

7

                      Patrick K. McClellan

8

              *Attorney for Defendant*
              Kessler's Flying Circus

9

10

Dated:              SEYAMACK KOURETCHIAN
              COAST LAW GROUP, LLP

11

12

              By: /s/ *Seyamack Kouretchian*

13

                      Seyamack Kouretchian

14

              *Attorneys for Defendants*
              Digital Point Solutions, Inc. and Shawn

15

              Hogan

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

1

2

# CASE MANAGEMENT ORDER

3      The Case Management Statement and Proposed Order is hereby adopted by this

4 Court as the Case Management Order for the case, and the parties are ordered to comply

5 with this Order.  In addition, the Court orders that a further Case Management Conference

6 will be held on _____.

7

8      **IT IS SO ORDERED.**

9

10

11 Dated: _____

12                                                    _____

13                                                    The Honorable Jeremy Fogel
                                                     United States District Court Judge
14                                                    Northern District of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF

EXHIBIT A

| Event | eBay's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Fact discovery commences | January 15, 2009 | |
| Fact discovery closes | November 20, 2009 | |
| Last day for expert reports on merits | January 8, 2010 | |
| Last day for depositions of experts | January 22, 2010 | |
| Last day for responsive expert reports | February 5, 2010 | |
| Close of expert discovery | February 19, 2010 | |
| Last day to file dispositive motions | March 26, 2010 | |
| Oppositions to dispositive motions due | April 30, 2010 | |
| Reply briefs in support of dispositive motions due | May 21, 2010 | |
| Hearing on dispositive motions | June 4, 2010 | |
| Required Meeting Prior to Pretrial Conference | July 20, 2010 | |
| Pretrial Conference Statement | July 26, 2010 | |
| Pretrial Conference | August 9, 2010 | |
| Trial | September 20, 2010 | |

SF1:750958.1

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER - C 08-4052 JF